1   WILLIAM J. GOINES (SBN 61290)
    KAREN ROSENTHAL (SBN 209419)
2   CINDY HAMILTON (SBN 217951
    GREENBERG TRAURIG, LLP
3   1900 University Avenue, Fifth Floor
    East Palo Alto, California  94303
4   Telephone: (650) 328-8500
    Facsimile: (650) 328-8508
5   Email:  goinesw@gtlaw.com
            hamiltonc@gtlaw.com
6

7   Attorneys for Defendants and Cross-Complainants
    David D. McDonald, Donna K. McDonald,
8   National Expert Witness Network and Technology
    CLE
9

10              UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12

13

14  JENNIFER OSBELT,                  State Court Case No.: CIV 463528

15              Plaintiff(s);         **DEFENDANTS' NOTICE OF REMOVAL
                                      PURSUANT TO 28 U.S.C. § 1331, 1441 and**
16  v.                               **1446**

17  DAVID D. McDONALD, DONNA K.
    McDONALD, and DOES 1-10, inclusive,
18              Defendant(s).         **(DEMAND FOR JURY TRIAL)**

19  ──────────────────────────────
    DAVID D. McDONALD;  DONNA K.
20  McDONALD; NATIONAL EXPERT
    WITNESS NETWORK, a California Limited
21  Liability Company; TECHNOLOGY CLE, a
    California Limited Liability Company,
22
                Cross-Complainants,
23  v.

24  JENNIFER OSBELT, individually and doing
    business as PALO ALTO TECHNICAL, and
25  ROES 1-10, inclusive,

26              Cross-Defendants.

27

28

                        NOTICE OF REMOVAL

1        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2        PLEASE TAKE NOTICE that Defendants DAVID D. MCDONALD, DONNA K.

3    MCDONALD, NATIONAL EXPERT WITNESS NETWORK ("NEWN") and Technology CLE

4    ("TCLE"), a California Limited Liability Company (collectively, "Defendants") hereby remove

5    to this Court the state court action described below.

### Introduction

7        Plaintiff and Cross-Complainant Jennifer Osbelt brought this lawsuit alleging, *inter alia*,

8    breach of contract, breach of fiduciary duty, corporate waste and conversion.  Removal is

9    appropriate because claims made by Plaintiff and Cross-Complainant Jennifer Osbelt arise under

10   the laws of the United States, namely, 29 U.S.C. § 1001 et seq (ERISA) and thereby invoke

11   federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Defendants have ascertained that the

12   jurisdictional requirements for removal to federal court have arisen based on responses recently

13   made by Plaintiff and Cross-Complainant Jennifer Osbelt in her deposition taken January 4 and

14   January 9, 2008.

### Background Information

16       On June 5, 2007, Plaintiff and Cross Complainant Jennifer Osbelt ("Plaintiff")

17   commenced an action in the Superior Court of the State of California, County of San Mateo

18   against Defendants entitled *Osbelt v. David McDonald and Donna McDonald.*, Case No. CIV

19   463528 (the "State Court Action"), a copy of which is attached hereto as **Exhibit 2**.  Defendants

20   and Cross-Complainants David McDonald, Donna K. McDonald, National Expert Witness

21   Network, a California LLC and Technology CLE, a California LLC filed a Cross-Complaint on

22   July 18, 2007, which is attached hereto as **Exhibit 7**.  Plaintiff filed her First Amended Complaint

23   on November 30, 2007, including NEWN as an additional defendant, a copy of which is attached

24   hereto as *Exhibit A* **to Exhibit 15**. Defendants filed an Answer to First Amended Complaint on

25   January 8, 2008, a copy of which is attached hereto as **Exhibit 29**.

26       1.      Pursuant to 28 U.S.C. § 1446(a), Defendants are attaching copies of all pleadings

27   and orders that have been filed the State Court Action to date. A copy of the Superior Court of

28   California, County of San Mateo Register of Actions is attached hereto as **Exhibit 1**.

SV 346,250,628v1 1/23/2008

2.     Attached as **Exhibit 2** is a true and correct copy of the Complaint and Civil Cover Sheet filed June 5, 2007.

3.     Attached as **Exhibit 3** is a true and correct copy of Summons issued on June 5, 2007.

4.     Attached as **Exhibit 4** is a true and correct copy of Notice of Acknowledgement of Receipt of Summons signed by William J. Goines on behalf of Defendants David D. McDonald and Donna McDonald, filed June 25, 2007.

5.     Attached as **Exhibit 5** is a true and correct copy of Substitution of Attorney replacing former attorney, Marc G. Van Niekerk, with new attorney, Joseph W. Cotchett, filed July 11, 2007.

6.     Attached as **Exhibit 6** is a true and correct copy of Answer to Complaint of Jennifer Osbelt filed by David D. McDonald and Donna K. McDonald filed July 18, 2007.

7.     Attached as **Exhibit 7** is a true and correct copy of Cross-Complaint of David D. McDonald, Donna K. McDonald, National Expert Witness Network, LLC and Technology CLE, LLC against Jennifer Osbelt, individually and doing business as Palo Alto Technical, filed July 18, 2007.

8.     Attached as **Exhibit 8** is a true and correct copy of Answer of Jennifer Osbelt to Cross-Complaint of David D. McDonald, Donna K. McDonald, National Expert Witness Network, LLC and Technology CLE, LLC, filed August 22, 2007.

9.     Attached as **Exhibit 9** is a true and correct copy of Case Management Statement of Jennifer Osbelt filed September 26, 2007.

10.     Attached as **Exhibit 10** is a true and correct copy of Case Management Statement of David D. McDonald, Donna K. McDonald, National Expert Witness Network, LLC and Technology CLE, LLC filed September 26, 2007.

11.     Attached as **Exhibit 11** is a true and correct copy of Stipulated Protective Order filed October 17, 2007.

12.     Attached as **Exhibit 12** is a true and correct copy of Clerk's Notice of Jury Trial and Mandatory Settlement Conference filed October 17, 2007.

1       13.    Attached as **Exhibit 13** is a true and correct copy of Stipulation and Order to

2   Appropriate Dispute Resolution filed November 2, 2007.

3       14.    Attached as **Exhibit 14** is a true and correct copy of Plaintiff's Ex Parte

4   Application for an Order Granting Leave to Amend Complaint; Memorandum of Points and

5   Authorities; Declaration of Sean E. Ponist filed December 4, 2007.

6       15.    Attached as **Exhibit 15** is a true and correct copy of Stipulation and Order

7   Granting Leave for Plaintiff to File a First Amended Complaint filed December 4, 2007

8   *(containing First Amended Complaint as Exhibit A)*.

9       16.    Attached as **Exhibit 16** is a true and correct copy of Proof of Service of Ex Parte

10  Application and Supporting Documents filed December 7, 2007.

11      17.    Attached as **Exhibit 17** is a true and correct copy of Amended Proof of Service

12  reflecting service of First Amended Complaint filed December 11, 2007.

13      18.    Attached as **Exhibit 18** is a true and correct copy of Defendants' Notice of Motion

14  and Motion to Compel Plaintiff's Responses to Defendant's Request for Production of

15  Documents, Set One; Memorandum of Points and Authorities and Request for Attorney's Fees in

16  the Amount of $2077, filed December 12, 2007.

17      19.    Attached as **Exhibit 19** is a true and correct copy of  Declaration of Cindy

18  Hamilton in Support of Motion to Compel Plaintiff's Responses to Defendant's Request for

19  Production of Documents, Set One, filed December 12, 2007.

20      20.    Attached as **Exhibit 20** is a true and correct copy of Separate Statement of Items in

21  Dispute in Support of Defendants' Motion to Compel Plaintiff's Responses to Defendant's

22  Request for Production of Documents, Set One, filed December 12, 2007.

23      21.    Attached as **Exhibit 21** is a true and correct copy of Plaintiff's Notice of Motion

24  and Motion to Compel Defendants David and Donna McDonald (1) to Produce Documents and

25  (2) for Sanctions.

26      22.    Attached as **Exhibit 22** is a true and correct copy of Declaration of Sean E. Ponist

27  in Support of Plaintiff's Motion to Compel, filed December 18, 2007.

28

1    23.    Attached as **Exhibit 23** is a true and correct copy of Separate Statement of

2    Disputed Document Requests and Responses in support of the motion to Compel Production and

3    for Sanctions, filed December 18, 2007.

4    24.    Attached as **Exhibit 24** is a true and correct copy of Plaintiff's [Proposed]Order

5    Granting Plaintiff's Motion to Compel Production of Documents and For Sanctions.

6    25.    Attached as **Exhibit 25** is a true and correct copy of Plaintiff's Opposition to

7    Motion to Compel Responses to Defendants' Request for Production of Documents and Motion

8    for Sanctions, filed December 28, 2007..

9    26.    Attached as **Exhibit 26** is a true and correct copy of Declaration of Ara

10   Jabagchourian in Support of Plaintiff's  Opposition to Motion to Compel Responses to

11   Defendant's Request for Production of Documents and Motion for Sanctions.

12   27.    Attached as **Exhibit 27** is a true and correct copy of Defendants' Opposition to

13   Plaintiff's Motion to Compel Production and for Sanctions, filed January 2, 2008.

14   28.    Attached as **Exhibit 28** is a true and correct copy of Declaration of Cindy

15   Hamilton in Opposition to Plaintiff's Motion to Compel and for Sanctions, filed January 2, 2008.

16   29.    Attached as **Exhibit 29** is a true and correct copy of the Answer of David

17   McDonald, Donna McDonald and National Expert Witness Network to First Amended Complaint

18   of Jennifer Osbelt, filed January 8, 2008.

19                                   **The Parties**

20   30.    At the time of filing of the original Complaint, Plaintiff and Cross-Complainant

21   Jennifer Osbelt was an individual who resided in Santa Mateo County, California, and was a

22   citizen of the State of California. Complaint at ¶ 8, **Exhibit 2.**  Based on testimony given at her

23   depositions on January 4 and January 9, 2008, Plaintiff is now a resident of the State of New

24   York.

25   31.    Cross-Defendant Palo Alto Technical is a fictitious business names registered by

26   Plaintiff in San Mateo County.

27   32.    Defendant David McDonald is an individual residing in Magalia, California.

28   David McDonald is a member of NEWN

NOTICE OF REMOVAL

1      33.    Defendant Donna McDonald is an individual residing in Magalia, California.

2  Donna McDonald is a member of NEWN.

3      34.    Cross-Complainant National Expert Witness Network is a California Limited

4  Liability Company.

5      35.    Cross-Complainant Technology CLE is a California Limited Liability Company.

6                  **Timeliness of Removal**

7      36.    On January 3, 2008 and January 9, 2008 the deposition of Plaintiff and Cross-

8  Defendant Jennifer Osbelt was taken and it first became ascertainable to Defendants that this case

9  was removable to federal court. Plaintiff's Complaint and First Amended Complaint do not

10  specifically indicate an ERISA claim or damages based on any mismanagement or

11  misappropriation of Plaintiffs money through National Expert Witness Network, LLC 401(k)

12  Profit Sharing Plan ("401(k) Plan"), however, in deposition, Plaintiff testified that Defendants

13  used the 401(k) Plan as a vehicle to misappropriate her money without her permission or consent.

14      37.    Specifically, Plaintiff testified as follows: "…They took my money and put it in

15  this plan without my salary reduction form or a salary reduction form. So I'd already funded my

16  IRA, and then they went ahead and put extra money into this plan without my permission and it

17  exceeded my maximum for the year…" Deposition of Jennifer Osbelt, 166:14-19. A true and

18  correct copy of the relevant excerpts of Plaintiff's deposition testimony are attached to the

19  accompanying Declaration of Cindy Hamilton as **Exhibit A**.

20      38.    28 U.S.C. 1446(b) states that a Defendant shall remove "within 30 days after

21  receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,

22  order or other paper from which it may first be ascertained that the case is one which has become

23  removable…" In this case, Defendant did not receive notice that this case was removable as a

24  federal question based on an ERISA claim until Plaintiffs deposition on January 3, 2008.

25  "Defendants did not receive notice under Section 1446(b) of the facts indicating removability

26  until plaintiff was deposed on September 30, 1987. The deposition constituted an "other paper"

27  under the statute." Riggs v. Continental Banking Co. 678 F. Supp. 236 (N.D. Cal.).

28

1                                    **Basis for Removal**

2          39.     An action is removable based on federal jurisdiction where the complaint on its

3   face fails to disclose the basis of federal jurisdiction but deposition testimony reveals that

4   Plaintiffs claims are governed by ERISA. Brooks v. Solomon Co., 542 F.Supp. 1229, 1230

5   (N.D.Ala. 1982).

6          40.     At her deposition on January 3, 2008, Plaintiff's deposition testimony put

7   Defendants on notice for the first time that Plaintiff had a claim arising under 29 U.S.C. § 1001 et

8   seq (ERISA) that was removable as a federal question under 28 U.S.C. § 1331. Plaintiff testified

9   in deposition that Defendants misappropriated her money into the 401(k) Plan without her

10  consent. Deposition of Jennifer Osbelt, 166:14-19. 29 USC 1132(e)(1) states: "…the district

11  courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter

12  brought by the Secretary or by a participant, beneficiary, fiduciary…". As a participant and

13  beneficiary under NEWN's 401(k) Plan, Plaintiff's action would appear to fall under 29 USC

14  1132(a)(3) as she appears to be seeking to enjoin a practice in violation of ERISA or to obtain

15  appropriate relief to address violations: "A civil action may be brought…(3) by a participant,

16  beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this

17  subchapter or the terms of the plan, or (B) to obtain other appropriate relief (i) to redress such

18  violations or (ii) to enforce any provision of this subchapter."

19         41.     A claim under 29 USC 1132(a)(3) appears to be consistent with Plaintiffs claims

20  for breach of fiduciary duty, as she testified that she is seeking through this lawsuit to have the

21  funds placed in her behalf into the NEWN 401(k) Plan disgorged so that she does not have to pay

22  any tax penalties: "I would rather have the money out of my 401(k) and put it in my personal

23  checking account where it belonged". Deposition of Jennifer Osbelt, 168:22-24, Hamilton Decl.

24  Ex. A. Plaintiff is further seeking damages based on the misappropriation of her money through

25  the 401(k) Plan. Specifically, Plaintiff testified that she is claiming damages in the form of the

26  penalty she will have to pay to withdraw her money from the 401(k) Plan and from the interest

27  that money could have been earning in a different account: "Well, I can withdraw it with a

28  penalty. So I'm losing that. And also, its just sitting in a money market, I believe. If I had it in

1   my Prudential account, I would be making a lot more money." Deposition of Jennifer Osbelt

2   173:7-11, Hamilton Decl. Ex. A.

3      42.     This action is a civil action of which this Court has original jurisdiction under 28

4   U.S.C. § 1331 and is one which may be removed to this court by Defendants pursuant to the

5   provisions of 28 U.S.C. §§ 1441 and 1446 because the matter in controversy exceeds the sum of

6   $75,000, exclusive of interest and costs, because Plaintiff Jennifer Osbelt's claimed economic and

7   compensatory damages, punitive damages, attorney's fees are equal to or in excess of the $75,000

8   jurisdictional requirement.

9                        **Conditions of Removal**

10      43.     Written notice of the filing of this notice of removal is being filed with the

11   Superior Court of the County of San Mateo, and provided to all other parties as required by law.

12

13        WHEREFORE, Defendants David McDonald, Donna K. McDonald, National Expert

14        Witness Network and Technology CLE respectfully request that this action be removed

15        from the Superior Court of the County of San Mateo to the United States District Court

16        for the Northern District of California, because the action against them arises under the

17        laws of the United States.

18

19   Dated: January 24, 2008          GREENBERG TRAURIG, LLP

20

21                    By: _Cindy Hamilton_

22                      WILLIAM J. GOINES
                       CINDY HAMILTON

23                      Attorneys for Movants/Defendants and Cross-
                     Complainants David D. McDonald, Donna K.

24                      McDonald, National Expert Witness Network
                     and Technology CLE

25

26

27

28

SV 346,250,628v1 1/23/2008



**Actions**

**Home**              **Complaints/Parties**     **Actions**
**Pending Hearings**  **Images**                 **Case Report**

## Case CIV463528 - JENNIFER OSBELT VS DAVID MCDONALD ET AL

[                    ]   Move To This Date...

| Viewed | Date | Action Text | Disposition | Image |
|--------|------|-------------|-------------|-------|
| | 05/12/2008 9:00 AM DEPT. PJ | JURY TRIAL. TIME ESTIMATE: 10 DAYS 00:00 HOURS. | | |
| | 04/25/2008 9:30 AM DEPT. TBA | MANDATORY SETTLEMENT CONFERENCE | | |
| | 01/15/2008 9:00 AM DEPT. LM | HEARING: MOTION RE: MOTION TO COMPEL DEFS TO PRODUCE DOCS AND FOR SAN FILED BY JENNIFER OSBELT | VACATED | |
| | 01/11/2008 9:00 AM DEPT. LM | HEARING RE: MOTION TO COMPEL PLAINTIFFS RESPONSES TO DEFENDANTS REQUEST FOR PRODUCTION OF DOCUMENTS. | OFF-CALENDAR | |
| | 01/08/2008 | E-FILING FEE PAID. | - | |
| N | 01/08/2008 | AMENDED ANSWER TO COMPLAINT OF JENNIFER OSBELT FILED BY DAVID D. MCDONALD, DONNA K. MCDONALD. | - | 🖼 |
| | 01/02/2008 | E-FILING FEE PAID. | - | |
| N | 01/02/2008 | DECLARATION OF CINDY HAMILTON IN OPPOSITION TO PLAINTIFFS MOT TO COMPEL AND SANCTIONS FILED BY DAVID D. MCDONALD, DONNA K. MCDONALD, NATIONAL EXPERT WITNESS NETWORK, TECHNOLOGY CLE | - | 🖼 |
| N | 01/02/2008 | OPPOSITION TO PLAINTIFFS MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS FILED BY DAVID D. MCDONALD, DONNA K. MCDONALD, NATIONAL EXPERT WITNESS NETWORK, TECHNOLOGY CLE | - | 🖼 |
| | 12/28/2007 | DECLARATION OF ARA JABAGCHOURIAN IN SUPPORT OF PLTF OPP TO MOT TO COMPEL RESPONS TO DEFT REQ FILED BY JENNIFER OSBELT | - | |
| | 12/28/2007 | OPPOSITION TO MOT TO COMPEL RESPONSES TO DEFT REQ FOR PROD DOCS & SANCTIONS FILED BY JENNIFER OSBELT | - | |
| | 12/18/2007 | PROPOSED ORDER RECEIVED. | - | |
| | 12/18/2007 | SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES IN SUPPORT OF THE MOTION TO COMPEL, FILED. | - | |
| | 12/18/2007 | DECLARATION OF SEAN E. PONIST IN SUPPORT OF PLAS MOTION TO COMPEL FILED BY JENNIFER OSBELT | - | |
| | 12/18/2007 | NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID AND DONNA MCDONALD (1) TO PRODUCE DOCS (2) FOR SANCTIO FILED BY JENNIFER OSBELT | - | |
| | 12/18/2007 | MOTION FEE PAID BY JENNIFER OSBELT. | - | |
| | 12/12/2007 | E-FILING FEE PAID. | - | |
| | | | | |

| | | | | |
|---|---|---|---|---|
| N | 12/12/2007 | SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOT TO COMPEL PLTFS FURTHER RESPONSES, FILED. | | ✉ |
| N | 12/12/2007 | DECLARATION OF CINDY HAMILTON IN SUPPORT OF DEFTS MOT TO COMPEL, ETC | - | ✉ |
| N | 12/12/2007 | NOTICE OF MOTION TO COMPEL PLTFS RESPONSES TO DEFTS REQ FOR PRODUCTION OF DOCUMENTS FILED BY DAVID D. MCDONALD, DONNA K. MCDONALD, NATIONAL EXPERT WITNESS NETWORK, TECHNOLOGY CLE | - | ✉ |
| | 12/11/2007 | AMENDED P/S BY MAIL PLTFS EX-PARTE APP FOR LEAVE TO AMEND ETC (SEE SERVICE LIST) FILED BY JENNIFER OSBELT. | | |
| | 12/07/2007 | PROOF OF SERVICE (BY MAIL) OF EXPARTE APPLICATION AND SUPPORTING DOCS SERVED ON SEE SERVICE LIST WITH A SERVICE DATE OF 12/04/07 FILED. | - | |
| | 12/04/2007 | MOTION FEE PAID BY JENNIFER OSBELT. | - | |
| | 12/04/2007 | ORDER STIPULATION GRANTING LEAVE FOR PLAINTIFF TO FILE FIRST AMEND COMPLAINT, SIGNED BY JUDGE MIRAM ON 12/04/07 FILED. | - | |
| | 12/04/2007 | EX-PARTE APPLICATION FOR AN ORDER GRANTING LEAVE TO AMEND COMPLAINT FILED BY JENNIFER OSBELT | - | |
| | 11/09/2007 | STIP AND ORDER TO ADR SIGNED BY MARK R. FORCUM ON 11/08/07 | - | |
| | 11/02/2007 | STIP & ORDER TO ADR NOT FILED. REASON: NO NEUTRAL S PHONE NUMBER AND NO DATE OF SESSION. | - | |
| | 10/22/2007 | PRINT COMBINED MANDATORY SETTLEMENT CONFERENCE AND JURY TRIAL OR COURT TRIAL NOTICE | - | |
| | 10/17/2007 | MOTION FEE PAID BY DAVID D. MCDONALD. | - | |
| | 10/17/2007 | STIPULATION AND ORDER PROTECTIVE ORDER SIGNED BY GEORGE A. MIRAM ON 10/10/07. | - | |
| | 10/11/2007 9:00 AM DEPT. 8 | CASE MANAGEMENT CONFERENCE | COMPLETED | N/A |
| | 09/26/2007 | E-FILING FEE PAID. | - | |
| N | 09/26/2007 | PROOF OF SERVICE OF CASE MANAGEMENT STATEMENT SERVED ON JENNIFER OSBELT BY OVERNIGHT WITH A SERVICE DATE OF 09/26/07. | - | ✉ |
| | 09/26/2007 | E-FILING FEE PAID. | - | |
| N | 09/26/2007 | CASE MANAGEMENT STATEMENT FILED BY DAVID D. MCDONALD, DONNA K. MCDONALD, NATIONAL EXPERT WITNESS NETWORK, TECHNOLOGY CLE. | - | ✉ |
| | 09/26/2007 | CASE MANAGEMENT STATEMENT FILED BY JENNIFER OSBELT. | - | |
| | 08/22/2007 | (S) ANSWER TO CROSS-COMPLAINT OF DAVID MCDONALD FILED BY JENNIFER OSBELT, REPRESENTED BY JOSEPH W COTCHETT | - | |
| | 07/19/2007 | FIRST PAPER FEE PAID BY NATIONAL EXPERT WITNESS NETWORK, TECHNOLOGY CLE. | - | |
| | 07/19/2007 | NOTE: CC OF MCDONALD ENTERED TODAY WAS ACTUALLY FILED ON 7/18/07. | - | |
| | 07/19/2007 | NO SUMMONS ISSUED FOR THIS COMPLAINT | - | |
| | 07/19/2007 | (S) CROSS-COMPLAINT OF DAVID D. MCDONALD, DONNA K. MCDONALD FILED | - | |
| | 07/18/2007 | (S) ANSWER TO COMPLAINT OF JENNIFER OSBELT FILED BY DAVID D. MCDONALD, DONNA K. MCDONALD, REPRESENTED BY CINDY HAMILTON | - | |

| | 07/11/2007 | SUBSTITUTION OF ATTORNEY FILED. FORMER ATTORNEY MARC G. VAN NIEKERK REMOVED AS TO JENNIFER OSBELT AND REPLACED WITH ATTORNEY JOSEPH W COTCHETT. | - | |
| | 06/25/2007 | NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT OF JENNIFER OSBELT AS TO DAVID D. MCDONALD, DONNA K. MCDONALD FILED. SIGNED BY: WILLIAM J GOINES, ATTORNEY FOR DEFENDANTS. DATE SIGNED: 06/19/07 | - | |
| | 06/05/2007 | CIVIL CASE COVERSHEET RECEIVED | - | N/A |
| | 06/05/2007 | AFFIDAVIT OF DELIVERY BY MAILING BY A. DE LEON FILED | - | N/A |
| | 06/05/2007 | 30 DAY SUMMONS, ISSUED AND FILED. | - | N/A |
| | 06/05/2007 | (S) COMPLAINT FILED | - | N/A |



| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, .ar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Donald P. Gagliardi, Bar No. 138979<br>Marc G. van Niekerk, Bar No. 201329<br>Bergeson, LLP<br>303 Almaden Blvd., Suite 500<br>San Jose, CA 95110-2712<br>TELEPHONE NO.: 408-291-6200  FAX NO.: 408-297-6000<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: Second Floor
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

**RECEIVED**

**JUN  5 2007**

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

CASE NAME:  Jennifer Osbelt v. David D. McDonald et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIV 4 6 3 5 2 8 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [X] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | types (41) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 5, 2007
Marc G. van Niekerk
(TYPE OR PRINT NAME)                                    ► _____
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
℗ Plus

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

1  DANIEL J. BERGESON, Bar No. 105439
   DONALD P. GAGLIARDI, Bar No. 138979
2  MARC G. VAN NIEKERK, Bar No. 201329
   BERGESON, LLP
3  303 Almaden Boulevard, Suite 500
   San Jose, CA 95110-2712
4  Telephone: (408) 291-6200
   Telecopy:  (408) 297-6000
5
   Attorneys for Plaintiff
6  JENNIFER OSBELT

**ENDORSED FILED**
SAN MATEO COUNTY

JUN   5 2007

Clerk of the Superior Court
By _____ A. De Leon _____
DEPUTY CLERK

7

8               SUPERIOR COURT STATE OF CALIFORNIA

9                      COUNTY OF SAN MATEO

10

11 JENNIFER OSBELT,                    )  Case No.    **CIV 4 6 3 5 2 8**
                                       )
12                         Plaintiff,  )  **COMPLAINT FOR BREACH OF**
                                       )  **CONTRACT, BREACH OF FIDUCIARY**
13        vs.                          )  **DUTY, ACCOUNTING, SLANDER**
                                       )  **PER SE AND VIOLATIONS OF THE**
14 DAVID D. MCDONALD, DONNA K.         )  **BEVERLY-KILLEA LIMITED**
   MCDONALD, and DOES 1-10,            )  **LIABILITY COMPANY ACT**
15 inclusive,                          )
                                       )  **DEMAND FOR JURY TRIAL**
16                        Defendants.  )
   _____)

17

18

19

20

21

22

23

24

25

26

27

28

---

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, ACCOUNTING, SLANDER PER SE AND VIOLATIONS
OF THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT

For her Complaint, plaintiff Jennifer Osbelt ("Osbelt") alleges as follows:

## NATURE OF THE ACTION

1. This action arises out of breach of a written Operating Agreement and Articles of Organization (the "Operating Agreement") dated as of May 13, 2004 among David D. McDonald, his wife Donna K. McDonald (collectively, the "McDonalds") and Osbelt related to NEWN, LLC. Pursuant to the Operating Agreement, owns 25% of NEWN while the McDonalds own the remaining 75% in equal shares.

2. In the early part of 2007, Osbelt raised with the McDonalds various questions related to a purported loan of $210,000 by the McDonalds to NEWN which the McDonalds have refused to satisfactorily answer. In addition, Osbelt learned that the McDonalds had provided false information to NEWN's accountants, causing them to prepare and file false income tax returns on behalf of NEWN and certain tax schedules related to Osbelt.

3. In order to ascertain answers to her questions, Osbelt repeatedly requested access to NEWN's books and records. Despite Osbelt's right to such access under the Operating Agreement and under California statute, the McDonalds have refused Osbelt access to NEWN's books and records.

4. In addition, the McDonalds have excluded Osbelt from participating in the management of NEWN, and have informed NEWN customers that Osbelt is leaving the expert witness business and NEWN "to get married and have babies."

5. On March 26, 2007, David McDonald, on his own behalf, and that of his wife, offered to purchase Osbelt's interest in NEWN for more than $1.8 million, an offer which Osbelt accepted.

6. Despite numerous discussions and demands regarding performance, the McDonalds have failed to perform under the agreement to purchase Osbelt's interest in NEWN and have continued to breach their fiduciary obligations and obligations under the Operating Agreement and the Beverly-Killea Limited Liability Company Act.

7. This lawsuit follows.

2

## THE PARTIES

8.      Ms. Osbelt is an individual residing in Redwood Shores and is a member of National Expert Witness Network, LLC. Ms. Osbelt has over 10 years of high tech industry experience, with a focus on cable and wireless networking and security, web development, and client/server technology. She is familiar with the technologies applied to Internet and Intranet networks, cable and wireless networking and security, LAN/WAN infrastructure, client/server applications, relational database management systems, network performance management, and eBusiness technologies. Ms. Osbelt's recent work has been in providing expert witnesses and case management services to the legal profession in areas of high-technology.

9.      National Expert Witness Network, LLC ("NEWN") is a California Limited Liability Company with its principal place of business at One Lagoon Drive, Suite 140 Redwood City, CA 94065. NEWN assists attorneys by providing a network of experts and consultants in high technology disciplines for intellectual property litigation.

10.     David McDonald is an individual residing at 15309 Northlake Road, Magalia, CA 95954. David McDonald is a Member of NEWN.

11.     Donna McDonald, David McDonald's wife, is an individual residing at 15309 Northlake Road, Magalia, CA 95954. Donna McDonald is a Member of NEWN.

12.     Osbelt does not know the true names and capacities, whether individual, partnership, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, and on that basis designates said defendants herein by such fictitious names. As the true names and capacities of defendants Does 1 through 10, inclusive, or any of them, become known, Osbelt will seek leave to amend this Complaint to state their true names and capacities. Osbelt is informed and believes, and on that basis alleges, that each of the defendants designated herein as Does 1 through 10, inclusive, is in some way liable, responsible or indebted to Osbelt in connection with the events and/or transactions referred to in this Complaint.

3

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, ACCOUNTING, SLANDER PER SE AND
VIOLATIONS OF THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT

1    13.    Osbelt is informed and believes, and on that basis alleges, that except where

2  otherwise explicitly alleged, each of the defendants, including Does 1 through 10, inclusive, is,

3  and at all relevant times herein mentioned was, the agent, partner, joint venturer, employee,

4  and/or conspirator of the remaining defendants, and is, and at all relevant times herein mentioned

5  was, in performing and failing to perform the acts and conduct hereinafter alleged, acting within

6  the course and scope of such agency, partnership, joint venture, employment, and/or conspiracy.

7  Osbelt is further informed and believes, and on that basis alleges, that the acts and conduct of

8  each of the defendants were known to, and authorized and ratified by, the remaining defendants,

9  and that each of the defendants is legally responsible for the conduct and damages herein alleged.

10                            **JURISDICTION AND VENUE**

11    14.    This Court has jurisdiction of this matter pursuant to California Code of Civil

12  Procedure ("CCP") section 410.10.  Each of the defendants reside within the state.

13    15.    Venue is proper in this judicial district pursuant to CCP § 395 because the

14  contract at issue was made in, or is to be performed, or the breach has occurred in, this county.

15  The amount in controversy exceeds the jurisdictional minimum amount of this Court.

16                            **FACTUAL ALLEGATIONS**

17    16.    On or about May 13, 2004, Osbelt and the McDonalds entered into an Operating

18  Agreement and Articles of Organization (the "Operating Agreement").  A copy of the Operating

19  Agreement is attached as Exhibit A.  Pursuant to the Operating Agreement, Osbelt is a 25%

20  owner of NEWN, and the McDonalds each own 37.5% of NEWN.

21    17.    The authority of Members to participate in the management of NEWN is set forth

22  in section 5 of the Operating Agreement.  Pursuant to section 5 of the Operating Agreement,

23  each of the Members "will participate in the management of the Company affairs . . . and . . .

24  have exclusive authority to manage and conduct all the business of the Company, with all rights,

25  powers and authority that are conferred by law or are necessary, convenient or appropriate for

26  the managing of the Company's business . . . ." (Ex. A, § 5.)

27

28

4

18.     Pursuant to Section 6.5 of the Operating Agreement, NEWN's books and records are to be maintained at its principal place of business and "[a]ll Members . . . have the right on reasonable notice to the Company to . . . inspect and . . . copy the books and records of the Company . . .." (Ex. A, § 6.5.)

19.     In the event of a so-called "Triggering Event," the "Company and other Members shall have the option to purchase the Membership Interest in the Company of such Member . . . at the price and on the terms provided in Section 8.8" of the Operating Agreement. (Ex. A, § 1.38.)

20.     In late March 2007, Osbelt became aware of a purported loan from the McDonald's to NEWN in an amount of $210,000 ostensibly made in 2003. To Osbelt's knowledge, the loan had not been reflected in NEWN's books and records at any time prior to 2007, and Osbelt requested an explanation from the McDonald's and documentary evidence of the loan. The McDonald's refused to provide a satisfactory response to Osbelt's enquiries.

21.     On March 26, 2007, David McDonald sent Osbelt an e-mail complaining about Osbelt's enquiries concerning the loan. He also stated that Osbelt's "lack of trust [in the McDonalds] is insulting to us completely unwarranted and frankly unacceptable. I think that it is a good idea for you to move on." McDonald then went on to explain to Osbelt the contractual procedure pursuant to the Operating Agreement for the McDonalds to purchase Osbelt's interest ("The Company must determine that we wish to purchase membership shares; we do."); and the calculation of the purchase price. McDonald calculated the purchase price of Osbelt's interest at NEWN as $1,886,063.80 and demanded that Osbelt accept or reject the offer that same day. A copy of David McDonald's e-mail dated March 26, 2007 is attached as Exhibit B.

22.     On March 26, 2007, and as requested by David McDonald, Osbelt responded to McDonald's offer by e-mail stating, in pertinent part: "I will take your deal . . . [g]o ahead and draw up the papers." A copy of Osbelt's e-mail dated March 26, 2007 is attached as Exhibit C. On April 3, 2007, Osbelt left for a vacation in Hawaii.

5

23.    While in Hawaii, Osbelt was contacted by her tax preparer. He advised her that, according to the tax forms provided by NEWN, she owed the IRS an unexpected amount of taxes. Osbelt requested from her tax preparer a copy of the Schedule K-1s, which reflect a member's purported income from a limited liability corporation, submitted by NEWN. Osbelt immediately realized the information on the schedules was false and attributed substantially more of NEWN's annual taxable income to her than was proper under the Operating Agreement. Osbelt's enquiries to the McDonalds concerning the discrepancies were rebuffed.

24.    On her return from her vacation in Hawaii on April 17, 2007, Osbelt attempted to contact the McDonalds to discuss the false Schedule K-1s, but they refused to speak with her. On information and belief, the McDonalds also instructed NEWN's accountants not to discuss any of NEWN's financial affairs with Osbelt. Furthermore, Osbelt learned that the McDonalds had hired an individual named Tom Fisher to take over Osbelt's operational duties at NEWN. Finally, on information and belief, the McDonalds began informing NEWN clients that Osbelt has left NEWN and the expert witness business "to get married and have babies."

25.    On or about April 20, 2007, Osbelt received a letter from US Bank advising her that NEWN was overdue on renewing its line of credit with US Bank, and requesting certain financial information from her to renew the NEWN Member's personal guaranties for the line of credit, despite the fact that NEWN was purchasing Osbelt's interest in NEWN. A copy of US Bank's letter dated April 17, 2007, is attached as Exhibit D. By this time, NEWN's indebtedness to US Bank had grown to over $260,000.

26.    Concerned about the extent of NEWN's indebtedness and the McDonalds' refusal to provide details about the loan, Osbelt contacted US Bank and informed it that she would not sign as a guarantor until she had received details about the loan from the McDonalds.

27.    On April 20, 2007, Osbelt sent David McDonald an e-mail in which she requested, inter alia, to be allowed to inspect and copy the "the past 4 years of books and records of [NEWN] . . .." A copy of Osbelt's April 20, 2007 e-mail is attached as Exhibit E.

6

1       28.     On May 5, 2007, David McDonald sent Chris Rodi ("Rodi"), Osbelt's husband,

2 an e-mail stating that he had been notified by US Bank that it was calling in the loan. Attached

3 to the e-mail was a letter from David McDonald to Rodi. That same day, Rodi responded that

4 Osbelt was unwilling to renew her personal guarantee to US Bank on behalf of NEWN and

5 explained her reasoning therefor. He also explained that any purported capital call under the

6 Operating Agreement would be premature and ineffective given the disparities that Osbelt had

7 found in NEWN's financial records, including the false Schedule K-1s. A copy of David

8 McDonald's e-mail dated May 5, 2007, the attached letter, and Rodi's response is attached as

9 Exhibit F.

10       29.     On May 8, 2007, David McDonald sent Osbelt an e-mail to which he attached a

11 Notice of Default from US Bank to NEWN dated May 7, 2007. In his letter, McDonald

12 purported to invoke the provisions of Section 3.1 of the Operating Agreement and requested that

13 Osbelt contribute an amount of $66,104.48 representing 25% of NEWN's indebtedness to US

14 Bank by May 23, 2007. A copy of McDonald's e-mail dated May 8, 2007 and the US Bank

15 notice dated May 7, 2007, are attached as Exhibit G.

16       30.     That same day, May 8, 2007, and the next, May 9, 2007, Rodi, on behalf of

17 Osbelt, sent two e-mails to David McDonald assuring McDonald that Osbelt wanted to comply

18 fully with any obligation she had under the Operating Agreement but advising him that she was

19 unable to do so given discrepancy in NEWN's financial statements and the false Schedule K-1s,

20 and that the purported invocation of Section 3.1 of the Operating Agreement was ineffective. A

21 copy of Rodi's e-mails dated May 8 and 9, 2007 is attached as Exhibit H.

22       31.     On May 10, 2007, David McDonald responded by e-mail to Rodi bluntly stating

23 "Jennifer has 13 days left to provide the additional cash . . .." By this time, it was clear that the

24 McDonalds were intent on forcing Osbelt out of NEWN by any means possible. A copy of

25 David McDonald's May 10, 2007 e-mail is attached as Exhibit I.

26       32.     On May 17, 2007, Donald Gagliardi of Bergeson, LLP, on behalf of Osbelt, sent a

27 letter to E. Thom Rumberger ("Rumberger") of Greenberg Traurig, an attorney believed to

7

28

1   represent the McDonalds, reiterating Osbelt's request for access to NEWN's books and records;

2   reiterating Osbelt's position that the purported capital call was invalid; and suggesting that the

3   parties work toward a negotiated settlement of the issues between them. A copy of Donald

4   Gagliardi's letter of May 17, 2007 is attached as Exhibit J.

5           33.    At Rumberger's request, attorneys for Osbelt attended a meeting at Rumberger's

6   offices on May 18, 2007 to initiate a dialogue between the parties. At that meeting, counsel for

7   Osbelt again reiterated that inspection of NEWN's books and records was a predicate to any

8   resolution of the dispute between the parties. Counsel for the McDonalds undertook to schedule

9   such inspection.

10          34.    On May 21, 2007, and not having received a response from counsel for the

11  McDonald's to the May 17 Gagliardi letter or to the requests made at the May 18 meeting,

12  counsel for Osbelt sent another letter to Rumberger. Gagliardi concluded the letter by stating

13  "[p]lease regard this letter as the final request by Ms. Osbelt for a full inspection of the complete

14  books and records of NEWN . . . ." Gagliardi also provided a date for the inspection, May 24,

15  2007. A copy of Gagliardi's May 21, 2007 letter to Rumberger is attached as Exhibit K.

16          35.    On May 22, 2007, Fred Adam ("Adam"), another attorney representing the

17  McDonalds, responded to Gagliardi by e-mail. In his e-mail, Adam stated "the Magalia location

18  [is] not an option [for the inspection] since the office is located in the home of [the McDonalds]."

19  Adam went on to state that the McDonalds required an "express list of what was being

20  requested." A copy of Adam's e-mail to Gagliardi dated May 22, 2007 is attached as Exhibit L.

21          36.    Gagliardi responded by letter that same day, May 22, 2007. In his letter,

22  Gagliardi rejected Adam's attempt to limit the inspection to certain specified documents, but

23  provided a non-exclusive list of categories of records that Osbelt wished to inspect and copy.

24  Gagliardi also pointed out that inasmuch as the McDonalds had improperly elected to maintain

25  the books and records of NEWN in their home, it was inappropriate to use that fact as a reason

26  for not allowing Osbelt access to the records. Gagliardi again stated that Osbelt wished to

27

28                                          8

1    conduct the inspection on May 24, 2007. A copy of Gagliardi's May 22, 2007 letter to Adam is

2    attached as Exhibit M.

3        37.    On May 23, 2007, Adam sent an e-mail at 6:39 pm to counsel for Osbelt in which

4    he stated: "[h]ope to get you a response to document request later tonight." A copy of Adam's e-

5    mail to Marc van Niekerk dated May 23, 2007 is attached as Exhibit N.

6        38.    Later that evening, Van Niekerk sent Adam an e-mail at 8:06 pm noting that

7    Osbelt had still not received confirmation that she would be allowed access to NEWN's books

8    and records the next day, May 24, 2007, and requesting such confirmation. A copy of Van

9    Niekerk's e-mail to Adam dated May 23, 2007 is attached as Exhibit O.

10       39.    A few minutes later, Adam responded to Van Niekerk's e-mail stating "tomorrow

11   won't work due to too short notice for scheduling, but we are trying to schedule for Friday [May

12   25]." A copy of Adam's e-mail to Van Niekerk dated May 23, 2007 is attached as Exhibit P.

13       40.    On May 24, 2007, counsel for the McDonalds sent a letter to Gagliardi

14   purportedly responding to Osbelt's requests for access to NEWN's books and records, but

15   advancing numerous spurious arguments why access was not possible. Again, Adam specifically

16   informed counsel that Osbelt would not be allowed to inspect the records where they are

17   maintained. Adam went on to state that "it is our client's sincere belief that the records and other

18   materials provided by our client to date, or already in Ms. Osbelt's possession, comply with your

19   client's document request . . .." A copy of Adam's letter to Gagliardi dated May 24, 2007 is

20   attached as Exhibit Q.

21       41.    Counsel for Osbelt responded to Adam by letter dated May 25, 2007 refuting each

22   of Adam's contentions. Counsel for Osbelt reiterated Osbelt's request for access to source

23   documents, as opposed to spreadsheets and tables prepared by the McDonalds. A copy of the

24   letter dated May 25, 2007 from Van Niekerk to Goines is attached as Exhibit R.

25       42.    Five days later, on May 30, 2007, Goines responded to Van Niekerk's letter of

26   May 25, 2007. In his letter, Goines made it clear that the McDonalds would not be allowing

27   Osbelt access to the books and records of NEWN or allow Osbelt access to the books and

28
9

1  records where they are maintained. A copy of Goines' May 30, 2007 letter to Van Niekerk is

2  attached as Exhibit S.

3      43.    Despite the repeated and appropriate requests to allow Osbelt access to NEWN's

4  books and records, the McDonalds have refused and continue to refuse such access and it is

5  further clear that the McDonalds have no intention of complying with their obligations under

6  David McDonald's offer of March 26, 2007 to purchase Osbelt's interest in NEWN, which offer

7  was accepted by Osbelt, or under the Operating Agreement.

8                    **FIRST CAUSE OF ACTION**
                    **(Breach of Contract: Agreement of Sale)**

9      44.    Osbelt realleges paragraphs 1-43 above as though fully set forth herein.

10     45.    On or about March 26, 2007, David McDonald, on his own behalf and that of his

11  wife, Donna McDonald, offered to purchase Osbelt's interest in NEWN for a purchase price of

12  $1,886,063.80. McDonald specified that the offer was to be accepted or rejected that same day.

13     46.    Osbelt accepted McDonald's offer that same day, March 26, 2007, as a

14  consequence whereof a valid and enforceable agreement of sale of Osbelt's share in NEWN to

15  the McDonalds in exchange for payment by the McDonalds to Osbelt of $1,886,063.80 was

16  created.

17     47.    Osbelt is, and at all times was, ready, willing and able to complete performance

18  under the agreement.

19     48.    Without justification and in breach of its obligations under the agreement, the

20  McDonalds have failed to make payment to Osbelt the agreed upon purchase price of

21  $1,886,063.80 or any part thereof.

22     49.    As a result of the McDonalds' breach of the Agreement, Osbelt has been damaged

23  in an amount to be proven at trial, but in no event less than $1,886,063.80, plus interest and costs

24  of suit.

25                    **SECOND CAUSE OF ACTION**
                    **(Breach of Contract: Operating Agreement)**

26

27     50.    Osbelt realleges paragraphs 1- 49 above as though fully set forth herein.

                                    10

28

1       51.     On or about May 13, 2004, Osbelt and the McDonalds entered into an Operating

2  Agreement and Articles of Organization (the "Operating Agreement").

3       52.     The authority of Members to participate in the management of NEWN is set forth

4  in section 5 of the Operating Agreement. Pursuant to section 5 of the Operating Agreement,

5  each of the Members "will participate in the management of the Company affairs . . . and . . .

6  have exclusive authority to manage and conduct all the business of the Company, with all rights,

7  powers and authority that are conferred by law or are necessary, convenient or appropriate for

8  the managing of the Company's business . . .." (Ex. A, § 5.)

9       53.     Pursuant to Section 6.5 of the Operating Agreement, NEWN's books and records

10  are to be maintained at its principal place of business and "[a]ll Members . . . have the right on

11  reasonable notice to the Company to . . . inspect and . . . copy the books and records of the

12  Company . . .." (Ex. A, § 6.5.)

13       54.     Osbelt has performed all of her obligations under the Operating Agreement except

14  those obligations which have been waived or excused. Further, Osbelt is, and at all times was,

15  ready, willing and able to complete performance under the Operating Agreement.

16       55.     The McDonalds, without justification, have breached the Operating Agreement

17  by, *inter alia*:

18          55.1   Wrongfully excluding Osbelt from participating in management of

19                NEWN;

20          55.2   Failing to maintain the books and records at NEWN's principal place of

21                business in Redwood City;

22          55.3   Denying Osbelt access to NEWN's books and records for the purpose of

23                copying them, despite repeated requests therefor;

24          55.4   Causing the books and records of NEWN to reflect false allocation of

25                NEWN's profits to Osbelt;

26

27                                 11

55.5  Causing NEWN's accountants to prepare false financial statements on behalf of NEWN; and

55.6  Causing NEWN's accountants to prepare and file false income tax returns on behalf of NEWN.

56.  As a result of the McDonalds' breach of the Operating Agreement, Osbelt has been damaged in an amount to be proven at trial, but in no event less than $1,886,063.80, plus interest and costs of suit.

### THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

57.  Osbelt realleges paragraphs 1- 56 above as though fully set forth herein.

58.  As Osbelt's fellow members in NEWN and as holders of the majority interest in NEWN, the McDonalds owed Osbelt fiduciary duties of loyalty, good faith, candor and fair dealing.

59.  The McDonalds have breached their fiduciary duties to Osbelt by:

59.1  Wrongfully excluding Osbelt from participating in management of NEWN;

59.2  Failing to maintain the books and records at NEWN's principal place of business in Redwood City;

59.3  Denying Osbelt access to NEWN's books and records for the purpose of copying them, despite repeated requests therefor;

59.4  Causing the books and records of NEWN to reflect false allocation of NEWN's profits to Osbelt;

59.5  Causing NEWN's accountants to prepare false financial statements on behalf of NEWN; and

59.6  Causing NEWN's accountants to prepare and file false income tax returns on behalf of NEWN.

12

60.     As a result of the McDonalds' breach of their fiduciary duties to Osbelt, Osbelt has been damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Accounting)

61.     Osbelt realleges paragraphs 1- 60 above as though fully set forth herein.

62.     As Osbelt's fellow members in NEWN and as holders of the majority interest in NEWN, the McDonalds owed Osbelt fiduciary duties of loyalty, good faith, candor and fair dealing.

63.     The McDonald's have controlled the maintenance of NEWN's financial books and records and have excluded Osbelt from access thereto.

64.     Osbelt wishes to assign her membership interest in NEWN to the McDonalds against payment by the McDonalds pursuant to the formula set forth in the Operating Agreement.

65.     The payment due from the McDonalds is unknown and cannot be ascertained without an accounting of the receipts and disbursements of all NEWN transactions.

66.     The McDonalds have failed and refused, and continue to fail and refuse, to render such an accounting.

67.     The foregoing actions entitle Osbelt to an accounting against the McDonalds to determine the purchase price of Osbelt's interest in NEWN.

## FIFTH CAUSE OF ACTION
### (Slander *Per Se*)

68.     Osbelt realleges paragraphs 1- 67 above as though fully set forth herein.

69.     On information and belief, the McDonalds have been informing NEWN clients that Osbelt has left NEWN and the expert witness business "to get married and have babies."

70.     This statement by the McDonalds is false and known by the McDonalds to be false and was uttered with malice.

13

1    71.    This statement by the McDonalds is injurious to Osbelt's professional and/or

2    business reputation.

3    72.    The foregoing entitles Osbelt to compensatory and punitive damages for which

4    the McDonalds are liable, according to proof.

5
### SIXTH CAUSE OF ACTION
(Violations of Beverly-Killea Limited Liability Company Act §§ 17058, 17106)

6

7    73.    Osbelt realleges paragraphs 1- 72 above as though fully set forth herein.

8    74.    The McDonalds have violated Sections 17058, 17106 of the Beverly-Killea

9    Limited Liability Company Act by:

10    74.1    Failing to maintain the books and records of NEWN as they relate to the

11    internal affairs of NEWN for the current and past four fiscal years; and

12    74.2    Refusing to allow Osbelt to inspect and copy NEWN's books and records

13    despite repeated, reasonable and appropriate requests.

14    75.    The foregoing entitles Osbelt to an order pursuant to Section 17106(f) that the

15    McDonalds provide Osbelt with the information and financial statements of NEWN and

16    reasonable expenses, including attorneys fees, pursuant to Section17106(g).

17    **PRAYER**

18    WHEREFORE, Osbelt prays for judgment jointly and severally against defendants as

19    follows:

20    a.    For damages according to proof at trial, but in no event less than

21    $1,886,063.80;

22    b.    For an accounting;

23    c.    For an order pursuant to Section 17106(f) of the Beverly-Killea Limited

24    Liability Company Act;

25    d.    For punitive damages as determined by a jury;

26    e.    For pre-judgment interest at the legal rate;

27
14

28
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, ACCOUNTING, SLANDER PER SE AND
VIOLATIONS OF THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT

1       f.      For costs of suit, including attorneys' fees;

2       g.      For such other and further relief as this Court deems just and proper.

3   Dated:   June 5, 2007                    BERGESON, LLP

4

5                                            By: _____

6                                                Marc G. van Niekerk

7                                            Attorneys for Plaintiff
                                             JENNIFER OSBELT
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          15

28  COMPLAINT FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, ACCOUNTING, SLANDER PER SE AND
    VIOLATIONS OF THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT

**Exhibit A**



**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

THIS OPERATING AGREEMENT is entered into as of May 13, 2004 by: David D. McDonald, Donna K. McDonald & Jennifer Osbelt (referred to individually as a Member and collectively as the Members). The Members desire to form a limited liability company ("Company") under the Beverly-Killea Limited Liability Company Act.

The Members enter into this Agreement to form and provide for the governance of the Company and the conduct of its business, and to specify their relative rights and obligations. The Members have formed a limited liability company under the Beverly-Killea Limited Liability Company Act. The Articles of Organization of the Company filed with the California Secretary of State August 7, 2002 are hereby adopted and approved by the Members.

NOW THEREFORE, the Members agree as follows:

### ARTICLE I: DEFINITIONS

1      The following terms used in this Operating Agreement shall (unless otherwise expressly provided herein or unless the context otherwise requires) have the following respective meanings

1.1    "AGREEMENT" shall refer to this Operating Agreement

1.2    "Articles of Organization" is defined in Corporations Code section 17001(b) as applied to this Company.

1.3    "Act" means the Beverly-Killea Limited Liability Company Act (California Corporations Code §§17000-17655), including amendments from time to time.

1.4    "Assignee" means a person who has acquired a Member's Economic Interest in the Company, by way of a Transfer in accordance with the terms of this Agreement, but who has not become a Member.

1.5    "Available Cash" means all net revenues from the Company's operations, including net proceeds from all sales, refinancing, and other dispositions of Company property that the Manager, in the Manager's sole discretion, deems in excess of the amount reasonably necessary for the operating requirements of the Company, including debt reduction and Reserves.

1.6    "Book Depreciation" means, with respect to any item of Company property for a given fiscal year, a percentage of depreciation or other cost recovery deduction allowable for federal income tax purposes for such item during that fiscal year equal to the result (expressed as a percentage) obtained by dividing (1) the Fair Market Value of that item at the beginning of the fiscal year (or the acquisition date during the fiscal year), by (2) the federal adjusted tax basis of the item at the beginning of the fiscal year (or the acquisition date during the fiscal year). If the adjusted tax basis of an item is zero, the Manager may determine Book Depreciation, provided that he does so in a reasonable and consistent manner.

1.7    "Capital Contribution" means, with respect to any Member, the amount of the money and the Fair Market Value of any property (other than money) contributed to the Company (net of liabilities secured by such contributed property that the Company is considered to



**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

assume or take "subject to" under IRC section 752) in consideration of a Percentage Interest held by such Member. A Capital Contribution shall not be deemed a loan.

1.8 "Capital Event" means a sale or disposition of any of the Company's capital assets, the receipt of insurance and other proceeds derived from the involuntary conversion of Company property, the receipt of proceeds from a refinancing of Company property, or a similar event with respect to Company property or assets.

1.9 "Capital Profits and Losses" and "Taxable Capital Profits and Losses" mean the Company's Profits or Losses or Taxable Profits or Losses attributable to sales, condemnations, transfers or other dispositions of Company capital assets or interests therein, and insurance proceeds received with respect to Company capital assets.

1.10 "Code" or "IRC" means the Internal Revenue Code of 1986, as amended, and any successor provision.

1.11 "Company" means the company named in Article II of this Agreement.

1.12 "Confidential Information" is defined in Article X, Section 10.2.

1.13 "Corporations Code" ("Corp C") means the California Corporations Code.

1.14 "Fair Market Value" is defined as one times (1x) the gross income received by the Company during the twelve (12) month period preceding receipt of written notification by the Company of the Member's death, bankruptcy, incompetence or insanity or at any time if no written notice is given to the Company.

1.15 "Gross Income" is defined as the difference between sales (customer payments) and sub-contractor fees paid (consultant payments). For Example:

| | |
|---|---|
| Total Sales: | $1,000,000.00 |
| Sub-Contractor Fees: | $ (750,000.00) |
| 🅑 | $ 250,000.00 |
| Operating Expenses | $ 150,000.00 |
| Gross Profit | $ 100,000.00 |
| Taxes | $ (40,000.00) |
| Net Profit | $ 60,000.00 |

1.16 "Losses" means the Company's annual losses, including capital losses, as determined in accordance with generally accepted accounting principles on the cash accounting basis.

1.17 "Majority" refers to the vote of Members who own more than fifty percent (50%) of the total interests owned by all Members in that class.

1.18 "Members" shall refer to the Parties and reference to a "Member" shall be to any one of the Parties.

1.19 "Member Units" or "Units" shall refer to the Units issued to the Members and represent the contributions of capital to the Company entitling the holder to an interest in the Net Profits, Net Losses and distributions of the Company.

1.20 "Membership Interest" means a Member's rights in the Company, collectively, including the Member's Economic Interest, any right to Vote or participate in management, and any right to information that concerns the business and affairs of the Company.



**National
Expert
Witness
Network**

**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

1.21 "Notice" means a written notice required or permitted under this Agreement. A notice shall be deemed given or sent when deposited, as certified mail or for overnight delivery, postage and fees prepaid, in the United States mails; when delivered to Federal Express, United Parcel Service, DHL WorldWide Express, or Airborne Express, for overnight delivery, charges prepaid or charged to the sender's account; when personally delivered to the recipient; when transmitted by electronic means, and such transmission is electronically confirmed as having been successfully transmitted; or when delivered to the home or office of a recipient in the care of a person whom the sender has reason to believe will promptly communicate the notice to the recipient.

1.22 "Partnership" shall refer to the Partnerships created under this Agreement.

1.23 "Percent of the Members" means the specified total of Percentage Interests of all the Members.

1.24 "Percentage Interest" means a fraction, expressed as a percentage, the numerator of which is the total of a Member's Capital Account and the denominator of which is the total of all Capital Accounts of all Members.

1.25 "Person" means an individual, partnership, limited partnership, trust, estate, association, corporation, limited liability Company, or other entity, whether domestic or foreign.

1.26 "Profits" means the Company's annual profits, including capital gains, and the term

1.27 "Property" shall refer in part to the real property described in Schedule "B", if any, and interests therein owned by the Company.

1.28 "Pro-rata share" shall mean a Member's pro-rata share determined by dividing the total number of units held by a Member by the total number of outstanding units.

1.29 "Proxy" has the meaning set forth in the first paragraph of Corp C §17001(ai). A Proxy may not be transmitted orally.

1.30 "Regulations" ("Reg") means the income tax regulations promulgated by the United States Department of the Treasury and published in the Federal Register for the purpose of interpreting and applying the provisions of the Code, as such Regulations may be amended from time to time, including corresponding provisions of applicable successor regulations.

1.31 "Reserves" means the aggregate of reserve accounts that the Manager, in the Manager's sole discretion, deems reasonably necessary to meet accrued or contingent liabilities of the Company, reasonably anticipated operating expenses, and working capital requirements.

1.32 "Successor in Interest" means an Assignee, a successor of a Person by merger or otherwise by operation of law, or a transferee of all or substantially all of the business or assets of a Person.

1.33 "Substituted Member" is the assignee of a Member who is admitted to the Company in the place and stead of his assignor.

1.34 "Tax Item" means each item of income, gain, loss, deduction, or credit of the Company.

1.35 "Taxable Profits" means the Company's annual profits, including capital gains/

1.36 "Taxable Losses" means the Company's annual losses including capital losses, as determined in the Company's information tax return as from time to time amended, prepared by the Company's accountants or tax attorney for federal income tax purposes, and determined on the cash basis. The terms "Operating Profits" or "Operating Losses" mean the Company's annual Profits or Losses from the ongoing business operations of the



**National
Expert
Witness
Network**

**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

Company's, and excluding Profits or Losses attributable to sales, condemnations, transfers or other dispositions of Company's property or interests therein, and insurance proceeds received with respect to Company's property, all as determined in accordance with generally accepted accounting principles on the cash basis. The term "Taxable Operating Profits" or "Taxable Operating Losses" mean the Company's Taxable Profits or Taxable Losses from ongoing business operations of the Company's, and excluding taxable Profits or Losses attributable to sales, condemnations, transfers or other dispositions of Company's capital assets or interest therein, and insurance proceeds received with respect to Company's property except that Taxable Operating Profits include income from a sale or exchange of a capital asset which is taxed at ordinary income rates because of the recapture of depreciation, and including the recapture of investment tax credits because of any early disposition of a capital asset.

1.37 "Transfer" means, with respect to a Membership Interest or any element of a Membership Interest, any sale, assignment, gift, Involuntary Transfer, Encumbrance, or other disposition of such a Membership Interest or any element of such Membership Interest, directly or indirectly, other than an Encumbrance that is expressly permitted under this Agreement.

1.38 "Triggering Event" is defined in On the happening of any of the following events (Triggering Events) with respect to a Member, the Company and the other Members shall have the option to purchase the Membership Interest in the Company of such Member (Selling Member) at the price and on the terms provided in Section 8.8 of this Agreement:

1.38.1 The death, incapacity, bankruptcy, or withdrawal of a Member, or the winding up and dissolution of a corporate Member, or merger or other corporate reorganization of a corporate Member as a result of which the corporate Member does not survive as an entity.

1.38.2 The failure of a Member to make the Member's Capital Contribution under the provisions of Article III of this Agreement.

1.38.3 The occurrence of any other event that is, or that would cause, a Transfer in contravention of this Agreement.

1.38.4 "Vote" means a written consent or approval, a ballot cast at a meeting, or a voice vote.

1.39 "Voting Interest" means, with respect to a Member, the right to Vote or participate in management and any right to information concerning the business and affairs of the Company provided under the Act, except as limited by the provisions of this Agreement. A Member's Voting Interest shall be directly proportional to that Member's Percentage Interest.

## ARTICLE II: ARTICLES OF ORGANIZATION

2    The name of the Company shall be National Expert Witness Network, LLC

2.1  The Articles of Organization were filed with the California Secretary of State on August 7, 2002, File Number 200222110003. A copy of the Articles of Organization as filed is attached to this Agreement as Exhibit A.



**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

2.1 The principal executive office of the Company shall be 15309 Northlake Road, Magalia, CA 95954-9052, or such other place or places as may be determined by the Manager from time to time.

2.2 The initial agent for service of process on the Company shall be David D. McDonald, whose address is 15309 Northlake Road, Magalia, CA 959549052. The Managers may from time to time change the Company's agent for service of process.

2.3 The Company will be formed for the purposes of engaging in the business of providing Expert Witness referral services to the legal profession

2.4 The Members intend the Company to be a limited liability company under the Act. Neither the Manager nor any Member shall take any action inconsistent with the express intent of the parties to this Agreement.

2.5 The term of existence of the Company shall commence on the effective date of filing of Articles of Organization with the California Secretary of State, and shall continue until terminated by the provisions of this Agreement or as provided by law

2.6 The names and addresses of the Initial Members are as set forth in Exhibit B.

2.7 The names and business addresses of the Managers are as follows:

| Name | Address |
|------|---------|
| David D. McDonald | 15309 Northlake Road, Magalia, CA 95954-9052 |
| Donna K. McDonald | 15309 Northlake Road, Magalia, CA 95954-9052 |
| Jennifer Osbelt | 650 Oak Grove Avenue, Suite 1, Menlo Park CA 94025 |

2.8 The Members shall be the Managers of the Company.

### ARTICLE III: CAPITAL CONTRIBUTIONS & ADMISSION OF NEW MEMBERS

3    Capital Contributions. The Members will complete Schedule "A", setting forth the amount of capital contribution to the Company credited to each Member, the percentage of Company ownership or number of Company Units issued therefore, and the amounts of additional capital contributions to be made by the dates set forth on Schedule "A". Member obligations to make additional capital contributions will be evidenced by promissory notes.

3.1    Need for Additional Capital Contributions. If at any time the Members determine that the cash available to the Company is, in the Members' reasonable judgment, inadequate to meet the then existing and projected needs of the Company, the Members may request the Members to provide the required additional cash of his pro-rate share of the Company Units. The Members will advise the Company in writing of the cash contribution to be made and the purpose for which the proceeds will be used. The price and terms may be more or less favorable than those on which the initial Units were offered. Within fifteen (15) days after the mailing of this notice by the Members, each Member may elect in writing to provide all, any part of, or none of his pro-rata share of the additional cash. If any Member does not elect to contribute his pro-rata share of the additional cash, the pro-rated share of that Member's Units will be available for purchase, on a pro-rata basis, by the other Members who do contributed the required additional cash. If all the additional cash is not provided by the Members, the Members may offer and sell the unsold



**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

additional units to other persons on the same terms and conditions as were available to the Members or on such other terms and conditions as the Members may decide, which terms may be more or less favorable than the offer to the Members.

3.1.1　All sales of additional units under this section are subject to compliance with applicable federal and provincial securities laws. If, acting upon advice of counsel to the Company, the Members determine in their reasonable judgment that to qualify the sale of these units it would be necessary or appropriate to allow only some of the Members and/or only certain other persons who are not Members to participate in the offering, the Members may determine in their sole discretion, those who will be offered the opportunity to participate.

1.40　Capital Accounts. An individual capital account will be maintained for each Member. The capital account of each Member will consist of his original cash or cash equivalent contribution of capital, increased by (i) his additional capital contributions, and (ii) his share of Company Profits, and decreased by (iii) distributions to the Member, whether in cash or in kind, and (iv) his share of Company Losses.

## ARTICLE IV: ALLOCATIONS AND DISTRIBUTIONS

4　Operating Profits. Operating profits, operating losses, taxable operating profits and taxable operating losses and credits shall be allocated to the Members separately pursuant to the appropriate provisions governing general partnerships found in California Corporations Code Section 16100 et seq. (http://www.ss.ca.gov/business/gp/gp.htm)

4.1　Capital Profits. Capital Profits, Capital losses, Taxable Capital Profits and Taxable Capital Losses will be allocated to the Members up to the amounts of available cash distributed to them in excess of cumulative net operating profits allocated to them from the inception of the Company, then to Members, if any, with negative capital accounts up to the amount of their negative capital account balances and thereafter to the Members pro-rata in accordance with their ownership of Company units. For the purposes of this section, cash distribution before of the year following the transaction giving rise to the capital profits or losses or taxable capital profits or losses will be deemed to have been distributed during the preceding fiscal year.

4.2　Periodic Computation. Profits and losses and taxable profits and taxable losses shall be computed periodically, but no less than quarterly. A proportional adjustment of profits and losses shall be made between a Member and a Member's assignee as of the date that the Members' assignee becomes a substituted Member. All other allocations of profits and available cash which are allocated to the Members will be allocated among them in proportion to the number of units held by each Member.

4.3　Available Cash. Available cash will be distributed each year, except as follows:

4.3.1　Available cash in amounts in excess of cumulative net operating profits allocated to the Members from the inception of the Company will be distributed to the Members until the Members have received distributions of available cash in excess of these operating profits equal to the amount of their initial capital contributions.

4.3.2　Available cash will then be distributed to the Members in proportion to the number of units held by each Member.

 **National Expert Witness Network, LLC**
**OPERATING AGREEMENT &**
**ARTICLES OF ORGANIZATION**

4.3.3   Upon liquidation of the Company, available cash will be distributed to the Members as provided above, except that after making the distributions under (a) and (b) above, and taking into account cash contributions, if any, to be made by the Members on liquidation in accordance with ARTICLE IX: DISSOLUTION AND LIQUIDATION, available cash will be distributed to the Members in amounts equal to each Member's respective capital account balance.

4.4   Reimbursement of Member expenses. Members shall be reimbursed for any and all reasonable expenditures that they incur and pay on behalf of the Company.

1.41   Company Loans. If the Members deem it to be in the Company interest, the Company may borrow from a Member or Members. Interest will be payable on the loans at an annual rate agreed by the Members and allowable by law.

### ARTICLE V: MANAGEMENT

5   Powers of Members. Except as otherwise expressly stated herein the Members will participate in the management of the Company affairs. All decisions of the Company will be made by the Members and the Members will have exclusive authority to manage and conduct all the business of the Company, with all rights, powers and authority that are conferred by law or are necessary, convenient or appropriate for the managing of the Company's business subject only to those exceptions expressly set forth in this AGREEMENT. The Members agree that all Company decisions shall be made in accordance with ARTICLE XI: MISCELLANEOUS PROVISIONS of this Agreement and that the following powers or actions shall require approval under the said Section:

5.1.1   to borrow funds from any source for Company purposes, and as security therefore, to mortgage or pledge the property or any other assets of the Company, whether real or personal; to repay in whole or in part, refinance, recast, increase, modify or extend any mortgage or mortgages or other encumbrances on the property or any other assets of the Company, and in connection therewith, to execute for and on behalf of the Company any extension, renewals, or modifications of such mortgages or other encumbrances, new mortgages or other encumbrances in lieu of existing mortgages or other encumbrances, and to execute notes, bonds and other evidences of indebtedness;

5.1.2.   to act for the Company in all transactions concerning the Company real or personal property or business affairs, including the execution of all contracts, leases, deeds, options, loan obligations, deeds of trust and notes;

5.1.3   to amend this Agreement and the Certificate of Company. Any mortgagee, grantee, creditor or any person dealing with the Company shall be required to investigate the authority of the Members and to secure the approval or confirmation by all Members of any act of the Members in connection with the conduct of the Company business. The signature of all of the Members will be necessary to convey any interest in Company real property and the Members will prepare and record a Statement of Company to this.

5.2   The Members will be liable to the Company in connection with the management of the Company's affairs for acts or omissions which constitute gross negligence or willful misconduct, including any willful breach of this AGREEMENT.



**National Expert Witness Network, LLC**
**OPERATING AGREEMENT &**
**ARTICLES OF ORGANIZATION**

5.3    Competition. The Members will devote as much of their time and attention to the Company as they each deem necessary or advisable to meet the purpose of the Company and they may, during the continuance of this AGREEMENT, engage in any activity for their own profit and advantage without the consent of the Members. The Members have other business interests and may engage in any other businesses, trades, professions or employment whatsoever, including the acquisition, ownership, management and disposition of the following:

5.3.1    Their own accounts or in Company with or as employees, officers, directors or stockholders of any other entity, to the extent which such interests or activities do not compete with the business of the Company, and the Members will not have to account to or otherwise make available to the Company or the Members any other non-competitive business or investment profits or opportunities that might be available to the Members. Situations may arise where the Members or any of them owe conflicting duties to this Company and to other persons or entities. The Members will resolve these conflicts in good faith and will be liable to the Company only for acts or omissions which constitute gross negligence or willful misconduct.

5.4    Compensation of the Members. The Members are to receive no compensation by way of salary from the Company. The Company, may, however, contract with one or more of the Members to provide services to the Company provided that the compensation for these services is comparable to what the Company would have had to pay an unrelated party to provide these services.

## ARTICLE VI: ACCOUNTS AND ACCOUNTING

6      Method of Accounting. Company books will be maintained on the cash accounting basis in accordance with generally accepted accounting principles; provided that the Company will, to the extent allowed by law, keep books and reports for income tax purposes on the cash basis method of accounting.

6.1    Fiscal year. Unless changed by the Members, the fiscal year of the Company for accounting and income tax purposes will be the Calendar year, provided that if the Company is dissolved and the business of the Company is not continued pursuant to ARTICLE IX: DISSOLUTION AND LIQUIDATION, the final fiscal year of the Company will end on the date the Company is terminated.

6.2    Quarterly and Annual Statements. The Members will cause quarterly and annual financial statements of the operations of the Company to be prepared. The financial statements will include a balance sheet, income statement, statement of sources and uses of cash and a statement of Members' equity. The report will also include a statement describing financial transactions between the Members and the Company during the quarter, including the services rendered or to be rendered by the Members and the amount of fees, commissions and other compensation received or to be received by the Members and other supporting statements as the Members may deem relevant. To the extent it is feasible to do so; the annual financial statements will be E-mailed to the Members within twenty (20) days after the close of each fiscal quarter.

6.3    Income Tax Information. The Members will cause the Company to provide each Member with information on the Company's taxable income or loss and each class of income,



**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

gains, loss or deduction that is relevant to reporting Company income under the laws of the State of California or United States in which any Member may be obligated to file income tax returns. The information will show each Member's distributive share of each class of income, gain, loss, deduction or other tax attribute. To the extent it is feasible to do so; the income tax information will be furnished to the Members within seventy-five (75) days after the close of the Company fiscal year.

6.4     Accountants. The Members will cause the Company to engage as employees or independent contractors such bookkeepers, accountants and tax advisors as the Members may deem appropriate. The costs of these services will be borne by the Company.

6.5     Access to Accounting Records. The Company books and records will be maintained at the Company's principal place of business, except as may be necessary for the convenience of accountants and tax advisors who may temporarily remove portions of the Company's books and records in connection with their work. All Members will have the right on reasonable notice to the Company to either personally or through authorized agents inspect and, at their own expense, copy the books and records of the Company, provided that all Company information must remain confidential and cannot be disclosed to third parties if to do so would prejudice or impair any rights of the Company or its Members.

### ARTICLE VII: MEMBERSHIP, MEETINGS, VOTING, INDEMNITY

7       Limited Liability and Indemnity. The Members will have liability with respect to liabilities and obligations of the Company equal to the proportionate share of units held by each Member. The Members agree to indemnify and save one another harmless from any liability in connection with the liabilities of the Company above and beyond any Member's proportionate share in same.

7.1     Voting Rights. Each Member shall be entitled to vote upon matters affecting the basis structure and business of the Company, including the following matters:

7.1.1   Admission of Members. Admission of Members. The admission of a new Member requires the vote or written consent of the holders of one-hundred percent (100%) of the Company units. This provision is not subject to amendment by less than said percentages;

7.1.2   Termination of the Company;

7.1.3   Development of business activities.

7.2     Other Matters. The approval of all other matters as to which Members may or shall vote shall require the vote or written consent of the holders of more than twenty-five percent (25%) of the Company units.

7.3     Amendments. Notwithstanding anything to the contrary contained in this AGREEMENT, this Agreement may not be amended without the consent of the holders of more than twenty-five percent (25%) of the Company units.

7.4     Voting Procedure. The Members may vote only by written instrument. Written proxies or Powers of attorney to vote Company units will not be honored.

7.5     Meeting Rules. Meetings of the Members may be called by the Members or by Members holding more than twenty percent (20%) of the then outstanding Company units, for any matter for which the Members may vote as set forth herein. Upon receipt of a written request, either in person or by registered mail, stating the purpose of the meeting, the



**National
Expert
Witness
Network**

**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

Members shall provide all Members, within ten (10) days after receipt of such request, written notice (either in person or by registered mail) of a meeting and the purpose of such meeting to be held on a day not less than fifteen (15) nor more than sixty (60) days, after receipt of said request, at a time and place convenient to the Members. Votes taken at a meeting must be in accordance with ARTICLE VII: MEMBERSHIP, MEETINGS, VOTING, INDEMNITY.

## ARTICLE VIII: TRANSFERS OF MEMBERSHIP INTERESTS

8   The Members may sell or otherwise transfer the Company's properties but the consent of all of the Members shall be required in connection with a sale or other transfer of any portion of the holdings of the Company.

8.1   Assignment. No Member shall assign (which term as used herein shall include a gift, devise, sale, transfer, encumbrance or other disposition, whether voluntary, involuntary, or by act of law) all or any part of his interest in the Company otherwise than in accordance with the provisions and subject to the limitations of this ARTICLE XI: MISCELLANEOUS PROVISIONS, and any assignment not in accordance with this Section XIII will be void and of no effect.   Any Member at any time and from time to time may assign all or any part of his Company interest to any person pursuant to a bona fide written offer, but not until after having first offered it to the Company on the same terms as contained in the bona fide written offer. The Member so desiring to assign all or part of his interest pursuant to this Section XIII shall notify the Company in writing and furnish the Members with a copy of the bona fide written offer.

8.2   The Members shall determine whether the Company shall purchase the units. If the assigning Member shall not within thirty (30) days after delivery of this notice receive written notice from the Members that the Company desires to purchase the entire interest to be assigned, the assigning Member may assign this interest pursuant to the bona fide written offer at any time within forty-five (45) days after the termination of the thirty-day period. The assignee will not, however, become a substituted Member except in accordance with ARTICLE XI: MISCELLANEOUS PROVISIONS Admission of Substituted Members. Notwithstanding anything above to the contrary, no assignee, by operation of law or otherwise, of the whole or any portion of a Member's interest will become a substituted Member unless the written consent of all of the Members to such substitution has been obtained and until such assignee shall execute and acknowledge such instruments, in form and substance satisfactory to the Members, as the Members shall deem necessary or desirable to effectuate the admission of such assignee as a substituted Member and to confirm the agreement of such assignee to be bound by all the terms and provisions of this Agreement and the Certificate of Company, as same may be amended, with respect to the interest acquired.

8.3   As to assignees who do not become substituted Members or as to assignees before substitution as Members, both the Company and the Members shall be entitled to treat the assignor of any interest in the Company as the absolute owner thereof in all respects, and shall incur no liability for distributions of cash or other property made to him, until such time as the written assignment has been received by and recorded on the books of the

**National
Expert
Witness
Network**

**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

Company. All reasonable expenses, including solicitors' fees, incurred by the Company in connection with an assignment, shall be borne by the assignee.

8.4    A substituted Member shall have all the rights, obligations and liabilities of a Member under this AGREEMENT. An assignee of Company units who does not become a substituted Member shall have none of the rights of a Member under this agreement.

8.5    Purchase of Member's Interest. The Members may elect to have the Company purchase a Member's units. This election must be made by delivery of a written notice of its exercise upon the Member or his executor, administrator or other legal representative within ninety (90) days after receipt of written notification by the Company of the Member's intent to sell the Member's interest in the Company.

8.6    The Members may elect to have the Company purchase a deceased, bankrupt, incompetent or insane Member's units. This election must be made by delivery of a written notice of its exercise upon the Member or his executor, administrator or other legal representative within ninety (90) days after receipt of written notification by the Company of the Member's death, bankruptcy, incompetence or insanity or at any time if no written notice is given to the Company.

8.7    Purchase price. The purchase price to be paid for a Member's interest under this Article shall be equal to the amount that would have been received by that Member if all the assets of the Company had been liquidated in a sale at fair market value on the date of the notice of election to the Member or the date the Member ceased to be a Member, and the proceeds of such liquidation distributed pursuant to the provisions of such section. The purchase price shall not, however, include any amount that might be received for the Company's goodwill, if any.

8.8    Fair market value is defined as one times (1x) the gross income received by the Company during the twelve (12) month period preceding receipt of written notification by the Company of the Member's death, bankruptcy, incompetence or insanity or at any time if no written notice is given to the Company.

8.9    Manner of Payment. The purchase price for the Member's interest shall be paid as follows:

8.10   Ten Percent (10%) within 60 days after the determination thereof;

8.11   The balance in full within forty-eight (48) months thereafter at the rate of one-sixteenth (1/16) of the total balance amount each calendar quarter; until paid, this obligation shall be evidenced by a promissory note of the Company bearing interest at the rate per annum allowable by law. The note will provide that the Company may pay all or a part thereof at any time during the term thereof without prepayment penalty

### ARTICLE IX: DISSOLUTION AND WINDING UP

9    Dissolution Events.  The death, bankruptcy, incompetence or insanity of a Member will dissolve or terminate the Company. The sale of all or substantially all of the assets of the Company or the vote of the Members to dissolve the Company also dissolves the Company. In the event that the Company is dissolved and not continued, the Members shall make the necessary arrangements to wind up and terminate the affairs of the Company in accordance with applicable laws.



**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

9.1    Liquidation Distributions.  Upon dissolution, if the Company is not continued, the Company will engage in no further business other than that necessary to wind down the business of the Company and liquidate its assets. Any profit or loss on disposition of Company properties during liquidation shall be allocated in accordance with the provisions of Article VI *Allocation of Profits and Losses* of this AGREEMENT.  After retention by the Company of sufficient proceeds to meet and satisfy operating costs and the cost of sale, as determined in the sole discretion of the Members, the proceeds of liquidation  (the "Liquidation Distribution") will then be distributed in the following order:

9.1.1    Payments to creditors of the Company, other than Members, in the order of priority provided by law;

9.1.2    Payments to Members for loans made by them to the Company;

9.1.3    Distributions shall then be made in accordance with the provisions of Section VIII (1) Available Cash.

9.2    If upon liquidation of the Company and distribution of its assets, as provided above, any Member would have a negative balance in his capital account, the negative balance will constitute a debt to the Company and shall be paid in cash by the Member on demand by the Company.

### ARTICLE X: BANK ACCOUNTS

10    The Company shall open and maintain in the name of the Company accounts with such banks or savings and loan associations as are necessary to effectuate this AGREEMENT and the Company's business. Funds from all such accounts shall be deposited and withdrawn on the signature of one of the Managing Members, or duly authorized representatives of the Members.

### ARTICLE X: SUCCESSORS IN INTEREST

11    This Agreement shall in all respects bind and inure to the benefit of the parties hereto and their respective heirs, executors, administrators or other legal representatives, subject to the provisions of this AGREEMENT limiting rights of assignment and the rights of non-substituted Members.

### ARTICLE XI: MISCELLANEOUS PROVISIONS

12    Power of Attorney. Each Member hereby irrevocably constitutes and appoints each of the Members with full power of substitution, his true and lawful attorney-in-fact for him and in his name, place and stead, for his use and benefit, to sign, acknowledge, file and record:

12.1    The Operating Agreement of the Company and any amendments thereto which are made to reflect amendments to this AGREEMENT or to reflect any reductions in the amount of the contributions of a Member or which are required.

12.2    Any fictitious business name certificate or amendment thereto or other instrument or document which may be required to be filed or recorded by the Company, on its own



**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

behalf or on behalf of the Members, under the laws of the State of California or any other jurisdiction.

12.3    Any document that may be required to effect the continuation of the Company, the admission of a substituted Member or additional Limited or Members, or the dissolution or termination of the Company, and any amendment to this Agreement or the Company's Operating Agreement in connection therewith, provided that such continuation, admission, dissolution, or termination is in accordance with the terms of this Agreement pursuant to the Limited Liability Company Act.

12.4    The foregoing provisions do not supersede any other provisions of this AGREEMENT, nor is this power of attorney to be used to deprive any Member of its rights under this AGREEMENT, but is intended only to provide a simplified system for execution, filing and recording of documents and to permit the use of the provisions of the Limited Liability Company Act. The power of attorney granted herein is coupled with an interest, is irrevocable and shall survive any assignment of a Member's interest in the Company.

12.5    Amendment of Operating Agreement. An amendment to the Company's Operating Agreement may be signed, personally or by an attorney-in-fact, by:

12.5.1    A Member and the new Member if the amendment is caused by the addition of a Member; or

12.5.2    A Member, the substituted Member and the transferring Member, if the amendment is caused by the substitution of a Member.

12.6    Notices. All notices under this AGREEMENT shall be in writing and shall be given to the parties at the addresses hereinafter set forth and to the Company at its principal office, or at such other address as any of the parties may from time to time specify.

12.7    Counterparts. This AGREEMENT may be signed in any number of counterparts, all of which when taken together shall constitute the original instrument.

12.8    Severability. In the event that any provision of this AGREEMENT shall be held unenforceable, such provision shall be severed and the remainder of this AGREEMENT shall nevertheless remain in full force and effect.

12.9    Gender. All references herein to" he", "him" or "his" shall be deemed where appropriate, references to "she", "her", or "hers" or to "it" or "its".

1.42    Applicable Law. This AGREEMENT shall be deemed to be made and performed in, and shall be governed and construed in accordance with the laws of the State of California



National
Expert
Witness
Network

**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

This OPERATING AGREEMENT ("AGREEMENT") is made this 13th day of May, 2004 by and between the undersigned whose names and addresses are set forth below for the purpose of forming a Limited Liability Company.

Dated this 13th Day of May, 2004

IN WITNESS WHEREOF, THE PARTIES HAVE SIGNED THIS AGREEMENT

Date: 6/1/04

Jennifer Osbelt
650 Oak Grove Avenue, Suite 1
Menlo Park, CA 94025
(650) 473-1113

Date: 6/4/04

Donna K. McDonald
15309 Northlake Road
Magalia, CA 95954-9052
(530) 873-2620

Date: 6/4/04

David D. McDonald
15309 Northlake Road
Magalia, CA 95954-9052
(530) 873-2620

## SCHEDULE "A"

## CAPITAL CONTRIBUTIONS OF PARTNERS:

| Partnership Partner | Contribution | Agreed Upon Cash Value of Contribution | Units Credited |
|---|---|---|---|
| David D. McDonald & | | | |
| Donna K. McDonald Jointly | $100,000.00 | $100,000.00 | 75 |
| Jennifer Osbelt | $    00.00[1] | $ 33,333.33 | 25 |

Note (1):  Jennifer Osbelt's contribution to the PARTNERSHIP is other than cash and consists of years of experience in the Expert Witness Referral industry and client and consultant control that she brings to the Partnership for which she is granted 25 Partnership Units.

**Exhibit B**

**From:** Dave McDonald [mailto:dmcdonald@newnexperts.com]
**Sent:** Monday, March 26, 2007 1:22 PM
**To:** 'Jennifer Osbelt'
**Cc:** 'Donna Brelsford'
**Subject:** NEWN

Dear Jennifer:

I personally believe that your wish to buy a house has really clouded your judgment. I think you need to step back and reevaluate your situation. At this point you apparently cannot accept the way in which I run NEWN and the rather substantial draw you receive and accept the fact that the distribution of NEWN profits is what actually comprises your income. The fact you cannot afford a house is simply not my problem nor the problem of NEWN.

You clearly do not trust Donna and I and your contention that there is some hidden checking account is ridiculous. I tell you the QuickBooks register and the US Bank registers are identical and they are reconciled each week by LeAnn Andrews. If there is no trust there is no partnership. This lack of trust is insulting to us completely unwarranted and frankly unacceptable. I think that it is a good idea for you to move on.

Our Operating Agreement provides an exit procedure for you and it sounds like you wish to exercise that option. Section 8 of the Agreement stipulates that all Members have to agree and we do. The Company must determine that we wish to purchase your membership shares; we do. You cannot assign them without our permission. The purchase price for your member shares is also stated in Section 8 that the purchase price is the fair market value is defined as one times (1x) the gross income received by the Company during the preceding twelve (12) months. Payment terms are 10% of the purchase price, i.e., 10% within 60 days after the effective date of the termination of the Agreement; the balance to be paid over 48 months at the rate of 1/16ths of the Principal amount each calendar quarter all secured by promissory note. No interest payment is stipulated in the Agreement.

The value of the company pursuant to Section 8 is provided in the attached QB report:

Sales for 3/1/06 through 3/31/07 is $7,544,255.18 at value 1X = $7,544,255.18

Your 25% share = $1,886,063.80

You will receive payment within 60 days of the termination of your membership in NEWN for $188,606.38
Each subsequent calendar you will receive payment of 1/16th of the balance of $1,697,457.42 or $106,091.09 per quarter.

If you and Chris don't like it here then you can leave and buy a house somewhere else. Don't lose sight of the fact that at the point your membership agreement is terminated your draw and any expense support from NEWN stops. There is nothing in the Agreement regarding continuation of benefits. Health benefits, exclusive of the NEWN funded dental plan, are covered through COBRA for 18 months for which you are financially responsible.

You need to make a decision today about whether or not you are playing on our team or yours. If it is yours then I will have the termination notices ready within a day.

Regards,
Dave McDonald

 National 15309 Northlake Road
Expert     Magalia, CA 95954-9052
Witness    530-873-7890, Extension 20,1
Network    Fax: 530-873-7891
           www.newnexperts.com

**Visit Technology CLE® (www.tcle.com) for online CLE credits!**

**CONFIDENTALITY NOTICE:** The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

**Exhibit C**

**From:** Jennifer Osbelt [mailto:josbelt@newnexperts.com]
**Sent:** Monday, March 26, 2007 3:24 PM
**To:** 'dmcdonald@newnexperts.com'
**Cc:** 'Donna Brelsford'
**Subject:** RE: NEWN

Dave:

If you want to terminate me just for asking to see the transactions totaling 210,000, then go ahead and fire me. I will take your deal, but not because I asked for it. People that tell me I haven't earned what I worked for usually don't receive a good reaction from me, and I don't appreciate being told that I earn more than I am worth. Go ahead and draw up the papers.

Jennifer

---

**From:** Dave McDonald [mailto:dmcdonald@newnexperts.com]
**Sent:** Monday, March 26, 2007 1:22 PM
**To:** 'Jennifer Osbelt'
**Cc:** 'Donna Brelsford'
**Subject:** NEWN

Dear Jennifer:

I personally believe that your wish to buy a house has really clouded your judgment. I think you need to step back and reevaluate your situation. At this point you apparently cannot accept the way in which I run NEWN and the rather substantial draw you receive and accept the fact that the distribution of NEWN profits is what actually comprises your income. The fact you cannot afford a house is simply not my problem nor the problem of NEWN.

You clearly do not trust Donna and I and your contention that there is some hidden checking account is ridiculous. I tell you the QuickBooks register and the US Bank registers are identical and they are reconciled each week by LeAnn Andrews. If there is no trust there is no partnership. This lack of trust is insulting to us completely unwarranted and frankly unacceptable. I think that it is a good idea for you to move on.

Our Operating Agreement provides an exit procedure for you and it sounds like you wish to exercise that option. Section 8 of the Agreement stipulates that all Members have to agree and we do. The Company must determine that we wish to purchase your membership shares; we do. You cannot assign them without our permission. The purchase

price for your member shares is also stated in Section 8 that the purchase price is the fair market value is defined as one times (1x) the gross income received by the Company during the preceding twelve (12) months. Payment terms are 10% of the purchase price, i.e., 10% within 60 days after the effective date of the termination of the Agreement; the balance to be paid over 48 months at the rate of 1/16ths of the Principal amount each calendar quarter all secured by promissory note. No interest payment is stipulated in the Agreement.

The value of the company pursuant to Section 8 is provided in the attached QB report:

Sales for 3/1/06 through 3/31/07 is $7,544,255.18 at value 1X = $7,544,255,18

Your 25% share = $1,886,063.80

You will receive payment within 60 days of the termination of your membership in NEWN for $188,606.38
Each subsequent calendar you will receive payment of 1/16th of the balance of $1,697,457.42 or $106,091.09 per quarter.

If you and Chris don't like it here then you can leave and buy a house somewhere else. Don't lose sight of the fact that at the point your membership agreement is terminated your draw and any expense support from NEWN stops. There is nothing in the Agreement regarding continuation of benefits. Health benefits, exclusive of the NEWN funded dental plan, are covered through COBRA for 18 months for which you are financially responsible.

You need to make a decision today about whether or not you are playing on our team or yours. If it is yours then I will have the termination notices ready within a day.

Regards,
Dave McDonald

 National Expert Witness Network

15309 Northlake Road
Magalia, CA 95954-9052
530-873-7890, Extension 201
Fax: 530-873-7891
www.newnexperts.com

**Visit Technology CLE® (www.tcle.com) for online CLE credits!**

**CONFIDENTALITY NOTICE:** The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

**Exhibit D**



**Chico Branch**
260 E Second Street
Chico, CA 95928
530 896-8380
530 896-8388 fax

April 17, 2007

National Expert Witness Group
Jennifer Osbelt
One Lagoon Drive Suite 140
Redwood City Ca, 94065

Re: Renewal of $300,000 Revolving line of Credit Ln # 6517388162

Dear Ms. Osbelt:

The revolving line of credit for National Expert Witness matured April 5, 2007. I understand that you are discussing your option to sell your interest in NEWN but until such action is completed you will be considered a guarantor on this line. We will need the following items from you so that we may complete the renewal of this line. When the sale of your interest is complete we will remove you at that time. Please provide the following information:

**Jennifer Osbelt**
- Current personal financial statement (form enclosed)
- Signed Personal Tax Returns for 2005 and 2006

*Per the loan agreement the line must be at a zero balance for 30 consecutive days during the term. This requirement has not been met for this year. Please be aware that the line will need to rest for 30 consecutives days during the next term after approval of the renewal.*

Please forward the above information as soon as possible to my attention. If you have any questions please feel free to call myself at 896-8391 or Tina Haro at 846-7396.

Thank you,

Kiley Patterson
Asst. Relationship Manager
Cc: David McDonald
Tina Haro

**Exhibit E**

**From:** Jennifer Osbelt [mailto:josbelt@patechnical.com]
**Sent:** Friday, April 20, 2007 1:42 PM
**To:** 'dmcdonald@newnexperts.com'
**Cc:** 'Tom Fisher'; 'Steve Sutter'; 'LeAnn M. Andrews, CPA'; 'dbrelsford@newnexperts.com'
**Subject:** RE: Partner Distribution

Dave,

As you note in your email, during times when "there wasn't sufficient cash in the NEWN bank account to cover" all of our draws, the LOC was used to cover required draws until the funds were available from operations to cover the advance. It is grossly unfair of you to change this policy at the exact moment you send me a K-1 showing my income as twice that of what I was actually distributed during 2006. Suggesting to the entire working group that I had somehow created this situation, when I have no access to our finances since you deleted my password to the Quickbook system is equally unfair.

However, if you decide to go forward with your policy change, Chris and I will be forced into the position of having to sell our house and moving our family into an apartment to pay the tax bill. In this case, I need an updated timeline on delivery of the draft purchase documents for my LLC interest in NEWN. In your email of March 31, you note that the transaction would be completed in the two weeks after my return, or by May 2, 2007.

As I'm sure you are aware, the acceptance letter you emailed to me (which I executed on March 27, 2007) provides for NEWN's acceptance of my email of March 27, 2007 to sell my LLC interests. For your convenience, I've attached my March 27 email. As you can see, my March 27 email expressly accepts your offer of approximately $1.8 million for my LLC interests (i.e. "I will take your deal"). However, on March 31, 2007, you indicated by email that the purchase price amount would be different based on conversations you had with your legal counsel.

I am hoping you will be able to provide me with an updated offer for your purchase price so that I may re-evaluate my acceptance of the deal in light of your change in the terms of your offer. As I'm sure you are aware, the operating agreement provides me the ability to sell my LLC interests to third parties, as well (giving you the right to match any offer I receive, of course). In light of the situation I have been put in by your change in policy at NEWN, please understand I will have to do what is necessary to ensure I am getting the maximum amount possible for my share in NEWN.

I look forward to receiving the proposed documents soon.

I would also like to exercise my explicit rights under California LLC law for the following:


1.    to receive a copy of NEWN's filed tax return

2.    copies of the past 6 year's tax returns be promptly delivered to me by the LLC Manager at the LLC's expense.

3.    to go there and inspect and copy the past 6 years financial statements and tax returns, and the past 4 years books and records of the LLC as they relate to the internal affairs of the LLC at any time during normal business hours of the LLC.

Does Monday and/or Tuesday work?  I assume the company will be open under normal operating hours next week.  It will only be Chris, me, and my accountant driving up.   Thank you.

Best Regards,

Jennifer Osbelt

Exhibit F

**From:** Chris R... [mailto:christopher.rodi@gmail.com]
**Sent:** Saturday, May 05, 2007 11:08 PM
**To:** dmcdonald@newnexperts.com
**Cc:** josbelt@patechnical.com; Steve Sutter
**Subject:** Re: NEWN Line of Credit


Dave,


We are in receipt of your letter. Jennifer has decided it is not prudent to personally guarantee NEWN's line of credit. Since you have removed her from all aspects of NEWN's operations, she now has no knowledge or control over the use of the credit or the underlying assets which secure the credit facility. Further, your failure to comply with the terms of the line of credit over the most recent 12 months, per US Bank's recent communications directly with Jennifer, provides added incentive to ensure she is not a personal guarantor on this line of credit in the future.


As majority holders, it is yours and Donna's decision whether or not a capital call is required. However, until the erroneous K-1's from 2004, 2005 and 2006 are amended NEWN cannot provide a definitive balance for Jennifer's capital account, and therefore cannot make the capital call. As I'm sure you are aware, an accurate capital account balance must be known to ensure that no positive balance is available to offset any capital call amount. Until the corrections are made, you cannot definitely say that no positive balance is available.


We look forward to your determination Tuesday of the timeframe for correcting NEWN's tax returns and capital accounting, and your decision, once the corrections are completed, as to whether or not a capital call is necessary.

Chris

On 5/4/07, **Dave McDonald** < dmcdonald@newnexperts.com> wrote:

Chris, we have been notified by telephone this afternoon that US Bank is calling the NEWN LOC note. It becomes past due tomorrow. Attached is a letter outlining the situation.

Regards,

Dave McDonald

15309 Northlake Road

Magalia . CA 95954-9052

530-873-7890, Extension 201

Fax: 530-873-7891

www.newnexperts.com

**Visit Technology CLE® ( www.tcle.com) for online CLE credits!**

**CONFIDENTALITY NOTICE:** The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

 **National Expert Witness Network**

May 4, 2007

**VIA ELECTRONIC MAIL**

Christopher Rodi, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Dear Chris:

It is my understanding that Jennifer has asked that all communication go through you. If I am mistaken, please advise me immediately, and I will send this letter directly to Jennifer.

We have been advised that US Bank will issue a demand today for the immediate payment in full of the NEWN Line-of-Credit. The LOC was due on April 4th, 2007 and is past due tomorrow. The total amount due as of today including interest is $264,206.25.

Jennifer's refusal to provide the necessary financial information to US Bank is the direct cause of this note being called. This has caused serious financial problems and we are now trying to determine how to cover this unforeseen expense. The Company is taking into consideration a capital call to the Members to satisfy the NEWN LOC debt. This decision will be made shortly.

For obvious reasons, I am asking Jennifer to reconsider her position and to take all reasonable steps to correct this problem. In all honesty, I do not know if compliance with US Bank's request at this late date will be enough.

Sincerely,

David D. McDonald, President
National Expert Witness Network, LLC

DDM:dm
Original to follow via US Mail

**Exhibit G**

**Gail C. Simmons**

| | |
|---|---|
| **From:** | Dave McDonald [dmcdonald@newnexperts.com] |
| **Sent:** | Tuesday, May 08, 2007 7:22 PM |
| **To:** | 'Chris Rodi'; josbelt@patechnical.com |
| **Cc:** | 'Tom Fisher'; jfr@robinsonwood.com; kiley.patterson@usbank.com |
| **Subject:** | Notice of NEWN Capital Call |
| **Attachments:** | image001.png; NEWN LOC call Notice 5-8-07.pdf; US Bank LOC Note Call Notice 5-8-07.pdf |

Dear Chris:

Please note my attached letter and the attached US Bank Letter. Time is of the essence. Originals of my letter and a copy of the US Bank letter will follow by FedEx tomorrow for delivery Thursday 5/10/07.,

Regards,
Dave McDonald

 National
Expert
Witness
Network

15309 Northlake Road
Magalia, CA 95954-9052
530-873-7890, Extension 201
Fax: 530-873-7891
www.newnexperts.com

**Visit Technology CLE® (www.tcle.com) for online CLE credits!**

**CONFIDENTALITY NOTICE:** The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

 National Expert Witness Network

May 8, 2007

**VIA ELECTRONIC MAIL**
Ms. Jennifer Osbelt, Member
c/o Christopher Rodi, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Dear Chris:

Attached hereto is a copy of the US Bank Notice of Default on the NEWN Line of Credit.
Jennifer Osbelt's failure to fulfill her Member obligations to NEWN in providing US Bank with
the financial information required by the Bank for the renewal of this note has led to this default.

The majority Members have determined that the cash available to the Company is inadequate to
meet the demand payment of US Bank. Pursuant to Paragraph 3.1 of the NEWN Articles of
Organization, the majority Members of the Company are requesting all Members to provide the
required additional cash equal to their pro-rata share of the Company Units. The Capital Call of
$264,419.53 will be use to expire the US Bank Line of Credit. The capitalization of the Company
stipulates 75% of this Capital Call is to come from David and Donna McDonald and 25% from
Jennifer Osbelt. Ms. Osbelt's Capital Call contribution is therefore $66,104.88.

In accordance with Paragraph 3.1 of the Articles of Organization, Ms. Osbelt has 15 days from
the date of this mailing or notification by the Company to provide any or all or none of her pro-
rata share of the additional cash required. All Members are required to participate and provide
their pro-rate share within 15 days of this notice, or by 7:30 p.m. May 23rd, 2007.

Sincerely,

David D. McDonald, President
National Expert Witness Network, LLC

DDM:dm
Original to follow via US Mail

**Chico Branch**
260 E Second Street
Chico, CA 95928
530 896-8380
530 896-8388 fax

May 7, 2007

National Expert Witness Network LLC
15309 Northlake Road
Magalia Ca 95954

RE:    NOTICE OF DEFAULT/MATURITY
       Obligor No. 6517388162   Obligation No. 26

Dear David & Donna McDonald and Jennifer Osbell:

National Expert Witness Network LLC is obligated to U.S. Bank National Association pursuant
to a revolving line of credit dated as of January 10, 2005 (including any amendments thereto,
the "Agreement"), pertaining to the above-referenced obligations (the "Loan"). Capitalized
terms use in this letter but not defined herein shall have the meanings as provided in the
Agreement.

Bank hereby gives you notice that the Loan matured on April 5, 2007 at which time it became
due and payable in full. The failure to pay on the Maturity Date is a default under the
Agreement. As of May 7, 2007, the outstanding balance of the Loan, which is now due and
payable in full, is $264,419.53 which consists of principal of $262,500.00, interest of $1919.53
and late fees of $0.

Interest continues to accrue at a per diem rate of $71.09375 for each day after the Maturity Date
that the Loan remains unpaid. The per diem rate will change with any change in a variable
interest rate index.

Effective as of the Maturity Date, Bank will not advance any additional funds under the Note.

US Bank hereby gives Borrower notice that the entire unpaid principal balance and all accrued
interest and late charges are now due and payable and hereby demands immediate payment
thereof. US Bank further reserves the right to exercise each, any and all of the rights and
remedies available to US Bank under the Agreement and any and all other documents which
evidence the Loan and at law to collect all of the amounts due without further demand, protest,
presentation or further notice.

                    TIME IS OF THE ESSENCE

Please contact me to make arrangements to pay the Loan in full or if you have any questions.

Sincerely,

U.S. BANK NATIONAL ASSOCIATION

Kiley Patterson
Asst. Relationship Manager

cc: Tina Haro-Relationship Manager, Liesl Schmidt -Senior Lender

**Exhibit H**

## Gail C. Simmons

| | |
|---|---|
| **From:** | Chris Rodi [christopher.rodi@gmail.com] |
| **Sent:** | Wednesday, May 09, 2007 2:24 PM |
| **To:** | dmcdonald@newnexperts.com |
| **Cc:** | josbelt@patechnical.com; jfr@robinsonwood.com |
| **Subject:** | Re: Notice of NEWN Capital Call |

Dave,

In furtherance of my email below, I learned from your CPA this morning that NEWN will be making adjustments to its 2005 financial statements, and that NEWN's book keeper is reviewng the 2004 financial statements and additional changes are possible. It is noted that Jennifer, as a member of NEWN, was not notified of this development.

In light of the capital call notice you sent to Jennifer on May 8, 2007, and subject to my initial reponse to such notice copied below, Jennifer requires that you provide her with full descriptions of all adjustments to the 2004 and/or 2005 financial statements. As you are aware, any such changes will render inaccurate the financial records Jennifer has previously been provided by NEWN in her capacity as a member. As described in my email copied below, Jennifer cannot evaluate her options with respect to the capital call until you provide her with the information to which she is entitled, and which NEWN is legally required to accurately maintain. As such, the 15 day response period cannot be initiated until NEWN has provided Jennifer with such information.

Therefore, Jennifer reitterates her request for an updated accounting of NEWN's capital accounts reflecting the amendment of NEWN's 2004, 2005 and 2006 Form K-1's and adds to her request a detailed description of any and all adjustments made to the financial records which NEWN has previously provided to her.

Jennifer wants to comply fully with her obligations under the operating agreement with respect ot the capital call, and will do so immediately upon receipt of the required information detailed above. Jennifer would also like to express her worries that NEWN's failure to comply with her repeated requests will result in permanent financial harm to the business.

A copy of this correspondence will be sent to you via mail.

Chris

On 5/8/07, Chris Rodi <christopher.rodi@gmail.com> wrote:

Dave,

Jennifer is in receipt of the capital call notice you sent via email on May 8, 2007.

Jennifer strongly wishes to comply fully and immediately with her obligations pursuant to the operating agreement of NEWN. However, as I have repeatedly communicated to you, it is impossible for Jennifer to appropriately evaluate her responsibilities pursuant to any capital call until NEWN has provided her with amended Form K-1's for 2004, 2005 and 2006 (or an accurate accounting from your CPA as to how these tax filings will be amended) so that she can know the actual balance of her capital account with NEWN.

This correspondence serves to explicitly notify NEWN that Jennifer intends to fully comply with the operating agreement with respect to the capital call, but requires the information detailed above before she is able to do so. Until such time as that information is provided, Jennifer is unable to

comply, and as such, the 15 day response period to the capital call cannot be initiated.

There is significant written correspondence to and from you dating back nearly two months indicating that you have been fully aware that NEWN's capital accounts are currently inaccurate. Multiple requests have been made in writing to you requesting that you address this issue. I have even personally spoken to NEWN's CPA, who is fully aware of this issue.   Further, just days ago I explicitly explained to you in writing Jennifer's inability to comply with any capital call because of this issue.   Instead of addressing this issue, you chose to ignore your duties as NEWN's manager and Chief Executive Officer.

Jennifer will comply with the operating agreement with respect to the capital call immediately upon receipt of the required information detailed above.

A copy of this email will also be delivered to you via mail.

Thank you.

Chris

On 5/8/07, Dave McDonald <dmcdonald@newnexperts.com> wrote:

Dear Chris:

Please note my attached letter and the attached US Bank Letter.  Time is of the essence.  Originals of my letter and a copy of the US Bank letter will follow by FedEx tomorrow for delivery Thursday 5/10/07.,

Regards,

Dave McDonald



15309 Northlake Road

Magalia , CA 95954-9052

530-873-7890, Extension 201 .

Fax: 530-873-7891

www.newnexperts.com

**Visit Technology CLE® ( www.tcle.com) for online CLE credits!**

5/14/2007

**CONFIDENTALITY NOTICE:**   The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

**Exhibit I**

---------- Forwarded message ----------
From: **Dave McDonald** <dmcdonald@newnexperts.com>
Date: May 10, 2007 4:54 PM
Subject: Capital Call
To: Chris Rodi <christopher.rodi@gmail.com>

Chris:


The capital call is driven by NEWN's failure to renew the loan pursuant
to their Line of Credit terms for which Jennifer refused to comply. The
company does not have the capital to pay off this loan. Please refer to
Paragraph 3.1 of the Articles of Organization


The need is clear; we have a note called by US Bank. The authority to
make this capital call is also clearly outlined in Paragraph 3.1.


Jennifer has 13 days left to provide the additional cash for her pro-rata
share, or $66,104.88.



Regards,

Dave McDonald




15309 Northlake Road

Magalia , CA 95954-9052

530-873-7890, Extension 201

Fax: 530-873-7891

<u>www.newnexperts.com</u>

**Visit Technology CLE® ( <u>www.tcle.com</u>) for online CLE credits!**

**CONFIDENTALITY NOTICE:**   The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

Professional Index of Files
www.proindexes.com

**Exhibit J**

**BERGESON, LLP**

ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500·
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

May 17, 2007

*Via Facsimile & U.S. Mail*

E. Thom Rumberger, Esq.
Greenberg Traurig
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

Re:    NEWN, LLC and TCLE, LLC

Dear Mr. Rumberger:

This firm represents, and I write on behalf of, Jennifer Osbelt, who holds a 25 percent interest in National Expert Witness Network, LLC ("NEWN") and Technology CLE, LLC ("TCLE"). We understand that you represent David & Donna McDonald, who together hold the remaining 75 percent interest in both NEWN and TCLE. If our understanding as to your affiliation with the McDonalds is incorrect, please so advise and we will communicate directly with them or their counsel.

We write in an effort to begin the process of negotiating an amicable parting of the business relationship between your clients and ours. Ms. Osbelt has determined, based on recent events, that trust and confidence among the parties has deteriorated to such an extent that it is no longer viable to continue the relationship. From correspondence that I have reviewed, I am assuming that your clients have a similar view. Obviously, in order for our client to evaluate her position, she will require complete access to the financial records of both NEWN and TCLE. I trust that once Ms. Osbelt has had an opportunity to conduct such review, the parties will be able to agree upon a mutually agreeable separation agreement.

In that regard, Ms. Osbelt hereby gives reasonable notice under Section 6.5 of the NEWN Operating Agreement as well as Section 4.6 of the TCLE Operating Agreement that she is invoking her rights to inspect and copy the complete books and records of each of these entities. She would like to do so next Monday, May 21 at 10 a.m. at the offices of NEWN and TCLE in Magalia, California. Ms. Osbelt intends to bring a copy service with her to facilitate the copying. Please advise forthwith whether this date and time is convenient or suggest an alternative date and time during the week of May 21.

AFFILIATED COUNSEL:

ANTHONY M. GLASSMAN          BERGESON & CAMPBELL          MARK E. FOSTER
BEVERLY HILLS, CA 90210      WASHINGTON, D.C. 20005       SAN JOSE, CA 95110

BERGESON LLP
E. Thom Rumberger, Esq.
May 17, 2007
Page 2

Please be advised that Ms. Osbelt disputes the propriety of the McDonalds' invocation of Section 3.1 of the NEWN Operating Agreement to require her to make a capital contribution of $66,104.88 on or before May 23, 2007. It has been, and remains, her position that such action is invalid given that current incorrect and incomplete information provided to Ms. Osbelt regarding NEWN's financial situation and the balance of her capital account.

Ms. Osbelt is concerned that the McDonalds may have breached the Agreement with, and their fiduciary to, Ms. Osbelt in numerous respects, including, but not limited to, thus far denying her access to NEWN's financial records; refusing to provide her with details concerning NEWN's loans; excluding her from any management of NEWN; and providing incorrect information to NEWN's accountants which has in turn caused the accountants to prepare and file incorrect financial statements and tax returns. In addition, the McDonalds' actions have exposed Ms. Osbelt to potential personal liability to the IRS and NEWN's creditor, U.S. Bank.

We would be grateful if you would consult your clients as to their willingness to resolve the present situation as amicably as possible, and provide Ms. Osbelt with access the books and records of NEWN and of TCLE as requested herein.

The foregoing does not constitute, and should not be construed as, a waiver by Ms. Osbelt of any of her rights and remedies under the various agreements, which rights and remedies are hereby expressly reserved. While Ms. Osbelt would prefer to extricate herself from her relationship with the McDonalds without resort to litigation, she will take whatever steps are necessary to protect her rights, interests and reputation.

We look forward to hearing from you as soon as possible.

Regards,

Donald P. Gagliardi

**Exhibit  K**

**BERGESON, LLP**
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500 .
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

May 21, 2007

*Via Facsimile & U.S. Mail*

E. Thom Rumberger, Esq.
Greenberg Traurig
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

Re:    NEWN, LLC and TCLE, LLC

Dear Todd:

At your request, my colleague, Marc van Niekerk, and I came to your offices on Friday 18, 2007 to meet with you and Fred Adam. At that meeting, you indicated that your clients, the McDonalds, wanted to resolve the issues with Ms. Osbelt as a matter of urgency. In fact, you stated that their goal was to have an agreement for terminating their business relationship in place by Friday, May 25, and that they would make a proposal for buying out Ms. Osbelt's interests in NEWN and TCLE and that they would provide her with all necessary documentation for her to evaluate the proposal and assess her interest in the two limited liability companies. It is therefore curious that we have received no response to my e-mail to Mr. Adam, copied to you, sent Friday afternoon confirming that our client requires, as she has previously discussed with Dave McDonald and she has previously been promised, that NEWN's and TCLE's tax returns be amended to reflect the correct allocation of income among members and that she be allowed to review the draft amendments before they are filed.

Further, at our meeting at your offices on Friday morning, May 18, we informed you that Ms. Osbelt required documentary support for the $260,000 loan from US Bank. Although you undertook to obtain this and provide it to us, you have not done so.

It is apparent from the foregoing and the letter from your colleague, William Goines, sent after business hours on the evening of Friday, May 18, that the McDonalds have no intention of conducting a negotiation in good faith but are intent on continuing to prevent Ms. Osbelt from exercising her rights under the operating agreements between her and the McDonalds.

Moreover, apart from receiving one copy of QuickBooks records, we have heard nothing from you regarding scheduling our client's inspection of NEWN's and TCLE's

ANTHONY M. GLASSMAN
BEVERLY HILLS, CA 90210

AFFILIATED COUNSEL:
BERGESON & CAMPBELL
WASHINGTON, D.C. 20005

MARK E. FOSTER
SAN JOSE, CA 95110

BERGESON, LLP

E. Thom Rumberger, Esq.
May 21, 2007
Page 2

financial books and records. Our client has repeatedly requested access to the books and records, including in an e-mail dated April 20, 2007, and we re-iterated the request to you in our letter of May 17, 2007.

Please regard this letter as the final request by Ms. Osbelt for a full inspection of the complete books and records of NEWN and TCLE. She will be attending the offices of NEWN and TCLE in Magalia, California at 10 a.m. on Thursday, May 24, 2007 to review and copy the complete books and records of NEWN and TCLE. In the event that your client does not allow full access to such books and records, we have been instructed to move for an appropriate court order compelling such access.

Regards,

Donald P. Gagliardi

Exhibit L

-----Original Message-----
From: AdamF@gtlaw.com [mailto:AdamF@gtlaw.com]
Sent: Tuesday, May 22, 2007 11:33 AM
To: Donald P Gagliardi; Marc van Niekerk
Cc: RumbergerT@gtlaw.com; Gail C. Simmons; Virginia Ross; goinesw@gtlaw.com; TognoliniL@gtlaw.com
Subject: RE: NEWN - Data Files

Don,

I am in receipt of your correspondence dated May 21, 2007. I advise you as follows:

1.      The amended returns are in process;

2.      As stated during our meeting, and as followed up on Friday
afternoon via email, all data entries for the years in issue are reflected in Quickbooks, including the US Bank
credit line inflow of funds from NEWN to TCLE, constituting the debt TCLE owes to NEWN, and can be
ascertained therein--further, it is NEWN's assertion that such information and descriptions have been provided
and that your client is, and has been, in possession of information responsive to these requests for some time;
and

3.      During our Friday meeting we had advised you that the Magalia
location was not an option since the office is located in the home of NEWN's principal, but we offered a neutral
location in the form of NEWN's accounting firm's offices (Matson Isom), we also expressed that we needed an
express list of information that was being requested (in addition to the capital account and US bank info). You
stated you would check with your client regarding Matson Isom an alternate location and the information
request list. I was waiting for that information from you so I could work with our client to schedule time at the
Matson Isom offices to present the requested records. Please advise.

Regards,

Fred

Fred Adam
Greenberg Traurig, LLP|Attorneys at Law|Silicon Valley Office|1900 University Avenue|5th Floor|East Palo
Alto, CA 94303 Telephone Direct 650.289.7880|Fax 650.462.7880|adamf@gtlaw.com

Albany ~ Amsterdam ~ Atlanta ~ Boca Raton ~ Boston ~ Brussels ~ Chicago ~ Dallas ~ Denver ~ Fort
Lauderdale ~ Houston ~ Las Vegas ~ London ~ Los Angeles ~ Miami ~ Milan ~ New Jersey ~ New York ~
Orange County ~ Orlando ~ Rome ~ Philadelphia ~ Phoenix ~ Sacramento ~ Silicon Valley ~ Tallahassee ~
Tokyo ~ Tysons Corner ~ Washington, D.C. ~ West Palm Beach ~ Wilmington ~ Zurich

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) voiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

----------------------------------------------------------

**Exhibit M**

**BERGESON, LLP**

ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

May 22, 2007

*Via Facsimile*

Fred Adam, Esq.
Greenberg Traurig
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

Re:    NEWN, LLC and TCLE, LLC

Dear Fred:

This responds to your e-mail of earlier today.

We note that you say that the amended returns are "in process." Until your firm became involved, NEWN's accountants had agreed, after many weeks of requests by Ms. Osbelt, to provide amended draft returns by last Friday, May 18th. You informed us that when you became involved, you advised your clients to have the process suspended. Inasmuch as you told us that you had only been retained by the McDonalds on or about May 16th, we cannot understand the present delay. Please provide us with a date certain by which the amended returns will be completed.

Our client is entitled to, and has repeatedly requested, access to the financial books and records of NEWN and TCLE. Given the way in which this matter is proceeding and the distance that our client will have to travel to conduct the inspection, we do not propose to limit the review to any specific documents.

Moreover, we have repeatedly advised you that QuickBooks data entries in no way satisfy our client's right to inspection of NEWN's and TCLE's financial books and records. Our client requires, and is entitled to, access to the source documents from which the data is compiled. This would include, but is not limited to:

1)    The last three years of check registers, cancelled checks, and transactional history for all NEWN's banking accounts in the form of banking statements, or online banking printouts;

AFFILIATED COUNSEL:

ANTHONY M. GLASSMAN          BERGESON & CAMPBELL          MARK E. FOSTER
BEVERLY HILLS, CA 90210       WASHINGTON, D.C. 20005       SAN JOSE, CA 95110

BERGESON, LLP
Fred Adam, Esq.
May 22, 2007
Page 2

2.) · The last three years of check registers, cancelled checks, and transactional history for all TCLE's banking accounts in the form of banking statements, or online banking printouts;

3.) All information and documents pertaining to NEWN's 401K and Profit Sharing Plans, including all distribution amounts and transactional history, and especially the correspondence to the investment firm requesting Ms. Osbelt's removal as Trustee;

4.) The transactional history for all McDonald "loans" to the company, including cancelled checks, wire transfers, banking statements, and any and all documentary proof any amounts the McDonald's contend that they advanced to NEWN and/or TCLE.

5.) All TCLE Line of Credit statements from US Bank;

6.) All of the correspondence from US Bank to the McDonalds concerning the Line of Credit defaults;

7.) The last three years of US BANK credit card expenses; and

8.) The last three years of expense reports for the McDonalds, and copies of documents reflecting reimbursement thereof.

Your clients elected to run the business, of which Ms. Osbelt is part owner, from their home. Any resulting discomfort that the McDonalds might experience because of this choice is a problem of their own making. It is certainly not impossible for the inspection to take place there as you seem to suggest. We have no doubt that any production which takes place at a place other than where the books and records are normally kept, will be incomplete, and must accordingly advise you will not be agreed to.

As I notified you in my letter of May 21, Ms. Osbelt, will be attending the offices of NEWN and TCLE in Magalia, California at 10 a.m. on Thursday, May 24, 2007 to review and copy the complete books and records of NEWN and TCLE. Please advise us whether we need to involve the court in order to enforce or client's rights.

We look forward to hearing from you as soon as possible.

Regards,

Donald P. Gagliardi

## Marc van Niekerk

**From:** AdamF@gtlaw.com
**Sent:** Wednesday, May 23, 2007 6:40 PM
**To:** Marc van Niekerk
**Subject:** RE: NEWN

Hope to get you a response to document request later tonight. pulling together the relevant facts. regards,

## Fred Adam

Greenberg Traurig, LLP|Attorneys at Law|Silicon Valley Office|1900 University Avenue|5th
Floor|East Palo Alto, CA 94303
Telephone Direct 650.289.7880|Fax 650.462.7880|adamf@gtlaw.com


Albany ~ Amsterdam ~ Atlanta ~ Boca Raton ~ Boston ~ Brussels ~ Chicago ~ Dallas ~
Denver ~ Fort Lauderdale ~ Houston ~ Las Vegas ~ London ~ Los Angeles ~ Miami ~
Milan ~ New Jersey ~ New York ~ Orange County ~ Orlando ~ Rome ~ Philadelphia ~
Phoenix ~ Sacramento ~ Silicon Valley ~ Tallahassee ~ Tokyo ~ Tysons Corner ~
Washington, D.C. ~ West Palm Beach ~ Wilmington ~ Zurich


Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**Exhibit O**

# Marc van Niekerk

| | |
|---|---|
| **From:** | Marc van Niekerk |
| **Sent:** | Wednesday, May 23, 2007 8:06 PM |
| **To:** | AdamF@gtlaw.com |
| **Cc:** | Donald P Gagliardi; Virginia Ross |
| **Subject:** | NEWN |
| **Importance:** | High |

Fred:
We have still not received confirmation from you that our client will have access to the books and records tomorrow. Please let me know by return so that our client does not travel all the way to Magalia in only to be refused access.
Marc

Marc G. van Niekerk, Esq.
Bergeson, LLP
303 Almaden Blvd
Suite 500
San Jose, CA 95110
Telephone: 408 291-6200 Main
Telephone: 408 291-6219 Direct
Facsimile: 408 297-6000

The information transmitted in this e-mail is for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. Do Not Forward This Email. Any dissemination, distribution or copying of this communication is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and return the original message to the sender. 2006 Bergeson, LLP [All Rights Reserved].

6/5/2007

**Exhibit P**

**Marc van Niekerk**

| | |
|---|---|
| **From:** | AdamF@gtlaw.com |
| **Sent:** | Wednesday, May 23, 2007 8:12 PM |
| **To:** | Marc van Niekerk |
| **Cc:** | Donald P Gagliardi; Virginia Ross; RumbergerT@gtlaw.com |
| **Subject:** | Re: NEWN |

I am on blackberry and our system has been down thus hampering getting out the response. I'll send a more detailed response later tonight, but tomorrow won't work due to too short notice for scheduling, but we are trying to schedule early Friday. Please have your clients pencil in early Friday.

---

Fred Adam
Greenberg Traurig LLP
Silicon Valley Office
Ph: 650 289-7880
Fax: 650 462-7880
Cell: 415 846-7992

----- Original Message -----
From: Marc van Niekerk <mvanniekerk@be-law.com>
To: Adam, Fred (Shld-SV-TX/T&E)
Cc: Donald P Gagliardi <dgagliardi@be-law.com>; Virginia Ross <VRoss@be-law.com>
Sent: Wed May 23 20:06:01 2007
Subject: NEWN

Fred:
We have still not received confirmation from you that our client will have access to the books and records tomorrow. Please let me know by return so that our client does not travel all the way to Magalia in only to be refused access.
Marc

Marc G. van Niekerk, Esq.
Bergeson, LLP
303 Almaden Blvd
Suite 500
San Jose, CA 95110
Telephone: 408 291-6200 Main
Telephone: 408 291-6219 Direct
Facsimile: 408 297-6000

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this ....smission may contain privileged an.   .nfidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

The information transmitted in this e-mail is for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. Do Not Forward This Email.  Any dissemination, distribution or copying of this communication is strictly prohibited.  If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and return the original message to the sender. 2006 Bergeson, LLP [All Rights Reserved].

**Exhibit Q**

# Greenberg
# Traurig

May 24, 2007

**VIA ELECTRONIC MAIL AND FACSIMILE**

Donald P. Gagliardi, Esq.
BERGESON, LLP
Attorneys At Law
303 Almaden Boulevard, Suite 500
San Jose, California 95110-2712
Email: dgagliardi@be-law.com

Re:    NEWN, LLC and TCLE, LLC

Dear Mr. Gagliardi:

We are in receipt of your letter dated May 22, 2007 regarding the request by your client, Jennifer Osbelt, to inspect the financial books and records of NEWN, LLC ("NEWN") and Technology CLE, LLC ("TCLE," and collectively, the "Companies" or "our client").

You requested a date certain by which the amended returns will be completed. Our client anticipate and are working with Matson-Isom, the companies' CPA, diligently to try to complete the amended returns by Friday, May 25, 2007.

We respond to each of your specific requests for source documents as follows:

1.    Check registers, cancelled checks and transactional history for NEWN.

As our client has clearly communicated to your client on several occasions in the past, NEWN's check registers are maintained solely in QuickBooks.

Canceled checks must be obtained from US Bank. NEWN is not required under the operating agreement or applicable law to bear the cost of obtaining copies of the checks from the bank; such expense is for your client to incur if she chooses. Our client has, however, contacted US Bank on your client's behalf in respect of this request, and has been informed that US Bank charges $6.00 per statement and $2.00 per check. We understand that the bank's standard procedure is to send a confirming letter after the request is made and before the bank begins the scanning process. We have been informed that it takes about two weeks to obtain the documents.

According to our client's best calculations, obtaining all canceled checks and statements from January 1, 2004 through May 1, 2007 would cost approximately $7,312 (approximately 41 statements @ $6 per statement = $246.00; approximately 3,533 checks @ $2 per check = $7,066.00).

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

www.gtlaw.com

May 24, 2007
Page 2

---

Perhaps if your client can provide more specific information as to what checks and statements you are seeking (based presumably upon her review of the Quickbooks files she has), that may reduce her costs.

Regarding "transactional history," please advise as to what specific information your client is seeking in addition to the check registers and canceled checks. Otherwise, as our client has stated in the past numerous times, the transactional history reflected in Quickbooks is the most thorough and complete history that the company has and can provide.

2.      Check registers, cancelled checks and transactional history for TCLE.

This is a duplicate Question #1 in respect of TCLE, please see our response to #1 above as the answers are the same.

3. NEWN's 401(k) and profit sharing plans

As a trustee of the NEWN 401(k) plan, Ms Osbelt has had full access to, and has been fully provided, the requested information.

4. Canceled checks, wire transfers and banking statements for McDonald loans

The requested information was provided to Ms. Osbelt on 3/25/07 at 10:11 p.m. in a detailed eight-page accounting report.

5. TCLE line of credit statements

TCLE has no line of credit.

6. Correspondence re: line of credit defaults

Ms. Osbelt was a signatory on the original and first renewal of the NEWN line of credit with US Bank and has been provided previously with copies of the requested correspondence.

7. Last three years of US Bank credit card expenses

Our client is in the process of gathering and scanning this information, however, again, we understand that the full detail of these transactions appear in the Quickbook records provided previously.

May 24, 2007
Page 3

---

8. Last three years of expense reports for the McDonalds

Our client is in the process of gathering and scanning this information. Additionally and as part of the review of expense reports, NEWN is reviewing and auditing the expense reports of all members, including those submitted by Ms. Osbelt. Your client should be aware that the company's and its CPA's review of these reports and resulting reimbursements to date has revealed serious discrepancies and abuses in her requests for reimbursements; specifically, she submitted duplicate and even triplicate expense requests that were paid in good faith by the company, resulting in her actually profiting from what should have been just reimbursement.

You informed us that your client intends to appear at the offices of NEWN and TCLE on May 24, 2007 at 10:00 a.m., which happens to currently be the personal residence of the McDonalds. As you were informed by me via e-mail on May 23, 2007, May 24 at 10:00 am was not possible due to scheduling issues. Also, due to the current situs of the company's offices and the deterioration in the relationship between Ms. Osbelt and the McDonalds, our client has attempted to be responsive to Ms. Osbelt's specific requests for documents and has provided the same. As it is our client's sincere belief that the records and other materials either provided by our client to date, or already in Ms Osbelt's possession, comply with your client's document request, our client can only conclude that Ms. Osbelt's purpose for a visit to their home is directed more to harass and delay, than to actually obtaining further information that relates to her interest as a member of NEWN and TCLE. As such, we have been directed to inform you that unless we have received executed signature pages to the Settlement Agreement and Release of Claims, the Repurchase Agreement, and the exhibits attached thereto by 10:30AM, tomorrow, Friday, May 25, 2007, then our client's offer of settlement contained therein will be withdrawn. The amended and corrected return and 1099 filing information are to be filed Friday afternoon as well.

If you have any questions, please do not hesitate to contact me at (650) 289-7880. Please direct any and all responses to this correspondence to William Goines in our offices.

Very truly yours,

FREDERIC J. ADAM, ESQ.

cc:    David McDonald
       William Goines
       Todd Rumberger

Exhibit R

### BERGESON, LLP

ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

May 25, 2007

*Via Email*

William Goines, Esq.
Greenberg Traurig
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

Re:    NEWN, LLC and TCLE, LLC

Dear Mr. Goines:

This responds to your Fred Adam's letter of May 24, 2007 in which he requested that any response be addressed to you.

In the first instance, please confirm that the amended returns will not be filed until Ms. Osbelt has had an opportunity to review them, as has been repeatedly requested and agreed to.

Secondly, it is apparent from your responses to our requests for access to financial books and records that your clients are providing you with incorrect information.

### 1.    Cancelled Checks and Bank Statements

US Bank provides NEWN and TCLE with online access to the account, including the facility to view and print statements and cancelled checks at no cost. As a co-owner of NEWN, Ms. Osbelt is entitled to access to the account. In addition, the bank provides NEWN with monthly hardcopy statements. If your clients remain unwilling to provide us with the records requested, please provide us with the on-line password so that our client may obtain them herself directly from the bank.

### 2.    NEWN's 401(k) and profit sharing plans

Your clients wrongfully and, without notice to our client, removed her as trustee of the plan in Mid-April. Please provide the requested information.

ANTHONY H. GLASSMAN
BEVERLY HILLS, CA 90210

AFFILIATED COUNSEL:
BERGESON & CAMPBELL
WASHINGTON, D.C. 20005

MARK E. FOSTER
SAN JOSE, CA 95110

BERGESON, LLP

William Goines, Esq.
May 25, 2007
Page 2

**3.    Canceled checks, wire transfer and banking statements for McDonald loans**

The "detailed eight-page accounting report" referred to by Mr. Adam did not contain a single source document. Please provide the requested source documents, not tables prepared by Mr. McDonald.

**4.    TCLE Line of Credit Statements**

Mr. McDonald has consistently referred to the line of credit with US Bank as the "TCLE Line of Credit". See, for instance, the 2007 Business Plan prepared by McDonald. In fact, the purpose of the line of credit was to fund the start-up of TCLE. Please provide the requested information.

**5.    Correspondence re: Line of Credit Default**

Our client denies that she has been provided with all notices of default sent to your clients. If you have evidence to the contrary, please provide it. US Bank has advised Ms. Osbelt that the McDonalds were being sent default notices and LOC renewal notices for some time prior to the deadline on April 4th. The first notice Ms. Osbelt received was on April 18th, 2007. Please provide the requested information.

Mr. Adam's letter also contains an allegation that our client submitted false expense reports to NEWN. Our client views this allegation as defamatory and expressly reserves her right to respond at an appropriate time. Ms Osbelt furthermore reserves her right to take the appropriate action against your clients. We have also been advised that Mr. McDonald is contacting NEWN clients and advising them that Ms. Osbelt has left NEWN "to have babies." Kindly advise your client to immediately cease disseminating false information. Our client's rights in this regard are similarly reserved.

Finally, and to the extent that the demand warrants mention, our client has no intention of signing the incomplete draft documents that you provided to us by e-mail on March 23, 2007.

We look forward to hearing from you as soon as possible.

Sincerely,

Marc G. van Niekerk

**Exhibit S**

# Greenberg Traurig

William J. Goines
Tel. 650.289.7880
Fax 650.462.7880
goinesw@gtlaw.com

May 30, 2007

<u>VIA ELECTRONIC MAIL AND FIRST CLASS MAIL</u>

Marc G. van Niekerk, Esq.
BERGESON, LLP
Attorneys At Law
303 Almaden Boulevard, Suite 500
San Jose, California 95110-2712

Re:    NEWN, LLC and TCLE, LLC

Dear van Niekerk:

We are in receipt of your letter dated May 25, 2007 regarding the request by your client, Jennifer Osbelt, to inspect the financial books and records of NEWN, LLC ("NEWN") and Technology CLE, LLC ("TCLE," and collectively, the "Companies" or "our client").

Please provide us with a list of available dates in the next two to three weeks when Ms. Osbelt's accountant would be available to meet at Matson-Isom in Chico, California. We will need to coordinate Ms. Osbelt's schedule along with the schedules of the tax and bookkeeping CPA's so the more days Ms. Osbelt can provide the easier it should be to schedule a date. We anticipate starting at 9:00 a.m. to accommodate Ms. Osbelt's questions. Please be advised that Ms. Osbelt will be charged for Matson-Isom time, facilities, copying costs, as well as time spent by the CPA, LeAnn Andrews. Donna and possibly David McDonald will attend the review, and the proceedings will be recorded.

The following is a response to each of your specific requests for source documents:

1.    Check registers, cancelled checks and transactional history for NEWN.

Paragraph 6.5 of the Operating Agreement permits Ms. Osbelt to view company records at her expense, but does not allow her online access to NEWN's US Bank account. As set forth in our letter of May 24, 2007, our client has contacted US Bank to assist Ms. Osbelt in ordering these records and provided you with an estimate of costs.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

www.gtlaw.com

May 30, 2007
Page 2

_____

Again, if Ms. Osbelt has specific information as to what checks and statements she is seeking based upon her review of the Quickbooks files, that may reduce her costs.

We note that your letter did not provide the requested clarification of the term "transactional history". Please advise as to what specific information, if any, your client is seeking in addition to the check registers and canceled checks.

2.     NEWN's 401(k) and profit sharing plans

While she was a trustee Ms. Osbelt had full access to, and has been fully provided, the requested information. If she would like another copy of the 401(k) documentation she should direct her request to the plan administrator, Bidwell Consulting.

3. Canceled checks, wire transfers and banking statements for McDonald loans

The eight-page accounting report provided to Ms. Osbelt on 3/25/07 at 10:11 p.m. sufficiently fulfills Ms. Osbelt's request.

4.     TCLE line of credit statements

TCLE has no line of credit with US Bank. The line of credit referenced in the 2007 Business Plan was with NEWN, who wrote checks to TCLE and now owes NEWN $360,000.

5.     Correspondence re: line of credit defaults

US Bank default correspondence was provided to Ms. Osbelt as email attachments on 5/8/2007 to Chris Rodi, Esq.

6.     Expense Reports

Our client has been auditing expense reports and has come across numerous examples of duplicate expense requests submitted by Ms. Osbelt. We are in the process of determining whether this is a result of careless accounting or if it indicates a pattern of defrauding the company.

7.     Departure Description

NEWN is open to hearing Ms. Osbelt's suggestions for how to describe her departure to consultants and clients.

May 30, 2007
Page 3

---

8.    **Amended Tax Returns**

The Articles of Organization do not grant minority members the right to review and/or comment on tax reporting.   Ms. Osbelt received the revised bookkeeping records that provided her with the taxable income statements in Quickbooks.

If you have any questions, please do not hesitate to contact me at (650) 289-7860.

Very truly yours,

William J. Goines, Esq.

**SUM**~~NS~~
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DAVID D. MCDONALD, DONNA K. MCDONALD, and DOES 1-10, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 5 2007

Clerk of the Superior Court
By    A. De Leon
    DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER OSBELT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* CIV 4 6 3 5 2 8 |
| --- | --- |

Superior Court State of California
400 County Center
Second Floor
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Donald P. Gagliardi, Esq.          408-291-6200
Marc G. van Niekerk, Esq.
Bergeson, LLP, 303 Almaden Blvd., Suite 500        A. De LEON
San Jose, CA 95110-2712

DATE: June JUN 5 2007    JOHN C. FITTON    Clerk, by _____, Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

DD 6-19-07

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Donald P. Gagliardi, Bar No. 138979<br>Marc G. van Niekerk, Bar No. 201329<br>Bergeson, LLP<br>303 Almaden Blvd., Suite 500<br>San Jose, CA 95110-2712<br>    TELEPHONE NO.: 408-291-6200    FAX NO. *(Optional):*    408-297-6000<br>E-MAIL ADDRESS *(Optional):* mvanniekerk@be-law.com<br>    ATTORNEY FOR *(Name):*  Plaintiff | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
    STREET ADDRESS: 400 County Center
    MAILING ADDRESS:
    CITY AND ZIP CODE: Redwood City, CA 94063
    BRANCH NAME:

PLAINTIFF/PETITIONER: Jennifer Osbelt

DEFENDANT/RESPONDENT: David D. McDonald, Donna K. McDonald, and Does 1-10, inclusive,

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV463528 |
|---|---|

TO *(insert name of party being served):* <u>David D. McDonald and Donna K. McDonald, Defendants</u>

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 7, 2007

Marc G. van Niekerk
    (TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet; Notice of Case Management Conference with attached Case Management Statement and ADR Information Sheet.

*(To be completed by recipient):*
Date this form is signed: June 19, 2007

WILLIAM J. GOINES
    (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
    ON WHOSE BEHALF THIS FORM IS SIGNED)

    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Atty. For David D McDonald & Donna K McDonald

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1

Legal
Solutions
Plus

Code of Civil Procedure,
§§ 415.30, 417.10

MC–050

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
JOSEPH W. COTCHETT/#36324/ARA R. JABAGCHOURIAN/#205777
COTCHETT, PITRE & McCARTHY
840 MALCOLM ROAD, SUITE 200

BURLINGAME, CA 94010
TELEPHONE NO.: (650) 697-6000    FAX NO. *(Optional):* (650) 697-0577
E-MAIL ADDRESS *(Optional):* jcotchett@cpmlegal.com
ATTORNEY FOR *(Name):*  PLAINTIFF JENNIFER OSBELT
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME:
CASE NAME: OSBELT v. McDONALD, ET AL.

FOR COURT USE ONLY

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 1 1 2007

Clerk of the Superior Court
By _____
E. Boffi
DEPUTY CLERK

| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>(Without Court Order) | CASE NUMBER:<br>CIV 463528 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):*  PLAINTIFF JENNIFER OSBELT    makes the following substitution:
1. Former legal representative      ☐  Party represented self    ☒  Attorney *(name):* DONALD P. GAGLIARDI
2. New legal representative      ☐  Party is representing self*    ☒  Attorney s
   a. Name:  JOSEPH W. COTCHETT        b.  State Bar No. *(if applicable):*  36324
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*    COTCHETT, PITRE & McCARTHY; 840 MALCOLM ROAD,
   SUITE 200, BURLINGAME, CA 94010

   d. Telephone No. *(include area code):*    (650) 697-6000
3. The party making this substitution is a    ☒ plaintiff  ☐ defendant  ☐ petitioner  ☐ respondent  ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee

- Personal Representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
   Date: JULY 11, 2007

JENNIFER OSBELT
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date: JULY 9, 2007

DONALD P. GAGLIARDI
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: JULY 11, 2007
JOSEPH W. COTCHETT
_____
(TYPE OR PRINT NAME)

(See reverse for proof of service by mail)

_____
(SIGNATURE OF NEW ATTORNEY)

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

Legal
Solutions
& Plus

Page 1 of 2

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362

MC–050

| CASE NAME: OSBELT v. McDONALD, ET AL. | CASE NUMBER:<br>CIV 463528 |
|---|---|

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

*Instructions: After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*: 840 MALCOLM ROAD, SUITE 200, BURLINGAME, CA 94010

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

    (1) Date of mailing: JULY 11, 2007        (2)  Place of mailing *(city and state)*:    BURLINGAME, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Date: JULY 11, 2007

    PHYLLIS LEE
    _____        _____
    (TYPE OR PRINT NAME)                    (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a.  Name of person served:   DONALD P. GAGLIARDI
    b.  Address *(number, street, city, and ZIP)*:  BERGESON, LLP, 303 ALMADEN BOULEVARD, SUITE 500, SAN JOSE, CA 95110

    c.  Name of person served:   WILLLIAM GOINES
    d.  Address *(number, street, city, and ZIP)*:  GREENBERG TRAURIG, 1900 UNIVERSITY AVENUE, 5TH FLOOR, EAST PALO ALTO, CA 94303

    e.  Name of person served:
    f.  Address *(number, street, city, and ZIP)*:

    g.  Name of person served:
    h.  Address *(number, street, city, and ZIP)*:

    i.  Name of person served:
    j.  Address *(number, street, city, and ZIP)*:

    ☐ List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2007]

### SUBSTITUTION OF ATTORNEY—CIVIL
### (Without Court Order)

**9**

WILLIAM J. GOINES (SBN 61290)
KAREN ROSENTHAL (SBN 209419)
CINDY HAMILTON (SBN 217951)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendants
David D. McDonald and Donna K. McDonald

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 1 8 2007

Clerk of the Superior Court
By _____M. YOUNG_____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN MATEO

**BY FAX**

| | |
|---|---|
| JENNIFER OSBELT,<br><br>             Plaintiff(s);<br><br>v.<br><br>DAVID D. McDONALD, DONNA K.<br>McDONALD, and DOES 1-10, inclusive,<br><br>             Defendant(s).<br><br>AND RELATED CROSS-CLAIMS | Case No. CIV 463528<br><br>**ANSWER OF DAVID MCDONALD AND<br>DONNA MCDONALD TO COMPLAINT**<br><br>(Date Action Filed:  June 5, 2007) |

Defendants David McDonald and Donna McDonald (collectively, "Defendant") hereby answer the Complaint For Breach of Contract, Breach of Fiduciary Duty, Accounting, Slander Per Se and Violations of the Beverly-Killea Limited Liability Company Act ("Complaint") filed by Plaintiff Jennifer Osbelt ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation of the Complaint, the whole thereof, including each and every alleged cause of action contained therein, and further denies that Plaintiff is entitled to the relief requested or any relief at all, that Plaintiff sustained or will sustain damages in the sum or sums alleged, or any

1

SV 346178163v1 7/6/2007

other sum or sums, or at all; Defendant further denies that Plaintiff is entitled to attorneys' fees in the sum or sums alleged, or any other sum or sums, or at all.

### FIRST AFFIRMATIVE DEFENSE
### [Failure to State a Cause of Action]

1.     As and for a first, separate and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff's Complaint, and each of the purported causes of action contained therein, fails to state facts sufficient to constitute a cause or causes of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### [Statute of Limitations]

2.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint is barred by the statute of limitations set forth in California Code of Civil Procedure sections 335 through 349.4, including, but not limited to sections 337, 337(a), 337.1, 337.15, 337.2, 338.1, 339c, 339.5, 340(3), and 343; and sections 2607(3)(a), 2725(1) and (2) of the California Commercial Code.

### THIRD AFFIRMATIVE DEFENSE
### [Comparative Fault or Negligence of Plaintiff]

3.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff's injuries and damages, if any, are the direct and proximate result of Plaintiff's own fault or negligence and that, as a result, Plaintiff's claim is either barred or proportionately reduced.

### FOURTH AFFIRMATIVE DEFENSE
### [Comparative Fault or Negligence of Others]

4.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the injuries sustained by Plaintiff, if any, were either wholly or in part negligently caused by persons, firms, corporations or entities other than Defendant and said fault or negligence is either imputed to Plaintiff by reason of the relationship of said persons, firms, corporations or entities other than this answering Defendant to Plaintiff and/or said fault or negligence comparatively reduces the percentage of negligence, if any, by this answering Defendant.

//
//

DEFENDANTS' ANSWER TO COMPLAINT

SV 346178163v1 7/6/2007

## FIFTH AFFIRMATIVE DEFENSE
### [Assumption of the Risk]

5.    As and for a separate affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff acted with full knowledge of all the facts and circumstances surrounding Plaintiff's alleged injuries and thus assumed any and all risk of injury.

## SIXTH AFFIRMATIVE DEFENSE
### [Equitable Indemnity/Comparative Contribution]

6.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that in the event Defendant is held liable, this Defendant is entitled to a percentage contribution of the total liability from persons, firms, corporations or entities other than this answering Defendant in accordance with the principles of equitable indemnity and comparative contribution.

## SEVENTH AFFIRMATIVE DEFENSE
### [Negligence/Liability of Other Persons/Entities]

7.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the charges alleged in the Complaint, if any, were caused by the negligence and liability of persons, firms, corporations or entities other than this answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### [Failure to Mitigate]

8.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff failed to mitigate the alleged damages, if any, which she claims to have sustained and recovery should be barred or diminished accordingly.

## NINTH AFFIRMATIVE DEFENSE
### [Willful Misconduct]

9.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the alleged injuries or damages suffered by Plaintiff, if any, were the sole and proximate result of the willful misconduct of persons, firms, corporations or entities other than this answering Defendant.

//
//

DEFENDANTS' ANSWER TO COMPLAINT

SV 346178163v1 7/6/2007

## TENTH AFFIRMATIVE DEFENSE

### [In Pari Delicto]

10.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges the affirmative defense of *in pari delicto*.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Obligation Extinguished by Performance]

11.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint, and each and every cause of action contained therein, is barred by the provisions of California Civil Code section 1473.

## TWELFTH AFFIRMATIVE DEFENSE

### [Superseding Independent Intervening Proximate Cause]

12.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that no act or omission on its part was a substantial factor in bringing about the alleged damages to Plaintiff, nor was any act or omission on the part of Defendant a contributing cause of the alleged damages suffered by Plaintiff and any alleged acts or omissions of Defendant were superseded by the alleged acts or omissions of other persons, firms, corporations or entities, including Plaintiff, which were the independent, intervening, and proximate cause of any injuries or damages sustained by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Failure to Perform Conditions, Covenants and Promises]

13.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff has failed to perform all conditions, covenants and promises required by her to be performed in accordance with the terms and conditions of the written contract.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Failure/Lack of Consideration]

14.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint is barred by a failure and/or lack of consideration, and no cause of action is stated.

//

//

//

4

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Mistake]

15.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint is barred and no cause of action is stated because of mutual and/or unilateral mistake of the parties in entering into the contract, if any, described in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Prevention]

16.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that it has fully performed the conditions and covenants required to be performed by it unless and until prevented from doing so by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Fraud/Intentional and/or Negligent Misrepresentation in the Execution of the Contract]

17.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint is barred in that the execution of the contract, if any, was procured by unlawful and illegal acts including fraud, intentional and/or negligent misrepresentation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Statute of Frauds]

18.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint is barred by the applicable statute of frauds, including, but not limited to, California Commercial Code section 2201 and California Civil Code section 1624, in that the alleged contract, if any, was not in writing and was for a price of more than $500.00.

## NINETEENTH AFFIRMATIVE DEFENSE

### [Cancellation and/or Repudiation]

19.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that the Complaint is barred in that the contract, if any, was timely cancelled and/or repudiated by this answering Defendant.

//

//

//

DEFENDANTS' ANSWER TO COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### [Non-Occurrence of Condition Precedent]

20.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff is not entitled to performance by Defendant, because a condition precedent to Defendant's duty to perform has not yet occurred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### [Conduct of Others]

21.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that if Plaintiff sustained damages, which this answering Defendant expressly denies, then those damages were caused by persons other than this answering Defendant and for which this answering Defendant is not responsible.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Waiver]

22.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that if Plaintiff sustained damages, which this answering Defendant expressly denies, then Plaintiff is barred by the doctrine of waiver from recovering those damages from this answering Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### [Estoppel]

23.     As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that if Plaintiff sustained damages, which Defendant expressly denies, then Plaintiff is barred by the doctrine of estoppel from recovering those damages from Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

24.     As and for a further affirmative defense to the Complaint and to each and every cause of action contained therein, Defendant alleges that Plaintiff is barred from seeking equitable relief by the doctrine of unclean hands by virtue of Plaintiff's own conduct.

//
//
//
//

DEFENDANTS' ANSWER TO COMPLAINT

SV 346178163v1 7/6/2007

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### [Failure To Join Necessary Parties]

25.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges Plaintiff has failed to join all necessary parties as is required by California Code of Civil Procedure section 389.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### [Lack of Causation]

26.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff's damages, if any, were not actually or proximately caused by any acts, conduct, or omissions of Defendant.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint;

2. For costs of suit incurred herein;

3. For reasonable attorneys' fees; and

4. For such other relief as the court deems just and proper.

Dated: July 18, 2007.                        GREENBERG TRAURIG, LLP

By: _Cindy Hamilton_____
William J. Goines
Karen Rosenthal
Cindy Hamilton

Attorneys for Defendants and Cross-Complainants
David D. McDonald and Donna K. McDonald

DEFENDANTS' ANSWER TO COMPLAINT

SV 346178163v1 7/6/2007

Osbelt v. McDonald, et al.                                    Case No. CIV 463528

## PROOF OF SERVICE

I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On July 18, 2007, I served the following documents:

### ANSWER OF DAVID MCDONALD AND DONNA MCDONALD TO COMPLAINT

☐  by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐  by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐  **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Joseph W. Cotchett, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA  94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 18, 2007, at East Palo Alto, California.

_Cathy Sandifer_
Cathy Sandifer

SV 346005185v1

1  WILLIAM J. GOINES (SBN 61290)
    KAREN ROSENTHAL (SBN 209419)
2  CINDY HAMILTON (SBN 217951
    GREENBERG TRAURIG, LLP
3  1900 University Avenue, Fifth Floor
    East Palo Alto, California 94303
4  Telephone: (650) 328-8500
    Facsimile: (650) 328-8508
5
    Attorneys for Defendants
6  David D. McDonald and Donna K. McDonald
7

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 1 8 2007

Clerk of the Superior Court
By _____ M. YOUNG
        DEPUTY CLERK

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF SAN MATEO

10

11  JENNIFER OSBELT,          Case No. CIV 463528  **BY FAX**

12          Plaintiff(s);

13  v.               **CROSS-COMPLAINT FOR INTERFERENCE**
                       **WITH PROSPECTIVE ECONOMIC**
14  DAVID D. McDONALD, DONNA K.     **ADVANTAGE, FRAUD, BREACH OF**
    McDONALD, and DOES 1-10, inclusive,  **FIDUCIARY DUTY, SLANDER PER SE AND**
15                  **LIBEL PER SE**
          Defendant(s).
16

17                  (Date Action Filed: June 5, 2007)

18  DAVID D. McDONALD; DONNA K.
    McDONALD; NATIONAL EXPERT
19  WITNESS NETWORK, a California Limited
    Liability Company; TECHNOLOGY CLE, a
20  California Limited Liability Company,

21          Cross-Complainants,
    v.
22  JENNIFER OSBELT, individually and doing
    business as PALO ALTO TECHNICAL, and
23  ROES 1-10, inclusive,

24          Cross-Defendants.

25

26      Cross-Complainants National Expert Witness Network, LLC ("NEWN"), Technology CLE,

27  LLC ("TCLE"), David McDonald and Donna McDonald (the "McDonalds") (collectively, "Cross-

28  Complainants") allege as follows:

1
CROSS-COMPLAINT

## NATURE OF THE ACTION

1.      This is an action for interference with prospective economic advantage, fraud, breach of fiduciary duty, libel per se and slander per se arising from Cross-Defendant's ownership interest and involvement in NEWN and TCLE, along with co-owners David McDonald and Donna McDonald.

2.      Cross-Defendant deliberately, and without the knowledge of Cross-Complainants, submitted duplicative expense requests seeking reimbursement for company-related expenses which where paid by Cross-Complainants. Cross-Defendant further has refused to assign her interest in valuable patents to her co-inventors, former NEWN employee Alexis Villamil and Cross-Complainant David McDonald. As a result of Cross-Defendants refusal to assign rights to these patents, they stand to be abandoned, resulting in commercial and economic damages. Cross-Defendant additionally breached her fiduciary duties by refusing to provide required documents necessary to renew a NEWN line of credit with U.S. Bank, resulting in NEWN's default of the U.S. Bank note.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to California Code of Civil Procedure ("CCP") § 410.10. Each of the Cross-Defendants resides within the state.

4.      Venue is proper in this judicial district pursuant to CCP § 395 because part of the events giving rise to this Complaint occurred in this county. The amount in controversy exceeds the jurisdictional amount of this Court.

## THE PARTIES

5.      Cross-Complainant NEWN is a California Limited Liability Company founded in 2002 to provide clients with experts and consultants with decades of professional experience, deep technical skills and expertise in high technology disciplines. The NEWN consultant database is comprised of hundreds of experts that encompasses over 2300 areas of technical expertise. Over 45% of NEWN consultants hold Ph.D. degrees; nearly all have extensive litigation support experience. NEWN's resourceful staff has an in-depth understanding of high technology issues and

2

SV 346178057v1

1    the requirements of intellectual property litigation that enable an expedited identification of an

2    expert or consultant with the experience and expertise relevant to clients' requirements.

3        6.  ·  Cross-Complainant TCLE is a Limited Liability Company formed in California to

4    engage in lawful business activities within and without the State. The majority owners of TCLE are

5    David and Donna McDonald; David McDonald is also the President of TCLE.

6        7.    Cross-Defendant Jennifer Osbelt ("Ms. Osbelt") is an individual residing in

7    Redwood City, California. Ms. Osbelt started working as a sub-contractor for NEWN in January

8    2004. She left NEWN effective April 30, 2007. Subsequent to April 2004 Ms. Osbelt performed

9    services for NEWN, in the capacity of Vice President and Chief Technical Officer.

10        8.    Cross-Defendant Palo Alto Technical is a fictitious business name registered by Ms.

11    Osbelt in San Mateo County.  Cross-Complainants are informed and believe that Ms. Osbelt

12    conducts business under the fictitious business name Palo Alto Technical.

13        9.    The true names and/or capacities, whether individual, corporate, associate or

14    otherwise of Cross-Defendants ROES are unknown to Cross-Complainants at this time, who

15    therefore sue said Cross-Defendants by such fictitious names under Code Civ. Proc. Section 474.

16    When the true name and capacities of these Cross-Defendants have been ascertained, Cross-

17    Complainants will seek leave of this Court to amend this Cross-Complaint accordingly.    Cross-

18    Complainants are informed and believe and thereon allege that at all times mentioned herein Cross-

19    Defendants, and each of them, are the agents, servants, employees and/or joint venturers of their co-

20    cross-defendants, and were acting within the scope, course and authority of that agency,

21    employment, corporate capacity and/or joint venture and that each and every Cross-Defendant

22    aforesaid, when acting as a principal, was negligent and reckless in selection and hiring of each and

23    every other Cross-Defendant as an agent, servant, employee, corporate officer, and/or joint venturer,

24    and that each and every Cross-Defendant ratified the acts of their co-cross-defendants.

25                    BACKGROUND FACTS

26        10.    NEWN has been in business since August 2002.

27        11.    On or about May 13, 2004, Ms. Osbelt entered into an NEWN Operating Agreement

28    and Articles of Incorporation (the "Operating Agreement"). Pursuant to the Operating Agreement,

CROSS-COMPLAINT

1   Ms. Osbelt was a 25% owner of NEWN and the McDonalds each owned 37.5% of NEWN. Due a

2   recent capital call on or about May 8, 2007 that went unanswered by Ms. Osbelt, her interest has

3   been reduced to 22.04%.

4         12.    On or about April 19, 2005, Ms. Osbelt entered into a TCLE partnership agreement.

5   Pursuant to the TCLE partnership agreement, Ms. Osbelt has a 25% interest in TCLE.

6         A)   <u>Reimbursement Claims</u>

7         13.    During the course of her business activities, Ms. Osbelt would incur business related

8   expenses for both NEWN and TCLE and submit these expenses for reimbursement. Ms. Osbelt

9   instructed that checks to reimburse her for these expenses be made out in the name of Palo Alto

10  Technical. Expense reports submitted by Ms. Osbelt were submitted both in her name and in the

11  name of Palo Alto Technical.

12        14.    A recent audit of the books and records revealed that Ms. Osbelt submitted

13  duplicative expense claims to both NEWN and TCLE for reimbursement. Cross-Complainants are

14  informed and believe that Ms. Osbelt incurred certain expenses only once, but would submit

15  duplicative expense claims to both NEWN and TCLE, resulting in Ms. Osbelt being reimbursed for

16  these expenses twice. Ms. Osbelt also submitted to NEWN for reimbursement certain expenses

17  which were not related to NEWN business but benefited Ms. Osbelt's company Palo Alto

18  Technical, and Ms. Osbelt personally.

19        15.    Ms. Osbelt was provided a NEWN company credit card to use for company related

20  expenses. NEWN is aware of Ms. Osbelt's use of her company credit card for numerous charges

21  which were not related to NEWN or TCLE business interests, but were made by Ms. Osbelt to

22  benefit herself, her family and her company Palo Alto Technical.

23        16.    Receipt originals were repeatedly requested by NEWN to verify the validity of Ms.

24  Osbelt's credit card charges and Cross-Complainants are informed and believe Ms. Osbelt's

25  continued refusal to provide the requested receipts is based on her continuing attempt to hide her

26  activities from NEWN.

27        17.    For example, Ms. Osbelt used her NEWN company credit card on March 20, 2007 to

28  purchase a HP computer from Best Buy for an NEWN employee, Joanna. This charge appeared on

4

her US Bank issued company credit card. Ms. Osbelt then attempted to personally profit by submitted an expense report dated April 20, 2007 requesting she be reimbursed for the purchase price of the HP computer which she had charged to her NEWN company credit card.

18.     These fraudulent activities by Ms. Osbelt have resulted in damage to Cross-Complainants.

B)     Patent Assignment Claims

19.     During the course of their business activities, David McDonald and Ms. Osbelt, along with former NEWN employee Alex Villamil, created and developed unique, custom computer training programs for use by TCLE at an expense of approximately $500,000.

20.     Mr. McDonald, Ms. Osbelt and Mr. Villamil submitted patent applications to the United States Patent and Trademark Office on these computer programs, and are listed on the application as co-inventors.

21.     If these patent applications are granted by the USPTO, they represent a valuable economic resource, as the patents can be licensed for use by companies in need of computer training programs. Ms. Osbelt is aware of the economic value contained in these patent applications.

22.     Over the last few months Ms. Osbelt has refused to participate in the necessary steps required to complete the patent applications with the USPTO. All individuals listed as co-inventors are required to participate in the patent application process or the patent applications expire and are considered abandoned.

23.     If these necessary steps are not completed, the patent applications will expire the first week of November and will be considered abandoned. If these patent applications are abandoned, it will result in substantial revenue loss in the form of valuable licensing rights for the other co-inventors. If the patent applications expire TCLE will suffer damages of at least $500,000, and further damages in the form of licensing revenue.

C)     U.S. Bank Default Claims

24.     In 2005 NEWN entered into a $300,000 line of credit with U.S. Bank. To issue a line of credit U.S. Bank required that anyone holding over 20% interest in NEWN both sign and

5

1    personally guarantee the note. In 2005, and then again in 2006, Ms. Osbelt signed and personally
2    guaranteed the U.S. Bank note.

3         25.    U.S. Bank required that the line of credit be renewed annually by anyone holding
4    over a 20% interest in NEWN.

5         26.    The U.S. Bank note matured and became due April 7, 2007. Despite repeated
6    requests, Ms. Osbelt refused to sign. Ms. Osbelt wrote to U.S. Bank indicating that because she was
7    in negotiations to be bought out by the other members of NEWN, she was reluctant to sign the note.
8    U.S. Bank responded by saying that as soon as her shares were purchased, she would be taken off
9    the note, but that until that event occurred she was required to sign the note or it would go into
10   default.

11        27.    Despite U.S. Bank's assurances, Ms. Osbelt refused to sign the note. U.S. Bank sent
12   out a notice of default on the line of credit. The notice of default required NEWN to do a capital
13   call, which was paid by the McDonalds. Ms. Osbelt did not answer the capital call.

14        28.    Ms. Osbelt breached her fiduciary duties as a 25% member of NEWN by failing to
15   renew the line of credit with U.S. Bank, directly resulting in U.S. Bank declaring the note in default.
16   Ms. Osbelt has breached her fiduciary duties to NEWN because this default has damaged NEWN's
17   reputation and relationship with U.S. Bank.

18              D)    Slander Per Se and Libel Per Se Claims

19        29.    In December 2006 NEWN established a 401K pension and profit sharing plan. At
20   that time a meeting was held with all NEWN employees, NEWN's tax and bookkeeping CPA,
21   representatives from NEWN's 401K administrators Bidwell Consulting ("Bidwell"), and
22   representatives from institutional investor Edward Jones to explain the 401K benefits. The
23   presentation included how the plans work, and explained differences between the employee-
24   controlled pension plan (where NEWN matched employee contributions) and the profit sharing
25   plan, where funds vested over a 4 year period. Ms. Osbelt and all NEWN employees were given a
26   complete pension/profit share package including all ERISA rules.

27        30.    A document was prepared by Bidwell that outlined the investments that would be
28   made on behalf of each employee for both plans.

CROSS-COMPLAINT

SV 346178057v1

31.     The 2006 tax year pension plan contribution was made in 2007 and was matched 100% by NEWN on behalf of Ms. Osbelt. The money was placed in an account authorized by Ms. Osbelt at Edward Jones.   This account is eligible to be transferred by Ms. Osbelt to another approved IRA or pension plan at the end of the NEWN plan year.

32.     Each employee has their own account number and manages their own pension plan investment and determines which investment company will handle the funds for them.   NEWN manages the profit sharing plan and all money is invested with Edward Jones.

33.     Ms. Osbelt is eligible to receive at the end of the plan year 2007 75% of her share of the profit sharing plan, plus any gain in the company's investment.   Per plan rules, the 25% unvested portion of her profit share is distributed equally among other plan participants. Ms. Osbelt will therefore have access to move her plan to another account at the end of the plan year and after all administrative functions related to the plan have been completed, in approximately April 2008.

34.     On or about June 29, 2007, Ms. Osbelt contacted a principal of Bidwell demanding to withdraw her assets from the plans.   The Bidwell representative explained to Ms. Osbelt that participants are only entitled to receive a distribution from their account on the first administratively feasible date the first plan year after their termination of employment.

35.     Ms. Osbelt became upset and accused the Bidwell representative of illegally "conspiring" with the McDonalds to withhold her money.   Ms. Osbelt told the Bidwell representative that the McDonalds have embezzled and stolen money from her. Ms. Osbelt made a series of other disparaging remarks about the McDonalds to the Bidwell representative before threatening to sue Bidwell along with the McDonalds before terminating the call.

36.     A few days later on or about July 2, 2007, Ms. Osbelt sent a letter to McDonalds and cc'ed representatives from both Bidwell Consulting and Edward Jones.   Ms. Osbelts July 2, 2007 letter demanded to be paid money out of NEWN pension and profit sharing plan, and accused the McDonalds of committing "an intentional act of fraud".

37.     NEWN and the McDonalds at all times have followed ERISA rules and regulations governing the management of pension and profit-sharing plans.   Ms. Osbelt was fully informed at all times of the nature of the pension and profit-sharing plans and chose to participate.   NEWN has

1  in no way unlawfully withheld funds from Ms. Osbelt, and her accusations to the contrary are

2  misinformed and simply incorrect. Despite her fundamental misunderstanding of how the pension

3  and profit sharing plan worked, Ms. Osbelt communicated to third parties and business associates of

4  NEWN that the McDonalds embezzled, stole, and committed fraudulent acts against her. These

5  slanderous and libelous comments have damaged the reputation and business relationship between

6  NEWN on the one hand and Bidwell and Edward Jones on the other.

7  ## FIRST CAUSE OF ACTION

8  ### (Interference with Prospective Economic Advantage)

9  38.    Cross-Complainants reallege paragraphs 1-37 above as though fully set forth herein.

10  39.    The McDonalds, Ms. Osbelt and a former NEWN employee named Alex Villamil

11  are co-inventors on computer training program patent applications. These patent applications have

12  substantial economic value through the ability of the co-inventors to license the rights to third

13  parties if these patent applications are granted. Ms. Osbelt is aware of the economic value

14  contained in these patent applications.

15  40.    Over the last few months Ms. Osbelt has refused to participate in the necessary steps

16  required to complete the patent applications with the USPTO. All individuals listed as co-inventors

17  are required to participate in the patent application process or the patent application expires and is

18  considered abandoned.

19  41.    Ms. Osbelt's refusal to complete the patent application process has interfered with

20  the ability of the co-inventors to realize valuable licensing revenue. Ms. Obselt's refusal to assign

21  these Patents rights has resulted in damages to Cross-Complainants of at least $500,000.

22  ## SECOND CAUSE OF ACTION

23  ### (Fraud)

24  42.    Cross-Complainants reallege paragraphs 1-41 above as though fully set forth herein.

25  43.    During the course of their business activities, Ms. Osbelt would incur business

26  related expenses for both NEWN and TCLE and submit these expenses for reimbursement.

27  44.    A recent audit of the books and records revealed that Ms. Osbelt submitted

28  duplicative expense claims to both NEWN and TCLE for reimbursement. Cross-Complainants are

8

SV 346178057v1

1    informed and believe that Ms. Osbelt incurred certain expenses only once, but would submit
2    duplicative expense claims to both NEWN and TCLE, resulting in Ms. Osbelt being reimbursed for
3    these expenses twice.

4        45.    These fraudulent activities by Ms. Osbelt have resulted to damage to Cross-
5    Complainants.

6    ### THIRD CAUSE OF ACTION
7    ### (Breach of Fiduciary Duty-Reimbursement Claims)

8        46.    Cross-Complainants reallege paragraphs 1-45 above as though fully set forth herein.

9        47.    As a 25% owner of NEWN, Ms. Osbelt had a fiduciary duty not to act in a manner
10   that deliberately harms the interest of NEWN.

11       48.    By submitting false and duplicative reimbursement expense requests, Ms. Osbelt
12   damaged NEWN financially by causing NEWN to reimburse her for expenses she did not actually
13   incur.

14       49.    Ms. Osbelt's deliberate actions intended to financially damage NEWN breach her
15   fiduciary duty to act in the best interest of NEWN.

16       50.    These activities by Ms. Osbelt have resulted in damage to Cross-Complainants.

17   ### FOURTH CAUSE OF ACTION
18   ### (Breach of Fiduciary Duty-U.S. Bank default claims)

19       51.    Cross-Complainants reallege paragraphs 1-50 above as though fully set forth herein.

20       52.    As a 25% owner of NEWN, Ms. Osbelt had a fiduciary duty not to act in a manner
21   that deliberately harms the interest of NEWN.

22       53.    In 2005 Ms. Osbelt signed and personally guaranteed a $300,000 line of credit with
23   U.S. Bank, with full knowledge that U.S. Bank required the note to be renewed annually.

24       54.    On April 1, 2007, U.S. Bank requested Ms. Osbelt to renew the note and guarantee.
25   Ms. Osbelt refused, based on her negotiations with the McDonalds to purchase her shares of
26   NEWN.

27

28

9

CROSS-COMPLAINT

1    55.    Despite repeated requests and assurances by U.S. Bank that her name would be
2    removed from the note once her shares were purchased, Ms. Osbelt refused to renew the U.S. Bank
3    note.

4    56.    As a direct result of Ms. Osbelt's refusal to renew the U.S. Bank note, U.S. Bank
5    declared the note in default.

6    57.    Ms. Osbelt's deliberate actions intended to financially damage NEWN breached her
7    fiduciary duty to act in the best interest of NEWN. Ms. Osbelt has breached her fiduciary duties to
8    NEWN because this default has damaged NEWN's reputation and relationship with U.S. Bank.

9    58.    These fraudulent activities by Ms. Osbelt have resulted in damage to Cross-
10    Complainants.

11    ## FIFTH CAUSE OF ACTION
12    ### (Slander Per Se)

13    59.    Cross-Complainants reallege paragraphs 1-58 above as though fully set forth herein.

14    60.    On or about June 29, 2007, Ms. Osbelt contacted a principal of Bidwell demanding
15    to withdraw her assets from the plan.    During this call Ms. Osbelt accused the Bidwell
16    representative of illegally "conspiring" with the McDonalds to withhold her money. Ms. Osbelt
17    further told the Bidwell representative that the McDonalds have embezzled and stolen money from
18    her. Ms. Osbelt made a series of other disparaging remarks about the McDonalds to the Bidwell
19    representative before threatening to sue Bidwell along with the McDonalds before terminating the
20    call.

21    61.    NEWN and the McDonalds at all times have followed ERISA rules and regulations
22    governing the management of pension and profit-sharing plans. NEWN has in no way unlawfully
23    withheld funds from Ms. Osbelt, and her accusations to the contrary are misinformed and simply
24    incorrect.

25    62.    Despite her fundamental misunderstanding of how the pension and profit sharing
26    plan worked, Ms. Osbelt communicated to third parties and business associates of NEWN that the
27    McDonalds embezzled, stole, and committed fraudulent acts against her.

28

SV 346178057v1

63.    These disparaging and untrue comments directed towards third party and NEWN business associate Bidwell constitute slander per se because they relate to NEWN and the McDonalds business and livelihood, and were intended to damage the reputation of NEWN and the McDonalds. Ms. Osbelts slanderous comments have impuned the integrity and moral character of the McDonalds.

64.    Ms. Osbelt's slanderous comments have damaged the reputation and business relationship between NEWN on the one hand and Bidwell and on the other.

65.    These slanderous comments by Ms. Osbelt have resulted in damage to Cross-Complainants.

## SIXTH CAUSE OF ACTION
### (Libel Per Se)

66.    Cross-Complainants reallege paragraphs 1-65 above as though fully set forth herein.

67.    On or about July 2, 2007, Ms. Osbelt sent a letter to McDonalds and cc'ed representatives from both Bidwell Consulting and Edward Jones.

68.    Ms. Osbelts July 2, 2007 letter demanded to be paid money out of NEWN pension and profit sharing plan, and accused the McDonalds of committing "an intentional act of fraud".

69.    NEWN and the McDonalds at all times have followed ERISA rules and regulations governing the management of pension and profit-sharing plans. NEWN has in no way unlawfully withheld funds from Ms. Osbelt, and her accusations to the contrary are misinformed and simply incorrect. Despite her fundamental misunderstanding of how the pension and profit sharing plan worked, Ms. Osbelt communicated to third parties and business associates of NEWN that the McDonalds embezzled, stole, and committed fraudulent acts against her.

70.    These libelous comments have damaged the reputation and business relationship between NEWN on the one hand and Bidwell and Edward Jones on the other.

71.    These disparaging and untrue comments directed towards third party and NEWN business associate Bidwell constitute libel per se because they relate to NEWN and the McDonalds business and livelihood, and were intended to damage the reputation of NEWN and the McDonalds.

72.    Ms. Osbelt's libelous comments have damaged the reputation and business relationship between NEWN on the one hand and Bidwell and on the other.

73.    These libelous comments by Ms. Osbelt have resulted in damage to Cross-Complainants.

## PRAYER

WHEREFORE, Cross-Complainants pray for judgment against Cross-Defendant as follows:

1.    For damages according to proof at trial, but in no event less than $ 500,000;

2.    For punitive damages as determined by a jury;

3.    For pre-judgment interest at the legal rate;

4    For costs of suit, including attorneys' fees; and

5.    For such other and further relief as this Court deems just and proper.

Dated: July 18, 2007.                                  GREENBERG TRAURIG, LLP

By: _Cindy Hamilton_____
William J. Goines
Karen Rosenthal
Cindy Hamilton

Attorneys for Defendants and Cross-Complainants
David D. McDonald and Donna K. McDonald

CROSS-COMPLAINT

SV 346178057v1

Osbelt v. McDonald, et al.                                    Case No. CIV 463528

## PROOF OF SERVICE

I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On July 18, 2007, I served the following documents:

**CROSS-COMPLAINT FOR INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, FRAUD, BREACH OF FIDUCIARY DUTY, SLANDER *PER SE* AND LIBEL *PER SE***

☐  by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐  by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐  **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Joseph W. Cotchett, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 18, 2007, at East Palo Alto, California.

*Cathy Sandifer*
Cathy Sandifer

**8**

1 | JOSEPH W. COTCHETT (36324)
jcotchett@cpmlegal.com
2 | ARA JABAGCHOURIAN (SB#205777)
ajabagchourian@cpmlegal.com
3 | SEAN E. PONIST (204712)
sponist@cpmlegal.com
4 | **COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
5 | 840 Malcolm Road, Suite 200
Burlingame, CA 94010
6 | Telephone: (650) 697-6000
Facsimile: (650) 697-0577
7 |
| *Attorneys for Plaintiff*
8 |
9 |
10 |
11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
12 | **IN AND FOR THE COUNTY OF SAN MATEO**
13 |

| | |
|---|---|
| **JENNIFER OSBELT,** | Case No. CIV 463528 |
| **Plaintiff,** | |
| v. | **JENNIFER OSBELT'S ANSWER TO CROSS COMPLAINT** |
| **DAVID D. McDONALD,** | |
| **DONNA K. McDONALD, and** | |
| **DOES 1 THROUGH 10, inclusive,** | |
| **Defendant.** | |

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

1    Plaintiff Jennifer Osbelt (hereinafter, "Cross-Defendant") hereby answers the Cross-

2  Complaint for Interference with Prospective Economic Advantage, Fraud, Breach of Fiduciary

3  Duty, Slander Per Se and Libel Per Se ("Cross-Complaint") filed by, National Expert Witness

4  Network, LLC, Technology CLE, LLC, David McDonald and Donna McDonald, (collectively,

5  "Cross-Plaintiffs") as follows:

6                          **GENERAL DENIAL**

7    Plaintiff denies, generally and specifically, each and every allegation contained in Cross-

8  Plaintiffs' Cross-Complaint, and denies that Cross-Plaintiffs have or will sustain injuries or

9  damages in the sum or sums alleges, or in any other sum, or at all.

10                   **FIRST AFFIRMATIVE DEFENSE**

11                  **(Failure to State a Cause of Action)**

12    As and for a first, separate and affirmative defense to the Complaint, and to each and

13  every cause of action contained therein, Cross-Defendant alleges that Cross-Plaintiffs' Cross-

14  Complaint, and each of the purported causes of action contained therein, fails to state facts

15  sufficient to constitute a cause or causes of action against Cross-Defendant.

16                  **SECOND AFFIRMATIVE DEFENSE**

17                      **(Statute of Limitations)**

18    As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

19  cause of action contained therein, Cross-Defendant alleges that the Cross-Complaint is barred by

20  the statute of limitations set forth in California Code of Civil Procedure sections 335 through

21  349.4, including, but not limited to sections 337, 337(a), 337.1, 337.15, 337.2, 338.1, 339c,

22  339.5, 340(3), and 343; and sections 2607(3)(a), 2725(1) and (2) of the California Commercial

23  Code.

24                   **THIRD AFFIRMATIVE DEFENSE**

25          **(Comparative Fault or Negligence of Cross-Plaintiffs)**

26    As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

27  cause of action contained therein, Cross-Defendant alleges that Cross-Plaintiffs' injuries and

28

⊛
LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

---

**JENNIFER OSBELT'S ANSWER TO CROSS COMPLAINT**

1 damages, if any, are the direct and proximate result of Cross-Plaintiffs' own fault or negligence

2 and that, as a result, Cross-Plaintiffs' claim is either barred or proportionately reduced.

3 **FOURTH AFFIRMATIVE DEFENSE**

4 **(Comparative Fault or Negligence of Others)**

5 As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

6 cause of action contained therein, Cross-Defendant alleges that the injuries sustained by Cross-

7 Plaintiffs, if any, were either wholly or in part negligently caused by persons, firms, corporations

8 or entities other than Cross-Defendant and said fault or negligence is either imputed to Cross-

9 Plaintiffs by reason of the relationship of said persons, firms, corporations or entities other than

10 these answering Cross-Defendant to Cross-Plaintiffs and/or said fault or negligence

11 comparatively reduces the percentage of negligence, if, any, by these answering Cross-

12 Defendant.

13 **FIFTH AFFIRMATIVE DEFENSE**

14 **(Assumption of the Risk)**

15 As and for a separate affirmative defense to the Cross-Plaintiffs, and to each and every

16 cause of action contained therein, Cross-Defendant alleges that Cross-Plaintiffs acted with full

17 knowledge of all the facts and circumstances surrounding Cross-Plaintiffs alleged injuries and

18 thus assumed any and all risk of injury.

19 **SIXTH AFFIRMATIVE DEFENSE**

20 **(Equitable Indemnity/Comparative Contribution)**

21 As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

22 cause of action contained therein, Cross-Defendant alleges that in the event Cross-Defendant is

23 held liable, this Cross-Defendant is entitled to a percentage contribution of the total liability from

24 persons, firms, corporations or entities other than this answering Cross-Defendant in accordance

25 with the principles of equitable indemnity and comparative contribution.

26 ///

27 ///

28 ///

⊛
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1

### SEVENTH AFFIRMATIVE DEFENSE

2

#### (Negligence/Liability of Other Persons/Entities)

3      As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

4 cause of action contained therein, Cross-Defendant alleges that the charges alleged in the Cross-

5 Complaint, if any, were caused by the negligence and liability of persons, firms, corporations or

6 entities other than these answering Cross-Defendant.

7

### EIGHTH AFFIRMATIVE DEFENSE

8

#### (Failure to Mitigate)

9      As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

10 cause of action contained therein, Cross-Defendant alleges that Cross-Plaintiffs failed to mitigate

11 the alleged damages, if any, which Cross-Plaintiffs claim to have sustained and recovery should

12 be barred or diminished accordingly.

13

### NINTH AFFIRMATIVE DEFENSE

14

#### (Willful Misconduct)

15      As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

16 cause of action contained therein, Cross-Defendant alleges that the alleged injuries or damages

17 suffered by Cross-Plaintiffs, if any, were the sole and proximate result of the willful misconduct

18 of persons, firms, corporations or entities other than this answering Cross-Defendant.

19

### TENTH AFFIRMATIVE DEFENSE

20

#### (In Pari Delicto)

21      As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

22 cause of action contained therein, Cross-Defendant alleges the affirmative defense of in pari

23 delicto.

24

### ELEVENTH AFFIRMATIVE DEFENSE

25

#### (Obligation Extinguished by Performance)

26      As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

27 cause of action contained therein, Cross-Defendant alleges that the Cross-Complaint, and each

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

---

1    and every cause of action contained therein, is barred by the provisions of California Civil Code

2    section 1473.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Superseding Independent Intervening Proximate Cause)

As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

cause of action contained therein, Cross-Defendant alleges that no act or omission on its part was

a substantial factor in bringing about the alleged damages to Cross-Plaintiffs, nor was any act or

omission on the part of Cross-Defendant a contributing cause of the alleged damages suffered by

Cross-Plaintiffs and any alleged acts or omissions of Cross-Defendant were superseded by the

alleged acts or omissions of other persons, firms, corporations or entities, including Cross-

Plaintiffs, which were the independent, intervening, and proximate cause of any injuries or

damages sustained by Cross-Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Perform Conditions, Covenants and Promises)

As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

cause of action contained therein, Cross-Defendant alleges that Cross-Plaintiffs failed to perform

all conditions, covenants and promises required to be performed in accordance with the terms

and conditions of the written contract.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Mistake)

As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

cause of action contained therein, Cross-Defendant alleges that the Cross-Complaint is barred

and no cause of action is stated because of mutual and/or unilateral mistake of the parties, if any,

described in the Cross-Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Prevention)

As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

cause of action contained therein, Cross-Defendant alleges that it has fully performed the

1  conditions and covenants required to be performed by it unless and until prevented from doing so

2  by Cross-Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Statute of Frauds)

5      As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

6  cause of action contained therein, Cross-Defendant alleges that the Complaint is barred by the

7  applicable statute of frauds, including, but not limited to, California Commercial Code section

8  2201 and California Civil Code section 1624, in that the alleged contract, if any, was not in

9  writing and was for a price of more than $500.00.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Non-Occurrence of Condition Precedent)

12      As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

13  cause of action contained therein, Cross-Defendant alleges that Cross-Defendant is not entitled to

14  performance by Cross-Defendant, because a condition precedent to Cross-Defendant's duty to

15  perform has not yet occurred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Conduct of Others)

18      As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

19  cause of action contained therein, Cross-Defendant alleges that if Cross-Plaintiffs sustained

20  damages, which this answering Cross-Defendant expressly denies, then those damages were

21  caused by persons other than this answering Cross-Defendant and for which this answering

22  Cross-Defendant is not responsible.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

25      As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

26  cause of action contained therein, Cross-Defendant alleges that if Cross-Plaintiffs sustained

27  damages, which this answering Cross-Defendant expressly denies, then Cross-Defendant is

28  barred by the doctrine of waiver from recovering those damages from this answering Cross-

1 │ Defendant.

2 │ ## TWENTIETH AFFIRMATIVE DEFENSE

3 │ ### (Estoppel)

4 │ As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

5 │ cause of action contained therein, Cross-Defendant alleges that if Cross-Plaintiffs sustained

6 │ damages, which Cross-Defendant expressly denies, then Cross-Plaintiffs are barred by the

7 │ doctrine of estoppel from recovering those damages from Cross-Defendant.

8 │ ## TWENTY-FIRST AFFIRMATIVE DEFENSE

9 │ ### (Unclean Hands)

10 │ As and for a further affirmative defense to the Cross-Plaintiffs and to each and every

11 │ cause of action contained therein, Cross-Defendant alleges that Cross-Plaintiffs are barred from

12 │ seeking equitable relief by the doctrine of unclean hands by virtue of Cross-Plaintiffs own

13 │ conduct.

14 │ ## TWENTY-SECOND AFFIRMATIVE DEFENSE

15 │ ### (Lack of Causation)

16 │ As and for a further affirmative defense to the Cross-Plaintiffs, and to each and every

17 │ cause of action contained therein, Cross-Defendant alleges that Cross-Plaintiffs' damages, if any,

18 │ were not actually or proximately caused by any acts, conduct, or omissions of Cross-Defendant.

19 │ ## TWENTY-THIRD AFFIRMATIVE DEFENSE

20 │ ### (Failure To Plead Fraud With Particularity)

21 │ The Cross-Plaintiffs fail to describe Cross-Defendant's claims with sufficient

22 │ particularity. This description also violates the requirement under California law that fraud

23 │ causes of action be pled with specificity because said causes of action involve a serious attack

24 │ upon a party's character. (Committee on Children's Television v. General Foods Corp (1983) 35

25 │ Cal.3d 197.) Every element of the cause of action for fraud must be alleges in full, factually and

26 │ specifically. (Wilhelm v. Pray, Price, Williams & Russell (1986) 186 Cal.App.3'd 186.) The

27 │ particularity requirement necessitates pleading facts that "show how, when, where, to whom, and

28 │

1    by what means the representations were tendered." (Lazar v. Superior Court (1996) 12 Cal.4th

2    631.)

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Offset)

5    Cross-Defendant alleges that the losses to Cross-Plaintiffs, if any, were occasioned as a

6    result of their failure to comply with the terms of the alleged agreements between Cross-Plaintiffs

7    and others herein and that Cross-Defendant has suffered damages as a result of Cross-Plaintiffs

8    actions. Therefore, Cross-Defendant is entitled to an offset as determined with respect to such

9    failure against Cross-Defendant's liability, if any.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Laches)

12    Cross-Defendant alleges that any relief sought by Cross-Plaintiffs are barred under the

13    equitable doctrine of laches.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Material Breach)

16    Cross-Defendant alleges that Cross-Plaintiffs' claims are barred by their material breach

17    of any and all agreements, if any, between Cross-Plaintiffs and Cross-Defendant, and that such

18    breach discharges Cross-Defendant in whole or in part.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Wrongful/Unlawful Conduct)

21    Cross-Defendant alleges that Cross-Plaintiffs' damages, if they have suffered any damage

22    at all, were proximately caused and/or contributed to by the wrongful or unlawful conduct of

23    Cross-Plaintiffs and/or persons whose conduct is imputable to them which precludes recovery by

24    Cross-Plaintiffs. Accordingly, Cross-Plaintiffs are wholly and/or partially barred from the

25    recovery alleged and prayed for in its Cross-Complaint.

26    ///

27    ///

28    ///

1      ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2      ### (Release by Conduct)

3      Cross-Defendant alleges that Cross-Plaintiffs' conduct constitutes a full release by Cross-

4      Plaintiffs of any and all claims it may have had against Cross-Defendant.

5      ### TWENTY-NINTH AFFIRMATIVE DEFENSE

6      ### (Ratification)

7      Cross-Defendant is informed and believes and thereon alleges that at all times mentioned

8      in the Complaint, Cross-Plaintiffs were aware of, approved of, ratified or acquiesced in the

9      conduct of Cross-Defendant. Cross-Plaintiffs are therefore barred from recovery as a result of any

10     conduct on the part of Cross-Defendant, if any, because of Cross-Plaintiffs' approval, ratification

11     or acquiescence in that conduct.

12     ### THIRTIETH AFFIRMATIVE DEFENSE

13     ### (Negligence of Others)

14     Cross-Defendant alleges that Cross-Plaintiffs' damages, if they have suffered any

15     damages at all, were proximately caused and/or contributed to by the negligence and/or otherwise

16     wrongful or unlawful conduct of Cross-Plaintiffs and/or persons whose conduct is imputable to

17     Cross-Plaintiffs, which precludes recovery by Cross-Plaintiffs. Accordingly, Cross-Plaintiffs is

18     wholly and/or partially barred from recovery herein.

19     ### THIRTY-FIRST AFFIRMATIVE DEFENSE

20     ### (Justification - Cross-Defendant's Statements Were Truthful)

21     Cross-Defendant alleges that the statements complained of in Cross-Defendant's

22     complaint were not false.

23     ### THIRTY-SECOND AFFIRMATIVE DEFENSE

24     ### (Additional Defenses)

25     Cross-Defendant alleges that it presently has insufficient knowledge or information on

26     which to form a belief as to whether it may have additional, as yet unstated, defenses available.

27     Moreover, the unspecified nature of Cross-Plaintiffs' Cross-Complaint leaves Cross-Defendant

28     entirely uncertain (and, in fact, entirely ignorant) of the nature of Cross-Plaintiffs' claims. Cross-

1  Defendant reserves the right to assert additional defenses in the event that investigation,

2  discovery and/or identification of claims by Cross-Plaintiffs indicate any such defenses would be

3  appropriate.

4

5

6                                    **PRAYER**

7  WHEREFORE, Cross-Defendant prays:

8           1.      That Cross-Plaintiffs take noting by reason of their Cross-Complaint

9           2.      For Costs of suit incurred herein;

10          3.      For reasonable attorneys' fees; and

11          4.      For such other relief as the court deems just and proper.

12

13

14

15  DATED: August 22, 2007                    **COTCHETT, PITRE & McCARTHY**

16

17

18                                    By: _____

19                                          ARA JABAGCHOURIAN
                                            *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

28

**JENNIFER OSBELT'S ANSWER TO CROSS COMPLAINT**

*Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
*San Mateo Superior Court   CIV 463528*

### PROOF OF SERVICE

I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On this date, I served a true copy of the following document(s) in the manner listed below:

### JENNIFER OSBELT'S ANSWER TO CROSS COMPLAINT

**XXX**    **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

William J. Goines
Karen Rosenthal
Cindy Hamilton
**GREENBERG TRAURIG, LLP**
1900 University Aveune, Fifth Floor
East Palo Alto, CA 94303
Tel.: (650) 328-8500
Fax: (650) 328-8508

_____    **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

_____    **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on August 22, 2007.



Maybelle Munda-Dominguez

**6**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JOSEPH W. COTCHETT #36324  ARA JABAGCHOURIAN #205777 SEAN E. PONIST #204712 COTCHETT, PITRE & McCARTHY 840 MALCOLM ROAD, SUITE 200 BURLINGAME, CA 94010 TELEPHONE NO.: (650) 697-6000    FAX NO. (Optional): (650) 697-0577 E-MAIL ADDRESS (Optional): jcotchett@cpmlegal.com ATTORNEY FOR (Name): PLAINTIFF JENNIFER OSBELT | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME:

PLAINTIFF/PETITIONER: JENNIFER OSBELT

DEFENDANT/RESPONDENT: DAVID D. McDONALD, DONNA K. McDONALD

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  [X] UNLIMITED CASE          [ ] LIMITED CASE (Amount demanded        (Amount demanded is $25,000 exceeds  $25,000)        or less) | CIV 463528 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: October 11, 2007     Time: 9:00 a.m.     Dept.: 8     Div.:     Room:

Address of court (if different from the address above):

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. [X] This statement is submitted by party (name): Plaintiff, Jennifer Osbelt
   b. [ ] This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): June 5, 2007
   b. [X] The cross-complaint, if any, was filed on (date): July 18, 2007

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):
      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):
      (3) [ ] have had a default entered against them (specify names):
   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in  [X] complaint    [ ] cross-complaint    (describe, including causes of action):
      Complaint was filed on June 5, 2007 and alleges causes of action for Breach of Contract, Breach of Fiduciary Duty, Accounting, Slander Per Se and Violations of the Beverly-Killea Limited Liability Company Act.

Form Adopted for Mandatory Use                                                                          Page 1 of 4
Judicial Council of California          CASE MANAGEMENT STATEMENT          Legal        Cal. Rules of Court,
CM-110 [Rev. January 1, 2007]                                        Solutions⊕        rules 3.720-3.730
                                                                      ⊕ Plus

CM-110

| PLAINTIFF/PETITIONER: JENNIFER OSBELT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DAVID D. McDONALD, DONNA K. McDONALD | CIV 463528 |

**4. b.** Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
On March 26, 2007, David McDonald, on his own behalf, and that of his wife, offered to purchase Jennifer Osbelt's interest in NEWN for more than $1.8 million, an offer which Osbelt accepted. Despite numerous discussions and demands regarding performance, the McDonalds have failed to perform under the agreement to purchase Osbelt's interest in NEWN and have continued to breach their fiduciary obligations and obligations under the Operating Agreement and the Beverly-Killea Limited Liability Company Act.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
January 7, 2008 - January 18, 2008 (trial);January 22, 2008 - February 29, 2008 (trial);  January 28, 2008-February 8, 2008 (arbitration) and March 17, 2008 - March 28, 2008 (trial).

**7. Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☒ days *(specify number):* 10 days
b. ☐ hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

**9. Preference**
☐ This case is entitled to preference *(specify code section):*

**10. Alternative Dispute Resolution (ADR)**
a. Counsel ☒ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: JENNIFER OSBELT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DAVID D. McDONALD, DONNA K. McDONALD | CIV 463528 |

10. d.  The party or parties are willing to participate in (check all that apply):

    (1) [ x ]  Mediation

    (2) [   ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) [   ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) [   ]  Binding judicial arbitration

    (5) [   ]  Binding private arbitration

    (6) [   ]  Neutral case evaluation

    (7) [   ]  Other (specify):

    e. [   ]  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. [   ]  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. [   ]  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11. Settlement conference

    [ X ]  The party or parties are willing to participate in an early settlement conference (specify when):

12. Insurance

    a. [   ]  Insurance carrier, if any, for party filing this statement (name):

    b.  Reservation of rights:  [   ] Yes  [   ] No

    c. [   ]  Coverage issues will significantly affect resolution of this case (explain):

13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    [   ] Bankruptcy  [   ] Other (specify):

Status:

14. Related cases, consolidation, and coordination

    a. [   ]  There are companion, underlying, or related cases.

        (1)  Name of case:

        (2)  Name of court:

        (3)  Case number:

        (4)  Status:

    [   ]  Additional cases are described in Attachment 14a.

    b. [   ]  A motion to  [   ] consolidate  [   ] coordinate  will be filed by (name party):

15. Bifurcation

    [   ]  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. Other motions

    [ X ]  The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

    Discovery motions, Motions for Summary Judgement/Adjudication and Motions in Limine.

**CM-110**

| PLAINTIFF/PETITIONER: JENNIFER OSBELT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DAVID D. McDONALD, DONNA K. McDONALD | CIV 463528 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Depositions of David McDonald and Donna McDonald | October 2007 |
| Plaintiff | Third party depositions | November 2007–December 2008 |
| Plaintiff | Written Discovery | January 2008 |

c. ☒ The following discovery issues are anticipated *(specify)*: Issues regarding the disclosure of financial information.

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☒ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 26, 2007

| Sean E. Ponist | ▶ _(signature)_ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached

*Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
*San Mateo Superior Court   CIV 463528*

## PROOF OF SERVICE

   I am employed in San Mateo County, which is where service of the document(s) referred to below occurred.  I am over the age of 18 and not a party to the within action.  My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010.  I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents.  On this date, I served a true copy of the following document(s) in the manner listed below:

### PLAINTIFF'S CASE MANAGEMENT STATEMENT

____  **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing.  Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below.  The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

**XXX**  **BY FACSIMILE:** I am readily familiar with this firm's practice for causing documents to be served by facsimile.  Following that practice, I caused the aforementioned document(s) to be transmitted to the telephone number(s) of the addressee(s) specified below:

William J. Goines
Karen Rosenthal
Cindy Hamilton
**GREENBERG TRAURIG, LLP**
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Tel.: (650) 328-8500
Fax: (650) 328-8508

____  **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery.  Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

____  **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier.  Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed at Burlingame, California, on September 26, 2007.

Maybelle Dominguez
Maybelle Munda-Dominguez

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| William J. Goines, SBN #61290/ Cindy Hamilton, SBN #217951<br>Greenberg Traurig, LLP<br>1900 University Ave., 5th Fl.<br>East Palo Alto, CA 94303<br><br>TELEPHONE NO.: (650) 328-8500    FAX NO. *(Optional)*: (650) 328-850<br>E-MAIL ADDRESS *(Optional)*: goinesw@gtlaw.com; hamiltonc@gtlaw.com<br>ATTORNEY FOR *(Name)*: DEFENDANTS DAVE MCDONALD, DONNA MCDONALD | **E-FILED**<br>**SAN MATEO COUNTY**<br>**September 26, 2007**<br><br>Clerk of the Superior Court<br>By _____ U. FINAU<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: **400 County Center**
MAILING ADDRESS: **Same**
CITY AND ZIP CODE: **Redwood City, CA 94063**
BRANCH NAME: **Civil Division**

PLAINTIFF/PETITIONER: JENNIFER OSBELT

DEFENDANT/RESPONDENT: DAVID D. MCDONALD, DONNA K. MCDONALD

| CASE MANAGEMENT STATEMENT | | | CASE NUMBER:<br>CIV 463528 |
|---|---|---|---|
| (Check one): ☒ | **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: OCTOBER 11, 2007     Time: 9:00 a.m.     Dept.: 8     Div.:     Room:
Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☒ This statement is submitted jointly by parties *(names)*: Defendants and Cross-Complainants David McDonald, Donna McDonald, National Expert Witness Network LLC, Technology CLE LLC

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: June 5, 2007
   b. ☒ The cross-complaint, if any, was filed on *(date)*: July 18, 2007

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. Description of case
   a. Type of case in ☒ complaint ☐ cross-complaint *(describe, including causes of action)*:
      Complaint alleges causes of action for Breach of Contract, Breach of Fiduciary Duty, Accounting, Slander, and Violations of the Beverly-Killea Limited Liability Company Act. Cross-Complaint alleges causes of action for Interference with Prospective Economic Advantage, Fraud, Breach of Fiduciary Duty, Slander and Libel Per Se.

**CM-110**

| PLAINTIFF/PETITIONER: Jennifer Osbelt | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: David D. McDonald, Donna K. McDonald | CIV 463528 |

**4. b.** Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Cross-Complainants bring this action alleging that Plaintiff Jennifer Osbelt submitted duplicative expense reimbursements, refused to complete valuable patent applications and refused to renew a line of credit with U.S. Bank in violation of her fiduciary duties to National Expert Witness Network and Technology CLE.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
January 7-11 (trial), January 28-February 8 (trial), February 12-28 (vacation)

**7. Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☒ days *(specify number):* 5-7 days
b. ☐ hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

**9. Preference**
☐ This case is entitled to preference *(specify code section):*

**10. Alternative Dispute Resolution (ADR)**
a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Jennifer Osbelt | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: David D. McDonald, Donna K. McDonald | CIV 463528 |

10. d.    The party or parties are willing to participate in *(check all that apply)*:

    (1) ☒ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☒ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*: Plaintiffs reserve the right to file such motions as may be deemed necessary and appropriate during the course of this proceeding.

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: Jennifer Osbelt | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: David D. McDonald, Donna K. McDonald | CIV 463528 |

**17. Discovery**
    a. ☐  The party or parties have completed all discovery.
    b. ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendants | Deposition of Plaintiff | Fall 2007 |
| Defendants | Form & Special Interrogatories; Requests for | |
| | Admisson and Document Demand | Fall 2007 |
| Defendants | Third party depositions | Fall 2007 |

    c. ☒  The following discovery issues are anticipated *(specify)*: Issued regarding disclosure of personal tax returns

**18. Economic Litigation**
    a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**
    ☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
    a. ☒  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b.  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
    Previous case management orders in this case are *(check one)*:  ☒ none  ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 26, 2007

| William J. Goines/Cindy Hamilton | ▶ *Cindy Hamilton* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

American LegalNet, Inc.
www.FormsWorkflow.com

**E-FILE**

SAN MATEO COUNTY
September 26, 2007

Clerk of the Superior Court

By _____U. FINAU_____
DEPUTY CLERK

Osbelt v. McDonald, et al.                          Case No. CIV 463528

## PROOF OF SERVICE

I, Karen Nelson, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On September 26, 2007, I served the following documents:

**CASE MANAGEMENT STATEMENT**

☒   by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐   by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐   **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Ara Jabagchourian, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 26, 2007, at East Palo Alto, California.

_Karen Nelson_
Karen Nelson

1

Proof of Service

SV 346222513v1

1  GREENBERG TRAURIG, LLP
2  WILLIAM J. GOINES (SBN 61290)
   KAREN ROSENTHAL (SBN 209419)
3  CINDY HAMILTON (SBN 217951)
   1900 University Avenue, Fifth Floor
4  East Palo Alto, CA 94303
   Telephone: (650) 328-8500
5  Facsimile: (650) 328-8508

6
   Attorneys for Defendants and Cross-Complainants
7  DAVID MCDONALD, DONNA MCDONALD, NATIONAL
   EXPERT WITNESS NETWORK, and TECHNOLOGY CLE
8

9

10

11               SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                         COUNTY OF SAN MATEO

13

14  JENNIFER OSBELT,                    Case No. CIV 463528
    an individual,
15
                   Plaintiff,          [PROPOSED] STIPULATED
16                                      PROTECTIVE ORDER
          v.
17
    DAVID MCDONALD, DONNA K.
18  MCDONALD; and
    DOES 1-10, inclusive
19
                   Defendants.
20

21  AND RELATED CROSS-ACTION

22

23      It is hereby stipulated and agreed between Plaintiff and Cross-Defendant Jennifer Osbelt and

24  Palo Alto Technical, and Defendant and Cross-Complainant David McDonald, Donna K. McDonald,

25  National Expert Witness Network and Technology CLE, by and through their respective attorneys of

26  record, and all other counsel, parties, individuals or entities entering into this Protective Order that all

27  documents produced which are marked "Confidential" shall be subject to the terms and conditions set

28  forth below.

                                          1
SV 346222508v1

This Protective Order is entered into by reason of the fact that certain documents are highly sensitive, pertinent to the Parties' ongoing business interests and/or the rights to privacy of the parties to this action or third parties whose right to privacy the parties desire to protect.

A.    INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

1.    This Protective Order governs the access to, use and distribution of information which may be produced in discovery in this action.  For purposes of this Protective Order, "information" includes documents, pleadings, responses to interrogatories or requests for admissions, and transcripts or tapes of deposition testimony.

2.    If a party that produces information (a "Producing Party") believes that such information should be governed by the protection of this Protective Order, the producing party shall mark the information with the designation "Confidential".

B.    PERMITTED USE

1.    Information designated "Confidential" shall not be used or disclosed for any purpose whatsoever, other than for the purpose of prosecuting or defending the action.

2.    Information designated "Confidential" shall be disclosed only to the following categories of persons:

a.  Counsel of record and in-house counsel for any party or its affiliated entities, and counsel's partners, associates, legal assistants and employees after such counsel has entered into and signed this Protective Order;

b.  Parties to this action and representatives of each party, provided that each party and/or representative agrees to be bound by the provisions of this Protective Order;

c.  Experts and consultants employed by any party hereto or their legal counsel in this action, provided that such persons agree to be bound by the provision of the Protective Order.  Attached as Exhibit A is a statement prepared for experts and consultants to sign before presented with Confidential information, acknowledging their agreement to comply with the terms and conditions of this Protective Order;

d.  Court officials (including court reporters, person operating video recording equipment at deposition, and any referee or special master appointed by the Court); and,

[Proposed] STIPULATED PROTECTIVE ORDER

SV 346222508v1 9/25/2007

e.   Witnesses and deponents, provided that such persons agree to be bound by the provisions of this Protective Order and the jurisdiction of this Court and have so indicated on the record and under oath.

C.    PROCEDURES FOR CHALLENGING A DESIGNATION

1.      If a party that receives information ("Receiving Party") objects to a designation of information as "Confidential", the Receiving Party shall so inform the Producing Party and in writing request a reconsideration of the designation, stating with particularity which information it contends is improperly designated, and the reason for the objection.

2.      If within five (5) days of a request to reconsider a designation, the Producing Party has not agreed in writing to alter the designation, the Receiving Party may move the Court to have the designation removed.  The prevailing party in such a motion shall have the right to seek any kind of monetary, evidentiary or other sanction for any alleged bad faith or impropriety in (i) the original designation (ii) the request for reconsideration, or (iii) the refusal or failure to alter the designation.

3.      Until the Court has entered an order removing the designation, the information whose designation is at issue shall remain "Confidential" under the terms of this Protective Order, and shall be disclosed only as permitted in Paragraphs B.2.(a)-(e) above.

D.    RETENTION OF CONFIDENTIAL INFORMATION

1.      The attorneys for the parties are directed to retain information designated as Confidential in their custody and control and to take the necessary precautions to prevent persons not authorized as provided above from obtaining access to such information.

2.      Within twenty-one (21) days after the conclusion of the litigation of the action (including appeals), counsel for the receiving party must either return to the producing party all Confidential information and all copies thereof, or shall certify that such information has been destroyed.  An exception to this provision is Confidential documents referenced in pleadings, counsel's work product and Confidential documents attached as exhibits, may be retained. These Confidential documents shall remain subject to the terms of the Protective Order.

SV 346222508v1 9/25/2007

**E.    TRIAL**

    1.     Nothing herein is intended to govern, limit or affect the right of any party to admit into evidence Confidential information in the trial of this action. If, for the purpose of trial or adjudication, any Party designating records as Confidential ("Producing Party") wishes to ensure that such Confidential information is filed with the Court under seal, the Producing Party must obtain a court order permitting the filings of such Confidential information under seal in accordance with California Trial Court Rules 243.1 and 243.2. Should any Party who has received records designated as Confidential by another Party wishes to submit such Confidential information to the Court for purposes of trial or adjudication ("Receiving Party"), the Receiving Party must lodge the Confidential information with the Court and notify in writing the Producing Party that such Confidential information will be placed in the public record unless a timely motion or application is filed to seal the records in accordance with Rule 243(b)(3)(A). The Receiving Party must provide the Producing Party with at least ten days' notice of its intent to lodge Confidential information with the Court.

**F.    LIMITATIONS**

    1.     This Protective Order shall not affect:

    a.    a producing party's right to use its own Confidential information in any way and for any purpose;

    b.    any party's right to object to any discovery demand on any ground;

    c.    any party's right to seek an order compelling discovery with respect to discovery demand; or

    d.    any party's right to object to the admissibility of any information on any ground.

//
//
//
//
//
//
//

2.    The terms of this Protective Order shall survive and remain in full force and effect after the termination of the Action.  The Court shall retain jurisdiction to determine any issues arising from the terms of this Protective Order.

IT IS SO STIPULATED:

Dated: _October 3 2007_

Ara Jabagchourian
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road
Burlingame, CA 94010

Dated: _10-4-07_

William J. Goines, Esq.
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA  94303

IT IS SO ORDERED:

Date: _OCT 1 0 2007_

GEORGE A. MIRAM
Judge of the Superior Court

SV 346222508v1 9/25/2007



# Superior Court of Califo...ia
## County of San Mateo
### Civil Department
### 400 County Center
### Redwood City, CA  94063-1655
### www.sanmateocourt.org

| | |
|---|---|
| JENNIFER OSBELT<br>Plaintiff(s)<br>vs.<br>DAVID D. MCDONALD<br>Defendant(s) | Case No.: CIV 463528<br><br>**Clerk's Notice of Jury Trial and<br>Mandatory Settlement Conference** |

Title: JENNIFER OSBELT VS DAVID MCDONALD ET AL

```
JOSEPH W COTCHETT
840 MALCOLM ROAD
SUITE 200
BURLINGAME CA 94010

CINDY HAMILTON
1900 UNIVERSITY AVENUE
FIFTH FLOOR
EAST PALO ALTO CA 943030
```

The above named parties and their respective attorneys are hereby notified that the above matter is calendared for a **Mandatory Settlement Conference on 04/25/08** at  **9:30 AM** at the Hall of Justice and Records, 400 County Center, Redwood City, California 94063.

Parties are directed to comply with Local Rule of Court 2.4 and are admonished that the Court will insist on strict compliance therewith.  Sanctions may be imposed for failure to comply.  A conference statement shall be delivered to the Court with proof of actual service on the opposing party no less than five (5) court days before the date of the hearing.

The above named parties and their respective attorneys are hereby notified that the above matter is calendared for **Jury Trial on 05/12/08 at  9:00 AM in the Department of the Presiding Judge** at the Hall of Justice and Records, 400 County Center, Redwood City, California 94063.

Note: Jury fees must be posted at least 25 days prior to Jury Trial.

Pursuant to Rule 3.1385, California Rules of Court, you must advise the Court of any change of status, or settlement of this case.

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 10/22/07

John C. Fitton
Court Executive Officer/Clerk


By: KATHRYN FLANAGAN
Deputy Clerk

| Attorney or Party without Attorney   650=697-6000 | Court Use Only |
|---|---|
| (Name, Address, Telephone, Fax, State Bar membership number):<br>SEAN E. PONIST<br>Cotchett, Pitre & McCarthy<br>840 Malcolm Rd., Burlingame CA  94010 | |
| **Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s):<br>JENNIFER OSBELT | Case Number:<br>CIV 463528 |
| Defendant(s):<br>DAVID D. McDONALD, DONNA K. McDONALD, and<br>DOES 1 THROUGH 10, inclusive | Current CMC Date:<br>N/A |

### STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☒ Voluntary Mediation              ☐ Binding Arbitration (private)
☐ Neutral Evaluation               ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**   ☐ Summary Jury Trial
☐ Other: _____

Case Type: **Unlimited**

Neutral's name and telephone number:  Hon. V. Gene McDonald (Ret.), 415-982-5267

Date of session:  1/3/08

(Required for continuance of CMC except for non-binding judicial arbitration)

Identify by name the parties to attend ADR session: Jennifer Osbelt, David McDonald, Donna McDonald, NEWN, TCLE

ORIGINAL SIGNATURES

SEAN E. PONIST
_____                _____
Type or print name of ☐ Party without attorney       ☒ Attorney for (Signature)

☒ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant     Attorney or Party without attorney

WILLIAM GOINES/CINDY HAMILTON
_____                _____
Type or print name of ☐ Party without attorney       ☐ Attorney for (Signature)

☐ Plaintiff/Petitioner ☒ Defendant/Respondent/Contestant     Attorney or Party without attorney

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

_____

Type or print name of □Party without attorney

□Plaintiff/Petitioner □Defendant/Respondent/Contestant

_____

□Attorney for (Signature)

Attorney or Party without attorney

_____

Type or print name of □Party without attorney

□Plaintiff/Petitioner □Defendant/Respondent/Contestant

_____

□Attorney for (Signature)

Attorney or Party without attorney

**IT IS SO ORDERED:**

DATE:

_____

JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

1  *Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
   *San Mateo Superior Court   CIV 463528*
2  **PROOF OF SERVICE**

3         I am employed in San Mateo County, which is where service of the document(s) referred to
   below occurred. I am over the age of 18 and not a party to the within action. My business address is
4  Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame,
   California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of
5  documents. On this date, I served a true copy of the following document(s) in the manner listed below:

6         **STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION**

7  <u>XXX</u>   **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of
         correspondence for mailing. Following that practice, I placed a true copy of the aforementioned
8        document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below.
         The envelope was placed in the mail at my business address, with postage thereon fully prepaid,
9        for deposit with the United States Postal Service on that same day in the ordinary course of
         business.
10

11  William J. Goines
    Karen Rosenthal
    Cindy Hamilton
12  **GREENBERG TRAURIG, LLP**
    1900 University Avenue, Fifth Floor
13  East Palo Alto, CA 94303
    Tel.: (650) 328-8500
14  Fax: (650) 328-8508

15  ____   **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to
          be served by hand delivery. Following that practice, I caused the sealed envelope containing the
16        aforementioned document(s) to be hand delivered to the addressee(s) specified below.

17  ____   **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for
          causing documents to be served by overnight courier. Following that practice, I caused the
18        sealed envelope containing the aforementioned document(s) to be delivered via overnight courier
          service to the addressee(s) specified below:
19

          I declare under penalty of perjury, under the laws of the State of California, that the foregoing is
20  true and correct. Executed at Burlingame, California, on November 6, 2007.

21

22                                    *Linda A. Clark*
                                    _____
                                    Linda A. Clark
23

24

25

26

27

28

**PROOF OF SERVICE**                                    1

RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT

1 | JOSEPH C. COTCHETT (#168009)
2 | ARA R. JABAGCHOURIAN (#205777)
  | SEAN E. PONIST (#204712)
3 | **COTCHETT, PITRE & McCARTHY**
  | San Francisco Airport Office Center
4 | 840 Malcolm Road, Suite 200
  | Burlingame, CA 94010
5 | Telephone: (650) 697-6000
  | Facsimile: (650) 697-0577
6 | Attorneys for Plaintiff

ENDORSED FILED
SAN MATEO COUNTY

DEC - 4 2007

Clerk of the Superior Court
By _____M. MARLOWE_____
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

JENNIFER OSBELT,

           Plaintiff,

    v.

DAVID D. MCDONALD, DONNA K. MCDONALD, and DOES 1-10, inclusive,

           Defendants.

_____

DAVID D. McDONALD; DONNA K. McDONALD; NATIONAL EXPERT WITNESS NETWORK, a California Limited Liability Company; TECHNOLOGY CLE, a California Limited Liability Company,

           Cross-Complainants,

    v.

JENNIFER OSBELT, individually and doing business as PALO ALTO TECHNICAL, and ROES 1-10, inclusive,

           Cross-Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.     CIV 463528**

**PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING LEAVE TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SEAN E. PONIST**

Date:     December 4, 2007
Time:    2:00 p.m.
Dept:

Trial:     **May 12, 2008**

---

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER GRANTING LEAVE TO AMEND COMPLAINT**

1        **EX PARTE APPLICATION**

2            Plaintiff Jennifer Osbelt, through her counsel, hereby applies ex parte for an order

3    granting leave to file a First Amended Complaint. The amended complaint will make the

4    following changes to the existing complaint on file:

5        1.      Adding a National Expert Witness Network, LLC ("NEWN") as a defendant to

6    the caption page of the First Amended Complaint ("FAC") and setting forth its involvement in

7    the body of the complaint (FAC, at 4:18-21, ¶ 22; 5:11, ¶ 25);

8        2.      Adding a Seventh Cause of Action for Corporate Waste, an Eighth Cause of

9    Action for Abuse of Control, a Ninth Cause of Action for Conversion, a Tenth Cause of Action

10   for Cancellation of Instrument/Restitution Based on Rescission, an Eleventh Cause of Action for

11   Unjust Enrichment, and Twelfth Cause of Action for Alter-Ego to the Caption page of FAC as

12   well as the body of the amended complaint (FAC, at 14:23- 21:5, ¶¶ 80-111);

13       3.      Adding additional facts which transpired or were learned through discovery after

14   the filing of the original complaint as well as clarifying Plaintiff's activities immediately after

15   acceptance of McDonald's and/or NEWN's offer (FAC, at 8:21-9:47, ¶¶ 43-47; 4:21, ¶ 22; 5:1, ¶

16   24; 5:1, ¶ 24);

17       4.      Modifying the First Cause of Action for Breach of Contract to reflect the addition

18   of NEWN as a defendant and renumbering paragraph numbers and references thereto based on

19   previous changes to the complaint (FAC, at 9:20-10-53, ¶¶ 48-53);

20       5.      Modifying titles to the Second, Third, Fourth, Fifth and Sixth Causes of

21   Action to clarify to which defendants the causes of action apply as well as renumbering the

22   paragraph numbers and references thereto based on previous changes to the complaint (FAC, at

23   10:13-14:22, ¶¶ 54-79);

24       6.      Attaching as Exhibit T to the amended complaint a copy of correspondence dated

25   November 15, 2007, as described in paragraph 95 of the complaint (FAC, at 17:27-18:2); and,

26       7.      Adding a claim for past and future profits to the prayer for relief (FAC, at 21:16,

27   ¶ d).

28       8.      Correcting  syntactical and grammatical errors contained in the original complaint.

⊕
LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT**                                                                                    -1-

1    A copy of the proposed First Amended Complaint is attached as Exhibit A to Stipulation

2   and [Proposed] Order filed herewith. Plaintiff requests that the proposed First Amended

3   Complaint be deemed to be the amended pleading and that it be deemed filed as of the date of the

4   Court's execution of this Stipulation and [Proposed] Order and that Plaintiff shall serve all

5   Parties within 14 (fourteen) days thereafter with a copy of the amended pleading.

6    This application is made on the grounds that good cause exists for the amendment, that

7   the application is timely, and that no prejudice will result in the amendment. The ex parte

8   application is based upon this application, the memorandum of points and authorities, declaration

9   of Sean E. Ponist, and the Stipulation and [Proposed] Order filed herewith, and upon such other

10  evidence, oral or documentary, as may be introduced at the hearing of this application.

11

12  Dated: December 4, 2007                    COTCHETT, PITRE & McCARTHY

13

14                                            By:

15                                               SEAN E. PONIST
                                                 Attorneys for Plaintiff
16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT                                                               -2-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Jennifer Osbelt (hereinafter "Plaintiff"), seeks permission from the Court to amend her complaint to include National Expert Witness Network, LLC ("NEWN") as a Doe defendant, to add six additional causes of action against the two individual defendants previously named and to add a claim for lost profits to Plaintiff's prayer for relief. Defendants have stipulated to the filing of this First Amended Complaint.

Plaintiff respectfully submits that leave to amend is appropriate given circumstances of this case and California's liberal policy allowing amendments to pleadings. *Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 939; *Berman v. Bromberg* (1997) 56 Cal.App.4th 936, 945. Absent leave to amend, Plaintiff will be deprived of alleging meritorious claims. The motion to amend is timely, and based on information recently revealed through discovery and events which transpired after the filing of the original complaint and, as such, has been timely filed. There is no prejudice to Defendants if an amended Complaint is filed, nor is there any risk of delay in this action. *See Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045, 1048. Moreover, Defendants do not oppose the filing of this First Amended Complaint. Accordingly, Plaintiff respectfully requests that the Court grant the Motion to Amend Complaint.

### II.    PROCEDURAL AND FACTUAL BACKGROUND

The original complaint in this action was filed on June 5, 2007, by Plaintiff's initial counsel, Bergeson, LLP. At the time, the primary facts alleged and known to Plaintiff and her counsel concerned Defendant David and Donna McDonald's breach of an agreement to purchase her interest in NEWN for approximately $1.8 million as well as certain acts or omissions by Defendants related thereto. Thus, the original complaint alleged causes of action for breach of contract, breach of fiduciary duty, accounting, slander per se, and violations of the Beverly-Killea Limited Liability Company Act against David and Donna McDonald.

On October 17, 2007, Plaintiff's counsel, Cotchett, Pitre & McCarthy, took the deposition of David McDonald. My office received a copy of the transcript of the deposition on October 31, 2007, and has just recently completed a review of the transcript. At his deposition, Mr.

1   McDonald revealed information indicating that his offer to purchase Plaintiff's interest in the

2   National Expert Witness Network ("NEWN") may have not only been on his own behalf or that

3   of his wife, but on behalf of NEWN as well.  As such, Plaintiff's acceptance bound not only the

4   McDonalds but NEWN as well.

5        Mr. McDonald further revealed at his deposition information indicating that he and

6   Donna McDonald may have engaged in self-dealing, corporate waste and abuse of control of

7   NEWN and Technology Continuing Legal Education ("TCLE") as evidenced by: (a) their

8   causing NEWN to enter into self-serving "consulting" agreements with themselves which pay the

9   McDonalds hundreds of thousands of dollars for performing bogus services; (b) their causing

10  NEWN to purportedly become indebted to the McDonalds for hundreds of thousands of dollars;

11  (c) their conversion and waste of NEWN's assets and profits to pay personal expenses, including

12  hundreds of thousands of dollars spent on their private litigation expenses as well as tens of

13  thousands of dollars in home improvement and maintenance expenses; (d) their making

14  unwarranted capital calls in bad faith in an effort to dilute Plaintiff's interest in NEWN while

15  increasing their own interest; (e) their failure to observe corporate formalities and use of the

16  company for their own personal benefit; and, (f) their entering into self-interested transactions

17  with NEWN and TCLE without the approval or even consultation of any disinterested members

18  or managers.  Additionally, on October 30, 2007, David and Donna McDonald, without the input

19  of all members and managers, including Plaintiff, or even the opportunity for them to provide

20  input, unilaterally purported to order another capital call in violation of the terms and conditions

21  of the operating agreement.  Like the previous capital call, this was not in good faith and done to

22  better the McDonalds' interest in NEWN, while diluting Osbelt's.

23       The proposed First Amended Complaint is based on the foregoing events and information

24  which only recently transpired or has only recently been discovered.  The First Amended

25  Complaint seeks to include NEWN as a Defendant, and alleges six new causes of action against

26  David and Donna McDonald for Corporate Waste, Abuse of Control, Conversion, Cancellation

27  of Instrument, Unjust Enrichment, and Alter Ego Liability, and adds a claim for lost profits.

28

**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT**                                                                    -4-

1   Defense counsel does not oppose the filing of the proposed First Amended Complaint. Based on

2   the foregoing facts and circumstances, the amendment is appropriate.

3   **III.    LEGAL ARGUMENT**

4         "The court, may in furtherance of justice, and on any terms as may be proper, allow a

5   party to amend any pleading ..." Code of Civ. Proc. § 473(a)(1). California judicial policy favors

6   resolution of all disputed matters between all concerned parties in the same lawsuit. Weil &

7   Brown, *California Practice Guide -- Civil Procedure Before Trial* (TRG 2007) ¶6:638. "Thus,

8   the court's discretion will usually be exercised *liberally* to *permit* amendment of the pleadings."

9   *Id.* (emphasis in original); see also, *Nestle v. Santa Monica* (1972) 6 Cal.3d 920, 239. By

10  permitting Plaintiff to amend her complaint, California's judicial policy will be furthered by

11  having all concerned parties before the court and all meritorious claims adjudicated in one action.

12        Indeed, the policy favoring amendment is so strong that it is a rare case in which denial of

13  leave to amend can be justified: "If the motion to amend is timely made and the granting of the

14  motion will not prejudice the opposing party, it is error to refuse permission to amend and where

15  the refusal also results in a party being deprived of the right to assert a meritorious cause of

16  action or a meritorious defense, it is not only error but an abuse of discretion." *Morgan v.*

17  *Superior Court* (1959) 172 Cal.App.2d 527, 530; *Mabie v. Hyatt* (1998) 61 Cal.App.4th 581,

18  596.

19        Moreover, California's liberal policy favoring amendment applies "at any stage of the

20  proceedings, up to and including trial," absent prejudice to the adverse party. *Atkinson v. Elk*

21  *Corp.* (2003) 109 Cal.App.4th 739, 761. As discussed above, Plaintiff's request for relief at this

22  stage is timely, filed shortly after obtaining and reviewing the transcript from Mr. McDonald's

23  deposition. There is no prejudice to Defendants if an amended complaint is filed, nor is there any

24  risk of delay in this action. *See Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d

25  1045, 1048.

26        Plaintiff brings this motion as a result of information recently obtained from the

27  deposition of Mr. McDonald as well as recent actions undertaken by him. *See* Ponist Decl., ¶¶ 3-

28  6. As set forth more fully in the attached declaration, Plaintiff discovered at Mr. McDonald's

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT                                                                    -5-

1  recent deposition that her claim for breach of contract may involve NEWN in addition to the

2  previous named defendants. *See* Ponist Decl., ¶ 4. Further, at that same deposition Plaintiff

3  learned David and Donna McDonald may have engaged in self-dealing, corporate waste and

4  abuse of control; thus, necessitating the need to add the new causes of action. *See* Ponist Decl., ¶

5  5. Additionally, in the last month, the McDonalds have taken action in an attempt to dilute

6  Plaintiff's interest in NEWN which has also necessitated the need to amend the complaint. *See*

7  Ponist Decl., ¶ 6.

8       Trial is not set in this matter until May 12, 2007, and the amendment does not require any

9  additional discovery beyond that previously contemplated. To the contrary, the witnesses with

10  information supporting Plaintiff's proposed amended claims are the same as those with

11  information supporting the prior claims. Additionally, NEWN is operated and controlled by the

12  previously named defendants; thus, the amendment to add NEWN as a defendant would not

13  prejudice it or require delay.

14       Lastly, Defendants do not oppose the filing of this First Amended Complaint and have

15  stipulated to its filing. *See* Ponist Decl., ¶¶ 8, 9.

16  **IV.  CONCLUSION**

17       For the reasons set forth above, Plaintiff respectfully requests that the Court grant the

18  motion for leave to file a First Amended Complaint.

19

20  Dated: December 4, 2007          COTCHETT, PITRE & McCARTHY

21

22

23                                  By: _____

24                                       SEAN E. PONIST
                                        Attorneys for Plaintiff

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT                                                              -6-

## DECLARATION OF SEAN E. PONIST

I, SEAN E. PONIST, declare:

1.      I am an attorney at law, duly licensed to practice before this Court, and am associated with the law firm of Cotchett Pitre & McCarthy, counsel for Plaintiff Jennifer Osbelt in this action. I have personal knowledge of the matters stated herein and if called as a witness, I could and would competently testify to the following. I submit this declaration in support of Plaintiff' Motion for Leave to File a First Amended Complaint. A copy of the proposed First Amended Complaint is attached hereto as Exhibit A to the Stipulation and [Proposed] Order.

2.      The original complaint in this action was filed on June 5, 2007 by Plaintiff's initial counsel, Bergeson, LLP. It alleges causes of action for breach of contract, breach of fiduciary duty, accounting, slander per se, and violations of the Beverly-Killea Limited Liability Company Act against David and Donna McDonald.

3.      My office took the deposition of David McDonald on October 17, 2007, received a copy of the transcript of the deposition on October 31, 2007, and has just recently completed a review of the transcript.

4.      At this deposition, Mr. McDonald revealed information indicating that his offer to purchase Plaintiff's interest in the "NEWN" may have not only been on his own behalf or that of his wife, but on behalf of NEWN as well. As such, Plaintiff's acceptance bound not only McDonalds but NEWN as well. Therefore, liability for breach of the agreement to purchase Plaintiff's interest may be had by the McDonalds, NEWN or both.

5.      At this deposition, Mr. McDonald further revealed information indicating that he and Donna McDonald may have engaged in self-dealing, corporate waste and abuse of control of NEWN and Technology Continuing Legal Education ("TCLE") as evidenced by: (a) their causing NEWN to enter into self-serving "consulting" agreements with themselves which pay the McDonalds hundreds of thousands of dollars for performing bogus services; (b) their causing NEWN to purportedly become indebted to the McDonalds for hundreds of thousands of dollars; (c) their conversion and waste of NEWN's assets and profits to pay personal expenses, including hundreds of thousands of dollars spent on their private litigation expenses as well as tens of

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT                                                                        -7-

1  thousands of dollars in home improvement and maintenance expenses; (d) their making

2  unwarranted capital calls in bad faith in an effort to dilute Plaintiff's interest in NEWN while

3  increasing their own interest; (e) their failure to observe corporate formalities and use of the

4  company for their own personal benefit; and, (f) their entering into self-interested transactions

5  with NEWN and TCLE without the approval or even consultation of any disinterested members

6  or managers.

7      6.    On October 30, 2007, David and Donna McDonald, without the input of all

8  members and managers, including Plaintiff, or even the opportunity for them to provide input,

9  unilaterally purported to order another capital call in violation of the terms and conditions of the

10  operating agreement.

11     7.    Based on this new testimony and evidence, good cause exists to grant Plaintiff's

12  motion to amend her complaint to add a cause of action for breach of contract against NEWN

13  and causes of action for corporate waste, abuse of control, conversion, cancellation of

14  instrument/restitution based on rescission, unjust enrichment and alter-ego liability against David

15  and Donna McDonald as well as a claim for lost profits. This motion is being brought at the

16  earliest opportunity, just after Plaintiff obtained and reviewed the deposition transcripts of Mr.

17  McDonald, and could not have been filed earlier. Further, there is no prejudice to NEWN or the

18  McDonalds with trial not set until May 12, 2008. The amendment will not require discovery

19  beyond that previously contemplated. To the contrary, all the witnesses relevant to the additional

20  claims are the same as those relevant to the existing claims.

21     8.    On November 27, 2007, I spoke to Cindy Hamilton of Greenberg Traurig, counsel

22  for Defendants, who indicated that they would not oppose the filing of the amended complaint,

23  attached as Exhibit A to the Stipulation and [Proposed] Order . Her address and phone number is

24  Greenberg Traurig, LLP, 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303, (650)

25  328-8505.

26     9.    On November 30, 2007, Ms. Hamilton executed and returned the Stipulation and

27  [Proposed] Order Granting Leave for Plaintiff to File a First Amended Complaint which is being

28  presented with this application and other moving papers.

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT                                                                    -8-

1      10.    On December 3, 2007 I left a voice message for Ms. Hamilton indicating that I

2 would make application for an order granting leave to amend Plaintiff's complaint and present

3 the Stipulation and [Proposed] Order along with the First Amended Complaint ex parte at 2:00

4 p.m. December 4, 2007 before the Law and Motion Department.  I also faxed a copy confirming

5 this notice, a copy of which is attached hereto as Exhibit A.  Ms. Hamilton previously indicated

6 that she would not be appearing as Defendants did not oppose the filing of Plaintiff's First

7 Amended Complaint.

8      11.    In the event the motion is granted, Plaintiff requests that the First Amended

9 Complaint, attached as Exhibit A to the Stipulation and [Proposed] Order, be deemed to be the

10 amended pleading and that it be deemed filed and that Plaintiff shall serve all Parties within 14

11 (fourteen) days thereafter with a copy of the amended pleading.

12

13      I declare under penalty of perjury under the laws of the State of California that the

14 foregoing is true and correct.  Executed this 4th day of December 2007, at Burlingame,

15 California.

16

                            SEAN E. PONIST

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER GRANTING LEAVE TO AMEND
COMPLAINT                                           -9-

**EXHIBIT A**

LAW OFFICES

## COTCHETT, PITRE & McCARTHY

SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES OFFICE
9454 WILSHIRE BOULEVARD, SUITE 907
BEVERLY HILLS, CA 90212
(310) 247-9247
OF COUNSEL
ROBERT B. HUTCHINSON

WASHINGTON, D.C. OFFICE
1364 BEVERLY ROAD, SUITE 201
McLEAN, VA 22101
(703) 893-9600
OF COUNSEL
MARK P. FRIEDLANDER, JR.

NEW YORK OFFICE
100 PARK AVENUE, SUITE 2600
NEW YORK, NY 10017
(212) 682-3198

December 3, 2007

**VIA FAX: 650-328-8508**

Cindy Hamilton
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto CA 94303

     Re:   *Osbelt v. McDonald, et al.,* Case No. CIV 463528

Dear Cindy:

     Per my voice message left earlier this morning, please be advised that I will

present the Stipulation and [Proposed] Order along with the First Amended

Complaint ex parte at 2:00 p.m. tomorrow before the Law and Motion Department.

                    Sincerely,

                    Sean E. Ponist

Attach.

```
*********************
***  TX REPORT  ***
*********************


TRANSMISSION OK

TX/RX NO              3410
CONNECTION TEL                 3288508p634
SUBADDRESS
CONNECTION ID
ST. TIME             12/03 09:41
USAGE T              00'30
PGS. SENT            2
RESULT               OK
```

LAW OFFICES

# COTCHETT, PITRE & MCCARTHY

SAN FRANCISCO AIRPORT OFFICE CENTER
840 Malcolm Rd., Suite 200
Burlingame, California 94010
Telephone: 650/697-6000

Telecopiers: 650/697-0577
692-3606 ◆ 692-1112

| | |
|---|---|
| DATE: | **December 3, 2007** |
| PAGES: | **2  (including this page)** |
| TO: | **CINDY HAMILTON    650-328-8508**<br>**Greenberg Traurig** |
| FROM: | **SEAN E. PONIST** |
| RE: | ***Osbelt v. McDonald, et al.*** |
| COMMENTS: | **Please see attached.** |
| ORIGINAL TO FOLLOW: | **Fax only** |

1  JOSEPH W. COTCHETT (36324)
   jcotchett@cpmlegal.com
2  ARA R. JABAGCHOURIAN (205777)
   ajabagchourian@cpmlegal.com
3  SEAN E. PONIST (204712)
   sponist@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
5  Burlingame, CA 94010
   Telephone: (650) 697-6000
6  Facsimile: (650) 697-0577

7  Attorneys for Plaintiff Jennifer Osbelt

8

9

10

11

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| JENNIFER OSBELT, | ) Case No. CIV463528 |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT FOR:** |
| v. | ) 1) **BREACH OF CONTRACT: AGREEMENT OF SALE;** |
| DAVID D. MCDONALD, DONNA K. MCDONALD, and DOES 1-10, inclusive, | ) 2) **BREACH OF CONTRACT: OPERATING AGREEMENT;** |
| Defendants. | ) 3) **BREACH OF FIDUCIARY DUTY;** |
| | ) 4) **ACCOUNTING;** |
| | ) 5) **SLANDER PER SE;** |
| DAVID D. McDONALD; DONNA K. McDONALD; NATIONAL EXPERT WITNESS NETWORK, a California Limited Liability Company; TECHNOLOGY CLE, a California Limited Liability Company, | ) 6) **VIOLATIONS OF THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT §§ 17058, 17106;** |
| Cross-Complainants, | ) 7) **CORPORATE WASTE;** |
| v. | ) 8) **ABUSE OF CONTROL;** |
| JENNIFER OSBELT, individually and doing business as PALO ALTO TECHNICAL, and ROES 1-10, inclusive, | ) 9) **CONVERSION;** |
| | ) 10) **CANCELLATION OF INSTRUMENT/RESTITUTION BASED ON RESCISSION;** |
| Cross-Defendants. | ) 11) **UNJUST ENRICHMENT; AND** |
| | ) 12) **ALTER-EGO LIABILITY.** |

**FIRST AMENDED COMPLAINT; Case No. CIV463528**

1

## TABLE OF CONTENTS

2

Page(s)

3  I. NATURE OF THE ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  II. THE PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5  III. JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6  IV. FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7  FIRST CAUSE OF ACTION
           (Breach of Contract: Agreement of Sale Against All Defendants) . . . . . . . . . . . . . . . . . 9

8
   SECOND CAUSE OF ACTION
9          (Breach of Contract: Operating Agreement Against Defendants
           David McDonald and Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
10
   THIRD CAUSE OF ACTION
11         (Breach of Fiduciary Duty Against Defendants David McDonald and
           Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
12
   FOURTH CAUSE OF ACTION
13         (Accounting Against Defendants David McDonald and Donna McDonald) . . . . . . . . 13

14  FIFTH CAUSE OF ACTION
           (Slander Per Se Against Defendants David McDonald and Donna McDonald) . . . . . . . 13
15
   SIXTH CAUSE OF ACTION
16         (Violations of Beverly-Killea Limited Liability Company Act §§ 17058,
           17106 Against Defendants David McDonald and Donna McDonald) . . . . . . . . . . . . . 14
17
   SEVENTH CAUSE OF ACTION
18         (Corporate Waste Against Defendants David McDonald and
           Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
19
   EIGHT CAUSE OF ACTION
20         (Abuse of Control Against Defendants David McDonald and
           Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
21
   NINTH CAUSE OF ACTION
22         (Conversion Against Defendants David McDonald and
           Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
23
   TENTH CAUSE OF ACTION
24         (Cancellation of Instrument/Restitution Based on Rescission Against
           Defendants David McDonald and Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . 18
25
   ELEVENTH CAUSE OF ACTION
26         (Unjust Enrichment Against Defendants David McDonald and
           Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

1  TWELFTH CAUSE OF ACTION
   (Alter Ego Liability Against Defendants David McDonald and
2        Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

3  PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

4  JURY DEMAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

For her Complaint, plaintiff Jennifer Osbelt ("Osbelt") alleges as follows:

## I. NATURE OF THE ACTION

1.      This action arises out of breach of a written Operating Agreement and Articles of Organization (the "Operating Agreement") dated as of May 13, 2004 among David D. McDonald, his wife Donna K. McDonald (collectively, the "McDonalds") and Osbelt related to National Expert Witness Network, LLC ("NEWN"). Pursuant to the Operating Agreement, OsBelt owns 25% of NEWN while the McDonalds own the remaining 75% in equal shares.

2.      In the early part of 2007, Osbelt raised with the McDonalds various questions related to a purported loan of $210,000 by the McDonalds to NEWN, which the McDonalds have refused to satisfactorily answer. In addition, Osbelt learned that the McDonalds had provided false information to NEWN's accountants, causing them to prepare and file false income tax returns on behalf of NEWN and certain tax schedules related to Osbelt.

3.      In order to ascertain answers to her questions, Osbelt repeatedly requested access to NEWN's books and records. Despite Osbelt's right to such access under the Operating Agreement and under California statute, the McDonalds have refused Osbelt access to NEWN's books and records.

4.      In addition, the McDonalds have excluded Osbelt from participating in the management of NEWN, and have informed NEWN customers that Osbelt is leaving the expert witness business and NEWN "to get married and have babies."

5.      On March 26, 2007, David McDonald, on behalf of NEWN, offered to purchase Osbelt's interest in NEWN for more than $1.8 million, an offer which Osbelt accepted.

6.      Despite numerous discussions and demands regarding performance, NEWN and/or the McDonalds have failed to perform under the agreement to purchase Osbelt's interest in NEWN and have continued to breach their fiduciary obligations and other obligations under the Operating Agreement and the Beverly-Killea Limited Liability Company Act.

7.      This lawsuit follows.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

## II. THE PARTIES

8.    Plaintiff Osbelt is an individual residing in Redwood Shores and is a member of National Expert Witness Network, LLC. Osbelt has over 10 years of high tech industry experience, with a focus on cable and wireless networking and security, web development, and client/server technology. She is familiar with the technologies applied to the Internet and Intranet networks, cable and wireless networking and security, LAN/WAN infrastructure, client/server applications, relational database management systems, network performance management, and eBusiness technologies. Osbelt's recent work has been in providing expert witnesses and case management services to the legal profession in areas of high-technology.

9.    Defendant National Expert Witness Network, LLC ("NEWN") is a California Limited Liability Company with its principal place of business at One Lagoon Drive, Suite 140 Redwood City, CA 94065. NEWN assists attorneys by providing a network of experts and consultants in high technology disciplines for intellectual property litigation.

10.    Defendant David McDonald is an individual residing at 15309 Northlake Road, Magalia, CA 95954. David McDonald is a Member of NEWN.

11.    Defendant Donna McDonald, David McDonald's wife, is an individual residing at 15309 Northlake Road, Magalia, CA 95954. Donna McDonald is a Member of NEWN.

12.    Osbelt does not know the true names and capacities, whether individual, partnership, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, and on that basis designates said defendants herein by such fictitious names. As the true names and capacities of defendants Does 1 through 10, inclusive, or any of them, become known, Osbelt will seek leave to amend this Complaint to state their true names and capacities. Osbelt is informed and believes, and on that basis alleges, that each of the defendants designated herein as Does 1 through 10, inclusive, is in some way liable, responsible or indebted to Osbelt in connection with the events and/or transactions referred to in this Complaint.

13.    Osbelt is informed and believes, and on that basis alleges, that except where otherwise explicitly alleged, each of the defendants, including Does 1 through 10, inclusive, is, and at all relevant times herein mentioned was, the agent, partner, joint venturer, employee,

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1   and/or conspirator of the remaining defendants, and is, and at all relevant times herein mentioned

2   was, in performing and failing to perform the acts and conduct hereinafter alleged, acting within

3   the course and scope of such agency, partnership, joint venture, employment, and/or conspiracy.

4   Osbelt is further informed and believes, and on that basis alleges, that the acts and conduct of

5   each of the defendants were known to, and authorized and ratified by, the remaining defendants,

6   and that each of the defendants is legally responsible for the conduct and damages herein alleged.

7               **III.  JURISDICTION AND VENUE**

8       14.     This Court has jurisdiction of this matter pursuant to California Code of Civil

9   Procedure ("CCP") Section 410.10.  Each of the defendants reside within the state.

10      15.     Venue is proper in this judicial district pursuant to CCP § 395 because the

11  contract at issue was made in, or is to be performed, or the breach has occurred, in this county.

12  The amount in controversy exceeds the jurisdictional minimum amount of this Court.

13              **IV.  FACTUAL ALLEGATIONS**

14      16.     On or about May 13, 2004, Osbelt and the McDonalds entered into an Operating

15  Agreement and Articles of Organization (the "Operating Agreement").  A copy of the Operating

16  Agreement is attached as Exhibit A.  Pursuant to the Operating Agreement, Osbelt is a 25%

17  owner of NEWN, and the McDonalds each own 37.5% of NEWN.

18      17.     The authority of members to participate in the management of NEWN is set forth

19  in Section 5 of the Operating Agreement. Pursuant to Section 5 of the Operating Agreement,

20  each of the members "will participate in the management of the Company affairs ... and ... have

21  exclusive authority to manage and conduct all the business of the Company, with all rights,

22  powers and authority that are conferred by law or are necessary, convenient or appropriate for the

23  managing of the Company's business ...." (Ex. A, § 5.)

24      18.     Pursuant to Section 6.5 of the Operating Agreement, NEWN's books and records

25  are to be maintained at its principal place of business and "[a]ll Members ... have the right on

26  reasonable notice to the Company to ... inspect and ... copy the books and records of the

27  Company ...." (Ex. A, § 6.5.)

28

1    19.    In the event of a so-called "Triggering Event," the "Company and other Members

2 shall have the option to purchase the Membership Interest in the Company of such Member ... at

3 the price and on the terms provided in Section 8.8" of the Operating Agreement. (Ex. A, § 1.38.)

4    20.    In late March 2007, Osbelt became aware of a purported loan from the

5 McDonald's to NEWN in an amount of $210,000 ostensibly made in 2003. To Osbelt's

6 knowledge, the loan had not been reflected in NEWN's books and records at any time prior to

7 2007, and Osbelt requested an explanation from the McDonalds and documentary evidence of

8 the loan. The McDonalds refused to provide a satisfactory response to Osbelt's inquiries.

9    21.    On March 26, 2007, David McDonald sent Osbelt an e-mail complaining about

10 Osbelt's inquiries concerning the loan. He also stated that Osbelt's "lack of trust [in the

11 McDonalds] is insulting to us completely unwarranted and frankly unacceptable. I think that it is

12 a good idea for you to move on." McDonald then went on to explain to Osbelt the contractual

13 procedure pursuant to the Operating Agreement for the McDonalds to purchase Osbelt's interest

14 ("The Company must determine that we wish to purchase membership shares; we do."), and the

15 calculation of the purchase price. McDonald calculated the purchase price of Osbelt's interest at

16 NEWN as $1,886,063.80 and demanded that Osbelt accept or reject the offer that same day. A

17 copy of David McDonald's e-mail dated March 26, 2007 is attached as Exhibit B.

18    22.    On March 26, 2007, and as requested by David McDonald, Osbelt responded to

19 McDonalds' and/or NEWN's offer by e-mail stating, in pertinent part: "I will take your deal ...

20 [g]o ahead and draw up the papers." A copy of Osbelt's e-mail dated March 26, 2007 is attached

21 as Exhibit C. On April 3, 2007, Osbelt left to get married and celebrate their union in Hawaii.

22    23.    While in Hawaii, Osbelt was contacted by her tax preparer. He advised her that,

23 according to the tax forms provided by NEWN, she owed the IRS an unexpected amount of

24 taxes. Osbelt requested from her tax preparer a copy of the Schedule K-ls, which reflect a

25 member's purported income from a limited liability corporation, submitted by NEWN. Osbelt

26 immediately realized the information on the schedules was false and attributed substantially more

27 of NEWN's annual taxable income to her than was proper under the Operating Agreement.

28 Osbelt's inquiries to the McDonalds concerning the discrepancies were rebuffed.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1       24.    On her return from her wedding and celebration in Hawaii on April 17, 2007,

2  Osbelt attempted to contact the McDonalds to discuss the false Schedule K-ls, but they refused to

3  speak with her. On information and belief, the McDonalds also instructed NEWN's accountants

4  not to discuss any of NEWN's financial affairs with Osbelt. Furthermore, Osbelt learned that the

5  McDonalds had hired an individual named Tom Fisher to take over Osbelt's operational duties at

6  NEWN. Finally, on information and belief, the McDonalds began informing NEWN clients that

7  Osbelt has left NEWN and the expert witness business "to get married and have babies."

8       25.    On or about April 20, 2007, Osbelt received a letter from US Bank advising her

9  that NEWN was overdue on renewing its line of credit with US Bank, and requesting certain

10  financial information from her to renew the NEWN Member's personal guarantees for the line of

11  credit, despite the fact that the McDonalds and/or NEWN was purchasing Osbelt's interest in

12  NEWN. A copy of US Bank's letter dated April 17, 2007, is attached as Exhibit D. By this time,

13  NEWN's indebtedness to US Bank had grown to over $260,000.

14       26.    Concerned about the extent of NEWN's indebtedness and the McDonalds' refusal

15  to provide details about the loan, Osbelt contacted US Bank and informed it that she would not

16  sign as a guarantor until she had received details about the loan from the McDonalds.

17       27.    On April 20, 2007, Osbelt sent David McDonald an e-mail in which she

18  requested, inter alia, to be allowed to inspect and copy the "the past 4 years of books and records

19  of [NEWN]. . . ." A copy of Osbelt's April 20, 2007 e-mail is attached as Exhibit E.

20       28.    On May 5, 2007, David McDonald sent Chris Rodi ("Rodi"), Osbelt's husband, an

21  e-mail stating that he had been notified by US Bank that it was calling in the loan. Attached "to

22  the e-mail was a letter from David McDonald to Rodi. That same day, Rodi responded that

23  Osbelt was unwilling to renew her personal guarantee to US Bank on behalf of NEWN and

24  explained her reasoning therefor. He also explained that any purported capital call under the

25  Operating Agreement would be premature and ineffective given the disparities that Osbelt had

26  found in NEWN's financial records, including the false Schedule K-1s. A copy of David

27  McDonald's e-mail dated May 5, 2007, the attached letter, and Rodi's response is attached as

28  Exhibit F.

29. On May 8, 2007, David McDonald sent Osbelt an e-mail to which he attached a Notice of Default from US Bank to NEWN dated May 7, 2007. In his letter, McDonald purported to invoke the provisions of Section 3.1 of the Operating Agreement and requested that Osbelt contribute an amount of $66,104.48 representing 25% of NEWN's indebtedness to US Bank by May 23, 2007. A copy of McDonald's e-mail dated May 8, 2007 and the US Bank notice dated May 7, 2007, are attached as Exhibit G.

30. That same day, May 8, 2007, and the next, May 9, 2007, Rodi, on behalf of Osbelt, sent two e-mails to David McDonald assuring McDonald that Osbelt wanted to comply fully with any obligation she had under the Operating Agreement but advising him that she was unable to do so given the discrepancy in NEWN's financial statements and the false Schedule K-1s, and that the purported invocation of Section 3.1 of the Operating Agreement was ineffective. A copy of Rodi's e-mails dated May 8 and 9, 2007 is attached as Exhibit H.

31. On May 10, 2007, David McDonald responded by e-mail to Rodi bluntly stating "Jennifer has 13 days left to provide the additional cash ...." By this time, it was clear that the McDonalds were intent on forcing Osbelt out of NEWN by any means possible. A copy of David McDonald's May 10, 2007 e-mail is attached as Exhibit I.

32. On May 17, 2007, Donald Gagliardi of Bergeson, LLP, on behalf of Osbelt, sent a letter to E. Thorn Rumberger ("Rumberger") of Greenberg Traurig, an attorney believed to represent the McDonalds, reiterating Osbelt's request for access to NEWN's books and records; reiterating Osbelt's position that the purported capital call was invalid; and suggesting that the parties work toward a negotiated settlement of the issues between them. A copy of Donald Gagliardi's letter of May 17, 2007 is attached as Exhibit J.

33. At Rumberger's request, attorneys for Osbelt attended a meeting at Rumberger's offices on May 18, 2007, to initiate a dialogue between the parties. At that meeting, counsel for Osbelt again reiterated that inspection of NEWN's books and records was a predicate to any resolution of the dispute between the parties. Counsel for the McDonalds undertook to schedule such inspection.

34.    On May 21, 2007, and not having received a response from counsel for the McDonald's to the May 17 Gagliardi letter or to the requests made at the May 18 meeting, counsel for Osbelt sent another letter to Rumberger. Gagliardi concluded the letter by stating "[p]lease regard this letter as the final request by Osbelt for a full inspection of the complete books and records of NEWN ...." Gagliardi also provided a date for the inspection, May 24, 2007. A copy of Gagliardi's May 21, 2007, letter to Rumberger is attached as Exhibit K.

35.    On May 22, 2007, Fred Adam ("Adam"), another attorney representing the McDonalds, responded to Gagliardi by e-mail. In his e-mail, Adam stated "the Magalia location [is] not an option [for the inspection] since the office is located in the home of [the McDonalds]." Adam went on to state that the McDonalds required an "express list of what was being requested." A copy of Adam's e-mail to Gagliardi dated May 22, 2007 is attached as Exhibit L.

36.    Gagliardi responded by letter that same day, May 22, 2007.  In his letter, Gagliardi rejected Adam's attempt to limit the inspection to certain specified documents, but provided a non-exclusive list of categories of records that Osbelt wished to inspect and copy. Gagliardi also pointed out that inasmuch as the McDonalds had improperly elected to maintain the books and records of NEWN in their home, it was inappropriate to use that fact as a reason for not allowing Osbelt access to the records. Gagliardi again stated that Osbelt wished to conduct the inspection on May 24, 2007. A copy of Gagliardi's May 22, 2007, letter to Adam is attached as Exhibit M.

37.    On May 23, 2007, Adam sent an e-mail at 6:39 pm to counsel for Osbelt in which he stated: "[h]ope to get you a response to document request later tonight." A copy of Adam's email to Marc van Niekerk dated May 23, 2007, is attached as Exhibit N.

38.    Later that evening, Van Niekerk sent Adam an e-mail at 8:06 pm noting that Osbelt had still not received confirmation that she would be allowed access to NEWN's books and records the next day, May 24, 2007, and requesting such confirmation. A copy of Van Niekerk's e-mail to Adam dated May 23, 2007, is attached as Exhibit O.

39.    A few minutes later, Adam responded to Van Niekerk's e-mail stating "tomorrow won't work due to too short notice for scheduling, but we are trying to schedule for Friday [May 25]." A copy of Adam's e-mail to Van Niekerk dated May 23, 2007, is attached as Exhibit P.

40.    On May 24, 2007, counsel for the McDonalds sent a letter to Gagliardi purportedly responding to Osbelt's requests for access to NEWN's books and records, but advancing numerous spurious arguments why access was not possible. Again, Adam specifically informed counsel that Osbelt would not be allowed to inspect the records where they are maintained. Adam went on to state that "it is our client's sincere belief that the records and other materials provided by our client to date, or already in Ms. Osbelt's possession, comply with your client's document request ...." A copy of Adam's letter to Gagliardi dated May 24, 2007, is attached as Exhibit Q.

41.    Counsel for Osbelt responded to Adam by letter dated May 25, 2007, refuting each of Adam's contentions. Counsel for Osbelt reiterated Osbelt's request for access to source documents, as opposed to spreadsheets and tables prepared by the McDonalds. A copy of the letter dated May 25, 2007, from Van Niekerk to Goines is attached as Exhibit R.

42.    Five days later, on May 30, 2007, Goines responded to Van Niekerk's letter of May 25, 2007. In his letter, Goines made it clear that the McDonalds would not be allowing Osbelt access to the books and records of NEWN or allow Osbelt access to the books and records where they are maintained. A copy of Goines' May 30, 2007, letter to Van Niekerk is attached as Exhibit S.

43.    After filing this litigation, Osbelt served discovery on the McDonalds on August 1, 2007. Osbelt's discovery requests included requests for the production of all books and records, including, but not limited to, source documents. The McDonalds again refused to produce those documents.

44.    At the recent depositions of the McDonalds held October 17, 2007, and October 18, 2007, Osbelt again had requested production of all books and records, including, but not limited to, source documents. Again, the McDonalds failed to produce these documents.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

45. At the deposition of David McDonald, it came to light that on or about April of 2007, the McDonalds caused NEWN to enter into "consulting" agreements with themselves. Under these purported agreements, Donna McDonald provides bookkeeping "consulting" services to NEWN and David McDonald provides CEO "consulting" services to NEWN. Previously, Donna and David McDonald had performed these functions as members and managers of NEWN and had received compensation through profits shared by all members and managers. Now, through these self-serving "consulting" agreements, the McDonalds have paid themselves hundreds of thousands of dollars for their services.

46. On or about October 30, 2007, David McDonald, without the input of all members and managers, including Osbelt, or even the opportunity for them to provide input, unilaterally purported to order a capital call. The purported capital call did not comply with the terms and conditions of the Operating Agreement and was done for improper purpose. The McDonalds are using the capital call device in bad faith in order to better their majority position in the company, while diluting Osbelt's position.

47. The McDonalds, collectively majority members and managers of NEWN and TCLE, with a joint 75% interest in the companies, have repeatedly violated their duties and obligations to Osbelt, a minority member and manager of NEWN and TCLE. Further, they have reneged on their offer to purchase Osbelt's interest in NEWN and/or caused NEWN to renege, thereby breaching a legally, binding contract.

## FIRST CAUSE OF ACTION

### (Breach of Contract: Agreement of Sale Against All Defendants)

48. Osbelt incorporates by reference the allegations set forth above as though fully restated herein.

49. On or about March 26, 2007, David McDonald, on behalf of NEWN and/or his own behalf and that of his wife, Donna McDonald, offered to purchase Osbelt's interest in NEWN for a purchase price of $1,886,063.80. McDonald specified that the offer was to be accepted or rejected that same day.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1    50.    Osbelt accepted McDonald's offer that same day, March 26, 2007, as a

2   consequence whereof a valid and enforceable agreement of sale of Osbelt's share in NEWN to

3   the McDonalds and/or NEWN in exchange for payment by them to Osbelt of $1,886,063.80 was

4   created.

5    51.    Osbelt is, and at all times, was ready, willing, and able to complete performance

6   under the agreement.

7    52.    Without justification and in breach of its obligations under the agreement, the

8   McDonalds and/or NEWN have failed to make payment to Osbelt of the agreed upon purchase

9   price of $1,886,063.80 or any part thereof.

10    53.    As a result of the McDonalds' and/or NEWN's breach of the Agreement, Osbelt

11   has been damaged in an amount to be proven at trial, but in no event less than $1,886,063.80,

12   plus interest and costs of suit.

13                                  **SECOND CAUSE OF ACTION**

14                      **(Breach of Contract: Operating Agreement Against Defendants**

15                              **David McDonald and Donna McDonald)**

16    54.    Osbelt incorporates by reference the allegations set forth above as though fully

17   restated herein.

18    55.    On or about May 13, 2004, Osbelt and the McDonalds entered into an Operating

19   Agreement and Articles of Organization (the "Operating Agreement").

20    56.    The authority of Members to participate in the management of NEWN is set forth

21   in Section 5 of the Operating Agreement. Pursuant to Section 5 of the Operating Agreement,

22   each of the Members "will participate in the management of the Company affairs...and... have

23   exclusive authority to manage and conduct all the business of the Company, with all rights,

24   powers and authority that are conferred by law or are necessary, convenient or appropriate for the

25   managing of the Company's business ...." (Ex. A, § 5.)

26    57.    Pursuant to Section 6.5 of the Operating Agreement, NEWN's books and records

27   are to be maintained at its principal place of business and "[a]ll Members ... have the right on

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1    reasonable notice to the Company to ... inspect and ... copy the books and records of the

2    Company ...." (Ex. A, § 6.5.)

3        58.    Osbelt has performed all of her obligations under the Operating Agreement except

4    those obligations which have been waived or excused.  Further, Osbelt is, and at all times, was

5    ready, willing, and able to complete performance under the Operating Agreement.

6        59.    The McDonalds, without justification, have breached the Operating Agreement

7    by, inter alia:

8            59.1    Wrongfully excluding Osbelt from participating in management of

9                    NEWN;

10           59.2    Failing to maintain the books and records at NEWN's principal place of

11                   business in Redwood City;

12           59.3    Denying Osbelt access to NEWN's books and records for the purpose of

13                   copying them, despite repeated requests therefor;

14           59.4    Causing the books and records of NEWN to reflect false allocation of

15                   NEWN's profits to Osbelt;

16           59.5    Causing NEWN's accountants to prepare false financial statements on

17                   behalf of NEWN;

18           59.6    Causing NEWN's accountants to prepare and file false income tax returns

19                   on behalf of NEWN;

20           59.7    Failing to disclose interested transactions with NEWN;

21           59.8    Self-dealing with NEWN including, but not limited to: consulting

22                   agreements, reimbursement of personal expenses and purported loans to

23                   NEWN, all to the detriment of NEWN; and

24           59.9    Abusing their power as co-managers of NEWN by freezing out co-

25                   manager Osbelt and making a capital call without the consent of all

26                   members and co-managers of NEWN.

27

28

1    60.    As a result of the McDonalds' breach of the Operating Agreement, Osbelt has
2 been damaged in an amount to be proven at trial, but in no event less than $1,886,063.80, plus
3 interest and costs of suit.

4                              **THIRD CAUSE OF ACTION**

5    **(Breach of Fiduciary Duty Against Defendants David McDonald and Donna McDonald)**

6    61.    Osbelt incorporates by reference the allegations set forth above as though fully
7 restated herein.

8    62.    As Osbelt's fellow members in NEWN and as holders of the majority interest in
9 NEWN, the McDonalds owed Osbelt fiduciary duties of loyalty, good faith, candor, and fair
10 dealing.

11    63.    The McDonalds have breached their fiduciary duties to Osbelt by:

12        63.1    Wrongfully excluding Osbelt from participating in management of
13                NEWN;

14        63.2    Failing to maintain the books and records at NEWN's principal place of
15                business in Redwood City;

16        63.3    Denying Osbelt access to NEWN's books and records for the purpose of
17                copying them, despite repeated requests therefor;

18        63.4    Causing the books and records of NEWN to reflect false allocation of
19                NEWN's profits to Osbelt;

20        63.5    Causing NEWN's accountants to prepare false financial statements on
21                behalf of NEWN;

22        63.6    Causing NEWN's accountants to prepare and file false income tax returns
23                on behalf of NEWN;

24        63.7    Failing to disclose interested transactions with NEWN;

25        63.8    Self-dealing with NEWN including, but not limited to: consulting
26                agreements, reimbursement of personal expenses and purported loans to
27                NEWN, all to the detriment of NEWN; and

28

⊛
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

---

63.9    Abusing their power as co-managers of NEWN by freezing out co-
manager Osbelt and making a capital call without the consent of all
members and co-managers of NEWN.

64.    As a result of the McDonalds' breach of their fiduciary duties to Osbelt, Osbelt
has been damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Accounting Against Defendants David McDonald and Donna McDonald)

65.    Osbelt incorporates by reference the allegations set forth above as though fully
restated herein.

66.    As Osbelt's fellow members in NEWN and as holders of the majority interest in
NEWN, the McDonalds owed Osbelt fiduciary duties of loyalty, good faith, candor and fair
dealing.

67.    The McDonald's have controlled the maintenance of NEWN's financial books and
records and have excluded Osbelt from access thereto.

68.    Osbelt wishes to assign her membership interest in NEWN to the McDonalds
against payment by the McDonalds pursuant to the formula set forth in the Operating Agreement.

69.    The payment due from the McDonalds is unknown and cannot be ascertained
without an accounting of the receipts and disbursements of all NEWN transactions.

70.    The McDonalds have failed and refused, and continue to fail and refuse, to render
such an accounting.

71.    The foregoing actions entitle Osbelt to an accounting against the McDonalds to
determine the purchase price of Osbelt's interest in NEWN.

## FIFTH CAUSE OF ACTION

### (Slander Per Se Against Defendants David McDonald and Donna McDonald)

72.    Osbelt incorporates by reference the allegations set forth above as though fully
restated herein.

73.    On information and belief, the McDonalds have been informing NEWN clients
that Osbelt has left NEWN and the expert witness business "to get married and have babies."

74.    This statement by the McDonalds is false and known by the McDonalds to be false and was uttered with malice.

75.    This statement by the McDonalds is injurious to Osbelt's professional and/or business reputation.

76.    The foregoing entitles Osbelt to compensatory and punitive damages for which the McDonalds are liable, according to proof.

### SIXTH CAUSE OF ACTION

### (Violations of Beverly-Killea Limited Liability Company Act §§ 17058, 17106 Against Defendants David McDonald and Donna McDonald)

77.    Osbelt incorporates by reference the allegations set forth above as though fully restated herein.

78.    The McDonalds have violated Sections 17058, 17106 of the Beverly-Killea Limited Liability Company Act by:

78.1    Failing to maintain the books and records of NEWN as they relate to the internal affairs of NEWN for the current and past four fiscal years; and

78.2    Refusing to allow Osbelt to inspect and copy NEWN's books and records despite repeated, reasonable and appropriate requests.

79.    The foregoing entitles Osbelt to an order pursuant to Section 17106(f) that the McDonalds provide Osbelt with the information and financial statements of NEWN and reasonable expenses, including attorneys fees, pursuant to Section 17106(g).

### SEVENTH CAUSE OF ACTION

### (Corporate Waste Against Defendants David McDonald and Donna McDonald)

80.    Osbelt incorporates by reference the allegations set forth above as though fully restated herein.

81.    David and Donna McDonald, and each of them, wrongfully and intentionally diverted NEWN's and TCLE's company assets for improper and unnecessary purposes, which

1     acts constitute corporate waste and gift. The McDonalds, joint majority members and managers

2     of NEWN and TCLE, had a duty not to permit corporate waste or to commit corporate waste

3     themselves.

4         82.     The McDonalds have wrongfully and intentionally diverted NEWN's and TCLE's

5     company assets for their own, personal use. Diversion of company assets includes, but is not

6     limited to, improperly using company assets to pay personal litigation expenses, improperly

7     paying themselves improper and excessive "consulting" fees, and improperly using company

8     assets for personal expenses.

9         83.     Most recently, the McDonalds have excluded Osbelt from management of the

10     companies and then proceeded to drain the company assets for their personal benefit.

11     Immediately after excluding Osbelt from management, The McDonalds caused NEWN to enter

12     into "consulting" agreements with themselves. Under the so-called "consulting" agreements,

13     Donna McDonald provides bookkeeping "consulting" services to NEWN and David McDonald

14     provides CEO "consulting" services to NEWN. Previously, the McDonalds did this same work

15     and received compensation through profits shared by the members. But, with Osbelt removed

16     from management, they now perform the same tasks as before, but receive hundreds of thousands

17     of dollars for their "consulting" services.

18         84.     The conduct of Defendants David and Donna McDonald, and each of them, was

19     not in good faith, nor did the McDonalds make any judgment, in the exercise of good faith, that

20     based on the circumstances of the transactions and self-dealing, of which they were fully aware,

21     that their actions and omissions were worthwhile to NEWN and TCLE and in those companies

22     bests interests. Rather, their actions directly interfered with the business of NEWN and TCLE by

23     diverting corporate assets out of the companies.

24         85.     The McDonalds, and each of them, aided and abetted, encouraged and rendered

25     substantial assistance to each other in accomplishing the wrongful conduct, acts and omissions

26     and wrongful goals complained of herein. In abiding and abetting and substantially assisting the

27     commission of these wrongful acts, each of the McDonalds realized that his or her conduct

28

1   would substantially assist the accomplishments of the wrongful conduct, wrongful goals, and

2   wrongdoing.

3       86.    As a result of the McDonalds' wrongful conduct, and the wrongful conduct of

4   each of them, NEWN, TCLE and Osbelt have suffered and continue to suffer economic and non-

5   economic damages. NEWN, TCLE and Osbelt has also suffered other general and specific

6   damages, including, but not limited to, lost profits, unwarranted financial losses and expenses

7   and alleged dilution of interest in the companies. Osbelt is entitled to disgorgement of corporate

8   waste attributed to the McDonalds' wrongful actions and self-dealing and any compensation

9   wrongfully obtained by them thereby from expense payments, consulting fees, alleged dilution of

10  interest any other compensation that would not have been paid but for their wrongful conduct.

11                          **EIGHT CAUSE OF ACTION**

12      **(Abuse of Control Against Defendants David McDonald and Donna McDonald)**

13      87.    Osbelt incorporates by reference the allegations set forth above as though fully

14  restated herein.

15      88.    The McDonalds dominated and controlled the business affairs of NEWN and

16  TCLE through their majority stock ownership, member and management positions, financial

17  dealings and otherwise. The McDonalds abused their control of these companies by acting

18  contrary to the companies' best interest and instead acting to further their own private financial

19  and personal interests.

20      89.    The McDonalds, and each of them, knew or should have known that their acts and

21  omissions constituted a breach of duty and an abuse of control. Each Defendant further gave

22  substantial assistance to the other Defendant and in doing so aided and abetted the violations by

23  the other Defendant. Without such assistance and encouragement of one Defendant to another,

24  the wrongful acts could not have occurred.

25      90.    In violation of their contractual and statutory duties, the McDonalds abused their

26  positions of control by entering into self-interested transactions without the approval or even the

27  consultation of any of NEWN's and TCLE's disinterested members or managers. These

28  transactions included, but were not limited to, causing NEWN and TCLE to pay the McDonalds

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1  personal and home expenses, causing NEWN to become indebted to the McDonalds, causing

2  NEWN to require unwarranted and improper capital calls, and causing TCLE to abandon patent

3  claims against its interests.

4      91.    As a result of the McDonalds' wrongful conduct, and the wrongful conduct of

5  each of them, NEWN, TCLE and Osbelt have suffered and continue to suffer economic and non-

6  economic damages. NEWN, TCLE and Osbelt have also suffered other general and specific

7  damages, including, but not limited to, lost profits, unwarranted financial losses and expenses

8  and alleged dilution of interest in the companies. Osbelt is entitled to disgorgement of corporate

9  waste attributed to the McDonalds' wrongful actions and self-dealing and any compensation

10  wrongfully obtained by the McDonalds thereby from expense payments, consulting fees, alleged

11  dilution of interest and any other compensation that would not have been paid but for their

12  wrongful conduct.

13                          **NINTH CAUSE OF ACTION**

14          **(Conversion Against Defendants David McDonald and Donna McDonald)**

15      92.    Osbelt incorporates by reference the allegations set forth above as though fully

16  restated herein.

17      93.    During all relevant times while Osbelt was a member of NEWN and TCLE, she

18  was and still is entitled to a share of the profits of these companies.

19      94.    Contrary to their contractual and statutory duties, the McDonalds wrongfully

20  misappropriated and converted the assets of NEWN, TCLE and Osbelt for themselves. This

21  conversion includes, but is not limited to, converting Osbelt's interest in NEWN into their own

22  through unwarranted and improper capital calls, converting NEWN's and Osbelt's assets and

23  profits into their own through excessive and improper "consulting" fees payable to themselves,

24  converting NEWN's and Osbelt's assets into their own through false and improper debt

25  obligations payable to themselves, converting NEWN, TCLE and Osbelt's assets into their own

26  through wrongful and improper payment to themselves.

27      95.    Osbelt has demanded the immediate return of these assets, but the McDonalds

28  have failed and refused, and continue to fail and refuse, to return the assets to NEWN, TCLE and

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

FIRST AMENDED COMPLAINT; Case No. CIV463528                                    17

1 | Osbelt. A copy of Osbelt's written demand is attached to the First Amended Complaint as

2 | Exhibit T.

3      96.    The McDonalds' conversion of these assets was with malice, oppression, and a

4 | willful and conscious disregard for the rights of Osbelt. The McDonalds misappropriated and

5 | converted company assets and funds for their personal use without any approval or consultation

6 | of Osbelt or any other disinterested member or manager of the companies. They acted with

7 | reckless indifference and willful and conscious disregard of any person who had an interest in the

8 | converted property and, particularly, the rights of Osbelt.

9      97.    Further, after knowledge and notice of Osbelt's interest in the converted assets

10 | was given to the McDonalds, they failed and refused, and continue to fail and refuse, to return the

11 | assets. By reason of these acts, Osbelt has been oppressed and seeks punitive and exemplary

12 | damages.

13      98.    In addition to exemplary and punitive damages, NEWN, TCLE and Osbelt have

14 | additionally suffered and continue to suffer economic and non-economic damages. NEWN,

15 | TCLE and Osbelt have also suffered other general and specific damages, including, but not

16 | limited to, lost profits, unwarranted financial losses and expenses and alleged dilution of interest

17 | in the companies. Osbelt is entitled to disgorgement of corporate waste attributed to the

18 | McDonalds' wrongful actions and self-dealing and any compensation wrongfully obtained from

19 | the McDonalds thereby from expense payments, consulting fees, alleged dilution of interest and

20 | any other compensation that would not have been paid but for their wrongful conduct.

21 | **TENTH CAUSE OF ACTION**

22 | **(Cancellation of Instrument/Restitution Based on Rescission Against Defendants David**

23 | **McDonald and Donna McDonald)**

24      99.    Osbelt incorporates by reference the allegations set forth above as though fully

25 | restated herein.

26      100.   The McDonalds, as members and managers of NEWN and TCLE, caused NEWN

27 | and TCLE to enter into transactions with the McDonalds. The McDonalds had a financial

28 | interest in these transactions which conflicted with the best interests of NEWN, TCLE and,

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1   minority member and manager, Osbelt. The McDonalds purportedly made loans to NEWN,

2   causing NEWN to be indebted to the McDonalds for hundreds of thousands of dollars. The

3   McDonalds also caused NEWN to enter into "consulting" agreements with themselves which

4   purport to require NEWN to pay the McDonalds hundreds of thousands of dollars. The

5   McDonalds further caused NEWN to make improper capital calls which have purported to dilute

6   Osbelt's interest in NEWN while increasing their own interest.

7       101.   Despite their conflict of interest, the McDonalds failed to have a disinterested

8   member or manager review and/or approve these transactions and agreements and, in fact, none

9   of these agreements and transactions were approved by Osbelt or any other disinterested member

10  or manager of NEWN. Further, the McDonalds never allowed Osbelt or any other disinterested

11  member or manager of NEWN even an opportunity to vote on, approve, object or otherwise

12  provide input as to these agreements and transactions or otherwise provide input or object. In

13  fact, the McDonalds never even disclosed these agreements and transactions to Osbelt until well

14  after they were completed or not at all.

15      102.   Osbelt hereby intends service of copies of the summons and this First Amended

16  Complaint as notice of rescission of the contracts and transactions.

17      103.   The McDonalds, as majority members and managers, entered into these self-

18  serving contracts and transactions for the sole benefit of themselves and at the detriment of

19  NEWN, TCLE and Osbelt. These transactions are sham: the McDonalds entered into these

20  transactions and/or caused NEWN and TCLE to enter into the transactions to injure and defraud

21  Osbelt and the companies.

22      104.   In addition to exemplary and punitive damages, NEWN, TCLE and Osbelt have

23  additionally suffered and continue to suffer economic and non-economic damages. NEWN,

24  TCLE and Osbelt have also suffered other general and specific damages, including, but not

25  limited to, lost profits, unwarranted financial losses and expenses, and alleged dilution of interest

26  in the companies. Osbelt is entitled to disgorgement of corporate waste attributed to the

27  McDonalds' wrongful actions and self-dealing and any compensation wrongfully obtained by the

28

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1  McDonalds thereby from expense payments, consulting fees, alleged dilution of interest, and any

2  other compensation that would not have been paid but for their wrongful conduct.

3  ## ELEVENTH CAUSE OF ACTION

4  **(Unjust Enrichment Against Defendants David McDonald and Donna McDonald)**

5  105.    Osbelt incorporates by reference the allegations set forth above as though fully

6  restated herein.

7  106.    By their wrongful acts and omissions, the McDonalds, and each of them, have

8  been unjustly enriched at the expense of and detriment to NEWN, TCLE and Osbelt who were

9  meanwhile unjustly deprived.

10  107.    Osbelt, on behalf of NEWN, TCLE and herself, seeks restitution from The

11  McDonalds, and each of them, and seeks an order of this Court disgorging all improper profits,

12  fees, payments, benefits and other compensations obtained by the McDonalds from their

13  wrongful conduct and breaches of fiduciary duties.

14  ## TWELFTH CAUSE OF ACTION

15  **(Alter Ego Liability Against Defendants David McDonald and Donna McDonald)**

16  108.    Osbelt incorporates by reference the allegations set forth above as though fully

17  restated herein.

18  109.    There exists, and at all times herein mentioned there existed, a unity of interest

19  and ownership between the McDonalds and NEWN, such that any individuality and separateness

20  between the McDonalds and NEWN ceased, and these limited liability companies are the alter

21  ego of the McDonalds in that they wholly disregarded any of the obligations imposed upon them

22  by the operating agreement and California Corporations law.  The McDonalds dominated and

23  controlled the business of NEWN, despite the rights of other Osbelt and other members of the

24  company.

25  110.    Adherence to the fiction of the separate existence of NEWN, as an entity distinct

26  from the McDonalds, would permit an abuse of the limited liability company privilege and would

27  sanction fraud or otherwise promote injustice as the McDonalds have run NEWN in bad faith

28  with utter disregard to the Operating Agreement and the rights of Osbelt and the other members.

❀
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1  The McDonalds used the limited liability companies for their personal benefit and not for

2  company business, and, in doing so, acted to the detriment of NEWN and the other members.

3        111.    To the extent that the trier of fact finds that NEWN, not the McDonalds, breached

4  the agreement to purchase Osbelt's interest in NEWN as alleged in Osbelt's First Cause of

5  Action, the McDonalds should be jointly and severally liable as alter-ego Defendants.

6  **PRAYER**

7        WHEREFORE, Osbelt prays for judgment jointly and severally against the McDonalds to

8  the First Cause of Action and against the McDonalds as to the remaining causes of action as

9  follows:

10         a.     For damages according to proof at trial, but in no event less than

11             $1,886,063.80;

12         b.     For an accounting;

13         c.     For an order pursuant to .Section 17106(f) of the Beverly-Killea Limited

14             Liability Company Act;

15         d.     For punitive damages as determined by a jury;

16         e.     For past and future profits;

17         f.     For pre-judgment interest at the legal rate;

18         g.     For costs of suit, including attorneys' fees;

19         h.     For such other and further relief as this Court deems just and proper.

21 Dated: November 3 0, 2007                  **COTCHETT, PITRE & McCARTHY**

23                           By: _____

24                                SEAN E. PONIST

                                 *Attorneys for Plaintiff Jennifer Osbelt*

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

1

## JURY DEMAND

2    Plaintiff demands trial by jury on all issues so triable.

3

4    DATED: November ___30___, 2007                    COTCHETT, PITRE & McCARTHY

5

6                                                      By_____

7                                                          SEAN E. PONIST
                                                        *Attorneys for Plaintiff Jennifer Osbelt*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT

1   JOSEPH W. COTCHETT (36324)
    jcotchett@cpmlegal.com
2   ARA R. JABAGCHOURIAN (205777)
    ajabagchourian@cpmlegal.com
3   SEAN E. PONIST (204712)
    sponist@cpmlegal.com
4   **COTCHETT, PITRE & McCARTHY**
    840 Malcolm Road, Suite 200
5   Burlingame, CA 94010
    Telephone: (650) 697-6000
6   Facsimile: (650) 697-0577

7   Attorneys for Plaintiff Jennifer Osbelt

**FILED**
SAN MATEO COUNTY

DEC - 4 2007

Clerk of the Superior Court
By _____
DEPUTY CLERK

8

9

10       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11             **COUNTY OF SAN MATEO**

12

13   JENNIFER OSBELT,         )  **Case No. CIV463528**
                       )
14         Plaintiff,        )
                       )
15     v.               )
                       )  **STIPULATION AND [PROPOSED]**
16   DAVID D. MCDONALD, DONNA K.  )  **ORDER GRANTING LEAVE FOR**
    MCDONALD, and DOES 1-10, inclusive, )  **PLAINTIFF TO FILE A FIRST**
17                      )  **AMENDED COMPLAINT**
        Defendants.     )
18                      )
                     )
19  _____ )
                     )
20   DAVID D. McDONALD; DONNA K.   )
    McDONALD; NATIONAL EXPERT   )
21   WITNESS NETWORK, a California   )
    Limited Liability Company;     )
22   TECHNOLOGY CLE, a California Limited )
    Liability Company,      )
23                      )
        Cross-Complainants, )
24                      )
    v.               )
25                      )
    JENNIFER OSBELT, individually and   )
26   doing business as PALO ALTO     )
    TECHNICAL, and ROES 1-10, inclusive, )
27                      )
        Cross-Defendants.   )
28                      )
                     )

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE FOR PLAINTIFF TO FILE A FIRST
AMENDED COMPLAINT

## STIPULATION

WHEREAS, Plaintiff previously filed a complaint in this action on June 5, 2007, and Defendant answered on July 18, 2007.

WHEREAS, Plaintiff now seeks to file an amended complaint which will make the following changes to the existing complaint on file:

- Adding National Expert Witness Network ("NEWN") as a defendant;

- Adding a Seventh Cause of Action for Corporate Waste, an Eighth Cause of Action for Abuse of Control, a Ninth Cause of Action for Conversion, a Tenth Cause of Action for Cancellation of Instrument/Restitution Based on Rescission, an Eleventh Cause of Action for Unjust Enrichment, and Twelfth Cause of Action for Alter-Ego;

- Adding a claim for lost profits; and,

- Correcting  syntactical and grammatical errors contained in the original complaint.

WHEREAS, Defendants David and Donna McDonald and proposed Defendant NEWN do not oppose the filing of the amended complaint, attached hereto as Exhibit A;

WHEREAS, the parties agree that the proposed First Amended Complaint shall be deemed to be the amended pleading and that it be deemed filed with the Court upon the Court's execution of this Order and shall be served on all Parties within 14 (fourteen) days thereafter.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED that, subject to Court approval, Plaintiff's First Amended Complaint, attached hereto as Exhibit A, shall be deemed to be the amended pleading and that it be deemed filed with the Court upon the Court's execution of this Order and shall be served on all Parties within 14 (fourteen) days thereafter.

///

///

///

1   Dated: November 30, 2007

2                                                COTCHETT, PITRE & McCARTHY

3

4                                                By: _____
                                                      SEAN E. PONIST
5                                                   Attorneys for Plaintiffs

6   Dated: November ___, 2007

7                                                GREENBERG TRAURIG, LLP

8

9                                                By: _____
                                                      CINDY HAMILTON
                                                 Attorneys for Defendants David and Donna
10                                                        McDonald and NEWN

11

12                                               **ORDER**

13  IT IS SO ORDERED.

14

15  Dated: _____

16                                               JUDGE OF THE SUPERIOR COURT

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

1   Dated: November ___, 2007        **COTCHETT, PITRE & McCARTHY**

2

3                             By: _____

4                                 SEAN E. PONIST
                                  Attorneys for Plaintiffs

5

6   Dated: November 30 2007         **GREENBERG TRAURIG, LLP**

7

8                             By: _Cindy Hamilton_

9                                 CINDY HAMILTON
                     Attorneys for Defendants David and Donna

10                                 McDonald and NEWN

11

12                                  **ORDER**

13   IT IS SO ORDERED.

14

15   Dated: _____ DEC 0 4 2007 _____

16                               JUDGE OF THE SUPERIOR COURT

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE FOR PLAINTIFF TO FILE A FIRST
AMENDED COMPLAINT
                                                   -2-

**EXHIBIT A**

1  JOSEPH W. COTCHETT (36324)
   jcotchett@cpmlegal.com
2  ARA R. JABAGCHOURIAN (205777)
   ajabagchourian@cpmlegal.com
3  SEAN E. PONIST (204712)
   sponist@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
5  Burlingame, CA 94010
   Telephone: (650) 697-6000
6  Facsimile: (650) 697-0577

7  Attorneys for Plaintiff Jennifer Osbelt

8

9

   ### SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
   ### COUNTY OF SAN MATEO
11

| | |
|---|---|
| JENNIFER OSBELT, | Case No. CIV463528 |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| v. | 1) **BREACH OF CONTRACT: AGREEMENT OF SALE;** |
| DAVID D. MCDONALD, DONNA K. MCDONALD, and DOES 1-10, inclusive, | 2) **BREACH OF CONTRACT: OPERATING AGREEMENT;** |
| Defendants. | 3) **BREACH OF FIDUCIARY DUTY;** |
| | 4) **ACCOUNTING;** |
| | 5) **SLANDER PER SE;** |
| DAVID D. McDONALD; DONNA K. McDONALD; NATIONAL EXPERT WITNESS NETWORK, a California Limited Liability Company; TECHNOLOGY CLE, a California Limited Liability Company, | 6) **VIOLATIONS OF THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT §§ 17058, 17106;** |
| Cross-Complainants, | 7) **CORPORATE WASTE;** |
| v. | 8) **ABUSE OF CONTROL;** |
| JENNIFER OSBELT, individually and doing business as PALO ALTO TECHNICAL, and ROES 1-10, inclusive, | 9) **CONVERSION;** |
| | 10) **CANCELLATION OF INSTRUMENT/RESTITUTION BASED ON RESCISSION;** |
| Cross-Defendants. | 11) **UNJUST ENRICHMENT; AND** |
| | 12) **ALTER-EGO LIABILITY.** |

⊕
LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

FIRST AMENDED COMPLAINT; Case No. CIV463528

1

# TABLE OF CONTENTS

2

**Page(s)**

3    I. NATURE OF THE ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4    II. THE PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5    III. JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6    IV. FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7    FIRST CAUSE OF ACTION
      (Breach of Contract: Agreement of Sale Against All Defendants) . . . . . . . . . . . . . . . . 9

8

9    SECOND CAUSE OF ACTION
      (Breach of Contract: Operating Agreement Against Defendants
      David McDonald and Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

10

11    THIRD CAUSE OF ACTION
      (Breach of Fiduciary Duty Against Defendants David McDonald and
      Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12

13    FOURTH CAUSE OF ACTION
      (Accounting Against Defendants David McDonald and Donna McDonald) . . . . . . . . 13

14    FIFTH CAUSE OF ACTION
      (Slander Per Se Against Defendants David McDonald and Donna McDonald) . . . . . . . 13

15

16    SIXTH CAUSE OF ACTION
      (Violations of Beverly-Killea Limited Liability Company Act §§ 17058,
      17106 Against Defendants David McDonald and Donna McDonald) . . . . . . . . . . . . . 14

17

18    SEVENTH CAUSE OF ACTION
      (Corporate Waste Against Defendants David McDonald and
      Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

19

20    EIGHT CAUSE OF ACTION
      (Abuse of Control Against Defendants David McDonald and
      Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

21

22    NINTH CAUSE OF ACTION
      (Conversion Against Defendants David McDonald and
      Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

23

24    TENTH CAUSE OF ACTION
      (Cancellation of Instrument/Restitution Based on Rescission Against
      Defendants David McDonald and Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . 18

25

26    ELEVENTH CAUSE OF ACTION
      (Unjust Enrichment Against Defendants David McDonald and
      Donna McDonald) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

27

28

⊛
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1  TWELFTH CAUSE OF ACTION
   (Alter Ego Liability Against Defendants David McDonald and
2        Donna McDonald) ........................................ 20

3  PRAYER ...................................................... 21

4  JURY DEMAND .............................................. 22

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

For her Complaint, plaintiff Jennifer Osbelt ("Osbelt") alleges as follows:

## I. NATURE OF THE ACTION

1.     This action arises out of breach of a written Operating Agreement and Articles of Organization (the "Operating Agreement") dated as of May 13, 2004 among David D. McDonald, his wife Donna K. McDonald (collectively, the "McDonalds") and Osbelt related to National Expert Witness Network, LLC ("NEWN"). Pursuant to the Operating Agreement, OsBelt owns 25% of NEWN while the McDonalds own the remaining 75% in equal shares.

2.     In the early part of 2007, Osbelt raised with the McDonalds various questions related to a purported loan of $210,000 by the McDonalds to NEWN, which the McDonalds have refused to satisfactorily answer. In addition, Osbelt learned that the McDonalds had provided false information to NEWN's accountants, causing them to prepare and file false income tax returns on behalf of NEWN and certain tax schedules related to Osbelt.

3.     In order to ascertain answers to her questions, Osbelt repeatedly requested access to NEWN's books and records. Despite Osbelt's right to such access under the Operating Agreement and under California statute, the McDonalds have refused Osbelt access to NEWN's books and records.

4.     In addition, the McDonalds have excluded Osbelt from participating in the management of NEWN, and have informed NEWN customers that Osbelt is leaving the expert witness business and NEWN "to get married and have babies."

5.     On March 26, 2007, David McDonald, on behalf of NEWN, offered to purchase Osbelt's interest in NEWN for more than $1.8 million, an offer which Osbelt accepted.

6.     Despite numerous discussions and demands regarding performance, NEWN and/or the McDonalds have failed to perform under the agreement to purchase Osbelt's interest in NEWN and have continued to breach their fiduciary obligations and other obligations under the Operating Agreement and the Beverly-Killea Limited Liability Company Act.

7.     This lawsuit follows.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

## II. THE PARTIES

8.    Plaintiff Osbelt is an individual residing in Redwood Shores and is a member of National Expert Witness Network, LLC. Osbelt has over 10 years of high tech industry experience, with a focus on cable and wireless networking and security, web development, and client/server technology. She is familiar with the technologies applied to the Internet and Intranet networks, cable and wireless networking and security, LAN/WAN infrastructure, client/server applications, relational database management systems, network performance management, and eBusiness technologies. Osbelt's recent work has been in providing expert witnesses and case management services to the legal profession in areas of high-technology.

9.    Defendant National Expert Witness Network, LLC ("NEWN") is a California Limited Liability Company with its principal place of business at One Lagoon Drive, Suite 140 Redwood City, CA 94065. NEWN assists attorneys by providing a network of experts and consultants in high technology disciplines for intellectual property litigation.

10.    Defendant David McDonald is an individual residing at 15309 Northlake Road, Magalia, CA 95954. David McDonald is a Member of NEWN.

11.    Defendant Donna McDonald, David McDonald's wife, is an individual residing at 15309 Northlake Road, Magalia, CA 95954. Donna McDonald is a Member of NEWN.

12.    Osbelt does not know the true names and capacities, whether individual, partnership, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, and on that basis designates said defendants herein by such fictitious names. As the true names and capacities of defendants Does 1 through 10, inclusive, or any of them, become known, Osbelt will seek leave to amend this Complaint to state their true names and capacities. Osbelt is informed and believes, and on that basis alleges, that each of the defendants designated herein as Does 1 through 10, inclusive, is in some way liable, responsible or indebted to Osbelt in connection with the events and/or transactions referred to in this Complaint.

13.    Osbelt is informed and believes, and on that basis alleges, that except where otherwise explicitly alleged, each of the defendants, including Does 1 through 10, inclusive, is, and at all relevant times herein mentioned was, the agent, partner, joint venturer, employee,

1   and/or conspirator of the remaining defendants, and is, and at all relevant times herein mentioned

2   was, in performing and failing to perform the acts and conduct hereinafter alleged, acting within

3   the course and scope of such agency, partnership, joint venture, employment, and/or conspiracy.

4   Osbelt is further informed and believes, and on that basis alleges, that the acts and conduct of

5   each of the defendants were known to, and authorized and ratified by, the remaining defendants,

6   and that each of the defendants is legally responsible for the conduct and damages herein alleged.

7                    **III.  JURISDICTION AND VENUE**

8        14.    This Court has jurisdiction of this matter pursuant to California Code of Civil

9   Procedure ("CCP") Section 410.10.  Each of the defendants reside within the state.

10       15.    Venue is proper in this judicial district pursuant to CCP § 395 because the

11   contract at issue was made in, or is to be performed, or the breach has occurred, in this county.

12   The amount in controversy exceeds the jurisdictional minimum amount of this Court.

13                    **IV.  FACTUAL ALLEGATIONS**

14       16.    On or about May 13, 2004, Osbelt and the McDonalds entered into an Operating

15   Agreement and Articles of Organization (the "Operating Agreement").  A copy of the Operating

16   Agreement is attached as Exhibit A.  Pursuant to the Operating Agreement, Osbelt is a 25%

17   owner of NEWN, and the McDonalds each own 37.5% of NEWN.

18       17.    The authority of members to participate in the management of NEWN is set forth

19   in Section 5 of the Operating Agreement. Pursuant to Section 5 of the Operating Agreement,

20   each of the members "will participate in the management of the Company affairs ... and ... have

21   exclusive authority to manage and conduct all the business of the Company, with all rights,

22   powers and authority that are conferred by law or are necessary, convenient or appropriate for the

23   managing of the Company's business ...." (Ex. A, § 5.)

24       18.    Pursuant to Section 6.5 of the Operating Agreement, NEWN's books and records

25   are to be maintained at its principal place of business and "[a]ll Members ... have the right on

26   reasonable notice to the Company to ... inspect and ... copy the books and records of the

27   Company ...." (Ex. A, § 6.5.)

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

19.    In the event of a so-called "Triggering Event," the "Company and other Members shall have the option to purchase the Membership Interest in the Company of such Member ... at the price and on the terms provided in Section 8.8" of the Operating Agreement. (Ex. A, § 1.38.)

20.    In late March 2007, Osbelt became aware of a purported loan from the McDonald's to NEWN in an amount of $210,000 ostensibly made in 2003. To Osbelt's knowledge, the loan had not been reflected in NEWN's books and records at any time prior to 2007, and Osbelt requested an explanation from the McDonalds and documentary evidence of the loan. The McDonalds refused to provide a satisfactory response to Osbelt's inquiries.

21.    On March 26, 2007, David McDonald sent Osbelt an e-mail complaining about Osbelt's inquiries concerning the loan. He also stated that Osbelt's "lack of trust [in the McDonalds] is insulting to us completely unwarranted and frankly unacceptable. I think that it is a good idea for you to move on." McDonald then went on to explain to Osbelt the contractual procedure pursuant to the Operating Agreement for the McDonalds to purchase Osbelt's interest ("The Company must determine that we wish to purchase membership shares; we do."), and the calculation of the purchase price. McDonald calculated the purchase price of Osbelt's interest at NEWN as $1,886,063.80 and demanded that Osbelt accept or reject the offer that same day. A copy of David McDonald's e-mail dated March 26, 2007 is attached as Exhibit B.

22.    On March 26, 2007, and as requested by David McDonald, Osbelt responded to McDonalds' and/or NEWN's offer by e-mail stating, in pertinent part: "I will take your deal ... [g]o ahead and draw up the papers." A copy of Osbelt's e-mail dated March 26, 2007 is attached as Exhibit C. On April 3, 2007, Osbelt left to get married and celebrate their union in Hawaii.

23.    While in Hawaii, Osbelt was contacted by her tax preparer. He advised her that, according to the tax forms provided by NEWN, she owed the IRS an unexpected amount of taxes. Osbelt requested from her tax preparer a copy of the Schedule K-ls, which reflect a member's purported income from a limited liability corporation, submitted by NEWN. Osbelt immediately realized the information on the schedules was false and attributed substantially more of NEWN's annual taxable income to her than was proper under the Operating Agreement. Osbelt's inquiries to the McDonalds concerning the discrepancies were rebuffed.

24.    On her return from her wedding and celebration in Hawaii on April 17, 2007, Osbelt attempted to contact the McDonalds to discuss the false Schedule K-1s, but they refused to speak with her. On information and belief, the McDonalds also instructed NEWN's accountants not to discuss any of NEWN's financial affairs with Osbelt. Furthermore, Osbelt learned that the McDonalds had hired an individual named Tom Fisher to take over Osbelt's operational duties at NEWN. Finally, on information and belief, the McDonalds began informing NEWN clients that Osbelt has left NEWN and the expert witness business "to get married and have babies."

25.    On or about April 20, 2007, Osbelt received a letter from US Bank advising her that NEWN was overdue on renewing its line of credit with US Bank, and requesting certain financial information from her to renew the NEWN Member's personal guarantees for the line of credit, despite the fact that the McDonalds and/or NEWN was purchasing Osbelt's interest in NEWN. A copy of US Bank's letter dated April 17, 2007, is attached as Exhibit D. By this time, NEWN's indebtedness to US Bank had grown to over $260,000.

26.    Concerned about the extent of NEWN's indebtedness and the McDonalds' refusal to provide details about the loan, Osbelt contacted US Bank and informed it that she would not sign as a guarantor until she had received details about the loan from the McDonalds.

27.    On April 20, 2007, Osbelt sent David McDonald an e-mail in which she requested, inter alia, to be allowed to inspect and copy the "the past 4 years of books and records of [NEWN]. . . ." A copy of Osbelt's April 20, 2007 e-mail is attached as Exhibit E.

28.    On May 5, 2007, David McDonald sent Chris Rodi ("Rodi"), Osbelt's husband, an e-mail stating that he had been notified by US Bank that it was calling in the loan. Attached "to the e-mail was a letter from David McDonald to Rodi. That same day, Rodi responded that Osbelt was unwilling to renew her personal guarantee to US Bank on behalf of NEWN and explained her reasoning therefor. He also explained that any purported capital call under the Operating Agreement would be premature and ineffective given the disparities that Osbelt had found in NEWN's financial records, including the false Schedule K-1s. A copy of David McDonald's e-mail dated May 5, 2007, the attached letter, and Rodi's response is attached as Exhibit F.

29.    On May 8, 2007, David McDonald sent Osbelt an e-mail to which he attached a Notice of Default from US Bank to NEWN dated May 7, 2007. In his letter, McDonald purported to invoke the provisions of Section 3.1 of the Operating Agreement and requested that Osbelt contribute an amount of $66,104.48 representing 25% of NEWN's indebtedness to US Bank by May 23, 2007. A copy of McDonald's e-mail dated May 8, 2007 and the US Bank notice dated May 7, 2007, are attached as Exhibit G.

30.    That same day, May 8, 2007, and the next, May 9, 2007, Rodi, on behalf of Osbelt, sent two e-mails to David McDonald assuring McDonald that Osbelt wanted to comply fully with any obligation she had under the Operating Agreement but advising him that she was unable to do so given the discrepancy in NEWN's financial statements and the false Schedule K-1s, and that the purported invocation of Section 3.1 of the Operating Agreement was ineffective. A copy of Rodi's e-mails dated May 8 and 9, 2007 is attached as Exhibit H.

31.    On May 10, 2007, David McDonald responded by e-mail to Rodi bluntly stating "Jennifer has 13 days left to provide the additional cash ...." By this time, it was clear that the McDonalds were intent on forcing Osbelt out of NEWN by any means possible. A copy of David McDonald's May 10, 2007 e-mail is attached as Exhibit I.

32.    On May 17, 2007, Donald Gagliardi of Bergeson, LLP, on behalf of Osbelt, sent a letter to E. Thorn Rumberger ("Rumberger") of Greenberg Traurig, an attorney believed to represent the McDonalds, reiterating Osbelt's request for access to NEWN's books and records; reiterating Osbelt's position that the purported capital call was invalid; and suggesting that the parties work toward a negotiated settlement of the issues between them. A copy of Donald Gagliardi's letter of May 17, 2007 is attached as Exhibit J.

33.    At Rumberger's request, attorneys for Osbelt attended a meeting at Rumberger's offices on May 18, 2007, to initiate a dialogue between the parties. At that meeting, counsel for Osbelt again reiterated that inspection of NEWN's books and records was a predicate to any resolution of the dispute between the parties. Counsel for the McDonalds undertook to schedule such inspection.

34.     On May 21, 2007, and not having received a response from counsel for the

McDonald's to the May 17 Gagliardi letter or to the requests made at the May 18 meeting,

counsel for Osbelt sent another letter to Rumberger. Gagliardi concluded the letter by stating

"[p]lease regard this letter as the final request by Osbelt for a full inspection of the complete

books and records of NEWN ...." Gagliardi also provided a date for the inspection, May 24,

2007. A copy of Gagliardi's May 21, 2007, letter to Rumberger is attached as Exhibit K.

35.     On May 22, 2007, Fred Adam ("Adam"), another attorney representing the

McDonalds, responded to Gagliardi by e-mail. In his e-mail, Adam stated "the Magalia location

[is] not an option [for the inspection] since the office is located in the home of [the McDonalds]."

Adam went on to state that the McDonalds required an "express list of what was being

requested." A copy of Adam's e-mail to Gagliardi dated May 22, 2007 is attached as Exhibit L.

36.     Gagliardi responded by letter that same day, May 22, 2007.  In his letter,

Gagliardi rejected Adam's attempt to limit the inspection to certain specified documents, but

provided a non-exclusive list of categories of records that Osbelt wished to inspect and copy.

Gagliardi also pointed out that inasmuch as the McDonalds had improperly elected to maintain

the books and records of NEWN in their home, it was inappropriate to use that fact as a reason

for not allowing Osbelt access to the records.  Gagliardi again stated that Osbelt wished to

conduct the inspection on May 24, 2007. A copy of Gagliardi's May 22, 2007, letter to Adam is

attached as Exhibit M.

37.     On May 23, 2007, Adam sent an e-mail at 6:39 pm to counsel for Osbelt in which

he stated: "[h]ope to get you a response to document request later tonight." A copy of Adam's

email to Marc van Niekerk dated May 23, 2007, is attached as Exhibit N.

38.     Later that evening, Van Niekerk sent Adam an e-mail at 8:06 pm noting that

Osbelt had still not received confirmation that she would be allowed access to NEWN's books

and records the next day, May 24, 2007, and requesting such confirmation. A copy of Van

Niekerk's e-mail to Adam dated May 23, 2007, is attached as Exhibit O.

1    39.    A few minutes later, Adam responded to Van Niekerk's e-mail stating "tomorrow

2  won't work due to too short notice for scheduling, but we are trying to schedule for Friday [May

3  25]." A copy of Adam's e-mail to Van Niekerk dated May 23, 2007, is attached as Exhibit P.

4    40.    On May 24, 2007, counsel for the McDonalds sent a letter to Gagliardi

5  purportedly responding to Osbelt's requests for access to NEWN's books and records, but

6  advancing numerous spurious arguments why access was not possible. Again, Adam specifically

7  informed counsel that Osbelt would not be allowed to inspect the records where they are

8  maintained. Adam went on to state that "it is our client's sincere belief that the records and other

9  materials provided by our client to date, or already in Ms. Osbelt's possession, comply with your

10  client's document request ...." A copy of Adam's letter to Gagliardi dated May 24, 2007, is

11  attached as Exhibit Q.

12    41.    Counsel for Osbelt responded to Adam by letter dated May 25, 2007, refuting

13  each of Adam's contentions. Counsel for Osbelt reiterated Osbelt's request for access to source

14  documents, as opposed to spreadsheets and tables prepared by the McDonalds. A copy of the

15  letter dated May 25, 2007, from Van Niekerk to Goines is attached as Exhibit R.

16    42.    Five days later, on May 30, 2007, Goines responded to Van Niekerk's letter of

17  May 25, 2007. In his letter, Goines made it clear that the McDonalds would not be allowing

18  Osbelt access to the books and records of NEWN or allow Osbelt access to the books and records

19  where they are maintained. A copy of Goines' May 30, 2007, letter to Van Niekerk is attached as

20  Exhibit S.

21    43.    After filing this litigation, Osbelt served discovery on the McDonalds on August

22  1, 2007. Osbelt's discovery requests included requests for the production of all books and

23  records, including, but not limited to, source documents. The McDonalds again refused to

24  produce those documents.

25    44.    At the recent depositions of the McDonalds held October 17, 2007, and October

26  18, 2007, Osbelt again had requested production of all books and records, including, but not

27  limited to, source documents. Again, the McDonalds failed to produce these documents.

28

1     45.    At the deposition of David McDonald, it came to light that on or about April of

2    2007, the McDonalds caused NEWN to enter into "consulting" agreements with themselves.

3    Under these purported agreements, Donna McDonald provides bookkeeping "consulting"

4    services to NEWN and David McDonald provides CEO "consulting" services to NEWN.

5    Previously, Donna and David McDonald had performed these functions as members and

6    managers of NEWN and had received compensation through profits shared by all members and

7    managers. Now, through these self-serving "consulting" agreements, the McDonalds have paid

8    themselves hundreds of thousands of dollars for their services.

9     46.    On or about October 30, 2007, David McDonald, without the input of all

10    members and managers, including Osbelt, or even the opportunity for them to provide input,

11    unilaterally purported to order a capital call. The purported capital call did not comply with the

12    terms and conditions of the Operating Agreement and was done for improper purpose. The

13    McDonalds are using the capital call device in bad faith in order to better their majority position

14    in the company, while diluting Osbelt's position.

15     47.    The McDonalds, collectively majority members and managers of NEWN and

16    TCLE, with a joint 75% interest in the companies, have repeatedly violated their duties and

17    obligations to Osbelt, a minority member and manager of NEWN and TCLE. Further, they have

18    reneged on their offer to purchase Osbelt's interest in NEWN and/or caused NEWN to renege,

19    thereby breaching a legally, binding contract.

20                        **FIRST CAUSE OF ACTION**

21           **(Breach of Contract: Agreement of Sale Against All Defendants)**

22     48.    Osbelt incorporates by reference the allegations set forth above as though fully

23    restated herein.

24     49.    On or about March 26, 2007, David McDonald, on behalf of NEWN and/or his

25    own behalf and that of his wife, Donna McDonald, offered to purchase Osbelt's interest in

26    NEWN for a purchase price of $1,886,063.80. McDonald specified that the offer was to be

27    accepted or rejected that same day.

28

1    50.    Osbelt accepted McDonald's offer that same day, March 26, 2007, as a

2    consequence whereof a valid and enforceable agreement of sale of Osbelt's share in NEWN to

3    the McDonalds and/or NEWN in exchange for payment by them to Osbelt of $1,886,063.80 was

4    created.

5    51.    Osbelt is, and at all times, was ready, willing, and able to complete performance

6    under the agreement.

7    52.    Without justification and in breach of its obligations under the agreement, the

8    McDonalds and/or NEWN have failed to make payment to Osbelt of the agreed upon purchase

9    price of $1,886,063.80 or any part thereof.

10    53.    As a result of the McDonalds' and/or NEWN's breach of the Agreement, Osbelt

11    has been damaged in an amount to be proven at trial, but in no event less than $1,886,063.80,

12    plus interest and costs of suit.

13    **SECOND CAUSE OF ACTION**

14    **(Breach of Contract: Operating Agreement Against Defendants**

15    **David McDonald and Donna McDonald)**

16    54.    Osbelt incorporates by reference the allegations set forth above as though fully

17    restated herein.

18    55.    On or about May 13, 2004, Osbelt and the McDonalds entered into an Operating

19    Agreement and Articles of Organization (the "Operating Agreement").

20    56.    The authority of Members to participate in the management of NEWN is set forth

21    in Section 5 of the Operating Agreement. Pursuant to Section 5 of the Operating Agreement,

22    each of the Members "will participate in the management of the Company affairs...and... have

23    exclusive authority to manage and conduct all the business of the Company, with all rights,

24    powers and authority that are conferred by law or are necessary, convenient or appropriate for the

25    managing of the Company's business ...." (Ex. A, § 5.)

26    57.    Pursuant to Section 6.5 of the Operating Agreement, NEWN's books and records

27    are to be maintained at its principal place of business and "[a]ll Members ... have the right on

28

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1  reasonable notice to the Company to ... inspect and ... copy the books and records of the

2  Company ...." (Ex. A, § 6.5.)

3      58.    Osbelt has performed all of her obligations under the Operating Agreement except

4  those obligations which have been waived or excused.  Further, Osbelt is, and at all times, was

5  ready, willing, and able to complete performance under the Operating Agreement.

6      59.    The McDonalds, without justification, have breached the Operating Agreement

7  by, inter alia:

8          59.1    Wrongfully excluding Osbelt from participating in management of

9                  NEWN;

10         59.2    Failing to maintain the books and records at NEWN's principal place of

11                 business in Redwood City;

12         59.3    Denying Osbelt access to NEWN's books and records for the purpose of

13                 copying them, despite repeated requests therefor;

14         59.4    Causing the books and records of NEWN to reflect false allocation of

15                 NEWN's profits to Osbelt;

16         59.5    Causing NEWN's accountants to prepare false financial statements on

17                 behalf of NEWN;

18         59.6    Causing NEWN's accountants to prepare and file false income tax returns

19                 on behalf of NEWN;

20         59.7    Failing to disclose interested transactions with NEWN;

21         59.8    Self-dealing with NEWN including, but not limited to: consulting

22                 agreements, reimbursement of personal expenses and purported loans to

23                 NEWN, all to the detriment of NEWN; and

24         59.9    Abusing their power as co-managers of NEWN by freezing out co-

25                 manager Osbelt and making a capital call without the consent of all

26                 members and co-managers of NEWN.

27

28

1    60.    As a result of the McDonalds' breach of the Operating Agreement, Osbelt has

2    been damaged in an amount to be proven at trial, but in no event less than $1,886,063.80, plus

3    interest and costs of suit.

### THIRD CAUSE OF ACTION

**(Breach of Fiduciary Duty Against Defendants David McDonald and Donna McDonald)**

6    61.    Osbelt incorporates by reference the allegations set forth above as though fully

7    restated herein.

8    62.    As Osbelt's fellow members in NEWN and as holders of the majority interest in

9    NEWN, the McDonalds owed Osbelt fiduciary duties of loyalty, good faith, candor, and fair

10   dealing.

11   63.    The McDonalds have breached their fiduciary duties to Osbelt by:

12    63.1    Wrongfully excluding Osbelt from participating in management of
13            NEWN;

14    63.2    Failing to maintain the books and records at NEWN's principal place of
15            business in Redwood City;

16    63.3    Denying Osbelt access to NEWN's books and records for the purpose of
17            copying them, despite repeated requests therefor;

18    63.4    Causing the books and records of NEWN to reflect false allocation of
19            NEWN's profits to Osbelt;

20    63.5    Causing NEWN's accountants to prepare false financial statements on
21            behalf of NEWN;

22    63.6    Causing NEWN's accountants to prepare and file false income tax returns
23            on behalf of NEWN;

24    63.7    Failing to disclose interested transactions with NEWN;

25    63.8    Self-dealing with NEWN including, but not limited to: consulting
26            agreements, reimbursement of personal expenses and purported loans to
27            NEWN, all to the detriment of NEWN; and

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1          63.9     Abusing their power as co-managers of NEWN by freezing out co-

2                  manager Osbelt and making a capital call without the consent of all

3                  members and co-managers of NEWN.

4        64.     As a result of the McDonalds' breach of their fiduciary duties to Osbelt, Osbelt

5  has been damaged in an amount to be proven at trial.

6  **FOURTH CAUSE OF ACTION**

7  **(Accounting Against Defendants David McDonald and Donna McDonald)**

8        65.     Osbelt incorporates by reference the allegations set forth above as though fully

9  restated herein.

10        66.     As Osbelt's fellow members in NEWN and as holders of the majority interest in

11  NEWN, the McDonalds owed Osbelt fiduciary duties of loyalty, good faith, candor and fair

12  dealing.

13        67.     The McDonald's have controlled the maintenance of NEWN's financial books and

14  records and have excluded Osbelt from access thereto.

15        68.     Osbelt wishes to assign her membership interest in NEWN to the McDonalds

16  against payment by the McDonalds pursuant to the formula set forth in the Operating Agreement.

17        69.     The payment due from the McDonalds is unknown and cannot be ascertained

18  without an accounting of the receipts and disbursements of all NEWN transactions.

19        70.     The McDonalds have failed and refused, and continue to fail and refuse, to render

20  such an accounting.

21        71.     The foregoing actions entitle Osbelt to an accounting against the McDonalds to

22  determine the purchase price of Osbelt's interest in NEWN.

23  **FIFTH CAUSE OF ACTION**

24  **(Slander Per Se Against Defendants David McDonald and Donna McDonald)**

25        72.     Osbelt incorporates by reference the allegations set forth above as though fully

26  restated herein.

27        73.     On information and belief, the McDonalds have been informing NEWN clients

28  that Osbelt has left NEWN and the expert witness business "to get married and have babies."

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

74. This statement by the McDonalds is false and known by the McDonalds to be false and was uttered with malice.

75. This statement by the McDonalds is injurious to Osbelt's professional and/or business reputation.

76. The foregoing entitles Osbelt to compensatory and punitive damages for which the McDonalds are liable, according to proof.

## SIXTH CAUSE OF ACTION

### (Violations of Beverly-Killea Limited Liability Company Act §§ 17058, 17106 Against Defendants David McDonald and Donna McDonald)

77. Osbelt incorporates by reference the allegations set forth above as though fully restated herein.

78. The McDonalds have violated Sections 17058, 17106 of the Beverly-Killea Limited Liability Company Act by:

      78.1 Failing to maintain the books and records of NEWN as they relate to the internal affairs of NEWN for the current and past four fiscal years; and

      78.2 Refusing to allow Osbelt to inspect and copy NEWN's books and records despite repeated, reasonable and appropriate requests.

79. The foregoing entitles Osbelt to an order pursuant to Section 17106(f) that the McDonalds provide Osbelt with the information and financial statements of NEWN and reasonable expenses, including attorneys fees, pursuant to Section 17106(g).

## SEVENTH CAUSE OF ACTION

### (Corporate Waste Against Defendants David McDonald and Donna McDonald)

80. Osbelt incorporates by reference the allegations set forth above as though fully restated herein.

81. David and Donna McDonald, and each of them, wrongfully and intentionally diverted NEWN's and TCLE's company assets for improper and unnecessary purposes, which

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

1    acts constitute corporate waste and gift. The McDonalds, joint majority members and managers

2    of NEWN and TCLE, had a duty not to permit corporate waste or to commit corporate waste

3    themselves.

4        82.    The McDonalds have wrongfully and intentionally diverted NEWN's and TCLE's

5    company assets for their own, personal use. Diversion of company assets includes, but is not

6    limited to, improperly using company assets to pay personal litigation expenses, improperly

7    paying themselves improper and excessive "consulting" fees, and improperly using company

8    assets for personal expenses.

9        83.    Most recently, the McDonalds have excluded Osbelt from management of the

10   companies and then proceeded to drain the company assets for their personal benefit.

11   Immediately after excluding Osbelt from management, The McDonalds caused NEWN to enter

12   into "consulting" agreements with themselves. Under the so-called "consulting" agreements,

13   Donna McDonald provides bookkeeping "consulting" services to NEWN and David McDonald

14   provides CEO "consulting" services to NEWN. Previously, the McDonalds did this same work

15   and received compensation through profits shared by the members. But, with Osbelt removed

16   from management, they now perform the same tasks as before, but receive hundreds of thousands

17   of dollars for their "consulting" services.

18       84.    The conduct of Defendants David and Donna McDonald, and each of them, was

19   not in good faith, nor did the McDonalds make any judgment, in the exercise of good faith, that

20   based on the circumstances of the transactions and self-dealing, of which they were fully aware,

21   that their actions and omissions were worthwhile to NEWN and TCLE and in those companies

22   bests interests. Rather, their actions directly interfered with the business of NEWN and TCLE by

23   diverting corporate assets out of the companies.

24       85.    The McDonalds, and each of them, aided and abetted, encouraged and rendered

25   substantial assistance to each other in accomplishing the wrongful conduct, acts and omissions

26   and wrongful goals complained of herein. In abiding and abetting and substantially assisting the

27   commission of these wrongful acts, each of the McDonalds realized that his or her conduct

28

1  would substantially assist the accomplishments of the wrongful conduct, wrongful goals, and

2  wrongdoing.

3       86.    As a result of the McDonalds' wrongful conduct, and the wrongful conduct of

4  each of them, NEWN, TCLE and Osbelt have suffered and continue to suffer economic and non-

5  economic damages.  NEWN, TCLE and Osbelt has also suffered other general and specific

6  damages, including, but not limited to, lost profits, unwarranted financial losses and expenses

7  and alleged dilution of interest in the companies.  Osbelt is entitled to disgorgement of corporate

8  waste attributed to the McDonalds' wrongful actions and self-dealing and any compensation

9  wrongfully obtained by them thereby from expense payments, consulting fees, alleged dilution of

10 interest any other compensation that would not have been paid but for their wrongful conduct.

11                        **EIGHT CAUSE OF ACTION**

12     **(Abuse of Control Against Defendants David McDonald and Donna McDonald)**

13      87.    Osbelt incorporates by reference the allegations set forth above as though fully

14 restated herein.

15      88.    The McDonalds dominated and controlled the business affairs of NEWN and

16 TCLE through their majority stock ownership, member and management positions, financial

17 dealings and otherwise.  The McDonalds abused their control of these companies by acting

18 contrary to the companies' best interest and instead acting to further their own private financial

19 and personal interests.

20      89.    The McDonalds, and each of them, knew or should have known that their acts and

21 omissions constituted a breach of duty and an abuse of control.  Each Defendant further gave

22 substantial assistance to the other Defendant and in doing so aided and abetted the violations by

23 the other Defendant.  Without such assistance and encouragement of one Defendant to another,

24 the wrongful acts could not have occurred.

25      90.    In violation of their contractual and statutory duties, the McDonalds abused their

26 positions of control by entering into self-interested transactions without the approval or even the

27 consultation of any of NEWN's and TCLE's disinterested members or managers.  These

28 transactions included, but were not limited to, causing NEWN and TCLE to pay the McDonalds

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1   personal and home expenses, causing NEWN to become indebted to the McDonalds, causing

2   NEWN to require unwarranted and improper capital calls, and causing TCLE to abandon patent

3   claims against its interests.

4        91.    As a result of the McDonalds' wrongful conduct, and the wrongful conduct of

5   each of them, NEWN, TCLE and Osbelt have suffered and continue to suffer economic and non-

6   economic damages. NEWN, TCLE and Osbelt have also suffered other general and specific

7   damages, including, but not limited to, lost profits, unwarranted financial losses and expenses

8   and alleged dilution of interest in the companies. Osbelt is entitled to disgorgement of corporate

9   waste attributed to the McDonalds' wrongful actions and self-dealing and any compensation

10  wrongfully obtained by the McDonalds thereby from expense payments, consulting fees, alleged

11  dilution of interest and any other compensation that would not have been paid but for their

12  wrongful conduct.

13                    **NINTH CAUSE OF ACTION**

14       **(Conversion Against Defendants David McDonald and Donna McDonald)**

15       92.    Osbelt incorporates by reference the allegations set forth above as though fully

16  restated herein.

17       93.    During all relevant times while Osbelt was a member of NEWN and TCLE, she

18  was and still is entitled to a share of the profits of these companies.

19       94.    Contrary to their contractual and statutory duties, the McDonalds wrongfully

20  misappropriated and converted the assets of NEWN, TCLE and Osbelt for themselves. This

21  conversion includes, but is not limited to, converting Osbelt's interest in NEWN into their own

22  through unwarranted and improper capital calls, converting NEWN's and Osbelt's assets and

23  profits into their own through excessive and improper "consulting" fees payable to themselves,

24  converting NEWN's and Osbelt's assets into their own through false and improper debt

25  obligations payable to themselves, converting NEWN, TCLE and Osbelt's assets into their own

26  through wrongful and improper payment to themselves.

27       95.    Osbelt has demanded the immediate return of these assets, but the McDonalds

28  have failed and refused, and continue to fail and refuse, to return the assets to NEWN, TCLE and

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1  Osbelt. A copy of Osbelt's written demand is attached to the First Amended Complaint as

2  Exhibit T.

3       96.     The McDonalds' conversion of these assets was with malice, oppression, and a

4  willful and conscious disregard for the rights of Osbelt. The McDonalds misappropriated and

5  converted company assets and funds for their personal use without any approval or consultation

6  of Osbelt or any other disinterested member or manager of the companies. They acted with

7  reckless indifference and willful and conscious disregard of any person who had an interest in the

8  converted property and, particularly, the rights of Osbelt.

9       97.     Further, after knowledge and notice of Osbelt's interest in the converted assets

10  was given to the McDonalds, they failed and refused, and continue to fail and refuse, to return the

11  assets. By reason of these acts, Osbelt has been oppressed and seeks punitive and exemplary

12  damages.

13       98.     In addition to exemplary and punitive damages, NEWN, TCLE and Osbelt have

14  additionally suffered and continue to suffer economic and non-economic damages. NEWN,

15  TCLE and Osbelt have also suffered other general and specific damages, including, but not

16  limited to, lost profits, unwarranted financial losses and expenses and alleged dilution of interest

17  in the companies. Osbelt is entitled to disgorgement of corporate waste attributed to the

18  McDonalds' wrongful actions and self-dealing and any compensation wrongfully obtained from

19  the McDonalds thereby from expense payments, consulting fees, alleged dilution of interest and

20  any other compensation that would not have been paid but for their wrongful conduct.

21                      **TENTH CAUSE OF ACTION**

22    **(Cancellation of Instrument/Restitution Based on Rescission Against Defendants David**

23                         **McDonald and Donna McDonald)**

24       99.     Osbelt incorporates by reference the allegations set forth above as though fully

25  restated herein.

26       100.    The McDonalds, as members and managers of NEWN and TCLE, caused NEWN

27  and TCLE to enter into transactions with the McDonalds. The McDonalds had a financial

28  interest in these transactions which conflicted with the best interests of NEWN, TCLE and,

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1  minority member and manager, Osbelt.  The McDonalds purportedly made loans to NEWN,

2  causing NEWN to be indebted to the McDonalds for hundreds of thousands of dollars.  The

3  McDonalds also caused NEWN to enter into "consulting" agreements with themselves which

4  purport to require NEWN to pay the McDonalds hundreds of thousands of dollars.  The

5  McDonalds further caused NEWN to make improper capital calls which have purported to dilute

6  Osbelt's interest in NEWN while increasing their own interest.

7      101.    Despite their conflict of interest, the McDonalds failed to have a disinterested

8  member or manager review and/or approve these transactions and agreements and, in fact, none

9  of these agreements and transactions were approved by Osbelt or any other disinterested member

10  or manager of NEWN.  Further, the McDonalds never allowed Osbelt or any other disinterested

11  member or manager of NEWN even an opportunity to vote on, approve, object or otherwise

12  provide input as to these agreements and transactions or otherwise provide input or object.  In

13  fact, the McDonalds never even disclosed these agreements and transactions to Osbelt until well

14  after they were completed or not at all.

15     102.    Osbelt hereby intends service of copies of the summons and this First Amended

16  Complaint as notice of rescission of the contracts and transactions.

17     103.    The McDonalds, as majority members and managers, entered into these self-

18  serving contracts and transactions for the sole benefit of themselves and at the detriment of

19  NEWN, TCLE and Osbelt.  These transactions are sham: the McDonalds entered into these

20  transactions and/or caused NEWN and TCLE to enter into the transactions to injure and defraud

21  Osbelt and the companies.

22     104.    In addition to exemplary and punitive damages, NEWN, TCLE and Osbelt have

23  additionally suffered and continue to suffer economic and non-economic damages.  NEWN,

24  TCLE and Osbelt have also suffered other general and specific damages, including, but not

25  limited to, lost profits, unwarranted financial losses and expenses, and alleged dilution of interest

26  in the companies.  Osbelt is entitled to disgorgement of corporate waste attributed to the

27  McDonalds' wrongful actions and self-dealing and any compensation wrongfully obtained by the

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1  McDonalds thereby from expense payments, consulting fees, alleged dilution of interest, and any

2  other compensation that would not have been paid but for their wrongful conduct.

3  ## ELEVENTH CAUSE OF ACTION

4  **(Unjust Enrichment Against Defendants David McDonald and Donna McDonald)**

5    105.    Osbelt incorporates by reference the allegations set forth above as though fully

6  restated herein.

7    106.    By their wrongful acts and omissions, the McDonalds, and each of them, have

8  been unjustly enriched at the expense of and detriment to NEWN, TCLE and Osbelt who were

9  meanwhile unjustly deprived.

10    107.    Osbelt, on behalf of NEWN, TCLE and herself, seeks restitution from The

11  McDonalds, and each of them, and seeks an order of this Court disgorging all improper profits,

12  fees, payments, benefits and other compensations obtained by the McDonalds from their

13  wrongful conduct and breaches of fiduciary duties.

14  ## TWELFTH CAUSE OF ACTION

15  **(Alter Ego Liability Against Defendants David McDonald and Donna McDonald)**

16    108.    Osbelt incorporates by reference the allegations set forth above as though fully

17  restated herein.

18    109.    There exists, and at all times herein mentioned there existed, a unity of interest

19  and ownership between the McDonalds and NEWN, such that any individuality and separateness

20  between the McDonalds and NEWN ceased, and these limited liability companies are the alter

21  ego of the McDonalds in that they wholly disregarded any of the obligations imposed upon them

22  by the operating agreement and California Corporations law.  The McDonalds dominated and

23  controlled the business of NEWN, despite the rights of other Osbelt and other members of the

24  company.

25    110.    Adherence to the fiction of the separate existence of NEWN, as an entity distinct

26  from the McDonalds, would permit an abuse of the limited liability company privilege and would

27  sanction fraud or otherwise promote injustice as the McDonalds have run NEWN in bad faith

28  with utter disregard to the Operating Agreement and the rights of Osbelt and the other members.

⊛
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1    The McDonalds used the limited liability companies for their personal benefit and not for

2    company business, and, in doing so, acted to the detriment of NEWN and the other members.

3         111.    To the extent that the trier of fact finds that NEWN, not the McDonalds, breached

4    the agreement to purchase Osbelt's interest in NEWN as alleged in Osbelt's First Cause of

5    Action, the McDonalds should be jointly and severally liable as alter-ego Defendants.

6                                          **PRAYER**

7         WHEREFORE, Osbelt prays for judgment jointly and severally against the McDonalds to

8    the First Cause of Action and against the McDonalds as to the remaining causes of action as

9    follows:

10                 a.     For damages according to proof at trial, but in no event less than

11                         $1,886,063.80;

12                 b.     For an accounting;

13                 c.     For an order pursuant to .Section 17106(f) of the Beverly-Killea Limited

14                         Liability Company Act;

15                 d.     For punitive damages as determined by a jury;

16                 e.     For past and future profits;

17                  f.     For pre-judgment interest at the legal rate;

18                 g.     For costs of suit, including attorneys' fees;

19                 h.     For such other and further relief as this Court deems just and proper.

20

21   Dated: November ___30___, 2007          **COTCHETT, PITRE & McCARTHY**

22

23                                      By: _____

24                                        SEAN E. PONIST
                                        *Attorneys for Plaintiff Jennifer Osbelt*

25

26

27

28

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1

## JURY DEMAND

2      Plaintiff demands trial by jury on all issues so triable.

3

4    DATED: November **30**, 2007                    **COTCHETT, PITRE & McCARTHY**

5

6                                                 By_____

7                                                        SEAN E. PONIST
                                                  *Attorneys for Plaintiff Jennifer Osbelt*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

**EXHIBIT A**



**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

THIS OPERATING AGREEMENT is entered into as of May 13, 2004 by: David D. McDonald, Donna K. McDonald & Jennifer Osbelt (referred to individually as a Member and collectively as the Members). The Members desire to form a limited liability company ("Company") under the Beverly-Killea Limited Liability Company Act.

The Members enter into this Agreement to form and provide for the governance of the Company and the conduct of its business, and to specify their relative rights and obligations. The Members have formed a limited liability company under the Beverly-Killea Limited Liability Company Act. The Articles of Organization of the Company filed with the California Secretary of State August 7, 2002 are hereby adopted and approved by the Members.

NOW THEREFORE, the Members agree as follows:

### ARTICLE I: DEFINITIONS

1  The following terms used in this Operating Agreement shall (unless otherwise expressly provided herein or unless the context otherwise requires) have the following respective meanings

1.1  "AGREEMENT" shall refer to this Operating Agreement

1.2  "Articles of Organization" is defined in Corporations Code section 17001(b) as applied to this Company.

1.3  "Act" means the Beverly-Killea Limited Liability Company Act (California Corporations Code §§17000-17655), including amendments from time to time.

1.4  "Assignee" means a person who has acquired a Member's Economic Interest in the Company, by way of a Transfer in accordance with the terms of this Agreement, but who has not become a Member.

1.5  "Available Cash" means all net revenues from the Company's operations, including net proceeds from all sales, refinancing, and other dispositions of Company property that the Manager, in the Manager's sole discretion, deems in excess of the amount reasonably necessary for the operating requirements of the Company, including debt reduction and Reserves.

1.6  "Book Depreciation" means, with respect to any item of Company property for a given fiscal year, a percentage of depreciation or other cost recovery deduction allowable for federal income tax purposes for such item during that fiscal year equal to the result (expressed as a percentage) obtained by dividing (1) the Fair Market Value of that item at the beginning of the fiscal year (or the acquisition date during the fiscal year), by (2) the federal adjusted tax basis of the item at the beginning of the fiscal year (or the acquisition date during the fiscal year). If the adjusted tax basis of an item is zero, the Manager may determine Book Depreciation, provided that he does so in a reasonable and consistent manner.

1.7  "Capital Contribution" means, with respect to any Member, the amount of the money and the Fair Market Value of any property (other than money) contributed to the Company (net of liabilities secured by such contributed property that the Company is considered to



National
Expert
Witness
Network

**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

assume or take "subject to" under IRC section 752) in consideration of a Percentage Interest held by such Member. A Capital Contribution shall not be deemed a loan.

1.8    "Capital Event" means a sale or disposition of any of the Company's capital assets, the receipt of insurance and other proceeds derived from the involuntary conversion of Company property, the receipt of proceeds from a refinancing of Company property, or a similar event with respect to Company property or assets.

1.9    "Capital Profits and Losses" and "Taxable Capital Profits and Losses" mean the Company's Profits or Losses or Taxable Profits or Losses attributable to sales, condemnations, transfers or other dispositions of Company capital assets or interests therein, and insurance proceeds received with respect to Company capital assets.

1.10    "Code" or "IRC" means the Internal Revenue Code of 1986, as amended, and any successor provision.

1.11    "Company" means the company named in Article II of this Agreement.

1.12    "Confidential Information" is defined in Article X, Section 10.2.

1.13    "Corporations Code" ("Corp C") means the California Corporations Code.

1.14    "Fair Market Value" is defined as one times (1x) the gross income received by the Company during the twelve (12) month period preceding receipt of written notification by the Company of the Member's death, bankruptcy, incompetence or insanity or at any time if no written notice is given to the Company.

1.15    "Gross Income" is defined as the difference between sales (customer payments) and sub-contractor fees paid (consultant payments). For Example:

| | |
|---|---|
| Total Sales: | $1,000,000.00 |
| Sub-Contractor Fees: | $ (750,000.00) |
| | $ 250,000.00 |
| Operating Expenses | $ 150,000.00 |
| Gross Profit | $ 100,000.00 |
| Taxes | $ (40,000.00) |
| Net Profit | $ 60,000.00 |

1.16    "Losses" means the Company's annual losses, including capital losses, as determined in accordance with generally accepted accounting principles on the cash accounting basis.

1.17    "Majority" refers to the vote of Members who own more than fifty percent (50%) of the total interests owned by all Members in that class.

1.18    "Members" shall refer to the Parties and reference to a "Member" shall be to any one of the Parties.

1.19    "Member Units" or "Units" shall refer to the Units issued to the Members and represent the contributions of capital to the Company entitling the holder to an interest in the Net Profits, Net Losses and distributions of the Company.

1.20    "Membership Interest" means a Member's rights in the Company, collectively, including the Member's Economic Interest, any right to Vote or participate in management, and any right to information that concerns the business and affairs of the Company.



National
Expert
Witness
Network

**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

1.21  "Notice" means a written notice required or permitted under this Agreement. A notice shall be deemed given or sent when deposited, as certified mail or for overnight delivery, postage and fees prepaid, in the United States mails; when delivered to Federal Express, United Parcel Service, DHL WorldWide Express, or Airborne Express, for overnight delivery, charges prepaid or charged to the sender's account; when personally delivered to the recipient; when transmitted by electronic means, and such transmission is electronically confirmed as having been successfully transmitted; or when delivered to the home or office of a recipient in the care of a person whom the sender has reason to believe will promptly communicate the notice to the recipient.

1.22  "Partnership" shall refer to the Partnerships created under this Agreement.

1.23  "Percent of the Members" means the specified total of Percentage Interests of all the Members.

1.24  "Percentage Interest" means a fraction, expressed as a percentage, the numerator of which is the total of a Member's Capital Account and the denominator of which is the total of all Capital Accounts of all Members.

1.25  "Person" means an individual, partnership, limited partnership, trust, estate, association, corporation, limited liability Company, or other entity, whether domestic or foreign.

1.26  "Profits" means the Company's annual profits, including capital gains, and the term

1.27  "Property" shall refer in part to the real property described in Schedule "B", if any, and interests therein owned by the Company.

1.28  "Pro-rata share" shall mean a Member's pro-rata share determined by dividing the total number of units held by a Member by the total number of outstanding units.

1.29  "Proxy" has the meaning set forth in the first paragraph of Corp C §17001(ai). A Proxy may not be transmitted orally.

1.30  "Regulations" ("Reg") means the income tax regulations promulgated by the United States Department of the Treasury and published in the Federal Register for the purpose of interpreting and applying the provisions of the Code, as such Regulations may be amended from time to time, including corresponding provisions of applicable successor regulations.

1.31  "Reserves" means the aggregate of reserve accounts that the Manager, in the Manager's sole discretion, deems reasonably necessary to meet accrued or contingent liabilities of the Company, reasonably anticipated operating expenses, and working capital requirements.

1.32  "Successor in Interest" means an Assignee, a successor of a Person by merger or otherwise by operation of law, or a transferee of all or substantially all of the business or assets of a Person.

1.33  "Substituted Member" is the assignee of a Member who is admitted to the Company in the place and stead of his assignor.

1.34  "Tax Item" means each item of income, gain, loss, deduction, or credit of the Company.

1.35  "Taxable Profits" means the Company's annual profits, including capital gains/

1.36  "Taxable Losses" means the Company's annual losses including capital losses, as determined in the Company's information tax return as from time to time amended, prepared by the Company's accountants or tax attorney for federal income tax purposes, and determined on the cash basis. The terms "Operating Profits" or "Operating Losses" mean the Company's annual Profits or Losses from the ongoing business operations of the

**National Expert Witness Network**

**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

Company's, and excluding Profits or Losses attributable to sales, condemnations, transfers or other dispositions of Company's property or interests therein, and insurance proceeds received with respect to Company's property, all as determined in accordance with generally accepted accounting principles on the cash basis. The term "Taxable Operating Profits" or "Taxable Operating Losses" mean the Company's Taxable Profits or Taxable Losses from ongoing business operations of the Company's, and excluding taxable Profits or Losses attributable to sales, condemnations, transfers or other dispositions of Company's capital assets or interest therein, and insurance proceeds received with respect to Company's property except that Taxable Operating Profits include income from a sale or exchange of a capital asset which is taxed at ordinary income rates because of the recapture of depreciation, and including the recapture of investment tax credits because of any early disposition of a capital asset.

1.37  "Transfer" means, with respect to a Membership Interest or any element of a Membership Interest, any sale, assignment, gift, Involuntary Transfer, Encumbrance, or other disposition of such a Membership Interest or any element of such Membership Interest, directly or indirectly, other than an Encumbrance that is expressly permitted under this Agreement.

1.38  "Triggering Event" is defined in On the happening of any of the following events (Triggering Events) with respect to a Member, the Company and the other Members shall have the option to purchase the Membership Interest in the Company of such Member (Selling Member) at the price and on the terms provided in Section 8.8 of this Agreement:

1.38.1  The death, incapacity, bankruptcy, or withdrawal of a Member, or the winding up and dissolution of a corporate Member, or merger or other corporate reorganization of a corporate Member as a result of which the corporate Member does not survive as an entity.

1.38.2  The failure of a Member to make the Member's Capital Contribution under the provisions of Article III of this Agreement.

1.38.3  The occurrence of any other event that is, or that would cause, a Transfer in contravention of this Agreement.

1.38.4  "Vote" means a written consent or approval, a ballot cast at a meeting, or a voice vote.

1.39  "Voting Interest" means, with respect to a Member, the right to Vote or participate in management and any right to information concerning the business and affairs of the Company provided under the Act, except as limited by the provisions of this Agreement. A Member's Voting Interest shall be directly proportional to that Member's Percentage Interest.

## ARTICLE II: ARTICLES OF ORGANIZATION

2  The name of the Company shall be National Expert Witness Network, LLC

2.1  The Articles of Organization were filed with the California Secretary of State on August 7, 2002, File Number 200222110003. A copy of the Articles of Organization as filed is attached to this Agreement as Exhibit A.



**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

2.1 The principal executive office of the Company shall be 15309 Northlake Road, Magalia, CA 95954-9052, or such other place or places as may be determined by the Manager from time to time.

2.2 The initial agent for service of process on the Company shall be David D. McDonald, whose address is 15309 Northlake Road, Magalia, CA 959549052. The Managers may from time to time change the Company's agent for service of process.

2.3 The Company will be formed for the purposes of engaging in the business of providing Expert Witness referral services to the legal profession

2.4 The Members intend the Company to be a limited liability company under the Act. Neither the Manager nor any Member shall take any action inconsistent with the express intent of the parties to this Agreement.

2.5 The term of existence of the Company shall commence on the effective date of filing of Articles of Organization with the California Secretary of State, and shall continue until terminated by the provisions of this Agreement or as provided by law

2.6 The names and addresses of the Initial Members are as set forth in Exhibit B.

2.7 The names and business addresses of the Managers are as follows:

| Name | Address |
| --- | --- |
| David D. McDonald | 15309 Northlake Road, Magalia, CA 95954-9052 |
| Donna K. McDonald | 15309 Northlake Road, Magalia, CA 95954-9052 |
| Jennifer Osbelt | 650 Oak Grove Avenue, Suite 1, Menlo Park CA 94025 |

2.8 The Members shall be the Managers of the Company.

## ARTICLE III: CAPITAL CONTRIBUTIONS & ADMISSION OF NEW MEMBERS

3    Capital Contributions. The Members will complete Schedule "A", setting forth the amount of capital contribution to the Company credited to each Member, the percentage of Company ownership or number of Company Units issued therefore, and the amounts of additional capital contributions to be made by the dates set forth on Schedule "A". Member obligations to make additional capital contributions will be evidenced by promissory notes.

3.1    Need for Additional Capital Contributions. If at any time the Members determine that the cash available to the Company is, in the Members' reasonable judgment, inadequate to meet the then existing and projected needs of the Company, the Members may request the Members to provide the required additional cash of his pro-rate share of the Company Units. The Members will advise the Company in writing of the cash contribution to be made and the purpose for which the proceeds will be used. The price and terms may be more or less favorable than those on which the initial Units were offered. Within fifteen (15) days after the mailing of this notice by the Members, each Member may elect in writing to provide all, any part of, or none of his pro-rata share of the additional cash. If any Member does not elect to contribute his pro-rata share of the additional cash, the pro-rated share of that Member's Units will be available for purchase, on a pro-rata basis, by the other Members who do contributed the required additional cash. If all the additional cash is not provided by the Members, the Members may offer and sell the unsold



National
Expert
Witness
Network

**National Expert Witness Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

additional units to other persons on the same terms and conditions as were available to the Members or on such other terms and conditions as the Members may decide, which terms may be more or less favorable than the offer to the Members.

3.1.1   All sales of additional units under this section are subject to compliance with applicable federal and provincial securities laws. If, acting upon advice of counsel to the Company, the Members determine in their reasonable judgment that to qualify the sale of these units it would be necessary or appropriate to allow only some of the Members and/or only certain other persons who are not Members to participate in the offering, the Members may determine in their sole discretion, those who will be offered the opportunity to participate.

1.40   Capital Accounts. An individual capital account will be maintained for each Member. The capital account of each Member will consist of his original cash or cash equivalent contribution of capital, increased by (i) his additional capital contributions; and (ii) his share of Company Profits, and decreased by (iii) distributions to the Member, whether in cash or in kind, and (iv) his share of Company Losses.

## ARTICLE IV: ALLOCATIONS AND DISTRIBUTIONS

4   Operating Profits. Operating profits, operating losses, taxable operating profits and taxable operating losses and credits shall be allocated to the Members separately pursuant to the appropriate provisions governing general partnerships found in California Corporations Code Section 16100 et seq. (http://www.ss.ca.gov/business/gp/gp.htm)

4.1   Capital Profits. Capital Profits, Capital losses, Taxable Capital Profits and Taxable Capital Losses will be allocated to the Members up to the amounts of available cash distributed to them in excess of cumulative net operating profits allocated to them from the inception of the Company, then to Members, if any, with negative capital accounts up to the amount of their negative capital account balances and thereafter to the Members pro-rata in accordance with their ownership of Company units. For the purposes of this section, cash distribution before of the year following the transaction giving rise to the capital profits or losses or taxable capital profits or losses will be deemed to have been distributed during the preceding fiscal year.

4.2   Periodic Computation. Profits and losses and taxable profits and taxable losses shall be computed periodically, but no less than quarterly. A proportional adjustment of profits and losses shall be made between a Member and a Member's assignee as of the date that the Members' assignee becomes a substituted Member. All other allocations of profits and available cash which are allocated to the Members will be allocated among them in proportion to the number of units held by each Member.

4.3   Available Cash. Available cash will be distributed each year, except as follows:

4.3.1   Available cash in amounts in excess of cumulative net operating profits allocated to the Members from the inception of the Company will be distributed to the Members until the Members have received distributions of available cash in excess of these operating profits equal to the amount of their initial capital contributions.

4.3.2   Available cash will then be distributed to the Members in proportion to the number of units held by each Member.

CONFIDENTIAL

National Expert Wi.    Network, LLC
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

National
Expert
Witness
Network

4.3.3   Upon liquidation of the Company, available cash will be distributed to the Members as provided above, except that after making the distributions under (a) and (b) above, and taking into account cash contributions, if any, to be made by the Members on liquidation in accordance with ARTICLE IX: DISSOLUTION AND LIQUIDATION, available cash will be distributed to the Members in amounts equal to each Member's respective capital account balance.

4.4   Reimbursement of Member expenses.  Members shall be reimbursed for any and all reasonable expenditures that they incur and pay on behalf of the Company.

1.41   Company Loans.  If the Members deem it to be in the Company interest, the Company may borrow from a Member or Members.  Interest will be payable on the loans at an annual rate agreed by the Members and allowable by law.


## ARTICLE V: MANAGEMENT

5   Powers of Members.  Except as otherwise expressly stated herein the Members will participate in the management of the Company affairs. All decisions of the Company will be made by the Members and the Members will have exclusive authority to manage and conduct all the business of the Company, with all rights, powers and authority that are conferred by law or are necessary, convenient or appropriate for the managing of the Company's business subject only to those exceptions expressly set forth in this AGREEMENT.  The Members agree that all Company decisions shall be made in accordance with ARTICLE XI: MISCELLANEOUS PROVISIONS of this Agreement and that the following powers or actions shall require approval under the said Section:

5.1.1   to borrow funds from any source for Company purposes, and as security therefore, to mortgage or pledge the property or any other assets of the Company, whether real or personal; to repay in whole or in part, refinance, recast, increase, modify or extend any mortgage or mortgages or other encumbrances on the property or any other assets of the Company, and in connection therewith, to execute for and on behalf of the Company any extension, renewals, or modifications of such mortgages or other encumbrances, new mortgages or other encumbrances in lieu of existing mortgages or other encumbrances, and to execute notes, bonds and other evidences of indebtedness;

5.1.2.   to act for the Company in all transactions concerning the Company real or personal property or business affairs, including the execution of all contracts, leases, deeds, options, loan obligations, deeds of trust and notes;

5.1.3   to amend this Agreement and the Certificate of Company. Any mortgagee, grantee, creditor or any person dealing with the Company shall be required to investigate the authority of the Members and to secure the approval or confirmation by all Members of any act of the Members in connection with the conduct of the Company business.  The signature of all of the Members will be necessary to convey any interest in Company real property and the Members will prepare and record a Statement of Company to this.

5.2   The Members will be liable to the Company in connection with the management of the Company's affairs for acts or omissions which constitute gross negligence or willful misconduct, including any willful breach of this AGREEMENT.

National
Expert
Witness
Network

National Expert W. .s Network, LLC
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

5.3     Competition. The Members will devote as much of their time and attention to the Company as they each deem necessary or advisable to meet the purpose of the Company and they may, during the continuance of this AGREEMENT, engage in any activity for their own profit and advantage without the consent of the Members. The Members have other business interests and may engage in any other businesses, trades, professions or employment whatsoever, including the acquisition, ownership, management and disposition of the following:

5.3.1   Their own accounts or in Company with or as employees, officers, directors or stockholders of any other entity, to the extent which such interests or activities do not compete with the business of the Company, and the Members will not have to account to or otherwise make available to the Company or the Members any other non-competitive business or investment profits or opportunities that might be available to the Members. Situations may arise where the Members or any of them owe conflicting duties to this Company and to other persons or entities. The Members will resolve these conflicts in good faith and will be liable to the Company only for acts or omissions which constitute gross negligence or willful misconduct.

5.4     Compensation of the Members. The Members are to receive no compensation by way of salary from the Company. The Company, may, however, contract with one or more of the Members to provide services to the Company provided that the compensation for these services is comparable to what the Company would have had to pay an unrelated party to provide these services.

## ARTICLE VI: ACCOUNTS AND ACCOUNTING

6       Method of Accounting. Company books will be maintained on the cash accounting basis in accordance with generally accepted accounting principles; provided that the Company will, to the extent allowed by law, keep books and reports for income tax purposes on the cash basis method of accounting.

6.1     Fiscal year. Unless changed by the Members, the fiscal year of the Company for accounting and income tax purposes will be the Calendar year, provided that if the Company is dissolved and the business of the Company is not continued pursuant to ARTICLE IX: DISSOLUTION AND LIQUIDATION, the final fiscal year of the Company will end on the date the Company is terminated.

6.2     Quarterly and Annual Statements. The Members will cause quarterly and annual financial statements of the operations of the Company to be prepared. The financial statements will include a balance sheet, income statement, statement of sources and uses of cash and a statement of Members' equity. The report will also include a statement describing financial transactions between the Members and the Company during the quarter, including the services rendered or to be rendered by the Members and the amount of fees, commissions and other compensation received or to be received by the Members and other supporting statements as the Members may deem relevant. To the extent it is feasible to do so, the annual financial statements will be E-mailed to the Members within twenty (20) days after the close of each fiscal quarter.

6.3     Income Tax Information. The Members will cause the Company to provide each Member with information on the Company's taxable income or loss and each class of income,



National
Expert
Witness
Network·

National Expert Wi.   Network, LLC
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

gains, loss or deduction that is relevant to reporting Company income under the laws of the State of California or United States in which any Member may be obligated to file income tax returns. The information will show each Member's distributive share of each class of income, gain, loss, deduction or other tax attribute. To the extent it is feasible to do so; the income tax information will be furnished to the Members within seventy-five (75) days after the close of the Company fiscal year.

6.4   Accountants. The Members will cause the Company to engage as employees or independent contractors such bookkeepers, accountants and tax advisors as the Members may deem appropriate. The costs of these services will be borne by the Company.

6.5   Access to Accounting Records. The Company books and records will be maintained at the · Company's principal place of business, except as may be necessary for the convenience of accountants and·tax advisors who may temporarily remove portions of the Company's books and records in connection with their work. All Members will have the right upon reasonable notice to the Company to either personally or through authorized agents inspect and, at their own expense, copy the books and records of the Company, provided that all Company information must remain confidential and cannot be disclosed to third parties if to do so would prejudice or impair any rights of the Company or its Members.

### ARTICLE VII: MEMBERSHIP, MEETINGS, VOTING, INDEMNITY

7   Limited Liability and Indemnity. The Members will have liability with respect to liabilities and obligations of the Company equal to the proportionate share of units held by each Member. The Members agree to indemnify and save one another harmless from any liability in connection with the liabilities of the Company above and beyond any Member's proportionate share in same.

7.1   Voting Rights. Each Member shall be entitled to vote upon matters affecting the basis structure and business of the Company, including the following matters:

7.1.1   Admission of Members. Admission of Members. The admission of a new Member · requires the vote or written consent of the holders of one-hundred percent (100%) of the Company units. This provision is not subject to amendment by less than said percentages;

7.1.2   Termination of the Company;

7.1.3   Development of business activities.

7.2   Other Matters. The approval of all other matters as to which Members may or shall vote shall require the vote or written consent of the holders of more than twenty-five percent (25%) of the Company units.

7.3   Amendments. Notwithstanding anything to the contrary contained in this AGREEMENT, this Agreement may not be amended without the consent of the holders of more than twenty-five percent (25%) of the Company units.

7.4   Voting Procedure. The Members may vote only by written instrument. Written proxies or Powers of attorney to vote Company units will not be honored.

7.5   Meeting Rules. Meetings of the Members may be called by the Members or by Members holding more than twenty percent (20%) of the then outstanding Company units, for any matter for which the Members may vote as set forth herein. Upon receipt of a written · request, either in person or by registered mail, stating the purpose of the meeting, the

National
Expert
Witness
Network

National Expert Wi...... Network, LLC
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

Members shall provide all Members, within ten (10) days after receipt of such request, written notice (either in person or by registered mail) of a meeting and the purpose of such meeting to be held on a day not less than fifteen (15) nor more than sixty (60) days, after receipt of said request, at a time and place convenient to the Members. Votes taken at a meeting must be in accordance with ARTICLE VII: MEMBERSHIP, MEETINGS, VOTING, INDEMNITY.

## ARTICLE VIII: TRANSFERS OF MEMBERSHIP INTERESTS

8    The Members may sell or otherwise transfer the Company's properties but the consent of all of the Members shall be required in connection with a sale or other transfer of any portion of the holdings of the Company.

8.1    Assignment.  No Member shall assign (which term as used herein shall include a gift, devise, sale, transfer, encumbrance or other disposition, whether voluntary, involuntary, or by act of law) all or any part of his interest in the Company otherwise than in accordance with the provisions and subject to the limitations of this ARTICLE XI: MISCELLANEOUS PROVISIONS, and any assignment not in accordance with this Section XIII will be void and of no effect.  Any Member at any time and from time to time may assign all or any part of his Company interest to any person pursuant to a bona fide written offer, but not until after having first offered it to the Company on the same terms as contained in the bona fide written offer.  The Member so desiring to assign all or part of his interest pursuant to this Section XIII shall notify the Company in writing and furnish the Members with a copy of the bona fide written offer.

8.2    The Members shall determine whether the Company shall purchase the units.  If the assigning Member shall not within thirty (30) days after delivery of this notice receive written notice from the Members that the Company desires to purchase the entire interest to be assigned, the assigning Member may assign this interest pursuant to the bona fide written offer at any time within forty-five (45) days after the termination of the thirty-day period.  The assignee will not, however, become a substituted Member except in accordance with ARTICLE XI: MISCELLANEOUS PROVISIONS Admission of Substituted Members.  Notwithstanding anything above to the contrary, no assignee, by operation of law or otherwise, of the whole or any portion of a Member's interest will become a substituted Member unless the written consent of all of the Members to such substitution has been obtained and until such assignee shall execute and acknowledge such instruments, in form and substance satisfactory to the Members, as the Members shall deem necessary or desirable to effectuate the admission of such assignee as a substituted Member and to confirm the agreement of such assignee to be bound by all the terms and provisions of this Agreement and the Certificate of Company, as same may be amended, with respect to the interest acquired.

8.3    As to assignees who do not become substituted Members or as to assignees before substitution as Members, both the Company and the Members shall be entitled to treat the assignor of any interest in the Company as the absolute owner thereof in all respects, and shall incur no liability for distributions of cash or other property made to him, until such time as the written assignment has been received by and recorded on the books of the



National
Expert
Witness
Network

**National Expert Wit. Network, LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

Company. All reasonable expenses, including solicitors' fees, incurred by the Company in connection with an assignment, shall be borne by the assignee.

8.4    A substituted Member shall have all the rights, obligations and liabilities of a Member under this AGREEMENT. An assignee of Company units who does not become a substituted Member shall have none of the rights of a Member under this agreement.

8.5    Purchase of Member's Interest. The Members may elect to have the Company purchase a Member's units. This election must be made by delivery of a written notice of its exercise upon the Member or his executor, administrator or other legal representative within ninety (90) days after receipt of written notification by the Company of the Member's intent to sell the Member's interest in the Company.

8.6    The Members may elect to have the Company purchase a deceased, bankrupt, incompetent or insane Member's units. This election must be made by delivery of a written notice of its exercise upon the Member or his executor, administrator or other legal representative within ninety (90) days after receipt of written notification by the Company of the Member's death, bankruptcy, incompetence or insanity or at any time if no written notice is given to the Company.

8.7    Purchase price. The purchase price to be paid for a Member's interest under this Article shall be equal to the amount that would have been received by that Member if all the assets of the Company had been liquidated in a sale at fair market value on the date of the notice of election to the Member or the date the Member ceased to be a Member, and the proceeds of such liquidation distributed pursuant to the provisions of such section. The purchase price shall not, however, include any amount that might be received for the Company's goodwill, if any.

8.8    Fair market value is defined as one times (1x) the gross income received by the Company during the twelve (12) month period preceding receipt of written notification by the Company of the Member's death, bankruptcy, incompetence or insanity or at any time if no written notice is given to the Company.

8.9    Manner of Payment. The purchase price for the Member's interest shall be paid as follows:

8.10    Ten Percent (10%) within 60 days after the determination thereof;

8.11    The balance in full within forty-eight (48) months thereafter at the rate of one-sixteenth (1/16) of the total balance amount each calendar quarter; until paid, this obligation shall be evidenced by a promissory note of the Company bearing interest at the rate per annum allowable by law. The note will provide that the Company may pay all or a part thereof at any time during the term thereof without prepayment penalty

## ARTICLE IX: DISSOLUTION AND WINDING UP

9    Dissolution Events. The death, bankruptcy, incompetence or insanity of a Member will dissolve or terminate the Company. The sale of all or substantially all of the assets of the Company or the vote of the Members to dissolve the Company also dissolves the Company. In the event that the Company is dissolved and not continued, the Members shall make the necessary arrangements to wind up and terminate the affairs of the Company in accordance with applicable laws.

National
Expert
Witness
Network

**National Expert Witness Network LLC**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

9.1  Liquidation Distributions.  Upon dissolution, if the Company is not continued, the Company will engage in no further business other than that necessary to wind down the business of the Company and liquidate its assets. Any profit or loss on disposition of Company properties during liquidation shall be allocated in accordance with the provisions of Article VI *Allocation of Profits and Losses* of this AGREEMENT.  After retention by the Company of sufficient proceeds to meet and satisfy operating costs and the cost of sale, as determined in the sole discretion of the Members, the proceeds of liquidation (the "Liquidation Distribution") will then be distributed in the following order:

9.1.1  Payments to creditors of the Company, other than Members, in the order of priority provided by law;

9.1.2  Payments to Members for loans made by them to the Company;

9.1.3  Distributions shall then be made in accordance with the provisions of Section VIII (1) Available Cash.

9.2  If upon liquidation of the Company and distribution of its assets, as provided above, any Member would have a negative balance in his capital account, the negative balance will constitute a debt to the Company and shall be paid in cash by the Member on demand by the Company.

## ARTICLE X: BANK ACCOUNTS

10  The Company shall open and maintain in the name of the Company accounts with such banks or savings and loan associations as are necessary to effectuate this AGREEMENT and the Company's business. Funds from all such accounts shall be deposited and withdrawn on the signature of one of the Managing Members, or duly authorized representatives of the Members.

## ARTICLE X: SUCCESSORS IN INTEREST

11  This Agreement shall in all respects bind and inure to the benefit of the parties hereto and their respective heirs, executors, administrators or other legal representatives, subject to the provisions of this AGREEMENT limiting rights of assignment and the rights of non-substituted Members.

## ARTICLE XI: MISCELLANEOUS PROVISIONS

12  Power of Attorney. Each Member hereby irrevocably constitutes and appoints each of the Members with full power of substitution, his true and lawful attorney-in-fact for him and in his name, place and stead, for his use and benefit, to sign, acknowledge, file and record:

12.1  The Operating Agreement of the Company and any amendments thereto which are made to reflect amendments to this AGREEMENT or to reflect any reductions in the amount of the contributions of a Member or which are required.

12.2  Any fictitious business name certificate or amendment thereto or other instrument or document which may be required to be filed or recorded by the Company, on its own

National
Expert
Witness
Network

National Expert Witness Network, LLC
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

behalf or on behalf of the Members, under the laws of the State of California or any other jurisdiction.

12.3 Any document that may be required to effect the continuation of the Company, the admission of a substituted Member or additional Limited or Members, or the dissolution or termination of the Company, and any amendment to this Agreement or the Company's Operating Agreement in connection therewith, provided that such continuation, admission, dissolution, or termination is in accordance with the terms of this Agreement pursuant to the Limited Liability Company Act.

12.4 The foregoing provisions do not supersede any other provisions of this AGREEMENT, nor is this power of attorney to be used to deprive any Member of its rights under this AGREEMENT, but is intended only to provide a simplified system for execution, filing and recording of documents and to permit the use of the provisions of the Limited Liability Company Act. The power of attorney granted herein is coupled with an interest, is irrevocable and shall survive any assignment of a Member's interest in the Company.

12.5 Amendment of Operating Agreement. An amendment to the Company's Operating Agreement may be signed, personally or by an attorney-in-fact, by:

12.5.1 A Member and the new Member if the amendment is caused by the addition of a Member; or

12.5.2 A Member, the substituted Member and the transferring Member, if the amendment is caused by the substitution of a Member.

12.6 Notices. All notices under this AGREEMENT shall be in writing and shall be given to the parties at the addresses hereinafter set forth and to the Company at its principal office, or at such other address as any of the parties may from time to time specify.

12.7 Counterparts. This AGREEMENT may be signed in any number of counterparts, all of which when taken together shall constitute the original instrument.

12.8 Severability. In the event that any provision of this AGREEMENT shall be held unenforceable, such provision shall be severed and the remainder of this AGREEMENT shall nevertheless remain in full force and effect.

12.9 Gender. All references herein to" be"," "him" or "his" shall be deemed where appropriate, references to "she", "her", or "hers" or to "it" or "its".

1.42 Applicable Law. This AGREEMENT shall be deemed to be made and performed in, and shall be governed and construed in accordance with the laws of the State of California

**National Expert Witness Network, LLC**

**National Expert Wit**
OPERATING AGREEMENT &
ARTICLES OF ORGANIZATION

This OPERATING AGREEMENT ("AGREEMENT") is made this 13th day of May, 2004 by and between the undersigned whose names and addresses are set forth below for the purpose of forming a Limited Liability Company.

Dated this 13th Day of May, 2004

IN WITNESS WHEREOF, THE PARTIES HAVE SIGNED THIS AGREEMENT

Date: 6/1/04

Jennifer Osbelt
650 Oak Grove Avenue, Suite 1
Menlo Park, CA 94025
(650) 473-1113

Date: 6/4/04

Donna K. McDonald
15309 Northlake Road
Magalia, CA 95954-9052
(530) 873-2620

Date: 6/4/04

David D. McDonald
15309 Northlake Road
Magalia, CA 95954-9052
(530) 873-2620

Articles of Organization

CONFIDENTIAL

Page 14 of 14 Pages

SCHEDULE "A"

CAPITAL CONTRIBUTIONS OF PARTNERS:

| Partnership Partner | Contribution | Agreed Upon Cash Value of Contribution | Units Credited |
|---|---|---|---|
| David D. McDonald & Donna K. McDonald Jointly | $100,000.00 | $100,000.00 | 75 |
| Jennifer Osbelt | S  00.00[1] | $ 33,333.33 | 25 |

Note (1):  Jennifer Osbelt's contribution to the PARTNERSHIP is other than cash and consists of years of experience in the Expert Witness Referral industry and client and consultant control that she brings to the Partnership for which she is granted 25 Partnership Units.

**EXHIBIT B**



**From:** Dave McDonald [mailto:dmcdonald@newnexperts.com]
**Sent:** Monday, March 26, 2007 1:22 PM
**To:** 'Jennifer Osbelt'
**Cc:** 'Donna Brelsford'
**Subject:** NEWN

Dear Jennifer:

I personally believe that your wish to buy a house has really clouded your judgment. I think you need to step back and reevaluate your situation. At this point you apparently cannot accept the way in which I run NEWN and the rather substantial draw you receive and accept the fact that the distribution of NEWN profits is what actually comprises your income. The fact you cannot afford a house is simply not my problem nor the problem of NEWN.

You clearly do not trust Donna and I and your contention that there is some hidden checking account is ridiculous. I tell you the QuickBooks register and the US Bank registers are identical and they are reconciled each week by LeAnn Andrews. If there is no trust there is no partnership. This lack of trust is insulting to us completely unwarranted and frankly unacceptable. I think that it is a good idea for you to move on.

Our Operating Agreement provides an exit procedure for you and it sounds like you wish to exercise that option. Section 8 of the Agreement stipulates that all Members have to agree and we do. The Company must determine that we wish to purchase your membership shares; we do. You cannot assign them without our permission. The purchase price for your member shares is also stated in Section 8 that the purchase price is the fair market value is defined as one times (1x) the gross income received by the Company during the preceding twelve (12) months. Payment terms are 10% of the purchase price, i.e., 10% within 60 days after the effective date of the termination of the Agreement; the balance to be paid over 48 months at the rate of 1/16ths of the Principal amount each calendar quarter all secured by promissory note. No interest payment is stipulated in the Agreement.

The value of the company pursuant to Section 8 is provided in the attached QB report:

Sales for 3/1/06 through 3/31/07 is $7,544,255.18 at value 1X = $7,544,255.18

Your 25% share = $1,886,063.80

You will receive payment within 60 days of the termination of your membership in NEWN for $188,606.38
Each subsequent calendar you will receive payment of 1/16th of the balance of $1,697,457.42 or $106,091.09 per quarter.

If you and Chris don't like it here then you can leave and buy a house somewhere else. Don't lose sight of the fact that at the point your membership agreement is terminated your draw and any expense support from NEWN stops. There is nothing in the Agreement regarding continuation of benefits. Health benefits, exclusive of the NEWN funded dental plan, are covered through COBRA for 18 months for which you are financially responsible.

You need to make a decision today about whether or not you are playing on our team or yours. If it is yours then I will have the termination notices ready within a day.

Regards,
Dave McDonald

 **National Expert Witness Network**  15309 Northlake Road
Magalia, CA 95954-9052
530-873-7890, Extension 201
Fax: 530-873-7891
www.newnexperts.com

### Visit Technology CLE® (www.tcle.com) for online CLE credits!

**CONFIDENTALITY NOTICE:** The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

**EXHIBIT C**

**From:** Jennifer Osbelt [mailto:josbelt@newnexperts.com]
**Sent:** Monday, March 26, 2007 3:24 PM
**To:** 'dmcdonald@newnexperts.com'
**Cc:** 'Donna Brelsford'
**Subject:** RE: NEWN

Dave:

If you want to terminate me just for asking to see the transactions totaling 210,000, then go ahead and fire me. I will take your deal, but not because I asked for it. People that tell me I haven't earned what I worked for usually don't receive a good reaction from me, and I don't appreciate being told that I earn more than I am worth. Go ahead and draw up the papers.

Jennifer

**From:** Dave McDonald [mailto:dmcdonald@newnexperts.com]
**Sent:** Monday, March 26, 2007 1:22 PM
**To:** 'Jennifer Osbelt'
**Cc:** 'Donna Brelsford'
**Subject:** NEWN

Dear Jennifer:

I personally believe that your wish to buy a house has really clouded your judgment. I think you need to step back and reevaluate your situation. At this point you apparently cannot accept the way in which I run NEWN and the rather substantial draw you receive and accept the fact that the distribution of NEWN profits is what actually comprises your income. The fact you cannot afford a house is simply not my problem nor the problem of NEWN.

You clearly do not trust Donna and I and your contention that there is some hidden checking account is ridiculous. I tell you the QuickBooks register and the US Bank registers are identical and they are reconciled each week by LeAnn Andrews. If there is no trust there is no partnership. This lack of trust is insulting to us completely unwarranted and frankly unacceptable. I think that it is a good idea for you to move on.

Our Operating Agreement provides an exit procedure for you and it sounds like you wish to exercise that option. Section 8 of the Agreement stipulates that all Members have to agree and we do. The Company must determine that we wish to purchase your membership shares; we do. You cannot assign them without our permission. The purchase

price for your member shares is also stated in Section 8 that the purchase price is the fair market value is defined as one times (1x) the gross income received by the Company during the preceding twelve (12) months. Payment terms are 10% of the purchase price, i.e., 10% within 60 days after the effective date of the termination of the Agreement; the balance to be paid over 48 months at the rate of 1/16ths of the Principal amount each calendar quarter all secured by promissory note. No interest payment is stipulated in the Agreement.

The value of the company pursuant to Section 8 is provided in the attached QB report:

Sales for 3/1/06 through 3/31/07 is $7,544,255.18 at value 1X = $7,544,255.18

Your 25% share = $1,886,063.80

You will receive payment within 60 days of the termination of your membership in NEWN for $188,606.38
Each subsequent calendar you will receive payment of 1/16th of the balance of $1,697,457.42 or $106,091.09 per quarter.

If you and Chris don't like it here then you can leave and buy a house somewhere else. Don't lose sight of the fact that at the point your membership agreement is terminated your draw and any expense support from NEWN stops. There is nothing in the Agreement regarding continuation of benefits. Health benefits, exclusive of the NEWN funded dental plan, are covered through COBRA for 18 months for which you are financially responsible.

You need to make a decision today about whether or not you are playing on our team or yours. If it is yours then I will have the termination notices ready within a day.

Regards,
Dave McDonald

 National Expert Witness Network
15309 Northlake Road
Magalia, CA 95954-9052
530-873-7890, Extension 201
Fax: 530-873-7891
www.newnexperts.com

**Visit Technology CLE® (www.tcle.com) for online CLE credits!**

**CONFIDENTALITY NOTICE:** The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

**EXHIBIT D**

AVERY

**Chico Branch**
260 E Second Street
Chico, CA 95928
530 896-8380
530 896-8388 fax

April 17, 2007

National Expert Witness Group
Jennifer Osbelt
One Lagoon Drive Suite 140
Redwood City Ca, 94065

Re: Renewal of $300,000 Revolving line of Credit Ln # 6517388162

Dear Ms. Osbelt:

The revolving line of credit for National Expert Witness matured April 5, 2007. I understand that you are discussing your option to sell your interest in NEWN but until such action is completed you will be considered a guarantor on this line. We will need the following items from you so that we may complete the renewal of this line. When the sale of your interest is complete we will remove you at that time. Please provide the following information:

<u>Jennifer Osbelt</u>
- Current personal financial statement (form enclosed)
- Signed Personal Tax Returns for 2005 and 2006

*Per the loan agreement the line must be at a zero balance for 30 consecutive days during the term. This requirement has not been met for this year. Please be aware that the line will need to rest for 30 consecutives days during the next term after approval of the renewal.

Please forward the above information as soon as possible to my attention. If you have any questions please feel free to call myself at 896-8391 or Tina Haro at 846-7396.

Thank you,

Kiley Patterson
Asst. Relationship Manager
Cc: David McDonald
Tina Haro

**EXHIBIT E**

**From:** Jennifer Osbelt [mailto:josbelt@patechnical.com]
**Sent:** Friday, April 20, 2007 1:42 PM
**To:** 'dmcdonald@newnexperts.com'
**Cc:** 'Tom Fisher'; 'Steve Sutter'; 'LeAnn M. Andrews, CPA'; 'dbreisford@newnexperts.com'
**Subject:** RE: Partner Distribution

Dave,

As you note in your email, during times when "there wasn't sufficient cash in the NEWN bank account to cover" all of our draws, the LOC was used to cover required draws until the funds were available from operations to cover the advance. It is grossly unfair of you to change this policy at the exact moment you send me a K-1 showing my income as twice that of what I was actually distributed during 2006. Suggesting to the entire working group that I had somehow created this situation, when I have no access to our finances since you deleted my password to the Quickbook system is equally unfair.

However, if you decide to go forward with your policy change, Chris and I will be forced into the position of having to sell our house and moving our family into an apartment to pay the tax bill. In this case, I need an updated timeline on delivery of the draft purchase documents for my LLC interest in NEWN. In your email of March 31, you note that the transaction would be completed in the two weeks after my return, or by May 2, 2007.

As I'm sure you are aware, the acceptance letter you emailed to me (which I executed on March 27, 2007) provides for NEWN's acceptance of my email offer of March 27, 2007 to sell my LLC interests. For your convenience, I've attached my March 27 email. As you can see, my March 27 email expressly accepts your offer of approximately $1.8 million for my LLC interests (i.e. "I will take your deal"). However, on March 31, 2007, you indicated by email that the purchase price amount would be different based on conversations you had with your legal counsel.

I am hoping you will be able to provide me with an updated offer for your purchase price so that I may re-evaluate my acceptance of the deal in light of your change in the terms of your offer. As I'm sure you are aware, the operating agreement provides me the ability to sell my LLC interests to third parties, as well (giving you the right to match any offer I receive, of course). In light of the situation I have been put in by your change in policy at NEWN, please understand I will have to do what is necessary to ensure I am getting the maximum amount possible for my share in NEWN.

I look forward to receiving the proposed documents soon.

I would also like to exercise my explicit rights under California LLC law for the following:

1.    to receive a copy of NEWN's filed tax return

2.    copies of the past 6 year's tax returns be promptly delivered to me by the LLC Manager at the LLC's expense.

3.    to go there and inspect and copy the past 6 years financial statements and tax returns, and the past 4 years books and records of the LLC as they relate to the internal affairs of the LLC at any time during normal business hours of the LLC.

Does Monday and/or Tuesday work? I assume the company will be open under normal operating hours next week. It will only be Chris, me, and my accountant driving up.   Thank you.

Best Regards,

Jennifer Osbelt

**EXHIBIT F**

**From:** Chri              [mailto:christopher.rodi@gmail.com]
**Sent:** Saturd           ay 08 2007 11:08 PM
**To:** dmcdonald...newnexperts.com
**Cc:** josbelt@patechnical.com; Steve Sutter
**Subject:** Re: NEWN Line of Credit

Dave,

We are in receipt of your letter. Jennifer has decided it is not prudent to personally guarantee NEWN's line of credit. Since you have removed her from all aspects of NEWN's operations, she now has no knowledge or control over the use of the credit or the underlying assets which secure the credit facility. Further, your failure to comply with the terms of the line of credit over the most recent 12 months, per US Bank's recent communications directly with Jennifer, provides added incentive to ensure she is not a personal guarantor on this line of credit in the future.

As majority holders, it is yours and Donna's decision whether or not a capital call is required. However, until the erroneous K-1's from 2004, 2005 and 2006 are amended NEWN cannot provide a definitive balance for Jennifer's capital account, and therefore cannot make the capital call. As I'm sure you are aware, an accurate capital account balance must be known to ensure that no positive balance is available to offset any capital call amount. Until the corrections are made, you cannot definitely say that no positive balance is available.

We look forward to your determination Tuesday of the timeframe for correcting NEWN's tax returns and capital accounting, and your decision, once the corrections are completed, as to whether or not a capital call is necessary.

Chris

On 5/4/07, **Dave McDonald** < dmcdonald@newnexperts.com> wrote:

Chris, we have been notified by telephone this afternoon that US Bank is calling the NEWN LOC note. It becomes past due tomorrow. Attached is a letter outlining the situation.

Regards,

Dave McDonald

15309 Northlake Road

Magalia . CA 95954-9052

530-873-7890. Extension 201

Fax: 530-873-7891

www.newnexperts.com

**Visit Technology CLE® ( www.tcle.com) for online CLE credits!**

**CONFIDENTALITY NOTICE:** The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

 **National Expert Witness Network**

May 4, 2007

**VIA ELECTRONIC MAIL**

Christopher Rodi, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Dear Chris:

It is my understanding that Jennifer has asked that all communication go through you. If I am mistaken, please advise me immediately, and I will send this letter directly to Jennifer.

We have been advised that US Bank will issue a demand today for the immediate payment in full of the NEWN Line-of-Credit. The LOC was due on April 4th, 2007 and is past due tomorrow. The total amount due as of today including interest is $264,206.25.

Jennifer's refusal to provide the necessary financial information to US Bank is the direct cause of this note being called. This has caused serious financial problems and we are now trying to determine how to cover this unforeseen expense. The Company is taking into consideration a capital call to the Members to satisfy the NEWN LOC debt. This decision will be made shortly.

For obvious reasons, I am asking Jennifer to reconsider her position and to take all reasonable steps to correct this problem. In all honesty, I do not know if compliance with US Bank's request at this late date will be enough.

Sincerely,

David D. McDonald, President
National Expert Witness Network, LLC

DDM:dm
Original to follow via US Mail

 National Expert Witness Network

May 8, 2007

**VIA ELECTRONIC MAIL**
Ms. Jennifer Osbelt, Member
c/o Christopher Rodi, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Dear Chris:

Attached hereto is a copy of the US Bank Notice of Default on the NEWN Line of Credit. Jennifer Osbelt's failure to fulfill her Member obligations to NEWN in providing US Bank with the financial information required by the Bank for the renewal of this note has led to this default.

The majority Members have determined that the cash available to the Company is inadequate to meet the demand payment of US Bank. Pursuant to Paragraph 3.1 of the NEWN Articles of Organization, the majority Members of the Company are requesting all Members to provide the required additional cash equal to their pro-rata share of the Company Units. The Capital Call of $264,419.53 will be use to expire the US Bank Line of Credit. The capitalization of the Company stipulates 75% of this Capital Call is to come from David and Donna McDonald and 25% from Jennifer Osbelt. Ms. Osbelt's Capital Call contribution is therefore $66,104.88.

In accordance with Paragraph 3.1 of the Articles of Organization, Ms. Osbelt has 15 days from the date of this mailing or notification by the Company to provide any or all or none of her pro-rata share of the additional cash required. All Members are required to participate and provide their pro-rate share within 15 days of this notice, or by 7:30 p.m. May 23rd, 2007.

Sincerely,

David D. McDonald, President
National Expert Witness Network, LLC

DDM:dm
Original to follow via US Mail

**EXHIBIT  G**

Gail C. Simmons

| | |
|---|---|
| **From:** | Dave McDonald [dmcdonald@newnexperts.com] |
| **Sent:** | Tuesday, May 08, 2007 7:22 PM |
| **To:** | 'Chris Rodi'; josbelt@patechnical.com |
| **Cc:** | 'Tom Fisher'; jfr@robinsonwood.com; kiley.patterson@usbank.com |
| **Subject:** | Notice of NEWN Capital Call |
| **Attachments:** | image001.png; NEWN LOC call Notice 5-8-07.pdf; US Bank LOC Note Call Notice 5-8-07.pdf |

Dear Chris:

Please note my attached letter and the attached US Bank Letter. Time is of the essence. Originals of my letter and a copy of the US Bank letter will follow by FedEx tomorrow for delivery Thursday 5/10/07.,

Regards,
Dave McDonald

National
Expert
Witness
Network

15309 Northlake Road
Magalia, CA 95954-9052
530-873-7890, Extension 201
Fax: 530-873-7891
www.newnexperts.com

Visit Technology CLE® (www.tcle.com) for online CLE credits!

**CONFIDENTALITY NOTICE:** The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

5/14/2007

Chico Branch
260 E Second Street
Chico, CA 95928
530 896-8380
530 896-8388 fax

May 7, 2007

National Expert Witness Network LLC
15309 Northlake Road
Magalia Ca 95954

RE:    NOTICE OF DEFAULT/MATURITY
       Obligor No. 6517388162   Obligation No. 26

Dear David & Donna McDonald and Jennifer Osbelt:

National Expert Witness Network LLC is obligated to U.S. Bank National Association pursuant
to a revolving line of credit dated as of January 10, 2005 (including any amendments thereto,
the "Agreement"), pertaining to the above-referenced obligations (the "Loan"). Capitalized
terms use in this letter but not defined herein shall have the meanings as provided in the
Agreement.

Bank hereby gives you notice that the Loan matured on April 5, 2007 at which time it became
due and payable in full. The failure to pay on the Maturity Date is a default under the
Agreement. As of May 7, 2007, the outstanding balance of the Loan, which is now due and
payable in full, is $264,419.53 which consists of principal of $262,500.00, interest of $1919.53
and late fees of $0.

Interest continues to accrue at a per diem rate of $71.09375 for each day after the Maturity Date
that the Loan remains unpaid. The per diem rate will change with any change in a variable
interest rate index.

Effective as of the Maturity Date, Bank will not advance any additional funds under the Note.

US Bank hereby gives Borrower notice that the entire unpaid principal balance and all accrued
interest and late charges are now due and payable and hereby demands immediate payment
thereof. US Bank further reserves the right to exercise each, any and all of the rights and
remedies available to US Bank under the Agreement and any and all other documents which
evidence the Loan and at law to collect all of the amounts due without further demand, protest,
presentation or further notice.

TIME IS OF THE ESSENCE

Please contact me to make arrangements to pay the Loan in full or if ... ...ave any questions.

Sincerely,

U.S. BANK NATIONAL ASSOCIATION

Kiley Patterson
Asst. Relationship Manager

cc: Tina Haro-Relationship Manager, Liesl Schmidt -Senior Lender

**EXHIBIT H**

**Gail C. Simmons**

| | |
|---|---|
| **From:** | Chris Rodi [christopher.rodi@gmail.com] |
| **Sent:** | Wednesday, May 09, 2007 2:24 PM |
| **To:** | dmcdonald@newnexperts.com |
| **Cc:** | josbelt@patechnical.com; jfr@robinsonwood.com |
| **Subject:** | Re: Notice of NEWN Capital Call |

Dave,

In furtherance of my email below, I learned from your CPA this morning that NEWN will be making adjustments to its 2005 financial statements, and that NEWN's book keeper is reviewng the 2004 financial statements and additional changes are possible. It is noted that Jennifer, as a member of NEWN, was not notified of this development.

In light of the capital call notice you sent to Jennifer on May 8, 2007, and subject to my initial reponse to such notice copied below, Jennifer requires that you provide her with full descriptions of all adjustments to the 2004 and/or 2005 financial statements. As you are aware, any such changes will render inaccurate the financial records Jennifer has previously been provided by NEWN in her capacity as a member. As described in my email copied below, Jennifer cannot evaluate her options with respect to the capital call until you provide her with the information to which she is entitled, and which NEWN is legally required to accurately maintain. As such, the 15 day response period cannot be initiated until NEWN has provided Jennifer with such information.

Therefore, Jennifer reitterates her request for an updated accounting of NEWN's capital accounts reflecting the amendment of NEWN's 2004, 2005 and 2006 Form K-1's and adds to her request a detailed description of any and all adjustments made to the financial records which NEWN has previously provided to her.

Jennifer wants to comply fully with her obligations under the operating agreement with respect ot the capital call, and will do so immediately upon receipt of the required information detailed above. Jennifer would also like to express her worries that NEWN's failure to comply with her repeated requests will result in permanent financial harm to the business.

A copy of this correspondence will be sent to you via mail.

Chris

On 5/8/07, Chris Rodi <christopher.rodi@gmail.com> wrote:

> Dave,
>
> Jennifer is in receipt of the capital call notice you sent via email on May 8, 2007.
>
> Jennifer strongly wishes to comply fully and immediately with her obligations pursuant to the operating agreement of NEWN. However, as I have repeatedly communicated to you, it is impossible for Jennifer to appropriately evaluate her responsibilities pursuant to any capital call until NEWN has provided her with amended Form K-1's for 2004, 2005 and 2006 (or an accurate accounting from your CPA as to how these tax filings will be amended) so that she can know the actual balance of her capital account with NEWN.
>
> This correspondence serves to explicitly notify NEWN that Jennifer intends to fully comply with the operating agreement with respect to the capital call, but requires the information detailed above before she is able to do so. Until such time as that information is provided, Jennifer is unable to

5/14/2007

comply, and as such the 41 PJH response period to the capital c... annot be initiated.

Case 3:08-cv-00594-PJH    Document 1-16    Filed 01/24/2008    Page 71 of 108

There is significant written correspondence to and from you dating back nearly two months indicating that you have been fully aware that NEWN's capital accounts are currently inaccurate. Multiple requests have been made in writing to you requesting that you address this issue. I have even personally spoken to NEWN's CPA, who is fully aware of this issue. Further, just days ago I explicitly explained to you in writing Jennifer's inability to comply with any capital call because of this issue. Instead of addressing this issue, you chose to ignore your duties as NEWN's manager and Chief Executive Officer.

Jennifer will comply with the operating agreement with respect to the capital call immediately upon receipt of the required information detailed above.

A copy of this email will also be delivered to you via mail.

Thank you.

Chris


On 5/8/07, Dave McDonald <dmcdonald@newnexperts.com > wrote:

Dear Chris:


Please note my attached letter and the attached US Bank Letter. Time is of the essence. Originals of my letter and a copy of the US Bank letter will follow by FedEx tomorrow for delivery Thursday 5/10/07.,


Regards,

Dave McDonald




15309 Northlake Road

Magalia , CA 95954-9052

530-873-7890, Extension 201 .

Fax: 530-873-7891

www.newnexperts.com

Visit Technology CLE® ( www.tcle.com) for online CLE credits!

5/14/2007

**CONFIDENTALITY NOTICE:**   The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.


This Email and its attachments have been scanned by Norton and found to be virus free.

**EXHIBIT I**

—————— Forwarded message ——————
From: **Dave McDonald** <dmcdonald@newnexperts.com>
Date: May 10, 2007 4:54 PM
Subject: Capital Call
To: Chris Rodi <christopher.rodi@gmail.com>

Chris:


The capital call is driven by NEWN's failure to renew the loan pursuant to their Line of Credit terms for which Jennifer refused to comply.  The company does not have the capital to pay off this loan.  Please refer to Paragraph 3.1 of the Articles of Organization


The need is clear; we have a note called by US Bank.  The authority to make this capital call is also clearly outlined in Paragraph 3.1.


Jennifer has 13 days left to provide the additional cash for her pro-rata share, or $66,104.88.



Regards,

Dave McDonald



15309 Northlake Road

Magalia , CA 95954-9052

530-873-7890, Extension 201

Fax: 530-873-7891

www.newnexperts.com

## Visit Technology CLE® ( www.tcle.com) for online CLE credits!

**CONFIDENTALITY NOTICE:**  The information transmitted by NEWN is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient are prohibited.

This Email and its attachments have been scanned by Norton and found to be virus free.

**EXHIBIT  J**

**BERGESON, LLP**
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500·
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

May 17, 2007

*Via Facsimile & U.S. Mail*

E. Thom Rumberger, Esq.
Greenberg Traurig
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

Re:   NEWN, LLC and TCLE, LLC

Dear Mr. Rumberger:

This firm represents, and I write on behalf of, Jennifer Osbelt, who holds a 25 percent interest in National Expert Witness Network, LLC ("NEWN") and Technology CLE, LLC ("TCLE"). We understand that you represent David & Donna McDonald, who together hold the remaining 75 percent interest in both NEWN and TCLE. If our understanding as to your affiliation with the McDonalds is incorrect, please so advise and we will communicate directly with them or their counsel.

We write in an effort to begin the process of negotiating an amicable parting of the business relationship between your clients and ours. Ms. Osbelt has determined, based on recent events, that trust and confidence among the parties has deteriorated to such an extent that it is no longer viable to continue the relationship. From correspondence that I have reviewed, I am assuming that your clients have a similar view. Obviously, in order for our client to evaluate her position, she will require complete access to the financial records of both NEWN and TCLE. I trust that once Ms. Osbelt has had an opportunity to conduct such review, the parties will be able to agree upon a mutually agreeable separation agreement.

In that regard, Ms. Osbelt hereby gives reasonable notice under Section 6.5 of the NEWN Operating Agreement as well as Section 4.6 of the TCLE Operating Agreement that she is invoking her rights to inspect and copy the complete books and records of each of these entities. She would like to do so next Monday, May 21 at 10 a.m. at the offices of NEWN and TCLE in Magalia, California. Ms. Osbelt intends to bring a copy service with her to facilitate the copying. Please advise forthwith whether this date and time is convenient or suggest an alternative date and time during the week of May 21.

ANTHONY M. GLASSMAN
BEVERLY HILLS, CA 90210

AFFILIATED COUNSEL:
BERGESON & CAMPBELL
WASHINGTON, D.C. 20005

MARK E. FOSTER
SAN JOSE, CA 95110

BERGESON, LLP
E. Thom Rumberger, Esq.
May 17, 2007
Page 2

Please be advised that Ms. Osbelt disputes the propriety of the McDonalds' invocation of Section 3.1 of the NEWN Operating Agreement to require her to make a capital contribution of $66,104.88 on or before May 23, 2007. It has been, and remains, her position that such action is invalid given that current incorrect and incomplete information provided to Ms. Osbelt regarding NEWN's financial situation and the balance of her capital account.

Ms. Osbelt is concerned that the McDonalds may have breached the Agreement with, and their fiduciary to, Ms. Osbelt in numerous respects, including, but not limited to, thus far denying her access to NEWN's financial records; refusing to provide her with details concerning NEWN's loans; excluding her from any management of NEWN; and providing incorrect information to NEWN's accountants which has in turn caused the accountants to prepare and file incorrect financial statements and tax returns. In addition, the McDonalds' actions have exposed Ms. Osbelt to potential personal liability to the IRS and NEWN's creditor, U.S. Bank.

We would be grateful if you would consult your clients as to their willingness to resolve the present situation as amicably as possible, and provide Ms. Osbelt with access the books and records of NEWN and of TCLE as requested herein.

The foregoing does not constitute, and should not be construed as, a waiver by Ms. Osbelt of any of her rights and remedies under the various agreements, which rights and remedies are hereby expressly reserved. While Ms. Osbelt would prefer to extricate herself from her relationship with the McDonalds without resort to litigation, she will take whatever steps are necessary to protect her rights, interests and reputation.

We look forward to hearing from you as soon as possible.

Regards,

Donald P. Gagliardi

**EXHIBIT K**

**BERGESON, LLP**
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

May 21, 2007

*Via Facsimile & U.S. Mail*

E. Thom Rumberger, Esq.
Greenberg Traurig
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

Re:    NEWN, LLC and TCLE, LLC

Dear Todd:

At your request, my colleague, Marc van Niekerk, and I came to your offices on Friday 18, 2007 to meet with you and Fred Adam. At that meeting, you indicated that your clients, the McDonalds, wanted to resolve the issues with Ms. Osbelt as a matter of urgency. In fact, you stated that their goal was to have an agreement for terminating their business relationship in place by Friday, May 25, and that they would make a proposal for buying out Ms. Osbelt's interests in NEWN and TCLE and that they would provide her with all necessary documentation for her to evaluate the proposal and assess her interest in the two limited liability companies. It is therefore curious that we have received no response to my e-mail to Mr. Adam, copied to you, sent Friday afternoon confirming that our client requires, as she has previously discussed with Dave McDonald and she has previously been promised, that NEWN's and TCLE's tax returns be amended to reflect the correct allocation of income among members and that she be allowed to review the draft amendments before they are filed.

Further, at our meeting at your offices on Friday morning, May 18, we informed you that Ms. Osbelt required documentary support for the $260,000 loan from US Bank. Although you undertook to obtain this and provide it to us, you have not done so.

It is apparent from the foregoing and the letter from your colleague, William Goines, sent after business hours on the evening of Friday, May 18, that the McDonalds have no intention of conducting a negotiation in good faith but are intent on continuing to prevent Ms. Osbelt from exercising her rights under the operating agreements between her and the McDonalds.

Moreover, apart from receiving one copy of QuickBooks records, we have heard nothing from you regarding scheduling our client's inspection of NEWN's and TCLE's

ANTHONY M. GLASSMAN
BEVERLY HILLS, CA 90210

AFFILIATED COUNSEL:
BERGESON & CAMPBELL
WASHINGTON, D.C. 20005

MARK E. FOSTER
SAN JOSE, CA 95110

BERGESON, LLP

E. Thom Rumberger, Esq.
May 21, 2007
Page 2

financial books and records. Our client has repeatedly requested access to the books and records, including in an e-mail dated April 20, 2007, and we re-iterated the request to you in our letter of May 17, 2007.

Please regard this letter as the final request by Ms. Osbelt for a full inspection of the complete books and records of NEWN and TCLE. She will be attending the offices of NEWN and TCLE in Magalia, California at 10 a.m. on Thursday, May 24, 2007 to review and copy the complete books and records of NEWN and TCLE. In the event that your client does not allow full access to such books and records, we have been instructed to move for an appropriate court order compelling such access.

Regards,

Donald F. Gagliardi

**EXHIBIT L**

——Original Message——
From: AdamF@gtlaw.com [mailto:AdamF@gtlaw.com]
Sent: Tuesday, May 22, 2007 11:33 AM
To: Donald P Gagliardi; Marc van Niekerk
Cc: RumbergerT@gtlaw.com; Gail C. Simmons; Virginia Ross; goinesw@gtlaw.com; TognoliniL@gtlaw.com
Subject: RE: NEWN - Data Files

Don,

I am in receipt of your correspondence dated May 21, 2007. I advise you as follows:

1.    The amended returns are in process;

2.    As stated during our meeting, and as followed up on Friday afternoon via email, all data entries for the years in issue are reflected in Quickbooks, including the US Bank credit line inflow of funds from NEWN to TCLE, constituting the debt TCLE owes to NEWN, and can be ascertained therein—further, it is NEWN's assertion that such information and descriptions have been provided and that your client is, and has been, in possession of information responsive to these requests for some time; and

3.    During our Friday meeting we had advised you that the Magalia location was not an option since the office is located in the home of NEWN's principal, but we offered a neutral location in the form of NEWN's accounting firm's offices (Matson Isom), we also expressed that we needed an express list of information that was being requested (in addition to the capital account and US bank info).  You stated you would check with your client regarding Matson Isom an alternate location and the information request list.  I was waiting for that information from you so I could work with our client to schedule time at the Matson Isom offices to present the requested records.  Please advise.

Regards,

Fred

Fred Adam
Greenberg Traurig, LLP|Attorneys at Law|Silicon Valley Office|1900 University Avenue|5th Floor|East Palo Alto, CA 94303 Telephone Direct 650.289.7880|Fax 650.462.7880|adamf@gtlaw.com

Albany ~ Amsterdam ~ Atlanta ~ Boca Raton ~ Boston ~ Brussels ~ Chicago ~ Dallas ~ Denver ~ Fort Lauderdale ~ Houston ~ Las Vegas ~ London ~ Los Angeles ~ Miami ~ Milan ~ New Jersey ~ New York ~ Orange County ~ Orlando ~ Rome ~ Philadelphia ~ Phoenix ~ Sacramento ~ Silicon Valley ~ Tallahassee ~ Tokyo ~ Tysons Corner ~ Washington, D.C. ~ West Palm Beach ~ Wilmington ~ Zurich

Tax Advice Disclosure. To ens ... in compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**EXHIBIT M**

**BERGESON, LLP**
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

May 22, 2007

*Via Facsimile*

Fred Adam, Esq.
Greenberg Traurig
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

     Re:    NEWN, LLC and TCLE, LLC

Dear Fred:

    This responds to your e-mail of earlier today.

    We note that you say that the amended returns are "in process." Until your firm became involved, NEWN's accountants had agreed, after many weeks of requests by Ms. Osbelt, to provide amended draft returns by last Friday, May 18th. You informed us that when you became involved, you advised your clients to have the process suspended. Inasmuch as you told us that you had only been retained by the McDonalds on or about May 16th, we cannot understand the present delay. Please provide us with a date certain by which the amended returns will be completed.

    Our client is entitled to, and has repeatedly requested, access to the financial books and records of NEWN and TCLE. Given the way in which this matter is proceeding and the distance that our client will have to travel to conduct the inspection, we do not propose to limit the review to any specific documents.

    Moreover, we have repeatedly advised you that QuickBooks data entries in no way satisfy our client's right to inspection of NEWN's and TCLE's financial books and records. Our client requires, and is entitled to, access to the source documents from which the data is compiled. This would include, but is not limited to:

    1)    The last three years of check registers, cancelled checks, and transactional history for all NEWN's banking accounts in the form of banking statements, or online banking printouts;

ANTHONY M. GLASSMAN
BEVERLY HILLS, CA 90210

AFFILIATED COUNSEL:
BERGESON & CAMPBELL
WASHINGTON, D.C. 20005

MARK E. FOSTER
SAN JOSE, CA 95110

BERGESON, LLP
Fred Adam, Esq.
May 22, 2007
Page 2

2.)  · The last three years of check registers, cancelled checks, and transactional history for all TCLE's banking accounts in the form of banking statements, or online banking printouts;

3.)  All information and documents pertaining to NEWN's 401K and Profit Sharing Plans, including all distribution amounts and transactional history, and especially the correspondence to the investment firm requesting Ms. Osbelt's removal as Trustee;

4.)  The transactional history for all McDonald "loans" to the company, including cancelled checks, wire transfers, banking statements, and any and all documentary proof any amounts the McDonald's contend that they advanced to NEWN and/or TCLE.

5.)  All TCLE Line of Credit statements from US Bank;

6.)  All of the correspondence from US Bank to the McDonalds concerning the Line of Credit defaults;

7.)  The last three years of US BANK credit card expenses; and

8.)  The last three years of expense reports for the McDonalds, and copies of documents reflecting reimbursement thereof.

Your clients elected to run the business, of which Ms. Osbelt is part owner, from their home. Any resulting discomfort that the McDonalds might experience because of this choice is a problem of their own making. It is certainly not impossible for the inspection to take place there as you seem to suggest. We have no doubt that any production which takes place at a place other than where the books and records are normally kept, will be incomplete, and must accordingly advise you will not be agreed to.

As I notified you in my letter of May 21, Ms. Osbelt, will be attending the offices of NEWN and TCLE in Magalia, California at 10 a.m. on Thursday, May 24, 2007 to review and copy the complete books and records of NEWN and TCLE. Please advise us whether we need to involve the court in order to enforce or client's rights.

We look forward to hearing from you as soon as possible.

Regards,

Donald P. Gagliardi

**EXHIBIT  N**

**Marc van Niekerk**

| | |
|---|---|
| **From:** | AdamF@gtlaw.com |
| **Sent:** | Wednesday, May 23, 2007 6:40 PM |
| **To:** | Marc van Niekerk |
| **Subject:** | RE: NEWN |

Hope to get you a response to document request later tonight. pulling together the relevant facts.  regards,

**Fred Adam**
Greenberg Traurig, LLP|Attorneys at Law|Silicon Valley Office|1900 University Avenue|5th
Floor|East Palo Alto, CA 94303
Telephone Direct 650.289.7880|Fax 650.462.7880|adamf@gtlaw.com

**Albany ~ Amsterdam ~ Atlanta ~ Boca Raton ~ Boston ~ Brussels ~ Chicago ~ Dallas ~
Denver ~ Fort Lauderdale ~ Houston ~ Las Vegas ~ London ~ Los Angeles ~ Miami ~
Milan ~ New Jersey ~ New York ~ Orange County ~ Orlando ~ Rome ~ Philadelphia ~
Phoenix ~ Sacramento ~ Silicon Valley ~ Tallahassee ~ Tokyo ~ Tysons Corner ~
Washington, D.C. ~ West Palm Beach ~ Wilmington ~ Zurich**

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

**EXHIBIT O**

## Marc van Niekerk

| | |
|---|---|
| **From:** | Marc van Niekerk |
| **Sent:** | Wednesday, May 23, 2007 8:06 PM |
| **To:** | AdamF@gtlaw.com |
| **Cc:** | Donald P Gagliardi; Virginia Ross |
| **Subject:** | NEWN |
| **Importance:** | High |

Fred:

We have still not received confirmation from you that our client will have access to the books and records tomorrow. Please let me know by return so that our client does not travel all the way to Magalia in only to be refused access.

Marc

Marc G. van Niekerk, Esq.
Bergeson, LLP
303 Almaden Blvd
Suite 500
San Jose, CA 95110
Telephone: 408 291-6200 Main
Telephone: 408 291-6219 Direct
Facsimile: 408 297-6000

The information transmitted in this e-mail is for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. Do Not Forward This Email. Any dissemination, distribution or copying of this communication is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and return the original message to the sender. 2006 Bergeson, LLP [All Rights Reserved].

6/5/2007

**EXHIBIT P**

Marc van Niekerk

| | |
|---|---|
| From: | AdamF@gtlaw.com |
| Sent: | Wednesday, May 23, 2007 8:12 PM |
| To: | Marc van Niekerk |
| Cc: | Donald P Gagliardi; Virginia Ross; RumbergerT@gtlaw.com |
| Subject: | Re: NEWN |

I am on blackberry and our system has been down thus hampering getting out the response. I'll send a more detailed response later tonight, but tomorrow won't work due to too short notice for scheduling, but we are trying to schedule early Friday. Please have your clients pencil in early Friday.

Fred Adam
Greenberg Traurig LLP
Silicon Valley Office
Ph: 650 289-7880
Fax: 650 462-7880
Cell: 415 846-7992

—— Original Message ——
From: Marc van Niekerk <mvanniekerk@be-law.com>
To: Adam, Fred (Shld-SV-TX/T&E)
Cc: Donald P Gagliardi <dgagliardi@be-law.com>; Virginia Ross <VRoss@be-law.com>
Sent: Wed May 23 20:06:01 2007
Subject: NEWN

Fred:
We have still not received confirmation from you that our client will have access to the books and records tomorrow. Please let me know by return so that our client does not travel all the way to Magalia in only to be refused access.
Marc

Marc G. van Niekerk, Esq.
Bergeson, LLP
303 Almaden Blvd
Suite 500
San Jose, CA 95110
Telephone: 408 291-6200 Main
Telephone: 408 291-6219 Direct
Facsimile: 408 297-6000

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

1

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

The information transmitted in this e-mail is for the sole use of the above individual or entity and may contain privileged and/or confidential information that may be exempt from disclosure under law. Do Not Forward This Email. Any dissemination, distribution or copying of this communication is strictly prohibited. If this e-mail has been transmitted to you in error, please notify the person listed above immediately, and return the original message to the sender. 2006 Bergeson, LLP [All Rights Reserved].

**EXHIBIT  Q**

# Greenberg Traurig

May 24, 2007

**VIA ELECTRONIC MAIL AND FACSIMILE**

Donald P. Gagliardi, Esq.
BERGESON, LLP
Attorneys At Law
303 Almaden Boulevard, Suite 500
San Jose, California 95110-2712
Email: dgagliardi@be-law.com

Re:    NEWN, LLC and TCLE, LLC

Dear Mr. Gagliardi:

We are in receipt of your letter dated May 22, 2007 regarding the request by your client, Jennifer Osbelt, to inspect the financial books and records of NEWN, LLC ("NEWN") and Technology CLE, LLC ("TCLE," and collectively, the "Companies" or "our client").

You requested a date certain by which the amended returns will be completed. Our client anticipate and are working with Matson-Isom, the companies' CPA, diligently to try to complete the amended returns by Friday, May 25, 2007.

We respond to each of your specific requests for source documents as follows:

1.     Check registers, cancelled checks and transactional history for NEWN.

As our client has clearly communicated to your client on several occasions in the past, NEWN's check registers are maintained solely in QuickBooks.

Canceled checks must be obtained from US Bank. NEWN is not required under the operating agreement or applicable law to bear the cost of obtaining copies of the checks from the bank; such expense is for your client to incur if she chooses. Our client has, however, contacted US Bank on your client's behalf in respect of this request, and has been informed that US Bank charges $6.00 per statement and $2.00 per check. We understand that the bank's standard procedure is to send a confirming letter after the request is made and before the bank begins the scanning process. We have been informed that it takes about two weeks to obtain the documents.

According to our client's best calculations, obtaining all canceled checks and statements from January 1, 2004 through May 1, 2007 would cost approximately $7,312 (approximately 41 statements @ $6 per statement = $246.00; approximately 3,533 checks @ $2 per check = $7,066.00).

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA.
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

www.gtlaw.com

May 24, 2007
Page 2

---

Perhaps if your client can provide more specific information as to what checks and statements you are seeking (based presumably upon her review of the Quickbooks files she has), that may reduce her costs.

Regarding "transactional history," please advise as to what specific information your client is seeking in addition to the check registers and canceled checks. Otherwise, as our client has stated in the past numerous times, the transactional history reflected in Quickbooks is the most thorough and complete history that the company has and can provide.

2.       Check registers, cancelled checks and transactional history for TCLE.

This is a duplicate Question #1 in respect of TCLE, please see our response to #1 above as the answers are the same.

3. NEWN's 401(k) and profit sharing plans

As a trustee of the NEWN 401(k) plan, Ms Osbelt has had full access to, and has been fully provided, the requested information.

4. Canceled checks, wire transfers and banking statements for McDonald loans

The requested information was provided to Ms. Osbelt on 3/25/07 at 10:11 p.m. in a detailed eight-page accounting report.

5. TCLE line of credit statements

TCLE has no line of credit.

6. Correspondence re: line of credit defaults

Ms. Osbelt was a signatory on the original and first renewal of the NEWN line of credit with US Bank and has been provided previously with copies of the requested correspondence.

7. Last three years of US Bank credit card expenses

Our client is in the process of gathering and scanning this information, however, again, we understand that the full detail of these transactions appear in the Quickbook records provided previously.

Greenberg Traurig, LLP

May 24, 2007
Page 3

8. Last three years of expense reports for the McDonalds

Our client is in the process of gathering and scanning this information. Additionally and as part of the review of expense reports, NEWN is reviewing and auditing the expense reports of all members, including those submitted by Ms. Osbelt. Your client should be aware that the company's and its CPA's review of these reports and resulting reimbursements to date has revealed serious discrepancies and abuses in her requests for reimbursements; specifically, she submitted duplicate and even triplicate expense requests that were paid in good faith by the company, resulting in her actually profiting from what should have been just reimbursement.

You informed us that your client intends to appear at the offices of NEWN and TCLE on May 24, 2007 at 10:00 a.m., which happens to currently be the personal residence of the McDonalds. As you were informed by me via e-mail on May 23, 2007, May 24 at 10:00 am was not possible due to scheduling issues. Also, due to the current situs of the company's offices and the deterioration in the relationship between Ms. Osbelt and the McDonalds, our client has attempted to be responsive to Ms. Osbelt's specific requests for documents and has provided the same. As it is our client's sincere belief that the records and other materials either provided by our client to date, or already in Ms Osbelt's possession, comply with your client's document request, our client can only conclude that Ms. Osbelt's purpose for a visit to their home is directed more to harass and delay, than to actually obtaining further information that relates to her interest as a member of NEWN and TCLE. As such, we have **been directed to inform you that unless we have received executed signature pages to the Settlement Agreement and Release of Claims, the Repurchase Agreement, and the exhibits attached thereto by 10:30AM, tomorrow, Friday, May 25, 2007, then our client's offer of settlement contained therein will be withdrawn.** The amended and corrected return and 1099 filing information are to be filed Friday afternoon as well.

If you have any questions, please do not hesitate to contact me at (650) 289-7880. Please direct any and all responses to this correspondence to William Goines in our offices.

Very truly yours,

FREDERIC J. ADAM, ESQ.

cc:    David McDonald
       William Goines
       Todd Rumberger

**EXHIBIT  R**

BERGESON, LLP
ATTORNEYS AT LAW
303 ALMADEN BOULEVARD, SUITE 500
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 291-6200
FACSIMILE (408) 297-6000
WWW.BE-LAW.COM

May 25, 2007

*Via Email*

William Goines, Esq.
Greenberg Traurig
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303

Re:    NEWN, LLC and TCLE, LLC

Dear Mr. Goines:

This responds to your Fred Adam's letter of May 24, 2007 in which he requested that any response be addressed to you.

In the first instance, please confirm that the amended returns will not be filed until Ms. Osbelt has had an opportunity to review them, as has been repeatedly requested and agreed to.

Secondly, it is apparent from your responses to our requests for access to financial books and records that your clients are providing you with incorrect information.

1.     **Cancelled Checks and Bank Statements**

US Bank provides NEWN and TCLE with online access to the account, including the facility to view and print statements and cancelled checks at no cost. As a co-owner of NEWN, Ms. Osbelt is entitled to access to the account. In addition, the bank provides NEWN with monthly hardcopy statements. If your clients remain unwilling to provide us with the records requested, please provide us with the on-line password so that our client may obtain them herself directly from the bank.

2.     **NEWN's 401(k) and profit sharing plans**

Your clients wrongfully and, without notice to our client, removed her as trustee of the plan in Mid-April. Please provide the requested information.

ANTHONY M. GLASSMAN
BEVERLY HILLS, CA 90210

AFFILIATED COUNSEL:
BERGESON & CAMPBELL
WASHINGTON, D.C. 20005

MARK E. FOSTER
SAN JOSE, CA 95110

BERGESON, LLP

William Goines, Esq.
May 25, 2007
Page 2

3.    **Canceled checks, wire transfer and banking statements for McDonald loans**

The "detailed eight-page accounting report" referred to by Mr. Adam did not contain a single source document. Please provide the requested source documents, not tables prepared by Mr. McDonald.

4.    **TCLE Line of Credit Statements**

Mr. McDonald has consistently referred to the line of credit with US Bank as the "TCLE Line of Credit". See, for instance, the 2007 Business Plan prepared by McDonald. In fact, the purpose of the line of credit was to fund the start-up of TCLE. Please provide the requested information.

5.    **Correspondence re: Line of Credit Default**

Our client denies that she has been provided with all notices of default sent to your clients. If you have evidence to the contrary, please provide it. US Bank has advised Ms. Osbelt that the McDonalds were being sent default notices and LOC renewal notices for some time prior to the deadline on April 4th. The first notice Ms. Osbelt received was on April 18th, 2007. Please provide the requested information.

Mr. Adam's letter also contains an allegation that our client submitted false expense reports to NEWN. Our client views this allegation as defamatory and expressly reserves her right to respond at an appropriate time. Ms Osbelt furthermore reserves her right to take the appropriate action against your clients. We have also been advised that Mr. McDonald is contacting NEWN clients and advising them that Ms. Osbelt has left NEWN "to have babies." Kindly advise your client to immediately cease disseminating false information. Our client's rights in this regard are similarly reserved.

Finally, and to the extent that the demand warrants mention, our client has no intention of signing the incomplete draft documents that you provided to us by e-mail on March 23, 2007.

We look forward to hearing from you as soon as possible.

Sincerely,

Marc G. van Niekerk

**EXHIBIT S**

# Greenberg
# Traurig

William J. Goines
Tel. 650.289.7880
Fax 650.462.7880
goinesw@gtlaw.com

May 30, 2007

<u>VIA ELECTRONIC MAIL AND FIRST CLASS MAIL</u>

Marc G. van Niekerk, Esq.
BERGESON, LLP
Attorneys At Law
303 Almaden Boulevard, Suite 500
San Jose, California 95110-2712

Re:    NEWN, LLC and TCLE, LLC

Dear van Niekerk:

We are in receipt of your letter dated May 25, 2007 regarding the request by your client, Jennifer Osbelt, to inspect the financial books and records of NEWN, LLC ("NEWN") and Technology CLE, LLC ("TCLE," and collectively, the "Companies" or "our client").

Please provide us with a list of available dates in the next two to three weeks when Ms. Osbelt's accountant would be available to meet at Matson-Isom in Chico, California. We will need to coordinate Ms. Osbelt's schedule along with the schedules of the tax and bookkeeping CPA's so the more days Ms. Osbelt can provide the easier it should be to schedule a date. We anticipate starting at 9:00 a.m. to accommodate Ms. Osbelt's questions. Please be advised that Ms. Osbelt will be charged for Matson-Isom time, facilities, copying costs, as well as time spent by the CPA, LeAnn Andrews. Donna and possibly David McDonald will attend the review, and the proceedings will be recorded.

The following is a response to each of your specific requests for source documents:

1.     **Check registers, cancelled checks and transactional history for NEWN.**

Paragraph 6.5 of the Operating Agreement permits Ms. Osbelt to view company records at her expense, but does not allow her online access to NEWN's US Bank account. As set forth in our letter of May 24, 2007, our client has contacted US Bank to assist Ms. Osbelt in ordering these records and provided you with an estimate of costs.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

www.gtlaw.com

May 30, 2007
Page 2

---

Again, if Ms. Osbelt has specific information as to what checks and statements she is seeking based upon her review of the Quickbooks files, that may reduce her costs.

We note that your letter did not provide the requested clarification of the term "transactional history". Please advise as to what specific information, if any, your client is seeking in addition to the check registers and canceled checks.

2.    NEWN's 401(k) and profit sharing plans

While she was a trustee Ms. Osbelt had full access to, and has been fully provided, the requested information. If she would like another copy of the 401(k) documentation she should direct her request to the plan administrator, Bidwell Consulting.

3. Canceled checks, wire transfers and banking statements for McDonald loans

The eight-page accounting report provided to Ms. Osbelt on 3/25/07 at 10:11 p.m. sufficiently fulfills Ms. Osbelt's request.

4.    TCLE line of credit statements

TCLE has no line of credit with US Bank. The line of credit referenced in the 2007 Business Plan was with NEWN, who wrote checks to TCLE and now owes NEWN $360,000.

5.    Correspondence re: line of credit defaults

US Bank default correspondence was provided to Ms. Osbelt as email attachments on 5/8/2007 to Chris Rodi, Esq.

6.    Expense Reports

Our client has been auditing expense reports and has come across numerous examples of duplicate expense requests submitted by Ms. Osbelt. We are in the process of determining whether this is a result of careless accounting or if it indicates a pattern of defrauding the company.

7.    Departure Description

NEWN is open to hearing Ms. Osbelt's suggestions for how to describe her departure to consultants and clients.

May 30, 2007
Page 3

----

8.    **Amended Tax Returns**

The Articles of Organization do not grant minority members the right to review and/or comment on tax reporting. Ms. Osbelt received the revised bookkeeping records that provided her with the taxable income statements in Quickbooks.

If you have any questions, please do not hesitate to contact me at (650) 289-7860.

Very truly yours,

William J. Goines, Esq.

**EXHIBIT T**

November 15, 2007

***VIA OVERNIGHT MAIL***

David and Donna McDonald
15309 Northlake Road
Magalia, CA 95954-9052

Dear David and Donna,

It has recently come to my attention that you have caused NEWN to enter into "consulting agreements" with yourselves for CEO and bookkeeping services. You failed to provide me with an opportunity to review or approve of these purported agreements. As a member and manager of NEWN, and especially as the only disinterested member and manager with regard to these purported agreements, it was imperative that, on behalf of NEWN, I had the opportunity to review and approve these agreements to ensure that they were in the best interests of the company and fair to all members.

As a member and manager of NEWN, I request a copy of these purported agreements and all documents and information concerning any payments made to you to date. Notwithstanding my request, based on the information learned to date, the purported agreements do not appear to be in the best interests of the company nor fair to other members. In fact, it appears that you have used these purported agreements to drain company assets and to deprive other members of any profits. These purported agreements have not been approved or ratified by NEWN or myself and will not be approved by NEWN or myself. These purported self-dealing agreements are void, and, on behalf of NEWN, I demand that you cease and desist from paying yourselves any further compensation under these purported agreements and return all monies and payments already received thereby.

Similarly, your recent capital call was made without the input of all members, including myself, or even the opportunity to provide input. Once again, it appears to have been the unilateral decision of you, David McDonald. As such, the capital call is invalid. Furthermore, it appears under the circumstances that no capital call was required. You have diverted company assets, without proper authorization or approval, from NEWN to your personal accounts. Once these assets are returned, NEWN will have sufficient funds to meet its debt obligations; thus, obviating the need for any capital call.

Nonetheless, if you still believe that a capital call is required, I would reiterate my demand for inspection of all books and records as well as accounting and bank statements. Upon receiving access to this information, I would in a better position to have an informed discussion about the merits of a capital call.

Lastly, you recently sent over a proposed amended operating agreement. In light of the circumstances in existence at the time of this purported amendment, it was clearly unreasonable and unfair. Please be advised that I do not approve of the proposed agreement and do not intend sign it.

Sincerely,

Jennifer Osbelt

JOSEPH W. COTCHETT (36324)
jcotchett@cpmlegal.com
ARA R. JABAGCHOURIAN (205777)
ajabagchourian@cpmlegal.com
SEAN E. PONIST (204712)
sponist@cpmlegal.com

4  **COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
5  Burlingame, CA 94010
Telephone: (650) 697-6000
6  Facsimile: (650) 697-0577

7  Attorneys for Plaintiff Jennifer Osbelt

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **COUNTY OF SAN MATEO**

10

11  JENNIFER OSBELT,                     )   **Case No. CIV463528**
                                          )
12              Plaintiff,                )
                                          )
13      v.                                )   **PROOF OF SERVICE**
                                          )
14  DAVID D. MCDONALD, DONNA K.          )
    MCDONALD, NATIONAL EXPERT           )
15  WITNESS NETWORK, a California Limited )
    Liability Company; and DOES 1-10, inclusive, )
16                                        )
                Defendants.               )
17                                        )
                                          )
18  ─────────────────────────────────    )
                                          )
19  DAVID D. McDONALD; DONNA K.          )
    McDONALD; NATIONAL EXPERT           )
20  WITNESS NETWORK, a California Limited )
    Liability Company; TECHNOLOGY CLE, a )
21  California Limited Liability Company, )
                                          )
22              Cross-Complainants,       )
                                          )
23      v.                                )
                                          )
24  JENNIFER OSBELT, individually and doing )
    business as PALO ALTO TECHNICAL, and )
25  ROES 1-10, inclusive,                )
                                          )
26              Cross-Defendants.         )
                                          )
27                                        )
                                          )
28  ─────────────────────────────────    )

───────────────────────────────────────────────────────

**PROOF OF SERVICE**                                    1

1   *Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
   *San Mateo Superior Court   CIV 463528*

2                      **PROOF OF SERVICE**

3         I am employed in San Mateo County, which is where service of the document(s) referred to

4 below occurred. I am over the age of 18 and not a party to the within action. My business address is

5 Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of

6 documents. On this date, I served a true copy of the following document(s) in the manner listed below:

7   1.     **PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING
           LEAVE TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND**

8            **AUTHORITIES; DECLARATION OF SEAN E. PONIST;**

9   2.     **STIPULATION AND ORDER GRANTING LEAVE FOR PLAINTIFF TO FILE A FIRST**

10            **AMENDED COMPLAINT;**

11   \_\_\_\_   **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of

12          correspondence for mailing. Following that practice, I placed a true copy of the aforementioned
         document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below.

13          The envelope was placed in the mail at my business address, with postage thereon fully prepaid,

14          for deposit with the United States Postal Service on that same day in the ordinary course of
         business.

15

16   <u>XX</u>   **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for

17          causing documents to be served by overnight courier. Following that practice, I caused the
         sealed envelope containing the aforementioned document(s) to be delivered via overnight courier

18          service to the addressee(s) specified below:

19      William J. Goines                *Attorneys for David D. McDonald,*
       Karen Rosenthal               *Donna K. McDonald,*

20      Cindy Hamilton                *National Expert Witness Network;*
     **GREENBERG TRAURIG, LLP**     *and Technology CLE*

21      1900 University Avenue, Fifth Floor
     East Palo Alto, CA 94303

22      Tel.: (650) 328-8500
     Fax: (650) 328-8508

23   \_\_\_\_   **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to
         be served by hand delivery. Following that practice, I caused the sealed envelope containing the

24          aforementioned document(s) to be hand delivered to the addressee(s) specified below.

25

26         I declare under penalty of perjury, under the laws of the State of California, that the foregoing is

27 true and correct. Executed at Burlingame, California, on December 4, 2007.

28                                  *Linda A. Clark*
                                   Linda A. Clark

1  JOSEPH W. COTCHETT (36324)
   jcotchett@cpmlegal.com
2  ARA R. JABAGCHOURIAN (205777)
   ajabagchourian@cpmlegal.com
3  SEAN E. PONIST (204712)
   sponist@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
5  Burlingame, CA 94010
   Telephone: (650) 697-6000
6  Facsimile: (650) 697-0577

7  Attorneys for Plaintiff Jennifer Osbelt

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF SAN MATEO**

10

11 JENNIFER OSBELT,                    )   **Case No. CIV463528**
                                       )
12              Plaintiff,             )
                                       )
13      v.                             )   **AMENDED** PROOF OF SERVICE
                                       )
14 DAVID D. MCDONALD, DONNA K.         )
   MCDONALD, NATIONAL EXPERT           )
15 WITNESS NETWORK, a California Limited)
   Liability Company; and DOES 1-10, inclusive,)
16                                     )
                Defendants.            )
17                                     )
                                       )
18 _____ )
                                       )
19 DAVID D. McDONALD; DONNA K.         )
   McDONALD; NATIONAL EXPERT           )
20 WITNESS NETWORK, a California Limited)
   Liability Company; TECHNOLOGY CLE, a)
21 California Limited Liability Company,)
                                       )
22              Cross-Complainants,    )
                                       )
23      v.                             )
                                       )
24 JENNIFER OSBELT, individually and doing)
   business as PALO ALTO TECHNICAL, and)
25 ROES 1-10, inclusive,              )
                                       )
26              Cross-Defendants.      )
                                       )
27                                     )
                                       )
28 _____ )

_____
                      **PROOF OF SERVICE**                          1

*Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
*San Mateo Superior Court   CIV 463528*

## PROOF OF SERVICE

I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On this date, I served a true copy of the following document(s) in the manner listed below:

1.     **PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING LEAVE TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SEAN E. PONIST;**

2.     **STIPULATION AND ORDER GRANTING LEAVE FOR PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT;**

3.     **FIRST AMENDED COMPLAINT;**

_____  **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

_XX_  **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

William J. Goines            *Attorneys for David D. McDonald,*
Karen Rosenthal             *Donna K. McDonald,*
Cindy Hamilton              *National Expert Witness Network;*
**GREENBERG TRAURIG, LLP**   *and Technology CLE*
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Tel.: (650) 328-8500
Fax: (650) 328-8508

_____  **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on December 6, 2007.

*Linda A. Clark*
Linda A. Clark

1  GREENBERG TRAURIG, LLP
2  WILLIAM J. GOINES (SBN 61290)
   KAREN ROSENTHAL (SBN 209419)
3  CINDY HAMILTON (SBN 217951)
   1900 University Avenue, Fifth Floor
4  East Palo Alto, CA 94303
   Telephone: (650) 328-8500
5  Facsimile: (650) 328-8508

6  Attorneys for Defendants and Cross-Complainants
   DAVID MCDONALD, DONNA MCDONALD, NATIONAL
7  EXPERT WITNESS NETWORK, and TECHNOLOGY CLE

**E-FILED**
SAN MATEO COUNTY
Dec 12 2007
Clerk of the Superior Court
By ____ U. FINAU ____
DEPUTY CLERK

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN MATEO

11

12  JENNIFER OSBELT,                    Case No. CIV 463528
    an individual,

13              Plaintiff,              NOTICE OF MOTION AND
                                        MOTION TO COMPEL
14      v.                              PLAINTIFF'S RESPONSES TO
                                        DEFENDANTS' REQUEST FOR
15  DAVID MCDONALD, DONNA K.            PRODUCTION OF DOCUMENTS,
    MCDONALD; and                       SET ONE; MEMORANDUM OF
16  DOES 1-10, inclusive                POINTS AND AUTHORITIES AND
                                        REQUEST FOR ATTORNEYS
17              Defendants.             FEES IN THE AMOUNT OF $2077

18                                      Date: January 11, 2008
                                        Time: 9:00 a.m.
19                                      Dept. LM

20

21  AND RELATED CROSS-ACTION

22

23  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24      PLEASE TAKE NOTICE that on January 11, 2007, at the hour of 9:00 a.m., in the Law

25  & Motion Department of the above-referenced Court located at 400 County Center, Redwood

26  City, California, Defendants and Cross-Complainants DAVID MCDONALD, DONNA

27  MCDONALD, TECHNOLOGY CLE AND NATIONAL EXPERT WITNESS NETWORK

28  (collectively, "Defendants") will move to compel Plaintiff JENNIFER OSBELT ("Plaintiff") to

                                        1

1    produce documents pursuant to the Request for Production of Documents served on Plaintiffs
2    on September 26, 2007.

3        This motion is made on the grounds that to date, Plaintiffs have served responses to
4    such Request for Production of Documents but failed to produce a single document.
5    Defendants have made efforts to meet and confer with Plaintiffs but as of the date of this filing,
6    no documents have been received. Defendants also seek attorneys fees in connection with the
7    preparation of this Motion.

8        This Motion will be based upon this notice and motion, the attached Memorandum of
9    Points and Authorities, the concurrently-filed Separate Statement of Items in Dispute and
10   Declaration of Cindy Hamilton and exhibits thereto, all of the papers filed and proceeding thus
11   far in this action, and such argument as the Court entertains at the hearing on this motion.

12

13   Dated: December 12, 2007           **GREENBERG TRAURIG, LLP**
14
15                     By: _Cindy Hamilton_
16                     William J. Goines, Esq.
                       Karen Rosenthal, Esq.
17                     Cindy Hamilton, Esq.
18
                       Attorneys for Defendants
19
20
21
22
23
24
25
26
27
28

                  2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Defendants and Cross-Complainants David McDonald, Donna McDonald, National Expert Witness Network and Technology CLE (collectively, "Defendants") hereby bring this Motion to Compel Production of Documents propounded on Plaintiff and Cross-Defendant Jennifer Osbelt and Jennifer Osbelt dba Palo Alto Technical (collectively, "Plaintiff") on the grounds that Plaintiff failed to produce a single document in response to Defendants Request for Production of Documents despite serving responses indicating that Plaintiff would produce documents. Defendants also bring this motion to compel responses to documents pertaining to Plaintiff's fictitious business name Palo Alto Technical, a named Cross-Defendant in this action. Despite meet and confer efforts, Plaintiff has not produced any documents.

### II.    Statement of Facts

On September 26, 2007, Defendants served the Request for Production of Documents on the Plaintiff. See Exhibits A to Hamilton Declaration. Responses were due on October 30, 2007, pursuant to the provisions of the California Code of Civil Procedure Sections 2030.260(a) and 2031.260. However, Defendants voluntary granted Plaintiff two extensions of time to respond to discovery, creating a new response date of November 13, 2007.

On November 13, 2007, Plaintiff served responses indicating that she would produce documents. As of the date of this filing, Defendant has not received a single document from Plaintiff. Furthermore, in her response Plaintiff refused to produce any documents pertaining Palo Alto Technical, a fictitious business name under which Plaintiff does business and a named party in this action. Defendants Cross-Complaint alleges that Plaintiff used Palo Alto Technical as a vehicle to submit duplicative and fraudulent expense reimbursements to NEWN. Reimbursement checks written by NEWN were made payable to Palo Alto Technical at Plaintiffs request, and Palo Alto Technical documents are critical to Defendants in the prosecution of their Cross-Complaint.

On November 21, 2007, Defendants' counsel Cindy Hamilton sent a letter to Plaintiffs' counsel Sean Ponist requesting that Plaintiff produce documents and attempting to meet and

3

confer regarding Plaintiff's refusal to produce documents pertaining to Palo Alto Technical, and requesting a response by December 7, 2007. See Exhibit B to Hamilton Declaration. In a subsequent phone conversation, Ms. Hamilton understood that Mr. Ponist had agreed to produce Palo Alto Technical documents along with Plaintiffs document production, and sent a confirmation letter to that effect dated November 28, 2007. See Exhibit C to Hamilton Declaration. In a fax dated November 29, 2007, Mr. Ponist clarified a misunderstanding that "although my office agreed to reconsider our position concerning the production of documents pertaining to Palo Alto Technical, we have not agreed at this point to the production of Palo Alto Technical documents". See Exhibit D to Hamilton Declaration. In an email dated December 11, 2007, Mr. Ponist indicated that he was "serving amended responses" but did not respond to subsequent emails requesting whether those "amended responses" included the production of actual documents. See Exhibit E to Hamilton Declaration. Plaintiff has had nearly three months to gather documents in this action, and Defendants have attempted to meet and confer for over a month but as of the date of this filing have not received a single document from Plaintiff.

## III.    **Argument**

Defendants request that the Court order Plaintiff to produce documents immediately, including documents pertaining to Plaintiff's fictitious business name Palo Alto Technical. Plaintiffs refusal to produce even a single document is a misuse of the discovery process pursuant to section 2023.010(d) of the California Code of Civil Procedure, as Plaintiff is "failing to submit to an authorized method of discovery".

Defendants' Cross-Complaint alleges that Plaintiff used Palo Alto Technical as a vehicle to submit duplicative and fraudulent expense reimbursements which were paid by NEWN. Plaintiff responded to these requests by stating "Palo Alto Technical is not a party to this litigation nor do any allegations in the complaint or cross-complaint involve Palo Alto Technical." See Plaintiff's response to Request for Production of Document in the Separate Statement in Support of Defendants' Motion to Compel. This statement is blatantly inaccurate. The Cross-Complaint names as a Cross-Defendant "Jennifer Osbelt, individually and doing

4

1    business as Palo Alto Technical", and the Cross-Complaint contains numerous references to

2    Palo Alto Technical and how Plaintiff used this fictitious business name to defraud NEWN.

3         Defendants also request that the Court order Plaintiff to pay Defendants fees associated

4    with having to file this motion to compel Plaintiff to comply with her discovery obligations. A

5    party who forces a motion to compel discovery responses by misusing the discovery process

6    shall be ordered to pay the successfully moving party's costs of making the motion, including

7    attorneys' fees. *Id.* §§2030.290(c), 2031.310(d). As set forth in the attached Declaration of

8    Cindy Hamilton, Defendants have incurred attorneys' fees in the amount of $1147.00 in making

9    this motion, and anticipate incurring additional fees in the amount of approximately $930.00 in

10    drafting a reply and arguing this motion at the hearing. Accordingly, Defendants request that

11    the Court award attorneys fees in the amount of $2077.00.

12         Defendants' counsel attempted to avoid the present motion practice by sending the meet

13    and confer letters attached to Ms. Hamilton's declaration. Defendants second day of deposition

14    is set for December 17 and 27th, respectively, and Plaintiff's deposition is set for January 3,

15    2008. Since Plaintiffs still have not produced documents responsive to Defendant's Request for

16    Production of Documents, this motion is Defendant's only recourse to Plaintiffs' flagrant

17    misuse of the discovery process.

18    **IV.    Conclusion**

19         Based on the foregoing, Defendants respectfully request that the Court grant this motion

20    to compel responses to the Interrogatories and Demands and to order Plaintiffs to pay

21    Defendant's attorneys fees in the amount of $2077.00.

22

23    Dated: December 12, 2007                    GREENBERG TRAURIG, LLP

24                                                By: *Cindy Hamilton*

25                                                William J. Goines, Esq.
                                                  Karen Rosenthal, Esq.
26                                                Cindy Hamilton, Esq.
                                                  Attorneys for Defendants and
27                                                Cross-Complainants

28

5

Osbelt v. McDonald, et al.                                    Case No. CIV 463528

## PROOF OF SERVICE

I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On December 12, 2007, I served the following documents:

**NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE; MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR ATTORNEYS FEES IN THE AMOUNT OF $2077**

☐   by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☒   by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐   **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Sean Ponist, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 12, 2007, at East Palo Alto, California.

Cathy Sandifer

SV 346,198,779v1 12/11/2007

# UPS CampusShip: View/Print Label

1. **Print the label(s):**  Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.**  Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   o Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   o Hand the package to any UPS driver in your area.
   o Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are accepted at Drop Boxes.
   o To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   o Your driver will pickup your shipment(s) as usual.

FOLD HERE



RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT

1  GREENBERG TRAURIG, LLP
   WILLIAM J. GOINES (SBN 61290)
2  KAREN ROSENTHAL (SBN 209419)
   CINDY HAMILTON (SBN 217951)
3  1900 University Avenue, Fifth Floor
   East Palo Alto, CA 94303
4  Telephone: (650) 328-8500
   Facsimile: (650) 328-8508
5
   Attorneys for Defendants and Cross-Complainants
6  DAVID MCDONALD, DONNA MCDONALD, NATIONAL
   EXPERT WITNESS NETWORK, and TECHNOLOGY CLE
7

**E-FILED**
SAN MATEO COUNTY

**Dec 12 2007**
Clerk of the Superior Court
By _____U. FINAU_____
DEPUTY CLERK

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN MATEO

11

12  JENNIFER OSBELT,
    an individual,

13              Plaintiff,

14       v.

15  DAVID MCDONALD, DONNA K.
    MCDONALD; and
16  DOES 1-10, inclusive

17              Defendants.

18

19

20  AND RELATED CROSS-ACTION

21

Case No. CIV 463528

**DECLARATION OF CINDY
HAMILTON IN SUPPORT OF
DEFENDANTS MOTION TO
COMPEL PLAINTIFF'S
RESPONSES TO DEFENDANTS'
REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE**

Date: January 11, 2008
Time: 9:00 a.m.
Dept. LM

22

23

24

25

26

27

28

1

I, Cindy Hamilton, declare:

1.     I am an attorney at law duly licensed to practice in the State of California and am an associate in the law firm of Greenberg Traurig, LLP, counsel of record for Defendants and Cross-Complainants Donna McDonald, David McDonald, National Expert Witness Network, and Technology CLE ("Defendants"). I am familiar with the facts and circumstances of the above-referenced action and the matters contained in this Declaration and would, if called upon as a witness, competently testify thereto.

2.     Defendants propounded Request for Production of Documents to Plaintiff Jennifer Osbelt on September 26, 2007.  A true and correct copy of such Request for Production of Documents is attached as Exhibit A.  Responses were due on October 30, 2006, however Defendants voluntarily granted Plaintiff two extensions of time respond to discovery, creating a new response date of November 13, 2007.

3.     On November 13, 2007, Plaintiff served Responses to the Request for Production of Documents. A true and correct copy of such response by Ms. Osbelt is attached as Exhibit B.  In her response Plaintiff refused to produce any documents pertaining to Palo Alto Technical.

4.     On November 21, 2007, I sent a letter to Plaintiff's counsel Sean Ponist requesting that Plaintiffs produce documents and attempting to meet and confer regarding Plaintiff's refusal to produce documents pertaining to Palo Alto Technical as soon as possible but no later than December 7, 2006.  A true and correct copy of this letter is attached as Exhibit C.

5.     In a subsequent phone conversation, I understood that Mr. Ponist had agreed to produce Palo Alto Technical documents along with Plaintiff's document production, and sent a confirmation letter to that effect dated November 28, 2007.  A true and correct copy of this letter is attached as Exhibit D.

6.     In a fax dated November 29, 2007, Mr. Ponist clarified a misunderstanding that "although my office agreed to reconsider our position concerning the production of documents pertaining to Palo Alto Technical, we have not agreed at this point to the production of Palo Alto Technical Documents.  A true and correct copy of this fax is attached as Exhibit E.

DECLARATION OF CINDY HAMILTON ISO MOTION TO COMPEL
SV 346,242,895v1 12/12/2007

7.    In an email dated December 11, 2007, Mr. Ponist indicated that he was "serving amended responses" but did not respond to subsequent emails requesting whether those "amended responses" included the production of actual documents.  A true and correct copy of this email is attached as Exhibit F.

8.    A of today's date, at my hourly rate of $310, the attorneys' fees incurred in bringing this motion total $1147.

9.    I anticipate spending approximately three additional hours in drafting a reply and arguing this motion at the hearing.  Therefore, the additional anticipated attorneys' fees would total $2077.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.  Executed at East Palo Alto, California, this 12th day of December, 2007.

Dated: December  12, 2006                      **GREENBERG TRAURIG, LLP**

                                              By: _Cindy Hamilton_
                                                  Cindy Hamilton, Esq.

                                                  Attorney for Defendants

# EXHIBIT A

1    WIILLIAM J. GOINES (SBN 61290)
     KAREN ROSENTHAL (SBN 209419)
2    CINDY HAMILTON (SBN 217951)
     GREENBERG TRAURIG, LLP
3    1900 University Avenue, Fifth Floor
     East Palo Alto, California 94303
4    Telephone: (650) 328-8500
     Facsimile: (650) 328-8508
5
     Attorneys for Defendants and
6    Cross-Complainants David McDonald,
     Donna McDonald, National Expert
7    Witness Network. and Technology CLE

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SAN MATEO

11

12   JENNIFER OSBELT,                    Case No. CIV 463528

13              Defendant(s);           **REQUEST FOR PRODUCTION OF**
                                        **DOCUMENTS PROPOUNDED TO**
14   v.                                 **PLAINTIFF JENNIFER OSBELT (SET ONE)**

15   DAVID D. McDONALD, DONNA K.
     McDONALD, et al.,,
16
17              Defendant(s).

18   AND RELATED CROSS-ACTION

19

20   **PROPOUNDING PARTY:**     DEFENDANTS AND CROSS-COMPLAINANTS DAVID D.
                                McDONALD, DONNA K. McDONALD, NATIONAL
21                              EXPERT WITNESS NETWORK LLC  and TECHNOLOGY
                                CLE LLC
22
     **RESPONDING PARTY:**      PLAINTIFF JENNIFER OSBELT
23
     **SET NUMBER:**            ONE
24
25   TO:   PLAINTIFF AND TO HER ATTORNEY OF RECORD:

26        Defendants and Cross-Complainants DAVID D. McDONALD, DONNA K. McDONALD,

27   NATIONAL  EXPERT  WITNESS  NETWORK  LLC    and  TECHNOLOGY  CLE  LLC

28

                                        1
SV 346212355v1 8/24/2007

1  ("Defendants") hereby propound this Request for Production of Documents (the "Demands") to

2  Plaintiff JENNIFER OSBELT ("Plaintiff"), as follows.

3  Pursuant to the provisions of the California Code of Civil Procedure section 2031.010,

4  Defendants request that Plaintiff serve a response to the Demands and produce the requested

5  documents for inspection and copying thirty (30) days from date of service of this Request, at the

6  office of Greenberg Traurig, LLP, 1900 University Avenue, Fifth Floor, East Palo Alto, California

7  94303.

8  ## DEFINITIONS AND INSTRUCTIONS

9  A.  The term "YOU" and/or "YOUR" refers to Plaintiff JENNIFER OSBELT, her

10  attorneys and all other persons or entities currently and previously acting or purporting to act on her

11  behalf.

12  B.  The term "PERSON" includes any natural person, including, but not limited to, any

13  custodian of records, firm, association, partnership, joint venture, corporation, related or associated

14  company, trust or other form of legal entity.

15  C.  "DOCUMENT" means a writing and refers to handwriting, typewriting, printing,

16  photostating, email, photographing, magnetic impulse, mechanical or electronic recording and every

17  other means of recording upon any tangible thing, including letters, words, numbers, pictures,

18  sounds, or symbols, or combinations thereof, including, but not limited to, videotapes, magnetic,

19  read-only memory, or optical recordings, computer disks, and electronic mail messages.

20  Without limitation of the term "control," a DOCUMENT is deemed to be in YOUR

21  control if you have the right to secure the DOCUMENT or a copy thereof from another person or

22  public or private entity having actual possession thereof. If a DOCUMENT is responsive to a request

23  for identification and is in YOUR control, but is not in YOUR possession or custody, identify the

24  person with possession or custody.

25  If copies of a DOCUMENT have been prepared and the copies are not identical or

26  contain additional information (or have undergone alteration by the addition or deletion of notations

27  or other modifications), each non-identical copy is a separate "DOCUMENT." Similarly, a paper and

28  an electronic copy are each a separate "DOCUMENT."

2

D.    The term "STATEMENT" means any oral, written, stenographic or recorded declaration of any type or description.

E.    The terms "COMMUNICATION" and "COMMUNICATIONS" mean, unless otherwise specified, any transfer of information, ideas, opinions or thoughts by any means at any time or place under any circumstances and is not limited to transfers between persons but includes other transfers, such as records and memoranda to file.  The terms "COMMUNICATION" and "COMMUNICATIONS" include the following:

(1)    Any written letter, memorandum, electronic mail message or other DOCUMENT which was sent by one or more individuals to another;

(2)    Any telephone call between one or more individuals and another, whether or not such call was by chance or prearranged, formal or informal;

(3)    Any conversation or meeting between one or more individuals and another, whether or not such contact was by chance or prearranged, formal or informal.

F.    "ANY" or "EACH" shall include and encompass "all" and "every."

G.    HE" (and its derivatives) shall include and encompass "SHE" and "IT" (and their respective derivatives).

H.    "OR" shall include and encompass "and" and "AND" shall be understood to include "or."

I.    The terms "RELATE" or "RELATING TO" include referring to, alluding to, responding to, regarding, discussing, showing, describing, reflecting, analyzing, constituting, including, mentioning, in respect of, or about.

J.    Pursuant to California Code of Civil Procedure sections 2031.010 and 2031.050, the request for production of documents embodied herein shall be deemed continuous such that any document requested herein which is either discovered by you or comes within YOUR possession, custody or control subsequent to YOUR initial production but prior to the final conclusion of this case should be produced immediately upon its discovery or receipt.

//

//

3

SV 346212355v1 8/24/2007

1    ## PRODUCTION, PRIVILEGES AND OBJECTIONS

2    1.    In producing the documents requested below, you are requested to furnish all

3 documents in YOUR possession, custody or control or in the possession, custody or control of

4 YOUR agents, representatives, attorneys, employees, assignees, trustees, officers, directors or any

5 other person or entity acting or purporting act on YOUR behalf.

6    2.    With respect to any documents which you decline to produce because of a claim of

7 privilege, you are requested to provide a privilege log containing the following information as to each

8 such document: (a) the date of each such document; (b) the name and official position of each

9 author, preparer, sender, addressee and recipient of each such document; (c) the title of each such

10 document; (d) an identification of the type of document; (e) a description of the subject matter of the

11 document; (f) the nature of the privilege claimed; (g) a description of the grounds for the claimed

12 privilege; (h) citations to the case law or other legal authority upon which you rely in making YOUR

13 assertions of privilege; and (i) the paragraph number of each individual item in this Request to which

14 each such document is responsive. This information must be provided in sufficient detail to enable

15 Plaintiff to challenge the claim of privilege.

16    3.    If you object to all or part of any of the Requests for Production contained herein on

17 the grounds of vagueness, ambiguity, overbreadth or any similar grounds, then as to each such

18 objection: (a) identify the specific portion(s) of the request which you claim you cannot answer

19 because of the alleged defect in the request; (b) identify the specific word(s) and/or phrase(s) to

20 which YOUR objection relates; (c) state why the alleged ambiguity, vagueness or overbreadth, for

21 example, prevents you from answering all or part of the discovery request; (d) identify all of the

22 specific portion(s) of the discovery request to which you are not responding at all based upon this

23 objection.

24    ## DOCUMENT REQUESTS

25    ### REQUEST FOR PRODUCTION NO. 1:

26    Palo Alto Technical Expense reimbursements from January 2006 through April 2007.

27    ### REQUEST FOR PRODUCTION NO. 2:

28    All DOCUMENTS RELATING to any TCLE patents or patent applications.

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

SV 346212355v1 8/24/2007

1    REQUEST FOR PRODUCTION NO. 3:

2    ALL DOCUMENTS RELATING to the U.S. Bank note.

3    REQUEST FOR PRODUCTION NO. 4:

4    ALL DOCUMENTS RELATING to NEWN's 401 K pension plan.

5    REQUEST FOR PRODUCTION NO. 5:

6    ALL DOCUMENTS RELATING TO NEWN's profit sharing plan.

7    REQUEST FOR PRODUCTION NO. 6:

8    ALL COMMUNICATIONS with Bidwell Consulting.

9    REQUEST FOR PRODUCTION NO. 7:

10   ALL COMMUNICATIONS with Edward Jones.

11   REQUEST FOR PRODUCTION NO. 8:

12   ALL COMMUNICATIONS RELATING to allegations of fraud against the McDonalds or

13   NEWN.

14   REQUEST FOR PRODUCTION NO. 9:

15   ALL COMMUNICATIONS RELATING to allegations of embezzlement against the

16   McDonalds or NEWN.

17   REQUEST FOR PRODUCTION NO. 10:

18   ALL DOCUMENTS RELATING to the books and records of Palo Alto Technical.

19   REQUEST FOR PRODUCTION NO. 11:

20   ALL DOCUMENTS RELATING to any bank statements or account summaries of Palo Alto

21   Technical.

22   REQUEST FOR PRODUCTION NO. 12:

23   ALL DOCUMENTS RELATING to tax returns RELATING to Palo Alto Technical.

24   REQUEST FOR PRODUCTION NO. 13:

25   ALL DOCUMENTS RELATING to any statement made by YOU in the last twelve months

26   concerning the McDonalds.

27   REQUEST FOR PRODUCTION NO. 14:

28   ALL DOCUMENTS YOU received from Cross-Complainants or their accountants

5

1   RELATING TO the financial condition of NEWN.

2       REQUEST FOR PRODUCTION NO. 15:

3       ALL DOCUMENTS RELATING to requests from YOU for financial information of NEWN.

4       REQUEST FOR PRODUCTION NO. 16:

5       ALL DOCUMENTS REGARDING YOUR alleged acceptance of DAVID MCDONALD's

6   offer to purchase YOUR membership interest in NEWN.

7       REQUEST FOR PRODUCTION NO. 17:

8       ALL DOCUMENTS RELATING TO any tax deferred deductions or investment credits

9   YOU claimed on YOUR 2004, 2005, and 2006 tax returns filed while a member of NEWN.

10      REQUEST FOR PRODUCTION NO. 18:

11      ALL DOCUMENTS relating to YOUR trip to Mexico in January 2006.

12

13

14  Dated: September 18, 2007.                    GREENBERG TRAURIG, LLP

15

16                                        By: _Cindy Hamilton_____

17                                            William J. Goines
                                             Karen Rosenthal
18                                           Cindy Hamilton

19                                        Attorneys for Defendants and Cross-Complainants
                                          David McDonald, Donna McDonald, National
20                                        Expert Witness Network. and Technology CLE

21

22

23

24

25

26

27

28

6
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
SV 346212355v1

Osbelt v. McDonald, et al.                                          Case No. CIV 463528

## PROOF OF SERVICE

I, Karen Nelson, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On September 25, 2007, I served the following documents:

**REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF JENNIFER OSBELT (SET ONE)**

☒   by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐   by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐   **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Ara Jabagchourian, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 25, 2007, at East Palo Alto, California.

_____
Karen Nelson

SV 346198779v1

# EXHIBIT B

1 | JOSEPH W. COTCHETT (SB#36324)
jcotchett@cpmlegal.com
2 | ARA JABAGCHOURIAN (SB#205777)
ajabagchourian@cpmlegal.com
3 | SEAN E. PONIST (SB#204712)
sponist@cpmlegal.com
4 | **COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
5 | 840 Malcolm Road, Suite 200
Burlingame, CA 94010
6 | Telephone: (650) 697-6000
Facsimile: (650) 697-0577

7

*Attorneys for Plaintiff*

8

9

10

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **IN AND FOR THE COUNTY OF SAN MATEO**

13

14 | JENNIFER OSBELT,                          )    **CASE NO. CIV 463528**
                                    )
15 |               Plaintiff,          )    **PLAINTIFF'S RESPONSE TO**
                                    )    **DEFENDANTS REQUEST FOR**
16 |     v.                            )    **PRODUCTION OF DOCUMENTS,**
                                    )    **SET ONE**
17 | DAVID D. McDONALD, DONNA K.             )
McDONALD, and DOES 1 THROUGH 10,        )
18 | inclusive,                              )
                                    )
19 |               Defendants.         )
                                    )
20 | _____ )

21 | **PROPOUNDING PARTY:**      **DEFENDANTS AND CROSS-COMPLAINANTS**
                                      **DAVID MCDONALD, DONNA MCDONALD,**
22 |                                         **NATIONAL EXPERT WITNESS NETWORK AND**
                                        **TECHNOLOGY CLE**
23

**RESPONDING PARTY:**      **PLAINTIFF JENNIFER OSBELT**
24

**SET NO.:**                     **ONE (1)**
25

26

27

28

1        Pursuant to California Code of Civil Procedure Section 2031.210 *et seq.*, Plaintiff

2  JENNIFER OSBELT hereby responds to the Request for Production of Documents, Set One,

3  dated September 25, 2007, propounded by Defendants and Cross-Complainants DAVID

4  MCDONALD, DONNA MCDONALD, NATIONAL EXPERT WITNESS NETWORK AND

5  TECHNOLOGY CLE as follows:

6                    **PRELIMINARY STATEMENT**

7        These responses represent diligent and best efforts to respond to written discovery based

8  upon the investigation which these responding parties have thus far been able to carry out in

9  regard to the facts relevant to this litigation. There may exist further information, documents or

10  discovery that is not within these responding parties' present knowledge or reasonably available

11  to these responding parties.

12        There may exist documents relating to the subject matter of discovery which these

13  responding parties have not yet located, identified or reviewed despite its best efforts to do so.

14  Accordingly, these responses are based upon facts and information which are now known to

15  these responding parties and do not constitute an admission or representation that additional facts

16  or documents relevant to the subject matter of discovery do not exist.

17        As this litigation proceeds, the responding party anticipates that other facts and

18  documents may be discovered and identified by her. Without in any way obligating herself to do

19  so, the responding party reserves the right to later supplement, amend or otherwise modify these

20  responses in any way at any time.

21        Plaintiff objects to the Defendants' "Definitions and Instructions" to the extent that they

22  seek to impose any additional duties in responding to these requests beyond that required by the

23  code of Civil Procedure and any Order of the Court.

24      **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

25  **REQUEST FOR PRODUCTION NO. 1:**

26        Palo Alto Technical Expense reimbursements from January 2006 through April 2007.

27  / / /

28  / / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020. Palo Alto Technical is not a party to this litigation nor do any allegations in the complaint or cross-complaint involve Palo Alto Technical.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent it requests the disclosure of third party financial records (Rev. & Tax Code § 19542).

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, no documents will be produced responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING to any TCLE patents or patent applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid.

1 Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*
2 *Court* (1996) 47 Cal.App.4th 214.

3    Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive
4 documents in her possession, custody and control which can be located through reasonably
5 diligent search.

6 **REQUEST FOR PRODUCTION NO. 3:**

7    ALL DOCUMENTS RELATING to the U.S. Bank note.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

9    Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,
10 and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of
11 admissible evidence, and/or seeks information equally available to the asking party. Code Civ.
12 Proc., §§ 2017.010, 2017.020.

13    Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,
14 oppressive, and/or duplicative.

15    Plaintiff objects to this request to the extent that it encompasses documents protected by
16 the attorney/client communication's privilege and/or attorney work product protection. Evid.
17 Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*
18 *Court* (1996) 47 Cal.App.4th 214.

19    Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted
20 a diligent search and a reasonable inquiry and is unable to produce any of the requested
21 documents in this category because the requested documents are not in the possession, custody or
22 control of this answering party.

23 **REQUEST FOR PRODUCTION NO. 4:**

24    ALL DOCUMENTS RELATING to NEWN's 401K pension plan.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

26    Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,
27 and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

28

1 | admissible evidence, and/or seeks information equally available to the asking party. Code Civ.

2 | Proc., §§ 2017.010, 2017.020.

3 |     Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,

4 | oppressive, and/or duplicative.

5 |     Plaintiff objects to this request to the extent that it encompasses documents protected by

6 | the attorney/client communication's privilege and/or attorney work product protection. Evid.

7 | Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

8 | *Court* (1996) 47 Cal.App.4th 214.

9 |     Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted

10 | a diligent search and a reasonable inquiry and is unable to produce any of the requested

11 | documents in this category because the requested documents are not in the possession, custody or

12 | control of this answering party.

13 | **REQUEST FOR PRODUCTION NO. 5:**

14 |     ALL DOCUMENTS RELATING TO NEWN's profit sharing plan.

15 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16 |     Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

17 | and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

18 | admissible evidence, and/or seeks information equally available to the asking party. Code Civ.

19 | Proc., §§ 2017.010, 2017.020.

20 |     Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,

21 | oppressive, and/or duplicative.

22 |     Plaintiff objects to this request to the extent that it encompasses documents protected by

23 | the attorney/client communication's privilege and/or attorney work product protection. Evid.

24 | Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

25 | *Court* (1996) 47 Cal.App.4th 214.

26 |     Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted

27 | a diligent search and a reasonable inquiry and is unable to produce any of the requested

28 |

1  documents in this category because the requested documents are not in the possession, custody or

2  control of this answering party.

3  **REQUEST FOR PRODUCTION NO. 6:**

4       ALL COMMUNICATIONS with Bidwell Consulting.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

6       Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

7  and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

8  admissible evidence, and/or seeks information equally available to the asking party. Code Civ.

9  Proc., §§ 2017.010, 2017.020. As defined, it is not possible for Plaintiff to produce "All

10 COMMUNICATIONS," and she has no obligation to reduce conversations, meetings, etc. to

11 writing.

12      Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,

13 oppressive, and/or duplicative.

14      Plaintiff objects to this request to the extent that it encompasses documents protected by

15 the attorney/client communication's privilege and/or attorney work product protection. Evid.

16 Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

17 *Court* (1996) 47 Cal.App.4th 214.

18      Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive

19 documents in her possession, custody and control which can be located through reasonably

20 diligent search.

21 **REQUEST FOR PRODUCTION NO. 7:**

22      ALL COMMUNICATIONS with Edward Jones.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24      Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

25 and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

26 admissible evidence, and/or seeks information equally available to the asking party. Code Civ.

27 Proc., §§ 2017.010, 2017.020. As defined, it is not possible for Plaintiff to produce "All

28

1  COMMUNICATIONS," and she has no obligation to reduce conversations, meetings, etc. to

2  writing.

3      Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,

4  oppressive, and/or duplicative.

5      Plaintiff objects to this request to the extent that it encompasses documents protected by

6  the attorney/client communication's privilege and/or attorney work product protection.  Evid.

7  Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

8  *Court* (1996) 47 Cal.App.4th 214.

9      Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive

10  documents in her possession, custody and control which can be located through reasonably

11  diligent search.

12  **REQUEST FOR PRODUCTION NO. 8:**

13      ALL COMMUNICATIONS RELATING to allegations of fraud against the McDonalds

14  or NEWN.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

16      Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

17  and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

18  admissible evidence, and/or seeks information equally available to the asking party.  Code Civ.

19  Proc., §§ 2017.010, 2017.020.  As defined, it is not possible for Plaintiff to produce "All

20  COMMUNICATIONS," and she has no obligation to reduce conversations, meetings, etc. to

21  writing.

22      Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,

23  oppressive, and/or duplicative.

24      Plaintiff objects to this request to the extent that it encompasses documents protected by

25  the attorney/client communication's privilege and/or attorney work product protection.  Evid.

26  Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

27  *Court* (1996) 47 Cal.App.4th 214.

28

1       Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive

2   documents in her possession, custody and control which can be located through reasonably

3   diligent search.

4   **REQUEST FOR PRODUCTION NO. 9:**

5       ALL COMMUNICATIONS RELATING to allegations of embezzlement against the

6   McDonalds or NEWN.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

8       Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

9   and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

10  admissible evidence, and/or seeks information equally available to the asking party. Code Civ.

11  Proc., §§ 2017.010, 2017.020.  As defined, it is not possible for Plaintiff to produce "All

12  COMMUNICATIONS," and she has no obligation to reduce conversations, meetings, etc. to

13  writing.

14      Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,

15  oppressive, and/or duplicative.

16      Plaintiff objects to this request to the extent that it encompasses documents protected by

17  the attorney/client communication's privilege and/or attorney work product protection.  Evid.

18  Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

19  *Court* (1996) 47 Cal.App.4th 214.

20      Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted

21  a diligent search and a reasonable inquiry and is unable to produce any of the requested

22  documents in this category because the requested documents are not in the possession, custody or

23  control of this answering party.

24  **REQUEST FOR PRODUCTION NO. 10:**

25      ALL DOCUMENTS RELATING to the books and records of Palo Alto Technical.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

27      Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

28  and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

1   admissible evidence, and/or seeks information equally available to the asking party. Code Civ.

2   Proc., §§ 2017.010, 2017.020. Palo Alto Technical is not a party to this litigation nor do any

3   allegations in the complaint or cross-complaint involve Palo Alto Technical.

4        Plaintiff objects to this request to the extent that it encompasses documents protected by

5   the attorney/client communication's privilege and/or attorney work product protection. Evid.

6   Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

7   *Court* (1996) 47 Cal.App.4th 214.

8        Plaintiff further objects to this request to the extent that it calls for productions of trade

9   secrets section (Evid. Code § 1060), violates the tax payer privilege (Rev. & Tax Code § 19542),

10  and requires the disclosure of third party financial records (Cal. Const. Art. 1, §1).

11       Subject to the foregoing objections, no documents will be produced responsive to this

12  request.

13  **REQUEST FOR PRODUCTION NO. 11:**

14       ALL DOCUMENTS RELATING to any bank statements or account summaries of Palo

15  Alto Technical.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

17       Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

18  and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

19  admissible evidence, and/or seeks information equally available to the asking party. Code Civ.

20  Proc., §§ 2017.010, 2017.020. Palo Alto Technical is not a party to this litigation nor do any

21  allegations in the complaint or cross-complaint involve Palo Alto Technical.

22       Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,

23  oppressive, and/or duplicative.

24       Plaintiff objects to this request to the extent it requests the disclosure of third party

25  financial records (Rev. & Tax Code § 19542).

26       Plaintiff objects to this request to the extent that it encompasses documents protected by

27  the attorney/client communication's privilege and/or attorney work product protection. Evid.

28

1 | Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

2 | *Court* (1996) 47 Cal.App.4th 214.

3 | Subject to the foregoing objections, no documents will be produced responsive to this

4 | request.

5 | **REQUEST FOR PRODUCTION NO. 12:**

6 | ALL DOCUMENTS RELATING to tax returns RELATING to Palo Alto Technical.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

8 | Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

9 | and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

10 | admissible evidence, and/or seeks information equally available to the asking party. Code Civ.

11 | Proc., §§ 2017.010, 2017.020. Palo Alto Technical is not a party to this litigation nor do any

12 | allegations in the complaint or cross-complaint involve Palo Alto Technical.

13 | Plaintiff objects to this request to the extent that it encompasses documents protected by

14 | the attorney/client communication's privilege and/or attorney work product protection. Evid.

15 | Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

16 | *Court* (1996) 47 Cal.App.4th 214.

17 | Plaintiff further objects to this request to the extent that it calls for productions of trade

18 | secrets section (Evid. Code § 1060), violates the tax payer privilege (Rev. & Tax Code § 19542),

19 | and requires the disclosure of third party financial records (Cal. Const. Art. 1, §1).

20 | Subject to the foregoing objections, no documents will be produced responsive to this

21 | request.

22 | **REQUEST FOR PRODUCTION NO. 13:**

23 | ALL DOCUMENTS RELATING to any statement made by YOU in the last twelve

24 | months concerning the McDonalds.

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

26 | Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

27 | and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

28 |

1   admissible evidence, and/or seeks information equally available to the asking party. Code Civ.

2   Proc., §§ 2017.010, 2017.020.

3       .    Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,

4   oppressive, and/or duplicative.

5          Plaintiff objects to this request to the extent that it encompasses documents protected by

6   the attorney/client communication's privilege and/or attorney work product protection. Evid.

7   Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

8   *Court* (1996) 47 Cal.App.4th 214.

9          Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive

10   documents in her possession, custody and control which can be located through reasonably

11   diligent search.

12   **REQUEST FOR PRODUCTION NO. 14:**

13          ALL DOCUMENTS YOU received from Cross-Complainants or their accountants

14   RELATING TO the financial condition of NEWN.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

16       .  Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

17   and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

18   admissible evidence, and/or seeks information equally available to the asking party. Code Civ.

19   Proc., §§ 2017.010, 2017.020.

20          Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,

21   oppressive, and/or duplicative.

22          Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive

23   documents in her possession, custody and control which can be located through reasonably

24   diligent search.

25   **REQUEST FOR PRODUCTION NO. 15:**

26          ALL DOCUMENTS RELATING to requests from YOU for financial information of

27   NEWN.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive documents in her possession, custody and control which can be located through reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS REGARDING YOUR alleged acceptance of DAVID MCDONALD's offer to purchase YOUR membership interest in NEWN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

Plaintiff objects to this request to the extent that it is argumentative, mischaracterizes the evidence, assumes facts, and/or lacks foundation.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.

1    Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive

2  documents in her possession, custody and control which can be located through reasonably

3  diligent search.

4  **REQUEST FOR PRODUCTION NO. 17:**

5    ALL DOCUMENTS RELATING TO any tax deferred deductions or investment credits

6  YOU claimed on YOUR 2004, 2005, and 2006 tax returns filed while a member of NEWN.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

8    Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

9  and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

10  admissible evidence, and/or seeks information equally available to the asking party.  Code Civ.

11  Proc., §§ 2017.010, 2017.020.  Plaintiff objects to this request on the basis that it is cumulative,

12  unduly burdensome, oppressive, and/or duplicative.

13    Plaintiff objects to this request on the basis that it seeks information protected by Jennifer

14  Osbelt's right to privacy by seeking personal financial information. (Cal. Const. Art. I, § 1).  This

15  request also seeks information protected by the tax payer privilege (Rev. & Tax Code § 19542).

16    Plaintiff objects to this request to the extent that it encompasses documents protected by

17  the attorney/client communication's privilege and/or attorney work product protection.  Evid.

18  Code, § 954; Code Civ. Proc., §2018.20; See also,  *Nacht & Lewis Architects, Inc. v. Superior*

19  *Court* (1996) 47 Cal.App.4th 214.

20    Subject to the foregoing objections, no documents will be produced responsive to this

21  request.

22  **REQUEST FOR PRODUCTION NO. 18:**

23    ALL DOCUMENTS relating to YOUR trip to Mexico in January 2006.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

25    Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous,

26  and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of

27  admissible evidence, and/or seeks information equally available to the asking party.  Code Civ.

28  Proc., §§ 2017.010, 2017.020.

1    Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome,

2    oppressive, and/or duplicative.

3    Plaintiff objects to this request on the grounds that it seeks information protected by her

4    right of privacy (Cal. Const. Art. I, § 1).

5    Plaintiff objects to this request to the extent that it encompasses documents protected by

6    the attorney/client communication's privilege and/or attorney work product protection.  Evid.

7    Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior*

8    *Court* (1996) 47 Cal.App.4th 214.

9    Subject to the foregoing objections, no documents will be produced responsive to this

10   request.

11   Dated: November 13, 2007                    **COTCHETT, PITRE & McCARTHY**

12

13

14                                               By: _____

15                                                   SEAN E. PONIST
                                                     *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

# VERIFICATIONS TO FOLLOW

1   *Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
    *San Mateo Superior Court  CIV 463528*

2                               **PROOF OF SERVICE**

3       I am employed in San Mateo County, which is where service of the document(s) referred to

4   below occurred. I am over the age of 18 and not a party to the within action. My business address is

    Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame,

5   California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of

6   documents. On this date, I served a true copy of the following document(s) in the manner listed below:

7            **PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANTS REQUEST FOR**
                    **PRODUCTION OF DOCUMENTS, SET ONE**

8

9   ____   **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of
           correspondence for mailing. Following that practice, I placed a true copy of the aforementioned

10         document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below.
           The envelope was placed in the mail at my business address, with postage thereon fully prepaid,

11         for deposit with the United States Postal Service on that same day in the ordinary course of

12         business.

13  ____   **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to
           be served by hand delivery. Following that practice, I caused the sealed envelope containing the

14         aforementioned document(s) to be hand delivered to the addressee(s) specified below.

15

16  **XXX**.  **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for
           causing documents to be served by overnight courier. Following that practice, I caused the

17         sealed envelope containing the aforementioned document(s) to be delivered via overnight courier
           service to the addressee(s) specified below:

18

19                               William J. Goines
                                 Karen Rosenthal

20                               Cindy Hamilton
                            **GREENBERG TRAURIG, LLP**

21                          1900 University Avenue, Fifth Floor
                              East Palo Alto, CA 94303

22                              Tel.: (650) 328-8500

23                              Fax: (650) 328-8508

24       I declare under penalty of perjury, under the laws of the State of California, that the foregoing is

25  true and correct. Executed at Burlingame, California, on November 13, 2007.

26

27                              _____
                                RYAN O. MANUEL

28

                               **PROOF OF SERVICE**                                    1

1

## VERIFICATION

2

3    I, JENNIFER OSBELT, state:

4    I have read the foregoing **JENNIFER OSBELT'S VERIFIED RESPONSE TO**

5    **DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,** and

6    know the contents thereof.

7    I certify that the same is true to the best of my own knowledge except as to those matters

8    which are therein stated upon my information and belief, and as to those matters, I believe them

9    to be true.

10    I declare under penalty of perjury that the foregoing is true and correct. Executed this

11    14 day of November 2007, at Burlingame , California.

12

13

14    Jennifer Osbelt

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

# Greenberg Traurig

Cindy Hamilton
Tel. 650.289.7859
Fax 650.462.7859
hamiltonc@gtlaw.com

November 21, 2007

Sean Ponist, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010

Re:    Osbelt v. McDonald, et al.

Dear Sean:

We are in receipt of Cross-Defendant Jennifer Osbelt's ("Osbelt's") unverified discovery responses dated November 13, 2007. This letter is an attempt to meet and confer on Osbelt's refusal to produce documents concerning Palo Alto Technical, a company of unknown origin under which Osbelt does business and a named party to this action. Specifically, Osbelt has refused to respond to Defendants Request for Production of Documents Nos. 1, 10, 11, and 12.

In response to these discovery requests Osbelt interposes boilerplate objections and states: "Palo Alto Technical is not a party to this litigation nor do any allegations in the complaint or cross-complaint involve Palo Alto Technical." This response is both disingenuous and inaccurate. As you are aware, the Cross-Complaint contains allegations that Osbelt used Palo Alto Technical as a vehicle to submit and receive fraudulent and duplicative expense reimbursements from NEWN. Jennifer Osbelt and her dba Palo Alto Technical are both named parties to this action, and the following excerpts from the Cross-Complaint are referenced numerous times:

Cross-Complaint, ¶ 8: "**Cross-Defendant Palo Alto Technical** is a fictitious business name registered by Ms. Osbelt in San Mateo County. Cross-Complainants are informed and believe that Ms. Osbelt conducts business under the fictitious business name **Palo Alto Technical**."

Cross Complaint ¶ 13: "Ms. Osbelt instructed that check to reimburse her for these expenses be made out in the name of Palo Alto Technical. Expense reports submitted by Ms. Osbelt were submitted both in her name and in the name of **Palo Alto Technical**."

Cross-Complaint ¶ 14: "Ms. Osbelt also submitted to NEWN for reimbursement certain expenses which were not related to NEWN business but benefitted Ms. Osbelt's company **Palo Alto Technical**, and Ms. Osbelt personally".

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DENVER

FORT LAUDERDALE

LOS ANGELES

MIAMI

NEW JERSEY

NEW YORK

ORANGE COUNTY, CA

ORLANDO

PHILADELPHIA

PHOENIX

SILICON VALLEY

TALLAHASSEE

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

WILMINGTON

ZURICH

Greenberg Traurig, LLP | Attorneys at Law | Silicon Valley Office | 1900 University Avenue | 5th Floor | East Palo Alto, CA 94303
Tel 650.328.8500 | Fax 650.328.8508

www.gtlaw.com

Sean Ponist, Esq.
November 21, 2007
Page 2

If Osbelt objected to the inclusion of Palo Alto Technical in this case, the appropriate remedy would have been to file a demurrer or motion to strike the allegations in the Cross-Complaint as they pertain to Palo Alto Technical. As it stands the Cross-Complaint contains specific allegations of wrongdoing, including fraud, against Osbelt conducted through Palo Alto Technical and so Osbelt's direct privity subjects them both to discovery, as there is no legally recognized separation between the two entities. "The designation [dba] means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business.' [Citation.] The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner." Providence Washington Ins. Co. v. Valley Forge Ins. Co. (1996) 42 Cal.App.4th 1194, 1200, emphasis added.

Similarly, when Cross-Defendants prevail in this action it will be against Ms. Osbelt individually and doing business as Palo Alto Technical, and so both are subject to discovery. Although an action may properly be brought against the fictitious name, once the entity or individual behind the fictitious name appears in the action, any judgment is binding upon that entity or individual. Pinkerton's, Inc. v. Superior Court (1996) 49 Cal.App.4th 1342, 1348. A person doing business as a fictitious name remains personally liable for the debts of the fictitiously named entity, specifically named in the Cross-Complaint. Id at 1348.

Please advise of when we may expect your document production on this matter, or in the event you are not inclined to produce responsive documents, of dates when you are available for a hearing on our motion to compel. As we must file a Motion to Compel by December 28, 2007, kindly respond by December 7, 2007.

Very truly yours,

Cindy Hamilton

Cindy Hamilton

# MESSAGE CONFIRMATION

11/26/2007  09:58
ID=GREENBERG TRAURG LLP

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|------|----------|--------------------|------|-------|--------|------|
| 11/26 | 00'50" | 650 697 0577 | TX | 003 | OK | 0000 |

11/26/2007    09:56    GREENBERG TRAURG LLP → 4732#010100#16506970577#          NO.315    D001

# Greenberg Traurig

**Transmittal Cover Sheet**

| From: Cindy Hamilton | Tel: 650.289-7859 | E-Mail: hamiltonc@gtlaw.com |
|---|---|---|

| To: | Fax No: | Company: | Phone No.: |
|-----|---------|----------|------------|
| Sean Ponist, Esq. | (650) 697-0577 | Cotchett, Pitre & McCarthy | |

**File No.:**   104732-010100

**Re:**   Osbelt v. McDonald, et al.

**Date:**   November 21, 2007

**No. Pages:**   Including Cover Sheet   3

If you do not receive all pages properly, please call the Sender.

**Notes:**   Please see the attached correspondence. Thank you.

Also sent via:   [X] US Mail   [ ] Overnight   [ ] Messenger   [ ] Email   [ ] No Other

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

1900 University Avenue, 5th Floor, East Palo Alto, California 94303   Phone: 650.328.8500   Fax: 650.328.8508
SV 346218816v1

# EXHIBIT D

# Greenberg Traurig

Cindy Hamilton
Tel. 650.289.7859
Fax 650.462.7859
hamiltonc@gtlaw.com

November 28, 2007

**VIA FACSIMILE**

Sean Ponist, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA  94010

Re:    Osbelt v. McDonald, et al.

Dear Sean:

This letter will confirm that you have granted our client, David McDonald, up to and including December 12, 2007, within which to respond to your client's most recent set of discovery requests (Form Interrogatories, Set One; Special Interrogatories, Set Two; Request for Admissions, Set Two; and Request for Production of Documents, Set Two).

This letter will further confirm our conversation yesterday that your office intends to produce documents pertaining to Palo Alto Technical that were the subject of our meet and confer letter dated November 9, 2007.

Thank you.

Very truly yours,

*Cindy Hamilton*

Cindy Hamilton

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DENVER

FORT LAUDERDALE

LOS ANGELES

MIAMI

NEW JERSEY

NEW YORK

ORANGE COUNTY, CA

ORLANDO

PHILADELPHIA

PHOENIX

SILICON VALLEY

TALLAHASSEE

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

WILMINGTON

ZURICH

www.gtlaw.com

## MESSAGE CONFIRMATION

11/28/2007   13:52
ID=GREENBERG TRAURG LLP

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|------|----------|--------------------|------|-------|--------|------|
| 11/28 | 00'32" | 650 697 0577 | TX | 002 | OK | 0000 |

11/28/2007    13:51    GREENBERG TRAURG LLP → 4732#010100#16506970577#    NO.320   P001

# Greenberg
# Traurig

**Transmittal Cover Sheet**

| From:<br>Cindy Hamilton | Tel:<br>650.289-7859 | E-Mail:<br>hamiltonc@gtlaw.com |
|---|---|---|

| To: | Fax No: | Company: | Phone No.: |
|-----|---------|----------|-----------|
| Sean Ponist, Esq. | (650) 697-0577 | Cotchett, Pitre & McCarthy | |

**File No.:** 104732-010100

**Re:** Osbelt v. McDonald, et al.

**Date:** November 28, 2007

**No. Pages:** Including Cover Sheet  2

_If you do not receive all pages properly, please call  the Sender._

**Notes:** Please see the attached correspondence.  Thank you.

Also sent via:    [X] US Mail    [ ] Overnight    [ ] Messenger    [ ] Email    [ ] No Other
The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

1900 University Avenue, 5th Floor, East Palo Alto, California 94303   Phone: 650.328.8500   Fax: 650.328.8508
SV 346218816v1

# EXHIBIT E

LAW OFFICES
# COTCHETT. PITRE & McCARTHY
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES OFFICE
9454 WILSHIRE BOULEVARD, SUITE 907
BEVERLY HILLS, CA 90212
(310) 247-8247
OF COUNSEL
ROBERT B. HUTCHINSON

WASHINGTON, D.C. OFFICE
1364 BEVERLY ROAD, SUITE 201
McLEAN, VA 22101
(703) 893-9600
OF COUNSEL
MARK P. FRIEDLANDER, JR.

NEW YORK OFFICE
100 PARK AVENUE, SUITE 2600
NEW YORK, NY 10017
(212) 682-3196

November 29, 2007

**VIA FAX: 650-328-8508**

Cindy Hamilton
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto CA 94303

Re:    *Osbelt v. McDonald, et al.,* Case No. CIV 463528

Dear Cindy:

This letter is in response to your letter of November 28, 2007 and serves to clarify any miscommunication or misunderstanding. As noted in your letter, Plaintiff has agreed to a December 12, 2007 discovery response deadline, but wishes to clarify that we required receipt of all responses and documents by that date. Also, although my office agreed to reconsider our position concerning the production of documents pertaining to Palo Alto Technical, we have not agreed at this point to the production of Palo Alto Technical's documents.

Sincerely,

Sean E. Ponist

Attach.

**EXHIBIT F**

**Hamilton, Cindy (Assoc-SV-LT)**

| | |
|---|---|
| **From:** | Hamilton, Cindy (Assoc-SV-LT) |
| **Sent:** | Tuesday, December 11, 2007 5:45 PM |
| **To:** | 'Sean Ponist' |
| **Cc:** | Ara Jabagchourian |
| **Subject:** | RE: Osbelt / Mediation and Deposition Dates |

Hi Sean,

When you fax your amended responses to me? Are documents being served with those responses?

Cindy


Cindy Hamilton
Greenberg Traurig
hamiltonc@gtlaw.com
650.289.7859

Albany ~ Amsterdam ~ Atlanta ~ Boca Raton ~ Boston ~ Chicago ~ Dallas ~ Denver ~ Fort
Lauderdale ~ Las Vegas~ Los Angeles ~ Miami ~ New Jersey ~  New York ~ Orlando ~ Orange
County ~ Philadelphia ~ Phoenix ~ Sacramento ~ Silicon Valley ~ Tallahassee ~ Tyson's
Corner ~ Washington, D.C. ~ West Palm Beach ~ Wilmington ~ Zurich

-----Original Message-----
From: Sean Ponist [mailto:sponist@cpmlegal.com]
Sent: Tuesday, December 11, 2007 5:34 PM
To: Hamilton, Cindy (Assoc-SV-LT)
Cc: Ara Jabagchourian
Subject: RE: Osbelt / Mediation and Deposition Dates

Cindy,

Unfortunately, we are unable to accommodate a switch of their depositions.

We are serving amended responses re the Palo Alto Technical issue which will go out today.

Regards,
Sean

-----Original Message-----
From: hamiltonc@gtlaw.com [mailto:hamiltonc@gtlaw.com]
Sent: Tuesday, December 11, 2007 3:46 PM
To: Sean Ponist
Cc: Ara Jabagchourian
Subject: RE: Osbelt / Mediation and Deposition Dates

Hi Sean,

Can we switch the days for Dave and Donna and have Donna on the 17th and Dave on the 27th?

Thanks,

Cindy


Cindy Hamilton
Greenberg Traurig
hamiltonc@gtlaw.com
650.289.7859

Albany ~ Amsterdam ~ Atlanta ~ Boca Raton ~ Boston ~ Chicago ~ Dallas ~ Denver ~ Fort

Lauderdale ~ Las Vegas~ Los A. _ les ~ Miami ~ New Jersey ~ Ne. _ork ~ Orlando ~ Orange
County ~ Philadelphia ~ Phoenix ~ Sacramento ~ Silicon Valley ~ Tallahassee ~ Tyson's
Corner ~ Washington, D.C. ~ West Palm Beach ~ Wilmington ~ Zurich

-----Original Message-----
From: Sean Ponist [mailto:sponist@cpmlegal.com]
Sent: Friday, December 07, 2007 4:37 PM
To: Hamilton, Cindy (Assoc-SV-LT)
Cc: Ara Jabagchourian
Subject: RE: Osbelt / Mediation and Deposition Dates

Cindy,

I will advise JAMs of the tenth.

We will produce documents early next week.

I have not had an opportunity to revisit the Palo Alto Technical issue this week and will
address that issue as well early next week.

Have a good weekend,
Sean

-----Original Message-----
From: hamiltonc@gtlaw.com [mailto:hamiltonc@gtlaw.com]
Sent: Friday, December 07, 2007 4:26 PM
To: Sean Ponist
Cc: Ara Jabagchourian
Subject: RE: Osbelt / Mediation and Deposition Dates

Hi Sean,
We can confirm that the 10th works for us as well.
Will you be sending out documents today, and will that production include palo alto
technical documents?
Regards,
Cindy

Sent from my GoodLink synchronized handheld (www.good.com)

  -----Original Message-----
From:       Sean Ponist [mailto:sponist@cpmlegal.com]
Sent: Friday, December 07, 2007 01:48 PM Pacific Standard Time
To:     Hamilton, Cindy (Assoc-SV-LT)
Cc:     Ara Jabagchourian
Subject:    RE: Osbelt / Mediation and Deposition Dates

Cindy,

1/10 is also available - please advise.

Thanks,
Sean

_____

From: hamiltonc@gtlaw.com [mailto:hamiltonc@gtlaw.com]
Sent: Thursday, December 06, 2007 11:40 AM
To: Sean Ponist
Cc: Ara Jabagchourian
Subject: RE: Osbelt / Mediation and Deposition Dates

Hi Sean,

We are good on the three depo dates (although keep the 27th open for Donna because I'd
like hers to go on that date if she can move her schedule-I should know soon), but Dave
has eye appts on the 7th and 8th.
Did you get any other available days from the mediator?

2

Thanks,

Cindy

Cindy Hamilton
Greenberg Traurig
hamiltonc@gtlaw.com
650.289.7859

Albany ~ Amsterdam ~ Atlanta ~ Boca Raton ~ Boston ~ Chicago ~ Dallas ~ Denver ~ Fort
Lauderdale ~ Las Vegas~ Los Angeles ~ Miami ~ New Jersey ~ New York ~ Orlando ~ Orange
County ~ Philadelphia ~ Phoenix ~ Sacramento ~ Silicon Valley ~ Tallahassee ~ Tyson's
Corner ~ Washington, D.C. ~ West Palm Beach ~ Wilmington ~ Zurich

---

        Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS
under Circular 230, we inform you that any U.S.
federal tax advice contained in this communication (including any attachments), unless
otherwise specifically stated, was not intended or written to be used, and cannot be used,
for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2)
promoting, marketing or recommending to another party any matters addressed herein.

        The information contained in this transmission may contain privileged and
confidential information.  It is intended only for the use of the person(s) named above.
If you are not the intended recipient, you are hereby notified that any review,
dissemination, distribution or duplication of this communication is strictly prohibited.
If you are not the intended recipient, please contact the sender by reply email and
destroy all copies of the original message. To reply to our email administrator directly,
please send an email to postmaster@gtlaw.com <mailto:postmaster@gtlaw.com> .

---

From: Sean Ponist [mailto:sponist@cpmlegal.com]
Sent: Wednesday, December 05, 2007 4:18 PM
To: Hamilton, Cindy (Assoc-SV-LT)
Cc: Ara Jabagchourian
Subject: Osbelt / Mediation and Deposition Dates Cindy,

Per our discussions, we would propose the following schedule:

*        12/17 Deposition of David McDonald
*        12/28 Deposition of Donna McDonald
*        1/3 Deposition of Jennifer Osbelt
*        1/7 Mediation

I have confirmed that Judge McDonald is available on the 7th and that no additional fees
will be incurred in we continue the mediation at this time.  Additionally, we are willing
to stipulate that mediation briefs may be filed as late as noon 1/4.  Please confirm that
the above is agreeable.

Thank you,
Sean

Sean E. Ponist, Principal
Cotchett, Pitre & McCarthy
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000 (t)
(650) 697-0577 (f)
sponist@cpmlegal.com
www.cpmlegal.com

CONFIDENTIALITY NOTICE:  This email and any accompanying documents contain confidential

3

information belonging to the     .der which is legally privileg  )  The information is
intended only for the use of the individual or entity named above.  If you are not the
intended recipient, you are hereby notified that any disclosure, copying, distribution, or
the taking of any action in reliance on the contents of this emailed information is
strictly prohibited.  If you have received this email in error, please notify us by
telephone immediately to arrange for the return of the transmission to us.

---

<http://www.gtlaw.com/>

1    Osbelt v. McDonald, et al.                                    Case No. CIV 463528

2                              **PROOF OF SERVICE**

3         I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years
4    and not a party to the within action.  I am an employee of GREENBERG TRAURIG, LLP, and my
     business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303.  On December 12,
5    2007, I served the following documents:

6         **DECLARATION OF CINDY HAMILTON IN SUPPORT OF MOTION TO COMPEL**
          **PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF**
7         **DOCUMENTS, SET ONE**

8    ☐    by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth
          below, or as stated on the attached service list, on this date at approximately _____, from the
9         sending facsimile machine telephone number of 650-289-7893.  The transmission was reported as
          complete and without error by the machine.  Pursuant to California Rules of Court, Rule
10        2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of
          which is attached to the original of this declaration.  The transmission report was properly issued
11        by the transmitting facsimile machine.

12
     ☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
13        in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

14   ☒    by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail
15        envelope with postage thereon fully prepaid, addressed as set forth below.

16   ☐    **(BY MESSENGER PERSONAL SERVICE).**  I caused delivery of such envelope by hand via
          courier service to the offices of the addressee.
17
18        Sean Ponist, Esq.
          Cotchett, Pitre & McCarthy
19        840 Malcolm Rd., Ste. 200
          Burlingame, CA  94010
20        Fax No. (650) 697-0577

21        I am readily familiar with the business practice of my place of employment in respect to the
     collection and processing of correspondence, pleadings and notices for mailing with United States
22   Postal Service/Express Mail, Federal Express and other overnight mail services.  The foregoing sealed
     envelope was placed for collection and mailing this date consistent with the ordinary business practice
23   of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at
     East Palo Alto, California, in the ordinary course of such business.
24
          I declare under penalty of perjury under the laws of the State of California that the foregoing is
25   true and correct.  Executed on December 12, 2007, at East Palo Alto, California.

26
27                                          _Cathy Sandifer_
                                            Cathy Sandifer
28

                                            1
                                     Proof of Service

1 | GREENBERG TRAURIG, LLP
2 | WILLIAM J. GOINES (SBN 61290)
   | KAREN ROSENTHAL (SBN 209419)
3 | CINDY HAMILTON (SBN 217951)
   | 1900 University Avenue, Fifth Floor
4 | East Palo Alto, CA  94303
   | Telephone:  (650) 328-8500
5 | Facsimile:  (650) 328-8508
6 |
   | Attorneys for Defendants and Cross-Complainants
7 | DAVID MCDONALD, DONNA MCDONALD, NATIONAL
   | EXPERT WITNESS NETWORK, and TECHNOLOGY CLE
8 |
9 |

**E-FILED**
**SAN MATEO COUNTY**

**Dec 12 2007**

Clerk of the Superior Court
By _____U. FINAU_____
DEPUTY CLERK

10 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 |                      COUNTY OF SAN MATEO

12 |

| | |
|---|---|
| JENNIFER OSBELT,<br>an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>DAVID MCDONALD, DONNA K.<br>MCDONALD; and<br>DOES 1-10, inclusive<br><br>        Defendants.<br><br><br>AND RELATED CROSS-ACTION | Case No. CIV 463528<br><br>**SEPARATE STATEMENT OF ITEMS IN DISPUTE IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS' FURTHER RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Date: January 11, 2008<br>Time: 9:00 a.m.<br>Dept. LM |

23 |     Defendants and Cross-Complainants and Cross-Defendants DAVID MCDONALD, DONNA

24 | MCDONALD, NATIONAL EXPERT WITNESS NETWORK, and TECHNOLOGY CLE submit their

25 | Separate Statement of Items in Dispute in support of their Motion to Compel Plaintiff's Further

26 | Responses to Request for Production of Documents, Set One, as required by California Rule of Court,

27 | Rule 335, as set forth below.

28 |

1

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCS
SV 346,242,858v1 12/12/2007

INTRODUCTION

REQUEST FOR PRODUCTION NO. 1:

Palo Alto Technical Expense reimbursements from January 2006 through April 2007.

*RESPONSE TO DOCUMENT REQUEST NO. 1:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020. Palo Alto Technical is not a party to this litigation nor do any allegations in the complaint or cross-complaint involve Palo Alto Technical.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent it requests the disclosure of third party financial records (Rev. & Tax Code § 19542).

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, *Pacht & Lewis Architects, Inc. v_ Superior Court* (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, no documents will be produced responsive to this request

**Reason(s) Why Documents Should be Produced:**

The Cross-Complaint names as a party "Jennifer Osbelt, individually and doing business as Palo Alto Technical", so Plaintiff's objection that "Palo Alto Technical is not a party to this litigation nor do the allegations in the complaint or cross-complaint involve Palo Alto Technical" is disingenuous and inaccurate. The Cross-Complaint alleges that Plaintiff used the fictitious business name of Palo Alto Technical as a vehicle to submit duplicative and fraudulent expense reimbursements. Therefore, documents pertaining to Palo Alto Technical are critical to Defendants ability to prosecute the Cross-Complaint. The Cross-Complaint contains the following references to Palo Alto Technical.

Cross-Complaint, ¶ 8: **"Cross-Defendant Palo Alto Technical** is a fictitious business name registered by Ms. Osbelt in San Mateo County. Cross-Complainants are informed and believe that Ms. Osbelt conducts business under the fictitious business name **Palo Alto Technical**."

Cross Complaint ¶ 13: "Ms. Osbelt instructed that check to reimburse her for these expenses be made out in the name of Palo Alto Technical. Expense reports submitted by Ms. Osbelt were submitted both in her name and in the name of **Palo Alto Technical**."

Cross-Complaint ¶ 14: "Ms. Osbelt also submitted to NEWN for reimbursement certain expenses which were not related to NEWN business but benefitted Ms. Osbelt's company **Palo Alto Technical**, and Ms. Osbelt personally".

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATING to any TCLE patents or patent applications.

*RESPONSE TO DOCUMENT REQUEST NO. 2:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive documents in her possession, custody and control which can be located through reasonably diligent search.

**Reason(s) Why Documents Should be Produced:**

No documents have been received from Plaintiff.

REQUEST FOR PRODUCTION NO. 3:

ALL DOCUMENTS RELATING to the U.S. Bank note.

3

*RESPONSE TO DOCUMENT REQUEST NO. 3:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted a diligent search and a reasonable inquiry and is unable to produce any of the requested documents in this category because the requested documents are not in the possession, custody or control of this answering party.

**Reason(s) Why Documents Should be Produced:**

No documents have been received from Plaintiff.

REQUEST FOR PRODUCTION NO. 4:

ALL DOCUMENTS RELATING to NEWN's 401 K pension plan.

*RESPONSE TO DOCUMENT REQUEST NO. 4:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954;

4

Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted a diligent search and a reasonable inquiry and is unable to produce any of the requested documents in this category because the requested documents are not in the possession, custody or control of this answering party.

**Reason(s) Why Documents Should be Produced:**

No documents have been received from Plaintiff.

REQUEST FOR PRODUCTION NO. 5:

ALL DOCUMENTS RELATING TO NEWN's profit sharing plan.

*RESPONSE TO DOCUMENT REQUEST NO. 5:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted a diligent search and a reasonable inquiry and is unable to produce any of the requested documents in this category because the requested documents are not in the possession, custody or control of this answering party.

**Reason(s) Why Documents Should be Produced:**

No documents have been received responsive from Plaintiff.

REQUEST FOR PRODUCTION NO. 6:

ALL COMMUNICATIONS with Bidwell Consulting.

*RESPONSE TO DOCUMENT REQUEST NO. 6*:

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020. As defined, it is not possible for Plaintiff to produce "All COMMUNICATIONS," and she has no obligation to reduce conversations, meetings, etc. to writing.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive documents in her possession, custody and control which can be located through reasonably diligent search.

**Reason(s) Why Documents Should be Produced:**

No documents have been received responsive from Plaintiff.

REQUEST FOR PRODUCTION NO. 7:

ALL COMMUNICATIONS with Edward Jones.

*RESPONSE TO DOCUMENT REQUEST NO. 7*:

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020. As defined, it is not possible for Plaintiff to produce "All COMMUNICATIONS," and she has no obligation to reduce conversations, meetings, etc. to writing.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive documents in her possession, custody and control which can be located through reasonably diligent search

**Reason(s) Why Documents Should be Produced:**

No documents have been received responsive from Plaintiff.

REQUEST FOR PRODUCTION NO. 8:

ALL COMMUNICATIONS RELATING to allegations of fraud against the McDonalds or NEWN.

*RESPONSE TO DOCUMENT REQUEST NO. 8:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020. As defined, it is not possible for Plaintiff to produce "All COMMUNICATIONS," and she has no obligation to reduce conversations, meetings, etc. to writing.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive documents in her possession, custody and control which can be located through reasonably diligent search.

**Reason(s) Why Documents Should be Produced:**

No documents have been received responsive from Plaintiff.

REQUEST FOR PRODUCTION NO. 9:

ALL COMMUNICATIONS RELATING to allegations of embezzlement against the McDonalds or NEWN.

*RESPONSE TO DOCUMENT REQUEST NO. 9:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020. As defined, it is not possible for Plaintiff to produce "All COMMUNICATIONS," and she has no obligation to reduce conversations, meetings, etc. to writing.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th. 214.

Subject to the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted a diligent search and a reasonable inquiry and is unable to produce any of the requested documents in this category because the requested documents are not in the possession, custody or control of this answering party.

**Reason(s) Why Documents Should be Produced:**

No documents have been received responsive from Plaintiff.

REQUEST FOR PRODUCTION NO. 10:

ALL DOCUMENTS RELATING to the books and records of Palo Alto Technical.

*RESPONSE TO DOCUMENT REQUEST NO. 10:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010,

8

2017.020. Palo Alto Technical is not a party to this litigation nor do any allegations in the complaint or cross-complaint involve Palo Alto Technical.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Plaintiff further objects to this request to the extent that it calls for productions of trade secrets section (Evid. Code § 1060), violates the tax payer privilege (Rev. & Tax Code § 19542), and requires the disclosure of third party financial records (Cal. Const. Art. 1, §1).

Subject to the foregoing objections, no documents will be produced responsive to this request.

**Reason(s) Why Documents Should be Produced:**

The Cross-Complaint names as a party "Jennifer Osbelt, individually and doing business as Palo Alto Technical", so Plaintiff's objection that "Palo Alto Technical is not a party to this litigation nor do the allegations in the complaint or cross-complaint involve Palo Alto Technical" is disingenuous and inaccurate. The Cross-Complaint alleges that Plaintiff used the fictitious business name of Palo Alto Technical as a vehicle to submit duplicative and fraudulent expense reimbursements. Therefore, documents pertaining to Palo Alto Technical are critical to Defendants ability to prosecute the Cross-Complaint. The Cross-Complaint contains the following references to Palo Alto Technical.

Cross-Complaint, ¶ 8: "**Cross-Defendant Palo Alto Technical** is a fictitious business name registered by Ms. Osbelt in San Mateo County. Cross-Complainants are informed and believe that Ms. Osbelt conducts business under the fictitious business name **Palo Alto Technical**."

Cross Complaint ¶ 13: "Ms. Osbelt instructed that check to reimburse her for these expenses be made out in the name of Palo Alto Technical. Expense reports submitted by Ms. Osbelt were submitted both in her name and in the name of **Palo Alto Technical**."

Cross-Complaint ¶ 14: "Ms. Osbelt also submitted to NEWN for reimbursement certain expenses which were not related to NEWN business but benefitted Ms. Osbelt's company **Palo Alto Technical**, and Ms. Osbelt personally".

9

REQUEST FOR PRODUCTION NO. 11:

ALL DOCUMENTS RELATING to any bank statements or account summaries of Palo Alto Technical.

*RESPONSE TO DOCUMENT REQUEST NO. 11:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020. Palo Alto Technical is not a party to this litigation nor do any allegations in the complaint or cross-complaint involve Palo Alto Technical.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent it requests the disclosure of third party financial records (Rev. & Tax Code § 19542).

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, no documents will be produced responsive to this request.

**Reason(s) Why Documents Should be Produced:**

The Cross-Complaint names as a party "Jennifer Osbelt, individually and doing business as Palo Alto Technical", so Plaintiff's objection that "Palo Alto Technical is not a party to this litigation nor do the allegations in the complaint or cross-complaint involve Palo Alto Technical" is disingenuous and inaccurate. The Cross-Complaint alleges that Plaintiff used the fictitious business name of Palo Alto Technical as a vehicle to submit duplicative and fraudulent expense reimbursements. Therefore, documents pertaining to Palo Alto Technical are critical to Defendants ability to prosecute the Cross-Complaint. The Cross-Complaint contains the following references to Palo Alto Technical.

Cross-Complaint, ¶ 8: "**Cross-Defendant Palo Alto Technical** is a fictitious business name registered by Ms. Osbelt in San Mateo County. Cross-Complainants are informed and believe that Ms. Osbelt conducts business under the fictitious business name **Palo Alto Technical**."

Cross Complaint ¶ 13: "Ms. Osbelt instructed that check to reimburse her for these expenses be made out in the name of Palo Alto Technical. Expense reports submitted by Ms. Osbelt were submitted both in her name and in the name of **Palo Alto Technical**."

Cross-Complaint ¶ 14: "Ms. Osbelt also submitted to NEWN for reimbursement certain expenses which were not related to NEWN business but benefitted Ms. Osbelt's company **Palo Alto Technical**, and Ms. Osbelt personally".

REQUEST FOR PRODUCTION NO. 12:

ALL DOCUMENTS RELATING to tax returns RELATING to Palo Alto Technical.

*RESPONSE TO DOCUMENT REQUEST NO. 12:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020. Palo Alto Technical is not a party to this litigation nor do any allegations in the complaint or cross-complaint involve Palo Alto Technical.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Plaintiff further objects to this request to the extent that it calls for productions of trade secrets section (Evid. Code § 1060), violates the tax payer privilege (Rev. & Tax Code § 19542), and requires the disclosure of third party financial records (Cal. Const. Art. 1, §1).

Subject to the foregoing objections, no documents will be produced responsive to this request.

**Reason(s) Why Documents Should be Produced:**

The Cross-Complaint names as a party "Jennifer Osbelt, individually and doing business as Palo Alto Technical", so Plaintiff's objection that "Palo Alto Technical is not a party to this litigation nor do

the allegations in the complaint or cross-complaint involve Palo Alto Technical" is disingenuous and inaccurate. The Cross-Complaint alleges that Plaintiff used the fictitious business name of Palo Alto Technical as a vehicle to submit duplicative and fraudulent expense reimbursements. Therefore, documents pertaining to Palo Alto Technical are critical to Defendants ability to prosecute the Cross-Complaint. The Cross-Complaint contains the following references to Palo Alto Technical.

Cross-Complaint, ¶ 8: "**Cross-Defendant Palo Alto Technical** is a fictitious business name registered by Ms. Osbelt in San Mateo County. Cross-Complainants are informed and believe that Ms. Osbelt conducts business under the fictitious business name **Palo Alto Technical**."

Cross Complaint ¶ 13: "Ms. Osbelt instructed that check to reimburse her for these expenses be made out in the name of Palo Alto Technical. Expense reports submitted by Ms. Osbelt were submitted both in her name and in the name of **Palo Alto Technical**."

Cross-Complaint ¶ 14: "Ms. Osbelt also submitted to NEWN for reimbursement certain expenses which were not related to NEWN business but benefitted Ms. Osbelt's company **Palo Alto Technical**, and Ms. Osbelt personally".

REQUEST FOR PRODUCTION NO. 13:

ALL DOCUMENTS RELATING to any statement made by YOU in the last twelve months concerning the McDonalds.

*RESPONSE TO DOCUMENT REQUEST NO. 13:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

.Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, ppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive documents in her possession, custody and control which can be located through reasonably diligent search.

**Reason(s) Why Documents Should be Produced:**

No documents have been received from Plaintiff.

REQUEST FOR PRODUCTION NO. 14:

ALL DOCUMENTS YOU received from Cross-Complainants or their accountants RELATING TO the financial condition of NEWN.

*RESPONSE TO DOCUMENT REQUEST NO. 14:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive documents in her possession, custody and control which can be located through reasonably diligent search.

**Reason(s) Why Documents Should be Produced:**

No documents have been received from Plaintiff.

REQUEST FOR PRODUCTION NO. 15:

ALL DOCUMENTS RELATING to requests from YOU for financial information of NEWN.

*RESPONSE TO DOCUMENT REQUEST NO. 15:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

13

Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive documents in her possession, custody and control which can be located through reasonably diligent search.

**Reason(s) Why Documents Should be Produced:**

No documents have been received from Plaintiff.

REQUEST FOR PRODUCTION NO. 16:

ALL DOCUMENTS REGARDING YOUR alleged acceptance of DAVID MCDONALD's offer to purchase YOUR membership interest in NEWN.

*RESPONSE TO DOCUMENT REQUEST NO. 16:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

Plaintiff objects to this request to the extent that it is argumentative, mischaracterizes the evidence, assumes facts, and/or lacks foundation.

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive documents in her possession, custody and control which can be located through reasonably diligent search.

14

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCS
SV 346,242,858v1 12/12/2007

**Reason(s) Why Documents Should be Produced:**

No documents have been received from Plaintiff.

REQUEST FOR PRODUCTION NO. 17:

ALL DOCUMENTS RELATING TO any tax deferred deductions or investment credits YOU claimed on YOUR 2004, 2005, and 2006 tax returns filed while a member of NEWN.

*RESPONSE TO DOCUMENT REQUEST NO. 17:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020. Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive, and/or duplicative.

Plaintiff objects to this request on the basis that it seeks information protected by Jennifer Osbelt's right to privacy by seeking personal financial information. (Cal. Const. Art. I, § 1). This request also seeks information protected by the tax payer privilege (Rev. & Tax Code § 19542).

Plaintiff objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954; Code Civ. Proc., §2018.20; See also, *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.

Subject to the foregoing objections, no documents will be produced responsive to this request.

**Reason(s) Why Documents Should be Produced:**

No documents have been received from Plaintiff.

REQUEST FOR PRODUCTION NO. 18:

ALL DOCUMENTS relating to YOUR trip to Mexico in January 2006.

*RESPONSE TO DOCUMENT REQUEST NO. 18:*

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous, and/or seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and/or seeks information equally available to the asking party. Code Civ. Proc., §§ 2017.010, 2017.020.

15

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCS
SV 346,242,858v1 12/12/2007

1

2    Plaintiff objects to this request on the basis that it is cumulative, unduly burdensome, oppressive,

and/or duplicative.

3

4    Plaintiff objects to this request on the grounds that it seeks information protected by her right of

privacy (Cal. Const. Art. I, § 1).

5

6    Plaintiff objects to this request to the extent that it encompasses documents protected by the

attorney/client communication's privilege and/or attorney work product protection. Evid. Code, § 954;

7

8    Code Civ. Proc., §2018.20; See also, Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47

Cal.App.4th 214.

9

10    Subject to the foregoing objections, no documents will be produced responsive to this request.

11    **Reason(s) Why Documents Should be Produced:**

No documents have been received from Plaintiff.

12

13

14

15    DATED:  December _12_, 2007          GREENBERG TRAURIG, LLP

16

17    By _Cindy Hamilton_

18                                          William L. Goines
                                            Cindy Hamilton

19                                          Attorneys for Defendants and Cross-Complainants
                                            DAVID MCDONALD, DONNA MCDONALD,
20                                          NATIONAL EXPERT WITNESS NETWORK, and
                                            TECHNOLOGY CLE

21

22

23

24

25

26

27

28

SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCS
SV 346,242,858v1 12/12/2007

1  Osbelt v. McDonald, et al.                                    Case No. CIV 463528

2                                **PROOF OF SERVICE**

3      I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years
4  and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my
   business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On December 12,
5  2007, I served the following documents:

6      **SEPARATE STATEMENT OF DISPUTED ITEMS IN SUPPORT OF MOTION TO**
       **COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR**
7      **PRODUCTION OF DOCUMENTS, SET ONE**

8  ☐   by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth
       below, or as stated on the attached service list, on this date at approximately _____, from the
9      sending facsimile machine telephone number of 650-289-7893. The transmission was reported as
       complete and without error by the machine. Pursuant to California Rules of Court, Rule
10     2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of
11     which is attached to the original of this declaration. The transmission report was properly issued
       by the transmitting facsimile machine.

12

13 ☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
       in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

14 ☒   by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail
15     envelope with postage thereon fully prepaid, addressed as set forth below.

16 ☐   **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via
       courier service to the offices of the addressee.
17

18     Sean Ponist, Esq.
       Cotchett, Pitre & McCarthy
19     840 Malcolm Rd., Ste. 200
       Burlingame, CA 94010
20     Fax No. (650) 697-0577

21     I am readily familiar with the business practice of my place of employment in respect to the
   collection and processing of correspondence, pleadings and notices for mailing with United States
22 Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed
   envelope was placed for collection and mailing this date consistent with the ordinary business practice
23 of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at
   East Palo Alto, California, in the ordinary course of such business.
24

25     I declare under penalty of perjury under the laws of the State of California that the foregoing is
   true and correct. Executed on December 12, 2007, at East Palo Alto, California.

26

27                                    _____
                                              Cathy Sandifer
28

                                             1
                                       Proof of Service
   SV 346,198,779v1 12/11/2007

RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT

1  JOSEPH W. COTCHETT (#36324)
   jcotchett@cpmlegal.com
2  ARA R. JABAGCHOURIAN (#205777)
   ajabagchourian@cpmlegal.com
3  SEAN E. PONIST (#204712)
   sponist@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
5  Burlingame, CA 94010
   Telephone: (650) 697-6000
6  Facsimile: (650) 697-0577

7  Attorneys for Plaintiff Jennifer Osbelt

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **COUNTY OF SAN MATEO**

10

11  JENNIFER OSBELT,                        )   **Case No. CIV463528**
                                            )
12              Plaintiff,                  )
                                            )
13      v.                                  )   **PLAINTIFF'S NOTICE OF MOTION AND**
                                            )   **MOTION TO COMPEL DEFENDANTS**
14  DAVID D. MCDONALD, DONNA K.             )   **DAVID AND DONNA MCDONALD (1) TO**
    MCDONALD, NATIONAL EXPERT              )   **PRODUCE DOCUMENTS AND (2) FOR**
15  WITNESS NETWORK, a California           )   **SANCTIONS**
    Limited Liability Company, and DOES 1-  )
16  10, inclusive,                          )
                                            )
17              Defendants.                 )   Hearing Date: January 15, 2008
                                            )   Hearing Time: 9:00 a.m.
18  ────────────────────────────────       )   Department:  LM
    DAVID D. McDONALD; DONNA K.             )
19  McDONALD; NATIONAL EXPERT              )
    WITNESS NETWORK, a California           )   Trial:       **May 12, 2008**
20  Limited Liability Company;              )
    TECHNOLOGY CLE, a                       )
21  California Limited Liability Company,    )
                                            )
22              Cross-Complainants,         )
                                            )
23      v.                                  )
                                            )
24  JENNIFER OSBELT, individually and       )
    doing business as PALO ALTO             )
25  TECHNICAL, and ROES 1-10, inclusive,    )
                                            )
26              Cross-Defendants.           )
                                            )
27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS**

1

## TABLE OF CONTENTS

2
Page(s)

3  NOTICE OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  MEMORANDUM OF POINTS AND AUTHORITIES

5  I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6  II.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7  III.  LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8  IV.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9        A.    Defendants have refused to produce books and records, accounting
10             statements and documents and other relevant financial information  . . . . . . . . . 4

11             1.    Defendants have failed to produce books and records and
                     accounting statements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

12             2.    Defendants have refused to produce complete tax records for
13                   NEWN and TCLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

14             3.    Defendants have refused to produce documents relating to
                     expenses charged to NEWN and TCLE and payments made
                     by NEWN or TCLE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
15
16             4.    Defendants have failed to produce complete bank statements
                     and records  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17        B.    Defendants have failed to produce documents relating to Plaintiff's 401k
18             and Profit Sharing Plans . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . : . . 7

19        C.    Defendants have failed to produce responsive documents relating to
               consulting fees paid to Defendants by NEWN and TCLE  . . . . . . . . . . . . . . . . 8

20        D.    Defendants have failed to produce any documents related to the
21             governance of TCLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

22        E.    Defendants dilatory conduct, without justification, warrants sanctions  . . . . . . . 8

23  V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID
AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS

i

1

## TABLE OF AUTHORITIES

2

Page(s)

3    ## CASES

4    *Colonial Life & Accident Ins. Co. v. Superior Court*
         (1982) 31 Cal.3d 785 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
5
     *Frey v. Superior Court*
6         (1965) 237 Cal.App.2d 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7    *Glenfed Dev. Corp. v. Superior Court*
         (1997) 53 Cal.App.4th 1113 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
8
     *Lipton v. Superior Court*
9         (1996) 48 Cal.App.4th 1599 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10   *London v. Dri-Honing Corp.*
         (2004) 117 Cal.4th 999 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
11
     *Stadish v. Sup. Ct.*
12        (1999) 71 Cal.App.4th 1130 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13   *TBG Ins. Servs. Corp. v. Superior Court*
         (2002) 96 Cal.App.4th 443 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
14
     *Young v. Rosenthal*
15        (1989) 212 Cal.App.3d 96 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

16

17   ## STATUTES AND RULES

18   Code Civ. Pro.

19        § 2017.010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

20        § 2023.030(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

21

22

23

24

25

26

27

28

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID
AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS

ii

1  ## NOTICE OF MOTION

2  ### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that on January 11, 2007, at 9:00 a.m. in the Law and Motion

4  Department or in such other Court as may be assigned, located at 400 County Center, Redwood

5  City, California, Plaintiff Jennifer Osbelt ("Plaintiff") will move the Court for an Order (1)

6  compelling Defendants David and Donna McDonald ("Defendants") to produce documents and

7  (2) for sanctions. This motion is made on the grounds that Defendants have refused to produce

8  documents or have agreed to produce documents but failed to do so.

9  Defendants' refusal and failure to produce documents requested over four months ago is

10  in violation of their discovery obligations under the California Code of Civil Procedure. Plaintiff

11  initially propounded requests for production of documents on Defendants on August 1, 2007.

12  Having received no documents in response thereto, Plaintiff incorporated those requests into

13  deposition document requests which were served on both. Having not received responsive

14  documents at the deposition or afterwards, Plaintiff now moves to compel and for sanctions

15  against both Defendants based on their refusal or failure to produce responsive documents. Their

16  delay has prejudiced Plaintiff's ability to conduct meaningful discovery and prosecute and defend

17  claims in this action.

18  Said Motion will be based upon this Notice and Motion, the Memorandum of Points and

19  Authorities in support thereof, the Separate Statement of Disputed Requests and Responses, the

20  Declaration of Sean E. Ponist ("Ponist Decl.") and upon such other evidence, oral or

21  documentary, as may be introduced at the hearing of this Motion, and upon the Court's entire file

22  in this matter.

23

24  DATED: December 1⁶, 2007          COTCHETT, PITRE & McCARTHY

25

26  By:

27  SEAN E. PONIST
    *Attorneys for Plaintiff*

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS**

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This case involves a member dispute in two limited liability companies: National Expert Witness Network ("NEWN") and Technology Continuing Legal Education ("TCLE"). The dispute originated when Plaintiff Jennifer Osbelt ("Plaintiff") questioned one of the financial statements of Defendants David and Donna McDonald ("Defendants"). Concerned about the financial irregularity, she asked to see the company's books and records. Defendants refused to provide the books and records.

Defendants then agreed to purchase Plaintiff's interest in NEWN for just over $1.8 million, but later reneged on the agreement, claiming that they had mistakenly calculated the purchase price. Plaintiff again requested that Defendants provide her access to the company's books and records; again Defendants refused her access. Defendants then proceeded to exclude Plaintiff from management or any other involvement in the company. Menawhile they continued to engage in self-dealing and continued to deny Plaintiff access to NEWN's books and records and other financial information.

Finally, Plaintiff filed a complaint on June 5, 2007, setting forth causes of action for, *inter alia*, breach of contract/operating agreement, breach of fiduciary duty, accounting violations and violations of the Beverly-Killea Limited Liability Company Act against Defendants. Plaintiff filed an Amended Complaint on December 4, 2007, adding additional causes of action for, *inter alia*, corporate waste, conversion and unjust enrichment. Both complaints specifically alleged that Defendants had prepared false financial statements, filed false tax returns and generally failed to maintain books and records as required by the law. See e.g., Original Complaint at ¶ 2, 2:10-12, ¶ 212:20-21; ¶¶ 59.5, 59.6, 12:22-26; ¶¶ 63-67, 13:8-18; ¶¶ 74.1, 14:10-11.

As the companies' financials are critical to this litigation, Plaintiff's document requests asked for the books and records and other financial documents reflecting the income and expenses of NEWN and TCLE. Defendants responded by either refusing to produce the documents on the grounds that they are irrelevant or agreed to produce the documents but then

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID
AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS

2

1  failed to do so. The requested documents are needed to establish Plaintiff's claims, defenses, as

2  well as damages.[1]  Defendants' response has been dilatory and their refusal or failure to produce

3  documents without justification. For the foregoing reasons, Plaintiff requests that this Court

4  grant this motion to compel documents and for sanctions.

5                                                    II.

6                                    **PROCEDURAL HISTORY**

7            Plaintiff first served a request for production of documents on Defendants on August 1,

8  2007. Ponist Decl. ¶ 2. Plaintiff additionally requested production of these same items at the

9  depositions of David and Donna McDonald noticed for and taken on October 17, 2007 and

10  October 18, 2007 respectively. Ponist Decl. ¶ 6, Ex. A and B. Shortly before these two

11  depositions, Defendants produced some responsive documents, but refused or failed to produced

12  many other responsive documents. Ponist Decl. ¶ 9.

13            Prior to, during and subsequent to these depositions, Plaintiff's counsel engaged in

14  extensive communication and correspondence with defense counsel in an effort to secure the

15  responsive documents without need for court intervention. Ponist Decl. ¶¶ 10, 12, 13, 16, 17,

16  Exs. E, F, and G. On October 20, 2007 and December 12, 2007, Defendants finally produced

17  additional documents, but still had failed to produce many material, responsive documents.

18  Defendants' delay in producing documents has prejudiced Plaintiff's ability to conduct discovery

19  and prosecute and defend claims in this action. This motion to compel production of documents

20  and for sanctions follows.

21                                                   III.

22                                    **LEGAL STANDARD**

23            The scope of discovery is defined by Code of Civil Procedure section 2017.010, which

24  states:

25  / / /

26

27            [1]One measure of Plaintiff's damages is by determining the value of her interest in NEWN.
      This may be accomplished only by accurately determining the value of the company by a
28  complete review of the its books and records.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID
AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS

3

1  [A]ny party may obtain discovery regarding any matter, not privileged,
2  that is relevant to the subject matter involved in the pending action or to
   the determination of any motion made in that action, if the matter either is
3  itself admissible in evidence or appears reasonably calculated to lead to the
   discovery of admissible evidence. Discovery may relate to the claim or
4  defense of the party seeking discovery or of any other party to the action.

5  Code Civ. Proc., § 2017.010.

6  "In the context of discovery, evidence is 'relevant' if it might reasonably assist a party in

7  evaluating its case, preparing for trial, or facilitating a settlement. Admissibility is *not* the test,

8  and it is sufficient if the information sought might reasonably lead to other, admissible

9  evidence." *Glenfed Dev. Corp. v. Superior Court* (1997) 53 Cal.App.4th 1113, 1117 (original

10  emphasis); see also *TBG Ins. Servs. Corp. v. Superior Court* (2002) 96 Cal.App.4th 443, 448.

11  "For discovery purposes, information is relevant if it 'might reasonably assist a party in

12  *evaluating* the case, *preparing* for trial, or *facilitating* settlement.'" *Lipton v. Superior Court*

13  (1996) 48 Cal.App.4th 1599, 1611 (citation omitted) (emphasis in original). California's

14  discovery rules are liberally construed, and any doubt is generally resolved in favor of permitting

15  discovery. See *Colonial Life & Accident Ins. Co. v. Superior Court* (1982) 31 Cal.3d 785, 790.

16  **IV.**

17  **ARGUMENT**

18  **A.    Defendants have refused to produce books and records, accounting statements and
19         documents and other relevant financial information**

20  This case arises out of a financial dispute between members of the NEWN and TCLE

21  limited liability companies. As with any partnership or member dispute, critical to the claims

22  and recovery of damages are the books and records and financials of the company. Thus far,

23  Defendants have refused or otherwise failed to produce this much of this material information

24  despite repeated discovery requests and meet and confer attempts.

25
26
27  / / /
28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID
AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS

4

1    **1.    Defendants have failed to produce books and records and accounting**
        **statements**

2

3    Document request 15 required that Defendants produce books and records for NEWN and

4    document requests 36 and 37 required production of documents produced to NEWN's and

5    TCLE's accountants. Defendants responded that they would "produce documents not previously

6    produced to Plaintiff," but also objected that such a request is "not reasonably calculated to lead

7    to the discoverable information" or that the requests for accounting documents "violated taxpayer

8    privilege."

9    To begin with, the scope of discovery is defined to include all information and documents

10   "reasonably calculated to lead to the discovery of admissible evidence" not "reasonably

11   calculated to lead to the discoverable information" as stated by Defendants. Regardless, as this

12   information is directly relevant to the allegations and claims in the complaint, it is within the

13   scope of discovery. Additionally, contrary to their suggestion, Defendants never previously

14   produced documents. Their first production of documents in this case did not occur until after

15   they served their response to the document requests. Moreover, as indicated in great detail in the

16   complaint, Defendants never provided such documents prior to the commencement of litigation

17   despite Plaintiff's and her counsel's repeated efforts to obtain the information. See generally,

18   Original Complaint ¶¶ 32-43, 7:25-10-7. Lastly, Defendants cannot assert the taxpayer privilege

19   against Plaintiff, a member of the limited liability companies and thereby one of the taxpayers

20   herself. The privilege does not apply to her and she is entitled to this information.

21   So far, Defendants have merely provided financial summaries created by or on behalf of

22   themselves, refusing to produce source documents establishing the income received and expenses

23   incurred. Defendants have insisted, without basis, that Plaintiff is only entitled to the financial

24   summaries which they, themselves, have created. But Plaintiff, under the Beverly-Killea Limited

25   Liability Company Act, terms of the Operating Agreement, and the Code of Civil Procedure, is

26   entitled to an accounting, including the actual income and expense information, and not merely

27   some summary thereof. This information goes to the core of this case and is necessary to prove

28   Plaintiff's claims and damages.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID
AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS**

5

1    **2.    Defendants have refused to produce complete tax records for NEWN and
       TCLE**

2

3        Defendants have refused to produce tax records, claiming that the requests "violates the

4    taxpayer privilege" (see document requests 11 and 12). But, as discussed above, Defendants

5    cannot assert the taxpayer privilege against Plaintiff, a member of the limited liability companies

6    and thereby one of the taxpayers herself. The privilege does not apply to her and she is entitled

7    to this information just as much as Defendants. Belatedly, Defendants have recently produced

8    tax records for NEWN for 2004 through 2006. But Defendants still have not produced tax

9    records from the inception of NEWN in 2002 nor have they produced any tax records or

10   information for TCLE.

11   **3.    Defendants have refused to produce documents relating to expenses
       charged to NEWN and TCLE and payments made by NEWN or TCLE**

12

13       Plaintiff has requested production of expense claims submitted to NEWN and TCLE,

14   companies to which she is a member, as well as documents relating to payments by NEWN and

15   TCLE to Defendants and herself (see document requests 19, 20, 22-29). Defendants have

16   refused to produce any responsive documents to these requests, claiming that the requests are

17   "not reasonably calculated to lead to discoverable information as this request does not related to

18   the allegations contained in the Complaint or Cross-Complaint."[2] Nothing could be farther from

19   the truth.

20       The Original Complaint sets forth causes of action against Defendants for breach of

21   fiduciary duty, accounting violations and violations the Beverly-Killea Limited Liability

22   Company Act, all of which place at issue payments received by Defendants. Additionally, the

23   complaint specifically alleged, *inter alia*, that the McDonalds had falsified financial statements

24   and that an accurate accounting was necessary to determine the value of Plaintiff's interest in

25

26

27        [2]In response to request 25, Defendants did not even state an objection or provide a ground
     for their refusal to produce responsive documents. As such, any objections are waived and all

28   responsive documents must be produced. *Stadish v. Sup. Ct.* (1999) 71 Cal.App.4th 1130, 1141.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID
AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS

6

1   NEWN. Original Complaint at ¶¶ 2, 61-77, 2:10-12, 13:4-18. All of the foregoing placed the

2   validity of payments received by Defendants at issue.

3         Additionally, Defendants alleged in their Cross-Complaint that Plaintiff submitted false

4   and duplicative expense reimbursement requests and thereby asserted causes of action for fraud

5   and breach of fiduciary duty against her. See Cross-Complaint, Second and Third Causes of

6   Action. These claims necessarily require an understanding of expenses charged to NEWN by

7   Plaintiff. Information concerning payments to Plaintiff are also necessary for accounting

8   purposes and determining the value of her capital account. Thus, these documents are directly

9   related to the claims and cross-claims in this action.

10        **4.    Defendants have failed to produce complete bank statements and records**

11        Document requests 16 and 17 requested documents relating to NEWN's and TCLE's

12   bank statements or account summaries. Defendants responded that they "will produce

13   documents not previously produced to Plaintiff." Contrary to their suggestion, once again,

14   Defendants never had previously produced any of these documents.

15        This information is relevant to establish, *inter alia*, the validity of any loans which

16   Defendants have purportedly made to NEWN as well as any payments that NEWN and TCLE

17   have made to them. To the extent that Defendants have produced bank statements, they contain

18   gaps which may omit material information related to the purported loans and payments received

19   by Defendants. Although Defendants provided some bank statements, they omitted statements

20   from December 2002 through August 2003, from October 2003 through December 2003, and

21   from May of this year to the time of production. This information is relevant to Plaintiff's breach

22   of fiduciary duty claims, accounting claims as well as her more recently filed corporate waste,

23   conversion and unjust enrichment claims.

24   **B.   Defendants have failed to produce documents relating to Plaintiff's 401k and Profit**
     **Sharing Plans**

25

26        Without Plaintiff's consent, Defendants had diverted her share of the profits to NEWN's

27   401k and profit sharing plans. Plaintiff has since been denied access to these funds. Defendants

28   indicated that they would produce documents related to plans (see document requests and

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID
AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS

7

1    responses 46-49). Nonetheless, other than some miscellaneous correspondence, Defendants have

2    failed to produce these documents. These documents are relevant in part to establishing a portion

3    of Plaintiff's damages claim. To date, Defendants have failed to produce any plan information,

4    agreements or authorizations for these plans.

5    **C.    Defendants have failed to produce responsive documents relating to consulting fees**
     **paid to Defendants by NEWN and TCLE**

6

7    Document requests 52 and 53 requested all documents related to consulting fee payments

8    which Defendants had arranged for NEWN and TCLE to pay. Defendants responded that they

9    would "produce documents responsive" to these requests. Defendants recently produced

10   summary payment information created by or on behalf of themselves, but, once again, failed to

11   provide copies of any of the source documents which actually evidence details the payments

12   made. Rather than provide bank statements, checks, or money transfers, Defendants merely

13   provided their own summary invoices. This information is highly relevant to, *inter alia*,

14   Plaintiff's breach of fiduciary duty claims and accounting claims. Plaintiff is entitled to the

15   actual payment information and not merely Defendant's representation thereof.

16   **D.    Defendants have failed to produce any documents related to the governance of**
     **TCLE**

17

18   Defendants have asserted claims on behalf of TCLE against Plaintiff for her alleged

19   interference with its patent rights. Plaintiff requested documents concerning the governance of

20   TCLE to establish, *inter alia*, the obligations, if any, that the members had to each other relating

21   to the filing and prosecution of patents for which Defendants have claimed damages in their

22   Cross-Complaint (see document request 43). Defendants agreed to provide responsive

23   documents, but, to date, Plaintiff has not received any documents relating to the governance of

24   TCLE. Defendants have not produced the Operating Agreement, Articles of Organization,

25   bylaws or any other documents concerning TCLE's operation.

26   **E.    Defendants dilatory conduct, without justification, warrants sanctions**

27   Plaintiff seeks sanctions against Defendants for their dilatory conduct. See generally,

28   Code Civ. Pro. § 2023.030(a); see also, *London v. Dri-Honing Corp.* (2004) 117 Cal.4th 999,

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID
AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS

8

1006, 1009-1010. Where discovery violations are substantial and wilful, monetary sanctions and reasonable attorney fees recoupment are warranted. *Young v. Rosenthal* (1989) 212 Cal.App.3d 96, 120. Refusal to comply with discovery obligations without substantial justification justifies a trial court ordering reasonable expenses against the offending party. *Frey v. Superior Court* (1965) 237 Cal.App.2d 201, 204.

Defendants are members and managers of the NEWN and TCLE. As Defendants have excluded Plaintiff from management and prevented her from accessing the books and records and other financial information, they are in exclusive custody and control of the responsive documents. Their objections have been baseless and their delay without excuse. Plaintiff's counsel, Sean E. Ponist has spent a total of eight hours researching and preparing this motion and anticipates spending another three hours drafting a reply and arguing the matter at hearing at an hourly rate of $250 for a total of $2,750. Ponist Decl., ¶ 18.

**V.**

**CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court grant this motion to compel production of documents and for sanctions.

Dated: December 18 , 2007            COTCHETT, PITRE & McCARTHY

By_____
SEAN E. PONIST
*Attorneys for Plaintiff*

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID
AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS

9

*Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
*San Mateo Superior Court   CIV 463528*

## PROOF OF SERVICE

I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On this date, I served a true copy of the following document(s) in the manner listed below:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS DAVID AND DONNA MCDONALD (1) TO PRODUCE DOCUMENTS AND (2) FOR SANCTIONS**

____ **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

**XXX** **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

William J. Goines
Karen Rosenthal
Cindy Hamilton
**GREENBERG TRAURIG, LLP**
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Tel.: (650) 328-8500
Fax: (650) 328-8508

____ **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on December 18, 2007.

Maybelle Munda-Dominguez

---

**PROOF OF SERVICE**                                                                                    1

1 | JOSEPH C. COTCHETT (#168009)
ARA R. JABAGCHOURIAN (#205777)
2 | SEAN E. PONIST (#204712)
**COTCHETT, PITRE & McCARTHY**
3 | San Francisco Airport Office Center
840 Malcolm Road, Suite 200
4 | Burlingame, CA 94010
Telephone: (650) 697-6000
5 | Facsimile: (650) 697-0577

6 | Attorneys for Plaintiff

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **IN AND FOR THE COUNTY OF SAN MATEO**

10

11 | JENNIFER OSBELT,

12 | Plaintiff,

13 | v.

14 | DAVID D. McDONALD, DONNA K.
McDONALD, NATIONAL EXPERT
15 | WITNESS NETWORK, a California Limited
Liability Company, and DOES 1-10, inclusive,
16

17 | Defendants.

18

19 | DAVID D. McDONALD; DONNA K.
McDONALD; NATIONAL EXPERT
20 | WITNESS NETWORK, a California Limited
Liability Company; TECHNOLOGY CLE, a
21 | California Limited Liability Company,

22 | Cross-Complainants,

23 | v.

24 | JENNIFER OSBELT, individually and doing
business as PALO ALTO TECHNICAL, and
25 | ROES 1-10, inclusive,

26 | Cross-Defendants.

27

28

**CASE NO.    CIV 463528**

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

Date:      January 15, 2008
Time:     9:00 a.m.
Dept:      LM

Trial:      **May 12, 2008**

---

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

1    **INTRODUCTION**

2    Pursuant to Rule 3.1020 of the California Rules of Court, Plaintiff Jennifer Osbelt

3    ("Plaintiff") hereby submits the following Separate Statement of Disputed Document Requests

4    and Responses in support of Plaintiff's Motion to Compel Production and For Sanctions against

5    Defendants David and Donna McDonald ("Defendants"). Plaintiff initially propounded requests

6    for production of documents on Defendants on August 1, 2007. Plaintiff incorporated those

7    requests into the documents requested to be produced at the depositions of Defendants. As the

8    document requests and responses by David and Donna McDonald were identical, Plaintiff has set

9    forth just one set of the requests and responses but moves to compel and for sanctions against

10    both Defendants.

11    **REQUESTED DOCUMENTS**

12    **REQUEST FOR PRODUCTION NO. 11:**

13    All DOCUMENTS relating to NEWN's tax returns and records for the last five years.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

15    Defendant objects to this request on the grounds that this request violates the taxpayer

16    privilege. Defendant will not produce documents responsive to this request.

17    **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

18    Defendants have refused to produce tax records claiming that the requests "violates the

19    taxpayer privilege." Defendants cannot assert the taxpayer privilege against Plaintiff, a member

20    of the limited liability companies and thereby one of the taxpayers herself. The privilege does

21    not apply to her and she is entitled to that information just as much as Defendants. Belatedly,

22    Defendants have produced tax records for NEWN for 2004 through 2006. But Defendants still

23    have not produced tax records for the full five years prior to the request nor have they produced

24    any tax records or information for TCLE.

25    **REQUEST FOR PRODUCTION NO. 12:**

26    All DOCUMENTS relating to TCLE's tax returns and records for the last five years.

27

28    / / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS

1

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

2       Defendant objects to this request on the grounds that this request violates the taxpayer

3 privilege. Defendant will not produce documents responsive to this request.

4 **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

5       Defendants have refused to produce tax records claiming that the requests "violates the

6 taxpayer privilege." Defendants cannot assert the taxpayer privilege against Plaintiff, a member

7 of the limited liability companies and thereby one of the taxpayers herself. The privilege does

8 not apply to her and she is entitled to that information just as much as Defendants. Belatedly,

9 Defendants have produced tax records for NEWN for 2004 through 2006. But Defendants still

10 have not produced tax records for the full five years prior to the request nor have they produced

11 any tax records or information for TCLE.

12 **REQUEST FOR PRODUCTION NO. 15:**

13       All DOCUMENTS relating to NEWN's books and records for the last five years.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

15       Defendant objects to this request on the grounds that documents responsive to this request

16 have already been produced to Plaintiffs. Defendant further objects to this request on the

17 grounds that the request is overbroad, burdensome and not reasonably calculated to lead to

18 discoverable information. Subject to and without waiving the foregoing objection, Defendant

19 will produce documents not previously produced to Plaintiff within Defendant's possession,

20 custody and control.

21 **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

22       Defendants responded in part that they would "produce documents not previously

23 produced to Plaintiff," but also objected that such a request is "not reasonably calculated to lead

24 to the discoverable information." To begin with, the scope of discovery is defined to include all

25 information and documents "reasonably calculated to lead to the discovery of admissible

26 evidence" not "reasonably calculated to lead to the discoverable information" as stated by

27 Defendants. Regardless, as this information is directly relevant to the allegations and claims in

28 the complaint, it is within the scope of discovery.

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS

2

1    Additionally, contrary to their suggestion, Defendants never previously produced

2    documents. Their first production of documents in this case did not occur until after they served

3    their response to the document requests. Further, as indicated in great detail in both the Original

4    Complaint as well as the First Amended Complaint, Defendants never provided such documents

5    prior to the commencement of litigation despite Plaintiff's and her counsel's repeated efforts to

6    obtain the information. See generally, Original Complaint ¶¶ 32-43, 7:25-10-7.

7    Plaintiff is unaware of any books and records which have been produced to date. So far,

8    Defendants have only provided financial summaries created by or on behalf of themselves,

9    refusing to provide source documents establishing the income received and expenses incurred.

10   Defendants have insisted, without basis, that Plaintiff is only entitled to the financial summaries

11   which they, themselves, have created. But Plaintiff, under the Beverly-Killea Limited Liability

12   Company Act, terms of the Operating Agreement and the Code of Civil Procedure, is entitled to

13   an accounting, including the actual income and expense information, and not merely some

14   summary thereof. This information goes to the core of this case and is necessary to prove

15   Plaintiff's claims and damages. Defendants failure to provide the information is dilatory and

16   without merit.

17   **REQUEST FOR PRODUCTION NO. 16:**

18   All DOCUMENTS concerning or relating to any bank statements or account summaries

19   of NEWN for the last five years.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

21   Defendant objects to this request on the grounds that documents responsive to this request

22   have already been produced to Plaintiffs. Defendant further objects to this request on the

23   grounds that the request is overbroad, burdensome and not reasonably calculated to lead to

24   discoverable information. Subject to and without waiving the foregoing objection, Defendant

25   will produce documents not previously produced to Plaintiff within Defendant's possession,

26   custody and control.

27

28   / / /


LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS

3

1  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

2      Contrary to their suggestion, Defendants never previously produced documents. Their

3  first production of documents in this case did not occur until after they served their response to

4  the document requests. Further, as indicated in great detail in both the Original Complaint as

5  well as the First Amended Complaint, Defendants never provided such documents prior to the

6  commencement of litigation despite Plaintiff's and her counsel's repeated efforts to obtain the

7  information. See generally, Original Complaint ¶¶ 32-43, 7:25-10-7.

8      This information is relevant to establish, *inter alia*, the validity of any loans which

9  Defendants have purportedly made to NEWN as well as any payments that NEWN and TCLE

10  have made to them. To the extent that Defendants have produced bank statements, they contain

11  gaps which omit material information related to the loans and payments received by Defendants.

12  For instance, Defendants omitted bank statements from December 2002 through August 2003,

13  from October 2003 through December 2003, and from May of this year to the time of production.

14  This information is relevant to Plaintiff's breach of fiduciary duty claims, accounting claims as

15  well as her more recently filed corporate waste, conversion and unjust enrichment claims.

16  Defendants' failure to produce these documents is without cause.

17  **REQUEST FOR PRODUCTION NO. 17:**

18      All DOCUMENTS concerning or relating to any bank statements or account summaries

19  of TCLE for the last five years.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

21      Defendant objects to this request on the grounds that documents responsive to this request

22  have already been produced to Plaintiffs. Defendant further objects to this request on the

23  grounds that the request is overbroad, burdensome and not reasonably calculated to lead to

24  discoverable information. Subject to and without waiving the foregoing objection, Defendant

25  will produce documents not previously produced to Plaintiff within Defendant's possession,

26  custody and control.

27

28  / / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS

4

1  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

2      Contrary to their suggestion, Defendants never previously produced documents. Their
3  first production of documents in this case did not occur until after they served their response to
4  the document requests. Further, as indicated in great detail in both the Original Complaint as
5  well as the First Amended Complaint, Defendants never provided such documents prior to the
6  commencement of litigation despite Plaintiff's and her counsel's repeated efforts to obtain the
7  information. See generally, Original Complaint ¶¶ 32-43, 7:25-10-7.

8      This information is relevant to establish, *inter alia*, the validity of any loans which
9  Defendants have purportedly made to NEWN as well as any payments that NEWN and TCLE
10  have made to them. To the extent that Defendants have produced bank statements, they contain
11  gaps which omit material information related to the loans and payments received by Defendants.
12  For instance, Defendants omitted bank statements from December 2002 through August 2003,
13  from October 2003 through December 2003, and from May of this year to the time of production.
14  This information is relevant to Plaintiff's breach of fiduciary duty claims, accounting claims as
15  well as her more recently filed corporate waste, conversion and unjust enrichment claims.
16  Defendants' failure to produce these documents is without cause.

17  **REQUEST FOR PRODUCTION NO. 19:**

18      All DOCUMENTS relating to expense claims submitted to NEWN by David D.
19  McDonald for reimbursement for the last five years.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

21      Defendant objects to this request on the grounds that the request is overbroad,
22  burdensome and not reasonably calculated to lead to discoverable information as this request
23  does not relate to the allegations contained in the Complaint or Cross-Complaint. Defendant will
24  not produce documents responsive to this request.

25  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

26      Defendants have refused to produce any responsive documents, claiming that the request
27  is "not reasonably calculated to lead to discoverable information as this request does not related
28  to the allegations contained in the Complaint or Cross-Complaint." Nothing could be farther

☻
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS

5

1  from the truth. The Original Complaint sets forth causes of action against Defendants for breach

2  of fiduciary duty, accounting violations and violations the Beverly-Killea Limited Liability

3  Company Act, all of which place at issue payments received by Defendants. Additionally, the

4  complaint had specifically alleged, *inter alia*, that the McDonalds had falsified financial

5  statements and that an accurate accounting was necessary to determine the value of Plaintiff's

6  interest in NEWN. Original Complaint at ¶¶ 2, 61-77, 2:10-12, 13:4-18. All of the foregoing,

7  placed the validity of payments received by Defendants at issue.

8  **REQUEST FOR PRODUCTION NO. 20:**

9       All DOCUMENTS relating to expense claims submitted to NEWN by Donna K.

10  McDonald for reimbursement for the last five years.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

12       Defendant objects to this request on the grounds that the request is overbroad,

13  burdensome and not reasonably calculated to lead to discoverable information as this request

14  does not relate to the allegations contained in the Complaint or Cross-Complaint. Defendant will

15  not produce documents responsive to this request.

16  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

17       Defendants have refused to produce any responsive documents, claiming that the request

18  is "not reasonably calculated to lead to discoverable information as this request does not related

19  to the allegations contained in the Complaint or Cross-Complaint." Nothing could be farther

20  from the truth. The Original Complaint sets forth causes of action against Defendants for breach

21  of fiduciary duty, accounting violations and violations the Beverly-Killea Limited Liability

22  Company Act, all of which place at issue payments received by Defendants. Additionally, the

23  complaint had specifically alleged, *inter alia*, that the McDonalds had falsified financial

24  statements and that an accurate accounting was necessary to determine the value of Plaintiff's

25  interest in NEWN. Original Complaint at ¶¶ 2, 61-77, 2:10-12, 13:4-18. All of the foregoing,

26  placed the validity of payments received by Defendants at issue.

27

28  / / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS

6

1  **REQUEST FOR PRODUCTION NO. 22:**

2       All DOCUMENTS relating to expense claims submitted to TCLE by David D.

3  McDonald for reimbursement for the last three years.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

5       Defendant objects to this request on the grounds that the request is overbroad,

6  burdensome and not reasonably calculated to lead to discoverable information as this request

7  does not relate to the allegations contained in the Complaint or Cross-Complaint. Defendant will

8  not produce documents responsive to this request.

9  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

10      Defendants have refused to produce any responsive documents, claiming that the request

11 is "not reasonably calculated to lead to discoverable information as this request does not related

12 to the allegations contained in the Complaint or Cross-Complaint." Nothing could be farther

13 from the truth. The Original Complaint sets forth causes of action against Defendants for breach

14 of fiduciary duty, accounting violations and violations the Beverly-Killea Limited Liability

15 Company Act, all of which place at issue payments received by Defendants. Additionally, the

16 complaint had specifically alleged, *inter alia*, that the McDonalds had falsified financial

17 statements and that an accurate accounting was necessary to determine the value of Plaintiff's

18 interest in NEWN. Original Complaint at ¶¶ 2, 61-77, 2:10-12, 13:4-18. All of the foregoing,

19 placed the validity of payments received by Defendants at issue.

20 **REQUEST FOR PRODUCTION NO. 23:**

21      All DOCUMENTS relating to expense claims submitted to TCLE by Donna K.

22 McDonald for reimbursement for the last three years.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

24      Defendant objects to this request on the grounds that the request is overbroad,

25 burdensome and not reasonably calculated to lead to discoverable information as this request

26 does not relate to the allegations contained in the Complaint or Cross-Complaint. Defendant will

27 not produce documents responsive to this request.

28 / / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS

7

1 **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

2       Defendants have refused to produce any responsive documents, claiming that the request

3 is "not reasonably calculated to lead to discoverable information as this request does not related

4 to the allegations contained in the Complaint or Cross-Complaint." Nothing could be farther

5 from the truth. The Original Complaint sets forth causes of action against Defendants for breach

6 of fiduciary duty, accounting violations and violations the Beverly-Killea Limited Liability

7 Company Act, all of which place at issue payments received by Defendants. Additionally, the

8 complaint had specifically alleged, *inter alia*, that the McDonalds had falsified financial

9 statements and that an accurate accounting was necessary to determine the value of Plaintiff's

10 interest in NEWN. Original Complaint at ¶¶ 2, 61-77, 2:10-12, 13:4-18. All of the foregoing,

11 placed the validity of payments received by Defendants at issue.

12 **REQUEST FOR PRODUCTION NO. 24:**

13       All DOCUMENTS relating to expenses charged to the NEWN company credit card by

14 PLAINTIFF or any other person over the last five years.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

16       Defendant objects to this request on the grounds that the request is overbroad,

17 burdensome and not reasonably calculated to lead to discoverable information as this request

18 does not relate to the allegations contained in the Complaint or Cross-Complaint. Defendant will

19 not produce documents responsive to this request.

20 **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

21       Defendants have alleged in their Cross-Complaint that Plaintiff submitted false and

22 duplicative expense reimbursement requests and thereby have asserted causes of action for fraud

23 and breach of fiduciary duty against Plaintiff. See Cross-Complaint, Second and Third Causes of

24 Action. These claims necessarily require an understanding of expenses charged to NEWN by

25 Plaintiff. Additionally, the Original Complaint sets forth causes of action against Defendants for

26 breach of fiduciary duty, accounting violations and violations the Beverly-Killea Limited

27 Liability Company Act, all of which place at issue payments received by Defendants. Based on

28 testimony adduced at the deposition of Defendants, it appears that they misappropriated company

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

8

1  assets for personal expenses. Thus, documents relating to expenses charged to the NEWN credit

2  card, whether by Plaintiff, Defendants or any other person, are relevant the Cross-Complaint,

3  Original and Amended Complaints as they directly relate to the claims and cross-claims in this

4  action.

5  **REQUEST FOR PRODUCTION NO. 25:**

6        All DOCUMENTS relating to any payments made by NEWN to PLAINTIFF in the last

7  five years.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

9        Defendant will not produce documents responsive to this request.

10 **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

11       Defendants have refused to produce any responsive documents without even stating an

12 objection or providing any grounds for their refusal. As such, any objections are waived and all

13 responsive documents must be produced. *Stadish v. Sup. Ct.* (1999) 71 Cal.App.4th 1130, 1141.

14 Additionally, Defendants alleged in their Cross-Complaint that Plaintiff submitted false and

15 duplicative expense reimbursement requests and thereby have asserted causes of action for fraud

16 and breach of fiduciary duty against Plaintiff. See Cross-Complaint, Second and Third Causes of

17 Action. These claims necessarily require an understanding of expenses paid by NEWN to

18 Plaintiff. Information concerning payments to Plaintiff are also necessary for accounting

19 purposes and determining the value of her capital account. Thus, these documents are directly

20 related to the claims and cross-claims in this action.

21 **REQUEST FOR PRODUCTION NO. 26:**

22       All DOCUMENTS relating to any payments made by NEWN to David D. McDonald in

23 the last five years.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

25       Defendant objects to this request on the grounds that the request is overbroad,

26 ·burdensome and not reasonably calculated to lead to discoverable information as this request

27 does not relate to the allegations contained in the Complaint or Cross-Complaint. Defendant will

28 not produce documents responsive to this request.

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

9

1  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

2      Defendants have refused to produce any responsive documents, claiming that the request

3  is "not reasonably calculated to lead to discoverable information as this request does not related

4  to the allegations contained in the Complaint or Cross-Complaint." Nothing could be farther

5  from the truth. The Original Complaint sets forth causes of action against Defendants for breach

6  of fiduciary duty, accounting violations and violations the Beverly-Killea Limited Liability

7  Company Act, all of which place at issue payments received by Defendants. Additionally, the

8  complaint had specifically alleged, *inter alia*, that the McDonalds had falsified financial

9  statements and that an accurate accounting was necessary to determine the value of Plaintiff's

10 interest in NEWN. Original Complaint at ¶¶ 2, 61-77, 2:10-12, 13:4-18. All of the foregoing has

11 placed the validity of payments received by Defendants at issue.

12 **REQUEST FOR PRODUCTION NO. 27:**

13     All DOCUMENTS relating to any payments made by NEWN to Donna K. McDonald in

14 the last five years.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

16     Defendant objects to this request on the grounds that the request is overbroad,

17 burdensome and not reasonably calculated to lead to discoverable information as this request

18 does not relate to the allegations contained in the Complaint or Cross-Complaint. Defendant will

19 not produce documents responsive to this request.

20 **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

21     Defendants have refused to produce any responsive documents, claiming that the request

22 is "not reasonably calculated to lead to discoverable information as this request does not related

23 to the allegations contained in the Complaint or Cross-Complaint." Nothing could be farther

24 from the truth. The Original Complaint sets forth causes of action against Defendants for breach

25 of fiduciary duty, accounting violations and violations the Beverly-Killea Limited Liability

26 Company Act, all of which place at issue payments received by Defendants. Additionally, the

27 complaint had specifically alleged, *inter alia*, that the McDonalds had falsified financial

28 statements and that an accurate accounting was necessary to determine the value of Plaintiff's

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

1   interest in NEWN.  Original Complaint at ¶¶ 2, 61-77, 2:10-12, 13:4-18.  All of the foregoing has

2   placed the validity of payments received by Defendants at issue.

3   **REQUEST FOR PRODUCTION NO. 28:**

4       All DOCUMENTS relating to any payments made by TCLE to PLAINTIFF in the last

5   three years.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

7       Defendant will produce documents responsive to this request within Defendant's

8   possession, custody or control.

9   **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

10      Defendants have refused to produce any responsive documents, claiming that the request

11  is "not reasonably calculated to lead to discoverable information as this request does not related

12  to the allegations contained in the Complaint or Cross-Complaint."  Nothing could be farther

13  from the truth.  The Original Complaint sets forth causes of action against Defendants for breach

14  of fiduciary duty, accounting violations and violations the Beverly-Killea Limited Liability

15  Company Act, all of which place at issue payments received by Defendants.  Additionally, the

16  complaint had specifically alleged, *inter alia*, that the McDonalds had falsified financial

17  statements and that an accurate accounting was necessary to determine the value of Plaintiff's

18  interest in NEWN.  Original Complaint at ¶¶ 2, 61-77, 2:10-12, 13:4-18.  All of the foregoing has

19  placed the validity of payments received by Defendants at issue.

20  **REQUEST FOR PRODUCTION NO. 29:**

21      All DOCUMENTS relating to any payments made by TCLE to David D. McDonald in

22  the last three years.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

24      Defendant objects to this request on the grounds that the request is overbroad,

25  burdensome and not reasonably calculated to lead to discoverable information as this request

26  does not relate to the allegations contained in the Complaint or Cross-Complaint.  Defendant will

27  not produce documents responsive to this request.

28  / / /

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

1    **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

2         Defendants have refused to produce any responsive documents, claiming that the request

3    is "not reasonably calculated to lead to discoverable information as this request does not related

4    to the allegations contained in the Complaint or Cross-Complaint." Nothing could be farther

5    from the truth. The Original Complaint sets forth causes of action against Defendants for breach

6    of fiduciary duty, accounting violations and violations the Beverly-Killea Limited Liability

7    Company Act, all of which place at issue payments received by Defendants. Additionally, the

8    complaint had specifically alleged, *inter alia*, that the McDonalds had falsified financial

9    statements and that an accurate accounting was necessary to determine the value of Plaintiff's

10   interest in NEWN. Original Complaint at ¶¶ 2, 61-77, 2:10-12, 13:4-18. All of the foregoing has

11   placed the validity of payments received by Defendants at issue.

12   **REQUEST FOR PRODUCTION NO. 30:**

13        All DOCUMENTS relating to any payments made by TCLE to Donna K. McDonald in

14   the last three years.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

16        Defendant objects to this request on the grounds that the request is overbroad,

17   burdensome and not reasonably calculated to lead to discoverable information as this request

18   does not relate to the allegations contained in the Complaint or Cross-Complaint. Defendant will

19   not produce documents responsive to this request.

20   **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

21        Defendants have refused to produce any responsive documents, claiming that the request

22   is "not reasonably calculated to lead to discoverable information as this request does not related

23   to the allegations contained in the Complaint or Cross-Complaint." Nothing could be farther

24   from the truth. The Original Complaint sets forth causes of action against Defendants for breach

25   of fiduciary duty, accounting violations and violations the Beverly-Killea Limited Liability

26   Company Act, all of which place at issue payments received by Defendants. Additionally, the

27   complaint had specifically alleged, *inter alia*, that the McDonalds had falsified financial

28   statements and that an accurate accounting was necessary to determine the value of Plaintiff's

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

1  interest in NEWN. Original Complaint at ¶¶ 2, 61-77, 2:10-12, 13:4-18. All of the foregoing has

2  placed the validity of payments received by Defendants at issue.

3  **REQUEST FOR PRODUCTION NO. 36:**

4      All DOCUMENTS and recorded statements provided to NEWN's accountants over the

5  last five years.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

7      Defendant objects to this request on the grounds that this request violates the taxpayer

8  privilege. Defendant further objects to this request on the grounds that documents responsive to

9  this request have already been produced to Plaintiffs. Subject to and without waiving the

10 foregoing objection, Defendant will produce documents responsive to this request that have not

11 been previously produced and that do not violate the taxpayer privilege.

12 **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

13     Defendants respond that they will produce all documents not previously produced that do

14 not "violate the taxpayer privilege." To begin with, contrary to their suggestion, Defendants

15 never previously produced documents. Their first production of documents in this case did not

16 occur until after they served their response to the document requests. Further, as indicated in

17 great detail in both the Original Complaint as well as the First Amended Complaint, Defendants

18 never provided such documents prior to the commencement of litigation despite Plaintiff's and

19 her counsel's repeated efforts to obtain the information. See generally, Original Complaint ¶¶

20 32-43, 7:25-10-7. Further, Defendants cannot assert the taxpayer privilege against Plaintiff, a

21 member of the limited liability companies and thereby one of the taxpayers herself. The

22 privilege does not apply to her and she is entitled to that information just as much as Defendants.

23     So far, Defendants have only provided financial summaries created by or on behalf of

24 themselves, refusing to provide source documents establishing the income received and expenses

25 incurred. Defendants have insisted, without basis, that Plaintiff is only entitled to the financial

26 summaries which they, themselves, have created. But Plaintiff, under the Beverly-Killea Limited

27 Liability Company Act, terms of the Operating Agreement and the Code of Civil Procedure, is

28 entitled to an accounting, including the actual income and expense information, and not merely

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

13

1    some summary thereof. This information goes to the core of this case and is necessary to prove
2    Plaintiff's claims and damages. Defendants failure to provide the information is dilatory and
3    without merit.

4    **REQUEST FOR PRODUCTION NO. 37:**

5        All DOCUMENTS and recorded statements provided to TCLE's accountants over the
6    last three years.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

8        Defendant objects to this request on the grounds that this request violates the taxpayer
9    privilege. Defendant further objects to this request on the grounds that documents responsive to
10    this request have already been produced to Plaintiffs. Subject to and without waiving the
11    foregoing objection, Defendant will produce documents responsive to this request that have not
12    been previously produced and that do not violate the taxpayer privilege.

13    **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

14        Defendants respond that they will produce all documents not previously produced that do
15    not "violate the taxpayer privilege." To begin with, contrary to their suggestion, Defendants
16    never previously produced documents. Their first production of documents in this case did not
17    occur until after they served their response to the document requests. Further, as indicated in
18    great detail in both the Original Complaint as well as the First Amended Complaint, Defendants
19    never provided such documents prior to the commencement of litigation despite Plaintiff's and
20    her counsel's repeated efforts to obtain the information. See generally, Original Complaint ¶¶
21    32-43, 7:25-10-7. Further, Defendants cannot assert the taxpayer privilege against Plaintiff, a
22    member of the limited liability companies and thereby one of the taxpayers herself. The
23    privilege does not apply to her and she is entitled to that information just as much as Defendants.

24        So far, Defendants have only provided financial summaries created by or on behalf of
25    themselves, refusing to provide source documents establishing the income received and expenses
26    incurred. Defendants have insisted, without basis, that Plaintiff is only entitled to the financial
27    summaries which they, themselves, have created. But Plaintiff, under the Beverly-Killea Limited
28    Liability Company Act, terms of the Operating Agreement, and the Code of Civil Procedure, is

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

14

1   entitled to an accounting, including the actual income and expense information, and not merely

2   some summary thereof. This information goes to the core of this case and is necessary to prove

3   Plaintiff's claims and damages. Defendants failure to provide the information is dilatory and

4   without merit.

5   **REQUEST FOR PRODUCTION NO. 43:**

6       All DOCUMENTS relating to the governance of the TCLE.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

8       Defendant objects to this request on the grounds that it is vague and ambiguous with

9   regard to the undefined term "governance." Subject to and without waiving the foregoing

10  objection, Defendant will produce documents responsive to this request within Defendant's

11  possession, custody and control.

12  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

13      Defendants agreed to provide responsive documents. But to date, Plaintiff has not

14  received any documents relating to the governance of TCLE. Defendants have not produced the

15  Operating Agreement, Articles of Organization, bylaws, or any other documents concerning

16  TCLE's operation. These documents are relevant to establishing, *inter alia*, the obligations, if

17  any, that the members had to each other relating to the filing and prosecution of patents for which

18  Defendants have claimed damages in their Cross-Complaint.

19  **REQUEST FOR PRODUCTION NO. 46:**

20      All DOCUMENTS pertaining to PLAINTIFF's 401K plan with NEWN.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

22      Defendant objects to this request on the grounds that it is vague, ambiguous, burdensome,

23  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and

24  without waiving the foregoing objection, Defendant will produce documents responsive to this

25  request within Defendant's possession, custody and control that relate to the subject matter of the

26  Complaint and Cross-Complaint.

27

28  / / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS

15

1  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

2        Defendants indicated that they would produce these documents. Nonetheless, other than

3  some miscellaneous correspondence, Defendants have failed to produce documents related to the

4  Plaintiff's 401k or Profit sharing plan. Without Plaintiff's consent, Defendants had diverted her

5  share of the profits to these plans. Plaintiff has since been denied access to these funds. Thus,

6  these documents are relevant for, *inter alia*, establishing part of the damages caused by

7  Defendants. To date, Defendants have failed to produce any plan information, agreements or

8  authorizations for these plans.

9  **REQUEST FOR PRODUCTION NO. 47:**

10        All DOCUMENTS pertaining to PLAINTIFF's 401K plan with TCLE.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12        Defendant objects to this request on the grounds that it is vague, ambiguous, burdensome,

13  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and

14  without waiving the foregoing objection, Defendant will produce documents responsive to this

15  request within Defendant's possession, custody and control that relate to the subject matter of the

16  Complaint and Cross-Complaint

17  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

18        Defendants indicated that they would produce these documents. Nonetheless, other than

19  some miscellaneous correspondence, Defendants have failed to produce documents related to the

20  Plaintiff's 401k or Profit sharing plan. Without Plaintiff's consent, Defendants had diverted her

21  share of the profits to these plans. Plaintiff has since been denied access to these funds. Thus,

22  these documents are relevant for, *inter alia*, establishing part of the damages caused by

23  Defendants. To date, Defendants have failed to produce any plan information, agreements or

24  authorizations for these plans.

25  **REQUEST FOR PRODUCTION NO. 48:**

26        All DOCUMENTS pertaining to PLAINTIFF's Profit Sharing Plan with NEWN.

27

28  / / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**
16

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2      Defendant objects to this request on the grounds that it is vague, ambiguous, burdensome,

3  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and

4  without waiving the foregoing objection, Defendant will produce documents responsive to this

5  request within Defendant's possession, custody and control that relate to the subject matter of the

6  Complaint and Cross-Complaint.

7  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

8      Defendants indicated that they would produce these documents. Nonetheless, other than

9  some miscellaneous correspondence, Defendants have failed to produce documents related to the

10  Plaintiff's 401k or Profit sharing plan. Without Plaintiff's consent, Defendants had diverted her

11  share of the profits to these plans. Plaintiff has since been denied access to these funds. Thus,

12  these documents are relevant for, *inter alia*, establishing part of the damages caused by

13  Defendants. To date, Defendants have failed to produce any plan information, agreements or

14  authorizations for these plans.

15  **REQUEST FOR PRODUCTION NO. 49:**

16      All DOCUMENTS pertaining to PLAINTIFF's Profit Sharing Plan with TCLE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

18      Defendant objects to this request on the grounds that it is vague, ambiguous, burdensome,

19  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and

20  without waiving the foregoing objection, Defendant will produce documents responsive to this

21  request within Defendant's possession, custody and control that relate to the subject matter of the

22  Complaint and Cross-Complaint.

23  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

24      Defendants indicated that they would produce these documents. Nonetheless, other than

25  some miscellaneous correspondence, Defendants have failed to produce documents related to the

26  Plaintiff's 401k or Profit sharing plan. Without Plaintiff's consent, Defendants had diverted her

27  share of the profits to these plans. Plaintiff has since been denied access to these funds. Thus,

28  these documents are relevant for, *inter alia*, establishing part of the damages caused by

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

17

1  Defendants. To date, Defendants have failed to produce any plan information, agreements or

2  authorizations for these plans.

3  **REQUEST FOR PRODUCTION NO. 52:**

4      All DOCUMENTS relating to any payments made by NEWN for consulting services ins

5  the last five years.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

7      Defendant objects to this request on the grounds that it is vague, ambiguous, burdensome,

8  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and

9  without waiving the foregoing objection, Defendant will produce documents responsive to this

10  request within Defendant's possession, custody and control that relate to the subject matter of the

11  Complaint and Cross-Complaint.

12  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

13      Defendants responded that they would "produce documents responsive" to these requests.

14  Defendants recently produced summary payment information created by or on behalf of

15  themselves, but, once again, failed to provide copies of any of the source documents which

16  actually evidence details the payments made. Rather than provide bank statements, checks, or

17  money transfers, Defendants merely provided their own summaries of their invoices. This

18  information is highly relevant to, *inter alia*, Plaintiff's breach of fiduciary duty claims and

19  accounting claims. Plaintiff is entitled to the actual payment information and not merely

20  Defendant's representation thereof.

21  **REQUEST FOR PRODUCTION NO. 53:**

22      All DOCUMENTS relating to any payments made by TCLE for consulting services in the

23  last three years.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

25      Defendant objects to this request on the grounds that it is vague, ambiguous, burdensome,

26  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and

27  without waiving the foregoing objection, Defendant will produce documents responsive to this

28

⊕

**PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS**

1  request within Defendant's possession, custody and control that relate to the subject matter of the

2  Complaint and Cross-Complaint.

3  **REASON WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

4       Defendants responded that they would "produce documents responsive" to these requests.

5  Defendants recently produced summary payment information created by or on behalf of

6  themselves, but, once again, failed to provide copies of any of the source documents which

7  actually evidence details the payments made. Rather than provide bank statements, checks, or

8  money transfers, Defendants merely provided their own summaries of their invoices. This

9  information is highly relevant to, *inter alia*, Plaintiff's breach of fiduciary duty claims and

10  accounting claims. Plaintiff is entitled to the actual payment information and not merely

11  Defendant's representation thereof.

12

13  Dated: December __16__, 2007      **COTCHETT, PITRE & McCARTHY**

14

15  By _____

16        SEAN E. PONIST
      *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND RESPONSES
IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR SANCTIONS

19

1 | *Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
*San Mateo Superior Court   CIV 463528*

2 | ### PROOF OF SERVICE

3 |     I am employed in San Mateo County, which is where service of the document(s) referred to

below occurred. I am over the age of 18 and not a party to the within action. My business address is

4 | Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame,

5 | California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of

6 | documents. On this date, I served a true copy of the following document(s) in the manner listed below:

7 | **PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED DOCUMENT REQUESTS AND
RESPONSES IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION AND FOR**

8 | **SANCTIONS**

9 | \_\_\_ **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of

10 | correspondence for mailing. Following that practice, I placed a true copy of the aforementioned

document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below.

11 | The envelope was placed in the mail at my business address, with postage thereon fully prepaid,

for deposit with the United States Postal Service on that same day in the ordinary course of

12 | business.

13 |

14 | **XXX** **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to

be served by hand delivery. Following that practice, I caused the sealed envelope containing the

15 | aforementioned document(s) to be hand delivered to the addressee(s) specified below.

16 | William J. Goines

17 | Karen Rosenthal

Cindy Hamilton

18 | **GREENBERG TRAURIG, LLP**

19 | 1900 University Avenue, Fifth Floor

East Palo Alto, CA 94303

20 | Tel.: (650) 328-8500

Fax: (650) 328-8508

21 |

22 | \_\_\_ **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for

causing documents to be served by overnight courier. Following that practice, I caused the

23 | sealed envelope containing the aforementioned document(s) to be delivered via overnight courier

24 | service to the addressee(s) specified below:

25 |

    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is

26 | true and correct. Executed at Burlingame, California, on December 18, 2007.

27 |

28 | Maybelle Munda-Dominguez

### PROOF OF SERVICE                                                                                    1

1  JOSEPH C. COTCHETT (#168009)
   ARA R. JABAGCHOURIAN (#205777)
2  SEAN E. PONIST (#204712)
   **COTCHETT, PITRE & McCARTHY**
3  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
4  Burlingame, CA 94010
   Telephone: (650) 697-6000
5  Facsimile: (650) 697-0577

6  Attorneys for Plaintiff

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF SAN MATEO**

10

11 JENNIFER OSBELT,                          )   **CASE NO.    CIV 463528**
                                             )
12              Plaintiff,                   )   **DECLARATION OF SEAN E. PONIST**
                                             )   **IN SUPPORT OF PLAINTIFF'S**
13         v.                                )   **MOTION TO COMPEL**
                                             )
14 DAVID D. MCDONALD, DONNA K.               )
   MCDONALD, NATIONAL EXPERT                 )   Date:         January 15, 2008
15 WITNESS NETWORK, a California Limited     )   Time:         9:00 a.m.
   Liability Company, and DOES 1-10, inclusive, )  Dept:         LM
16                                           )
                Defendants.                  )   Trial:        **May 12, 2008**
17                                           )
                                             )
18 _____      )
                                             )
19 DAVID D. McDONALD; DONNA K.               )
   McDONALD; NATIONAL EXPERT                 )
20 WITNESS NETWORK, a California Limited     )
   Liability Company; TECHNOLOGY CLE, a     )
21 California Limited Liability Company,     )
                                             )
22              Cross-Complainants,          )
                                             )
23         v.                                )
                                             )
24 JENNIFER OSBELT, individually and doing  )
   business as PALO ALTO TECHNICAL, and     )
25 ROES 1-10, inclusive,                    )
                                             )
26              Cross-Defendants.            )
                                             )
27 _____      )

28

DECLARATION OF SEAN E. PONIST IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1    I, SEAN PONIST, declare as follows:

2        1.      I am an attorney duly licensed and admitted to practice before all courts in the

3    State of California, and am associated with the law firm of Cotchett, Pitre & McCarthy, counsel

4    for Plaintiff Jennifer Osbelt ("Plaintiff") in this action.

5        2.      On August 1, 2007, Plaintiff served her first set of document requests on

6    Defendants David and Donna McDonald ("Defendants"). These document requests were

7    substantially similar to the document requests served in connection with the second amended

8    deposition notices of Defendants, upon which Plaintiff brings this motion to compel.

9        3.      On August 2, 2007, Plaintiff served a deposition notice and request for production

10   of documents on David and Donna McDonald. These document requests were substantially

11   similar to the document requests served in connection with the second amended deposition

12   notices of Defendants, upon which Plaintiff brings this motion to compel.

13       4.      On September 13, 2007, Plaintiff served an amended notice of deposition and

14   request for production of documents upon David and Donna McDonald. These document

15   requests were substantially similar to the document requests served in connection with the second

16   amended deposition notices of Defendants, upon which Plaintiff brings this motion to compel.

17       5.      On September 25, 2007, Plaintiff served a second amended notice of Defendants'

18   depositions and request for production of documents.

19       6.      Attached hereto as Exhibit A is a true and correct copy of David McDonald's

20   Second Amended Notice of Deposition and Request for Production of Documents. Attached

21   hereto as Exhibit B is a true and correct copy of Donna McDonald's Second Amended Notice of

22   Deposition and Request for Production of Documents.

23       7.      Attached hereto as Exhibit C is a true and correct copy Defendant David

24   McDonald's Objection to Second Amended Notice of Deposition and Request for Production of

25   Documents served on October 9, 2007.

26       8.      Attached hereto as Exhibit D is a true and correct copy Defendant Donna

27   McDonald's Objection to Second Amended Notice of Deposition and Request for Production of

28   Documents served on October 9, 2007.

1    9.    On October 10, 2007, Defendants first produced documents in this litigation. The

2  production did not include many documents responsive to Plaintiff's prior document requests.

3    10.    Attached hereto as Exhibit E is a true and correct copy of a meet and confer letter

4  dated October 15, 2007 from Plaintiff's Counsel to Defendants' counsel.

5    11.    On or about October 26, 2007, Defendants produced additional responsive

6  documents, but still had failed to produce many material, responsive documents.

7    12.    At the depositions of Defendants David and Donna McDonald taken October 17,

8  2007 and October 18, 2007, respectively, no additional documents were produced. Defendants'

9  counsel agreed at the deposition to produce additional documents previously withheld from

10  production. Attached hereto as Exhibit F is a true and correct copy of a  meet and confer letter

11  dated November 3, 2007 from Plaintiff's Counsel confirming that agreement.

12    13.    Attached hereto as Exhibit G is a true and correct copy of a meet and confer letter

13  dated November 3, 2007 from Plaintiff's Counsel, requesting deposition dates and again

14  requesting documents.

15    14.    Attached hereto as Exhibit H is a true and correct copy of a meet and confer letter

16  dated November 9, 2007 from Defendants' counsel in response to Plaintiff's counsel's meet and

17  confer letters and document requests.

18    15.    On December 13, 2007, Plaintiff received additional documents from Defendants,

19  but Defendants still had failed to produce many other responsive documents.

20    16.    In addition to the written correspondence noted above, Plaintiff's counsel has had

21  multiple meet and confer conversations with Defendants' counsel regarding Defendants'

22  document production.

23    17.    Prior to filing this motion, Plaintiff's counsel has made a reasonable and good

24  faith effort to resolve informally the issues presented by this motion.

25    18.    My standard hourly rate is $250.00 an hour. I have spent eight hours researching

26  and preparing the motion to compel and supporting papers and anticipate spending an additional

27  three hours drafting a reply brief and arguing this motion.

28

1        I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct.  Executed this 18th day of December, 2007 at Burlingame,

3   California.

4

5   _____

              SEAN PONIST

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

*Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
*San Mateo Superior Court   CIV 463528*

## PROOF OF SERVICE

I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On this date, I served a true copy of the following document(s) in the manner listed below:

## DECLARATION OF SEAN E. PONIST IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

_____ **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

**XXX** **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

William J. Goines
Karen Rosenthal
Cindy Hamilton
**GREENBERG TRAURIG, LLP**
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Tel.: (650) 328-8500
Fax: (650) 328-8508

_____ **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on December 18, 2007.

Maybelle Dominguez
Maybelle Munda-Dominguez

---

**PROOF OF SERVICE**                                          1

**EXHIBIT A**

1  JOSEPH W. COTCHETT (36324)
   jcotchett@cpmlegal.com
2  ARA JABAGCHOURIAN (205777)
   ajabagchourian@cpmlegal.com
3  SEAN E. PONIST (204712)
   sponist@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY**
   San Francisco Airport Office Center
5  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
6  Telephone: (650) 697-6000
   Facsimile:  (650) 697-0577
7
   *Attorneys for Plaintiff*
8

9

10

11                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                    **IN AND FOR THE COUNTY OF SAN MATEO**

13

14  **JENNIFER OSBELT,**                )   Case No.  CIV 463528
                                        )
15                   **Plaintiff,**     )   **PLAINTIFFS' SECOND AMENDED**
                                        )   **NOTICE OF DEPOSITION OF DAVID**
16          v.                          )   **McDONALD**
                                        )
17  **DAVID D. McDONALD,**              )   **NOTICE THAT DEPOSITIONS**
    **DONNA K. McDONALD, and**          )   **MAY BE VIDEOTAPED**
18  **DOES 1 THROUGH 10, inclusive,**   )
                                        )   **Date:**       **October 17, 2007**
19                   **Defendants.**    )   **Time:**       **9:00 a.m.**
                                        )   **Location:**   **Cotchett, Pitre & McCarthy**
20  _____ )                  **840 Malcolm Road, Suite 200**
                                                            **Burlingame, CA 94010**
21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

_____
PLAINTIFFS' SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2      PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure section 2025.010 *et*

3  *seq.*, Plaintiff will take the deposition of **DAVID MCDONALD** on **October 17, 2007, at 9:00**

4  **a.m.**, at Cotchett, Pitre & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA 94010,

5  (650) 697-6000.   The deposition will be taken upon oral examination before a notary public, and

6  will continue from day to day thereafter, Sundays and holidays excluded, until completed.

7      PLEASE TAKE FURTHER NOTICE that Plaintiff reserves the right to record the

8  deposition testimony of the above-identified deponents by videotape and instant visual display, in

9  addition to recording the testimony by stenographic method, pursuant to Code of Civil Procedure

10  sections 2025.310 *et seq.*  Plaintiffs reserve the right to use the videotape depositions at time of

11  trial.

12      PLEASE TAKE FURTHER NOTICE that the deponent is requested to produce the

13  documents and writings described in Exhibit A attached hereto at a time that is mutually

14  convenient for the parties but no later than the date of deposition.

15

16  DATED: September 25, 2007                    **COTCHETT, PITRE & McCARTHY**

17

18                                              By: 

19                                                  SEAN E. PONIST
                                                    *Attorney for Plaintiffs*

20

21

22

23

24

25

26

27

28

1
## EXHIBIT A

2
## INSTRUCTIONS

3      The words used in these requests are to be interpreted according to their plain meanings.

4  The following definitions and instructions are provided in the spirit of good faith and cooperation

5  to assist the deponent in preparing responses to each of the requests for inspection and

6  production of documents hereinafter set forth. As used herein:

7      1.      "DOCUMENT" means any and all drafts, originals and non-conforming copies,

8  including those containing handwritten notes or comments, within the custody, possession, or

9  control of the deponent, defendant's attorneys, representatives or agents. "DOCUMENT"

10  includes manuals, statements of account, correspondence, records of conferences, memoranda,

11  handwritten notes, typewritten notes, journal entries, diary entries, desk calendars, agendas,

12  schedules, reports, financial calculations, contracts, interviews, speeches, transcripts, depositions,

13  trial exhibits, press releases, affidavits, communications with government bodies or agencies,

14  notes and minutes of meetings of boards of directors, audit committees, financial committees and

15  executive committees, interoffice communications, computer data, electronic mail, maps,

16  blueprints, photographs, negatives, films, slides, videotapes, audio tapes, data sheets, records,

17  specifications, profiles, manifests, submissions, directives, permits, forms, invoices, standards,

18  objectives, procedures, and summaries.

19      2.      In producing the DOCUMENTS and things, the deponent shall furnish all

20  DOCUMENTS in the possession, custody or control of defendant's agents and/or

21  representatives, including defendant's attorneys and corporate affiliates.

22      3.      If any requested DOCUMENT or thing cannot be produced in full, it shall be

23  produced to the extent possible, indicating what DOCUMENTS or portion of DOCUMENTS are

24  being withheld and the reasons why such DOCUMENTS are being withheld.

25      4.      If any privilege is claimed to be applicable to any DOCUMENT the production of

26  which is sought by this request, with respect to that DOCUMENT:

27          a.      State the date(s) the DOCUMENT was created, sent and received;

28          b.      Identify each and every author of the DOCUMENT;

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1          c.     Identify each and every other person who prepared and participated in the

2                 production of the DOCUMENT;

3          d.     Identify each and every person who received the DOCUMENT;

4          e.     Identify each and every person from whom the DOCUMENT was

5                 received;

6          f.     State a description of the DOCUMENT sufficient to identify it without

7                 revealing the information for which the privilege is claimed;

8          g.     State the present location of the DOCUMENT and all copies thereof;

9          h.     Identify each and every person having custody or control of the

10              DOCUMENT and all copies thereof;

11          i.     Provide sufficient further information concerning the DOCUMENT to

12                 explain the claim of privilege and to permit the adjudication of the

13                 propriety of that claim.

14       5.     Notwithstanding the assertion of any privilege or objection, any DOCUMENT

15 which contains both privileged or objectionable and non-privileged or non-objectionable

16 information which is responsive to this request must be produced with the privileged or

17 objectionable information redacted from the DOCUMENT.

18       6.     Copies of the file tab or label of the file in which a DOCUMENT called for by

19 this request is found shall be produced along with the DOCUMENTS found in the file.

20       7.     DOCUMENTS attached to each other should not be separated.

21       8.     DOCUMENTS not otherwise called for by this request shall be produced if such

22 DOCUMENTS refer to, relate to or explain the DOCUMENTS which are called for by this

23 request or if such DOCUMENTS are attached to DOCUMENTS called for by this request and

24 constitute routing slips, transmittal memoranda, letters, comments, evaluations of similar

25 DOCUMENTS.

26       9.     If the deponent is aware that a DOCUMENT or thing, or group of DOCUMENTS

27 or things, once existed, but has been destroyed, the deponent is requested to state when the

28

1  DOCUMENT, group of DOCUMENTS, thing or group of things, was destroyed, why it was

2  destroyed, and the circumstances under which it was destroyed.

3       10.    "YOU" and "YOUR" means the deponent.

4       11.    "PERSON" shall mean and refer to all individuals, corporations, associations,

5  governmental agencies, or any other type of business or legal entity.

6       12.    "PLAINTIFF" shall refer to Jennifer Osbelt who is the Plaintiff and Cross-

7  Defendant in this litigation.

8       13.    "NEWN" shall refer to the National Expert Witness Network, a California

9  Limited Liability Company.

10       14.    "TCLE" shall refer to the Technology CLE, a California Limited Liability

11  Company.

12                  **REQUESTED DOCUMENTS**

13  **REQUEST FOR PRODUCTION NO. 1:**

14      All DOCUMENTS concerning or relating to any note or loan obligations of NEWN.

15  **REQUEST FOR PRODUCTION NO. 2:**

16      All DOCUMENTS concerning or relating to any note or loan obligations of TCLE.

17  **REQUEST FOR PRODUCTION NO. 3:**

18      All DOCUMENTS concerning or relating to any notes or loans made by NEWN.

19  **REQUEST FOR PRODUCTION NO. 4:**

20      All DOCUMENTS concerning or relating to any notes or loans made by TCLE.

21  **REQUEST FOR PRODUCTION NO. 5:**

22      All DOCUMENTS relating to any communications or correspondence between YOU and

23  PLAINTIFF within the last 12 months.

24  **REQUEST FOR PRODUCTION NO. 6:**

25      All DOCUMENTS reflecting any statement made by YOU in the last 12 months about or

26  concerning PLAINTIFF.

27  / / /

28  / / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS relating to YOUR offer to purchase PLAINTIFF's interest in NEWN on or about March 26, 2007.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS relating to NEWN's offer to purchase PLAINTIFF's interest in NEWN on or about March 26, 2007.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS relating to PLAINTIFF's acceptance of YOUR offer to purchase her interest in NEWN on or about March 26, 2007.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS relating to PLAINTIFF's acceptance of NEWN's offer to purchase her interest in NEWN on or about March 26, 2007.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS relating to NEWN'S tax returns and records for the last five years.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to TCLE's tax returns and records for the last five years.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS relating to YOUR books and records for the last five years.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS relating to TCLE's books and records for the last five years.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS relating to NEWN's books and records for the last five years.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS concerning or relating to any bank statements or account summaries of NEWN for the last five years.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning or relating to any bank statements or account summaries for TCLE for the last three years.

1   **REQUEST FOR PRODUCTION NO. 18:**

2       All DOCUMENTS relating to expense claims submitted to NEWN by PLAINTIFF for

3   reimbursement for the last five years.

4   **REQUEST FOR PRODUCTION NO. 19:**

5       All DOCUMENTS relating to expense claims submitted to NEWN by David D.

6   McDonald for reimbursement for the last five years.

7   **REQUEST FOR PRODUCTION  NO. 20:**

8       All DOCUMENTS relating to expense claims submitted to NEWN by Donna K.

9   McDonald for reimbursement for the last five years.

10  **REQUEST FOR PRODUCTION  NO. 21:**

11      All DOCUMENTS relating to expense claims submitted to TCLE by PLAINTIFF for

12  reimbursement for the last three years.

13  **REQUEST FOR PRODUCTION  NO. 22:**

14      All DOCUMENTS relating to expense claims submitted to TCLE by David D.

15  McDonald for reimbursement for the last three years.

16  **REQUEST FOR PRODUCTION  NO. 23:**

17      All DOCUMENTS relating to expense claims submitted to TCLE by Donna K.

18  McDonald for reimbursement for the last three years.

19  **REQUEST FOR PRODUCTION NO. 24:**

20      All DOCUMENTS relating to expenses charged to the NEWN company credit card by

21  PLAINTIFF or any other person over the last five years.

22  **REQUEST FOR PRODUCTION NO. 25:**

23      All DOCUMENTS relating to any payments made by NEWN to PLAINTIFF in the last

24  five years.

25  **REQUEST FOR PRODUCTION NO. 26:**

26      All DOCUMENTS relating to any payments made by NEWN to David D. McDonald in

27  the last five years.

28

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS relating to any payments made by NEWN to Donna K. McDonald in the last five years.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS relating to any payments made by TCLE to PLAINTIFF in the last three years.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS relating to any payments made by TCLE to David D. McDonald in the last three years.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS relating to any payments made by TCLE to Donna K. McDonald in the last three years.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS relating to YOUR allegations that PLAINTIFF made false and duplicative reimbursement expense requests.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS relating to NEWN's patent applications pending with the USPTO.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS relating to TCLE's patent applications pending with the USPTO.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS reflecting the projected value of the patent as alleged in paragraph 23 of the Cross-Complaint.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS reflecting any expenses incurred as a result of the patent application process.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and recorded statements provided to NEWN's accountants over the last five years.

1  **REQUEST FOR PRODUCTION NO. 37:**

2      All DOCUMENTS and recorded statements provided to TCLE's accountants over the

3  last three years.

4  **REQUEST FOR PRODUCTION NO. 38:**

5      All tax returns, tax schedules, and other related DOCUMENTS filed by or on behalf of

6  NEWN for the last five years.

7  **REQUEST FOR PRODUCTION NO. 39:**

8      All DOCUMENTS reflecting any amendments or modifications to the NEWN Operating

9  Agreement or Articles of Incorporation.

10  **REQUEST FOR PRODUCTION NO. 40:**

11      All DOCUMENTS relating to the governance of NEWN.

12  **REQUEST FOR PRODUCTION NO. 41:**

13      All DOCUMENTS concerning or relating to the business plans of NEWN for the last five

14  years.

15  **REQUEST FOR PRODUCTION NO. 42:**

16      All DOCUMENTS concerning or relating to the business plans of TCLE for the last five

17  years.

18  **REQUEST FOR PRODUCTION NO. 43:**

19      All DOCUMENTS relating to the governance of the TCLE.

20  **REQUEST FOR PRODUCTION NO. 44:**

21      All DOCUMENTS concerning or relating to any defamatory statements allegedly made

22  by PLAINTIFF'S about YOU, NEWN or TCLE.

23  **REQUEST FOR PRODUCTION NO. 45:**

24      All DOCUMENTS identified in response to special interrogatories 2, 6, 9, 11, 15, 17, 21,

25  24, 27, 30 and 33.

26  **REQUEST FOR PRODUCTION NO. 46:**

27      All DOCUMENTS pertaining to PLAINTIFF's 401K plan with NEWN.

28

1   **REQUEST FOR PRODUCTION NO. 47:**

2      All DOCUMENTS pertaining to PLAINTIFF's 401K plan with TCLE.

3   **REQUEST FOR PRODUCTION NO. 48:**

4      All DOCUMENTS pertaining to PLAINTIFF's Profit Sharing Plan with NEWN.

5   **REQUEST FOR PRODUCTION NO. 49:**

6      All DOCUMENTS pertaining to PLAINTIFF's Profit Sharing Plan with TCLE.

7   **REQUEST FOR PRODUCTION NO. 50:**

8      All DOCUMENTS relating to any consulting agreements or services provided to NEWN.

9   **REQUEST FOR PRODUCTION NO. 51:**

10      All DOCUMENTS relating to any consulting agreements or services provided to TCLE.

11   **REQUEST FOR PRODUCTION NO. 52:**

12      All DOCUMENTS relating to any payments made by NEWN for consulting services in

13 the last five years.

14   **REQUEST FOR PRODUCTION NO. 53:**

15      All DOCUMENTS relating to any payments made by TCLE  for consulting services in

16 the last three years.

*Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
*San Mateo Superior Court   CIV 463528*

## PROOF OF SERVICE

I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On this date, I served a true copy of the following document(s) in the manner listed below:

### PLAINTIFF'S SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD

**XXX**  **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

William J. Goines
Karen Rosenthal
Cindy Hamilton
**GREENBERG TRAURIG, LLP**
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Tel.: (650) 328-8500
Fax: (650) 328-8508

\_\_\_\_  **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

\_\_\_\_  **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on September 25, 2007.

Maybelle Munda-Dominguez

**EXHIBIT B**

1  JOSEPH W. COTCHETT (36324)
   jcotchett@cpmlegal.com
2  ARA JABAGCHOURIAN (205777)
   ajabagchourian@cpmlegal.com
3  SEAN E. PONIST (204712)
   sponist@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY**
   San Francisco Airport Office Center
5  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
6  Telephone: (650) 697-6000
   Facsimile: (650) 697-0577
7
   *Attorneys for Plaintiff*
8

9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                **IN AND FOR THE COUNTY OF SAN MATEO**

13

14  **JENNIFER OSBELT,**                    )   Case No. CIV 463528
                                            )
15                      Plaintiff,          )   **PLAINTIFFS' SECOND AMENDED**
                                            )   **NOTICE OF DEPOSITION OF DONNA**
16          v.                              )   **McDONALD**
                                            )
17  **DAVID D. McDONALD,**                  )   **NOTICE THAT DEPOSITIONS**
    **DONNA K. McDONALD, and**              )   **MAY BE VIDEOTAPED**
18  **DOES 1 THROUGH 10, inclusive,**       )
                                            )   Date:       October 18, 2007
19                      Defendants.         )   Time:       10:00 a.m.
                                            )   Location:   Cotchett, Pitre & McCarthy
20                                          )               840 Malcolm Road, Suite 200
                                            )               Burlingame, CA 94010
21  _____        )

22

23

24

25

26

27

⊕          28
LAW OFFICES
COTCHETT,
PITRE &
McCARTHY
─────────────────────────────────────────────────────────────
       PLAINTIFFS' SECOND AMENDED NOTICE OF DEPOSITION OF DONNA MCDONALD

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2      PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure section 2025.010 *et*

3  *seq.*, Plaintiff will take the deposition of **DONNA MCDONALD** on **October 18, 2007, at 10:00**

4  **a.m.,** at Cotchett, Pitre & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA 94010,

5  (650) 697-6000.  The deposition will be taken upon oral examination before a notary public, and

6  will continue from day to day thereafter, Sundays and holidays excluded, until completed.

7      PLEASE TAKE FURTHER NOTICE that Plaintiff reserves the right to record the

8  deposition testimony of the above-identified deponents by videotape and instant visual display, in

9  addition to recording the testimony by stenographic method, pursuant to Code of Civil Procedure

10  sections 2025.310 *et seq.*  Plaintiffs reserve the right to use the videotape depositions at time of

11  trial.

12      PLEASE TAKE FURTHER NOTICE that the deponent is requested to produce the

13  documents and writings described in Exhibit A attached hereto at a time that is mutually

14  convenient for the parties but no later than the date of deposition.

15

16  DATED: September 25, 2007                **COTCHETT, PITRE & McCARTHY**

17

18                                           By: _____

19                                              SEAN E. PONIST
                                               *Attorney for Plaintiffs*

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**INSTRUCTIONS**

The words used in these requests are to be interpreted according to their plain meanings. The following definitions and instructions are provided in the spirit of good faith and cooperation to assist the deponent in preparing responses to each of the requests for inspection and production of documents hereinafter set forth. As used herein:

1. "DOCUMENT" means any and all drafts, originals and non-conforming copies, including those containing handwritten notes or comments, within the custody, possession, or control of the deponent, defendant's attorneys, representatives or agents. "DOCUMENT" includes manuals, statements of account, correspondence, records of conferences, memoranda, handwritten notes, typewritten notes, journal entries, diary entries, desk calendars, agendas, schedules, reports, financial calculations, contracts, interviews, speeches, transcripts, depositions, trial exhibits, press releases, affidavits, communications with government bodies or agencies, notes and minutes of meetings of boards of directors, audit committees, financial committees and executive committees, interoffice communications, computer data, electronic mail, maps, blueprints, photographs, negatives, films, slides, videotapes, audio tapes, data sheets, records, specifications, profiles, manifests, submissions, directives, permits, forms, invoices, standards, objectives, procedures, and summaries.

2. In producing the DOCUMENTS and things, the deponent shall furnish all DOCUMENTS in the possession, custody or control of defendant's agents and/or representatives, including defendant's attorneys and corporate affiliates.

3. If any requested DOCUMENT or thing cannot be produced in full, it shall be produced to the extent possible, indicating what DOCUMENTS or portion of DOCUMENTS are being withheld and the reasons why such DOCUMENTS are being withheld.

4. If any privilege is claimed to be applicable to any DOCUMENT the production of which is sought by this request, with respect to that DOCUMENT:

    a. State the date(s) the DOCUMENT was created, sent and received;

    b. Identify each and every author of the DOCUMENT;

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1              c.      Identify each and every other person who prepared and participated in the

2                          production of the DOCUMENT;

3              d.      Identify each and every person who received the DOCUMENT;

4              e.      Identify each and every person from whom the DOCUMENT was

5                          received;

6              f.       State a description of the DOCUMENT sufficient to identify it without

7                          revealing the information for which the privilege is claimed;

8              g.      State the present location of the DOCUMENT and all copies thereof;

9              h.      Identify each and every person having custody or control of the

10                       DOCUMENT and all copies thereof;

11             i.       Provide sufficient further information concerning the DOCUMENT to

12                       explain the claim of privilege and to permit the adjudication of the

13                       propriety of that claim.

14       5.     Notwithstanding the assertion of any privilege or objection, any DOCUMENT

15 which contains both privileged or objectionable and non-privileged or non-objectionable

16 information which is responsive to this request must be produced with the privileged or

17 objectionable information redacted from the DOCUMENT.

18       6.     Copies of the file tab or label of the file in which a DOCUMENT called for by

19 this request is found shall be produced along with the DOCUMENTS found in the file.

20       7.     DOCUMENTS attached to each other should not be separated.

21       8.     DOCUMENTS not otherwise called for by this request shall be produced if such

22 DOCUMENTS refer to, relate to or explain the DOCUMENTS which are called for by this

23 request or if such DOCUMENTS are attached to DOCUMENTS called for by this request and

24 constitute routing slips, transmittal memoranda, letters, comments, evaluations of similar

25 DOCUMENTS.

26       9.     If the deponent is aware that a DOCUMENT or thing, or group of DOCUMENTS

27 or things, once existed, but has been destroyed, the deponent is requested to state when the

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1    DOCUMENT, group of DOCUMENTS, thing or group of things, was destroyed, why it was

2    destroyed, and the circumstances under which it was destroyed.

3         10.    "YOU" and "YOUR" means the deponent.

4         11.    "PERSON" shall mean and refer to all individuals, corporations, associations,

5    governmental agencies, or any other type of business or legal entity.

6         12.    "PLAINTIFF" shall refer to Jennifer Osbelt who is the Plaintiff and Cross-

7    Defendant in this litigation.

8         13.    "NEWN" shall refer to the National Expert Witness Network, a California

9    Limited Liability Company.

10        14.    "TCLE" shall refer to the Technology CLE, a California Limited Liability

11   Company.

12                          **REQUESTED DOCUMENTS**

13   **REQUEST FOR PRODUCTION NO. 1:**

14        All DOCUMENTS concerning or relating to any note or loan obligations of NEWN.

15   **REQUEST FOR PRODUCTION NO. 2:**

16        All DOCUMENTS concerning or relating to any note or loan obligations of TCLE.

17   **REQUEST FOR PRODUCTION NO. 3:**

18        All DOCUMENTS concerning or relating to any notes or loans made by NEWN.

19   **REQUEST FOR PRODUCTION NO. 4:**

20        All DOCUMENTS concerning or relating to any notes or loans made by TCLE.

21   **REQUEST FOR PRODUCTION NO. 5:**

22        All DOCUMENTS relating to any communications or correspondence between YOU and

23   PLAINTIFF within the last 12 months.

24   **REQUEST FOR PRODUCTION NO. 6:**

25        All DOCUMENTS reflecting any statement made by YOU in the last 12 months about or

26   concerning PLAINTIFF.

27   / / /

28   / / /

1   **REQUEST FOR PRODUCTION NO. 7:**

2       All DOCUMENTS relating to YOUR offer to purchase PLAINTIFF's interest in NEWN

3   on or about March 26, 2007.

4   **REQUEST FOR PRODUCTION NO. 8:**

5       All DOCUMENTS relating to NEWN's offer to purchase PLAINTIFF's interest in

6   NEWN on or about March 26, 2007.

7   **REQUEST FOR PRODUCTION NO. 9:**

8       All DOCUMENTS relating to PLAINTIFF's acceptance of YOUR offer to purchase her

9   interest in NEWN on or about March 26, 2007.

10  **REQUEST FOR PRODUCTION NO. 10:**

11      All DOCUMENTS relating to PLAINTIFF's acceptance of NEWN's offer to purchase

12  her interest in NEWN on or about March 26, 2007.

13  **REQUEST FOR PRODUCTION NO. 11:**

14      All DOCUMENTS relating to NEWN'S tax returns and records for the last five years.

15  **REQUEST FOR PRODUCTION NO. 12:**

16      All DOCUMENTS relating to TCLE's tax returns and records for the last five years.

17  **REQUEST FOR PRODUCTION NO. 13:**

18      All DOCUMENTS relating to YOUR books and records for the last five years.

19  **REQUEST FOR PRODUCTION NO. 14:**

20      All DOCUMENTS relating to TCLE's books and records for the last five years.

21  **REQUEST FOR PRODUCTION NO. 15:**

22      All DOCUMENTS relating to NEWN's books and records for the last five years.

23  **REQUEST FOR PRODUCTION NO. 16:**

24      All DOCUMENTS concerning or relating to any bank statements or account summaries

25  of NEWN for the last five years.

26  **REQUEST FOR PRODUCTION NO. 17:**

27      All DOCUMENTS concerning or relating to any bank statements or account summaries

28  for TCLE for the last three years.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1  **REQUEST FOR PRODUCTION NO. 18:**

2      All DOCUMENTS relating to expense claims submitted to NEWN by PLAINTIFF for

3  reimbursement for the last five years.

4  **REQUEST FOR PRODUCTION NO. 19:**

5      All DOCUMENTS relating to expense claims submitted to NEWN by David D.

6  McDonald for reimbursement for the last five years.

7  **REQUEST FOR PRODUCTION NO. 20:**

8      All DOCUMENTS relating to expense claims submitted to NEWN by Donna K.

9  McDonald for reimbursement for the last five years.

10  **REQUEST FOR PRODUCTION NO. 21:**

11      All DOCUMENTS relating to expense claims submitted to TCLE by PLAINTIFF for

12  reimbursement for the last three years.

13  **REQUEST FOR PRODUCTION NO. 22:**

14      All DOCUMENTS relating to expense claims submitted to TCLE by David D.

15  McDonald for reimbursement for the last three years.

16  **REQUEST FOR PRODUCTION NO. 23:**

17      All DOCUMENTS relating to expense claims submitted to TCLE by Donna K.

18  McDonald for reimbursement for the last three years.

19  **REQUEST FOR PRODUCTION NO. 24:**

20      All DOCUMENTS relating to expenses charged to the NEWN company credit card by

21  PLAINTIFF or any other person over the last five years.

22  **REQUEST FOR PRODUCTION NO. 25:**

23      All DOCUMENTS relating to any payments made by NEWN to PLAINTIFF in the last

24  five years.

25  **REQUEST FOR PRODUCTION NO. 26:**

26      All DOCUMENTS relating to any payments made by NEWN to David D. McDonald in

27  the last five years.

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1 **REQUEST FOR PRODUCTION NO. 27:**

2      All DOCUMENTS relating to any payments made by NEWN to Donna K. McDonald in

3 the last five years.

4 **REQUEST FOR PRODUCTION NO. 28:**

5      All DOCUMENTS relating to any payments made by TCLE to PLAINTIFF in the last

6 three years.

7 **REQUEST FOR PRODUCTION NO. 29:**

8      All DOCUMENTS relating to any payments made by TCLE to David D. McDonald in

9 the last three years.

10 **REQUEST FOR PRODUCTION NO. 30:**

11      All DOCUMENTS relating to any payments made by TCLE to Donna K. McDonald in

12 the last three years.

13 **REQUEST FOR PRODUCTION NO. 31:**

14      All DOCUMENTS relating to YOUR allegations that PLAINTIFF made false and

15 duplicative reimbursement expense requests.

16 **REQUEST FOR PRODUCTION NO. 32:**

17      All DOCUMENTS relating to NEWN's patent applications pending with the USPTO.

18 **REQUEST FOR PRODUCTION NO. 33:**

19      All DOCUMENTS relating to TCLE's patent applications pending with the USPTO.

20 **REQUEST FOR PRODUCTION NO. 34:**

21      All DOCUMENTS reflecting the projected value of the patent as alleged in paragraph 23

22 of the Cross-Complaint.

23 **REQUEST FOR PRODUCTION NO. 35:**

24      All DOCUMENTS reflecting any expenses incurred as a result of the patent application

25 process.

26 **REQUEST FOR PRODUCTION NO. 36:**

27      All DOCUMENTS and recorded statements provided to NEWN's accountants over the

28 last five years.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1  **REQUEST FOR PRODUCTION NO. 37:**

2      All DOCUMENTS and recorded statements provided to TCLE's accountants over the

3  last three years.

4  **REQUEST FOR PRODUCTION NO. 38:**

5      All tax returns, tax schedules, and other related DOCUMENTS filed by or on behalf of

6  NEWN for the last five years.

7  **REQUEST FOR PRODUCTION NO. 39:**

8      All DOCUMENTS reflecting any amendments or modifications to the NEWN Operating

9  Agreement or Articles of Incorporation.

10  **REQUEST FOR PRODUCTION NO. 40:**

11      All DOCUMENTS relating to the governance of NEWN.

12  **REQUEST FOR PRODUCTION NO. 41:**

13      All DOCUMENTS concerning or relating to the business plans of NEWN for the last five

14  years.

15  **REQUEST FOR PRODUCTION NO. 42:**

16      All DOCUMENTS concerning or relating to the business plans of TCLE for the last five

17  years.

18  **REQUEST FOR PRODUCTION NO. 43:**

19      All DOCUMENTS relating to the governance of the TCLE.

20  **REQUEST FOR PRODUCTION NO. 44:**

21      All DOCUMENTS concerning or relating to any defamatory statements allegedly made

22  by PLAINTIFF'S about YOU, NEWN or TCLE.

23  **REQUEST FOR PRODUCTION NO. 45:**

24      All DOCUMENTS identified in response to special interrogatories 2, 6, 9, 11, 15, 17, 21,

25  24, 27, 30 and 33.

26  **REQUEST FOR PRODUCTION NO. 46:**

27      All DOCUMENTS pertaining to PLAINTIFF's 401K plan with NEWN.

28

1  **REQUEST FOR PRODUCTION NO. 47:**

2      All DOCUMENTS pertaining to PLAINTIFF's 401K plan with TCLE.

3  **REQUEST FOR PRODUCTION NO. 48:**

4      All DOCUMENTS pertaining to PLAINTIFF's Profit Sharing Plan with NEWN.

5  **REQUEST FOR PRODUCTION NO. 49:**

6      All DOCUMENTS pertaining to PLAINTIFF's Profit Sharing Plan with TCLE.

7  **REQUEST FOR PRODUCTION NO. 50:**

8      All DOCUMENTS relating to any consulting agreements or services provided to NEWN.

9  **REQUEST FOR PRODUCTION NO. 51:**

10      All DOCUMENTS relating to any consulting agreements or services provided to TCLE.

11  **REQUEST FOR PRODUCTION NO. 52:**

12      All DOCUMENTS relating to any payments made by NEWN for consulting services in

13  the last five years.

14  **REQUEST FOR PRODUCTION NO. 53:**

15      All DOCUMENTS relating to any payments made by TCLE for consulting services in

16  the last three years.

17

18

19

20

21

22

23

24

25

26

27

28

1   *Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
    *San Mateo Superior Court  CIV 463528*

2

3                           **PROOF OF SERVICE**

4           I am employed in San Mateo County, which is where service of the document(s) referred
    to below occurred.  I am over the age of 18 and not a party to the within action.  My business

5   address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite
    200, Burlingame, California 94010.  I am readily familiar with Cotchett, Pitre & McCarthy's

6   practices for the service of documents.  On this date, I served a true copy of the following
    document(s) in the manner listed below:

7

8        **PLAINTIFF'S SECOND AMENDED NOTICE OF DEPOSITION OF DONNA
                                   MCDONALD**

9   <u>XXX</u>   **BY MAIL:** I am readily familiar with this firm's practice for collection and processing
           of correspondence for mailing.  Following that practice, I placed a true copy of the

10         aforementioned document(s) in a sealed envelope, addressed to each addressee,
           respectively, as specified below.  The envelope was placed in the mail at my business

11         address, with postage thereon fully prepaid, for deposit with the United States Postal
           Service on that same day in the ordinary course of business.

12
                              William J. Goines

13                            Karen Rosenthal
                              Cindy Hamilton

14                        **GREENBERG TRAURIG, LLP**
                        1900 University Avenue, Fifth Floor

15                         East Palo Alto, CA 94303
                            Tel.: (650) 328-8500

16                          Fax: (650) 328-8508

17  ____   **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing
           documents to be served by hand delivery.  Following that practice, I caused the sealed

18         envelope containing the aforementioned document(s) to be hand delivered to the
           addressee(s) specified below.

19
    ____   **BY OVERNIGHT COURIER SERVICE:**  I am readily familiar with this firm's

20         practice for causing documents to be served by overnight courier.  Following that
           practice, I caused the sealed envelope containing the aforementioned document(s) to be

21         delivered via overnight courier service to the addressee(s) specified below:

22          I declare under penalty of perjury, under the laws of the State of California, that the
    foregoing is true and correct.  Executed at Burlingame, California, on September 25, 2007.

23

24                                  

25                              Maybelle Munda-Dominguez

26

27

28

---

                           **PROOF OF SERVICE**                           1

**EXHIBIT C**

RECEIVED

OCT 1 1 2007

COTCHETT, PITRE & McCARTHY

1   WILLIAM J. GOINES (SBN 61290)
    KAREN ROSENTHAL (SBN 209419)
2   CINDY HAMILTON (SBN 217951)
    GREENBERG TRAURIG, LLP
3   1900 University Avenue, Fifth Floor
    East Palo Alto, California 94303
4   Telephone: (650) 328-8500
    Facsimile: (650) 328-8508
5
    Attorneys for Defendants and
6   Cross-Complainants David McDonald,
    Donna McDonald, National Expert
7   Witness Network. and Technology CLE

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR THE COUNTY OF SAN MATEO

11

12  JENNIFER OSBELT,                          Case No. CIV 463528

13                  Plaintiff;               **DEFENDANT DAVID MCDONALD'S**
                                             **OBJECTION TO SECOND AMENDED**
14  v.                                       **NOTICE OF DEPOSITION AND REQUEST**
                                             **FOR PRODUCTION OF DOCUMENTS**
15  DAVID D. McDONALD, DONNA K.
    McDONALD, et al.,,
16
17                  Defendant(s).

18  AND RELATED CROSS-ACTION

19

20          Pursuant to California Code of Civil Procedure Section 2031.210, Defendant David

21  McDonald ("Defendant") hereby objects and responds to Plaintiff's Second Amended Notice of

22  Deposition and Request for Production of Documents of David McDonald.

23          The following objections and responses are based on Defendant's knowledge at this time, and

24  Defendant expressly reserves the right to supplement these objections and responses as its

25  investigation continues.  None of Defendant's responses herein shall be deemed to constitute

26  admissions that any particular document or thing exists, is relevant, non-privileged, or admissible in

27  evidence, is in Defendant's possession, custody or control, or that any statement or characterization in

28  the Subpoena is accurate or complete.

                                            1

## GENERAL OBJECTIONS

The following general objections apply to the entirety of the Notice of Deposition and are expressly incorporated into each of the specific responses set forth below:

1.    Defendant objects to the Deposition Notice to the extent that its service was defective or otherwise failed to comply with the California Code of Civil Procedure.

2.    Defendant objects to each request to the extent that it is overly broad and subjects Defendant to unreasonable and undue annoyance, oppression, burden, and expense and seeks materials or information which are not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendant objects to the use of the phrase "all documents" as overbroad. Defendant will make a reasonable search for documents responsive to each request not objected to, but cannot assure that "all documents" referring or relating a particular topic will be identified in this search.

4.    Defendant generally objects to the Deposition Notice and its purported "Definitions," to the extent that it seeks to impose obligations beyond those required under the California Code of Civil Procedure.

5.    Defendant objects to the Deposition Notice on the basis that the purported "Definitions and Instructions" are vague and/or ambiguous and/or overbroad and/or unduly burdensome.

6.    Defendant objects to the purported "Instructions," and each of them, to the extent that they purport to impose any different or greater obligations than those set forth in the California Code of Civil Procedure. Defendant further objects to the "Instructions," and each of them to the extent that they misstate or mischaracterize the obligations of Defendant with regard to the Subpoena or any other matter.

7.    Defendant objects to each request to the extent that it seeks materials or information which are not in the possession, custody or control of Defendant and/or which are equally or more readily available to Defendant.

8.    Defendant objects to each request  to the extent that it seeks materials or information which would disclose Defendant's trade secrets or other confidential or proprietary information

1   and/or trade secrets or other confidential or proprietary information of third parties obtained by

2   Defendant under an express or implied promise of confidentiality.

3        9.     Defendant objects to each request to the extent that it is unreasonably cumulative and

4   duplicative.

5        10.    Defendant objects to each request  to the extent that it calls for materials or

6   information of Defendant and/or its subsidiaries or affiliates to the extent that disclosure of the

7   information is prohibited by applicable law.

8        11.    Defendant objects to the Deposition Notice on the basis that it fails to allow

9   reasonable time for compliance and otherwise fails to take reasonable steps to avoid imposing undue

10   burden or expense on Defendant as required by the California Code of Civil Procedure.

11        12.    Defendant objects to the Deposition Notice to the extent that it purports to impose

12   upon Defendant the obligation to produce materials or information in any manner other than that

13   required by the California Code of Civil Procedure.

14        13.    Defendant objects to the Deposition Notice to the extent that it purports to impose

15   upon Defendant the obligation to prepare a privilege log in any manner other than that required by the

16   California Code of Civil Procedure.

17        14.    Defendant objects to the Subpoena to the extent that it purports to impose a continuing

18   duty to produce documents or information.

19        15.    Defendant objects to each of the requests because of the substantial risk that

20   Defendant will use the information sought for impermissible purposes unrelated to the present

21   litigation.

22        16.    Defendant's General Objections shall be continuing as to each request and are not

23   waived or in any way limited by the following specific objections.

24

25   **REQUEST FOR PRODUCTION NO. 1:**

26        All DOCUMENTS concerning or relating to any note or loan obligations of NEWN.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

2          Defendant objects to this request on the grounds that it is vague and ambiguous with regard to

3  the undefined terms "note" and "loan obligations". Subject to and without waiving the foregoing

4  objection, Defendant will produce documents responsive to this request within Defendant's

5  possession, custody and control.

6  **REQUEST FOR PRODUCTION NO. 2:**

7          All DOCUMENTS concerning or relating to any note or loan obligations of TCLE.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

9          Defendant objects to this request on the grounds that it is vague and ambiguous with regard to

10  the undefined terms "note" and "loan obligations". Subject to and without waiving the foregoing

11  objection, Defendant will produce documents responsive to this request within Defendant's

12  possession, custody and control.

13  **REQUEST FOR PRODUCTION NO. 3:**

14          All DOCUMENTS concerning or relating to any notes or loan made by NEWN.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

16          Defendant objects to this request on the grounds that it is vague and ambiguous with regard to

17  the undefined terms "notes" and "loan". Subject to and without waiving the foregoing objection,

18  Defendant will produce documents responsive to this request within Defendant's possession, custody

19  and control.

20  **REQUEST FOR PRODUCTION NO. 4:**

21          All DOCUMENTS concerning or relating to any notes or loans made by TCLE.

22

23

24

25

26

27

28

OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD
SV 346226825v1 10/9/2007

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

2       Defendant objects to this request on the grounds that it is vague and ambiguous with regard to

3  the undefined terms "notes" and "loan". Subject to and without waiving the foregoing objection,

4  Defendant will produce documents responsive to this request within Defendant's possession, custody

5  and control.

6  **REQUEST FOR PRODUCTION NO. 5:**

7       All DOCUMENTS relating to any communications or correspondence between YOU and

8  PLAINTIFF within the last 12 months.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

10      Defendant objects to this request on the grounds that that it is vague, ambiguous,

11 burdensome, overbroad, and not reasonably calculated to lead to discoverable information. Subject

12 to and without waiving the foregoing objection, Defendant will produce documents responsive to this

13 request within Defendant's possession, custody and control that relate to the subject matter of the

14 Complaint and the Cross-Complaint.

15 **REQUEST FOR PRODUCTION NO. 6:**

16      All DOCUMENTS reflecting any statement made by YOU in the last 12 months about or

17 concerning PLAINTIFF.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

19      Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

20 overbroad and not reasonably calculated to lead to discoverable information. Subject to and without

21 waiving the foregoing objection, Defendant will produce documents responsive to this request within

22 Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

23 Cross-Complaint.

24 **REQUEST FOR PRODUCTION NO. 7:**

25      All DOCUMENTS relating to YOUR offer to purchase PLAINTIFF's interest in NEWN on

26 or about March 26, 2007.

27

28

OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD

SV 346226825v1 10/9/2007

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request on the grounds that the undefined term "offer" calls for a legal conclusion. Subject to and without waiving the foregoing objection, Defendant will produce documents responsive to this request within Defendant's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS relating to NEWN's offer to purchase PLAINTIFF's interest in NEWN on or about March 26, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Defendant objects to this request on the grounds that the undefined term "offer" calls for a legal conclusion. Subject to and without waiving the foregoing objection, Defendant will produce documents responsive to this request within Defendant's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS relating to PLAINTIFF's acceptance of YOUR offer to purchase her interest in NEWN on or about March 26, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request on the grounds that the undefined term "acceptance" calls for a legal conclusion. Subject to and without waiving the foregoing objection, Defendant will produce documents responsive to this request within Defendant's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS relating to PLAINTIFF's acceptance of NEWN's offer to purchase her interest in NEWN on or about March 26, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request on the grounds that the undefined term "acceptance" calls for a legal conclusion. Subject to and without waiving the foregoing objection, Defendant will produce documents responsive to this request within Defendant's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS relating to NEWN's tax returns and records for the last five years.

SV 346226825v1 10/9/2007

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

2      Defendant objects to this request on the grounds that this request violates the taxpayer

3  privilege. Defendant will not produce documents responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 12:**

5      All DOCUMENTS relating to TCLE's tax returns and records for the last five years.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

7      Defendant objects to this request on the grounds that this request violates the taxpayer

8  privilege. Defendant will not produce documents responsive to this request.

9  **REQUEST FOR PRODUCTION NO. 13:**

10     All DOCUMENTS relating to YOUR books and records for the last five years.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

12     Defendant objects to this request on the grounds that the request is overbroad, burdensome

13 and not reasonably calculated to lead to discoverable information. Defendant will not produce

14 documents responsive to this request.

15 **REQUEST FOR PRODUCTION NO. 14:**

16     All DOCUMENTS relating to TCLE's books and records for the last five years.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

18     Defendant objects to this request on the grounds that documents responsive to this request

19 have already been produced to Plaintiffs. Defendant further objects to this request on the grounds

20 that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

21 information. Subject to and without waiving the foregoing objection, Defendant will produce

22 documents not previously produced to Plaintiff within Defendant's possession, custody and control.

23 **REQUEST FOR PRODUCTION NO. 15:**

24     All DOCUMENTS relating to NEWN's books and records for the last five years.

25

26

27

28

OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD

SV 346226825v1 10/9/2007

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

2         Defendant objects to this request on the grounds that documents responsive to this request

3    have already been produced to Plaintiffs. Defendant further objects to this request on the grounds

4    that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

5    information. Subject to and without waiving the foregoing objection, Defendant will produce

6    documents not previously produced to Plaintiff within Defendant's possession, custody and control.

7    **REQUEST FOR PRODUCTION NO. 16:**

8         All DOCUMENTS concerning or relating to any bank statements or account summaries of

9    NEWN for the last five years.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

11         Defendant objects to this request on the grounds that documents responsive to this request

12    have already been produced to Plaintiffs. Defendant further objects to this request on the grounds

13    that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

14    information. Subject to and without waiving the foregoing objection, Defendant will produce

15    documents not previously produced to Plaintiff within Defendant's possession, custody and control.

16    **REQUEST FOR PRODUCTION NO. 17:**

17         All DOCUMENTS concerning or relating to any bank statements or account summaries of

18    TCLE for the last three years.

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

20         Defendant objects to this request on the grounds that documents responsive to this request

21    have already been produced to Plaintiffs. Defendant further objects to this request on the grounds

22    that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

23    information. Subject to and without waiving the foregoing objection, Defendant will produce

24    documents not previously produced to Plaintiff within Defendant's possession, custody and control.

25    **REQUEST FOR PRODUCTION NO. 18:**

26         All DOCUMENTS relating to expense claims submitted to NEWN by PLAINTIFF for

27    reimbursement for the last five years.

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

2       Defendant will produce documents responsive to this request.

3   **REQUEST FOR PRODUCTION NO. 19:**

4       All DOCUMENTS relating to expense claims submitted to NEWN by David D. McDonald

5   for reimbursement for the last five years.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

7       Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

8   reasonably calculated to lead to discoverable information as this request does not relate to the

9   allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

10  responsive to this request.

11  **REQUEST FOR PRODUCTION NO. 20:**

12      All DOCUMENTS relating to expense claims submitted to NEWN by Donna K. McDonald

13  for reimbursement for the last five years.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

15      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

16  reasonably calculated to lead to discoverable information as this request does not relate to the

17  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

18  responsive to this request.

19  **REQUEST FOR PRODUCTION NO. 21:**

20      All DOCUMENTS relating to expense claims submitted to TCLE by PLAINTIFF for

21  reimbursement for the last three years.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

23      Defendant will produce documents responsive to this request.

24  **REQUEST FOR PRODUCTION NO. 22:**

25      All DOCUMENTS relating to expense claims submitted to TCLE by David D. McDonald for

26  reimbursement for the last three years.

27

28

SV 346226825v1 10/9/2007

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

2       Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

3  reasonably calculated to lead to discoverable information as this request does not relate to the

4  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

5  responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 23:**

7       All DOCUMENTS relating to expense claims submitted to TCLE by Donna K. McDonald for

8  reimbursement for the last three years

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

10      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

11  reasonably calculated to lead to discoverable information as this request does not relate to the

12  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

13  responsive to this request.

14  **REQUEST FOR PRODUCTION NO. 24:**

15      All DOCUMENTS relating to expenses charged to the NEWN company credit card by

16  PLAINTIFF or any other person over the last five years.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

18      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

19  reasonably calculated to lead to discoverable information as this request does not relate to the

20  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

21  responsive to this request.

22  **REQUEST FOR PRODUCTION NO. 25:**

23      All DOCUMENTS relating to any payments made by NEWN to PLAINTIFF in the last five

24  years.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

26      Defendant will produce documents responsive to this request.

27

28

OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD
SV 346226825v1 10/9/2007

1  **REQUEST FOR PRODUCTION NO. 26:**

2      All DOCUMENTS relating to any payments made by NEWN to David D. McDonald in the

3  last five years.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

5      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

6  reasonably calculated to lead to discoverable information as this request does not relate to the

7  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

8  responsive to this request.

9  **REQUEST FOR PRODUCTION NO. 27:**

10      All DOCUMENTS relating to any payments made by NEWN to Donna K. McDonald in the

11  last five years.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

13      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

14  reasonably calculated to lead to discoverable information as this request does not relate to the

15  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

16  responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 28:**

18      All DOCUMENTS relating to any payments made by TCLE to PLAINTIFF in the last three

19  years.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

21      Defendant will produce documents responsive to this request within Defendant's possession,

22  custody or control.

23  **REQUEST FOR PRODUCTION NO. 29:**

24      All DOCUMENTS relating to any payments made by TCLE to David D. McDonald in the

25  last three years.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

27      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

28  reasonably calculated to lead to discoverable information as this request does not relate to the

1   allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

2   responsive to this request.

3   **REQUEST FOR PRODUCTION NO. 30:**

4       All DOCUMENTS relating to any payments made by TCLE to Donna K. McDonald in the

5   last three years.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

7       Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

8   reasonably calculated to lead to discoverable information as this request does not relate to the

9   allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

10  responsive to this request.

11  **REQUEST FOR PRODUCTION NO. 31:**

12      All DOCUMENTS relating to YOUR allegations that PLAINTIFF made false and duplicative

13  reimbursement expense requests.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

15      Defendant objects to this request on the ground that it calls for a legal conclusion. Defendant

16  further objects on the ground that the request is vague, ambiguous, and overly broad. Subject to and

17  without waiving the foregoing objection, Defendant will produce documents responsive to this

18  request within Defendant' possession, custody and control.

19  **REQUEST FOR PRODUCTION NO. 32:**

20      All DOCUMENTS relating to NEWN's patent applications pending with the USPTO.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

22      Defendant will produce documents responsive to this request within Defendant's possession,

23  custody and control.

24  **REQUEST FOR PRODUCTION NO. 33:**

25      All DOCUMENTS relating to TCLE's patent applications pending with the USPTO

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

27      Defendant will produce documents responsive to this request within Defendant's possession,

28  custody and control.

1 **REQUEST FOR PRODUCTION NO. 34:**

2   All DOCUMENTS reflecting the projected value of the patent as alleged in paragraph 23 of

3 the Cross-Complaint.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

5   Defendant objects to this request on the grounds that it is vague and ambiguous with regard

6 to the undefined term "projected value". Subject to and without waiving the foregoing objection,

7 Defendant will produce documents responsive to this request within Defendant's possession, custody

8 and control.

9 **REQUEST FOR PRODUCTION NO. 35:**

10   All DOCUMENTS reflecting any expenses incurred as a result of the patent application

11 process.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

13   Defendant will produce documents responsive to this request within Defendant's possession,

14 custody and control.

15 **REQUEST FOR PRODUCTION NO. 36:**

16   All DOCUMENTS and recorded statements provided to NEWN's accountants over the last

17 five years.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

19   Defendant objects to this request on the grounds that this request violates the taxpayer

20 privilege. Defendant further objects to this request on the grounds that documents responsive to this

21 request have previously been provided to Plaintiffs. Subject to and without waiving the foregoing

22 objection, Defendant will produce documents responsive to this request that have not been previously

23 produced and that do not violate the taxpayer privilege.

24 **REQUEST FOR PRODUCTION NO. 37:**

25   All DOCUMENTS and recorded statements provided to TCLE's accountants over the last

26 three years.

27

28

OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD
SV 346226825v1 10/9/2007

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

2      Defendant objects to this request on the grounds that this request violates the taxpayer

3  privilege. Defendant further objects to this request on the grounds that documents responsive to this

4  request have previously been provided to Plaintiffs. Subject to and without waiving the foregoing

5  objection, Defendant will produce documents responsive to this request that have not been previously

6  produced and that do not violate the taxpayer privilege.

7  **REQUEST FOR PRODUCTION NO. 38:**

8      All tax returns, tax schedules, and other related DOCUMENTS filed by or on behalf of

9  NEWN for the last five years.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

11      Defendant objects to this request on the grounds that this request violates the taxpayer

12  privilege. Defendant will produce documents responsive to this request that have not been previously

13  produced and that do not violate the taxpayer privilege.

14  **REQUEST FOR PRODUCTION NO. 39:**

15      All DOCUMENTS reflecting any amendments or modifications to the NEWN Operating

16  Agreement or Articles of Incorporation.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

18      Defendant objects to this request on the grounds that is vague and ambiguous with regard to

19  the undefined terms "amendments" and "modifications". Subject to and without waiving the

20  foregoing objections, Defendant will produce documents responsive to this request within

21  Defendant's possession, custody and control.

22  **REQUEST FOR PRODUCTION NO. 40:**

23      All DOCUMENTS relating to the governance of NEWN.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

25      Defendant objects to this request on the grounds that is vague and ambiguous with regard to

26  the undefined term "governance". Subject to and without waiving the foregoing objections,

27  Defendant will produce documents responsive to this request within Defendant's possession, custody

28  and control.

1    **REQUEST FOR PRODUCTION NO. 41:**

2         All DOCUMENTS concerning or relating to the business plans of NEWN for the last five

3    years.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

5         Defendant objects to this request on the grounds that is vague and ambiguous with regard to

6    the undefined term "business plans". Subject to and without waiving the foregoing objections,

7    Defendant will produce documents responsive to this request within Defendant's possession, custody

8    and control.

9    **REQUEST FOR PRODUCTION NO. 42:**

10        All DOCUMENTS concerning ore relating to the business plans of TCLE for the last five

11   years.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13        Defendant objects to this request on the grounds that is vague and ambiguous with regard to

14   the undefined term "business plans". Subject to and without waiving the foregoing objections,

15   Defendant will produce documents responsive to this request within Defendant's possession, custody

16   and control.

17   **REQUEST FOR PRODUCTION NO. 43:**

18        All DOCUMENTS relating to the governance of the TCLE.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

20        Defendant objects to this request on the grounds that is vague and ambiguous with regard to

21   the undefined term "governance". Subject to and without waiving the foregoing objections,

22   Defendant will produce documents responsive to this request within Defendant's possession, custody

23   and control.

24

25

26

27

28

OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD

SV 346226825v1 10/9/2007

1  **REQUEST FOR PRODUCTION NO. 44:**

2      All DOCUMENTS concerning or relating to any defamatory statements allegedly made by

3  PLAINTIFFS about YOU, NEWN or TCLE.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

5      Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

6  Defendant further objects to the phrase "defamatory statements" on the ground that it calls for a legal

7  conclusion. Subject to and without waiving the foregoing objection, Defendant will produce

8  documents responsive to this request within Defendant's possession, custody and control.

9  **REQUEST FOR PRODUCTION NO. 45:**

10     All DOCUMENTS identified in response to special interrogatories 2, 6, 9, 11, 15, 17, 21.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

12     Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

13 Subject to and without waiving this objection or the objections in response to special interrogatories

14 2, 6, 9, 11, 15, 17, 21, Defendant will produce documents responsive to this request within

15 Defendant's possession, custody and control.

16 **REQUEST FOR PRODUCTION NO. 46:**

17     All DOCUMENTS pertaining to PLAINTIFF's 401K plan with NEWN.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

19     Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

20 overbroad, and not reasonably calculated to lead to discoverable information. Subject to and without

21 waiving the foregoing objection, Defendant will produce documents responsive to this request within

22 Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

23 Cross-Complaint.

24 **REQUEST FOR PRODUCTION NO. 47:**

25     All DOCUMENTS pertaining to PLAINTIFF's 401K plan with TCLE.

26

27

28

OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD
SV 346226825v1 10/9/2007

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

2       Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

3  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and without

4  waiving the foregoing objection, Defendant will produce documents responsive to this request within

5  Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

6  Cross-Complaint.

7  **REQUEST FOR PRODUCTION NO. 48:**

8       All DOCUMENTS pertaining to PLAINTIFF's Profit Sharing Plan with NEWN.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

10      Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

11  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and without

12  waiving the foregoing objection, Defendant will produce documents responsive to this request within

13  Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

14  Cross-Complaint.

15  **REQUEST FOR PRODUCTION NO. 49:**

16      All DOCUMENTS pertaining to PLAINTIFF's Profit Sharing Plan with TCLE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

18      Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

19  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and without

20  waiving the foregoing objection, Defendant will produce documents responsive to this request within

21  Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

22  Cross-Complaint.

23  **REQUEST FOR PRODUCTION NO. 50:**

24      All DOCUMENTS relating to any consulting agreements or services provided to NEWN.

25

26

27

28

OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD
SV 346226825v1 10/9/2007

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome, overbroad, and not reasonably calculated to lead to discoverable information. Subject to and without waiving the foregoing objection, Defendant will produce documents responsive to this request within Defendant's possession, custody and control that relate to the subject matter of the Complaint and the Cross-Complaint.

## REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS relating to any consulting agreements or services provided to TCLE.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome, overbroad, and not reasonably calculated to lead to discoverable information. Subject to and without waiving the foregoing objection, Defendant will produce documents responsive to this request within Defendant's possession, custody and control that relate to the subject matter of the Complaint and the Cross-Complaint.

## REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS relating to any payments made by NEWN for consulting services in the last five years.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome, overbroad, and not reasonably calculated to lead to discoverable information. Subject to and without waiving the foregoing objection, Defendant will produce documents responsive to this request within Defendant's possession, custody and control that relate to the subject matter of the Complaint and the Cross-Complaint.

## REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS relating to any payments made by TCLE for consulting services in the last three years.

SV 346226825v1 10/9/2007

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

2         Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

3    overbroad, and not reasonably calculated to lead to discoverable information.  Subject to and without

4    waiving the foregoing objection, Defendant will produce documents responsive to this request within

5    Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

6    Cross-Complaint.

7

8    Dated:  October _____, 2007.                    GREENBERG TRAURIG, LLP

9

10                                            By: _Andy Hamilton /any_
11                                                William J. Goines
                                                Karen Rosenthal
12                                               Cindy Hamilton

13                                            Attorneys for Defendants and Cross-Complainants
                                             David McDonald, Donna McDonald, National
14                                           Expert Witness Network. and Technology CLE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION OF DAVID MCDONALD
SV 346226825v1 10/9/2007

Osbelt v. McDonald, et al.                                    Case No. CIV 463528

## PROOF OF SERVICE

I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On October 9, 2007, I served the following documents:

**DEFENDANT DAVID MCDONALD'S OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

☒ by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐ by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐ **(BY MESSENGER PERSONAL SERVICE)**. I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Joseph W. Cotchett, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 9, 2007, at East Palo Alto, California.

_Cathy Sandifer_
Cathy Sandifer

SV 346198779v1

**EXHIBIT D**

*SEP MD*

**RECEIVED**

OCT 1 1 2007

COTCHETT, PITRE & McCARTHY

1   WILLIAM J. GOINES (SBN 61290)
    KAREN ROSENTHAL (SBN 209419)
2   CINDY HAMILTON (SBN 217951)
    GREENBERG TRAURIG, LLP
3   1900 University Avenue, Fifth Floor
    East Palo Alto, California 94303
4   Telephone: (650) 328-8500
    Facsimile: (650) 328-8508
5
    Attorneys for Defendants and
6   Cross-Complainants David McDonald,
    Donna McDonald, National Expert
7   Witness Network. and Technology CLE

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF SAN MATEO

11

12  JENNIFER OSBELT,                    Case No. CIV 463528

13                    Plaintiff;        **DEFENDANT DONNA MCDONALD'S
                                        OBJECTION TO SECOND AMENDED
14  v.                                  NOTICE OF DEPOSITION AND REQUEST
                                        FOR PRODUCTION OF DOCUMENTS**
15  DAVID D. McDONALD, DONNA K.
    McDONALD, et al.,,
16
17                    Defendant(s).

18  AND RELATED CROSS-ACTION

19

20         Pursuant to California Code of Civil Procedure Section 2031.210, Defendant Donna

21  McDonald ("Defendant") hereby objects and responds to Plaintiff's Second Amended Notice of

22  Deposition and Request for Production of Documents of Donna McDonald.

23         The following objections and responses are based on Defendant's knowledge at this time, and

24  Defendant expressly reserves the right to supplement these objections and responses as its

25  investigation continues. None of Defendant's responses herein shall be deemed to constitute

26  admissions that any particular document or thing exists, is relevant, non-privileged, or admissible in

27  evidence, is in Defendant's possession, custody or control, or that any statement or characterization in

28  the Subpoena is accurate or complete. In the event that any documents or materials are produced,

1

1   Defendant expressly reserves its right to recover from Defendant the expenses, including attorneys'

2   fees and costs, resulting from any inspection and copying commanded by the Subpoena.

3                                    **GENERAL OBJECTIONS**

4       The following general objections apply to the entirety of the Notice of Deposition and are

5   expressly incorporated into each of the specific responses set forth below:

6       1.      Defendant objects to the Deposition Notice to the extent that its service was defective

7   or otherwise failed to comply with the California Code of Civil Procedure.

8       2.      Defendant objects to each request to the extent that it is overly broad and subjects

9   Defendant to unreasonable and undue annoyance, oppression, burden, and expense and seeks

10  materials or information which are not relevant to the subject matter of this lawsuit, nor reasonably

11  calculated to lead to the discovery of admissible evidence.

12      3.      Defendant objects to the use of the phrase "all documents" as overbroad. Defendant

13  will make a reasonable search for documents responsive to each request not objected to, but cannot

14  assure that "all documents" referring or relating a particular topic will be identified in this search.

15      4.      Defendant generally objects to the Deposition Notice and its purported "Definitions,"

16  to the extent that it seeks to impose obligations beyond those required under the California Code of

17  Civil Procedure.

18      5.      Defendant objects to the Deposition Notice on the basis that the purported

19  "Definitions and Instructions" are vague and/or ambiguous and/or overbroad and/or unduly

20  burdensome.

21      6.      Defendant objects to the purported "Instructions," and each of them, to the extent that

22  they purport to impose any different or greater obligations than those set forth in the California Code

23  of Civil Procedure. Defendant further objects to the "Instructions," and each of them to the extent

24  that they misstate or mischaracterize the obligations of Defendant with regard to the Subpoena or any

25  other matter.

26      7.      Defendant objects to each request to the extent that it seeks materials or information

27  which are not in the possession, custody or control of Defendant and/or which are equally or more

28  readily available to Defendant.

SV 346226827v1 10/9/2007

1    8.    Defendant objects to each request to the extent that it seeks materials or information
2    which would disclose Defendant's trade secrets or other confidential or proprietary information
3    and/or trade secrets or other confidential or proprietary information of third parties obtained by
4    Defendant under an express or implied promise of confidentiality.

5    9.    Defendant objects to each request to the extent that it is unreasonably cumulative and
6    duplicative.

7    10.    Defendant objects to each request to the extent that it calls for materials or
8    information of Defendant and/or its subsidiaries or affiliates to the extent that disclosure of the
9    information is prohibited by applicable law.

10    11.    Defendant objects to the Deposition Notice on the basis that it fails to allow
11    reasonable time for compliance and otherwise fails to take reasonable steps to avoid imposing undue
12    burden or expense on Defendant as required by the California Code of Civil Procedure.

13    12.    Defendant objects to the Deposition Notice to the extent that it purports to impose
14    upon Defendant the obligation to produce materials or information in any manner other than that
15    required by the California Code of Civil Procedure.

16    13.    Defendant objects to the Deposition Notice to the extent that it purports to impose
17    upon Defendant the obligation to prepare a privilege log in any manner other than that required by the
18    California Code of Civil Procedure.

19    14.    Defendant objects to the Subpoena to the extent that it purports to impose a continuing
20    duty to produce documents or information.

21    15.    Defendant objects to each of the requests because of the substantial risk that
22    Defendant will use the information sought for impermissible purposes unrelated to the present
23    litigation.

24    16.    Defendant's General Objections shall be continuing as to each request and are not
25    waived or in any way limited by the following specific objections.

26    ///

27    ///

28    ///

1    **REQUEST FOR PRODUCTION NO. 1:**

2        All DOCUMENTS concerning or relating to any note or loan obligations of NEWN.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

4        Defendant objects to this request on the grounds that it is vague and ambiguous with regard to

5    the undefined terms "note" and "loan obligations". Subject to and without waiving the foregoing

6    objection, Defendant will produce documents responsive to this request within Defendant's

7    possession, custody and control.

8    **REQUEST FOR PRODUCTION NO. 2:**

9        All DOCUMENTS concerning or relating to any note or loan obligations of TCLE.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

11       Defendant objects to this request on the grounds that it is vague and ambiguous with regard to

12   the undefined terms "note" and "loan obligations". Subject to and without waiving the foregoing

13   objection, Defendant will produce documents responsive to this request within Defendant's

14   possession, custody and control.

15   **REQUEST FOR PRODUCTION NO. 3:**

16       All DOCUMENTS concerning or relating to any notes or loan made by NEWN.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

18       Defendant objects to this request on the grounds that it is vague and ambiguous with regard to

19   the undefined terms "notes" and "loan". Subject to and without waiving the foregoing objection,

20   Defendant will produce documents responsive to this request within Defendant's possession, custody

21   and control.

22   **REQUEST FOR PRODUCTION NO. 4:**

23       All DOCUMENTS concerning or relating to any notes or loans made by TCLE.

24

25

26

27

28

OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION OF DONNA MCDONALD

SV 346226827v1 10/9/2007

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

2        Defendant objects to this request on the grounds that it is vague and ambiguous with regard to

3 the undefined terms "notes" and "loan". Subject to and without waiving the foregoing objection,

4 Defendant will produce documents responsive to this request within Defendant's possession, custody

5 and control.

6 **REQUEST FOR PRODUCTION NO. 5:**

7        All DOCUMENTS relating to any communications or correspondence between YOU and

8 PLAINTIFF within the last 12 months.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

10        Defendant objects to this request on the grounds that that it is vague, ambiguous,

11 burdensome, overbroad, and not reasonably calculated to lead to discoverable information. Subject

12 to and without waiving the foregoing objection, Defendant will produce documents responsive to this

13 request within Defendant's possession, custody and control that relate to the subject matter of the

14 Complaint and the Cross-Complaint.

15 **REQUEST FOR PRODUCTION NO. 6:**

16        All DOCUMENTS reflecting any statement made by YOU in the last 12 months about or

17 concerning PLAINTIFF.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

19        Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

20 overbroad and not reasonably calculated to lead to discoverable information. Subject to and without

21 waiving the foregoing objection, Defendant will produce documents responsive to this request within

22 Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

23 Cross-Complaint.

24 **REQUEST FOR PRODUCTION NO. 7:**

25        All DOCUMENTS relating to YOUR offer to purchase PLAINTIFF's interest in NEWN on

26 or about March 26, 2007.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

2      Defendant objects to this request on the grounds that the undefined term "offer" calls for a

3  legal conclusion. Subject to and without waiving the foregoing objection, Defendant will produce

4  documents responsive to this request within Defendant's possession, custody and control.

5  **REQUEST FOR PRODUCTION NO. 8:**

6      All DOCUMENTS relating to NEWN's offer to purchase PLAINTIFF's interest in NEWN on

7  or about March 26, 2007.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

9      Defendant objects to this request on the grounds that the undefined term "offer" calls for a

10  legal conclusion. Subject to and without waiving the foregoing objection, Defendant will produce

11  documents responsive to this request within Defendant's possession, custody and control.

12  **REQUEST FOR PRODUCTION NO. 9:**

13      All DOCUMENTS relating to PLAINTIFF's acceptance of YOUR offer to purchase her

14  interest in NEWN on or about March 26, 2007.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

16      Defendant objects to this request on the grounds that the undefined term "acceptance" calls

17  for a legal conclusion. Subject to and without waiving the foregoing objection, Defendant will

18  produce documents responsive to this request within Defendant's possession, custody and control.

19  **REQUEST FOR PRODUCTION NO. 10:**

20      All DOCUMENTS relating to PLAINTIFF's acceptance of NEWN's offer to purchase her

21  interest in NEWN on or about March 26, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

23      Defendant objects to this request on the grounds that the undefined term "acceptance" calls

24  for a legal conclusion. Subject to and without waiving the foregoing objection, Defendant will

25  produce documents responsive to this request within Defendant's possession, custody and control.

26  **REQUEST FOR PRODUCTION NO. 11:**

27      All DOCUMENTS relating to NEWN's tax returns and records for the last five years.

28

6

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

2    Defendant objects to this request on the grounds that this request violates the taxpayer

3  privilege. Defendant will not produce documents responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 12:**

5    All DOCUMENTS relating to TCLE's tax returns and records for the last five years.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

7    Defendant objects to this request on the grounds that this request violates the taxpayer

8  privilege. Defendant will not produce documents responsive to this request.

9  **REQUEST FOR PRODUCTION NO. 13:**

10    All DOCUMENTS relating to YOUR books and records for the last five years.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

12    Defendant objects to this request on the grounds that the request is overbroad, burdensome

13  and not reasonably calculated to lead to discoverable information.  Defendant will not produce

14  documents responsive to this request.

15  **REQUEST FOR PRODUCTION NO. 14:**

16    All DOCUMENTS relating to TCLE's books and records for the last five years.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

18    Defendant objects to this request on the grounds that documents responsive to this request

19  have already been produced to Plaintiffs. Defendant further objects to this request on the grounds

20  that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

21  information. Subject to and without waiving the foregoing objection, Defendant will produce

22  documents not previously produced to Plaintiff within Defendant's possession, custody and control.

23  **REQUEST FOR PRODUCTION NO. 15:**

24    All DOCUMENTS relating to NEWN's books and records for the last five years.

25

26

27

28

7

SV 346226827v1 10/9/2007

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

2       Defendant objects to this request on the grounds that documents responsive to this request

3  have already been produced to Plaintiffs. Defendant further objects to this request on the grounds

4  that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

5  information. Subject to and without waiving the foregoing objection, Defendant will produce

6  documents not previously produced to Plaintiff within Defendant's possession, custody and control.

7  **REQUEST FOR PRODUCTION NO. 16:**

8       All DOCUMENTS concerning or relating to any bank statements or account summaries of

9  NEWN for the last five years.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

11      Defendant objects to this request on the grounds that documents responsive to this request

12  have already been produced to Plaintiffs. Defendant further objects to this request on the grounds

13  that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

14  information. Subject to and without waiving the foregoing objection, Defendant will produce

15  documents not previously produced to Plaintiff within Defendant's possession, custody and control.

16  **REQUEST FOR PRODUCTION NO. 17:**

17      All DOCUMENTS concerning or relating to any bank statements or account summaries of

18  TCLE for the last three years.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

20      Defendant objects to this request on the grounds that documents responsive to this request

21  have already been produced to Plaintiffs. Defendant further objects to this request on the grounds

22  that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

23  information. Subject to and without waiving the foregoing objection, Defendant will produce

24  documents not previously produced to Plaintiff within Defendant's possession, custody and control.

25  **REQUEST FOR PRODUCTION NO. 18:**

26      All DOCUMENTS relating to expense claims submitted to NEWN by PLAINTIFF for

27  reimbursement for the last five years.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

2      Defendant will produce documents responsive to this request.

3  **REQUEST FOR PRODUCTION NO. 19:**

4      All DOCUMENTS relating to expense claims submitted to NEWN by David D. McDonald

5  for reimbursement for the last five years.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

7      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

8  reasonably calculated to lead to discoverable information as this request does not relate to the

9  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

10 responsive to this request.

11 **REQUEST FOR PRODUCTION NO. 20:**

12      All DOCUMENTS relating to expense claims submitted to NEWN by Donna K. McDonald

13 for reimbursement for the last five years.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

15      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

16 reasonably calculated to lead to discoverable information as this request does not relate to the

17 allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

18 responsive to this request.

19 **REQUEST FOR PRODUCTION NO. 21:**

20      All DOCUMENTS relating to expense claims submitted to TCLE by PLAINTIFF for

21 reimbursement for the last three years.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

23      Defendant will produce documents responsive to this request.

24 **REQUEST FOR PRODUCTION NO. 22:**

25      All DOCUMENTS relating to expense claims submitted to TCLE by David D. McDonald for

26 reimbursement for the last three years.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

2      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

3  reasonably calculated to lead to discoverable information as this request does not relate to the

4  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

5  responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 23:**

7      All DOCUMENTS relating to expense claims submitted to TCLE by Donna K. McDonald for

8  reimbursement for the last three years

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

10      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

11  reasonably calculated to lead to discoverable information as this request does not relate to the

12  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

13  responsive to this request.

14  **REQUEST FOR PRODUCTION NO. 24:**

15      All DOCUMENTS relating to expenses charged to the NEWN company credit card by

16  PLAINTIFF or any other person over the last five years.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

18      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

19  reasonably calculated to lead to discoverable information as this request does not relate to the

20  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

21  responsive to this request.

22  **REQUEST FOR PRODUCTION NO. 25:**

23      All DOCUMENTS relating to any payments made by NEWN to PLAINTIFF in the last five

24  years.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

26      Defendant will produce documents responsive to this request.

27

28

1  **REQUEST FOR PRODUCTION NO. 26:**

2      All DOCUMENTS relating to any payments made by NEWN to David D. McDonald in the

3  last five years.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

5      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

6  reasonably calculated to lead to discoverable information as this request does not relate to the

7  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

8  responsive to this request.

9  **REQUEST FOR PRODUCTION NO. 27:**

10      All DOCUMENTS relating to any payments made by NEWN to Donna K. McDonald in the

11  last five years.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

13      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

14  reasonably calculated to lead to discoverable information as this request does not relate to the

15  allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents

16  responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 28:**

18      All DOCUMENTS relating to any payments made by TCLE to PLAINTIFF in the last three

19  years.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

21      Defendant will produce documents responsive to this request within Defendant's possession,

22  custody or control.

23  **REQUEST FOR PRODUCTION NO. 29:**

24      All DOCUMENTS relating to any payments made by TCLE to David D. McDonald in the

25  last three years.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

27      Defendant objects to this request on the grounds that it is overbroad, burdensome, and not

28  reasonably calculated to lead to discoverable information as this request does not relate to the

1   allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents
2   responsive to this request.

3   **REQUEST FOR PRODUCTION NO. 30:**

4       All DOCUMENTS relating to any payments made by TCLE to Donna K. McDonald in the
5   last three years.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

7       Defendant objects to this request on the grounds that it is overbroad, burdensome, and not
8   reasonably calculated to lead to discoverable information as this request does not relate to the
9   allegations contained in the Complaint or Cross-Complaint. Defendant will not produce documents
10  responsive to this request.

11  **REQUEST FOR PRODUCTION NO. 31:**

12      All DOCUMENTS relating to YOUR allegations that PLAINTIFF made false and duplicative
13  reimbursement expense requests.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

15      Defendant objects to this request on the ground that it calls for a legal conclusion. Defendant
16  further objects on the ground that the request is vague, ambiguous, and overly broad. Subject to and
17  without waiving the foregoing objection, Defendant will produce documents responsive to this
18  request within Defendant' possession, custody and control.

19  **REQUEST FOR PRODUCTION NO. 32:**

20      All DOCUMENTS relating to NEWN's patent applications pending with the USPTO.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

22      Defendant will produce documents responsive to this request within Defendant's possession,
23  custody and control.

24  **REQUEST FOR PRODUCTION NO. 33:**

25      All DOCUMENTS relating to TCLE's patent applications pending with the USPTO

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

27      Defendant will produce documents responsive to this request within Defendant's possession,
28  custody and control.

12

1   **REQUEST FOR PRODUCTION NO. 34:**

2       All DOCUMENTS reflecting the projected value of the patent as alleged in paragraph 23 of

3   the Cross-Complaint.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

5       Defendant objects to this request on the grounds that it is vague and ambiguous with regard

6   to the undefined term "projected value". Subject to and without waiving the foregoing objection,

7   Defendant will produce documents responsive to this request within Defendant's possession, custody

8   and control.

9   **REQUEST FOR PRODUCTION NO. 35:**

10      All DOCUMENTS reflecting any expenses incurred as a result of the patent application

11  process.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

13      Defendant will produce documents responsive to this request within Defendant's possession,

14  custody and control.

15  **REQUEST FOR PRODUCTION NO. 36:**

16      All DOCUMENTS and recorded statements provided to NEWN's accountants over the last

17  five years.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

19      Defendant objects to this request on the grounds that this request violates the taxpayer

20  privilege. Defendant further objects to this request on the grounds that documents responsive to this

21  request have previously been provided to Plaintiffs. Subject to and without waiving the foregoing

22  objection, Defendant will produce documents responsive to this request that have not been previously

23  produced and that do not violate the taxpayer privilege.

24  **REQUEST FOR PRODUCTION NO. 37:**

25      All DOCUMENTS and recorded statements provided to TCLE's accountants over the last

26  three years.

27

28

SV 346226827v1 10/9/2007

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

2      Defendant objects to this request on the grounds that this request violates the taxpayer

3 privilege. Defendant further objects to this request on the grounds that documents responsive to this

4 request have previously been provided to Plaintiffs. Subject to and without waiving the foregoing

5 objection, Defendant will produce documents responsive to this request that have not been previously

6 produced and that do not violate the taxpayer privilege.

7 **REQUEST FOR PRODUCTION NO. 38:**

8      All tax returns, tax schedules, and other related DOCUMENTS filed by or on behalf of

9 NEWN for the last five years.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

11      Defendant objects to this request on the grounds that this request violates the taxpayer

12 privilege. Defendant will produce documents responsive to this request that have not been previously

13 produced and that do not violate the taxpayer privilege.

14 **REQUEST FOR PRODUCTION NO. 39:**

15      All DOCUMENTS reflecting any amendments or modifications to the NEWN Operating

16 Agreement or Articles of Incorporation.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

18      Defendant objects to this request on the grounds that is vague and ambiguous with regard to

19 the undefined terms "amendments" and "modifications". Subject to and without waiving the

20 foregoing objections, Defendant will produce documents responsive to this request within

21 Defendant's possession, custody and control.

22 **REQUEST FOR PRODUCTION NO. 40:**

23      All DOCUMENTS relating to the governance of NEWN.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

25      Defendant objects to this request on the grounds that is vague and ambiguous with regard to

26 the undefined term "governance". Subject to and without waiving the foregoing objections,

27 Defendant will produce documents responsive to this request within Defendant's possession, custody

28 and control.

1    **REQUEST FOR PRODUCTION NO. 41:**

2         All DOCUMENTS concerning or relating to the business plans of NEWN for the last five

3    years.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

5         Defendant objects to this request on the grounds that is vague and ambiguous with regard to

6    the undefined term "business plans". Subject to and without waiving the foregoing objections,

7    Defendant will produce documents responsive to this request within Defendant's possession, custody

8    and control.

9    **REQUEST FOR PRODUCTION NO. 42:**

10        All DOCUMENTS concerning ore relating to the business plans of TCLE for the last five

11   years.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13        Defendant objects to this request on the grounds that is vague and ambiguous with regard to

14   the undefined term "business plans". Subject to and without waiving the foregoing objections,

15   Defendant will produce documents responsive to this request within Defendant's possession, custody

16   and control.

17   **REQUEST FOR PRODUCTION NO. 43:**

18        All DOCUMENTS relating to the governance of the TCLE.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

20        Defendant objects to this request on the grounds that is vague and ambiguous with regard to

21   the undefined term "governance". Subject to and without waiving the foregoing objections,

22   Defendant will produce documents responsive to this request within Defendant's possession, custody

23   and control.

24

25

26

27

28

1    **REQUEST FOR PRODUCTION NO. 44:**

2        All DOCUMENTS concerning or relating to any defamatory statements allegedly made by

3    PLAINTIFFS about YOU, NEWN or TCLE.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

5        Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

6    Defendant further objects to the phrase "defamatory statements" on the ground that it calls for a legal

7    conclusion. Subject to and without waiving the foregoing objection, Defendant will produce

8    documents responsive to this request within Defendant's possession, custody and control.

9    **REQUEST FOR PRODUCTION NO. 45:**

10       All DOCUMENTS identified in response to special interrogatories 2, 6, 9, 11, 15, 17, 21.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

12       Defendant objects to this request on the grounds that it is vague, ambiguous and overly broad.

13   Subject to and without waiving this objection or the objections in response to special interrogatories

14   2, 6, 9, 11, 15, 17, 21, Defendant will produce documents responsive to this request within

15   Defendant's possession, custody and control.

16   **REQUEST FOR PRODUCTION NO. 46:**

17       All DOCUMENTS pertaining to PLAINTIFF's 401K plan with NEWN.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

19       Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

20   overbroad, and not reasonably calculated to lead to discoverable information.  Subject to and without

21   waiving the foregoing objection, Defendant will produce documents responsive to this request within

22   Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

23   Cross-Complaint.

24   **REQUEST FOR PRODUCTION NO. 47:**

25       All DOCUMENTS pertaining to PLAINTIFF's 401K plan with TCLE.

26

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

2  Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

3  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and without

4  waiving the foregoing objection, Defendant will produce documents responsive to this request within

5  Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

6  Cross-Complaint.

7  **REQUEST FOR PRODUCTION NO. 48:**

8  All DOCUMENTS pertaining to PLAINTIFF's Profit Sharing Plan with NEWN.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

10  Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

11  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and without

12  waiving the foregoing objection, Defendant will produce documents responsive to this request within

13  Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

14  Cross-Complaint.

15  **REQUEST FOR PRODUCTION NO. 49:**

16  All DOCUMENTS pertaining to PLAINTIFF's Profit Sharing Plan with TCLE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

18  Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

19  overbroad, and not reasonably calculated to lead to discoverable information. Subject to and without

20  waiving the foregoing objection, Defendant will produce documents responsive to this request within

21  Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

22  Cross-Complaint.

23  **REQUEST FOR PRODUCTION NO. 50:**

24  All DOCUMENTS relating to any consulting agreements or services provided to NEWN.

25

26

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

2    Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

3  overbroad, and not reasonably calculated to lead to discoverable information.  Subject to and without

4  waiving the foregoing objection, Defendant will produce documents responsive to this request within

5  Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

6  Cross-Complaint.

7  **REQUEST FOR PRODUCTION NO. 51:**

8    All DOCUMENTS relating to any consulting agreements or services provided to TCLE.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

10    Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

11  overbroad, and not reasonably calculated to lead to discoverable information.  Subject to and without

12  waiving the foregoing objection, Defendant will produce documents responsive to this request within

13  Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

14  Cross-Complaint.

15  **REQUEST FOR PRODUCTION NO. 52:**

16    All DOCUMENTS relating to any payments made by NEWN for consulting services in the

17  last five years.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

19    Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

20  overbroad, and not reasonably calculated to lead to discoverable information.  Subject to and without

21  waiving the foregoing objection, Defendant will produce documents responsive to this request within

22  Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

23  Cross-Complaint.

24  **REQUEST FOR PRODUCTION NO. 53:**

25    All DOCUMENTS relating to any payments made by TCLE for consulting services in the last

26  three years.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

2      Defendant objects to this request on the grounds that that it is vague, ambiguous, burdensome,

3  overbroad, and not reasonably calculated to lead to discoverable information.  Subject to and without

4  waiving the foregoing objection, Defendant will produce documents responsive to this request within

5  Defendant's possession, custody and control that relate to the subject matter of the Complaint and the

6  Cross-Complaint.

7

8  Dated: October  9 , 2007.              GREENBERG TRAURIG, LLP

9

10                                        By: _Cindy Hamilton /any_____
11                                           William J. Goines
                                             Karen Rosenthal
12                                           Cindy Hamilton

13                                        Attorneys for Defendants and Cross-Complainants
                                          David McDonald, Donna McDonald, National
14                                        Expert Witness Network. and Technology CLE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SV 346226827v1 10/9/2007

<u>Osbelt v. McDonald, et al.</u>                                              <u>Case No. CIV 463528</u>

## PROOF OF SERVICE

I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On October 9, 2007, I served the following documents:

**DEFENDANT DONNA MCDONALD'S OBJECTION TO SECOND AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

☒ by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐ by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐ **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Joseph W. Cotchett, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 9, 2007, at East Palo Alto, California.

_Cathy Sandifer_
Cathy Sandifer

Proof of Service

EXHIBIT E

LAW OFFICES
COTCHETT, PITRE & McCARTHY

SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

FILE COPY

LOS ANGELES OFFICE
9454 WILSHIRE BOULEVARD, SUITE 907
BEVERLY HILLS, CA 90212
(310) 247-9247
OF COUNSEL
ROBERT B. HUTCHINSON

WASHINGTON, D.C. OFFICE
1364 BEVERLY ROAD, SUITE 201
McLEAN, VA 22101
(703) 893-9600
OF COUNSEL
MARK P. FRIEDLANDER, JR.

October 15, 2007

NEW YORK OFFICE
100 PARK AVENUE, SUITE 2500
NEW YORK, NY 10017
(212) 682-3198

Cindy Hamilton
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto CA 94303

    Re:   *Osbelt v. McDonald, et al.,* Case No. CIV 463528

Re:   Defendants' Objections to Second Amended Notice of Deposition and Request for
Production of Documents

Dear Cindy:

     We received defendants' document productions late last week and have compared it to their objections to the document production request. The objections are not well-taken. Unless defendants intend to seek a protective order, plaintiff expects defendants to produce the requested documents and be prepared to testify on all relevant matters at their depositions.

     Defendants have refused to produce the tax records for NEWN and TCLE, mistakenly asserting taxpayer privilege. (Defendants' responses to requests 11, 12, 36-38.) Plaintiff Jennifer Osbelt is a member and manager of both LLCs. The taxpayer privilege does not apply to her. The objection is without basis.

     Defendants also have refused to produce expenses that they billed to NEWN and TCLE, erroneously and nonsensically asserting that the request is "not reasonably calculated to lead to discoverable information." (Defendants' responses to requests 19, 20, 22-24.) Likewise, Defendants have refused to produce documents concerning payments made by NEWN and TCLE to them. (Defendants' responses to requests 26-30.) The information sought is relevant and "reasonably calculated to lead to discovery of admissible evidence." Plaintiff has brought claims against Defendants for, *inter alia*, Accounting and Breach of Fiduciary Duty. She has alleged, *inter alia*, that Defendants have falsely allocated profits and misappropriated company funds. The information sought bears on these claims and allegations.

     Lastly, based on Defendants' objections, it is unclear what documents have been produced, what documents have been withheld and what documents they still intend to produce.

LAW OFFI\
COTCHETT, PITRE & McCARTHY

Cindy Hamilton
GREENBERG TRAURIG, LLP
October 15, 2007
Page 2

(Defendants' responses to requests 11, 12, 15-17, 22-24, 26-30, 36-38.)  Plaintiff's position is
and has always been that, as a member and manager of both the LLCs, she is entitled to all access
and copies of all books and records and all accountant information.  To the extent that defendants
persist in denying Ms. Osbelt her right to these records and information, she requests that
defendants produce a privilege log of all items withheld and an itemization of all items produced
to date.

Your prompt attention to these matters is appreciated.

Sincerely,

Sean E. Ponist

cc:    William Goines
       Ara Jabagchourian

```
************************
***   TX REPORT   ***
************************

TRANSMISSION OK

TX/RX NO                3204
CONNECTION TEL                  3288508p634
SUBADDRESS
CONNECTION ID
ST. TIME                10/16 09:09
USAGE T                 00'38
PGS. SENT               3
RESULT                  OK
```

*letter mailed*
*also on 10/15/07.*

LAW OFFICES
# COTCHETT, PITRE & McCARTHY

SAN FRANCISCO AIRPORT OFFICE CENTER
840 Malcolm Rd., Suite 200
Burlingame, California 94010
Telephone: 650/697-6000

Telecopiers: 650/697-0577
692-3606 ◆ 692-1112

| | |
|---|---|
| DATE: | **October 16, 2007** |
| PAGES: | **3 (including this page)** |
| TO: | **CINDY HAMILTON**    650-328-8508 <br> **Greenberg Traurig** |
| cc: | **WILLIAMS GOINES**    650-328-8508 <br> **Greenberg Traurig** |
| FROM: | *SEAN PONIST* <br> ~~STEVEN N. WILLIAMS~~ |
| RE: | ***Osbelt v. McDonald, et al.*** |
| COMMENTS: | **Please see the attached.** |

**EXHIBIT F**

LAW OFFICES

## COTCHETT, PITRE & McCARTHY

SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES OFFICE
9454 WILSHIRE BOULEVARD, SUITE 907
BEVERLY HILLS, CA 90212
(310) 247-9247
OF COUNSEL
ROBERT B. HUTCHINSON

WASHINGTON, D.C. OFFICE
1364 BEVERLY ROAD, SUITE 201
McLEAN, VA 22101
(703) 893-9600
OF COUNSEL
MARK P. FRIEDLANDER, JR.

NEW YORK OFFICE
100 PARK AVENUE, SUITE 2600
NEW YORK, NY 10017
(212) 682-3198

November 3, 2007

**BY FAX**

Cindy Hamilton
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto CA 94303

> Re:  *Osbelt v. McDonald, et al.,* Case No. CIV 463528
> (Defendants' Failure to Produce Responsive Documents)

Dear Cindy:

On October 15, 2007, plaintiff drafted a meet and confer regarding defendants' failure to produce tax records for NEWN and TCLE (Deposition Requests for Production ("DRFD") 11, 12, 36-38; Request for Production served August 1, 2007 ("RFP") 9, 35-37), failure to produce payment and expense information, including, but not limited to, consulting fees charged to NEWN and TCLE (DRFP 19, 20, 22, 23, 26, 27, 29, 30, 50-53; RFP 14, 15, 17, 18, 21, 22, 24, 25), failure to produce documents on the basis that defendants allegedly provided them to plaintiff previously (DRFP 14-17; RFP 10-12; RFP 14-17), and failure to provide a privilege log or otherwise clearly indicate what documents are being withheld from production.[1]

At defendants' depositions that same week, you and Mr. Goines indicated that defendants would withdraw their objections and produce these items. Subsequently, I have followed up with your office on October 24, 2007 and November 1, 2007 regarding these items, receiving assurances that they will be provided. Yet, as of today, plaintiff still has not received responsive documents as promised. So that we may avoid motion practice, please provide all responsive documents no later than November 9, 2007.

---

[1] Furthermore, none of the NEWN's and TCLE's 401k plan and profit sharing documents have been produced despite defendants' agreement to produce them (DRFP 46-49).

LAW OFFICE
COTCHETT, PITRE & MCCARTHY

Cindy Hamilton
GREENBERG TRAURIG, LLP
November 3, 2007
Page 2

Note that defendants' depositions also demonstrated that they failed to produce documents as maintained in the normal course of business or organized by category in response to plaintiff's requests for production. As such, the production fails to comply with the code of civil procedure. Please correct this defect in your production as well.

Sincerely,

Sean E. Ponist

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO              3288
CONNECTION TEL              3288508p634
SUBADDRESS
CONNECTION ID
ST. TIME             11/03 13:26
USAGE T              00'37
PGS. SENT               3
RESULT               OK
```

LAW OFFICES

# COTCHETT, PITRE & MCCARTHY

SAN FRANCISCO AIRPORT OFFICE CENTER
840 Malcolm Rd., Suite 200
Burlingame, California 94010
Telephone: 650/697-6000

Telecopiers: 650/697-0577
692-3606 ◆ 692-1112

DATE:      **November 3, 2007**

PAGES:     **3 (including this page)**

TO:        **CINDY HAMILTON     650-328-8508**
           **Greenberg Traurig**

FROM:      **SEAN E. PONIST**

RE:        *Osbelt v. McDonald, et al.*

COMMENTS:  **Please disregard previous letter as the
           date to respond was incorrect.**

ORIGINAL TO FOLLOW:  **Fax only**

**EXHIBIT G**

LAW OFFICES
## Cotchett, Pitre & McCarthy
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES OFFICE
9454 WILSHIRE BOULEVARD, SUITE 907
BEVERLY HILLS, CA 90212
(310) 247-9247
OF COUNSEL
ROBERT B. HUTCHINSON

WASHINGTON, D.C. OFFICE
1364 BEVERLY ROAD, SUITE 201
McLEAN, VA 22101
(703) 893-9600
OF COUNSEL
MARK P. FRIEDLANDER, JR.

NEW YORK OFFICE
100 PARK AVENUE, SUITE 2600
NEW YORK, NY 10017
(212) 682-3198

November 3, 2007

**BY FAX**

Cindy Hamilton
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto CA 94303

  Re: *Osbelt v. McDonald, et al.*, Case No. CIV 463528
    **(Further Deposition of the McDonalds)**

Dear Cindy:

  The depositions of Mr. McDonald and Mrs. McDonald, taken on October 17th and October 18th, were adjourned with the understanding that your office would provide further dates for deposition. Having not received dates, I followed up with your office on October 24, 2007 and November 1, 2007. Yet, as of today, we still have not received dates for their depositions. Please provide dates for further deposition by the end of this coming week. Note that any responsive documents not previously produced, should be produced by November 9, 2007 and well in advance of any proposed deposition dates.

      Sincerely,

      Sean E. Ponist

**EXHIBIT  H**

# Greenberg
# Traurig

Cindy Hamilton
Tel. 650.289.7859
Fax 650.462.7859
hamiltonc@gtlaw.com

November 9, 2007

Sean Ponist, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010

Re:    Osbelt v. McDonald, et al.

Dear Sean:

We are in receipt of your meet and confer letters dated November 3, 2007. Defendants responded to your previous October 15, 2007 meet and confer letter by producing original and amended tax returns on October 26, 2007. These documents were bates stamped NEWN 01020-01252.

During the course of the depositions of Dave McDonald and Donna McDonald, you requested a backup for the various loans made by the McDonalds to National Expert Witness Network, Inc. ("NEWN") from the inception of the company. Much of this information has been provided to your client over the course of their relationship, however, the McDonalds have gone back through their records and were able to locate these documents. We are currently in the process of redacting bank account information but we will have these documents to produce to you next week.

Your Request for Production of Documents to our clients also requested QuickBook files. You declined our offer to access the QuickBook files online through NEWN's accountant, requesting instead that we produce hard copies of the QuickBooks records. As we have since discussed telephonically, QuickBooks is an interactive computer software program and you have to input into the program the specific information you are seeking. To give you an example of how QuickBooks is set up I am attaching a print-out with examples of the vast file menus found in QuickBooks. Please articulate exactly what information you are seeking, preferably after discussing the issue with someone familiar with Quickbooks.

Our clients are in the process of gathering documents reflecting consulting fees charged to NEWN. We are also still preparing a privilege log and expect to produce both of these items to you next week.

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DENVER

FORT LAUDERDALE

LOS ANGELES

MIAMI

NEW JERSEY

NEW YORK

ORANGE COUNTY, CA

ORLANDO

PHILADELPHIA

PHOENIX

SILICON VALLEY

TALLAHASSEE

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

WILMINGTON

ZURICH

Greenberg Traurig, LLP | Attorneys at Law | Silicon Valley Office | 1900 University Avenue | 5th Floor | East Palo Alto, CA 94303
Tel 650.328.8500 | Fax 650.328.8508

www.gtlaw.com

Sean Ponist, Esq.
November 9, 2007
Page 2

Regarding the deposition of Jennifer Osbelt and the continued deposition of Dave and Donna McDonald, we would like to set aside one week when we can complete all of these depositions on consecutive days. Please check your client's availability and let me know as Dave and Donna are basically local and have availability.


Very truly yours,

Cindy Hamilton

Cindy Hamilton

Encl.









24

1  JOSEPH C. COTCHETT (#168009)
   ARA R. JABAGCHOURIAN (#205777)
2  SEAN E. PONIST (#204712)
   **COTCHETT, PITRE & McCARTHY**
3  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
4  Burlingame, CA 94010
   Telephone: (650) 697-6000
5  Facsimile: (650) 697-0577

6  Attorneys for Plaintiff

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **IN AND FOR THE COUNTY OF SAN MATEO**

10

11 JENNIFER OSBELT,                        )   **CASE NO.    CIV 463528**
                                           )
12            Plaintiff,                    )   **[PROPOSED] ORDER GRANTING**
                                           )   **PLAINTIFF'S MOTION TO COMPEL**
13      v.                                 )   **PRODUCTION OF DOCUMENTS**
                                           )   **AND FOR SANCTIONS**
14 DAVID D. MCDONALD, DONNA K.             )
   MCDONALD, NATIONAL EXPERT              )
15 WITNESS NETWORK, a California Limited   )   Date:       January 15, 2008
   Liability Company, and DOES 1-10, inclusive,) Time:     9:00 a.m.
16                                         )   Dept:       LM
            Defendants.                    )
17                                         )   Trial:      **May 12, 2008**
                                           )
18 _____)
                                           )
19 DAVID D. McDONALD; DONNA K.             )
   McDONALD; NATIONAL EXPERT              )
20 WITNESS NETWORK, a California Limited   )
   Liability Company; TECHNOLOGY CLE, a   )
21 California Limited Liability Company,    )
                                           )
22            Cross-Complainants,          )
                                           )
23      v.                                 )
                                           )
24 JENNIFER OSBELT, individually and doing )
   business as PALO ALTO TECHNICAL, and    )
25 ROES 1-10, inclusive,                   )
                                           )
26            Cross-Defendants.            )
                                           )
27 _____)

28

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND FOR SANCTIONS**

1    On January 11, 2008 at 9:00 a.m., the parties appeared in Department _____ of the

2  Superior Court of California, County of San Mateo, on Plaintiffs' Motion to Compel Production

3  of Documents and for Sanctions.   Having read the moving and opposition and papers, and heard

4  argument of counsel, the Court finds that the documents requested are relevant to the subject

5  matter of the action, and Defendants' refusal to provide the information and documents was

6  without substantial justification.

7    IT IS HEREBY ORDERED that:

8    1.    Defendants shall produce documents responsive to requests 11, 12, 15, 16, 17, 19,

9        20, 22-30, 36, 37, 43, 46-49, 52, and 53 no later January 25, 2007;

10    2.    Defendants shall pay $2,750.00 to Plaintiff for attorney fees and costs incurred in

11        bringing this motion.

12

13    **IT IS SO ORDERED**.

14

15  DATED:  January ___, 2008             By: _____

16                                              JUDGE OF THE SUPERIOR COURT

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND FOR SANCTIONS**

1

*Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
*San Mateo Superior Court   CIV 463528*

## PROOF OF SERVICE

I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On this date, I served a true copy of the following document(s) in the manner listed below:

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

_____ **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

**XXX** **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

William J. Goines
Karen Rosenthal
Cindy Hamilton
**GREENBERG TRAURIG, LLP**
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Tel.: (650) 328-8500
Fax: (650) 328-8508

_____ **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on December 18, 2007.

Maybelle Munda-Dominguez

1  JOSEPH W. COTCHETT (#36324)
   jcotchett@cpmlegal.com
2  ARA R. JABAGCHOURIAN (#205777)
   ajabagchourian@cpmlegal.com
3  SEAN E. PONIST (#204712)
   sponist@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
5  Burlingame, CA 94010
   Telephone: (650) 697-6000
6  Facsimile: (650) 697-0577

7  *Attorneys for Plaintiff Jennifer Osbelt*

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **COUNTY OF SAN MATEO**

10

11  JENNIFER OSBELT,                          ) **Case No. CIV463528**
                                              )
12                 Plaintiff,                 )
                                              )
13       v.                                   ) **PLAINTIFF'S OPPOSITION TO MOTION
                                              ) TO COMPEL RESPONSES TO
14  DAVID D. MCDONALD, DONNA K.               ) DEFENDANTS' REQUEST FOR
    MCDONALD, NATIONAL EXPERT                 ) PRODUCTION OF DOCUMENTS AND
15  WITNESS NETWORK, a California             ) MOTION FOR SANCTIONS**
    Limited Liability Company, and DOES 1-    )
16  10, inclusive,                            )
                                              )
17                 Defendants.                ) Hearing Date: January 11, 2008
    _____          ) Hearing Time: 9:00 a.m.
18                                            ) Department:   LM
    DAVID D. McDONALD; DONNA K.               )
19  McDONALD; NATIONAL EXPERT                 )
    WITNESS NETWORK, a California             ) Trial:        **May 12, 2008**
20  Limited Liability Company;                )
    TECHNOLOGY CLE, a                         )
21  California Limited Liability Company,     )
                                              )
22                 Cross-Complainants,        )
                                              )
23       v.                                   )
                                              )
24  JENNIFER OSBELT, individually and         )
    doing business as PALO ALTO               )
25  TECHNICAL, and ROES 1-10, inclusive,      )
                                              )
26                 Cross-Defendants.          )
    _____          )
27

28

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO DEFENDANTS' REQUEST
FOR PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS**

1  I.    **INTRODUCTION**

2         Defendant David McDonald (hereinafter "Defendant") has painted a picture which is both

3  inaccurate and incorrect as a matter of law. Defendant's motion is based on two points - 1) that

4  no documents have been produced; and 2) they are entitled to every financial document of Palo

5  Alto Technical. The first point is just patently false. Plaintiff Jennifer Osbelt has produced 1099

6  pages of documents and will be sending an additional 1112 pages of electronic documents, plus

7  52 files of data, by December 31, 2007. The second point - obtaining the tax records and the

8  books and records of Palo Alto Technical - is a violation of the right of privacy, invasion of the

9  tax payer privilege and seeks to obtain pretrial discovery of Palo Alto Technical in violation of

10  California Civil Code section 3295. Plaintiff has amended her response to provide information

11  of reimbursements made by National Expert Witness Network LLC ("NEWN") to Palo Alto

12  Technical. Based on the facts and the law below, Defendant's motion should be denied in its

13  entirety.

14  II.    **FACTUAL BACKGROUND**

15  A.    **Case Facts**

16         Plaintiff filed suit against Defendant David McDonald and his wife Donna McDonald.

17  All three were members of NEWN. Back in March of 2006, Plaintiff discovered related party

18  transactions between NEWN and David McDonald and Donna McDonald related to several

19  loans. When Plaintiff questioned about it, Defendant became irrate and wanted Plaintiff out of

20  NEWN. So he offered to buy her out for $1.8 million dollars. Plaintiff accepted the written offer

21  by signing the form sent to her by Defendant. Defendant then chose to breach the agreement and

22  refused to pay Plaintiff.

23         Later that month, Plaintiff was on her honeymoon. During that time Defendant and his

24  wife froze Plaintiff out of NEWN by taking her access away from the files, the building and

25  essentially preventing her from participating in any business activity of NEWN, which Plaintiff

26  was a twenty five percent owner of.

27         Since that time, Defendant and his wife have not only froze Plaintiff out of NEWN, they

28  have also plundered the assets of NEWN by entering into "consulting agreements" with NEWN.

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO DEFENDANTS' REQUEST
FOR PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS

1

1  That is, in order to avoid paying Plaintiff from any distribution of profits, Defendant and his wife

2  have arranged it so that they would be paid for doing the same exact thing they have always been

3  doing, but have characterized it as "consulting agreements." It goes without saying that Plaintiff

4  was not offered any type of consulting arrangement with NEWN. Since these consulting

5  arrangements have been created, NEWN has operated at a loss every quarter, where they had

6  been in the black for a year leading up to the termination of Plaintiff.

7       Defendant brought a cross-complaint against Plaintiff claiming, amongst other things,

8  that Plaintiff had made improper reimbursement claims of under $5000 to NEWN. While

9  Plaintiff was a 25% owner of NEWN, she also operated a business on her own called Palo Alto

10  Technical, a sole proprietorship. Neither Defendant nor his wife have an interest in Palo Alto

11  Technical.

12  **B.    <u>Discovery Dispute</u>**

13       Defendant has brought this motion seeking to obtain documents and seeking to obtain all

14  the financial records of Palo Alto Technical. Between December 12 and December 20, 2007,

15  Plaintiff had produced 1099 pages of documents pursuant to Defendant's request. (Declaration

16  of Ara Jabagchourian In Support of Plaintiff's Opposition to Motion to Compel Responses

17  ("Jabagchourian Decl."), ¶2) In order to search and obtain the electronic documents, Plaintiff's

18  counsel had to hire a vendor to search through numerous gigabites of files. (Jabagchourian Decl.,

19  ¶3) Plaintiff's counsel has reviewed these documents and is now awaiting for its vendor to

20  provide those documents with Bates labels. These documents will be produced by December 31,

21  2007 and amount to an additional 1112 pages of documents, plus 34 files of an Excel spreadsheet

22  and 18 files of data from Quickbooks.

23       When Plaintiff first responded to Defendant's request for all the financial and tax records

24  of Palo Alto Technical, Plaintiff objected and refused to produce any of the documents based on

25  the right of privacy and tax payer privilege. However, upon a meet and confer effort on

26  December 11, 2007, counsel for Plaintiff, Sean Ponist, stated that he will amend his responses to

27  the document request - which indicate that documents related to reimbursements made to Palo

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO DEFENDANTS' REQUEST
FOR PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS

2

1  Alto Technical by NEWN will be produced. (See Hamilton Decl., Exhibit F; Jabagchourian

2  Decl., Exhibit A)  Despite this amendment, Defendant rushed to the Court and filed this motion.

3  **III.    ARGUMENT**

4  **A.    The Documents Plaintiff Stated Would Be Produced Have Been Produced**

5         Plaintiff has produced the documents pursuant to the document request. Over one

6  thousand pages of "hard" documents were produced beginning on December 12.  (Jabagchourian

7  Decl., ¶[ ])  After searching several gigabites of electronic documents with the help of a outside

8  vendor, Plaintiff will have produced an additional 1112 pages of electronic documents (plus 52

9  files of data) by December 31, 2007.

10        Taking a quick look at the requests Defendant has propounded, nearly all of these

11  documents will be in his, through NEWN, possession, custody and control.  On its face, these

12  requests appear to be harassing and the only purpose for them was to drive up the costs of

13  litigation.

14  **B.    Palo Alto Technical's Financial Books And Records Are Protected Under The Right**

15        **Of Privacy**

16        Defendant's request for all of Palo Alto Technical's books, records and tax information

17  violates Jennifer Osbelt's right of privacy.  A right of privacy exists as to a party's confidential

18  financial affairs, even when the information sought is admittedly relevant to the litigation.  (*Cobb*

19  *v. Superior Court* (1979) 99 Cal.App.3d 543, 550; *see also* Weil & Brown, CAL.PRAC.GUIDE:

20  CIV. PRO. BEFORE TRIAL (TRG 2007) §8:303)  Furthermore, tax information is protected

21  from discovery.  (Cal.Rev. & Tax Code § 19542, *Fortunato v. Superior Court* (2003) 114

22  Cal.App.4th 475, 483; *Webb v. Standard Oil Co.* (1957) 49 Cal.2d 509, 513)  Plaintiff has

23  properly made these objections in its responses.  (*See* Jabagchourian Decl., Exhibit A)

24        Defendant has not shown how all or any of Palo Alto Technical's financial books, records

25  and taxes are directly relevant to this case.  Defendant's argument is that some reimbursements

26  were paid out to Palo Alto Technical instead of Jennifer Osbelt.  Presumably, NEWN would

27  have a copy of the reimbursement request form, the receipts and the checks it had issued to Palo

28  Alto Technical.  Plaintiff agreed to produce any documents related to any reimbursements, to the

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO DEFENDANTS' REQUEST
FOR PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS

3

1  extent they exist, made to Palo Alto Technical by NEWN.  (Jabagchourian Decl., Exhibit A -

2  Amended Response To Request For Production No. 1; Hamilton Declaration, Exhibit F)

3  However, the claim of improper reimbursements does not permit Defendant to now trample over

4  Plaintiff's right to privacy and her privilege as a tax-payer.  Furthermore, California Civil Code

5  section 3295 protects parties from pretrial discovery of financial information.

6        The irony in this motion is that Defendant made the same objections when his personal

7  financial information was sought.  (*See* Jabagchourian Decl., Exhibit B -Responses to Demand

8  Nos. 36-37)  Apparently, Defendant or his counsel is under the impression that the law applies to

9  him, but not to Plaintiff.

10  **IV.    CONCLUSION**

11        Based on the arguments above, Defendant's motion should be denied in its entirety.

12

13  Dated: December 28, 2007                    COTCHETT, PITRE & McCARTHY

14

15                                             By _____

16                                                 ARA JABAGCHOURIAN
                                                   *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO DEFENDANTS' REQUEST
FOR PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS

4

*Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
*San Mateo Superior Court   CIV 463528*

## PROOF OF SERVICE

I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On this date, I served a true copy of the following document(s) in the manner listed below:

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS**

____  **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

____  **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

**XXX**  **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

William J. Goines
Karen Rosenthal
Cindy Hamilton
**GREENBERG TRAURIG, LLP**
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Tel.: (650) 328-8500
Fax: (650) 328-8508

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on December 28, 2007.

Maybelle Munda-Dominguez

**PROOF OF SERVICE**                                                                          1

1  JOSEPH W. COTCHETT (#36324)
   jcotchett@cpmlegal.com
2  ARA R. JABAGCHOURIAN (#205777)
   ajabagchourian@cpmlegal.com
3  SEAN E. PONIST (#204712)
   sponist@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
5  Burlingame, CA 94010
   Telephone: (650) 697-6000
6  Facsimile: (650) 697-0577

7  *Attorneys for Plaintiff Jennifer Osbelt*

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **COUNTY OF SAN MATEO**

10

11  JENNIFER OSBELT,                      )    **Case No. CIV463528**
                                          )
12            Plaintiff,                  )
                                          )
13       v.                               )    **DECLARATION OF ARA**
                                          )    **JABAGCHOURIAN IN SUPPORT OF**
14  DAVID D. MCDONALD, DONNA K.           )    **PLAINTIFF'S OPPOSITION TO MOTION**
    MCDONALD, NATIONAL EXPERT             )    **TO COMPEL RESPONSES TO**
15  WITNESS NETWORK, a California         )    **DEFENDANTS' REQUEST FOR**
    Limited Liability Company, and DOES 1-)    **PRODUCTION OF DOCUMENTS AND**
16  10, inclusive,                        )    **MOTION FOR SANCTIONS**
                                          )
17            Defendants.                 )
                                          )
18  ─────────────────────────────        )    Hearing Date:  January 11, 2008
    DAVID D. McDONALD; DONNA K.           )    Hearing Time: 9:00 a.m.
19  McDONALD; NATIONAL EXPERT             )    Department:    LM
    WITNESS NETWORK, a California         )
20  Limited Liability Company;            )
    TECHNOLOGY CLE, a                     )    Trial:        **May 12, 2008**
21  California Limited Liability Company,  )
                                          )
22            Cross-Complainants,         )
                                          )
23       v.                               )
                                          )
24  JENNIFER OSBELT, individually and     )
    doing business as PALO ALTO           )
25  TECHNICAL, and ROES 1-10, inclusive,  )
                                          )
26            Cross-Defendants.           )
                                          )
27  ─────────────────────────────        )

28

⊛
LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

DECL. OF ARJ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RESPONSES
TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION FOR
SANCTIONS

1    I, ARA JABAGCHOURIAN, declares as follows:

2        1.      I am an attorney duly licensed and admitted to practice before all courts in the

3    State of California, and am associated with the law firm of Cotchett, Pitre & McCarthy, counsel

4    for Plaintiff Jennifer Osbelt ("Plaintiff") in this action.

5        2.      From the time of December 12 through December 20, Plaintiff produced 1099

6    pages of documents pursuant to Defendant David McDonald's ("Defendant") document request.

7        3.      Plaintiff, through her counsel, had searched through several gigabites of

8    information in reviewing the electronic documents in her possession. Plaintiff had to hire an

9    outside vendor to process the information in a reviewable form. Plaintiff intends on serving

10   these documents by December 31, 2007, which include 1112 pages of electronic documents plus

11   34 files of an Excel spreadsheet and 18 files of an accounting program called Quickbooks.

12       4.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Amended

13   Responses to Defendants' Request for Production of Documents, Set One served on December

14   11, 2007. Plaintiff's counsel notified Defendant's counsel that the amended responses were

15   forthcoming, however, she filed this motion anyway and has thus far refused to withdraw it. See

16   Hamilton Declaration, Exhibit F.

17       5.      Attached hereto as Exhibit B is a true and correct copy of Defendants' Responses

18   To Plaintiff's Document Request. Responses to requests numbers 36 and 37 claim the tax-payer

19   privilege.

20

21       I declare under penalty of perjury under the laws of the State of California that the

22   foregoing is true and correct. Executed this 27th day of December, 2007 at Burlingame,

23   California.

24

25   _____

26                    ARA JABAGCHOURIAN

27

28

DECL. OF ARJ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS

*Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
*San Mateo Superior Court  CIV 463528*

## PROOF OF SERVICE

I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On this date, I served a true copy of the following document(s) in the manner listed below:

**DECLARATION OF ARA JABAGCHOURIAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS**

____ **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

____ **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

**XXX** **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

William J. Goines
Karen Rosenthal
Cindy Hamilton
**GREENBERG TRAURIG, LLP**
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Tel.: (650) 328-8500
Fax: (650) 328-8508

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on December 28, 2007.

Maybelle Munda-Dominguez

---

**PROOF OF SERVICE**                                          1

**EXHIBIT  A**

1   JOSEPH W. COTCHETT (SB#36324)
    jcotchett@cpmlegal.com
2   ARA JABAGCHOURIAN (SB#205777)
    ajabagchourian@cpmlegal.com
3   SEAN E. PONIST (SB#204712)
    sponist@cpmlegal.com
4   **COTCHETT, PITRE & McCARTHY**
    San Francisco Airport Office Center
5   840 Malcolm Road, Suite 200
    Burlingame, CA 94010
6   Telephone: (650) 697-6000
    Facsimile:  (650) 697-0577

7

    *Attorneys for Plaintiff*

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **IN AND FOR THE COUNTY OF SAN MATEO**

| | | |
|---|---|---|
| 11 | JENNIFER OSBELT, | )   **CASE NO.  CIV 463528** |
| 12 |       Plaintiff, | ) |
| 13 |     v. | )   **PLAINTIFF'S AMENDED** |
| | | )   **RESPONSES TO DEFENDANTS'** |
| 14 | DAVID D. MCDONALD, DONNA K. | )   **AND CROSS-COMPLAINANTS'** |
| | MCDONALD, and DOES 1-10, inclusive, | )   **REQUEST FOR PRODUCTION OF** |
| 15 | | )   **DOCUMENTS, SET ONE** |
| 16 |       Defendants. | ) |
| 17 | DAVID D. McDONALD; DONNA K. | ) |
| | McDONALD; NATIONAL EXPERT | ) |
| 18 | WITNESS NETWORK, a California Limited | ) |
| | Liability Company; TECHNOLOGY CLE, a | ) |
| 19 | California Limited Liability Company, | ) |
| 20 |        Cross-Complainants, | ) |
| 21 |     v. | ) |
| 22 | JENNIFER OSBELT, individually and doing | ) |
| | business as PALO ALTO TECHNICAL, and | ) |
| 23 | ROES 1-10, inclusive, | ) |
| 24 |       Cross-Defendants. | ) |

25

26

27

28   / / /

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | **DEFENDANTS AND CROSS-COMPLAINANTS** |
| 2 | | **DAVID MCDONALD, DONNA MCDONALD, NATIONAL EXPERT WITNESS NETWORK AND TECHNOLOGY CLE** |
| 3 | | |
| | RESPONDING PARTY: | **PLAINTIFF JENNIFER OSBELT** |
| 4 | SET NO.: | **ONE (1)** |
| 5 | | |

6       Pursuant to California Code of Civil Procedure Section 2031.210 *et seq.*, Plaintiff

7 JENNIFER OSBELT hereby provides the following amended responses to the Request for

8 Production of Documents, Set One, dated September 25, 2007, propounded by Defendants and

9 Cross-Complainants DAVID MCDONALD, DONNA MCDONALD, NATIONAL EXPERT

10 WITNESS NETWORK AND TECHNOLOGY CLE as follows:

11                          **PRELIMINARY STATEMENT**

12       These responses represent diligent and best efforts to respond to written discovery based

13 upon the investigation which these responding parties have thus far been able to carry out in

14 regard to the facts relevant to this litigation. There may exist further information, documents or

15 discovery that is not within these responding parties' present knowledge or reasonably available

16 to these responding parties.

17       There may exist documents relating to the subject matter of discovery which these

18 responding parties have not yet located, identified or reviewed despite its best efforts to do so.

19 Accordingly, these responses are based upon facts and information which are now known to

20 these responding parties and do not constitute an admission or representation that additional facts

21 or documents relevant to the subject matter of discovery do not exist.

22       As this litigation proceeds, the responding party anticipates that other facts and

23 documents may be discovered and identified by her. Without in any way obligating herself to do

24 so, the responding party reserves the right to later supplement, amend or otherwise modify these

25 responses in any way at any time.

26       Plaintiff objects to the Propounding Parties "Definitions and Instructions" to the extent

27 that they seek to impose any additional duties in responding to these requests beyond that

28 required by the code of Civil Procedure and any Order of the Court.

1  **AMENDED RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

2  **REQUEST FOR PRODUCTION NO. 1:**

3      Palo Alto Technical Expense reimbursements from January 2006 through April 2007.

4  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5      Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous.

6  Moreover, the request seeks information not relevant or reasonably calculated to lead to the

7  discovery of admissible evidence.  Code Civ. Proc. §§ 2017.010, 2017.020.  Further, the request

8  seeks information in the possession of the Propounding Party or otherwise equally available to

9  the Propounding Party.  See generally, *Alpine Mut. Water Co. v. Sup. Ct.* (1968) 259 Cal.App.2d

10  45, 53.  Plaintiff also objects to this request to the extent it seeks the disclosure of protected,

11  personal financial records and information and violates constitutionally protected privacy rights.

12  See generally, *Cobb v. Sup. Ct.* (1979) 99 Cal.App.3d 543, 550; *Fortunato v. Sup. Ct.* (2003) 114

13  Cal.App.4th 475, 480; Cal. Const. Art. I, § 1.

14      Subject to the foregoing objections, Plaintiff will produce all non-privileged responsive

15  documents.

16  **REQUEST FOR PRODUCTION NO. 10:**

17      ALL DOCUMENTS RELATING to the books and records of Palo Alto Technical.

18  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

19      Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous.

20  Moreover, the request seeks information not relevant or reasonably calculated to lead to the

21  discovery of admissible evidence.  Code Civ. Proc. §§ 2017.010, 2017.020.  Plaintiff also objects

22  to this request to the extent it seeks the disclosure of protected, personal financial records and

23  information.  See generally, *Cobb v. Sup. Ct.* (1979) 99 Cal.App.3d 543, 550; *Fortunato v. Sup.*

24  *Ct.* (2003) 114 Cal.App.4th 475, 480; Cal. Const. Art. I, § 1.  Plaintiff further objects to the

25  extent that the request calls for productions of trade secrets.  Evid. Code § 1060.  Plaintiff also

26  objects to the extent that the request violates the tax payer privilege.  See generally, Rev. & Tax

27  Code § 19542; *Webb v. Standard Oil Co.* (1957) 49 Cal.2d 509, 513-514; *Sav-On Drugs, Inc. v.*

28  *Sup. Ct.* (1975) 15 Cal.3d 1, 7; *Rifkind v. Sup. Ct.* (1981) 123 Cal.App.3d 1045, 1050).  Plaintiff

⊕
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANTS' AND CROSS-COMPLAINTS' REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE**

2

1  additionally objects to the extent that the request violates constitutionally protected privacy rights

2  (Cal. Const. Art. 1, §1). Plaintiff further objects to this request to the extent that it encompasses

3  documents protected by the attorney/client communication's privilege and attorney work product

4  protection. Evid. Code § 954; Code Civ. Proc. §2018 et seq.

5      Subject to the foregoing objections, no documents will be produced responsive to this

6  request.

7  **REQUEST FOR PRODUCTION NO. 11:**

8      ALL DOCUMENTS RELATING to any bank statements or account summaries of Palo

9  Alto Technical.

10  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

11      Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous.

12  Moreover, the request seeks information not relevant or reasonably calculated to lead to the

13  discovery of admissible evidence. Code Civ. Proc. §§ 2017.010, 2017.020. Plaintiff also objects

14  to this request to the extent it seeks the disclosure of protected, personal financial records and

15  information. See generally, *Cobb v. Sup. Ct.* (1979) 99 Cal.App.3d 543, 550; *Fortunato v. Sup.*

16  *Ct.* (2003) 114 Cal.App.4th 475, 480; Cal. Const. Art. I, § 1. Plaintiff also objects to the extent

17  that the request violates the tax payer privilege. See generally, Rev. & Tax Code § 19542; *Webb*

18  *v. Standard Oil Co.* (1957) 49 Cal.2d 509, 513-514; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15

19  Cal.3d 1, 7; *Rifkind v. Sup. Ct.* (1981) 123 Cal.App.3d 1045, 1050). Plaintiff additionally objects

20  to the extent that the request violates constitutionally protected privacy rights (Cal. Const. Art. 1,

21  §1). Plaintiff further objects to this request to the extent that it encompasses documents

22  protected by the attorney/client communication's privilege and attorney work product protection.

23  Evid. Code § 954; Code Civ. Proc. §2018 et seq.

24      Subject to the foregoing objections, no documents will be produced responsive to this

25  request.

26  **REQUEST FOR PRODUCTION NO. 12:**

27      ALL DOCUMENTS RELATING to tax returns RELATING to Palo Alto Technical.

28  / / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S AMENDED RESPONSES TO DEFENDANTS' AND CROSS-COMPLAINTS' REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE

3

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this request on the basis that it is overbroad, vague, and ambiguous. Moreover, the request seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence. Code Civ. Proc. §§ 2017.010, 2017.020. Plaintiff also objects to this request to the extent it seeks the disclosure of protected, personal financial records and information. See generally, *Cobb v. Sup. Ct.* (1979) 99 Cal.App.3d 543, 550; *Fortunato v. Sup. Ct.* (2003) 114 Cal.App.4th 475, 480; Cal. Const. Art. I, § 1. Plaintiff also objects to the extent that the request violates the tax payer privilege. See generally, Rev. & Tax Code § 19542; *Webb v. Standard Oil Co.* (1957) 49 Cal.2d 509, 513-514; *Sav-On Drugs, Inc. v. Sup. Ct.* (1975) 15 Cal.3d 1, 7; *Rifkind v. Sup. Ct.* (1981) 123 Cal.App.3d 1045, 1050). Plaintiff additionally objects to the extent that the request violates constitutionally protected privacy rights (Cal. Const. Art. 1, §1). Plaintiff further objects to this request to the extent that it encompasses documents protected by the attorney/client communication's privilege and attorney work product protection. Evid. Code § 954; Code Civ. Proc. §2018 et seq.

Subject to the foregoing objections, no documents will be produced responsive to this request.

Dated: December 11 , 2007                    **COTCHETT, PITRE & McCARTHY**


By: _____
           SEAN E. PONIST
           *Attorneys for Plaintiff*

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

1

2

3

4

# VERIFICATION TO FOLLOW

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jennifer Osbelt, v. David D. McDonald, Donna K. McDonald, et al.*
<u>*San Mateo Superior Court    CIV 463528*</u>

## PROOF OF SERVICE

  I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On this date, I served a true copy of the following document(s) in the manner listed below:

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANTS' AND CROSS-COMPLAINANTS' REQUEST FOR PRODUCTION OF DOCUMENTS**

**XXX** **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

\_\_\_\_ **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

\_\_\_\_ **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

William J. Goines
Karen Rosenthal
Cindy Hamilton
**GREENBERG TRAURIG, LLP**
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Tel.: (650) 328-8500
Fax: (650) 328-8508

  I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on December 11, 2007.

*Maybelle Dominguez*
Maybelle Munda-Dominguez

**EXHIBIT B**

1  WILLIAM J. GOINES (SBN 61290)
   KAREN ROSENTHAL (SBN 209419)
2  CINDY HAMILTON (SBN 217951)
   GREENBERG TRAURIG, LLP
3  1900 University Avenue, Fifth Floor
   East Palo Alto, California  94303
4  Telephone: (650) 328-8500
   Facsimile: (650) 328-8508
5
   Attorneys for Defendants and
6  Cross-Complainants David McDonald,
   Donna McDonald, National Expert
7  Witness Network. and Technology CLE

**RECEIVED**

SEP 1 3 2007

COTCHETT, PITRE & McCARTHY

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF SAN MATEO

11

12  JENNIFER OSBELT,                    Case No. CIV 463528

13                   Plaintiff;         **JOINT RESPONSE OF DEFENDANT DAVID
                                        MCDONALD, DEFENDANT DONNA
14  v.                                  MCDONALD, CROSS-COMPLAINANT
                                        NATIONAL EXPERT WITNESS NETWORK
15  DAVID D. McDONALD, DONNA K.         LLC, AND CROSS-COMPLAINANT
    McDONALD, et al.,,                  TECHNOLOGY CLE LLC TO PLAINTIFF'S
16                                      REQUEST FOR PRODUCTION OF
                     Defendant(s).      DOCUMENTS, SET ONE**
17

18  ─────────────────────────────

    AND RELATED CROSS-ACTION
19

20
    **PROPOUNDING PARTY:**        PLAINTIFF JENNIFER OSBELT
21
    **RESPONDING PARTY:**         DEFENDANT DAVID D. McDONALD, DEFENDANT
22                                DONNA MCDONALD, CROSS-COMPLAINANT
                                  NATIONAL EXPERT WITNESS NETWORK LLC, CROSS-
23                                COMPLAINANT TECHNOLOGY CLE LLC

24  **SET NUMBER:**               ONE

25

26      Pursuant to California Code of Civil Procedure section 2031.210, Defendant DAVID D.

27  McDONALD, Defendant DONNA MCDONALD, Cross-Complainant National Expert Witness

28

                                           1
─────────────────────────────────────────────────────────────
DEFENDANTS AND CROSS-COMPLAINANTS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
SV 346211980v1 9/12/2007

1  Network LLC ("NEWN"), and Cross-Complainant Technology CLE LLC ("TCLE") (collectively,
2  "Defendants") hereby responds to the REQUEST FOR PRODUCTION OF DOCUMENTS
3  propounded by Plaintiff JENNIFER OSBELT ("Plaintiff").

GENERAL OBJECTIONS

5  A.    Defendants objects to each and every demand to the extent that it seeks the production
6  of documents which are protected from disclosure by virtue of the attorney-client privilege or
7  attorney work product doctrine. The inadvertent production of such a document by Defendants shall
8  not be deemed to be a waiver of any such privilege.

9  B.    Defendants object to each and every demand to the extent that it seeks the production
10  of documents containing Defendants' confidential business and/or financial information related on
11  the grounds that said information is protected from discovery by the trade secret privilege.
12  Defendants will produce documents containing confidential business and/or financial information
13  only in accordance with the terms of a Protective Order.

14  C.    Defendants will state other objections to the demands by use of the following
15  descriptive titles:

16  1.    "ATTORNEY-CLIENT OBJECTION": This means that Defendants object to
17  the demand on the grounds that it specifically calls for the production of documents which contain
18  information which is privileged from discovery by virtue of the attorney-client privilege and/or the
19  work product doctrine. When such an objection is made, Defendants will produce responsive
20  documents to the extent that documents may be produced without waiving these privileges and to the
21  extent that the demand is not objected to on other grounds.

22  2.    "BURDEN OBJECTION": This means that Defendants object to the demand
23  on the grounds that the time and expense in producing the documents sought would be, in light of
24  their relevance and materiality, if any, unduly burdensome and oppressive.

25  3.    "PRIVACY OBJECTION": This means that Defendants object to the demand
26  on the grounds that it seeks the production of documents which contain information which is
27  protected by the right to privacy which is guaranteed by the United States and/or California
28  Constitution.

2

1    4.    "RELEVANCE OBJECTION": This means that Defendants object to the

2    demand on the grounds that it seeks the production of documents containing information which is not

3    relevant to the subject matter of this action and that the demand is not reasonably calculated to lead to

4    the discovery of relevant evidence.

5    5.    "VAGUENESS OBJECTION": This means that Defendants object to the

6    demand on the grounds that the demand is vague, ambiguous and/or unintelligible.

7    6.    "PREMATURE OBJECTION": This means that Defendants object to the

8    demand on the grounds that the demand seeks information concerning Defendants' contentions prior

9    to the time at which such information may be required to be disclosed.

10    D.    Discovery is continuing. Defendants reserve the right to amend or supplement its

11    responses to these demands at any later time based upon facts or information not yet known.

12                                    **RESPONSES**

13    **DEMAND NO. 1:**

14    All DOCUMENTS concerning or relating to any note or loan obligations of NEWN.

15    **RESPONSE TO DEMAND NO. 1:**

16    Defendants object to this request on the grounds that it is vague and ambiguous with regard to

17    the undefined terms "note" and "loan obligations". Subject to and without waiving the foregoing

18    objection, Defendants will produce documents responsive to this request within Defendants'

19    possession, custody and control.

20    **DEMAND NO. 2:**

21    All DOCUMENTS concerning or relating to any note or loan obligations of TCLE.

22    **RESPONSE TO DEMAND NO. 2:**

23    Defendants object to this request on the grounds that it is vague and ambiguous with regard to

24    the undefined terms "note" and "loan obligations". Subject to and without waiving the foregoing

25    objection, Defendants will produce documents responsive to this request within Defendants'

26    possession, custody and control.

27    **DEMAND NO. 3:**

28    All DOCUMENTS concerning or relating to any notes or loan made by NEWN.

1  **RESPONSE TO DEMAND NO. 3:**

2      Defendants object to this request on the grounds that it is vague and ambiguous with regard to

3  the undefined terms "notes" and "loan". Subject to and without waiving the foregoing objection,

4  Defendants will produce documents responsive to this request within Defendants' possession,

5  custody and control.

6  **DEMAND NO. 4:**

7      All DOCUMENTS concerning or relating to any notes or loan made by TCLE.

8  **RESPONSE TO DEMAND NO. 4:**

9      Defendants object to this request on the grounds that it is vague and ambiguous with regard to

10  the undefined terms "notes" and "loan". Subject to and without waiving the foregoing objection,

11  Defendants will produce documents responsive to this request within Defendants' possession,

12  custody and control.

13  **DEMAND NO. 5:**

14      All DOCUMENTS relating to any communications or correspondence between YOU and

15  PLAINTIFF within the last 12 months.

16  **RESPONSE TO DEMAND NO. 5:**

17      Defendants object to this request on the grounds that that it is vague, ambiguous,

18  burdensome, overbroad, and not reasonably calculated to lead to discoverable information. Subject

19  to and without waiving the foregoing objection, Defendants will produce documents responsive to

20  this request within Defendants' possession, custody and control that relate to the subject matter of the

21  Complaint and the Cross-Complaint.

22  **DEMAND NO. 6:**

23      All DOCUMENTS reflecting any statement made by YOU in the last 12 months about or

24  concerning PLAINTIFF.

25  **RESPONSE TO DEMAND NO. 6:**

26      Defendants object to this request on the grounds that that it is vague, ambiguous, burdensome,

27  overbroad and not reasonably calculated to lead to discoverable information. Subject to and without

28  waiving the foregoing objection, Defendants will produce documents responsive to this request

1    within Defendants' possession, custody and control that relate to the subject matter of the Complaint

2    and the Cross-Complaint.

3    **DEMAND NO. 7:**

4        All DOCUMENTS relating to YOUR offer to purchase PLAINTIFF's interest in NEWN on

5    or about March 26, 2007.

6    **RESPONSE TO DEMAND NO. 7:**

7        Defendants object to this request on the grounds that the undefined term "offer" calls for a

8    legal conclusion. Subject to and without waiving the foregoing objection, Defendants will produce

9    documents responsive to this request within Defendants' possession, custody and control.

10   **DEMAND NO. 8:**

11       All DOCUMENTS relating to PLAINTIFF's acceptance of YOUR offer to purchase her

12   interest in NEWN on or about March 26, 2007.

13   **RESPONSE TO DEMAND NO. 8:**

14       Defendants object to this request on the grounds that the undefined term "acceptance" calls

15   for a legal conclusion. Subject to and without waiving the foregoing objection, Defendants will

16   produce documents responsive to this request within Defendants' possession, custody and control.

17   **DEMAND NO. 9:**

18       All DOCUMENTS relating to YOUR tax returns and records for the last five years.

19   **RESPONSE TO DEMAND NO. 9:**

20       Defendants object to this request on the grounds that this request violates the taxpayer

21   privilege. Defendants will not produce documents responsive to this request.

22   **DEMAND NO. 10:**

23       All DOCUMENTS relating to YOUR books and records for the last five years.

24   **RESPONSE TO DEMAND NO. 10:**

25       Defendants object to this request on the grounds that documents responsive to this request

26   have already been produced to Plaintiffs. Defendants further object to this request on the grounds

27   that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

28

1  information. Subject to and without waiving the foregoing objection, Defendants will produce

2  documents not previously produced to Plaintiff within Defendants' possession, custody and control.

3  **DEMAND NO. 11:**

4      All DOCUMENTS concerning or relating to any bank statements or account summaries of

5  NEWN for the last five years.

6  **RESPONSE TO DEMAND NO. 11:**

7      Defendants object to this request on the grounds that documents responsive to this request

8  have already been produced to Plaintiffs. Defendants further object to this request on the grounds

9  that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

10  information. Subject to and without waiving the foregoing objection, Defendants will produce

11  documents not previously produced to Plaintiff within Defendants' possession, custody and control.

12  **DEMAND NO. 12:**

13      All DOCUMENTS concerning or relating to any bank statements or account summaries of

14  TCLE for the last three years.

15  **RESPONSE TO DEMAND NO. 12:**

16      Defendants object to this request on the grounds that documents responsive to this request

17  have already been produced to Plaintiffs. Defendants further object to this request on the grounds

18  that the request is overbroad, burdensome and not reasonably calculated to lead to discoverable

19  information. Subject to and without waiving the foregoing objection, Defendants will produce

20  documents not previously produced to Plaintiff within Defendants' possession, custody and control.

21  **DEMAND NO. 13:**

22      All DOCUMENTS relating to expense claims submitted to NEWN by PLAINTIFF for

23  reimbursement for the last five years.

24  **RESPONSE TO DEMAND NO. 13:**

25      Defendants will produce documents responsive to this request.

26  **DEMAND NO. 14:**

27      All DOCUMENTS relating to expense claims submitted to NEWN by David D. McDonald

28  for reimbursement for the last five years.

6

1  **RESPONSE TO DEMAND NO. 14:**

2      Defendants object to this request on the grounds that it is overbroad, burdensome, and not

3  reasonably calculated to lead to discoverable information as this request does not relate to the

4  allegations contained in the Complaint or Cross-Complaint. Defendants will not produce documents

5  responsive to this request.

6  **DEMAND NO. 15:**

7      All DOCUMENTS relating to expense claims submitted to NEWN by Donna K. McDonald

8  for reimbursement for the last five years.

9  **RESPONSE TO DEMAND NO. 15:**

10     Defendants object to this request on the grounds that it is overbroad, burdensome, and not

11  reasonably calculated to lead to discoverable information as this request does not relate to the

12  allegations contained in the Complaint or Cross-Complaint. Defendants will not produce documents

13  responsive to this request.

14  **DEMAND NO. 16:**

15     All DOCUMENTS relating to expense claims submitted to TCLE by PLAINTIFF for

16  reimbursement for the last three years.

17  **RESPONSE TO DEMAND NO. 16:**

18     Defendants will produce documents responsive to this request.

19  **DEMAND NO. 17:**

20     All DOCUMENTS relating to expense claims submitted to TCLE by David D. McDonald for

21  reimbursement for the last three years.

22  **RESPONSE TO DEMAND NO. 17:**

23     Defendants object to this request on the grounds that it is overbroad, burdensome, and not

24  reasonably calculated to lead to discoverable information as this request does not relate to the

25  allegations contained in the Complaint or Cross-Complaint. Defendants will not produce documents

26  responsive to this request.

27

28

DEFENDANTS AND CROSS-COMPLAINANTS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
SV 346211980v1 9/12/2007

**DEMAND NO. 18:**

All DOCUMENTS relating to expense claims submitted to TCLE by Donna K. McDonald for reimbursement for the last three years

**RESPONSE TO DEMAND NO. 18:**

Defendants object to this request on the grounds that it is overbroad, burdensome, and not reasonably calculated to lead to discoverable information as this request does not relate to the allegations contained in the Complaint or Cross-Complaint. Defendants will not produce documents responsive to this request.

**DEMAND NO. 19:**

All DOCUMENTS relating to expenses charged to the NEWN company credit card by PLAINTIFF or any other person over the last five years.

**RESPONSE TO DEMAND NO. 19:**

Defendants object to this request on the grounds that it is overbroad, burdensome, and not reasonably calculated to lead to discoverable information as this request does not relate to the allegations contained in the Complaint or Cross-Complaint. Subject to and without waiving the foregoing objections, Defendants will produce documents responsive to this request within Defendants' possession, custody and control.

**DEMAND NO. 20:**

All DOCUMENTS relating to any payments made by NEWN to PLAINTIFF in the last five years.

**RESPONSE TO DEMAND NO. 20:**

Defendants will produce documents responsive to this request.

**DEMAND NO. 21:**

All DOCUMENTS relating to any payments made by NEWN to David D. McDonald in the last five years.

**RESPONSE TO DEMAND NO. 21:**

Defendants object to this request on the grounds that it is overbroad, burdensome, and not reasonably calculated to lead to discoverable information as this request does not relate to the

1  allegations contained in the Complaint or Cross-Complaint. Defendants will not produce documents

2  responsive to this request.

3  **DEMAND NO. 22:**

4      All DOCUMENTS relating to any payments made by NEWN to Donna K. McDonald in the

5  last five years.

6  **RESPONSE TO DEMAND NO. 22:**

7      Defendants object to this request on the grounds that it is overbroad, burdensome, and not

8  reasonably calculated to lead to discoverable information as this request does not relate to the

9  allegations contained in the Complaint or Cross-Complaint. Defendants will not produce documents

10  responsive to this request.

11  **DEMAND NO. 23:**

12      All DOCUMENTS relating to any payments made by TCLE to PLAINTIFF in the last three

13  years.

14  **RESPONSE TO DEMAND NO. 23:**

15      Defendants will produce documents responsive to this request within Defendants' possession,

16  custody or control.

17  **DEMAND NO. 24:**

18      All DOCUMENTS relating to any payments made by TCLE to David D. McDonald in the

19  last three years.

20  **RESPONSE TO DEMAND NO. 24:**

21      Defendants object to this request on the grounds that it is overbroad, burdensome, and not

22  reasonably calculated to lead to discoverable information as this request does not relate to the

23  allegations contained in the Complaint or Cross-Complaint. Defendants will not produce documents

24  responsive to this request.

25  **DEMAND NO. 25:**

26      All DOCUMENTS relating to any payments made by TCLE to Donna K. McDonald in the

27  last three years.

28

1 **RESPONSE TO DEMAND NO. 25:**

2      Defendants object to this request on the grounds that it is overbroad, burdensome, and not

3 reasonably calculated to lead to discoverable information as this request does not relate to the

4 allegations contained in the Complaint or Cross-Complaint. Defendants will not produce documents

5 responsive to this request.

6 **DEMAND NO. 26:**

7      All DOCUMENTS relating to NEWN's patent applications pending with the USPTO.

8 **RESPONSE TO DEMAND NO. 26:**

9      Defendants will produce documents responsive to this request within Defendants' possession,

10 custody and control.

11 **DEMAND NO. 27:**

12      All DOCUMENTS relating to TCLE's patent applications pending with the USPTO

13 **RESPONSE TO DEMAND NO. 27:**

14      Defendants will produce documents responsive to this request within Defendants'

15 possession, custody and control.

16 **DEMAND NO. 28:**

17      All DOCUMENTS reflecting the projected value of the patent as alleged in paragraph 23 of

18 the Cross-Complaint.

19 **RESPONSE TO DEMAND NO. 28:**

20      Defendants object to this request on the grounds that it is vague and ambiguous with regard

21 to the undefined term "projected value". Subject to and without waiving the foregoing objection,

22 Defendants will produce documents responsive to this request within Defendants' possession,

23 custody and control.

24 **DEMAND NO. 29:**

25      All DOCUMENTS reflecting any expenses incurred as a result of the patent application

26 process.

27

28

**RESPONSE TO DEMAND NO. 29:**

Defendants will produce documents responsive to this request within Defendants' possession, custody and control.

**DEMAND NO. 30:**

All DOCUMENTS that relate to YOUR contention in paragraph 23 of the Cross Complaint that "if the patent applications expire TCLE will suffer damages of at least $500,000, and further damages in the form of licensing revenue.

**RESPONSE TO DEMAND NO. 30:**

Defendants will produce documents responsive to this request within Defendants' possession, custody and control.

**DEMAND NO. 31:**

All DOCUMENTS that relate to YOUR contention in paragraphs 21-22 of the Cross Complaint that "Ms. Osbelt is aware of the economic value contained in these patent applications [and] has refused to participate in the necessary steps required to complete the patent applications with the USPTO."

**RESPONSE TO DEMAND NO. 31:**

Defendants will produce documents responsive to this request within Defendants' possession, custody and control.

**DEMAND NO. 32:**

All DOCUMENTS that relate to YOUR contention in paragraph 28 of the Cross Complaint that "Ms. Osbelt breached her fiduciary duties as a 25% member of NEWN by failing to renew the line of credit with U.S. Bank, directly resulting in U.S. Bank declaring the note in default."

**RESPONSE TO DEMAND NO. 32:**

Defendants will produce documents responsive to this request within Defendants' possession, custody and control.

1    **DEMAND NO. 33:**

2        All DOCUMENTS that relate to YOUR contention in paragraph 35 of the Cross Complaint

3    that "Ms. Osbelt made a series of…disparaging remarks about the McDonalds to the Bidwell

4    representative before threatening to sue Bidwell along with the McDonalds.

5    **RESPONSE TO DEMAND NO. 33:**

6        Defendants will produce documents responsive to this request within Defendants'

7    possession, custody and control.

8    **DEMAND NO. 34:**

9        All DOCUMENTS that relate to YOUR contention in paragraphs 74 and 72 of the Cross

10    Complaint that "Ms. Osbelt's slanderous [or libelous] comments have damaged the reputation and

11    business relationship between NEWN on the one hand and Bidwell on the other."

12    **RESPONSE TO DEMAND NO. 34:**

13        Defendants will produce documents responsive to this request within Defendants'

14    possession, custody and control.

15    **DEMAND NO. 35:**

16        All DOCUMENTS and recorded statements provided to NEWN's accountants over the last

17    five years.

18    **RESPONSE TO DEMAND NO. 35:**

19        Defendants object to this request on the grounds that this request violates the taxpayer

20    privilege. Defendants further object to this request on the grounds that documents responsive to this

21    request have previously been provided to Plaintiffs.  Subject to and without waiving the foregoing

22    objection, Defendants will produce documents responsive to this request that have not been

23    previously  produced and that do not violate the taxpayer privilege.

24    **DEMAND NO. 36:**

25        All DOCUMENTS and recorded statements provided to TCLE's accountants over the last

26    three years.

27

28

1  **RESPONSE TO DEMAND NO. 36:**

2      Defendants object to this request on the grounds that this request violates the taxpayer

3  privilege. Defendants further object to this request on the grounds that documents responsive to this

4  request have previously been provided to Plaintiffs.  Subject to and without waiving the foregoing

5  objection, Defendants will produce documents responsive to this request that have not been

6  previously  produced and that do not violate the taxpayer privilege.

7  **DEMAND NO. 37:**

8      All tax returns, tax schedules, and other related DOCUMENTS filed by or on behalf of

9  NEWN for the last five years.

10  **RESPONSE TO DEMAND NO. 37:**

11      Defendants object to this request on the grounds that this request violates the taxpayer

12  privilege. Defendants will produce documents responsive to this request that have not been

13  previously produced and that do not violate the taxpayer privilege.

14  **DEMAND NO. 38:**

15      All DOCUMENTS supporting YOUR contention in paragraph 35 of the Cross-Complaint that

16  PLAINTIFF had "told the Bidwell representative that the McDonalds have embezzled and stolen

17  money from her" and made other "disparaging remarks."

18  **RESPONSE TO DEMAND NO. 38:**

19      Defendants will produce documents responsive to this request within Defendants' possession,

20  custody and control.

21  **DEMAND NO. 39:**

22      All DOCUMENTS reflecting any amendments or modifications to the NEWN Operating

23  Agreement or Articles of Incorporation.

24  **RESPONSE TO DEMAND NO. 39:**

25      Defendants object to this request on the grounds that is vague and ambiguous with regard to

26  the undefined terms "amendments" and "modifications".  Subject to and without waiving the

27  foregoing objections, Defendants will produce documents responsive to this request within

28  Defendants' possession, custody and control.

1  **DEMAND NO. 40:**

2      All DOCUMENTS relating to the governance of NEWN.

3  **RESPONSE TO DEMAND NO. 40:**

4      Defendants object to this request on the grounds that is vague and ambiguous with regard to

5  the undefined term "governance". Subject to and without waiving the foregoing objections,

6  Defendants will produce documents responsive to this request within Defendants' possession,

7  custody and control.

8  **DEMAND NO. 41:**

9      All DOCUMENTS concerning or relating to the business plans of NEWN for the last five

10  years.

11  **RESPONSE TO DEMAND NO. 41:**

12      Defendants object to this request on the grounds that is vague and ambiguous with regard to

13  the undefined term "business plans". Subject to and without waiving the foregoing objections,

14  Defendants will produce documents responsive to this request within Defendants' possession,

15  custody and control.

16  **DEMAND NO. 42:**

17      All DOCUMENTS concerning ore relating to the business plans of TCLE for the last five

18  years.

19  **RESPONSE TO DEMAND NO. 42:**

20      Defendants object to this request on the grounds that is vague and ambiguous with regard to

21  the undefined term "business plans". Subject to and without waiving the foregoing objections,

22  Defendants will produce documents responsive to this request within Defendants' possession,

23  custody and control.

24  **DEMAND NO. 43:**

25      All DOCUMENTS relating to the governance of the TCLE.

26  **RESPONSE TO DEMAND NO. 43:**

27      Defendants object to this request on the grounds that is vague and ambiguous with regard to

28  the undefined term "governance". Subject to and without waiving the foregoing objections,

1    Defendants will produce documents responsive to this request within Defendants' possession,

2    custody and control.

3    **DEMAND NO. 44:**

4           All DOCUMENTS identified in response to special interrogatories 2, 6, 9, 11, 15, 17, 21, 24,

5    27, 30 and 33.

6    **RESPONSE TO DEMAND NO. 44:**

7           Subject to objections set forth response to the special interrogatories, Defendants will

8    produce documents responsive to this request within Defendants' possession, custody and control.

9

10

11

12   Dated: September 12, 2007.              GREENBERG TRAURIG, LLP

13

14                                          By: _____
15                                              William J. Goines
                                                Karen Rosenthal
16                                              Cindy Hamilton

17                                          Attorneys for Defendants and Cross-Complainants
                                            David McDonald, Donna McDonald, National
18                                          Expert Witness Network. and Technology CLE

19

20

21

22

23

24

25

26

27

28

# VERIFICATION

STATE OF CALIFORNIA     )
COUNTY OF BUTTE          )

We have read the foregoing JOINT RESPONSE OF DEFENDANT DAVID MCdONALD, DEFENDANT DONNA MCDONALD, CROSS-COMPLAINANT NATIONAL EXPERT WITNESS NETWORK LLC, AND CROSS-COMPLAINANT TECHNOLOGY CLE LLC TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE and know its contents.

We, David D. McDonald and Donna K. McDonald, are parties to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I, David D. McDonald, am an Officer of NATIONAL EXPERT WITNESS NETWORK LLC and TECHNOLOGY CLE LLC, parties to this action, and am authorized to make this verification for and on their behalf, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on _____9/12_____, 2007, at Paradise, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
David D. McDonald

National Expert Witness Network, LLC

By_____
    David D. McDonald

Technology CLE, LLC

By_____
    David D. McDonald

---

1

VERIFICATIONS RE JOINT RESPONSE TO REQUEST FOR PRODUCTION, SET ONE

SV 346218757v1

1

2    Executed on _Sept 12_ , 2007, at Paradise, California.

3      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

4

5                                Donna K. McDonald

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Osbelt v. McDonald, et al.                                    Case No. CIV 463528

### PROOF OF SERVICE

I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On September 12, 2007, I served the following documents:

**JOINT RESPONSE OF DEFENDANT DAVID MCDONALD, DEFENDANT DONNA MCDONALD, CROSS-COMPLAINANT NATIONAL EXPERT WITNESS NETWORK LLC, AND CROSS-COMPLAINANT TECHNOLOGY CLE LLC TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

☒ by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐ by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐ **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Joseph W. Cotchett, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 12, 2007, at East Palo Alto, California.

_Cathy Sandifer_
Cathy Sandifer

SV 346198779v1

1  GREENBERG TRAURIG, LLP
2  WILLIAM J. GOINES (SBN 61290)
   KAREN ROSENTHAL (SBN 209419)
3  CINDY HAMILTON (SBN 217951)
   1900 University Avenue, Fifth Floor
4  East Palo Alto, CA  94303
   Telephone:  (650) 328-8500
5  Facsimile:  (650) 328-8508

6  Attorneys for Defendants and Cross-Complainants
7  DAVID MCDONALD, DONNA MCDONALD,
   NATIONAL EXPERT WITNESS NETWORK, and
8  TECHNOLOGY CLE

9

**E-FILED**
**SAN MATEO COUNTY**
**JAN 02, 2008**
Clerk of the Superior Court
By _____ **U. FINAU**
DEPUTY CLERK

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN MATEO

12

| | |
|---|---|
| 13  JENNIFER OSBELT,<br>an individual, | Case No. CIV 463528 |
| 14 | |
| 15              Plaintiff, | **DEFENDANTS' OPPOSITION TO**<br>**PLAINTIFF'S MOTION TO**<br>**COMPEL PRODUCTION AND** |
| 16      v. | **FOR SANCTIONS** |
| 17  DAVID MCDONALD, DONNA K.<br>MCDONALD; and DOES 1-10, inclusive | Date:  January 15, 2008<br>Time:  9:00 a.m. |
| 18              Defendants. | Dept.  LM |
| 19 | |
| 20  AND RELATED CROSS-ACTION | |
| 21 | |

22
23
24
25
26
27
28

1

SV 346,247,085v2 1/2/2008

## I.    INTRODUCTION

Defendants David McDonald and Donna McDonald, collectively, "Defendants" are baffled by Plaintiff's Motion to Compel. Counsel for Plaintiff and counsel for Defendants engaged in meet and confer efforts for the discrete number of Defendants' discovery responses that Plaintiff felt were deficient, and Defendants produced further documents as a result. Defendants did not receive any further meet and confer correspondence or phone calls from opposing counsel and assumed all issues had been resolved. This motion appeared as an apparent response to a motion to compel filed by Defendants in response to not having received a single document produced from Plaintiff. However, many of the discovery responses in the separate statement have never been the subject of meet and confer efforts by Plaintiff, and appear for the first time in this motion. For that reason, and because Defendants have fully produced all responsive documents, Plaintiff's motion should be denied.

## II.    FACTUAL BACKGROUND

Plaintiff served a request for production of documents on Defendants on August 1, 2007. Following a brief extension and mutual efforts to iron out the details of a protective order, on October 10, 2007, Defendants produced Bates-stamped document Nos. NEWN 00001-NEWN 00995. A true and correct copy of this correspondence is attached as Exhibit A to the Declaration of Cindy Hamilton.

On October 15, 2007, Plaintiff sent a meet-and-confer letter identifying three categories of documents to which they felt there was an inadequate response: (a) tax returns (Request Nos. 11, 12, 36-38); (b) expense reports submitted by David and Donna McDonald (Request Nos. 19, 20, 22-24); and (c) the books and records of the company, contained in NEWN's QuickBooks files (Request Nos. 11, 12, 15-17, 22-24, 26-30, 36-38). A true and correct copy of this is attached as Exhibit B to the Declaration of Cindy Hamilton.

In response, on October 26, 2007, Defendants produced original and amended tax returns Bates-stamped NEWN 01020-01252, taking care of the first item Plaintiff requested. A true and correct copy of this letter is attached as Exhibit C to the Declaration of Cindy Hamilton. During his deposition on October 17, 2007, David McDonald testified that neither he nor Donna McDonald submitted expense reports to NEWN, addressing the second item Plaintiff requested.

1

On November 3, 2007, Plaintiff sent a follow up meet-and-confer letter indicating that they still wanted "consulting fees charged to NEWN and TCLE", a category of documents that Defendants had not previously produced. A true and correct copy of this letter is attached as Exhibit D. Accordingly, Defendant produced documents representing the consulting fees charged and these documents were used as exhibits by Plaintiff in the subsequent deposition of Donna McDonald on December 27, 2007.

The only item left unresolved was the books and records of NEWN, maintained on a QuickBooks computer program. Although many QuickBooks balance sheets, profit and loss statements, etc., had been produced to Plaintiff, Plaintiff had indicated they wanted "all of the QuickBooks". Defendants offered Plaintiffs counsel Sean Ponist unfettered access through an online link to NEWN's QuickBooks, a request that Plaintiff denied, instead wanting "hard copies of the QuickBooks". See Declaration of Cindy Hamilton. On October 9, 2007, Defendants sent a meet-and-confer letter to Plaintiff explaining that "QuickBooks is an interactive computer software program and you have to input into the program the specific information you are seeking. To give you an example of how QuickBooks is set up I am attaching a print-out with examples of the vast file menus found in QuickBooks. Please articulate exactly what information you are seeking, preferably after discussing the issue with someone familiar with QuickBooks." This letter attached a printout of the menu's found in Quickbooks showing the different options and requesting that Plaintiff articulate what she wanted, as there is simply not a way to hit "Print" and produce the entire contents of QuickBooks. This letter with QuickBooks screen print out attached is attached to the Declaration of Cindy Hamilton as Exhibit E. Defendants did not receive any further responses from Plaintiff addressing the issue of QuickBooks.

In sum, Defendants took great care to address and respond to each of Plaintiff's concerns, and had not received any meet and confer correspondence regarding Defendants' responses from Plaintiff since November 3, 2007 when suddenly their motion to compel was filed on December 18, 2007. Several of the items in Plaintiff's separate statement have never been the subject of a meet and confer letter, including request numbers 25, 43, 46, 47, 48, 49, 52 and 53. Because Plaintiff has never made an effort to meet and confer on these requests, they are improperly included in Plaintiff's motion to compel.

## III.    LEGAL ARGUMENT

### A.    Plaintiff Failed To Meet and Confer On Certain of the Discovery Requests

Despite the statutory requirement that parties meet and confer prior to bringing a discovery motion before the Court, Plaintiff failed to meet and confer with Defendants on a number of discovery requests. Defendants' responses to certain discovery requests in the separate statement <u>have never been the subject of meet and confer efforts</u> by Plaintiff, and were brought to Plaintiff's attention for the first time in this motion. These requests are 46-49, 52 and 53.

Misuse of the discovery process may result in the imposition of a variety of sanctions. These include payment of costs, sanctions barring the introduction of certain evidence, sanctions deeming that certain issues are determined against the offending party, and sanctions terminating an action in favor of the aggrieved party. Code Civ. Proc., §§ 2023.020, 2023.030. Misuse of the discovery process includes failing to respond or submit to authorized discovery, providing evasive discovery responses, disobeying a court order to provide discovery, unsuccessfully making or opposing discovery motions without substantial justification, and failing to meet and confer in good faith to resolve a discovery dispute when required by statute to do so. Code Civ. Proc., § 2023.010, subds. (d)–(i).) The court may impose sanctions "[t]o the extent authorized by the chapter governing any particular discovery method or any other provision of this title … ." Code Civ. Proc., § 2023.030.; Karlsson v. Ford Motor Co., 140 Cal. App. 4th 1202, 1214 (Cal. Ct. App. 2006).

Code of Civil Procedure section 2025.480, subdivision (b) states a motion to compel "shall be accompanied by a meet and confer declaration[.]" Code Civ. Proc., § 2025.480; Wilson v. 21st Century Ins. Co., 136 Cal. App. 4th 97, 113 (Cal. Ct. App. 2006). A "meet and confer declaration in support of a motion shall state facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion." Code Civ. Proc., § 2016.040. Plaintiff has failed to meet this requirement.

Defendants are entitled to sanctions due to Plaintiff's failure to meet and confer. Code Civ. Proc., § 2023.020 provides that: "Notwithstanding the outcome of the particular discovery motion, the court shall impose a monetary sanction ordering that any party or attorney who fails to confer as required pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that

SV 346,247,085v2 1/2/2008

conduct." Accordingly, Plaintiff requests that the Court impose sanctions on Plaintiff for its blatant
failure to meet and confer.

### B.    The Motion to Compel is Substantively Flawed.

To aid the Court in ruling on this motion, Defendants will go through each of the categories
identified by Plaintiff in their motion and address the document production on that item.

### 1.    Books and records, accounting statements and documents and other relevant financial information

Defendants previously offered Plaintiff complete unfettered access to NEWN's QuickBooks in
the form of an online link the QuickBooks. Counsel for Plaintiff Sean Ponist declined Defendants offer.
See Declaration of Cindy Hamilton. Plaintiff further declined to articulate which menus and sections
from QuickBooks Plaintiff sought and in fact declined to respond to Defendants November 9, 2007 meet
and confer letter seeking articulation on the QuickBooks issue. Since the filing of this motion when
Defendants realized that apparently this issue had not been resolved, Defendants have offered to make
all books and records of the company available at the NEWN offices on a mutually agreeable date so
that Plaintiff may copy whatever she is seeking. For that reason, Defendant believes that these issues are
moot.

### 2.    Plaintiff's 401K and Profit Sharing Plans (Responses 46-49)

Defendants produced in full all documents pertaining to Plaintiff's 401K and Profit Sharing
Plans. Plaintiff has never once mentioned that Defendants response to requests no 46-49 were
insufficient in any form, including their meet and confer letters of October 15, 2007 and November 3,
2007. See Declaration of Cindy Hamilton. For that reason Defendants are baffled by the inclusion of
this request in Plaintiff's Motion to Compel, and can only say that all documents in this regard have
been produced.

### 3.    Defendants have failed to produce responsive documents relating to consulting fees paid to Defendants by NEWN and TCLE.

Again, Defendants are baffled by the inclusion of documents relating to the consulting fees paid
to Defendants by NEWN and TCLE (Requests 52 and 53) because these documents have been fully
produced and in fact Plaintiff used these documents as exhibits to the deposition of Donna McDonald on

December 27, 2007. See Declaration of Cindy Hamilton. Plaintiff did send a meet and confer letter regarding consulting agreements on November 3, 2007, and these documents were produced to Plaintiffs shortly following the receipt of this letter and before the filing of Plaintiff's premature motion to compel. Because Plaintiff is clearly in possession of these documents Defendants must assume that this issue is moot. To the extent Plaintiff feels this item is not moot, Defendants have no further documents in their possession, custody or control pertaining to these documents.

### 4. Documents related to the governance of TCLE

Defendants have produced all documents in their possession related to TCLE. Documents pertaining to the governance of TCLE were not produced because none exist. On December 27, 2007, Donna McDonald testified in deposition that she has never seen documents related to the governance of TCLE, and so for that reason at this juncture Defendants believe that no governance documents exist and so there are no responsive documents to produce.

### 5. Plaintiff's request for sanctions

Plaintiff's request for sanctions relating to their motion to compel is utterly inappropriate as Plaintiff failed to exhaust meet and confer efforts before filing this motion. Defendants had not received any meet and confer correspondence related to any insufficient responses since November 3, 2007 when this motion was filed on December 18, 2007. Defendants were under the impression that all outstanding issues had been resolved when this motion was received. Furthermore, a review of the correspondence attached to the Declaration of Cindy Hamilton reveals that requests no 25, 43, 46, 47, 48, 49, 52 and 53, which are contained in the separate statement have never been the subject of meet and confer efforts by Plaintiff. Defendants can only assume that this motion was filed in retaliation for Defendants motion to compel, which was completely necessary because Defendants had not received a single document from Plaintiff.

//

//

//

1
2
## IV. CONCLUSION

3       For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion

4   to compel and request for sanctions.

5   DATED: January 2, 2008              GREENBERG TRAURIG, LLP

6

7                                       By _____
8                                          William J. Goines
                                           Cindy Hamilton
9                                          Karen Rosenthal

10                                         Attorneys for Defendants and Cross-Complainants
                                           David Mcdonald, Donna Mcdonald, National Expert
11                                         Witness Network, And Technology CLE

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SV 346,247,085v2 1/2/2008

Osbelt v. McDonald, et al.                                    Case No. CIV 463528

**PROOF OF SERVICE**

I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On January 2, 2008, I served the following documents:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND SANCTIONS**

☒    by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐    by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐    **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Sean Ponist, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 2, 2008, at East Palo Alto, California.

Cathy Sandifer

SV 346,198,779v1 12/12/2007

**87**

1   GREENBERG TRAURIG, LLP
    WILLIAM J. GOINES (SBN 61290)
2   KAREN ROSENTHAL (SBN 209419)
    CINDY HAMILTON (SBN 217951)
3   1900 University Avenue, Fifth Floor
    East Palo Alto, CA  94303
4   Telephone:  (650) 328-8500
    Facsimile:  (650) 328-8508
5
    Attorneys for Defendants and Cross-Complainants
6   DAVID MCDONALD, DONNA MCDONALD, NATIONAL
    EXPERT WITNESS NETWORK, and TECHNOLOGY CLE
7
8
9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                        COUNTY OF SAN MATEO
11
    JENNIFER OSBELT,                          Case No. CIV 463528
12  an individual,
13                    Plaintiff,              **DECLARATION OF CINDY
                                              HAMILTON IN OPPOSITION TO
14       v.                                   PLAINTIFF'S MOTION TO
                                              COMPEL AND SANCTIONS**
15  DAVID MCDONALD, DONNA K.
    MCDONALD; and                             Date: January 15, 2008
16  DOES 1-10, inclusive                      Time: 9:00 a.m.
                                              Dept. LM
17                    Defendants.
18  ────────────────────────────────
19  AND RELATED CROSS-ACTION
20
21       I, Cindy Hamilton, declare:
22       1.      I am an attorney at law duly licensed to practice in the State of California and am an
23  associate in the law firm of Greenberg Traurig, LLP, counsel of record for Defendants and Cross-
24  Complainants Donna McDonald, David McDonald, National Expert Witness Network, and
25  Technology CLE ("Defendants"). I am familiar with the facts and circumstances of the above-
26  referenced action and the matters contained in this Declaration and would, if called upon as a witness,
27  competently testify thereto.
28

E-FILED
SAN MATEO COUNTY
JAN 02, 2008
Clerk of the Superior Court
By ____ U. FINAU
DEPUTY CLERK

                                          1

2.    Plaintiff served a Request for Production of Documents on Defendants on August 1, 2007. Following a brief extension and mutual efforts to iron out the details of a protective order, on October 10, 2007, Defendants produced Bates-stamped documents NEWN00001-00995. A true and correct copy of this correspondence is attached as Exhibit A.

3.    On October 15, 2007, Plaintiff sent a meet-and-confer letter identify three categories of documents to which they felt there was an inadequate response from Defendants: (a) tax returns (Request Nos. 11, 12, 36-38); (b) expense reports submitted by David and Donna McDonald (Request Nos. 19, 20, 22-24); and (c) the books and records of the company, contained in NEWN's QuickBook files (Request Nos. 11, 12, 15-17, 22-24, 26-30, 36-38). A true and correct copy of this letter is attached as Exhibit B.

4.    In response, on October 26, 2007, Defendants produced original and amended tax returns Bates-stamped NEWN 01020-01252, taking care of the first item Plaintiff requested. A true and correct copy of this letter is attached as Exhibit C. In his deposition of October 17, 2007, David McDonald testified that neither he nor Donna McDonald submitted expense reports to NEWN, addressing the second item Plaintiff requested.

5.    On November 3, 2007, Plaintiff sent a follow-up meet-and-confer letter indicating that they still wanted "consulting fees charged to NEWN and TCLE", a category of documents that Defendants had not previously produced. A true and correct copy of this letter is attached as Exhibit D. Accordingly, Defendants produced documents representing the consulting fees charged and these documents were used as exhibits by Plaintiff in the subsequent deposition of Donna McDonald.

6.    The only item left unresolved was the books and records of NEWN, maintained on a QuickBooks computer program. Although many QuickBooks balance sheets, profit and loss statements, etc., had been produced to Plaintiff, Plaintiff had indicated they wanted "all of the QuickBooks." Defendants offered Plaintiff's counsel, Sean Ponist, unfettered access through an on-line link to NEWN's QuickBooks, a request that Plaintiff denied, instead wanting "hard copies of the QuickBooks". On November 9, 2007, Defendants sent a meet-and-confer letter to Plaintiff's counsel explaining that "QuickBooks is an interactive computer software program and you have to input into

the program the specific information you are seeking. To give you an example of how QuickBooks is set up, I am attaching a print-out with examples of the vast file menus found in QuickBooks. Please articulate exactly what information you are seeking, preferably after discussing the issue with someone familiar with Quickbooks." This letter attached a printout of the menu's found in QuickBooks showing the different options and requesting that Plaintiff articulate what she wanted, as there is simply not a way to hit "Print" and produce the entire contents of QuickBooks. A copy of this letter with the QuickBooks screen printout is attached to hereto as <u>Exhibit E</u>.

7.    Plaintiff has never once mentioned that Defendants' responses to Request Nos. 46-49 were insufficient in any form, including their meet-and-confer letters of October 15, 2007 and November 3, 2007.

8.    Defendants are baffled by the inclusion of documents relating to the consulting fees paid to Defendants by NEWN and TCLE (Request Nos. 52 and 53) because these documents have been fully produced and in fact Plaintiff used these documents used these documents as exhibits to the depositions of Donna McDonald on December 27, 2007.


I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed at East Palo Alto, California, this 12th day of December, 2007.

Dated: January 2, 2008

Cindy Hamilton, Esq.

**EXHIBIT A**

# Greenberg
# Traurig

Cindy Hamilton
Tel. 650.289.7859
Fax 650.462.7859
hamiltonc@gtlaw.com

October 10, 2007

**VIA FACSIMILE and US MAIL**

Ara Jabagchourian, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010

Re:    <u>Osbelt v. McDonald, et al.</u>

Dear Mr. Jabagchourian:

Enclosed please find documents responsive to your Request for Production of Documents bates labeled NEWN 00001-NEWN 00995.

Very truly yours,

*Cindy Hamilton*

Cindy Hamilton

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DENVER

FORT LAUDERDALE

LOS ANGELES

MIAMI

NEW JERSEY

NEW YORK

ORANGE COUNTY, CA

ORLANDO

PHILADELPHIA

PHOENIX

SILICON VALLEY

TALLAHASSEE

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

WILMINGTON

ZURICH

Greenberg Traurig, LLP | Attorneys at Law | Silicon Valley Office | 1900 University Avenue | 5th Floor | East Palo Alto, CA 94303
Tel 650.328.8500 | Fax 650.328.8508

www.gtlaw.com

**EXHIBIT  B**

LAW OFFICES

COTCHETT, PITRE & McCARTHY

SAN FRANCISCO AIRPORT OFFICE CENTER

840 MALCOLM ROAD

BURLINGAME, CALIFORNIA 94010

TELEPHONE (650) 697-6000

FAX (650) 697-0577

LOS ANGELES OFFICE
9454 WILSHIRE BOULEVARD, SUITE 907
BEVERLY HILLS, CA 90212
(310) 247-9247
OF COUNSEL
ROBERT B. HUTCHINSON

WASHINGTON, D.C. OFFICE
1364 BEVERLY ROAD, SUITE 201
McLEAN, VA 22101
(703) 893-9600
OF COUNSEL
MARK P. FRIEDLANDER, JR.

NEW YORK OFFICE
100 PARK AVENUE, SUITE 2600
NEW YORK, NY 10017
(212) 682-3198

October 15, 2007

Cindy Hamilton
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto CA 94303

   **Re:**   *Osbelt v. McDonald, et al.,* Case No. CIV 463528

Re:   Defendants' Objections to Second Amended Notice of Deposition and Request for
      Production of Documents

Dear Cindy:

   We received defendants' document productions late last week and have compared it to
their objections to the document production request. The objections are not well-taken. Unless
defendants intend to seek a protective order, plaintiff expects defendants to produce the requested
documents and be prepared to testify on all relevant matters at their depositions.

   Defendants have refused to produce the tax records for NEWN and TCLE, mistakenly
asserting taxpayer privilege. (Defendants' responses to requests 11, 12, 36-38.) Plaintiff
Jennifer Osbelt is a member and manager of both LLCs. The taxpayer privilege does not apply to
her. The objection is without basis.

   Defendants also have refused to produce expenses that they billed to NEWN and TCLE,
erroneously and nonsensically asserting that the request is "not reasonably calculated to lead to
discoverable information." (Defendants' responses to requests 19, 20, 22-24.) Likewise,
Defendants have refused to produce documents concerning payments made by NEWN and TCLE
to them. (Defendants' responses to requests 26-30.)  The information sought is relevant and
"reasonably calculated to lead to discovery of admissible evidence." Plaintiff has brought claims
against Defendants for, *inter alia*, Accounting and Breach of Fiduciary Duty. She has alleged,
*inter alia*, that Defendants have falsely allocated profits and misappropriated company funds.
The information sought bears on these claims and allegations.

   Lastly, based on Defendants' objections, it is unclear what documents have been
produced, what documents have been withheld and what documents they still intend to produce.

LAW OFFICES
COTCHETT, PITRE & McCARTHY

Cindy Hamilton
GREENBERG TRAURIG, LLP
October 15, 2007
Page 2

(Defendants' responses to requests 11, 12, 15-17, 22-24, 26-30, 36-38.)  Plaintiff's position is
and has always been that, as a member and manager of both the LLCs, she is entitled to all access
and copies of all books and records and all accountant information.  To the extent that defendants
persist in denying Ms. Osbelt her right to these records and information, she requests that
defendants produce a privilege log of all items withheld and an itemization of all items produced
to date.

        Your prompt attention to these matters is appreciated.

                                Sincerely,

                                Sean E. Ponist

cc:    William Goines
       Ara Jabagchourian

**EXHIBIT C**

# Greenberg
# Traurig

Cindy Hamilton
Tel. 650.289.7859
Fax 650.462.7859
hamiltonc@gtlaw.com

October 26, 2007

Joseph Cotchett, Esq.
Ara Jabagchourian, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010

Re:     Osbelt v. McDonald, et al.

Gentlemen:

In addition to the documents previously produced by our clients, enclosed are copies of National Expert Witness Network, LLC's Partnership Tax Returns for the years 2004, 2005 and 2006 (Bates-stamp Nos. NEWN 01020-01252).

Very truly yours,

*Cindy Hamilton*

Cindy Hamilton

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DENVER

FORT LAUDERDALE

LOS ANGELES

MIAMI

NEW JERSEY

NEW YORK

ORANGE COUNTY, CA

ORLANDO

PHILADELPHIA

PHOENIX

SILICON VALLEY

TALLAHASSEE

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

WILMINGTON

ZURICH

Greenberg Traurig, LLP | Attorneys at Law | Silicon Valley Office | 1900 University Avenue | 5th Floor | East Palo Alto, CA 94303
Tel 650.328.8500 | Fax 650.328.8508

www.gtlaw.com

LAW OFFICES

# COTCHETT, PITRE & McCARTHY

SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES OFFICE
9454 WILSHIRE BOULEVARD, SUITE 907
BEVERLY HILLS, CA 90212
(310) 247-9247
OF COUNSEL
ROBERT B. HUTCHINSON

WASHINGTON, D.C. OFFICE
1364 BEVERLY ROAD, SUITE 201
McLEAN, VA 22101
(703) 893-9600
OF COUNSEL
MARK P. FRIEDLANDER, JR.

NEW YORK OFFICE
100 PARK AVENUE, SUITE 2600
NEW YORK, NY 10017
(212) 682-3198

November 3, 2007

**BY FAX**

Cindy Hamilton
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto CA 94303

> Re:    *Osbelt v. McDonald, et al.*, Case No. CIV 463528
>        (Defendants' Failure to Produce Responsive Documents)

Dear Cindy:

On October 15, 2007, plaintiff drafted a meet and confer regarding defendants' failure to produce tax records for NEWN and TCLE (Deposition Requests for Production ("DRFD") 11, 12, 36-38; Request for Production served August 1, 2007 ("RFP") 9, 35-37), failure to produce payment and expense information, including, but not limited to, consulting fees charged to NEWN and TCLE (DRFP 19, 20, 22, 23, 26, 27, 29, 30, 50-53; RFP 14, 15, 17, 18, 21, 22, 24, 25), failure to produce documents on the basis that defendants allegedly provided them to plaintiff previously (DRFP 14-17; RFP 10-12; RFP 14-17), and failure to provide a privilege log or otherwise clearly indicate what documents are being withheld from production.[1]

At defendants' depositions that same week, you and Mr. Goines indicated that defendants would withdraw their objections and produce these items. Subsequently, I have followed up with your office on October 24, 2007 and November 1, 2007 regarding these items, receiving assurances that they will be provided. Yet, as of today, plaintiff still has not received responsive documents as promised. So that we may avoid motion practice, please provide all responsive documents no later than November 2, 2007.

---

[1] Furthermore, none of the NEWN's and TCLE's 401k plan and profit sharing documents have been produced despite defendants' agreement to produce them (DRFP 46-49).

LAW OFFICES
COTCHETT, PITRE & McCARTHY

Cindy Hamilton
GREENBERG TRAURIG, LLP
November 3, 2007
Page 2

    Note that defendants' depositions also demonstrated that they failed to produce documents as maintained in the normal course of business or organized by category in response to plaintiff's requests for production. As such, the production fails to comply with the code of civil procedure. Please correct this defect in your production as well.

Sincerely,

Sean E. Ponist

**EXHIBIT E**

# Greenberg
# Traurig

Cindy Hamilton
Tel. 650.289.7859
Fax 650.462.7859
hamiltonc@gtlaw.com

November 9, 2007

Sean Ponist, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010

Re:    <u>Osbelt v. McDonald, et al.</u>

Dear Sean:

We are in receipt of your meet and confer letters dated November 3, 2007. Defendants responded to your previous October 15, 2007 meet and confer letter by producing original and amended tax returns on October 26, 2007. These documents were bates stamped NEWN 01020-01252.

During the course of the depositions of Dave McDonald and Donna McDonald, you requested a backup for the various loans made by the McDonalds to National Expert Witness Network, Inc. ("NEWN") from the inception of the company. Much of this information has been provided to your client over the course of their relationship, however, the McDonalds have gone back through their records and were able to locate these documents. We are currently in the process of redacting bank account information but we will have these documents to produce to you next week.

Your Request for Production of Documents to our clients also requested QuickBook files. You declined our offer to access the QuickBook files online through NEWN's accountant, requesting instead that we produce hard copies of the QuickBooks records. As we have since discussed telephonically, QuickBooks is an interactive computer software program and you have to input into the program the specific information you are seeking. To give you an example of how QuickBooks is set up I am attaching a print-out with examples of the vast file menus found in QuickBooks. Please articulate exactly what information you are seeking, preferably after discussing the issue with someone familiar with Quickbooks.

Our clients are in the process of gathering documents reflecting consulting fees charged to NEWN. We are also still preparing a privilege log and expect to produce both of these items to you next week.

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DENVER

FORT LAUDERDALE

LOS ANGELES

MIAMI

NEW JERSEY

NEW YORK

ORANGE COUNTY, CA

ORLANDO

PHILADELPHIA

PHOENIX

SILICON VALLEY

TALLAHASSEE

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

WILMINGTON

ZURICH

Greenberg Traurig, LLP | Attorneys at Law | Silicon Valley Office | 1900 University Avenue | 5th Floor | East Palo Alto, CA 94303
Tel 650.328.8500 | Fax 650.328.8508

www.gtlaw.com

Sean Ponist, Esq.
November 9, 2007
Page 2

---

Regarding the deposition of Jennifer Osbelt and the continued deposition of Dave and Donna McDonald, we would like to set aside one week when we can complete all of these depositions on consecutive days. Please check your client's availability and let me know as Dave and Donna are basically local and have availability.


Very truly yours,

Cindy Hamilton

Cindy Hamilton

Encl.









Osbelt v. McDonald, et al.                                    Case No. CIV 463528

## PROOF OF SERVICE

I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On January 2, 2008, I served the following documents:

**DECLARATION OF CINDY HAMILTON IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND SANCTIONS**

☒ by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐ by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐ **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Sean Ponist, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA  94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 2, 2008, at East Palo Alto, California.

_Cathy Sandifer_
Cathy Sandifer

SV 346,198,779v1 12/12/2007

1  WILLIAM J. GOINES (SBN 61290)
   KAREN ROSENTHAL (SBN 209419)
2  CINDY HAMILTON (SBN 217951
   GREENBERG TRAURIG, LLP
3  1900 University Avenue, Fifth Floor
   East Palo Alto, California  94303
4  Telephone: (650) 328-8500
   Facsimile: (650) 328-8508
5
   Attorneys for Defendants
6  David D. McDonald and Donna K. McDonald

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN MATEO

10

11 | JENNIFER OSBELT,                    | Case No. CIV 463528
12 |            Plaintiff(s);            |
13 | v.                                  | **ANSWER TO FIRST AMENDED**
   |                                     | **COMPLAINT**
14 | DAVID D. McDONALD, DONNA K.         |
   | McDONALD, and DOES 1-10, inclusive, |
15 |                                     | (Date Action Filed:  June 5, 2007)
   |            Defendant(s).            |
16 |                                     |
17 | AND RELATED CROSS-CLAIMS            |
18

19        Defendants David McDonald. Donna McDonald and National Expert Witness Network,

20  (collectively, "Defendant") hereby answer the First Amended Complaint For Breach of Contract of

21  Sale, Breach of Contract: Operating Agreement; Breach of Fiduciary Duty, Accounting, Slander Per

22  Se and Violations of the Beverly-Killea Limited Liability Company Act, Corporate Waste; Abuse of

23  Control; Conversion; Cancellation of Instrument/Restitution Based on Rescission; Unjust

24  Enrichment; and Alter-Ego Liability ("Complaint") filed by Plaintiff Jennifer Osbelt ("Plaintiff") as

25  follows:

26                          **GENERAL DENIAL**

27        Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally deny

28  each and every allegation of the Complaint, the whole thereof, including each and every alleged

                                         1
SV 346,248,936v1 1/8/2008

E-FILED
SAN MATEO COUNTY

JANUARY 8, 2008

Clerk of the Superior Court
By  M. DRAGONRYDER
    DEPUTY CLERK

1    cause of action contained therein, and further denies that Plaintiff is entitled to the relief requested or

2    any relief at all, that Plaintiff sustained or will sustain damages in the sum or sums alleged, or any

3    other sum or sums, or at all; Defendants further deny that Plaintiff is entitled to attorneys' fees in the

4    sum or sums alleged, or any other sum or sums, or at all.

### FIRST AFFIRMATIVE DEFENSE
### [Failure to State a Cause of Action]

6

7         1.    As and for a first, separate and affirmative defense to the Complaint, and to each and

every cause of action contained therein, Defendants allege that Plaintiff's Complaint, and each of the

8    purported causes of action contained therein, fails to state facts sufficient to constitute a cause or

9    causes of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### [Statute of Limitations]

12        2.    As and for a further affirmative defense to the Complaint, and to each and every cause

of action contained therein, Defendants allege that the Complaint is barred by the statute of

limitations set forth in California Code of Civil Procedure sections 335 through 349.4, including, but

not limited to sections 337, 337(a), 337.1, 337.15, 337.2, 338.1, 339c, 339.5, 340(3), and 343; and

sections 2607(3)(a), 2725(1) and (2) of the California Commercial Code.

### THIRD AFFIRMATIVE DEFENSE
### [Comparative Fault or Negligence of Plaintiff]

18        3.    As and for a further affirmative defense to the Complaint, and to each and every cause

of action contained therein, Defendants allege that Plaintiff's injuries and damages, if any, are the

direct and proximate result of Plaintiff's own fault or negligence and that, as a result, Plaintiff's claim

is either barred or proportionately reduced.

### FOURTH AFFIRMATIVE DEFENSE
### [Comparative Fault or Negligence of Others]

23        4.    As and for a further affirmative defense to the Complaint, and to each and every cause

of action contained therein, Defendants allege that the injuries sustained by Plaintiff, if any, were

either wholly or in part negligently caused by persons, firms, corporations or entities other than

Defendants and said fault or negligence is either imputed to Plaintiff by reason of the relationship of

said persons, firms, corporations or entities other than this answering Defendants to Plaintiff and/or

said fault or negligence comparatively reduces the percentage of negligence, if, any, by this

answering Defendants.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

SV 346,248,936v1 1/8/2008

## FIFTH AFFIRMATIVE DEFENSE
### [Assumption of the Risk]

5.    As and for a separate affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff acted with full knowledge of all the facts and circumstances surrounding Plaintiff's alleged injuries and thus assumed any and all risk of injury.

## SIXTH AFFIRMATIVE DEFENSE
### [Equitable Indemnity/Comparative Contribution]

6.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that in the event Defendants is held liable, this Defendants is entitled to a percentage contribution of the total liability from persons, firms, corporations or entities other than this answering Defendants in accordance with the principles of equitable indemnity and comparative contribution.

## SEVENTH AFFIRMATIVE DEFENSE
### [Negligence/Liability of Other Persons/Entities]

7.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the charges alleged in the Complaint, if any, were caused by the negligence and liability of persons, firms, corporations or entities other than this answering Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### [Failure to Mitigate]

8.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff failed to mitigate the alleged damages, if any, which she claims to have sustained and recovery should be barred or diminished accordingly.

## NINTH AFFIRMATIVE DEFENSE
### [Willful Misconduct]

9.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the alleged injuries or damages suffered by Plaintiff, if any, were the sole and proximate result of the willful misconduct of persons, firms, corporations or entities other than this answering Defendants.

//
//

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

SV 346,248,936v1 1/8/2008

## TENTH AFFIRMATIVE DEFENSE
### [In Pari Delicto]

10.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege the affirmative defense of *in pari delicto*.

## ELEVENTH AFFIRMATIVE DEFENSE
### [Obligation Extinguished by Performance]

11.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint, and each and every cause of action contained therein, is barred by the provisions of California Civil Code section 1473.

## TWELFTH AFFIRMATIVE DEFENSE
### [Superseding Independent Intervening Proximate Cause]

12.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that no act or omission on its part was a substantial factor in bringing about the alleged damages to Plaintiff, nor was any act or omission on the part of Defendants a contributing cause of the alleged damages suffered by Plaintiff and any alleged acts or omissions of Defendants were superseded by the alleged acts or omissions of other persons, firms, corporations or entities, including Plaintiff, which were the independent, intervening, and proximate cause of any injuries or damages sustained by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
### [Failure to Perform Conditions, Covenants and Promises]

13.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff has failed to perform all conditions, covenants and promises required by her to be performed in accordance with the terms and conditions of the written contract.

## FOURTEENTH AFFIRMATIVE DEFENSE
### [Failure/Lack of Consideration]

14.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint is barred by a failure and/or lack of consideration, and no cause of action is stated.

//

//

//

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Mistake]

15.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint is barred and no cause of action is stated because of mutual and/or unilateral mistake of the parties in entering into the contract, if any, described in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Prevention]

16.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that it has fully performed the conditions and covenants required to be performed by it unless and until prevented from doing so by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Fraud/Intentional and/or Negligent Misrepresentation in the Execution of the Contract]

17.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint is barred in that the execution of the contract, if any, was procured by unlawful and illegal acts including fraud, intentional and/or negligent misrepresentation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Statute of Frauds]

18.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint is barred by the applicable statute of frauds, including, but not limited to, California Commercial Code section 2201 and California Civil Code section 1624, in that the alleged contract, if any, was not in writing and was for a price of more than $500.00.

## NINETEENTH AFFIRMATIVE DEFENSE

### [Cancellation and/or Repudiation]

19.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint is barred in that the contract, if any, was timely cancelled and/or repudiated by this answering Defendants.

//

//

//

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

SV 346,248,936v1 1/8/2008

## TWENTIETH AFFIRMATIVE DEFENSE
### [Non-Occurrence of Condition Precedent]

20.        As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff is not entitled to performance by Defendants, because a condition precedent to Defendants's duty to perform has not yet occurred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### [Conduct of Others]

21.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that if Plaintiff sustained damages, which this answering Defendants expressly denies, then those damages were caused by persons other than this answering Defendants and for which this answering Defendants is not responsible.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### [Waiver]

22.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that if Plaintiff sustained damages, which this answering Defendants expressly denies, then Plaintiff is barred by the doctrine of waiver from recovering those damages from this answering Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### [Estoppel]

23.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that if Plaintiff sustained damages, which Defendants expressly denies, then Plaintiff is barred by the doctrine of estoppel from recovering those damages from Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### [Unclean Hands]

24.    As and for a further affirmative defense to the Complaint and to each and every cause of action contained therein, Defendants allege that Plaintiff is barred from seeking equitable relief by the doctrine of unclean hands by virtue of Plaintiff's own conduct.

//
//
//
//

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### [Failure To Join Necessary Parties]

25.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege Plaintiff has failed to join all necessary parties as is required by California Code of Civil Procedure section 389.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### [Lack of Causation]

26.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff's damages, if any, were not actually or proximately caused by any acts, conduct, or omissions of Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### [Accord and Satisfaction]

27.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint, and each and every cause of action contained therein, is barred by the principles of accord and satisfaction.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### [Payment]

28.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint, and each and every cause of action contained therein, is barred because payment was made.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### [Rescission]

29.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint is barred and fails to state a cause of action in that the contract, if any, upon which the Complaint was based has been rescinded.

## THIRTIETH AFFIRMATIVE DEFENSE

### [Commercial Frustration]

30.    As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that any performance under the contract, if any was excused and the Complaint is barred by the doctrine of commercial frustration in that this answering Defendant was not required to perform the contract, if any, under the conditions that existed at the time for performance.

WHEREFORE, Defendants pray for judgment as follows:

    1. That Plaintiff take nothing by reason of her Complaint;

    2. For costs of suit incurred herein;

    3. For reasonable attorneys' fees; and

    4. For such other relief as the court deems just and proper.

Dated: January 8, 2008.

GREENBERG TRAURIG, LLP

By: *Cindy Hamilton*
    William J. Goines
    Karen Rosenthal
    Cindy Hamilton

Attorneys for Defendants and Cross-Complainants
David D. McDonald and Donna K. McDonald

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

SV 346,248,936v1 1/8/2008

Osbelt v. McDonald, et al.                                    Case No. CIV 463528

## PROOF OF SERVICE

I, Cathy Sandifer, declare that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On January 8, 2008, I served the following documents:

**ANSWER TO FIRST AMENDED COMPLAINT**

☐ by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐ by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐ **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand via courier service to the offices of the addressee.

Sean Ponist, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Rd., Ste. 200
Burlingame, CA 94010
Fax No. (650) 697-0577

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 8, 2008, at East Palo Alto, California.

*Cathy Sandifer*
Cathy Sandifer

SV 346,198,779v1 1/2/2008