1  ARA JABAGCHOURIAN (205777)
   ajabagchourian@cpmlegal.com
2  SEAN E. PONIST (204712)
   sponist@cpmlegal.com
3  **COTCHETT, PITRE & McCARTHY**
   San Francisco Airport Office Center
4  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
5  Telephone: (650) 697-6000
   Facsimile:  (650) 697-0577
6
   *Attorneys for Plaintiff*
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12 | JENNIFER OSBELT,                          | Case No.  CV 08-0534 JL
13 |         Plaintiff,                        | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
14 |   v.                                      |
15 | DAVID D. McDONALD, DONNA K.                |
   | McDONALD, and DOES 1 THROUGH 10,           |
16 | inclusive,                                 | Date:        April 9, 2008
   |                                            | Time:        9:30 a.m.
17 |         Defendants.                        | Courtroom:   F
                                                | Judge:       Hon. Magistrate James Larson
18 |————————————————————————|
   | DAVID D. McDONALD; DONNA K.                |
19 | McDONALD; NATIONAL EXPERT                  |
   | WITNESS NETWORK, a California Limited      |
20 | Liability Company; TECHNOLOGY CLE, a       |
   | California Limited Liability Company,      |
21 |                                            |
   |         Cross-Complainants,                |
22 |                                            |
   |   v.                                       |
23 |                                            |
   | JENNIFER OSBELT, individually and doing    |
24 | business as PALO ALTO TECHNICAL, and       |
   | ROES 1-10, inclusive,                      |
25 |                                            |
   |         Cross-Defendants.                  |
26

27

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF CONTENTS

**PAGE NO.**

NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . 2

    III.    LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    IV.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.    The Complaint Does Not State A Federal Question . . . . . . . . . . . . . . . . 5

            1.    Nothing In The Complaint Raises An Issue Of Federal Law . . . . . 5

            2.    For ERISA Preemption The Claim Must Both "Relate" to an ERISA Plan <u>and</u> Must Fall Within ERISA's Enforcement Scheme . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            3.    The Complaint is Not Removable Unless it Falls Within ERISA's Civil Enforcement Scheme . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            4.    The Issues Arise From a Commercial Relationship Between Plaintiff and Defendants Not an ERISA Plan . . . . . . . . . . . . . . . . 6

        B.    There Is No ERISA Preemption Because All the Claims Arise From Violations of State Law and All the Causes of Action are Based on State Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            1.    The Claim Does Not Fall Within ERISA's Enforcement Scheme . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                a.    There Are No Facts Alleged in the Complaint that Plaintiff is a Participant in an ERISA Plan . . . . . . . . . . . . . . . . . . . 8

                b.    Plaintiff's Claim Does Not Seek to Enforce Rights or Recover Benefits Under an ERISA Plan . . . . . . . . . . . . . 9

            2.    This Action Does Not "Relate to" An Employee Benefit Plan . . . 9

                a.    There is No "Reference to" ERISA . . . . . . . . . . . . . . . . . 9

                b.    This Action Does Not Have a "Connection with" ERISA 10

            3.    Defendants Cases Used In Support Of Removal Actually Support Remand . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**      i

**TABLE OF CONTENTS (CONT.)**

**PAGE NO.**

    4.    This is a Breach of Fiduciary Duty and Breach of Contract Action .......................................... 11

  C.    The Court Should Order Defendant to Pay Plaintiffs' Costs and Attorney Fees ............................................ 11

V.    CONCLUSION ............................................... 12

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF    ii

# TABLE OF AUTHORITIES

**PAGE NOS.**

**CASES**

Baker v. BDO Seidman, LLP
    390 F.Supp.2d 919 (N.D. Cal. 2005) .................................................. 5

Brooks v. Solomon Co.
    542 F.Supp. 1229 (N.D. Ala 1982) .................................................. 10

California Div. of Labor Standards Enforcement v. Dillingham Constr. N.A., Inc.
    519 U.S. 316 (1997) ............................................................... 6, 9

Committee of Interns and Residents v. New York State Labor Relations Bd.
    420 F.Supp. 826 (S.D.N.Y. 1976) ..................................................... 5

District of Columbia v. Great Washington Bd. Of Tahoe
    566 U.S. 125 (1992) ............................................................... 9

