1  ARA JABAGCHOURIAN (205777)
   ajabagchourian@cpmlegal.com
2  SEAN E. PONIST (204712)
   sponist@cpmlegal.com
3  **COTCHETT, PITRE & McCARTHY**
   San Francisco Airport Office Center
4  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
5  Telephone: (650) 697-6000
   Facsimile:  (650) 697-0577
6
   *Attorneys for Plaintiff*
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER OSBELT,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID D. McDONALD, DONNA K. McDONALD, and DOES 1 THROUGH 10, inclusive,<br><br>    Defendants. | Case No.  CV 08-0534 JL<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         April 9, 2008<br>Time:         9:30 a.m.<br>Courtroom: F<br>Judge:        Hon. Magistrate James Larson |
| DAVID D. McDONALD; DONNA K. McDONALD; NATIONAL EXPERT WITNESS NETWORK, a California Limited Liability Company; TECHNOLOGY CLE, a California Limited Liability Company,<br><br>    Cross-Complainants,<br><br>  v.<br><br>JENNIFER OSBELT, individually and doing business as PALO ALTO TECHNICAL, and ROES 1-10, inclusive,<br><br>    Cross-Defendants. | |

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## TABLE OF CONTENTS

**PAGE NO.**

NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      II.     FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . 2

      III.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            A.    The Court Should Order Defendant to Pay Plaintiffs' Costs and Attorney Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF        i

# TABLE OF AUTHORITIES

**PAGE NOS.**

**CASES**

Morris v. Bridgestone/Firestone, Inc.
    985 F.2d 238 (6th Cir. 1993) ................................................. 4

Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group
    823 F.2d 302 (9th Cir. 1987) ................................................. 4

Samura v. Kaiser Foundation Health Plan, Inc.
    715 F. Supp. 970 (N.D. Cal. 1989) ............................................ 4


**STATUES**

28 U.S.C. § 1446(a) .............................................................. 4

28 U.S.C. § 1447(c) ........................................................... 1, 4

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR COSTS AND EXPENSES; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                                                ii

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 9, 2008 at 9:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Magistrate James Larson, in Courtroom F of the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, Plaintiff and Counter-Defendant Jennifer Osbelt will move the Court for an order for costs and expenses associated with her efforts to remand this action to the Superior Court of the State of California, County of San Mateo, where the action and counter-claim was originally filed.

This motion for cots and expenses is bought pursuant to 28 U.S.C. § 1447(c) and governing case law, on the basis that defendants and counter-plaintiffs National Expert Witness Network, David McDonald and Donna McDonald ("Defendants") wrongfully removed this case from state court to federal court, since the federal court does not have jurisdiction due to the action lacking a federal question.

This motion is based upon this notice of motion and motion, the memorandum of points and authorities, the Declaration of Ara Jabagchourian, any papers filed in reply, the arguments of counsel, and all papers and records on file in this matter.

## RELIEF SOUGHT

Plaintiff Jennifer Osbelt (hereinafter "Plaintiff" or "Osbelt") seeks to have her costs and expenses, including attorney fees, paid by defendants pursuant to 28 U.S.C. §1447(c).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The underlying action is a twelve count action and a counterclaim that was removed from Superior Court of California, County of San Mateo as a looming trial date was approaching. The basis of removal is on an alleged ERISA claim that was never pled in the complaint. Plaintiff is a minority member of a company called National Expert Witness Network (NEWN). The majority owner, Defendant David McDonald, offered to purchase Plaintiff shares and she

LAW OFFICES COTCHETT, PITRE & MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                                                              1

1  accepted. The owner then breached the agreement. Claims revolving around breaches of
2  fiduciary duty are also claimed in the action.
3        The complaint was filed on June 5, 2007. The first amended complaint was filed on
4  December 4, 2007. Defendants removed the matter on January 24, 2008 based on Plaintiff's
5  testimony that was given on January 4, 2008. The basis of removal is that Plaintiff at her
6  deposition claims she is seeking reimbursement of penalties related to funds wrongfully placed in
7  a 401(k) plan by the defendants. However, no such claim has been made in the complaint, nor is
8  one going to be made at trial. Therefore, defendants had no proper basis to remove the matter to
9  Federal Court and the matter should be remanded back to San Mateo Superior Court.

