WILLIAM J. GOINES (SBN 61290)
KAREN ROSENTHAL (SBN 209419)
CINDY HAMILTON (SBN 217951)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email: goinesw@gtlaw.com
        hamiltonc@gtlaw.com

Attorneys for Defendants and Cross-Complainants
David D. McDonald, Donna K. McDonald,
National Expert Witness Network and Technology
CLE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER OSBELT,<br><br>           Plaintiff(s);<br><br>v.<br><br>DAVID D. McDONALD, DONNA K. McDONALD, and DOES 1-10, inclusive,<br><br>           Defendant(s).<br><br>AND RELATED CROSS-ACTION | Case No. CV 08-0534 PJH<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S FOR ATTORNEY'S FEES**<br><br>Date: May 21, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom 3, 17th Fl. |

## I. INTRODUCTION

Plaintiff Jennifer Osbelt ("Osbelt or "Plaintiff") sent emails and letters to NEWN's 401(k) administrator and institutional investor accusing the Defendants of committing an "intentional act of fraud" with the NEWN's 401(k) plan and threatening to add them to her lawsuit. Osbelt was deposed on January 4, 2008, at which time she made clear that misappropriation of her money through a 401(k) plan, and the damages resulting therefrom, is part of her lawsuit against David McDonald and Donna McDonald (the "McDonalds").

Defendants have objectively reasonable grounds to remove this case to federal court based on Plaintiff's ERISA claims, and Plaintiff's Motion for Attorney's Fees should be denied.

## II. STATEMENT OF THE FACTS

Defendants Opposition to Plaintiff's Motion to Remand contains a detailed statement of the facts; for the sake of efficiency Defendants will limit this statement of facts to those issues demonstrating Defendants good cause to remove this case to Federal Court.

### A. Background of NEWN's 401(k) plan and Plaintiffs allegations

The founders of NEWN always intended to add a 401(k) plan for its employees when the company became sufficiently profitable. Decl. of David. McDonald ¶ 2. In December 2006, a meeting was held at the NEWN headquarters regarding the implementation of a 401(k) plan. McDonald Decl. ¶ 2. In attendance were all NEWN employees, all NEWN owners, including the Plaintiff, NEWN's bookkeeping CPA, tax CPA and the 401(k) administrators, Bidwell Consulting and institutional investor Edward Jones. McDonald Decl. ¶ 2. At this juncture, all NEWN employees and owners, including Plaintiff, provided Edward Jones with a signed document containing their home addresses and tax ID numbers giving Edward Jones the authorization to set up their 401(k) and profit sharing contributions. McDonald Decl. ¶ 2.

In July 2007 Plaintiff wrote a letter to NEWN's 401(k) Profit Sharing Plan's administrators Bidwell Consulting and institutional investor Edward Jones accusing the McDonalds of committing "an intentional act of fraud" with NEWN's 401(k) plan. A true and correct copy of this letter is attached to the Declaration of David McDonald as <u>Exhibit B</u>. The McDonalds received an email from Bidwell Consulting detailing a conversation they had with Osbelt, where Osbelt made the following accusations:

- Osbelt accused Bidwell Consulting of "conspiring with NEWN to withhold her retirement money illegally" Ex. C ¶ 7

- Osbelt accused the McDonalds of having "embezzled and stolen money from her" Ex. C ¶ 9

- Osbelt accused Bidwell Consulting of being "in on it" and being part of the "embezzlement and theft". Ex. C ¶ 10

- Osbelt called Mr. Banathy of Bidwell Consulting "stupid". Ex. C ¶ 11

- Osbelt threatened to "join [Bidwell Consulting] in a lawsuit" that "would cost [Bidwell Consulting] a lot of money in legal fees" Ex. C ¶ 8
- Osbelt told Creasia Gale of Bidwell Consulting that "she would go to jail for helping embezzle money from [Osbelt]. Ex. C.

A true and correct copy of this email relaying conversation with Osbelt from Bidwell Consulting is attached to the Declaration of David McDonald as Exhibit C.

