ARA JABAGCHOURIAN (205777)
ajabagchourian@cpmlegal.com
SEAN E. PONIST (204712)
sponist@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER OSBELT,<br><br>Plaintiff,<br><br>v.<br><br>DAVID D. McDONALD, DONNA K. McDONALD, and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No. CV 08-0534 PJH<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR COSTS AND EXPENSES**<br><br>Date:       May 21, 2008<br>Time:       9:00 a.m.<br>Courtroom:  3<br>Judge:      Hon. Phyllis J. Hamilton |
| DAVID D. McDONALD; DONNA K. McDONALD; NATIONAL EXPERT WITNESS NETWORK, a California Limited Liability Company; TECHNOLOGY CLE, a California Limited Liability Company,<br><br>Cross-Complainants,<br><br>v.<br><br>JENNIFER OSBELT, individually and doing business as PALO ALTO TECHNICAL, and ROES 1-10, inclusive,<br><br>Cross-Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR COSTS AND EXPENSES**

## **TABLE OF CONTENTS**

**Page(s)**

I.   ISSUE PRESENTED............................................................. 1

II.  ARGUMENT........................................................................ 1

III. CONCLUSION..................................................................... 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*De Buono v. NYSA-ILA Medical and Clinical Svcs. Fund*
   520 U.S. 806, 117 S. Ct. 1747, 1751, 138 L. Ed. 2d 21 (1997)........................ 2

*Emard v. Hughes Aircraft Co.*
   153 F.3d 949, 961 (9th Cir. 1998).......................................... 2

*Martin v. Franklin Capital Corp.*
    546 U.S. 132, 138 (2005). ............................................. 2

*Metropolitan Life Ins. Co. v. Taylor*
    481 U.S. 58, 61 (1987). .............................................. 2

Morris v. Bridgestone/Firestone, Inc.
    985 F.2d 238 (6th Cir. 1993)............................................ 1

*Operating Engineers Health and Welfare Trust Fund v. JWJ Contracting Co.*
    135 F.3d 671, 677 (9th Cir. 1998) ....................................... 2

Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group
    823 F.2d 302 (9th Cir. 1987)............................................ 1

*Samura v. Kaiser Foundation Health Plan, Inc.*
    715 F. Supp. 970, 972 (N.D. Cal. 1989)................................... 1

*Toumajian v. Frailey*
    135 F.3d 648, 654 n.3 (9th Cir. 1998)................................... 2

**I.     ISSUE PRESENTED**

In determining whether the Court should award costs and expenses, the following issue is presented: should defendants be sanctioned for removing this case without basis?

**II.     ARGUMENT**

The Court may order the defendants to pay the plaintiff its "just costs and any actual expenses, *including attorney fees*, incurred as a result of the removal . . . ." when remand is ordered. 28 U.S.C. § 1447(c); see also, *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). A removal notice must be based on an objectively reasonable inquiry into the jurisdictional facts asserted therein. *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 305 (9th Cir. 1987). Attorneys are subject to sanctions for removing an action without an objectively reasonable basis for doing so. 28 U.S.C. § 1446(a); *Rockwell Int'l Credit*, 823 F.2d at 305. A showing that the removal was unjustifiable, not colorable, or tenuous are factors that support an award of fees. *Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989). It is not necessary to show that the removing party's position was "frivolous, unreasonable or without foundation" in order to award sanctions. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005).

In this case, there was no "objectively reasonable" basis for removal. Defendants have failed to cite a single case supporting their removal of this action. They rely solely on the *Metropolitan* decision to justify their removal. Opp. at pp. 8-9. *Metropolitan* is not on point. In that case, plaintiff alleged claims concerning benefits under an insurance health plan (no such claims have been made in this case). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 61 (1987). Defendants fail to cite a single case supporting removal of an action based on a partnership/membership dispute.

Moreover, since the *Metropolitan* decision in 1987, "the Court has come to recognize that ERISA preemption must have limits when it enters areas traditionally left to state regulation" and has been much more restrictive in finding defendants' contentions of ERISA claims as a basis for removal. *Operating Engineers Health and Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671, 677 (9th Cir. 1998), citing *De Buono v. NYSA-ILA Medical and*

*Clinical Svcs. Fund*, 520 U.S. 806, 117 S. Ct. 1747, 1751 (1997); see also, *Toumajian v. Frailey*, 135 F.3d 648, 654 n.3 (9th Cir. 1998). As stated by the Ninth Circuit, a "preemption clause no longer has the power to transmute into a federal question every issue that brushes against the periphery of an ERISA plan." *Emard v. Hughes Aircraft Co.,* 153 F.3d 949, 961 (9th Cir. 1998). Defendants removal papers and opposition completely ignored this "recent" Supreme Court and Ninth Circuit authority.

