ARA JABAGCHOURIAN (205777)
ajabagchourian@cpmlegal.com
SEAN E. PONIST (204712)
sponist@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile:  (650) 697-0577

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER OSBELT,<br><br>              Plaintiff,<br><br>     v.<br><br>DAVID D. McDONALD, DONNA K. McDONALD, and DOES 1 THROUGH 10, inclusive,<br><br>              Defendants. | Case No.  CV 08-0534 PJH<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND TO STATE COURT**<br><br>Date:         May 21, 2008<br>Time:         9:00 a.m.<br>Courtroom: 3<br>Judge:        Hon. Phyllis J. Hamilton |
| DAVID D. McDONALD; DONNA K. McDONALD; NATIONAL EXPERT WITNESS NETWORK, a California Limited Liability Company; TECHNOLOGY CLE, a California Limited Liability Company,<br><br>              Cross-Complainants,<br><br>     v.<br><br>JENNIFER OSBELT, individually and doing business as PALO ALTO TECHNICAL, and ROES 1-10, inclusive,<br><br>              Cross-Defendants. | |

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. Plaintiff's claims have nothing to do with ERISA or other violations of federal law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        1. The "heart and soul" of this case involves claims grounded in state law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2. Clever deposition questioning is insufficient to justify removal . . . . . . . . 3

    B. Plaintiff's claims do not fall within ERISA's civil enforcement scheme and therefore are not removable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1. A case is removable if, and only if, it falls within ERISA's civil enforcement scheme . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C. Attorney fees are warranted under the circumstances . . . . . . . . . . . . . . . . . . . . . . 7

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Caterpillar, Inc. v. Williams*
    107 S. Ct. 2425, 2429 (1987) ................................................. 2

*De Buono v. NYSA-ILA Medical and Clinical Svcs. Fund*
    520 U.S. 806, 117 S. Ct. 1747, 1751 (1997) ................................ 3

*Dishman v. UNAM Life Ins. Co. of America*
    269 F.3d 974, 983-984 (9th Cir. 2001) ....................................... 3

*Emard v. Hughes Aircraft Co.*
    153 F.3d 949, 961 (9th Cir. 1998) ............................................ 3

*Etheridge v. Harbor House Restaurant*
    861 F.2d 1389, 1393 (9th Cir. 1998) ......................................... 2

*Karambelas v. Hughes Aircraft Co.*
    992 F.2d 971, 974 (9th Cir. 1993) ........................................ 2, 4

*Kelly v. Everex Systems, Inc.*
    No. 96-16889, 1997 U.S. App. LEXIS 33566, *4 (9th Cir. Nov. 21, 1997) ........... 4

*Merrill v. Kiewit Pacific Co., Inc.*
    No. C 05-4460 MEJ, 2006 U.S. Dist. LEXIS 22385, *14 (9th Cir. Apr. 12, 2006) ... 3, 5

*Metropolitan Life Ins. Co. v. Taylor*
    481 U.S. 58, 61 (1987) ......................................................... 3

*Operating Engineers Health and Welfare Trust Fund v. JWJ Contracting Co.*
    135 F.3d 671, 677 (9th Cir. 1998) ............................................ 3

*Sullivan v. First Affiliated Secs., Inc.*
    813 F.2d 1368, 1371 (9th Cir. 1987) .......................................... 2

*Toumajian v. Frailey*
    135 F.3d 648, 654 n.3 (9th Cir. 1998) ..................................... 3, 5

**Authorities**

28 U.S.C. § 1441(a) ............................................................... 2

29 U.S.C. § 1132(a) ............................................................... 6

U.S.C. § 1446(b) .................................................................. 5

## I. INTRODUCTION

This is a simple case grounded in state law. Plaintiff Jennifer Osbelt along with Defendants David and Donna McDonald have been members and managers of a three person limited liability company called NEWN since May of 2004. First Amended Complaint ("FAC") at ¶ 16. In March of 2007, a dispute arose between the parties; defendants then offered to purchase plaintiff's interest for just over $1.8 million. FAC at ¶ 21. Plaintiff accepted. FAC at ¶ 22. Defendants then refused to pay plaintiff for her interest NEWN. FAC at ¶¶ 47, 52. Based on these events, plaintiff brought a <u>state law claim</u> for breach of contract. FAC at ¶¶ 48-53.

