WILLIAM J. GOINES (SBN 61290)
KAREN ROSENTHAL (SBN 209419)
CINDY HAMILTON (SBN 217951
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email: goinesw@gtlaw.com
        hamiltonc@gtlaw.com

Attorneys for Defendants and Cross-Complainants
David D. McDonald, Donna K. McDonald,
National Expert Witness Network and Technology
CLE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER OSBELT,<br><br>Plaintiff(s);<br><br>v.<br><br>DAVID D. McDONALD, DONNA K. McDONALD, and DOES 1-10, inclusive,<br><br>Defendant(s). | Case No. CV 08-0534 PJH<br><br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: **May 22, 2008**<br>Time: **2:30 p.m.**<br>Dept: **Courtroom 3, 17th Fl.** |
| DAVID D. McDONALD; DONNA K. McDONALD; NATIONAL EXPERT WITNESS NETWORK, a California Limited Liability Company; TECHNOLOGY CLE, a California Limited Liability Company,<br><br>Cross-Complainants,<br><br>v.<br><br>JENNIFER OSBELT, individually and doing business as PALO ALTO TECHNICAL, and ROES 1-10, inclusive,<br><br>Cross-Defendants. | |

1    Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rules 16-8 and 16-9, Plaintiff
2  Jennifer Osbelt ("Plaintiff"), and Defendants and Cross-Complainants David D. McDonald,
3  Donna K. McDonald, National Expert Witness Network and Technology CLE ("Defendants"),
4  respectfully submit their Joint Case Management Conference Statement and Rule 26(f) Report.

5  **I.    DESCRIPTION OF THE CASE**

6      **A.    Procedural History**

7    A Complaint was initially filed by Jennifer Osbelt in the Superior Court of California,
8  County of San Mateo on June 5, 2007, Case No. CIV 463528 entitled *Jennifer Osbelt v. David D.*
9  *McDonald, Donna K. McDonald, National Expert Witness Network, a California Limited*
10  *Liability Company and DOES 1-10, inclusive.*    An Answer to Complaint and Cross-Complaint
11  for Interference with Prospective Economic Advantage, Fraud, Breach of Fiduciary Duty, Slander
12  Per Se and Libel Per Se were filed by David McDonald, Donna McDonald, National Expert
13  Witness Network and Technology CLE against Jennifer Osbelt and Palo Alto Technical on July
14  18, 2007.  An Answer to Cross-Complaint was filed by Jennifer Osbelt on August 22, 2007; no
15  answer was filed by Cross-Defendant Palo Alto Technical.    A First Amended Complaint was
16  filed by Jennifer Osbelt on December 4, 2007, alleging (1) Breach of Contract-Agreement of
17  Sale; Breach of Contract-Operating Agreement; Breach of Fiduciary Duty, Accounting; Slander
18  Per Se; Violations of the Beverly-Killea Limited Liability Company Act §§ 17058, 17106;
19  Corporate Waste; Abuse of Control; Conversion; Cancellation of Instrument/Restitution Based on
20  Rescission; Unjust Enrichment and Alter-Ego Liability.  An Answer to First Amended Complaint
21  was filed on January 8, 2008.  A mediation was conducted with Hon. Eugene McDonald (Ret.) of
22  JAMS on January 10, 2008.    The parties were unable to resolve their dispute through the
23  mediation process.

24    Defendants filed a removal of the action to U.S. District Court on January 24, 2008 based
25  upon testimony given during Ms. Osbelt's depositions in January 2008 which they contend
26  indicates that an ERISA claim was part of her First Amended Complaint.  Plaintiff disagrees with
27  Defendants' basis for removal and contests that this Court has jurisdiction to adjudicate the matter
28  (see Section "E" Motions).

**B.    Events Underlying The Action**

The Complaint and Cross-Complaint arise out of David McDonald, Donna McDonald, ("the McDonalds") and Plaintiff's ownership of a company called National Expert Witness Network ("NEWN"). NEWN is a California Limited Liability Company who provides experts and consultants with decades of professional experience, technical skills and expertise in high technology discipline to law firms whose clients require the use of expert witnesses in litigation.

