UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER OSBELT,

    Plaintiff,

    v.

DAVID D. MCDONALD, et al.,

    Defendants.

_____/

No. C 08-0534 PJH

**ORDER GRANTING MOTION TO REMAND AND DENYING FEES AND COSTS**

    Plaintiff's motion to remand the complaint came on for hearing before this court on May 21, 2008. Plaintiff, Jennifer Osbelt ("plaintiff"), appeared through her counsel, Ara R. Jabagchourian and Sean E. Ponist. Defendants David D. McDonald and Donna K. McDonald (collectively "defendants"), appeared through their counsel, William J. Goines and Cindy Hamilton. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiffs' motion to remand, and DENIES plaintiff's corresponding motion for fees and costs, for the reasons stated at the hearing, and summarized as follows.

    1.    Defendants have failed to establish that a valid basis for removability exists due to complete ERISA preemption. The gravamen of plaintiff's first amended complaint is a partnership dispute, and the complaint's allegations do not even mention plaintiff's 401(k) plan – the ERISA plan on which defendants base their motion. See generally Declaration of Ara Jabagchourian ISO Remand Motion ("Jabagchourian Decl."), Ex. A. Moreover, all twelve of plaintiff's claims for relief are state law claims premised on underlying allegations that generally revolve around defendants' breach of the partnership operating agreement, and subsequent actions allegedly taken to misappropriate plaintiff's and the partnership's

1  assets, among other things.  See id. generally.

2  Defendants argue that, despite the presence of state law claims in her complaint, plaintiff's true claim is one that alleges mismanagement of plaintiff's 401(k) plan – an ERISA plan.  Specifically, defendants rely on plaintiff's January 2008 deposition, at which plaintiff stated that it was her belief that defendants had inappropriately and unlawfully taken her money and put it in the company's 401(k) and pension profit sharing plan without her permission.  See Declaration of Cindy Hamilton ("Hamilton Decl."), Ex A.  However, while it is possible in appropriate circumstances for deposition testimony to establish grounds for removability, see Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 974 (9th Cir. 1993), this is not the case here.  For plaintiff's deposition testimony does not expressly implicate an ERISA claim.  Rather, plaintiff's testimony supports plaintiff's allegation of a misappropriation claim based on defendants' improper taking of plaintiff's money and its placement *into* a 401(k) fund.  This is distinguishable from a claim based on defendants' mismanagement of 401(k) funds once in the 401(k) plan – which would more likely lend itself to ERISA preemption.

In sum, the court concludes that neither plaintiff's first amended complaint, nor plaintiff's January 2008 deposition testimony, support removability based on ERISA preemption.

2.  Plaintiff's corresponding motion for fees and costs is DENIED.  While the court has concluded that no grounds for removability are present, the court is not convinced that defendants' counsel was objectively unreasonable in seeking to remove the present action.

**IT IS SO ORDERED**.

Dated: May 21, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

2