Duncan v. Stuetzle,
    76 F.3d 1480, 1485 (9th Cir. 1996) ................................................. 4

Emard v. Hughes Aircraft Co.
    153 F.3d 949 (9th Cir. 1998) ................................................... 6, 8-10

Etheridge v. Harbor House Restaurant
    861 F.2d 1389 (9th Cir. 1988) ...................................................... 7

Franchise Tax Board v. Construction Laborers Vacation Trust
    463 U.S. 1 (1983) .................................................................. 4

Gaus v. Miles, Inc.
    980 F.2d 564 (9th Cir. 1992) ....................................................... 4

General American Life Ins. v. Castonguay
    984 F.2d 1518 (1993) .............................................................. 11

Libhart v. Santa Monica Dairy Co.
    592 F.2d 1062 (9th Cir. 1979) ...................................................... 4

Louisville & Nashville Railway Co. v. Mottley
    211 U.S. 149 (1908) ................................................................ 5

McNutt v. General Motors Acceptance Corp.
    298 U.S. 178 (1936) ................................................................ 4

Metropolitan Life Ins. Co. v. Taylor
    481 U.S. 58 (1987) ................................................................. 5

Moll v. International Union
    911 F.Supp. 269 (E.D. Mich. 1996) .................................................. 7

Morris v. Bridgestone/Firestone, Inc.
    985 F.2d 238 (6th Cir. 1993) ...................................................... 11

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                          iii

# TABLE OF AUTHORITIES (CONT.)

**PAGE NOS.**

**CASES**

New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.
    514 U.S. 645 (1995) .................................................. 6, 7

Nishimoto v. Federman-Bachrach & Associates
    903 F.2d 709, 712 n. 13 (9th Cir. 1990) ........................................ 4

Operation Engineers Health and Welfare Trust Fund v. JWJ Contracting Co.
    35 F.3d 671 (9thCir. 1998) ............................................. 6, 9

Riggs v. Continental Baking Co.
    678 F.Supp. 236 (N.D.Cal 1988) ........................................... 10

Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group
    823 F.2d 302 (9th Cir. 1987) .............................................. 11

Samura v. Kaiser Foundation Health Plan, Inc.
    715 F. Supp. 970 (N.D. Cal. 1989) .......................................... 11

Toumajian v. Frailey
    135 F.3d 648 (9th Cir. 1998) ............................................. 6-9

**STATUTES**

28 U.S.C. § 1441(a) ........................................................ 4

28 U.S.C. § 1446(a) ....................................................... 11

28 U.S.C. § 1447(c) ...................................................... 1, 5

29 U.S.C. § 1132(a) ........................................................ 8

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF     iv

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 9, 2008 at 9:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Magistrate James Larson, in Courtroom F of the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, Plaintiff and Counter-Defendant Jennifer Osbelt will move the Court for an order remanding this action to the Superior Court of the State of California, County of San Mateo, where the action and counter-claim was originally filed. Further, the plaintiff seeks costs and attorneys fees associated with the motion for remand.

This motion for remand is bought pursuant to 28 U.S.C. § 1447(c) and governing case law, on the basis that defendants and counter-plaintiffs National Expert Witness Network, David McDonald and Donna McDonald ("Defendants") wrongfully removed this case from state court to federal court, since the federal court does not have jurisdiction due to the action lacking a federal question.

Defendants' claim that the action involves an ERISA action is incorrect. The face of Plaintiff's complaint does not allege an ERISA cause of action or any federal question. Furthermore, Plaintiff's counsel does not seek a claim under any ERISA related cause of action. This motion is based upon this notice of motion and motion, the memorandum of points and authorities, the Declaration of Ara Jabagchourian, any papers filed in reply, the arguments of counsel, and all papers and records on file in this matter.

**RELIEF SOUGHT**

Plaintiff Jennifer Osbelt (hereinafter "Plaintiff" or "Osbelt") seeks to remand this case, originally filed and pending in the State of California Superior Court for the County of San Mateo. This action must be remanded because Defendants removed the action to this Court without proper subject matter jurisdiction, and the District Court, therefore, lacks jurisdiction over this matter. Furthermore, the Plaintiff seeks costs and attorneys fees pursuant to 28 U.S.C. §1447(c).

/ / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The underlying action is a twelve count action and a counterclaim that was removed from Superior Court of California, County of San Mateo as a looming trial date was approaching. The basis of removal is on an alleged ERISA claim that was never pled in the complaint. Plaintiff is a minority member of a company called National Expert Witness Network (NEWN). The majority owner, Defendant David McDonald, offered to purchase Plaintiff shares and she accepted. The owner then breached the agreement. Claims revolving around breaches of fiduciary duty are also claimed in the action.

The complaint was filed on June 5, 2007. The first amended complaint was filed on December 4, 2007. Defendants removed the matter on January 24, 2008 based on Plaintiff's testimony that was given on January 4, 2008. The basis of removal is that Plaintiff at her deposition claims she is seeking reimbursement of penalties related to funds wrongfully placed in a 401(k) plan by the defendants. However, no such claim has been made in the complaint, nor is one going to be made at trial. Therefore, defendants had no proper basis to remove the matter to Federal Court and the matter should be remanded back to San Mateo Superior Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Osbelt filed suit against Defendant David McDonald and his wife Donna McDonald under twelve causes of action, including breach of contract, breach of fiduciary duty, violation of the Beverly-Killea Limited Liability Act and corporate waste. All three were members of NEWN. Back in March of 2007, Plaintiff discovered related party transactions between NEWN and David McDonald and Donna McDonald (collectively "Defendants") related to several loans. When Osbelt questioned about it, David McDonald became irate and wanted Plaintiff out of NEWN. So he offered to buy her out for $1.8 million dollars rather than provide the back-up to the suspect loans of $210,000. Plaintiff accepted the written offer by signing the form sent to her by Defendant. Defendant then chose to breach the agreement and refused to pay Plaintiff, claiming unilateral mistake.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                 2

1  Later that month, Plaintiff was on her honeymoon. During that time David McDonald
2  and his wife froze Osbelt out of NEWN by taking her access away from the files, the building
3  and preventing her from participating in any business activity of NEWN, which Plaintiff is a
4  twenty five percent owner of.
5  Since that time, Defendant and his wife have not only froze Osbelt out of NEWN, they
6  have also plundered the assets of NEWN by entering into "consulting agreements" with NEWN.
7  That is, in order to avoid paying Osbelt from any distribution of profits, Defendants have
8  arranged it so that they would be paid for doing the same exact thing they have always been
9  doing, but have characterized it as "consulting agreements." It goes without saying that Plaintiff
10 was not offered any type of consulting arrangement with NEWN. Since these consulting
11 arrangements have been created, NEWN has operated at a loss every quarter, where they had
12 been in the black for a year leading up to the termination of Plaintiff.
13 Furthermore, in order to change the rules under which the parties were operating under,
14 David and Donna McDonald, under advice of their current counsel, entered into an amended
15 operating agreement, without the consent of Osbelt. The purpose of this was admittedly to work
16 for David and Donna's advantage and to the determent of Osbelt. The "amended" operating
17 agreement (executed by David and Donna in October 2007), now permits NEWN to purchase
18 Osbelt's shares at a reduced price without her consent. David McDonald has attempted to
19 exercise this power, by sending a check and a buy-out price of $266,000. Furthermore, David
20 McDonald had written into the "amended" agreement a non-compete clause, which prevents
21 Osbelt from competing with NEWN for two years anywhere in the United States and Canada
22 after the purported buy-out. Besides infringing on potential antitrust violations, the McDonald's
23 claim that the non-compete clause is effective, without Osbelt's approval. Thus, the purpose of
24 the "amended" operating agreement was to dictate terms of a buy-out, under counsel's advice,
25 without the consent of Osbelt. All this conduct was orchestrated under personal counsel's
26 advice, not counsel for NEWN. Osbelt was not included in the discussions of the "amended"
27 operating agreement.
28


LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**                    3

1  Defendant brought a cross-complaint against Plaintiff claiming, amongst other things, that Plaintiff had made improper reimbursement claims of under $5000 to NEWN. Defendants have also claimed harm related to a patent that was being applied for. A disagreement between the parties arose as to who the proper inventor was, and the patent was abandoned. However, the evidence is quite clear that David McDonald directed outside patent counsel from NEWN to stop the prosecution of the patent.