10  **II.     FACTUAL AND PROCEDURAL BACKGROUND**
11        Plaintiff Osbelt filed suit against Defendant David McDonald and his wife Donna
12  McDonald under twelve causes of action, including breach of contract, breach of fiduciary duty,
13  violation of the Beverly-Killea Limited Liability Act and corporate waste. All three were
14  members of NEWN. Back in March of 2007, Plaintiff discovered related party transactions
15  between NEWN and David McDonald and Donna McDonald (collectively "Defendants") related
16  to several loans. When Osbelt questioned about it, David McDonald became irate and wanted
17  Plaintiff out of NEWN. So he offered to buy her out for $1.8 million dollars rather than provide
18  the back-up to the suspect loans of $210,000. Plaintiff accepted the written offer by signing the
19  form sent to her by Defendant. Defendant then chose to breach the agreement and refused to pay
20  Plaintiff, claiming unilateral mistake.
21        Later that month, Plaintiff was on her honeymoon. During that time David McDonald
22  and his wife froze Osbelt out of NEWN by taking her access away from the files, the building
23  and preventing her from participating in any business activity of NEWN, which Plaintiff is a
24  twenty five percent owner of.
25        Since that time, Defendant and his wife have not only froze Osbelt out of NEWN, they
26  have also plundered the assets of NEWN by entering into "consulting agreements" with NEWN.
27  That is, in order to avoid paying Osbelt from any distribution of profits, Defendants have
28  arranged it so that they would be paid for doing the same exact thing they have always been

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR COSTS AND EXPENSES; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF      2

doing, but have characterized it as "consulting agreements." It goes without saying that Plaintiff was not offered any type of consulting arrangement with NEWN. Since these consulting arrangements have been created, NEWN has operated at a loss every quarter, where they had been in the black for a year leading up to the termination of Plaintiff.

Furthermore, in order to change the rules under which the parties were operating under, David and Donna McDonald, under advice of their current counsel, entered into an amended operating agreement, without the consent of Osbelt. The purpose of this was admittedly to work for David and Donna's advantage and to the determent of Osbelt. The "amended" operating agreement (executed by David and Donna in October 2007), now permits NEWN to purchase Osbelt's shares at a reduced price without her consent. David McDonald has attempted to exercise this power, by sending a check and a buy-out price of $266,000. Furthermore, David McDonald had written into the "amended" agreement a non-compete clause, which prevents Osbelt from competing with NEWN for two years anywhere in the United States and Canada after the purported buy-out. Besides infringing on potential antitrust violations, the McDonald's claim that the non-compete clause is effective, without Osbelt's approval. Thus, the purpose of the "amended" operating agreement was to dictate terms of a buy-out, under counsel's advice, without the consent of Osbelt. All this conduct was orchestrated under personal counsel's advice, not counsel for NEWN. Osbelt was not included in the discussions of the "amended" operating agreement.

Defendant brought a cross-complaint against Plaintiff claiming, amongst other things, that Plaintiff had made improper reimbursement claims of under $5000 to NEWN. Defendants have also claimed harm related to a patent that was being applied for. A disagreement between the parties arose as to who the proper inventor was, and the patent was abandoned. However, the evidence is quite clear that David McDonald directed outside patent counsel from NEWN to stop the prosecution of the patent.

The action was originally filed on June 5, 2007. Defendants filed a counter-complaint on July 18, 2007. Plaintiff filed her amended complaint on December 4, 2007. The trial date for the matter was set for May 12, 2008.



LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF        3

### III. ARGUMENT

#### A. The Court Should Order Defendant to Pay Plaintiffs' Costs and Attorney Fees

On granting a motion to remand, the Court may order the defendants to pay the plaintiff its "just costs and any actual expenses, *including attorney fees*, incurred as a result of the removal . . . ." 28 U.S.C. § 1447(c); see also Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993).

A removal notice must be based on an objectively reasonable inquiry into the jurisdictional facts asserted therein. Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 305 (9th Cir. 1987). Attorneys are subject to sanctions for removing an action without an objectively reasonable basis for doing so. 28 U.S.C. § 1446(a); Rockwell Int'l Credit, 823 F.2d at 305. A showing that the removal was unjustifiable, not colorable, or tenuous are factors that support an award of fees. Samura v. Kaiser Foundation Health Plan, Inc., 715 F. Supp. 970, 972 (N.D. Cal. 1989).

Here, Defendants removed the case to this Court notwithstanding the absence of subject matter jurisdiction. Defendants placed their bet on the deposition of Plaintiff regarding her view of damages, which in no way reflect anything alleged in the complaint. Furthermore, Plaintiff never alleges a claim for reimbursement for the 401(k) funds in her complaint and does not intend to. Finally, the 401(k) issue is not pre-empted by ERISA and Defendants have failed to show in their removal notice how it is so.

As a result, Plaintiff has expended time and incurred costs to have this case remanded to state court. *See* Declaration of Ara Jabagchourian. The Court should order Defendants to pay Plaintiff's costs and attorneys' fees.

### IV. CONCLUSION

This action does not fall within the scope of ERISA's civil enforcement scheme nor do the state law claims "relate to" an ERISA plan. Defendants have no grounds for removing this action to Federal Court. The facts in the complaint revolve around claims for breach of contract and breach of fiduciary duty unrelated to an ERISA plan or benefit. Based on the Court's remand

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF         4

of this case back to state court, a sanction award of Plaintiff's costs and expenses should be awarded.

DATED: February 22, 2008            **COTCHETT, PITRE & McCARTHY**

By: ___/s/ Ara Jabagchourian___
      ARA JABAGCHOURIAN
      *Attorneys for Plaintiff*

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR COSTS AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**                 5