**B. Plaintiff describes her ERISA claims as part of this lawsuit in deposition**

Despite her earlier accusations of 401(k) fraud by the McDonalds to third parties, Plaintiff's original and First Amended Complaint did not specifically indicate an ERISA claim or damages based on any mismanagement or misappropriation of Plaintiffs money through NEWN's 401(k) plan. However, in deposition, Plaintiff made clear that she is accusing the McDonalds of fraud and/or misappropriation of her money through NEWN's 401(k) plan and that she is seeking to have funds placed in her behalf into the NEWN 401(k) plan disgorged so that she doesn't have to pay tax penalties. Plaintiff testified in great detail during her deposition about the nature of her ERISA claims against the McDonalds:

> Q. And you have accused the McDonalds of taking your 401(k) and pension profit sharing plan in this case; is that true?
>
> A. That's correct.
>
> Q. What bases do you have to say that?
>
> A. Well, I never agreed to fund it, number one. Number two, for the 401(k) plan, I never signed a salary reduction form…
>
> Q. So they stole your money?
>
> A. I don't know if they stole it. They took my money and put it in this plan without my salary reduction form or a salary reduction form. So I'd already funded my IRA, and then they went ahead and put extra money into this plan without my permission and it exceeded my maximum for the year…
>
> Q Do you have any evidence that funds are not sitting in a 401(k) account for you that were distributed to a 401(k) account for the benefit of Jennifer Osbelt from NEWN?
>
> A. I never approved them taking the money and putting it in this account.…
>
> Q. Have you had to pay any penalties, have you had to pay any taxes, have you had to pay an interest as a result of that?

A. Yes, I have to take my money out of my Prudential account and pay an extra 10 percent penalty.

Q. Have you done that?

A. No. Because I'm disputing them putting money inside this 401(k) plan without my permission.

Deposition of Jennifer Osbelt 165:21-166:21; 167:10-167:15; 168:11-19 (emphasis added). A true and correct copy of excerpts from the Deposition of Jennifer Osbelt is attached to the Declaration of Cindy Hamilton as Exhibit A.

III. **ARGUMENT**

Plaintiff asks the Court for an award of attorney's fees and costs incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). However, such fees and costs may not be awarded if Plaintiffs Motion to Remand is denied. See Circle Indusl, USA v. Parke Constr. Group, Inc., 183 F.3d 105, 109 (2d Cir. 1999)(the removal "statute does not authorize courts to award attorneys' fees when upholding a removal".) Therefore, if the Court denies Plaintiffs' Motion for the reasons set forth in this brief, their request for fees and costs much be denied.

Moreover, even if the Court were to grant Plaintiff's Motion, Plaintiff is not entitled to an award of fees and costs. The language of the statute confirms that such an award is discretionary. See 28 U.S.C. 1447(c) (providing that "an order remanding the case *may* require payment") (emphasis added). Fees and costs for improper removal cannot be awarded if the defendant had objectively reasonable grounds to believe removal was proper. Valdes v. Wal-Mart Stores, Inc. 199 F.3d 290, 292 (5th Cir. 2000).

Here, Defendant has numerous objectively reasonable grounds to believe removal of this action was legally proper. Plaintiff embarked on a mission to contact every conceivable person who had a hand in processing NEWN's 401(k) plan to convince them that the McDonalds "embezzled" money from her through NEWN's 401(k) plan, and has threatened to add 401(k) administrator Bidwell Consulting and institutional investor Edward Jones as parties to this lawsuit. Plaintiff contacted numerous individuals from Bidwell Consulting and Edward Jones in writing and over the phone accusing the McDonalds of embezzlement and seeking relief in the form of the return of her money. Defendants thought it possible that Plaintiff had decided to drop

these claims when they didn't appear in her Complaint; however, Plaintiff's deposition confirmed that not only is she bringing claims against the McDonalds "in this case" for misappropriation of her money in NEWN's 401(k) plan, she is seeking restitutionary disgorgement of her funds and reimbursement of tax penalties. Plaintiff's own moving papers acknowledge that her 401(k) fraud claims will be presented to the state court if this case is remanded.

Plaintiff should not be rewarded with attorneys fees for attempting to "hide the ball" by pleading around her federal claims in the guise of state court claims to avoid federal jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney Fees should be denied.

DATED: April 29, 2008                               GREENBERG TAURIG, LLP


By: /s/ William J. Goines
    William J. Goines
    Cindy Hamilton

    Attorneys for Defendants and Cross-
    Complainants David D. McDonald, Donna K.
    McDonald, National Expert Witness Network
    and Technology CLE