This is a simple case grounded in state law. None of these claims and allegations have anything to do with ERISA. Despite defendants' mischaracterization of this case, the "heart and soul" of the case involves a partnership/membership dispute, not ERISA violations. At plaintiff's deposition, defendants spent an inordinate amount of time attempting to establish grounds for removal based on claimed ERISA violations against them. However, despite their best efforts, they were unable to do so. Fully aware that this case has nothing to do with ERISA, defendants nonetheless have attempted to use a minor, collateral issue in an attempt to justify removal. They have provided no factual or legal basis for doing so. Their actions are sham and dilatory. Justice has been delayed for plaintiff and the Court's time wasted by their improper removal.

### III.   CONCLUSION

For the foregoing reasons, plaintiff requests that the Court order defendants to pay attorney fees and costs.[1]

Dated: May 7, 2008                                         **COTCHETT PITRE & McCARTHY**


                                                            */s/ Sean E. Ponist*

                                                            SEAN E. PONIST
                                                            *Attorneys for Plaintiff*

---

[1]   See the Declarations of Ara R. Jabachourian and Sean E. Ponist in support of costs and expenses.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR COSTS AND EXPENSES**                     2

1  ARA JABAGCHOURIAN (205777)
   ajabagchourian@cpmlegal.com
2  SEAN E. PONIST (204712)
   sponist@cpmlegal.com
3  **COTCHETT, PITRE & McCARTHY**
   San Francisco Airport Office Center
4  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
5  Telephone: (650) 697-6000
   Facsimile: (650) 697-0577
6
   *Attorneys for Plaintiff*
7

8                   **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| 12  JENNIFER OSBELT, | Case No. CV 08-0534 JL |
| 13       Plaintiff, | **DECLARATION OF SEAN PONIST IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND TO STATE COURT AND REPLY IN SUPPORT OF MOTION FOR COSTS AND EXPENSES** |
| 14       v. | |
| 15  DAVID D. McDONALD, DONNA K. McDONALD, and DOES 1 THROUGH 10, inclusive, | |
| 16 | |
| 17       Defendants. | Date:       May 21, 2008<br>Time:       9:00 a.m.<br>Courtroom: 3<br>Judge:      Hon. Phyllis J. Hamilton |
| 18  DAVID D. McDONALD; DONNA K. McDONALD; NATIONAL EXPERT WITNESS NETWORK, a California Limited Liability Company; TECHNOLOGY CLE, a California Limited Liability Company, | |
| 19 | |
| 20 | |
| 21       Cross-Complainants, | |
| 22       v. | |
| 23  JENNIFER OSBELT, individually and doing business as PALO ALTO TECHNICAL, and DOES 1-10, inclusive, | |
| 24 | |
| 25       Cross-Defendants. | |
| 26 | |

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**DECL. OF SEAN PONIST IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND AND REPLY IN SUPPORT OF MOTION FOR COSTS AND EXPENSES**

I, SEAN PONIST, declare as follows:

1. I am an attorney duly licensed and admitted to practice before all courts in the State of California, and am associated with the law firm of Cotchett, Pitre & McCarthy, counsel for Plaintiff Jennifer Osbelt in this action.

2. According to the transcript of plaintiff's deposition, defense counsel devoted the following pages to questioning plaintiff about her 401(k) account: 165:2-173:21, 202:24-225:12, 230-:25-240:21.

3. I have expended 8 hours responding to defendants' opposition, including time spent reviewing plaintiff's deposition transcript and researching and preparing the reply. My hourly rate is $250.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 7th day of May, 2008 at Burlingame, California.

                                        */s/ Sean Ponist*
                                        SEAN E. PONIST

LAW OFFICES
COTCHETT, PITRE & MCCARTHY

**DECL. OF SEAN PONIST IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND AND REPLY IN SUPPORT OF MOTION FOR COSTS AND EXPENSES**   1