Although still a member and manager of NEWN, defendants proceeded to exclude her from participating in management and denied her access to the books and records. FAC at ¶¶ 26-47. They executed "consulting" service agreements between themselves and NEWN, without the review or approval of any disinterested members or managers, for services which all members and managers had previously been compensated through their share of profits. FAC ¶ 45. Through these "consulting" service agreements as well as improper debt obligations payable to themselves, defendants drained hundreds of thousands of dollars out of the company, necessitating a series of unwarranted and improper capital calls. FAC at ¶¶ 45-47, 80-107. Their actions harmed the company and its minority member. *Id*. Based on this conduct, plaintiff brought <u>state law claims</u> for breach of the operating agreement, breach of fiduciary duties, an accounting, violation of California's Beverly-Killea Limited Liability Company Act, corporate waste, abuse of control, conversion, restitution, unjust enrichment, and alter ego liability.

None of these claims and allegations have anything to do with ERISA. Despite defendants' mischaracterization of this case, the "heart and soul" of the case involves a partnership/membership dispute, not ERISA violations. At plaintiff's deposition, defendants spent an inordinate amount of time attempting to establish grounds for removal based on claimed ERISA violations against them. However, despite their best efforts, they were unable to do so. The end result of their exhaustive, "clever" questioning was merely a concession that defendants had misappropriated plaintiff's share of her <u>profits</u> ***but not*** that any <u>401(k) funds</u> themselves had been misappropriated. Thus, this collateral issue, for which plaintiff has not even alleged

damages, does not fall within ERISA's civil enforcement scheme and removal was thereby improper.

Based on this reply and plaintiff's other moving papers, plaintiff respectfully requests that this Court remand the matter back to state court and sanction defendants for their dilatory and unwarranted removal of this action.

**II.    ISSUES PRESENTED**

In determining whether the Court should remand this case to state court, the following issues are presented:

1. Where the "heart and soul" of this case involves state claims, may it still be removed because of a tenuous federal question?
2. Can defendants' "clever deposition questioning" create a basis for removal where none existed and none was alleged?
3. Are matters outside of ERISA's civil enforcement scheme still removal under ERISA preemption?
4. Should defendants be sanctioned for removing this case without basis?

**III.    ARGUMENT**

**A.    Plaintiff's claims have nothing to do with ERISA or other violations of federal law**

**1.    The "heart and soul" of this case involves claims grounded in state law**

"The removal statute authorizes a defendant to remove to federal court any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Etheridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1998), citing 28 U.S.C. § 1441(a). Consequently, "only [those] state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Etheridge* at 1400, citing *Caterpillar, Inc. v. Williams*, 107 S. Ct. 2425, 2429 (1987); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987); *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

In determining whether a plaintiff's claims could have been filed in federal court, the Ninth Circuit looks to the "heart and soul" of the allegations. *Karambelas v. Hughes Aircraft*

*Co.*, 992 F.2d 971, 974 (9th Cir. 1993); see also, *Merrill v. Kiewit Pacific Co., Inc., No.* C 05-4460 MEJ, 2006 U.S. Dist. LEXIS 22385, *14 (9th Cir. Apr. 12, 2006) ("for purposes of preemption, the court must focus on the 'heart and soul' of the complaint"). "[A]s we know, preemption does not occur ... if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." *Dishman v. UNAM Life Ins. Co. of America*, 269 F.3d 974, 983-984 (9th Cir. 2001).

Plaintiff's claims could not have been 'brought originally' in federal court. This litigation involves a partnership/membership dispute between plaintiff and two other members of a limited liability company. Plaintiff has alleged only state law claims based on this dispute. Defendants even concede that "[t]here is no mention of ERISA or 401(k) or any federal claims in the first amended complaint." Opp. at p. 5.