NEWN was formed in 2002 by David and Donna McDonald. On or about May 13, 2004, Osbelt joined NEWN as a 25% owner and signed the NEWN Operating Agreement and Articles of Organization (the "Operating Agreement").

The company operated successfully and the partners worked well together until early 2007, when a dispute arose between Osbelt and David McDonald. The personal relationship between the parties deteriorated thereafter, and both parties agreed that the best course of action was for the McDonalds to purchase Osbelt's interest in NEWN. Thereafter a further dispute arose between the parties regarding whether an agreement had been reached to purchase Osbelt's interest in NEWN. Following this dispute over the buyout, Osbelt contends that the McDonalds have taken actions designed to dilute and harm her interest in NEWN; specifically, Osbelt contends the McDonalds have improperly taken profits from the company, engaged in self-dealing and changed the Operating Agreement without her consent to allow them to take action detrimental to her ownership interest in NEWN. The McDonalds contend that Osbelt took actions designed to harm the worth of NEWN, specifically allowing a line of credit to go into default and abandoning loan applications.

**C.    Principal Factual and Legal Issues In Dispute**

a) Whether Defendants made an offer to Osbelt to purchase her shares of NEWN.

b) Whether Osbelt accepted an offer by Defendants to purchase her shares in NEWN.

c) Whether any "agreement" was rescinded because of a unilateral or mutual mistake.

d) Whether Defendants breached the agreement, if any, to purchase Osbelt's interest in NEWN.

1    e) Whether the McDonalds have violated the Beverly-Killea Act, California Corporations

2    Code, and other duties owed Osbelt as a minority member of the NEWN LLC.

3    f) Whether Osbelt breached her fiduciary duty by failing to sign the US Bank loan,

4    leading to a default.

5    g) Whether Osbelt fraudulently submitted false and duplicative expense reimbursements.

6    h) Whether Osbelt breached her fiduciary duty by abandoning NEWN's patent

7    applications.

8    i) Whether Osbelt interfered with NEWN's ability to proceed with its patent application

9    and approval.

10    j) Whether Osbelt made defamatory comments to third parties regarding the McDonalds

11    and their actions regarding Osbelt's 401(k) and profit sharing plan.

12    **E.    Motions**

13    Plaintiffs Motion for Remand to State Court and Motion for Attorneys Fees is

14    currently scheduled for May 21, 2008.

15    **II.    AMENDMENT OF THE PLEADINGS**

16    The parties do not anticipate an amendment of the pleadings at this time.

17    **III.    DISCOVERY**

18    **A.    Evidence Preservation**

19    The parties have taken steps to preserve evidence in this case.

20    **B.    Rule 26(a)(1) Disclosures**

21    Should Plaintiff's motion for remand be denied, the parties have stipulated,

22    pursuant to Federal Rule of Civil Procedure 26(a)(1), that they make initial disclosures

23    within 15 days of the Court's Order..

24    **C.    Discovery Completed to Date**

25    In the superior court action, the Plaintiff and Defendants propounded and

26    responded to Requests for Admission, Form Interrogatories, Special Interrogatories and

27    Demands for Production of Documents; they have produced documents, and the

28    depositions of the parties have been taken.

**D.    Anticipated Discovery**

1.    Prior to trial, Plaintiff anticipates limited discovery, including the depositions of several third party witness related to Defendants' counterclaims.

2.    Prior to trial, Defendants anticipate significant additional discovery is needed to assess Plaintiffs' damage and factual claims, including depositions and document requests to key third party witnesses to the breach of contract claims, as well as the ERISA, breach of fiduciary duty and defamation claims.  Defendants anticipate that they will take the deposition of third parties, including Osbelt's husband, Christopher Rodi and Peter Mei of Bingham McCutcheon, LLP..

**E.    Changes To Discovery Limitations**

The Parties currently have no need to change discovery limitations.

**F.    Protective Order**

In the state court action, the parties entered into a formal stipulated protective order and documents were exchanged which were classified confidential, subject to that protective order.

**IV.    CLASS CERTIFICATION**

The parties do not request class certification.

**V.    RELIEF**

**A.    Plaintiff:**

Plaintiff seeks damages for Defendants' breach of their agreement to purchase her interest in NEWN.  The purchase price was over $1.8 million.  Plaintiff also seeks damages for Defendants' breach of duties owed to her as a minority member of NEWN and for punitive damages.