The action was originally filed on June 5, 2007. Defendants filed a counter-complaint on July 18, 2007. Plaintiff filed her amended complaint on December 4, 2007. The trial date for the matter was set for May 12, 2008.

### III.  LEGAL STANDARD

An action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. §1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendants bear the burden of proving the propriety of removal. Id.

On a motion for remand the burden for establishing the appropriateness of removal remains with the removing party. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). In this case the defendants have the burden of demonstrating that jurisdiction exists.

In this Circuit, there is a "strong presumption" against removal jurisdiction, which means that the defendant has a heavy burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), citing Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n. 13 (9th Cir. 1990). Further, the removal statutes are construed ***strictly and restrictively*** against removal jurisdiction. Any doubts as to removability are resolved in favor of remanding the case to the state court. Gaus, supra, 980 F.2d at 566; Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

Where the law "that creates the cause of action" is, as here, exclusively state law, there is no original federal jurisdiction and removal is improper. Franchise Tax Board v. Construction

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF        4

1  Laborers Vacation Trust, 463 U.S. 1, 13 (1983). Section 1447 of Title 28 requires that "the
2  district court shall remand" an improperly removed case. 28 U.S.C. § 1447(c), emphasis added.
3      Under these standards , removal of this case to Federal Court is improper and remand is
4  required because the entire action is governed by state law. An analysis of twelve causes of
5  action - breach of contract: agreement of sale, breach of contract: operating agreement, breach of
6  fiduciary duty; accounting, slander per se, violations of the Beverly-Killea Limited Liability
7  Company Act §§ 17058, 17106, corporate waste, abuse of control, conversion, cancellation of
8  instrument/restitution based on rescission, unjust enrichment, and alter-ego liability -reflects that
9  no federal law is "a necessary element" of the claims, nor is there a "substantial or disputed"
10 question of federal law involved.

## IV. ARGUMENT

### A. The Complaint Does Not State A Federal Question

#### 1. Nothing In The Complaint Raises An Issue Of Federal Law

"It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). In order to invoke the original jurisdiction of the federal courts, the claim or right arising under federal law must appear well-pleaded from the complaint. Louisville & Nashville Railway Co. v. Mottley, 211 U.S. 149 (1908); Committee of Interns and Residents v. New York State Labor Relations Bd., 420 F.Supp. 826, 831 (S.D.N.Y. 1976).

Defendants here fail to cite to anything in Plaintiff's First Amended Complaint to provide them a basis for removal. Plaintiff's complaint indicates only state law claims, such as a breach of contract and a breach of fiduciary duty. (Jabagchourian Decl., Exhibit A) There is no mention of ERISA or 401(k) or any federal claims in the first amended complaint. (Id.) Plaintiff's state law claims do not necessarily raise a federal issue. Baker v. BDO Seidman, LLP, 390 F.Supp.2d 919, 921 (N.D. Cal. 2005) (federal jurisdiction denied as state law claims can be decided without reference to federal laws). Based on the well-pleaded complaint rule promulgated by the United States Supreme Court, this action was improperly removed to Federal Court and should be remanded back to the Superior Court of San Mateo County.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF    5

### 2. For ERISA Preemption The Claim Must Both "Relate" to an ERISA Plan and Must Fall Within ERISA's Enforcement Scheme

While ERISA contains a broad preemption provision, the Supreme Court has narrowed its scope. See, New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645 (1995); California Div. of Labor Standards Enforcement v. Dillingham Constr. N.A., Inc., 519 U.S. 316 (1997); Emard v. Hughes Aircraft Co., 153 F.3d 949, 953-54 (9th Cir. 1998). The Supreme Court now recognizes that ERISA preemption must have limits regarding areas traditionally left to state regulation. Emard, at 953 citing Operation Engineers Health and Welfare Trust Fund v. JWJ Contracting Co., 135 F.3d 671, 677 (9thCir. 1998).

To properly remove this action to federal court defendants must show that: (1) the claim falls within the scope of ERISA's civil enforcement scheme; and (2) it narrowly "relates to" an ERISA plan. Emard, 153 F.3d at 953; Toumajian v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998).