The Ninth Circuit granted remand in the *Karambelas* and *Dishman* cases, noting that the defendants' grounds for removal of those cases were tenuous. Here, the grounds for removal are not even tenuous; they are a sham. The "heart and soul" of this case involves a breach of contract to purchase plaintiff's interest in NEWN and breach of defendants' duties to plaintiff as a member of a limited liability company. As such, this case should be remanded.[1]

**2.    Clever deposition questioning is insufficient to justify removal**

Defendants are correct that evidence obtained at a deposition may, under certain circumstances, provide grounds for removal of an action to federal court. Opp. at p. 5. But a defendant's clever questioning at deposition cannot convert claims based on state grounds into

---

[1]    Plaintiff notes that defendants' exclusive reliance on the *Metropolitan* decision is misplaced. Opp. at pp. 8-9. To begin with, *Metropolitan* is not on point. In that case, plaintiff alleged claims concerning benefits under an insurance health plan (no such claims have been made in this case).. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 61 (1987). Moreover, since the *Metropolitan* decision in 1987, "the Court has come to recognize that ERISA preemption must have limits when it enters areas traditionally left to state regulation" and has been much more restrictive in finding defendants' contentions of ERISA claims as a basis for removal. *Operating Engineers Health and Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671, 677 (9th Cir. 1998), citing *De Buono v. NYSA-ILA Medical and Clinical Svcs. Fund*, 520 U.S. 806, 117 S. Ct. 1747, 1751 (1997); see also, *Toumajian v. Frailey*, 135 F.3d 648, 654 n.3 (9th Cir. 1998). As stated by the Ninth Circuit, a "preemption clause no longer has the power to transmute into a federal question every issue that brushes against the periphery of an ERISA plan." *Emard v. Hughes Aircraft Co.,* 153 F.3d 949, 961 (9th Cir. 1998).

ones of federal jurisdiction based solely on the naive answers of the deponent. *Karambelas* at 975 (discussed in detail *infra*); *Kelly v. Everex Systems, Inc.*, No. 96-16889, 1997 U.S. App. LEXIS 33566, *4 (9th Cir. Nov. 21, 1997) ("deposition testimony is not dispositive").

In *Karambelas*, plaintiff brought a cause of action against his employer for wrongful discharge, alleging that, *inter alia*, he was terminated just before his retirement benefits would have vested. *Karambelas* at 972, 974. At deposition, defendants asked, "Do you contend in this litigation, Mr. Karambelas, that Hughes terminated you for the purpose of avoiding the vesting of your pension rights?" Plaintiff answered, "Among other reasons, probably." *Id*. at 972. Defendant "immediately pounced upon those comments and removed the case to the district court." *Id*. at 973. The Ninth Circuit held that such evidence was insufficient to create federal jurisdiction – "To find federal jurisdiction in this case we would have to insist that it can be based upon nothing more than some speculative answers to clever questioning during the heat of a deposition." *Karambelas* at 975. The court further stated that "a finding of jurisdiction would require us to have a rather pertinacious desire to increase the jurisdictional reach of the federal courts." *Id.*

Unlike *Karambelas*, where counsel clearly established at plaintiff's deposition that he 'contended' that defendants engaged in acts supporting an ERISA violation, the testimony is less clear here. *Karambelas* at 972. Although plaintiff agreed with defense counsel that she "*accused the McDonalds of taking [her] 401(k) and pension profit sharing plan in this case,*" the context of this "accusation" is unclear. Hamilton Decl., Ex. A (R.T. 165:21-23) (italics added). As defendants concede, plaintiff did not make any "accusations" or allegations in her pleadings which related to her 401(k) plan. Opp. at p. 5. Defendants suggest in their opposition that plaintiff had made these accusations in communications pre-dating this litigation. Opp. at pp. 3-4, McDonald Decl., ¶¶ 3 and 4, and Exs. B and C. But any "accusations" pre-dating this litigation and not alleged are irrelevant.[2/]

---

[2] To the extent that defendants seek to introduce any "accusations" or statements from David McDonalds' declaration, plaintiff objects. The exhibits have not been properly authenticated and contain multiple levels of hearsay. Moreover, defendants have been in possession of these documents since July of 2007 per Mr. McDonald's own admission; thus, any attempt to remove on the basis thereof would be untimely. See generally, 28

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND TO STATE COURT**   4

Moreover, through later questioning, it was clarified that plaintiff did not, in fact, believe that 'the McDonalds had taken her 401(k) and pension profit sharing plan':

> Q: So let me see if I can ask you this question. I want to understand your -- the issue. Your issue isn't that the money isn't sitting in an account for the benefit of Jennifer Osbelt. Your contention is that they shouldn't have put it there in the first place?
>
> A: That's correct.