**B.    Defendants and Cross-Complainants:**

Cross-Complainants seek damages resulting from Plaintiff's conduct in an amount still undergoing analysis and discovery, but which are expected to exceed $500,000.

//

VI.    **ALTERNATIVE DISPUTE RESOLUTION**

While the case was under the jurisdiction of the state court, the parties underwent mediation with Judge Eugene McDonald of JAMS in January 2008, which did not result in a resolution of the dispute among the parties.   The parties are amenable to working with Judge McDonald further to resolve this matter.

VI.    **CONSENT TO MAGISTRATE**

The Defendants and Cross-Complainants rejected the assignment of the case to Magistrate Judge Larson.

VII.   **NARROWING OF ISSUES.**

The parties are not yet in a position to stipulate to any narrowed facts.   Defendants seek to limit discovery of their financial condition for any purpose.   Further, Defendants will seek to bifurcate the issue of punitive damages.

> A.    **Disclosure Of Non-Party Interested Entities Or Persons.**   The parties are not aware of any other interested entities or persons and have filed certificates with the court to this effect.

VIII.  **EXPEDITED SCHEDULE**

Plaintiff contends that, should its motion for remand be denied, this case should be handled on an expedited basis with streamlined procedures.   This case had been set to commence trial on May 12, 2008, less than four months from the date which Defendants removed the action. Extensive discovery had taken place before and little further discovery is still required.   As, such, Plaintiff requests a trial date within four months with all other matters to be heard on an expedited basis.

Defendant disagrees .  Prior to the mediation , the parties engaged in discovery focused on the parties' (depositions, documents).   Extensive third party discovery (plus follow up party discovery) needs to be conducted which will take approximately six (6) months to complete.

IX.    **PRETRIAL CONFERENCE AND TRIAL SETTING**

> A.    **Length Of Trial**
>
> Ten (10) days.

**B.    Proposed Pretrial Schedule**

    **1.    Plaintiff's Proposed Schedule**

Should Plaintiff's motion for remand be denied, she proposes the following expedited schedule

| | |
|---|---|
| Deadline to file motion to add parties or amend pleadings | May 22, 2008 |
| Exchange expert disclosures/reports | July 3, 2008 |
| Completion of all fact discovery and last day to file any fact discovery motions | July 31, 2008 |
| Deadline for completion of ADR process | July 3, 2008 |
| Filing of Plaintiffs' motion for class certification | n/a |
| Exchange rebuttal expert disclosures/reports | July 18, 2008 |
| Completion of all expert discovery and last day to file any expert discovery motions | July 31, 2008 |
| Deadline for filing summary judgment motions | July 31, 2008 |
| Final Pretrial Conference | August 15, 2008 |
| Trial | September 2, 2008 |

    **2.    Defendants' Proposed Schedule**

| | |
|---|---|
| Deadline to file motion to add parties or amend pleadings | June 16, 2008 |
| Completion of all fact discovery | October 31, 2008 |
| Deadline to file any fact discovery motions | November 30, 2008 |
| Exchange expert disclosures/reports | December 15, 2008 |
| Exchange rebuttal expert disclosures/reports | January 9, 2009 |
| Completion of all expert discovery | January 30, 2009 |
| Deadline to file any expert discovery motions | January 30, 2009 |
| Deadline for completion of ADR process | February 15, 2009 |

| Deadline for filing summary judgment motions | January 30, 2009 |
| Final Pretrial Conference | March 13, 2009 |
| Trial | April 2009 |

DATED:  May 12, 2008                    GREENBERG TRAURIG, LLP


By: /s/ William J. Goines _____
    William J. Goines
    Cindy Hamilton

    Attorneys for Defendants and Cross-
    Complainants David D. McDonald, Donna K.
    McDonald, National Expert Witness Network
    and Technology CLE

DATED:  May 12, 2008                    COTCHETT, PITRE & MCCARTHY


By: /s/ Sean Ponist _____
    Joseph W. Cotchett
    Ara Jabagchourian
    Sean Ponist

    Attorneys for Plaintiff Jennifer Osbelt