### 3. The Complaint is Not Removable Unless it Falls Within ERISA's Civil Enforcement Scheme

Defendants may not remove this case to federal court if the claims are not governed by ERISA's civil enforcement scheme.

> Moreover, even if a defendant has a substantial and persuasive argument that the state law claim asserted in the complaint is preempted by § 1444(a) of ERISA, a defense sometimes called "conflict preemption," as long as the claim is not capable of characterization as an ERISA claim, removal is improper. The mere fact that ERISA preemption may be raised as a defense, or is in actuality is a defense, does not confer jurisdiction or authorize removal. Accordingly, even if the district court found that the Complaint contained a state law claim that "relates to" an ERISA plan, and is thus preempted by § 1144(a), **the complaint is not removable to the federal court unless it is also encompassed within ERISA's civil enforcement scheme.** (Emphasis added.)

Toumajian, 135 F.3d at 654-55. (Citations omitted).

In this case the claims do not fall within ERISA's civil enforcement scheme. Thus, even if the claims relate to an ERISA plan, which they do not, the complaint is not removable to federal court. Accordingly, the Court should remand this case.

---

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF     6

### 4. The Issues Arise From a Commercial Relationship Between Plaintiff and Defendants Not an ERISA Plan

This is not an ERISA action. This is a breach of contract and breach of fiduciary duty action brought by a member in a limited liability company. None of the factual or legal allegations of the complaint implicates employer-employee claims for benefits within the purview of ERISA. The complaint does not contain any allegations to the effect that any of the named plaintiffs or defendants are "participants," "beneficiaries," "employees," or "fiduciaries" within the context of ERISA. Nor does the complaint assert claims against an employer or employee plan. The complaint does not require an analysis or interpretation of the parties' rights and obligations under employee health or benefit plans. The complaint also does not state any state law causes of action that relate to administration of an employee benefit plan.

Federal courts are cautious not to sustain removal jurisdiction where the plaintiff seeks recovery upon state law causes of action and the claims do not directly relate to an ERISA-benefits plan. New York State Conference of Blue Cross & Blue Shield, 514 U.S. 645 (1995); Etheridge v. Harbor House Restaurant, 861 F.2d 1389 (9th Cir. 1988); Moll v. International Union, 911 F.Supp. 269, 272 (E.D. Mich. 1996) ( "[w]ithout a federal question on the face of plaintiff's complaint or complete pre-emption of state law [based on ERISA], this Court has no subject matter jurisdiction to entertain the matter.)

Here, there is no mention in the complaint of a 401(k) plan, a health plan, or any employee benefit plan. Rather, defendants cite to deposition testimony of the plaintiff. Although she claims she is entitled to damages related to a 401(k) plan, no allegation is made in the complaint on these issues. Plaintiff has no intent to amend the complaint to include a claim regarding a 401(k) plan. Accordingly the Court should remand this case to state court.

### B. There Is No ERISA Preemption Because All the Claims Arise From Violations of State Law and All the Causes of Action are Based on State Law

Conflict preemption under ERISA is not sufficient to confer federal removal jurisdiction. Because conflict preemption is not the same as complete preemption, the touchstone for removal jurisdiction, the mere fact that defendants raise conflict preemption as a defense to a plaintiff's state law claims does not mean removal is proper. Toumajian, 135 F.3d at 654-655. Rather,

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF       7

complete preemption occurs, and removal is proper, only if two conditions are met: (1) the state law claims "relate to" an ERISA plan within the meaning of § 1144(a) and are thus subject to conflict preemption; and (2) the cause of action falls within the scope of ERISA's civil enforcement provision, which is found at 29 U.S.C. § 1132(a). See, e.g., Emard, 153 F.3d at 953; Toumajian, 135 F.3d at 654. Even if the court finds that the complaint contains a state law claim that 'relates to' an ERISA plan, and is thus preempted by § 1144(a), the complaint is not removable to the federal court unless it is also encompassed within ERISA's civil enforcement scheme. Toumajian, 135 F.3d at 654.

### 1. The Claim Does Not Fall Within ERISA's Enforcement Scheme

The terms plaintiffs seek to enforce are the terms of two <u>commercial contract</u> between defendants and plaintiff, not the terms of an employee sponsored benefit plan. An action falls within the scope of ERISA's enforcement section 1132(a) "only where the plaintiff seeks to recover benefits due to him under the terms of his plan." Emard, 153 F.3d at 957.