Hamilton Decl., Ex. A (R.T. 171:13-19). As indicated in the above passage and explained more fully in the next section, plaintiff deposition testimony did not indicate that defendants had misappropriated her retirement benefits (a possible ERISA claim), but rather that they had misappropriated her profits (a non-ERISA, state law claim). Nonetheless, defendants have "pounced" on plaintiff's deposition testimony and taken it out of context to support their argument for removal. Through their "clever questioning," they attempted to interject ERISA claims into this case. Defendants, in fact, devoted 42 transcript pages of the deposition to this collateral issue which they concede amounts to no more than $4,000. Ponist Decl. ¶ A; Mtn. at p. 10; Opposition. Despite their exhaustive questioning on such a minor, collateral issue, they have been unable to establish that plaintiff's state law claims are actually claims concerning ERISA. Thus, as in *Karambelas*, this Court should remand the matter and reject defendants' request to "increase the jurisdictional reach of the federal courts" to partnership disputes.

**B. Plaintiff's claims do not fall within ERISA's civil enforcement scheme and therefore are not removable**

**1. A case is removable if, and only if, it falls within ERISA's civil enforcement scheme**

As noted by the Ninth Circuit, "removal and preemption are two distinct concepts." *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998) (internal citations and quotations omitted). "[A] state law claim that falls outside the scope of § 1132, even if preempted under § 1144(a), is still governed by the well-pleaded complaint rule and is not removable under the complete preemption doctrine described by the Supreme Court." *Id*. The district court lacks

---

U.S.C. § 1446(b), *Merrill* at *5-6.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND TO STATE COURT**      5

power to do anything but remand the case to the state court where the preemption issue can be addressed and resolved." *Ibid*. A claim falls within the scope of 29 U.S.C. § 1132(a) where:

(1) Plaintiff is a participant, beneficiary, or fiduciary in an ERISA plan; and

(2) Plaintiff's claim is: (a) to recover benefits due to him under the terms of his ERISA plan; (b) to enforce his rights under the terms of his ERISA plan; or (c) to clarify his rights to future benefits under the terms of his ERISA plan.

29 U.S.C. § 1132(a).

Defendants fail to explain how, if at all, plaintiff's claims purportedly fall within the scope of Section 1132(a). Instead, they falsely state, without foundation, that plaintiff "is seeking 1) adjudication regarding whether the McDonalds complied with ERISA in managing its 401(k) account and 2) 'appropriate relief to redress such violations' in the form of disgorgement and possibly reimbursement of tax penalties." Opp. at p. 9. Contrary to this assertion, plaintiff never stated this at her deposition or in any pleadings. Defendants also falsely assert that plaintiff "acknowledges in her moving papers that her ERISA claims would have to be adjudicated in state court but seems to argue that her ERISA claims are so 'minor' that a state court can handle them." *Id*. Plaintiff's moving papers make no such concession that there is an ERISA claim.

Plaintiff seeks damages from defendants for breach of contract for their failure to purchase her interest in NEWN and for breach of their duties to her as a member of the NEWN limited liability company. She has never made an ERISA claim against them. At her deposition she stated that defendants had misappropriated her member <u>profits</u> by placing them, without her consent, into a 401(k). She <u>never</u> stated that they had misappropriate any 401(k) funds once placed into the account. As clarified later in her testimony, although not highlighted in defendants' opposition, plaintiff's "issue isn't that the money isn't sitting in an accounts sitting in an account for the benefit of Jennifer Osbelt. [Her] contention is that they shouldn't have put it there in the first place." Hamilton Decl., Ex. A (R.T. 171:13-19).