In order for any plaintiff's claims to fall within the scope of ERISA's civil enforcement scheme:

(1) Plaintiff must be a participant, beneficiary, or fiduciary in an ERISA plan; and

(2) Plaintiff's claim must be: (a) to recover benefits due to him under the terms of his ERISA plan; (b) to enforce his rights under the terms of his ERISA plan; or (c) to clarify his rights to future benefits under the terms of his ERISA plan.

29 U.S.C. § 1132(a).

The claims fall within ERISA's enforcement scheme only if both elements are established. Neither of these conditions are present. Thus the complaint does not satisfy the first prerequisite to complete preemption.

#### a. There Are No Facts Alleged in the Complaint that Plaintiff is a Participant in an ERISA Plan

The complaint does not establish that plaintiff is a participant, beneficiary, or fiduciary in an ERISA plan. Thus, the first prong of ERISA's enforcement scheme requirement is not met.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    8

### b. Plaintiff's Claim Does Not Seek to Enforce Rights or Recover Benefits Under an ERISA Plan

Furthermore, even if Plaintiff did bring this action as a participant in an employee benefit plan, that alone is insufficient to satisfy the second prong of the ERISA enforcement scheme requirement. There is no dispute about Plaintiff's benefits or rights under her 401(k) plan. Plaintiff does not seek to a) recover benefits under his ERISA plan; b) to enforce rights under the terms of his plan; or c) to clarify his rights to future benefits under his plan. Indeed, Plaintiff asserts his breach of contract and related claims only in his capacity as a member of NEWN. She seeks only to enforce rights and to recover damages due her under an agreement to purchase her shares and under the operating agreement of NEWN. Therefore, this action does not fall within ERISA's civil enforcement scheme.

Since Plaintiff's claims do not fall within § 1132(a), the doctrine of complete preemption cannot apply and the Court must remand the case to state court. Even if the defendant has a defense under § 1144(a) that the plaintiff's claims 'relate to' an ERISA plan, the district court still does not have subject matter jurisdiction and <u>cannot rule on the preemption issue</u>." <u>Toumajian</u>, 135 F.3d at 655.

### 2. This Action Does Not "Relate to" An Employee Benefit Plan

To determine whether ERISA preempts the state law at issue the court looks first at whether falls under ERISA's civil enforcement scheme. Only if ERISA's enforcement scheme encompasses the action does the court ever arrive at the second issue of whether the state law claims "relate to" an ERISA plan within the meaning of § 1144(a).

A state law claim "relates to" ERISA if it has 1) a "reference to", or 2) a "connection with" an ERISA plan. <u>Emard</u>, 153 F.3d at 954 citing <u>Operating Engineers</u>, 135 F.3d at 677 (quoting <u>District of Columbia v. Greater Washington Bd. Of Trade</u>, 566 U.S. 125, 129 (1992)).

### a. There is No "Reference to" ERISA

A state law have a "reference to" an ERISA plan only where it "acts immediately and exclusively upon ERISA plans, ... or where the existence of ERISA plans is essential to the law's operation." <u>California Div. of Labor Standards Enforcement v. Dillingham Constr. N.A., Inc.</u>,

519 U.S. 316, 117 S. Ct. 832, 838 (1997). The state laws claims in this case do not act either immediately or exclusively upon ERISA plans, indeed they do not act upon ERISA plans at all, nor is the existence of an ERISA plan essential to the state laws operation. This action simply does not have "a reference to" ERISA and accordingly is not preempted.

### b.  This Action Does Not Have a "Connection with" ERISA

The second step of the "relates to" analysis asks whether the state law at issue has a "connection with" ERISA such that its application would frustrate the purpose of ERISA. Emard, 153 F.3d at 958. None of the four factors the Emard court considers for a "connection" with ERISA are involved in this case.

None of the causes of action in Plaintiff's first amended complaint have anything to do ERISA. As mentioned earlier, defendants have cited to nothing in Plaintiff's complaint to support removal of the action to Federal Court.