Thus, her statements at the deposition had nothing do with recovery of benefits due under the terms of the ERISA plan, enforcement of rights under the terms of the ERISA plan, or clarification of rights to future benefits under the terms of an ERISA plan pursuant to Section

1132. Similarly, they had nothing to do with the "adjudication regarding whether the McDonalds complied with ERISA in managing its 401(k) account" as claimed by defendants. Rather, plaintiff's comments concerned defendants' misappropriation of her profits (not 401(k) funds). As such, the statements did not fall within the terms of Section 1132.[3]

**C.    Attorney fees are warranted under the circumstances**

Trial in this case was set to commence in San Mateo Superior Court on May 12, 2008. But for defendants' unwarranted removal of this action, this case would have been tried and submitted to the jury by May 21, 2008. Defendants spent an inordinate amount of time at deposition in attempt to establish an ERISA claim against themselves where none had existed and had been claimed. Despite their exhaustive efforts, they were unable to do so. Fully aware that this case has nothing to do with ERISA, defendants nonetheless have attempted to mischaracterize a collateral issue in an attempt to justify removal. Their actions are sham and dilatory. As such, plaintiff requests that the Court order defendants to pay attorney fees and costs.

**IV.    CONCLUSION**

For the foregoing reasons, plaintiff requests that the court grant her motion for remand and for attorney fees and costs.

Dated: May 7, 2008                    **COTCHETT PITRE & McCARTHY**


　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Sean E. Ponist_
　　　　　　　　　　　　　　　　　　　　　　　SEAN E. PONIST

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

---

[3]    By example, if defendants had misappropriated an asset of plaintiff and then placed the misappropriated money into a Swiss bank account, would Swiss law apply? Of course not. The wrongdoing does not concern the administration of the Swiss account; rather, it concerns the misappropriation of funds into the account. As such, state law applies to the misappropriation.

ARA JABAGCHOURIAN (205777)
ajabagchourian@cpmlegal.com
SEAN E. PONIST (204712)
sponist@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER OSBELT,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID D. McDONALD, DONNA K. McDONALD, and DOES 1 THROUGH 10, inclusive,<br><br>    Defendants. | Case No.  CV 08-0534 JL<br><br>**DECLARATION OF SEAN PONIST IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND TO STATE COURT AND REPLY IN SUPPORT OF MOTION FOR COSTS AND EXPENSES**<br><br>Date:         May 21, 2008<br>Time:        9:00 a.m.<br>Courtroom: 3<br>Judge:       Hon. Phyllis J. Hamilton |
| DAVID D. McDONALD; DONNA K. McDONALD; NATIONAL EXPERT WITNESS NETWORK, a California Limited Liability Company; TECHNOLOGY CLE, a California Limited Liability Company,<br><br>    Cross-Complainants,<br><br>    v.<br><br>JENNIFER OSBELT, individually and doing business as PALO ALTO TECHNICAL, and DOES 1-10, inclusive,<br><br>    Cross-Defendants. | |

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**DECL. OF SEAN PONIST IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND AND REPLY IN SUPPORT OF MOTION FOR COSTS AND EXPENSES**

I, SEAN PONIST, declare as follows:

1.  I am an attorney duly licensed and admitted to practice before all courts in the State of California, and am associated with the law firm of Cotchett, Pitre & McCarthy, counsel for Plaintiff Jennifer Osbelt in this action.

2.  According to the transcript of plaintiff's deposition, defense counsel devoted the following pages to questioning plaintiff about her 401(k) account: 165:2-173:21, 202:24-225:12, 230-:25-240:21.

3.  I have expended 8 hours responding to defendants' opposition, including time spent reviewing plaintiff's deposition transcript and researching and preparing the reply. My hourly rate is $250.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 7th day of May, 2008 at Burlingame, California.

                                           */s/ Sean Ponist*
                                          SEAN E. PONIST

LAW OFFICES
COTCHETT, PITRE & MCCARTHY

**DECL. OF SEAN PONIST IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND AND REPLY IN SUPPORT OF MOTION FOR COSTS AND EXPENSES**   1