### 3.  Defendants Cases Used In Support Of Removal Actually Support Remand

Defendants cite Riggs v. Continental Baking Co., 678 F.Supp. 236 (N.D.Cal 1988) as grounds for the deposition being a basis for removal. The Court in Riggs found that a deposition was the first notice defendants had to indicate removability under Section 1446(b). (Id. at 238) The Court held that many of the causes of action of the plaintiff did not arise out of federal law, and would not hear those matters under the exercise of pendent jurisdiction. (Id. at 239) The Riggs court remanded the entire action back to state court. (Id.)

The case of Brooks v. Solomon Co., 542 F.Supp. 1229 (N.D. Ala 1982) cited by Defendants does not even challenge the notion of whether there was proper subject matter jurisdiction to remove the matter to federal court. It is merely cited for the proposition that a deposition can be the basis for removal. Unlike this case, the entire claim brought by the Plaintiff in Brooks turned on a federal question related to a collective bargaining agreement.

Here, Defendants seek to remove the entire body of the action by a mere toe hold claim made at deposition. Based on a claim made at a deposition by Plaintiff that would amount to an estimated $4000, Defendants claim that the entire thirteen count action should be removed.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF        10

### 4. This is a Breach of Fiduciary Duty and Breach of Contract Action

Plaintiff has brought a claim for a breach of fiduciary duty based on Defendants' conduct as majority shareholders and managers of NEWN. The claim of the 401(k) funds being improperly placed will not require an interpretation of ERISA, but a simple analysis of the consent and authority had by the defendants to do so. The General American court specifically states that ERISA does not purport to regulate relationships where the plan operates just like any other commercial entity – "for instance, the relationship between the plan and its own employees, or the plan and its insurers or creditors, or the plan and the landlords from whom it leases its office space." General American Life Ins. v Castonguay, 984 F.2d 1518, 1522 (1993). The court notes that state law governs these relationships because it is much less likely to disrupt the ERISA scheme. Furthermore, the court states that if these relationships were governed by federal law, federal courts would have to invent a federal common law contracts, torts, property, corporations, something that would run against the grain of our federal system. Id.

### C. The Court Should Order Defendant to Pay Plaintiffs' Costs and Attorney Fees

On granting a motion to remand, the Court may order the defendants to pay the plaintiff its "just costs and any actual expenses, *including attorney fees*, incurred as a result of the removal . . . ." 28 U.S.C. § 1447(c); see also Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993).

A removal notice must be based on an objectively reasonable inquiry into the jurisdictional facts asserted therein. Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 305 (9th Cir. 1987). Attorneys are subject to sanctions for removing an action without an objectively reasonable basis for doing so. 28 U.S.C. § 1446(a); Rockwell Int'l Credit, 823 F.2d at 305. A showing that the removal was unjustifiable, not colorable, or tenuous are factors that support an award of fees. Samura v. Kaiser Foundation Health Plan, Inc., 715 F. Supp. 970, 972 (N.D. Cal. 1989).

Here, Defendants removed the case to this Court notwithstanding the absence of subject matter jurisdiction. Defendants placed their bet on the deposition of Plaintiff regarding her view

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF    11

of damages, which in no way reflect anything alleged in the complaint. Furthermore, Plaintiff never alleges a claim for reimbursement for the 401(k) funds in her complaint and does not intend to. Finally, the 401(k) issue is not pre-empted by ERISA and Defendants have failed to show in their removal notice how it is so.

As a result, Plaintiff has expended time and incurred costs to have this case remanded to state court. *See* Declaration of Ara Jabagchourian. The Court should order Defendants to pay Plaintiff's costs and attorneys' fees.

## V.  CONCLUSION

This action does not fall within the scope of ERISA's civil enforcement scheme nor do the state law claims "relate to" an ERISA plan. Defendants have no grounds for removing this action to Federal Court. The facts in the complaint revolve around claims for breach of contract and breach of fiduciary duty unrelated to an ERISA plan or benefit. The Court should remand this case to state court and sanction defendants for the improper removal, based on the unnecessary expenditure of the Court's resources and the Plaintiffs' time.

DATED: February 22, 2008                                COTCHETT, PITRE & McCARTHY


By:  /s/ Ara Jabagchourian
     ARA JABAGCHOURIAN
     *Attorneys for Plaintiff*

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    12